**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION** | **MDL No. 3051**<br>**Case No. 1:22-md-03051-ELR** |

**PLAINTIFFS' CONSENT MOTION**
**FOR APPOINTMENT OF LEADERSHIP TEAM**

## I.   INTRODUCTION

Pursuant to the March 2, 2023 Case Management Order (ECF No. 51), the March 2, 2023 Initial Case Management Conference (ECF No. 52), and Section V of the Proposed Joint Agenda submitted in connection therewith (ECF No. 35), Plaintiffs respectfully move the Court to appoint the attorneys identified below to the proposed Plaintiffs' Leadership Committee and as Co-Liaison Counsel to litigate this multidistrict litigation ("MDL") on behalf of the proposed classes. Plaintiffs unanimously recommend this leadership team, and no party opposes this motion.

The proposed Leadership Committee consists of the following members from seven law firms listed alphabetically:

- Roland Tellis, Baron & Budd, P.C.
- Demet Basar, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
- James E. Cecchi, Carella, Byrne, Cecchi, Brody & Agnello, P.C.
- Elizabeth T. Castillo, Cotchett, Pitre & McCarthy, LLP

- Matthew D. Schultz, Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A.
- David S. Stellings, Lieff Cabraser Heimann & Bernstein, LLP
- Kevin R. Dean, Motley Rice LLC

As stated in the Proposed Joint Agenda, the Leadership Committee's responsibilities shall include: (i) steering the overall litigation for Plaintiffs, (ii) communicating with, and presenting arguments to, the Court, (iii) drafting and submitting all pleadings and briefing to the Court, (iv) managing all discovery, (v) convening meetings of counsel as needed, (vi) engaging in any settlement negotiations, (vii) communicating with class representatives and class members; and (viii) performing such other duties as may be necessary for the proper coordination of Plaintiffs' pretrial activities.[1] The Committee will designate a member or members of the Committee to address the Court during any given hearing, on a case-by-case basis depending on the issues at bar. This will encourage efficiency and clarity without requiring appointment of "Lead Counsel" among this group.

Proposed Liaison Counsel consists of the following members from two law firms:

- Michael A. Caplan, Caplan Cobb LLC
- M.J. Blakely, The Blakely Firm, L.L.C.

---

[1] The Leadership Committee may draw on the resources of their firms or other Plaintiffs' counsel to assist as needed.

As stated in the Proposed Joint Agenda, Co-Liaison Counsel responsibilities shall include: (i) coordinating with counsel in any state court proceedings, including the pending personal injury actions, (ii) assisting the Leadership Committee as requested, including coordinating meetings and hearings, (iii) receiving and distributing correspondence from the Court, and (iv) performing other functions necessary to effectuate these responsibilities.

The leadership team referenced above offers the Court a diverse and geographically balanced structure consisting of nationally recognized counsel with unparalleled experience litigating cases like this and provides the best foundation to litigate this case ably and efficiently on behalf of the putative classes. The proposed leadership team will work efficiently and cooperatively and will share all the work necessary to prosecute these cases in the best interest of Plaintiffs and the proposed classes. The leadership team indisputably meets the factors outlined in Federal Rule of Civil Procedure ("Rule") 23(g).

## II.    LEGAL STANDARD

Rule 23(g)(3) authorizes the appointment of interim class counsel, instructing that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action a class action." Fed. R. Civ. P.

23(g)(3). Pursuant to Rule 23(g)(1)(A), courts must consider the following four factors in appointing lead counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

Pursuant to Rule 23(g)(1)(B), courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

As this Court has remarked:

> "[s]election of interim lead counsel facilitates 'efficiency and economy without jeopardizing fairness to the parties.' [Manual for Complex Litigation (Fourth) § 10.22 (2004)] (noting that interim counsel 'assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel'). In matters such as this, appointing seasoned lead counsel is one of the district court's key organizational tools. [*Id.*] at §§ 10.224, 21.272. The 'designation of interim class counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.' *Id.* at § 21.11. Because lead counsel is charged with the ultimate responsibility of acting on behalf of the class throughout the entire litigation, this Court must appoint lead counsel who are fully capable and qualified to fairly and adequately represent the interests of the class, including through trial if necessary. *Id.* at §§ 21.271–72.

*Daniels v. Delta Air Lines, Inc.*, No. 1:20-CV-01664-ELR, 2020 WL 12948052, at

*1 (N.D. Ga. Nov. 3, 2020) (citing *In re: Disposable Contact Lens Antitrust Litig.*,

No. 3:15-MD-2626-J-20JRK, 2015 WL 10818781, at *1 (M.D. Fla. Oct. 7, 2015)).

