IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-03051-ELR |

ORDER GRANTING PLAINTIFFS' CONSENT MOTION FOR
APPOINTMENT OF LEADERSHIP TEAM

**I.     Background**

Plaintiffs in the above-captioned multidistrict litigation ("MDL") assert various economic injury claims pertaining to allegedly defective airbag inflators, including fraud, unjust enrichment, negligent misrepresentation, violations of state consumer protection and deceptive trade practices laws, and violation of state and federal warranty laws.

Plaintiffs bring claims against ARC Automotive Inc.  Plaintiffs also have sued various automotive manufacturers or distributors for their use of these inflators in their vehicles and, in some cases, various airbag module manufacturers and related entities for their use of these inflators in their airbag modules supplied to certain automotive manufacturers.

Plaintiffs assert claims on behalf of putative nationwide classes and various putative statewide classes and seek damages for alleged economic harm and injunctive/equitable relief. Plaintiffs alleged economic losses include Plaintiffs' failure to obtain the benefit of the bargain when they purchased or leased their vehicles, *i.e.*, they paid too much for vehicles with defective airbags. Plaintiffs also seek statutory damages, treble damages, punitive damages, and costs and attorneys' fees.

## II.   Legal Standard

Federal Rule of Civil Procedure 23(g)(3) authorizes the appointment of interim class counsel, instructing that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action a class action." FED. R. CIV. P. 23(g)(3).  Pursuant to Rule 23(g)(1)(A), courts must consider the following four factors in appointing lead counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]

FED. R. CIV. P. 23(g)(1)(A)(i)–(iv).

Pursuant to Rule 23(g)(1)(B), courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B).

As this Court has previously remarked:

> [s]election of interim lead counsel facilitates "efficiency and economy without jeopardizing fairness to the parties." Manual for Complex Litigation (Fourth) § 10.22 (2004) (noting that interim counsel "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel"). In matters such as this, appointing seasoned lead counsel is one of the district court's key organizational tools. Id. at §§ 10.224, 21.272. The " designation of interim class counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Id. at § 21.11. Because lead counsel is charged with the ultimate responsibility of acting on behalf of the class throughout the entire litigation, this Court must appoint lead counsel who are fully capable and qualified to fairly and adequately represent the interests of the class, including through trial if necessary. Id. at §§ 21.271–72.

Daniels v. Delta Air Lines, Inc., Civil Action No. 1:20-CV-01664-ELR, 2020 WL 12948052, at *1 (N.D. Ga. Nov. 3, 2020) (citing In re: Disposable Contact Lens Antitrust Litig., No. 3:15-MD-2626-J-20JRK, 2015 WL 10818781, at *1 (M.D. Fla. Oct. 7, 2015) ("Contact Lens")).

### III.   Discussion

By consent motion, Plaintiffs seek this Court's appointment of Plaintiffs' Leadership Committee and Co-Liaison Counsel to litigate this MDL on behalf of the proposed classes. Plaintiffs unanimously recommend this leadership structure, and no party opposes this motion.

After careful review of the consent motion, and upon considering the qualifications of the various attorneys in light of the above factors, the Court finds that the proposed leadership team satisfies the criteria identified in Rule 23(g)(1). The Court appoints the proposed Leadership Committee consisting of the following members:

- Roland Tellis; Baron & Budd, P.C.
- Demet Basar; Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
- James E. Cecchi; Carella, Byrne, Cecchi, Brody & Agnello, P.C.
- Elizabeth T. Castillo; Cotchett, Pitre & McCarthy, LLP
- Matthew D. Schultz; Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A.
- David S. Stellings; Lieff Cabraser Heimann & Bernstein, LLP

- Kevin R. Dean; Motley Rice LLC

The Court also appoints proposed Co-Liaison Counsel consisting of the following members:

- Michael A. Caplan; Caplan Cobb LLC
- M.J. Blakely; The Blakely Firm, L.L.C.

First, the leadership team has done extensive work identifying and investigating potential claims. For example, the members of the Leadership Committee filed the first economic loss class actions relating to defective inflators. They have been investigating the facts and claims set forth in their various complaints for a year and have retained industry and economic experts to support these facts.

Second, the leadership team has significant experience handling consumer class actions. For example, each member of the Leadership Committee has recovered billions of dollars in damages and settlements for injured plaintiffs.

Third, based on their extensive experience, the leadership team has demonstrated knowledge of the applicable law. For example, each member of the Leadership Committee has extensive experience litigating the federal, state, and common law claims asserted in this economic loss MDL.

Fourth, the leadership team has made a significant investment in these actions and has shown they have the resources necessary to vigorously prosecute this action through trial and appeal.

Finally, the Court notes that the members of the leadership team are from diverse backgrounds and therefore represent a balanced team of skills and experience.

In sum, the leadership team demonstrate they are experienced in handling class actions and complex litigation; knowledgeable in the relevant areas of law; able and willing to work with diverse interests; and committed to facilitating effective, efficient litigation. Based on the foregoing, the Court finds the leadership team is "qualified to fairly and adequately represent the interests of the class." Daniels, 2020 WL 12948052, at *1 (citing Contact Lens, 2015 WL 10818781, at *1).

## IV. Conclusion

Accordingly, the Court **GRANTS** Plaintiffs' "Consent Motion to Appoint Leadership Team" [Doc. 54] and appoints to the Leadership Committee the following members:

- Roland Tellis; Baron & Budd, P.C.
- Demet Basar; Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
- James E. Cecchi; Carella, Byrne, Cecchi, Brody & Agnello, P.C.
- Elizabeth T. Castillo; Cotchett, Pitre & McCarthy, LLP
- Matthew D. Schultz; Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A.
- David S. Stellings; Lieff Cabraser Heimann & Bernstein, LLP
- Kevin R. Dean; Motley Rice LLC

The Court also appoints as Co-Liaison Counsel the following members:

- Michael A. Caplan; Caplan Cobb LLC
- M.J. Blakely; The Blakely Firm, LLC

**SO ORDERED**, this 15th day of March, 2023.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia