# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In re: ARC AIRBAGS INFLATORS PRODUCTS LIABILITY LITIGATION<br><br>ALL CASES | Case No.: 1:22-md-03051-ELR<br><br>MDL No. 3051<br><br>Judge: Eleanor L. Ross<br><br>**JOINT SUBMISSION OF DEADLINES FOR RULE 26(F) CONFERENCE, INITIAL DISCLOSURES, AND OTHER PRELIMINARY DISCOVERY** |

Pursuant to Section 1 of this Court's March 2, 2023 Case Management Order [ECF 51], all Plaintiffs and appearing Defendants (together, the "Parties") hereby jointly submit the following proposed deadlines[1]:

---

[1] The appearing Defendants take the position that the proposed discovery deadlines below apply only to those Parties that do not have jurisdictional defenses. This is consistent with appearing Defendants' prior representations that it is improper to compel them to participate in discovery at this time with the potential exception of jurisdictional discovery that may be necessary—all as permitted by this Court. (*See* ECF 29, at 6.) All other Parties agree to participate in the preliminary discovery as outlined by their respective positions below.

| Event | Plaintiffs' Proposed Deadlines | Defendants' Proposed Deadlines |
|---|---|---|
| 1. Initial Disclosures | Fourteen (14) days after filing of Consolidated Complaint(s) | Agree |
| 2. Rule 26(f) Conference | April 11, 2023, in advance of the Joint Statement containing a master schedule or competing schedules | Thirty (30) days after filing of Consolidated Complaint(s) |
| 3. Deadline for production of agreed upon other preliminary discovery. The Parties agree that participating Defendants shall produce Information Request responses and attachments in National Highway Traffic Safety Administration ("NHTSA") investigation (EA16-003) that were previously produced to NHTSA and that may be relevant to the claims and defenses in this case ("Agreed Upon Materials"). Plaintiffs seek additional preliminary discovery, noted to the right and below. | April 14, 2023 for Defendants to produce Agreed Upon Materials.<br><br>April 28, 2023 for Defendants to produce documents that they already collected, reviewed, and produced to NHTSA.<br><br>April 28, 2023 for the parties to exchange information about corporate structure as it relates to the conduct and products at issue in this litigation. | Thirty (30) days after filing of Consolidated Complaint(s) to produce Agreed Upon Materials |

| Event | Plaintiffs' Proposed Deadlines | Defendants' Proposed Deadlines |
|---|---|---|
| 4. Deadline for any Defendant(s) to disclose intent to raise jurisdictional defenses and the general nature of those defenses | Fourteen (14) days, after filing of Consolidated Complaint(s), after which Plaintiffs may serve jurisdictional discovery requests. | Sixty (60) days after Consolidated Complaint(s) filed, per ECF No. 51, p. 1. |

## **Parties' Positions on Disputed Items**

### 1. *Initial Disclosures*

No dispute.

### 2. *Rule 26(f) Conference*

*Plaintiffs' Position:*

Plaintiffs' proposal is based on two grounds: (1) Rule 26, which provides, "Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."; and (2) April 14, 2023 is the deadline for the Parties to file the Joint Statement containing master schedule (or competing schedules) for discovery, class certification, summary judgment, and other motions. *See* Case Management Order (ECF No. 51). The Court should order the Parties to have a Rule 26(f) conference before or concurrently with the scheduling conference.

Indeed, Rule 16(b) provides "the district judge . . . must issue a scheduling order: (A) after receiving the parties' report under Rule 26(f); or (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference." Fed. R. Civ. P. 16(b)(1)-(2). The Parties can continue their meet and confer after Plaintiffs file their Consolidated Complaint to refine the scope of discovery, if necessary, as Defendants suggest below.

*Defendants' Position:*

Defendants maintain that a Rule 26(f) conference that is not tethered to a filed consolidated complaint setting forth the claims and issues will prevent a meaningful discussion as to the scope of discovery.  The early Rule 26(f) conference Plaintiffs propose will be inefficient and will need to be revisited in only a few weeks—after Plaintiffs' consolidated and amended claims are made clear in the forthcoming master complaint and Defendants are able to appropriately investigate.

### 3. *Deadline for production of agreed upon other preliminary discovery*

*Plaintiffs' Position:*

*Scope:* In addition to the Agreed Upon Materials, Plaintiffs seek (1) all documents and information previously produced by any Defendant in NHTSA investigation (PE15-027 and EA16-003) that may be relevant to claims and defenses in this case; and (2) information on Defendants' corporate structure.

