IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-03051-ELR |

**COMMON BENEFIT ORDER**

On February 24, 2023, the parties submitted a Proposed Joint Agenda for the March 2, 2023 Initial Conference. ECF No. 35. In the Proposed Joint Agenda, Plaintiffs informed the Court that "appointed counsel will lodge a Common Benefit Order that will establish protocols for recording common benefit work." ECF No. 35 at 8. On March 2, 2023, the Court entered a Case Management Order ordering the filing of the Common Benefit Order within 14 days of the Court's appointment of Plaintiffs' leadership team. ECF No. 51 at 1.

The Court agrees that it is appropriate to establish specific guidelines and rules for work performed and expenses incurred for the common benefit of all Plaintiffs in this MDL. Accordingly, the Court hereby adopts the following guidelines for the responsibilities and duties of the Leadership Committee,[1] management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues. This

---

[1] The Leadership Committee members are Roland Tellis (Baron & Budd, P.C), Demet Basar (Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.), James E. Cecchi (Carella, Byrne, Cecchi, Brody & Agnello, P.C.), Elizabeth T. Castillo (Cotchett, Pitre & McCarthy, LLP), Matthew D. Schultz (Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A.), David S. Stellings (Lieff Cabraser Heimann & Bernstein, LLP) and Kevin R. Dean (Motley Rice LLC).

Order is without prejudice to Defendants' right to object to proposed fees, costs, or other provisions later in this proceeding. It is also without prejudice to review by a court with jurisdiction regarding the reasonableness of any fee request.

### I.     Responsibilities and Duties of the Leadership Committee

The Leadership Committee shall have the authority and duty to do all of the following: (1) appear at Court-noticed status conferences and hearings; (2) retain experts; (3) sign and file all pleadings in this MDL; (4) lead settlement discussions and discovery, set agendas, enter into stipulations, and engage in other necessary interactions with defense counsel and any future neutral(s) retained by the parties; (5) collect and review monthly common benefit time and expense submissions from Participating Counsel, as defined below; (6) coordinate and oversee Participating Counsel and reasonably apportion any attorneys' fees recovered in this action among themselves, Co-Liaison Counsel, and Participating Counsel.

### II.    Adoption of Case Management Protocols for Common Benefit Work

The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues.

The recovery of common benefit attorneys' fees and cost reimbursements will be limited to the Leadership Committee, Co-Liaison Counsel, and "Participating Counsel." "Participating Counsel" shall be defined as any other counsel authorized by the entire Leadership Committee to perform Common Benefit Work, as defined

below, and/or counsel who have been specifically approved by this Court prior to incurring any such lodestar, cost, or expense. "Participating Counsel" includes members and staff of their respective firms. Eligibility does not pre-determine payment. If this litigation, or any class within it, is certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, any award of fees and costs for common benefit work will be governed by the standards and procedures of Rule 23, including Rule 23(h), and shall be subject to the Court's approval.

Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if the activity in question was at the direction of the Leadership Committee and the time expended and costs incurred were: (a) for the common benefit of Plaintiffs; (b) timely submitted; and (c) reasonable. The Court retains its authority to evaluate any time, costs, or expenses submitted by counsel for reasonableness.

The Leadership Committee will be responsible for: (1) apportioning attorneys' fees recovered in this action among themselves, Co-Liaison Counsel, and Participating Counsel; (2) collecting and reviewing monthly common benefit time and expense submissions from themselves, Co-Liaison Counsel, and Participating Counsel; and (3) informing Participating Counsel when their submissions do not comply with the directives set forth in this Order.

In the event that Participating Counsel are unsure if the activity they are about

to undertake is considered Common Benefit Work, as defined below, they shall ask the Leadership Committee in advance as to whether such time may be compensable before proceeding with the activity in question.

A. **Compensable Common Benefit Work**

"Common Benefit Work" includes all work done and expenses incurred at the direction of the Leadership Committee that inure to the common benefit of the Plaintiffs in this MDL.

Examples of compensable work include, but are not limited to: (1) the preparation of consolidated pleadings and briefs; (2) factual research and investigation; (3) legal research; (4) motion practice; (5) discovery, including document analysis and depositions; (6) court appearances and preparation; (7) identification and work-up of experts and consultants; (8) class certification; (9) trial and trial preparation; and (10) appellate work.

The Leadership Committee, Co-Liaison Counsel, and Participating Counsel shall avoid over-staffing and inefficiencies regarding Common Benefit Work. Time spent on work for the benefit of counsel's own clients is not considered Common Benefit Work, unless it is at the Leadership Committee's direction, or in connection with their role as proposed class representatives in this MDL.

To avoid any confusion, only assignments authorized by the Leadership Committee constitute Common Benefit Work. Counsel reviewing particular filings

and Orders for their own benefit and that of their respective clients does not constitute Common Benefit Work.

### B. Travel Limitations

Only reasonable expenses incurred in connection with Common Benefit Work will be reimbursed. Except in unusual circumstances approved by the Leadership Committee, all travel reimbursements are subject to the following limitations:

- **Airfare:** For domestic flights, only the price of a refundable and convenient coach fare seat or its equivalent will be reimbursed. For transcontinental flights with a total duration exceeding four hours, business class, or if business class is not available, first class, may be reimbursed at the Leadership Committee's discretion.

- **Hotel:** Hotel room charges for the average available room rate of a reasonable business hotel will be reimbursed.