## III. DISCUSSION

The Court should appoint Plaintiffs' leadership team given its members'

extensive experience of successfully litigating and trying complex cases and class

actions throughout the United States and their competence and expertise in economic

loss cases and in cases involving the automotive industry.

### A. The Leadership Team Is the Product of Collaborative Private Ordering

The most common and efficient method of selecting class counsel is "private

ordering." Manual for Complex Litig. ("Manual") § 21.272. Pursuant to this method,

"[t]he lawyers agree who should be lead class counsel and the court approves the

selection after a review to ensure that the counsel selected is adequate to represent

the class interests." *Id.* It is counsel who "are best informed [about who is best suited

to lead the case] and have the greatest incentive to keep attorney fees in check." *In*

*re Parking Heaters Antitrust Litig.*, 310 F.R.D. 54, 58 (E.D.N.Y. 2015). This Court

should encourage counsel's efforts to coordinate their activities. Manual § 10.22.

After the Judicial Panel on Multidistrict Litigation transferred these actions to

this Court, various firms began discussing an organizational structure for this MDL

that will likely involve plaintiffs from each state, more than a dozen defendants, tens of millions of class vehicles, and extensive coordination with the National Highway Traffic Safety Administration (NHTSA), which has been investigating the ARC inflators at issue in this MDL since 2015. Through cooperative discussions, Plaintiffs have agreed that the proposed leadership team would effectively incorporate the skills and experience of counsel while still permitting a litigation of this size and complexity to proceed efficiently.

**B.      The Proposed Leadership Team Has Done the Most to Investigate Potential Claims in his Action and to Advance These Actions**

In appointing counsel, courts routinely look to which counsel expended the most resources in identifying and investigating the potential claims of the class. *See Daniels*, 2020 WL 12948052, at *2 (this Court appointed interim co-lead class counsel who had "done extensive work identifying and investigating potential claims"); *see also In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (concluding work performed by counsel was a decisive factor).

Here, members of the proposed Leadership Committee have already invested significant time and resources in developing this case. For example, members of the proposed Leadership Committee filed the first economic loss class actions relating to defective inflators, including the first action filed in this District. They have been investigating the facts and claims set forth in their various complaints for over a year

6

and have retained independent automotive engineering and other industry and economic experts to support their efforts. The Court's appointment of leadership will allow the leadership team to prosecute this important MDL expeditiously and efficiently by jointly sharing responsibility for case management efforts.

The proposed leadership team is aware of the factual and legal complexities in this case as well as the large time commitment involved. Given this knowledge, the proposed leadership team is prepared to continue to invest the time and other resources necessary to efficiently bring this litigation to a successful conclusion.

## C. The Proposed Leadership Team Has Extensive Experience in Handling Class Actions and Other Complex Actions on Behalf of Consumers

Courts also look at counsel's experience litigating similar cases as well as their knowledge of the applicable laws in appointing counsel. *See Daniels*, 2020 WL 12948052, at *2 (this Court appointed interim co-lead class counsel with "significant experience handling consumer class actions" and "based on their extensive experience, . . . demonstrated knowledge of the applicable law"); *see also Waudby v. Verizon Wireless Servs., LLC*, 248 F.R.D. 173, 176–77 (D.N.J. 2008) (finding one firm "more experienced and better able to handle the types of claims asserted in this action"). Plaintiffs believe that the proposed leadership team presents an efficient and robust leadership structure with experience in high-profile, high-stakes complex,

class action litigation that maximizes opportunities for successfully resolving this case for the proposed classes. The leadership team is also uniquely positioned to prosecute this MDL because it is comprised of members and firms with direct experience with the ARC inflators at issue, Takata and other airbag litigation, specialized expertise in automotive design and engineering defects, and class actions involving the automotive industry. In addition, a member firm recently secured $100 million plus verdict against one of the defendants in this litigation.

The leadership team has already made significant investments, has sufficient resources to vigorously protect the interests of the classes, and has successfully led numerous national consumer class actions, including through trial. The leadership team exceeds Rule 23(g) factors. Its members bring outstanding reputation and experience at the national and local level, which will benefit the classes and this Court's oversight of the MDL. Plaintiffs briefly discuss each member and firm below. Firm resumes are attached hereto as Exhibits 1-9.

### i. Leadership Committee

**Roland Tellis, Baron & Budd, P.C.**

Roland Tellis is a Partner in the law firm of Baron & Budd, P.C. where he manages the Firm's Los Angeles Office and is Chair the Firm's Consumer Class Action Practice Group. Mr. Tellis has more than 27 years of experience in complex,

high-profile litigation helping to recover billions of dollars for plaintiffs and class members.