4

Regarding the NHTSA documents, the data and documents Defendants already collected and produced to NHTSA are highly relevant to Plaintiffs' claims, and there is limited if any burden for Defendants to provide the same materials to Plaintiffs. Plaintiffs disagree that doing so would require Defendants to re-review this already-reviewed material and cull out purportedly irrelevant information. Defendants' productions and Plaintiffs' use thereof will be governed by a Protective Order to be entered, and the disclosure of irrelevant information, if any, will not prejudice Defendants or be useful to Plaintiffs, but the attendant delay in production will undoubtedly impact Plaintiffs, including because, under Defendants' proposal, Plaintiffs will not have access to the documents prior to filing their Consolidated Complaint. Finally, to the extent any Defendant has produced information to NHTSA in response to other correspondence, Plaintiffs note their position that any such documents would be responsive, including, but not limited to, any information requests or the NHTSA ARC Inflator Task Force.

Regarding information on Defendants' corporate structure, Plaintiffs' proposal is consistent with Section 5(c) of the January 27, 2023 Practice and Procedure Order (ECF No. 4) ("This order does not [] preclude voluntary informal discovery as to the identification and location of relevant documents and witnesses"). This discovery will allow Plaintiffs to name the appropriate Defendants

in the Consolidated Complaint due on May 15, 2023. This discovery will also establish key foundational information to streamline the full merits discovery efforts after the resolution of Defendants' pleading challenges.

Obtaining information on Defendants' corporate structure through Defendants' Initial Disclosures, which will be served 14 days after the Consolidated Complaint, will not be helpful for the purposes of naming the appropriate Defendants in the Consolidated Complaint.

<u>Defendants' Position:</u>

*Scope:* The general rule in this Court is that discovery should commence thirty days after an answer is filed.  (*See* N.D. Ga. L.R. 26.2(A).)  Notwithstanding this general rule, the participating Defendants (see fn 1) are in good faith agreeing to produce Information Request responses and attachments to EA16-003 that are relevant to the claims and defenses to this case (defined as the "Agreed Upon Materials" above) before any Motion to Dismiss is decided. As previously explained to Plaintiffs' counsel and the Court at the March 2, 2023 conference, the additional information provided to NHTSA will take substantial time to review because it may include materials that are not relevant to the claims or defenses in this case (e.g., the materials may relate to parts that are not at issue in this litigation).  If the scope of what is "agreed upon" becomes an issue, Defendants request the opportunity to

submit letter briefs to address the appropriateness of that discovery under the Rules and the claims here. This submission is not the forum nor the appropriate time for a battle over the scope of this type of discovery.[2]

Regarding sources of discoverable information and corporate structure, Plaintiffs have not clarified the scope of the discovery sought or why that discovery will not be covered by the Rule 26 disclosures. This is also true of the other justification Plaintiffs raise in this filing (that they need discovery to determine who to sue.) Indeed, the Rule 26 disclosures will contain "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."   (FRCP 26(a)(1)(A)(ii).) Beyond this, Defendants object to Plaintiffs' request.

*Deadlines:* Even if Defendants agreed to the Plaintiffs' proposed scope of discovery, Defendants cannot produce the documents on the timeline Plaintiffs now demand. Obtaining the documents from electronic storage, reviewing it, and producing it will take considerable time and effort, and each participating Defendant

---

[2] Defendants reserve the right to seek preliminary discovery from Plaintiffs as well as part of the informal process. This may include, without limitation, vehicle identification numbers and purchase agreements pertaining to Plaintiffs' vehicles.

faces its own systems and storage processes to work through in gathering those prior responses. Manual review of the materials is also necessary because the NHTSA requests and productions are far beyond the scope of products in this case, including inflators with different designs and those not sold in the US. That is why Defendants have proposed a scope and deadline on an expedited time frame, that is more reasonable.

4. ***Deadline for any Defendant(s) to disclose intent to raise jurisdictional defenses and the general nature of those defenses***

*Plaintiffs' Position*:

The Court ordered the parties to present deadlines for meet-confer related to "other preliminary discovery" (ECF No. 51 at p. 1), which appropriately includes the jurisdictional discovery included in Plaintiffs' statement on the joint discovery schedule. ECF No. 35 at p. 5. A deadline for disclosure of intent to raise jurisdictional defenses *before* the deadline for motions on jurisdictional defenses is important because it will allow Plaintiffs to serve jurisdictional discovery requests on Defendants claiming such defenses as soon as possible. Plaintiffs only have 60 days to respond to Defendants' motion(s) to dismiss for lack of jurisdiction. *See* Case Management Order at 2 (ECF No. 51). This is a very limited amount of time to serve, negotiate, obtain, and review jurisdictional discovery in addition to respond to said

motions—particularly if Defendants argue that they are required to search for, collect, and review documents for relevance and privilege.