- **Meals:** Meal expenses must be reasonable.

- **Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip if the expenses are properly itemized.

- **Automobile Rental:** Automobile rentals must be reasonable for the date and location of the rental.

- **Mileage:** Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

Unusually high airfare, hotel, meal, and automobile rental expenses may be reviewed by the Leadership Committee and disallowed or only partially reimbursed.

C. **Non-Travel Limitations**

- **Telephone and Videoconferencing Charges, Shipping and Courier Charges, and Postage:** Common benefit telephone and videoconferencing charges (long distance, conference call, and cellular), shipping and courier charges, and postage are to be reported at actual cost.

- **In-House Photocopy:** The maximum charge for common benefit in-house copies is $0.15 per page.

- **Computerized Research – LexisNexis or Westlaw:** Claims for LexisNexis, Westlaw, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

No entry should contain more than one category of expense when practicable, and no entry should have more than one expense category code assigned to it.

Similarly, when feasible, no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people. Every expense entry should be as detailed and specific as reasonably practicable. Expense entries without sufficient detail may be rejected at the Leadership Committee's discretion. Attorneys shall maintain receipts for all expenses and provide such receipts to the Leadership Committee as requested.

D. **Common Benefit Timekeeping Protocols**

All time must be accurately and contemporaneously maintained. The Leadership Committee, Co-Liaison Counsel, and Participating Counsel shall keep

contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe"). Descriptions must bear sufficient detail to identify the precise task and how it related to Common Benefit Work. Block billing is prohibited.

Each time entry must be categorized using one of the categories in Exhibit A. In general, when possible, a more specific category should be used in place of a more general category.

The following activities will not be compensated or included in any fee petition:

- work not performed at the request or under the direction of the Leadership Committee;
- duplication of efforts within a firm;
- time expended in preparing time and expense reports;
- "read and review" time unrelated to preparation for or performance of work specifically assigned by Leadership Committee;
- unnecessary intra-firm attorney conferences;
- time associated with work relating to any client or potential client that did not retain your firm for this case, unless the work was authorized by the Leadership Committee; and
- routine clerical tasks (such as "file maintenance" by a paralegal or clerical staff) unrelated to preparation for and performance of work specifically assigned by the Leadership Committee.

Participating Counsel shall direct all questions regarding particular timekeeping categories to the Leadership Committee. Under no circumstances should a submitting firm make up new categories for use in its submission.

The Leadership Committee, Co-Liaison Counsel, and Participating Counsel shall record their hourly rates for all attorneys and staff. Each timekeeper must be identified as one of the following: (PT) Partner, (A) Associate, (SA) Staff Attorney/Contract Attorney, or (PL) Paralegal. Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment,[2] their billing records shall be prepared and recorded at the then-present rates in monthly time reports submitted to the Leadership Committee. The Leadership Committee, Co-Liaison Counsel, and Participating Counsel shall not bill at rates other than their standard rates at the time the work is performed. Use of these rates does not guarantee their payment.

The Leadership Committee, Co-Liaison Counsel, and Participating Counsel may use junior associates, contract attorneys, and staff attorneys for initial document analysis and coding; mid-level associates, contract attorneys, and staff attorneys for higher level analysis and coding; and senior attorneys (including partners, as

---

[2] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. See, e.g., Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988) ("In this circuit, where there is a delay the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than at historic rates."); M.H. v. Comm'r of the Georgia Dep't of Cmty. Health, 656 F. App'x 458, 462 (11th Cir. 2016) (same).

necessary) for top-tier analysis, deposition or trial preparation, and quality control.

### E. Common Benefit Expenses Protocol

#### 1. Shared Costs

"Shared Costs" are costs incurred for the common benefit of the Plaintiffs in this MDL as a whole. Shared Costs will be paid out of the litigation fund ("Litigation Fund") administered by the Leadership Committee and must be approved by the Leadership Committee prior to payment. The Leadership Committee shall contribute to the Litigation Fund at times and in amounts sufficient to cover Plaintiffs' costs and expenses for litigating this MDL. The timing and amount of each assessment will be determined by the Leadership Committee, and each assessment will be paid within 14 days as instructed by the Leadership Committee. Failure to pay assessments will be grounds for removal from the appointments made.

#### 2. Held Costs

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when the Leadership Committee determines to do so. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all Plaintiffs in this MDL. No client-specific costs can be considered Held Costs, other than certain Common Benefit costs relating to class representatives at the discretion of the Leadership Committee. Held Costs shall be recorded in accordance with the guidelines set forth herein, and on the form provided

as Exhibit B hereto. Held Costs shall be subject to the limitations set forth in this Order.

### F.     Protocols for Submission of Time and Expenses

Time submissions shall be made to the Leadership Committee monthly in accordance with the guidelines set forth herein. The first submission is due on May 20, 2023, and should include all time and expense from inception of work related to the ARC Airbag litigation through April 30, 2023. After this first submission, each monthly submission should include all common benefit time and expenses incurred from the first to the last day of the preceding month (e.g., the submission due June 20, 2023, should contain all common benefit time and expenses incurred from May 1, 2023, through May 31, 2023).

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 20th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous six months that—because of circumstances outside the submitting counsel's control—could not have been submitted by the deadline.

**SO ORDERED**, this 5th day of April, 2023.

*Eleanor L. Ross*

The Honorable Eleanor L. Ross
United States District Judge
Northern District of Georgia