Mr. Tellis has been at the forefront of airbag defect litigation. In 2014, he filed the first class action case against airbag manufacturer Takata Corp., and many of the same automaker defendants here, and petitioned the Judicial Panel on Multi-District Litigation to form the analogous MDL known as *In re: Takata Airbag Prods. Liability Litig.*, MDL 2599, in Miami, Florida. That case, like this one, involves a defective airbag component installed in millions of vehicles. Mr. Tellis was involved in every aspect of the litigation, including a small negotiation committee which achieved a $1.5 billion common fund settlement against seven automaker defendants, the last of which obtained final approval in December 2018. Thereafter, in 2020, Mr. Tellis was appointed Co-Lead Counsel by Hon. John A. Kronstadt in another analogous MDL known as *In Re: ZF-TRW Airbag Control Units Products Liability Litigation*, MDL 2905, in Los Angeles, California. That case, like this one, also involves defective airbag control units installed in millions of class vehicles and remains pending.

Mr. Tellis also has a long history of prosecuting high profile and complex litigation involving automobile product defects. A representative sample of his personal experience in automotive cases, and other pertinent information, is

described in his attached resume. Additionally, Baron & Budd has the resources and personnel necessary to vigorously pursue a complex case of this magnitude. Indeed, since Baron & Budd was founded in 1977, it has achieved national acclaim for its work on cutting-edge litigation. The Firm has more than 100 lawyers and 200 support staff, including paralegals and technical support personnel, in offices across the country. The Firm does not rely on third-party litigation funding sources and will not do so in this case.

**Demet Basar, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.**

Demet Basar is a principal of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., which has a record of leadership in complex class action and multi-district litigations throughout the country, with special expertise in automotive defect cases.

Ms. Basar was co-class counsel in *Cheng et al. v. Toyota Motor Corporation et al.,* Case No. 1:20-cv-00629-WFK-JRC (E.D.N.Y.), in which she recently secured a settlement providing for $287 million in economic relief to owners of 4.9 million Toyota/Lexus vehicles fitted with defective fuel pumps. Beasley Allen lawyers have also been appointed to leadership positions in numerous other important MDL and class action cases, including, among others, *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2151 (C.D. Cal.) (Plaintiffs' Steering Committee); *In re Volkswagen "Clean Diesel" Mktg.,*

*Sales Practices, and Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.) (Plaintiffs' Steering Committee); and *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices, & Prods. Liab. Litig.,* MDL No. 2777 (N.D. Cal.) (Plaintiffs' Steering Committee).

Currently, Ms. Basar is also sole lead counsel in *In re: Rock 'n Play Sleeper Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 1:19-md-2903-GWC (W.D.N.Y), an MDL in which she represents purchasers of 4.7 million Fisher-Price inclined infant sleepers, with a bellwether state trial set for spring 2024. While at her previous firm, Ms. Basar was co-lead counsel in *Simerlein et al. v. Toyota Motor Corporation et al.*, 3:17-CV-01021-VAB (D. Conn.), which resulted in a settlement valued at up to $40 million, and was lead counsel or served in leadership positions in securities fraud class actions with collective settlements of over $300 million for harmed investors.

The prosecution team in this litigation will also include Dee Miles, the head of Beasley Allen's Consumer Fraud section, Clay Barnett, who, as co-lead prosecutor, recently secured a $102.6 million jury verdict against GM, and Thomas B. Willingham, who has direct experience in airbag product liability litigation. Mr. Barnett and Mr. Willingham are resident in the firm's Atlanta office. Beasley Allen,

which employs over 80 lawyers and 200 staff members, is ready and able to commit the resources necessary to bring about a successful resolution of this case.

**James E. Cecchi, Carella, Byrne, Cecchi, Brody & Agnello, P.C.**

Mr. Cecchi and his firm Carella Byrne have served as lead counsel, co-lead counsel and as committee members in some of the most important class actions in the Nation. Examples of Carella Byrne's class representations over the last ten years include, but are not limited to:

- *In re: Mercedes-Benz Emissions Litig.*, Civil Action No. 16-881 (D.N.J.) (Hon. Kevin McNulty) (James Cecchi appointed as Co-Lead Counsel for Plaintiffs and the Class in a case arising out of the alleged use of a defeat device to evade U.S. emissions regulations; settlement with value in excess of $800,000,000 granted final approval in July 2021.)