*Defendants' Position:*

Setting a deadline for disclosure of jurisdictional defenses was not a subject that the Court ordered the parties to disclose at this time. (ECF No. 51, p. 1.) Plaintiffs did not raise this issue on the meet and confer of the parties, and instead raise it here for the first time in a draft statement minutes before the filing is due to be filed with the Court. Moreover, Plaintiffs are attempting to use this joint submission to alter deadlines previously set by the Court. The deadline for motions on jurisdictional defenses has already been set in ECF No. 51, p. 1: sixty days after filing of Consolidated Complaint. The Court ordered this submission to address only: "Deadlines for Rule 26(f) Conference, Initial Disclosures, and other preliminary discovery." (ECF No. 51, p. 1). Defendants respectfully state that due to the lack of conferral on this issue, and the meaningful opportunity to state a consolidated position in this filing, this issue is not yet ripe for disposition.

Dated: April 5, 2023

Respectfully Submitted,

*/s/Roland Tellis*
Roland Tellis (CA Bar 186269)
rtellis@baronbudd.com
David Fernandes (CA Bar 280944)
dfernandes@baronbudd.com
Adam Tamburelli (CA Bar 301902)
atamburelli@baronbudd.com
Jay Lichter (CA Bar 266960)
jlichter@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698

*/s/ Demet Basar*
W. Daniel "Dee" Miles, III (ASB 7656-M75W)
dee.Miles@Beasleyallen.com
Demet Basar (NYS 2486710)
demet.Basar@Beasleyallen.com
J. Mitch Williams (ASB 8560X19D)
mitch.Williams@Beasleyallen.com
Dylan T. Martin (ASB 2336B15S)
dylan.Martin@Beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone number: (334) 269-2343
Facsimile number: (334) 954-7555

H. Clay Barnett, III (GA Bar 174058)
Clay.Barnett@Beasleyallen.com
Thomas P. Willingham (GA Bar 235049)
Tom.Willingham@Beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Telephone number: (404) 751-1162
Facsimile number: (334) 954-7555

/s/ James E. Cecchi
James E. Cecchi (NJ Bar 030861989)
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone number: (973) 994-1700
Facsimile number: (973) 994-1744

Zachary Jacobs (IL Bar 6294345)
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, Illinois 60606
Telephone number: (973) 994-1700
Facsimile number: (973) 994-1744

Lindsey H. Taylor (FL Bar 1027908)
ltaylor@carellabyrne.com
Zachary J. Bower (FL Bar 0017506)
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Telephone number: (973) 994-1700
Facsimile number: (973) 994-1744

/s/ Elizabeth T. Castillo
Niall P. McCarthy (Cal. Bar 160175)
nmccarthy@cpmlegal.com
Elizabeth T. Castillo (Cal. Bar 280502)
ecastillo@cpmlegal.com
Kevin J. Boutin (Cal. Bar 334965)
kboutin@cpmlegal.com
Theresa E. Vitale (Cal. Bar 333993)
tvitale@cpmlegal.com
**COTCHETT, PITRE &**
**McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

/s/ Matthew D. Schultz
Matthew D. Schultz (*pro hac vice*)
mschultz@levinlaw.com
William F. Cash (*pro hac vice*)
bcash@levinlaw.com
Scott Warrick (*pro hac vice*)
swarrick@levinlaw.com
**LEVIN, PAPANTONIO,**
**RAFFERTY, PROCTOR,**
**BUCHANAN, O'BRIEN, BARR &**
**MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

/s/ David S. Stellings
David S. Stellings (NY Bar 2635282)
dstellings@lchb.com
Katherine I. McBride (NY Bar 5452388)
kmcbride@lchb.com
Gabriel A. Panek (NY Bar 5605472)
gpanek@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592


Nimish R. Desai (CA Bar 244953)
ndesai@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008


/s/ Michael A. Caplan
Michael A. Caplan (GA Bar 601039)
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com