- *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.) (Hon. Charles R. Breyer) (James Cecchi appointed to Steering Committee and as Settlement Class Counsel; settlement in excess of $15,000,000,000 for consumer fraud and warranty claims arising from the use of a defeat device to evade U.S. emissions regulations.)

- *In re: Takata Airbag Prods. Liab. Litig.*, MDL No. 2599 (S.D. Fla.) (Hon. Frederico A. Moreno) (James Cecchi appointed to six-firm Steering Committee and as Settlement Class Counsel; settlement in excess of $1,500,000,000 for consumer fraud and warranty claims arising from use of defective and dangerous airbags; the case is ongoing as it pertains to second-wave defendants, including Mercedes Benz USA.)

- *In re National Prescription Opiate Litig.*, MDL No. 2804 (N.D. Ohio) (Hon. Dan A. Polster) (James Cecchi appointed to Plaintiffs' Executive Committee relating to marketing of opioid drugs; settlements in excess of $50,000,000,000 now being distributed to cities and towns across the United States to abate the Opioid epidemic.)

- *In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*, Civil Action No. 08-2177 (D.N.J.) (Hon. Dennis M. Cavanaugh) (securities fraud claims arising from marketing and sale of anti-cholesterol drugs Vytorin and Zetia) (James Cecchi Co-Lead Counsel in Consumer Cases and Co-Liaison Counsel in Securities Cases which collectively settled for $688,000,000.)

- *In re: Duramax Diesel Litigation*, No. 1:17-cv-11661-TLL-PTM (E.D. MI) (Hon. Thomas L. Ludington) (James Cecchi putative co-lead counsel on behalf of class alleging there is a defeat device or defect in Duramax trucks, omissions concerning the defeat device or defect and its impact on emissions, and a failure to deliver properly functioning environmental control technology.)

- *In re: Mercedes-Benz Tele-Aid Contract Litig.*, MDL No. 1914 (Hon. Dickson R. Debevoise) (Co-Lead Counsel in $40,000,000 settlement of consumer fraud claims arising from Mercedes' failure to notify Tele-Aid customers of mandated change from analog to digital system and charging customers to replace system Mercedes knew would be obsolete.)

**Elizabeth T. Castillo, Cotchett, Pitre & McCarthy, LLP**

Elizabeth Castillo is a partner at Cotchett Pitre & McCarthy, LLP (CPM) and focuses her practice on complex class actions in federal court. She has represented clients in both federal and state courts and at all stages of litigation, including discovery, trial, and appeals. Her successes include representing End-Payor Plaintiffs in *In re Automotive Parts Antitrust Litigation*, MDL No. 2311, Master File No. 2:12-md-02311-SFC (E.D. Mich.). That MDL concerned the price-fixing of scores of automotive parts and became the largest indirect purchaser recovery in history at $1.2 billion. In 2022, the *Daily Journal* named Ms. Castillo to its Top Antitrust Lawyers list, a recognition of the leading 25 antitrust attorneys in

California. She also received the American Antitrust Institute's Outstanding Antitrust Litigation Achievement by a Young Lawyer Award in 2016 and Outstanding Antitrust Litigation Achievement in Private Law Award in 2019.

Beyond her workload, Ms. Castillo co-chairs CPM's Diversity, Equity & Inclusion Committee and currently serves as an Advisor to the Executive Committee of the Antitrust and Unfair Competition Law Section of the California Lawyers Association. She previously served in numerous leadership positions in several bar organizations, including the American Bar Association and Asian American Bar Association of the Greater Bay Area. She believes in "paying it forward" and has handled a variety of pro bono cases throughout her career, including civil rights, family law, and disability matters. Ms. Castillo immigrated from Vietnam to the United States and is the first lawyer in her extended family.

Ms. Castillo's firm, CPM, has dedicated its services to prosecuting or defending socially just actions. Repeatedly recognized on the *National Law Journal*'s Plaintiffs' Hot List, CPM has earned a national reputation for the breadth of its practices and the diversity of its clients. CPM has secured billions of dollars for its clients and classes, and its attorneys have been honored with such prestigious accolades as induction to the American College of Trial Lawyers, named to *Super*

*Lawyers*' Top Attorneys Lists the *Daily Journal*'s Top Attorneys Lists, and service on government commissions and the boards of numerous nonprofit organizations.

**Matthew D. Schultz, Levin Papantonio Rafferty Proctor Buchanan O'Brien Barr & Mougey, P.A.**

Matt Schultz is a shareholder with Levin Papantonio Rafferty (LPR) in Pensacola, Florida. He co-chairs LPR's class action department. Mr. Schultz graduated *summa cum laude* in 2002 from the Florida State University College of Law, where he "booked" 14 courses and served as Senior Articles Editor for the FSU Law Review. Mr. Schultz clerked for two years with Hon. Robert L. Hinkle in the U.S. District Court for the Northern District of Florida before joining LPR.