/s/ Kevin R. Dean
Kevin R. Dean (GA Bar No. 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9000
Fax: (843) 216-9450


/s/ M.J. Blakely
M.J. Blakely (GA Bar 708906)
mjblakely@blakelyfirm.com
**THE BLAKELY FIRM, L.L.C.**
P.O. Box 3314
Decatur, GA 30031
Telephone number: (404) 491-0617

**Counsel for Plaintiffs and the Proposed Classes**

*/s/Michael D. Leffel*
FOLEY & LARDNER LLP
Michael D. Leffel
150 East Gilman Street
P.O. Box 1497
Madison, WI 53703-1495
608-258-4216
608-258-4258 (Facsimile)
mleffel@foley.com

John J. Atallah
Kendall E. Waters
Suite 3500
555 South Flower Street
Los Angeles, CA 90071
213-972-4834 (JJA)
213-972-4899 (KEW)
213-486-0065 (Facsimile)
jatallah@foley.com
kwaters@foley.com

Jeffrey A. Soble
Lauren M. Loew
Mark F. Hebbeln
321 North Clark Street
Suite 300
Chicago, IL 60654
312-832-5170 (JAS)
312-832-5393 (LML)
312-832-4394 (MFH)
jsoble@foley.com
lloew@foley.com
mhebbeln@foley.com

TAYLOR PARTNERS, LLC
Bert P. Taylor
26192 Canal Rd.
P.O. Box 489
Orange Beach, AL 36561
251-981-8439
251-981-8425 (Facsimile)
bert@taylorpartners.legal

BASS, BERRY & SIMS, PLC
Jessalyn H. Zeigler
Suite 2800
150 Third Avenue South
Nashville, TN 37201
615-742-6289
615-742-2789 (Facsimile)
jzeigler@bassberry.com

HAYNESWORTH SINKLER
BOYD P.A.
Steve A. Matthews
1201 Main Street, 22nd Floor
Columbia, SC 29201-3226
803-540-7827
803-765-1243 (Facsimile)
smatthews@hsblawfirm.com

*COUNSEL FOR DEFENDANT ARC AUTOMOTIVE, INC.*

13

*/s/Michael B. Shortnacy*
KING & SPALDING LLP
Livia M. Kiser
Michael B. Shortnacy
Susan V. Vargas
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4355
lkiser@kslaw.com
mshortnacy@kslaw.com
svargas@kslaw.com

KING & SPALDING LLP
Andrew J. Chinsky
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309-3521
Telephone: +1 404 572 4600
Facsimile: +1 404 572 5100
achinsky@kslaw.com

*COUNSEL FOR DEFENDANTS AUDI OF AMERICA, LLC AND VOLKSWAGEN GROUP OF AMERICA, INC.*

*/s/Eric Y. Kizirian*
LEWIS BRISBOIS BISGAARD & SMITH, LLP
Eric Y. Kizirian
Zourik Zarifian
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: (213) 250-1800
Facsimile: (213) 250-7900
eric.Kizirian@lewisbrisbois.com
zourik.Zarifian@lewisbrisbois.com

*COUNSEL FOR DEFENDANT BMW OF NORTH AMERICA, LLC*

_/s/Stephen A. D'Aunoy_
THOMPSON COBURN LLP
Stephen A. D'Aunoy
Thomas L. Azar, Jr.
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com

KLEIN THOMAS & LEE
Fred Fresard
Ian Edwards
Lauren Fibel
101 W. Big Beaver Road
Suite 1400
Troy, MI 48084
Phone: (248) 509-9270
Fred.Fresard@kleinthomaslaw.com
Ian.Edwards@kleinthomaslaw.com
Lauren.Fibel@kleinthomaslaw.com

_COUNSEL FOR DEFENDANT FCA US LLC_

*/s/R. Kent Warren*

MCGUIREWOODS LLP
Perry W. Miles
Brian D. Schmalzbach
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
pmiles@mcguirewoods.com
bschmalzbach@mcguirewoods.com

MCGUIREWOODS LLP
R. Kent Warren
Abigail A. Golden
201 North Tryon Street
Suite 3000
Charlotte, NC 28202
Tel: (704) 343-2000
Fax: (704) 343-2300
kwarren@mcguirewoods.com
agolden@mcguirewoods.com

WATSON SPENCE LLP
Michael R. Boorman
Phillip A. Henderson
999 Peachtree St NE
Suite 1130
Atlanta, GA 30309
Tel: (678) 433-6586
Fax: (229) 436-6358
mboorman@watsonspence.com
phenderson@watsonspence.com