His practice focuses on complex individual and class actions and has included extensive trial work against the tobacco industry. He serves as co-chair of discovery for the Plaintiffs' Steering Committee in *In re JUUL Labs, Inc., Marketing, Sales Practices & Prods. Liab. Litig.,* MDL 2913 (N.D. Cal. - Hon. William H. Orrick), and he has been appointed to leadership several MDLs:

- *In re: Sorin 3T Heater Cooler Sys.*, MDL 2913 (W.D. Pa. - Hon. John E. Jones, III) (Plaintiffs' Executive Comm.).

- *In re: Santa Fe Natural Tobacco Co. Mktg. and Sales Practices Litig.*, MDL 2695 (D.N.M. - Hon. James O. Browning) (Plaintiffs' Executive Comm. & Co-Chair Expert Comm.).

- *In re: Cook Medical, Inc. IVC Filters, Marketing, Sales Practices and Prods. Liab. Litig.*, MDL 2570 (S.D. Ind. - Hon. Richard L. Young) (Plaintiffs' Steering Comm. & Bellwether Trial Counsel).

- *In re: Bard IVC Filters Prods. Liab. Litig.*, MDL No. 2641 (D. Ariz. - Hon. David G. Campbell) (Plaintiffs' Steering Committee).

- *In re: Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (E.D. La. - Hon. Stanwood R. Duval, Jr.) (Plaintiffs' Leadership Comm. & Bellwether Trial Counsel (MRGO PSLC)).

Mr. Schultz has served as class counsel in numerous class actions and for two years he authored the ALM treatise *Class Actions: The Law of 50 States.*

LPR is a 50-lawyer firm based in Pensacola. It enjoys a national reputation as a leader in mass tort and class action litigation. LPR attorneys have been appointed to leadership in more than 70 MDLs. The firm is recognized for its ability to successfully resolve large MDLs and for the depth of its trial bench. LPR has won more than $2.5 billion in jury verdicts, including more than 150 jury verdicts exceeding $1 million.

**David Stellings, Lieff Cabraser Heimann & Bernstein, LLP**

David Stellings is a partner at Lieff Cabraser ("LCHB"), one of the oldest and—with over 125 attorneys—largest law firms in the country dedicated solely to representing plaintiffs. The firm has broad and deep experience in the litigation, trial, and settlement of class actions in complex product defect, economic injury and consumer fraud cases.

Lieff Cabraser's and Mr. Stellings' experience in automobile defect class actions and MDLs is unmatched by any firm in the country. In recent years, LCHB has led or co-led nearly all the most significant automobile-related class actions in the United States. *See, e.g.*, *In re ZF-TRW*, MDL No. 2905 (C.D. Cal.) (LCHB co-lead counsel in case concerning safety defect in airbag control units in 10 million+ vehicles); *In re Takata*, MDL No. 2599 (S.D. Fla.) (LCHB on PSC and one of lead settlement negotiators in case concerning dangerous airbag defect in 42 million vehicles); *In re Volkswagen "Clean Diesel"*, MDL No. 2672 (N.D. Cal.) (LCHB lead counsel in auto defect case affecting 600,000 diesel vehicles; negotiated $14 billion class settlement recouping 100% of single damages); *In re FCA EcoDiesel*, MDL No. 2777 (LCHB lead counsel in auto defect case affecting 100,000 trucks and SUVs that resulted in a $307.5 million class settlement). A comprehensive description of Lieff Cabraser's many achievements in auto defect cases is contained in the firm's resume of recent auto defect class actions run by LCHB.

Courts and other neutrals have acknowledged Mr. Stellings' contributions in these cases and others, and lauded him for his leadership. In *FCA EcoDiesel*, for example, special master Kenneth Feinberg noted that Mr. Stellings "deserves a tremendous amount of credit" for his leadership role in the complex settlement negotiations in FCA, among other things. Also in *FCA EcoDiesel*, Judge Edward

Chen observed the broad "consensus" that Lieff Cabraser had "been extremely effective in leading the VW team." *Id*, Dkt 173 at 2.

If appointed to Plaintiffs' Leadership Committee, Mr. Stellings would wield his and his firm's deep bench and considerable experience to steer this MDL efficiently to a successful conclusion.