*COUNSEL FOR DEFENDANT FORD
MOTOR COMPANY*

*/s/April N. Ross*

CROWELL & MORING LLP
April N. Ross
Mohamed Awan
Luke Bresnahan
Emily Tucker
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 624-2500
aross@crowell.com
mawan@crowell.com
lbresnahan@crowell.com
etucker@crowell.com

BAKER DONELSON,
BEARMAN, CALDWELL &
BERKOWITZ, PC
Linda A. Klein
(GA Bar No. 425069)
Monarch Plaza, Suite 1500
3414 Peachtree Rd., NE
Atlanta, Georgia 30326
Telephone: (404) 577-6000
lklein@bakerdonelson.com

*COUNSEL FOR DEFENDANT GENERAL MOTORS LLC*

*/s/Benjamin W. Jeffers*

HICKEY HAUCK BISHOFF JEFFERS & SEABOLT, PLLC
Benjamin W. Jeffers
1 Woodward Ave Suite 2000
Detroit, MI 48226
Telephone: (313) 964-8600
Facsimile: (313) 964-8601
bjeffers@hhbjs.com

*COUNSEL FOR DEFENDANT KEY SAFETY SYSTEMS, INC. D/B/A/ JOYSON SAFETY SYSTEMS*


*/s/Derek S. Whitefield*

DYKEMA GOSSETT LLP
Derek S. Whitefield
Tamara A. Bush
444 S. Flower, Suite 2200
Los Angeles, CA 90071
(213) 457-1777
dwhitefield@dykema.com
tbush@dykema.com

DYKEMA GOSSETT PLLC
Eric Tew
1301 K Street NW
Suite 1100 West
Washington, D.C. 20005
(202) 906-8600
etew@dykema.com

*COUNSEL FOR DEFENDANT PORSCHE CARS NORTH AMERICA, INC.*

*/s/Lisa R. Weddle*

MORGAN, LEWIS &
BOCKIUS LLP
David L. Schrader
Lisa R. Weddle
Ryan L. Roth
300 South Grand Avenue
22nd Floor
Los Angeles, CA 90071
Telephone: (213) 612-2500
Facsimile: (213) 612-2501
david.schrader@morganlewis.com
lisa.weddle@morganlewis.com
ryan.roth@morganlewis.com

MORGAN, LEWIS &
BOCKIUS LLP
Mark A. Feller
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001
mark.feller@morganlewis.com

*COUNSEL FOR DEFENDANT TOYODA GOSEI NORTH AMERICA
CORPORATION*

*/s/James P. Feeney*

DYKEMA GOSSETT PLLC
James P. Feeney
39577 Woodward Ave., Ste. 300
Bloomfield Hills, MI 48304
Telephone: +1 248 203 0841
Facsimile: +1 855 243 9885
jfeeney@dykema.com

DYKEMA GOSSETT PLLC
John M. Thomas
Krista L. Lenart
2723 S. State St., Ste. 400
Ann Arbor, MI 48104
Telephone: +1 734 214 7660
Facsimile: +1 734 214 7696
jthomas@dykema.com
klenart@dykema.com

BOWMAN AND BROOKE
Joel H. Smith
Morgan Y. Drapeau
1441 Main St., Ste. 1200
Columbia, SC 29201
Telephone: +1 803 726 7422
Facsimile: +1 803 726 7421
Joel.smith@
Bowmanandbrooke.com
Morgan.drapeau@
bowmanandbrooke.com

*COUNSEL FOR DEFENDANTS KIA AMERICA, INC., HYUNDAI MOTOR AMERICA, AND HYUNDAI AMERICA TECHNICAL CENTER, INC.*

_/s/Matthew A. Goldberg_

DLA PIPER LLP (US)
Matthew A. Goldberg
Nathan P. Heller
Timothy P. Pfenninger
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: 215-656-3300
Facsimile: 215-656-33015
matthew.goldberg@us.dlapiper.com
nathan.heller@us.dlapiper.com
timothy.pfenninger@us.dlapiper.com

DLA Piper LLP (US)
Justin I. Park
500 Eighth Street, NW
Washington, D.C. 20004
Telephone: 202-799-4000
Facsimile: 202-799-5000
justin.park@us.dlapiper.com

_COUNSEL FOR DEFENDANT MOBIS PARTS AMERICA, LLC_