**Kevin R. Dean, Motley Rice LLC**

A member of Motley Rice LLC, Kevin Dean brings decades of experience litigating vehicle defect cases. Notable successes include filing of one of the first Takata airbag rupture personal injury cases. Subsequently filed cases ultimately resulted in Takata filing for Bankruptcy Protection. Appearing with clients at Takata's Meeting of Creditors in 2017, Mr. Dean successfully petitioned for the creation of a Tort Creditors' Committee. This Tort Creditor's Committee created the framework of a $300 Million Dollar Claimants Compensation Fund/Trust for victims to seek compensation. Mr. Dean currently serves as a member of Takata's Trust Advisory Committee.

In addition to his role in resoling numerous Takata claims, Mr. Dean served as trial co-counsel in *Guzman v. Ford* (2001), the first case brought to trial regarding a defective outside door latch handle, as well as in the vehicle rollover case *Hayward v. Ford* (2005). He was also a member of the plaintiffs' litigation team in the

defective seat belt case, *Malone v. General Motors Corporation* (1998) prior to joining Motley Rice. Most recently, Mr. Dean received a multi-million-dollar verdict in an automotive defect case against BMW in *Alexander v. BMW AG* (2023).

Founded as a trial lawyers' firm with a focus on complex litigation, Motley Rice regularly litigates matters that other firms are either unable or unwilling to pursue. In the 1990s, Motley Rice attorneys took on the tobacco industry, leading negotiations for the $246 billion Master Settlement Agreement, the largest civil settlement in U.S. history. The firm and its attorneys have and continue to secure some of the largest verdicts and settlements in U.S. history. This includes Mr. Dean's role in Volkswagen's "Clean Diesel" Litigation, which included coordinating discovery and supporting to Joe Rice, who served on the PSC for the federal MDL and led negotiations for the nearly $15 billion settlement reached for owners of 2.0-liter TDI vehicles, the largest auto-related consumer class action in U.S. history, and the multi-billion-dollar settlement for owners and lessees of 3.0-liter vehicles.

Active in his local and legal community, Mr. Dean was recently appointed to the Board of Governors Executive Committee for the South Carolina Association for Justice (SCAJ), in addition to serving on the Board for the Attorneys Information Exchange Group.

### ii. Co-Liaison Counsel

**Michael A. Caplan, Caplan Cobb LLC**

Michael Caplan and Caplan Cobb have extensive experience litigating complex class actions. Mr. Caplan has served as class counsel or liaison counsel in a number of nationwide class actions involving automotive defects, antitrust claims, computer-fraud claims, constitutional violations, ERISA claims, securities fraud, and federally-regulated telecommunications. Most recently, Judge Leigh Martin May selected Mr. Caplan as Liaison Counsel in *In re Equifax Fair Credit Reporting Litigation*, No. 1:22-cv-3072-LMM (Order dated Oct. 14, 2022 at dkt. 53).

In these cases, Caplan Cobb's attorneys worked to reach creative resolutions that provide unique, lasting benefits to class members. Mr. Caplan has negotiated significant changes to business practices at the companies involved, so that the relief provided to class members not only compensates them for direct losses but also protects class members and members of the public from harmful business practices in the future.

For example, Caplan Cobb recently achieved a settlement valued at more than $150 million. Judge Totenberg explained that the case "entailed difficult twists and turns . . . both in litigation of liability and negotiation of a class-wide remedy" that Mr. Caplan and his colleagues "nimbly navigated" over more than seven years and

more than six thousand attorney hours. *Githieya et al. v. Global Tel\*Link*, No. 1:15-cv-00986-AT, ECF No. 369, 23–24 (N.D. Ga. Aug. 30, 2022). Judge Totenberg found that Caplan Cobb "tackled the major challenges of negotiating nationwide class relief with great legal skill, persistence, flexibility, and creativity." *Id.* at 24. Further, the settlement ultimately negotiated in *Githieya* not only provided "significant and meaningful" monetary relief, but also "structural changes" in the defendant's business practices that "will clearly benefit members of our society." *Id.*

Additionally, Mr. Caplan and Caplan Cobb have significant relationships among the Atlanta bar, including with many of the lawyers representing Defendants in this case. Mr. Caplan's relationships and his stature in the legal community will be valuable assets in moving this matter toward a prompt resolution that is maximally beneficial to the class. Mr. Caplan and Caplan Cobb are also intimately familiar with the rules and customs of this District and Circuit, having clerked for judges in this Court and Eleventh Circuit.

**M.J. Blakely, The Blakely Firm, L.L.C.**

Michael J. "M.J." Blakely, Jr. is the founding partner of The Blakely Firm, L.L.C., in Decatur, Georgia. Prior to founding The Blakely Firm, L.L.C., Mr. Blakely was a Shareholder at Pope McGlamry, P.C., in Atlanta, Georgia. Mr.

Blakely's practice is designed to devote substantial time and significant resources to mass tort and class action litigation.

Mr. Blakely has represented plaintiffs in several multidistrict and other coordinated litigations, either as counsel of record or through his firm's direct involvement. *Stryker LFIT Anatomic CoCr V40 Femoral Heads Litigation*, Superior Court of NJ, Bergen County, Case No. 624; *Wright Hip System Cases*, Superior Court, of CA, Los Angeles County, JCCP No. 4710; *In re: Wright Medical Technology, Inc. Conserve Hip Implant Products Liability Litigation*, Northern District of Georgia, MDL No. 2329; *In re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*, District Court Minnesota, MDL No. 2441; *Stryker Rejuvenate Hip Stem and ABG II Modular Hip Stem Litigation*, Superior Court of NJ, Bergen County, Case No. BER0L-936-13; *In re: NFL Players' Concussion Litigation*, Eastern District of Pennsylvania, MDL No. 2323.

He has also held multiple appointments to leadership positions in multidistrict and coordinated state court litigation. *Wright Medical Technology, Inc. Profemur Hip Implant Litigation*, Circuit Court of Shelby County, Tennessee, R. 28 MTC (Plaintiffs' Liaison Counsel); *In re: Stryker LFIT V40 Femoral Head Products Liability Litigation*, MDL No. 2768 (Plaintiffs' Executive Committee); *In re: Profemur Hip Implant Products Liability Litigation*, MDL No. 2949 (Plaintiffs'

Steering Committee). *In re: Phillips Recalled CPAP Bi-Level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014 (Plaintiffs' Steering Committee).

While serving as Plaintiffs' Liaison Counsel for the *Wright Medical Technology, Inc. Profemur Titanium Hip Implant Litigation*, he negotiated and oversaw the settlement of hundreds of Profemur Hip Implant claims. He supported the bellwether trial team for the *Wright Medical Technology, Inc. Conserve Hip Implant Products Liability Litigation*, and he presently serves as co-chair of the Bellwether Trial Committee for the *Phillips Recalled CPAP Bi-Level PAP, and Mechanical Ventilator Products Litigation*.

D.     **The Proposed Leadership Committee Is Willing to Commit the Necessary Time and Resources to Obtaining the Best Results for the Classes.**

In appointing counsel, courts consider whether counsel has shown they have the resources to fairly represent the class. *See Daniels*, 2020 WL 12948052, at *2 (this Court appointed four (4) different law firms with proven track records in litigating complex multi-state class actions"); *see also In re: Disposable Contact Lens Antitrust Litig.*, 2015 WL 10818781, at *2 (appointing three firms with "the resources to commit to the prosecution of this litigation and are fully prepared to do so"). The leadership team is committed to providing the resources necessary to advance this MDL in an efficient and successful manner. The firms in the leadership

team have demonstrated this commitment throughout their respective long history. These firms have never sought, nor will seek, litigation financing to satisfy this commitment. This commitment also extends beyond the financial undertaking. The leadership team is willing and able to devote the time, attorneys and staff necessary to achieve the best possible result for the proposed class, having done so in numerous other complex class actions. Indeed, these firms have truly national practices and litigate cases throughout the country. These firms have skillfully managed high stakes, resource-intensive cases in the past. In successfully prosecuting these class actions, these firms have demonstrated an ability and willingness to dedicate substantial resources to vigorously prosecute class claims.

### E. The Proposed Leadership Committee Is Committed to Diversity

In *Daniels*, this Court noted that attorneys moving to be appointed interim lead counsel were "from diverse backgrounds and therefore represented a 'balanced team' of skills and experience." *Daniels*, 2020 WL 12948052, at *2. The Court's recognition of this important though unstated factor in the designation of leadership is consistent with guidance issued by Duke Law School's Bolch Judicial Institute, a leader in developing complex litigation standards:

> [In] appointing a leadership team, courts should be mindful of the benefits of diversity of all types. In particular, the strong repeat player dynamic that has historically existed reduces fresh outlooks and innovative ideas, and increases pressure to go along with the group and

conform, all of which may negatively impact the plaintiffs whose cases are being pursued in the MDL. At the same time, leadership needs repeat players who understand the ropes. Thus a balanced team, with diversity of skills, expertise, prior casework and role, and demographics, should be sought.

Bolch Judicial Inst., *Guidelines and Best Practices for Large and Mass-Tort MDLs*, DUKE LAW SCH. 37 (2d ed. 2018), *https://scholarship.law.duke.edu/bolch/5/*; *see also* David Rock and Heidi Grant, *Why Diverse Teams Are Smarter*, HARV. BUS. REV. (Nov. 4, 2016), https://hbr.org/2016/11/why-diverse-teams-are-smarter.

Here, the proposed leadership team is representative of this country's diversity and the legal talent available. Specifically, the leadership team is diverse in terms of skills, expertise, prior casework, and role as well as demographics, including gender, age, race, culture, and geography. In sum, the leadership team reflects a rich tapestry of skills that will lend unique perspective and insight in the representation of the proposed classes. These attorneys and their firms represent a balanced team and are best suited to represent the classes in this important MDL.

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and appoint the proposed Leadership Committee and Co-Liaison Counsel to litigate this MDL on behalf of the proposed classes.

Dated: March 13, 2023

/s/Roland Tellis

Roland Tellis (CA Bar 186269)
rtellis@baronbudd.com
David Fernandes (CA Bar 280944)
dfernandes@baronbudd.com
Adam Tamburelli (CA Bar 301902)
atamburelli@baronbudd.com
Jay Lichter (CA Bar 266960)
jlichter@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698

/s/ Demet Basar

W. Daniel "Dee" Miles, III (ASB 7656-M75W)
dee.Miles@Beasleyallen.com
Demet Basar (NYS 2486710)
demet.Basar@Beasleyallen.com
J. Mitch Williams (ASB 8560X19D)
mitch.Williams@Beasleyallen.com
Dylan T. Martin (ASB 2336B15S)
dylan.Martin@Beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone number: (334) 269-2343
Facsimile number: (334) 954-7555

H. Clay Barnett, III (GA Bar 174058)
Clay.Barnett@Beasleyallen.com
Thomas P. Willingham (GA Bar 235049)
Tom.Willingham@Beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Telephone number: (404) 751-1162
Facsimile number: (334) 954-7555

*/s/ James E. Cecchi*
James E. Cecchi (NJ Bar 030861989)
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone number: (973) 994-1700
Facsimile number: (973) 994-1744

Zachary Jacobs (IL Bar 6294345)
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, Illinois 60606
Telephone number: (973) 994-1700
Facsimile number: (973) 994-1744

Lindsey H. Taylor (FL Bar 1027908)
ltaylor@carellabyrne.com
Zachary J. Bower (FL Bar 0017506)
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Telephone number: (973) 994-1700
Facsimile number: (973) 994-1744

*/s/ Elizabeth T. Castillo*
Niall P. McCarthy (Cal. Bar 160175)
nmccarthy@cpmlegal.com
Elizabeth T. Castillo (Cal. Bar 280502)
ecastillo@cpmlegal.com
Kevin J. Boutin (Cal. Bar 334965)
kboutin@cpmlegal.com
Theresa E. Vitale (Cal. Bar 333993)
tvitale@cpmlegal.com
**COTCHETT, PITRE &**
**McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*/s/ Matthew D. Schultz*
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
William F. Cash (*pro hac vice*)
bcash@levinlaw.com
Scott Warrick (*pro hac vice*)
swarrick@levinlaw.com
**LEVIN, PAPANTONIO,**
**RAFFERTY, PROCTOR,**
**BUCHANAN, O'BRIEN, BARR &**
**MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

*/s/ David S. Stellings*

David S. Stellings (NY Bar 2635282)
dstellings@lchb.com
Katherine I. McBride (NY Bar 5452388)
kmcbride@lchb.com
Gabriel A. Panek (NY Bar 5605472)
gpanek@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Nimish R. Desai (CA Bar 244953)
ndesai@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*/s/ Michael A. Caplan*

Michael A. Caplan (GA Bar 601039)
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com

*/s/ Kevin R. Dean*

Kevin R. Dean (GA Bar No. 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9000
Fax: (843) 216-9450

*/s/ M.J. Blakely*

M.J. Blakely (GA Bar 708906)
mjblakely@blakelyfirm.com
**THE BLAKELY FIRM, L.L.C.**
P.O. Box 3314
Decatur, GA 30031
Telephone number: (404) 491-0617

***Counsel for Plaintiffs and the Proposed Classes***

**CERTIFICATION**

Pursuant to Civil Local Rule 7.1, the undersigned counsel certifies that this brief has been prepared with one of the font and point selections approved by the Court in Civil Local Rule 5.1.

*/s/ Elizabeth T. Castillo*
Elizabeth T. Castillo