# Exhibit C.1

**Exhibit C - Bases for Dismissal for All Fraud-Based Claims**

|  |  |
|---|---|
|  |  |

| Exhibit C.1 - Case Law Supporting Dismissal of Fraud Claims | |
|---|---|
| **Rule 9(b) Applies But Not Met** | |
| Alabama | *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 916 (N.D. Ill. 2013) (applying Alabama law) |
| Alaska | *Keating v. Nordstrom, Inc.*, 2018 WL 576825, at *7 (D. Alaska Jan. 26, 2018) |
| Arizona | *In re Banner Health Data Breach Litig.*, 2017 WL 6763548, at *6 (D. Ariz. Dec. 20, 2017) |
| Arkansas | *Jarrett v. Panasonic Corp. of N. Am.*, 8 F. Supp. 3d 1074, 1084 (E.D. Ark. 2013) |
| California (CLRA) | *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1174 (C.D. Cal. 2014) |
| California (UCL) | *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1174 (C.D. Cal. 2014) |
| Colorado | *Donna v. Countrywide Mort.*, 2015 WL 9456325, at *4 (D. Colo. Dec. 28, 2015); *McDaniel v. Denver Lending Grp.*, 2009 WL 1873581, at *6 (D. Colo. June 30, 2009) |
| Connecticut | *Aviamax Aviation Ltd. v. Bombardier Aerospace Corp.*, 2010 WL 1882316, at *9 (D. Conn. May 10, 2010) |
| Delaware | *Patrick v. E. Specialty Fin., Inc.*, 2014 WL 3723017, at *3 (D. Del. July 22, 2014) |
| Florida | *Koch v. Royal Wine Merchants, Ltd.*, 847 F. Supp. 2d 1370, 1381 (S.D. Fla. 2012) |
| Georgia (UDTPA) | *Ace Tree Surgery, Inc. v. Terex Corp.*, 2017 WL 1836307, at *3 (N.D. Ga. Feb. 21, 2017); *DeBarros v. Gen. Motors LLC*, 2019 WL 2143061, at *5 (E.D. Mich. May 16, 2019) (applying Georgia law) |
| Hawaii | *Ryan v. Salisbury*, 2019 WL 5269092, at *12 (D. Haw. Oct. 17, 2019) |
| Idaho | *Tuttle v. Treasure Valley Marine, Inc.*, 2016 WL 3198230, at *2 (D. Idaho June 8, 2016); *see also Corizon Health, Inc. v. CorrecTek, Inc.*, 2017 WL 2196753, at *3 (W.D. Ky. May 18, 2017) (applying Idaho law) |
| Illinois | *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011); *Livingston v. Trustgard Ins.*, 988 F. Supp. 3d 1163, 1174 (N.D. Ill. 2013) |
| Indiana | *Walkowiak v. Bridgepoint Educ., Inc.*, 2017 WL 2418391, at *2 (N.D. Ind. June 5, 2017) |
| Iowa | *Miller v. Elliott Aviation Aircraft Sales Inc.*, 2014 WL 12601040, at *13 (S.D. Iowa Mar. 31, 2014) |
| Kansas | *Thompson v. Jiffy Lube Int'l, Inc.*, 505 F. Supp. 2d 907, 931-33 (D. Kan. 2007) |
| Kentucky | *Eversole v. EMC Mortg. Corp.*, 2005 WL 3018755, at *2 (E.D. Ky. Nov. 9, 2005); *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 733, 740-41 (W.D. Ky. 2013) |
| Louisiana | *Pinero v. Jackson Hewitt Tax Serv., Inc.*, 594 F. Supp. 2d 710, 721 (E.D. La. 2009). |
| Maine | *Cohan v. Pella Corp.*, 2015 WL 6465639, at *6 (D.S.C. Oct. 26, 2015) (applying Maine law); *Everest v. Leviton Mfg. Co.*, 2006 WL 381832, at *3 (Me. Super. Jan. 13, 2006) |
| Maryland | *Spaulding v. Wells Fargo Bank, N.A.*, 920 F. Supp. 2d 614, 622 (D. Md. 2012) |

## Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **Massachusetts** | *Santos v. SANYO Mfg. Corp.* , 2013 WL 1868268, at *6 (D. Mass. May 3, 2013) |
| **Michigan** | *In re Packaged Ice Antitrust Litig.* , 779 F. Supp. 2d 642, 666 (E.D. Mich. 2011) |
| **Minnesota** | *Motley v. Homecomings Fin.* , LLC, 557 F. Supp. 2d 1005, 1011-12 & n.6 (D. Minn. 2008) |
| **Mississippi** | *Young v. Bristol-Myers Squibb Co.* , 2017 WL 706320, at *16 (N.D. Miss. Feb. 22, 2017) |
| **Missouri** | *Blake v. Career Educ. Corp.* , 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009); Baryo v. Philip Morris USA, Inc., 435 F. Supp. 2d 961, 968 (W.D. Mo. 2006) |
| **Montana** | *PNC Bank, Nat. Ass'n v. Wilson* , 2015 WL 3887602, at *7 (D. Mont. June 23, 2015) |
| **Nebraska** | *Vallejo v. Amgen, Inc.* , 2014 WL 4922901, at *5 (D. Neb. Sept. 29, 2014) |
| **Nevada** | *Davenport v. Homecomings Fin., LLC* , 2014 WL 1318964, at *3 (Nev. Mar. 31, 2014); *Shlesinger v. Bank of Am., N.A.* , 2012 WL 2995698, at *6 (D. Nev. July 23, 2012) |
| **New Hampshire** | *New Hampshire Elec. Coop., Inc. v. Elster Solutions, LLC* , 2017 WL 2861667, at *3 (D.N.H. July 5, 2017) |
| **New Jersey** | *F.D.I.C. v. Bathgate* , 27 F.3d 850, 876 (3d Cir. 1994) |
| **New York** | *Wright v. Publishers Clearing House, Inc.* , 2019 WL 1177716, at *4 (E.D.N.Y. Mar. 12, 2019) (requiring certain degree of specificity under Rule 8 for GBL claims); *Weaver v. Chrysler Corp.* , 172 F.R.D. 96, 100 (S.D.N.Y. 1997) |
| **North Carolina** | *Topshelf Mgmt., Inc. v. Campbell-Ewald Co.* , 117 F. Supp. 3d 722, 731-32 (M.D.N.C. 2015) |
| **North Dakota** | *Olin v. Dakota Access, LLC* , 910 F.3d 1072, 1076 (8th Cir. 2018) |
| **Ohio** | *Ferron v. SubscriberBase Holdings, Inc.* , 2009 WL 650731, at *5 (S.D. Ohio Mar. 11, 2009); *Pattie v. Coach, Inc.* , 29 F. Supp. 3d 1051, 1059 (N.D. Ohio 2014) |
| **Oklahoma** | *Parrish v. Arvest Bank* , 2016 WL 3906814, at *2 (W.D. Okla. July 14, 2016) |
| **Oregon** | *Kearney v. Equilon Enterprises* , LLC, 65 F. Supp. 3d 1033, 1043, 1045 (D. Or. 2014) |
| **Pennsylvania** | *Kee v. Zimmer, Inc.* , 871 F. Supp. 2d 405, 412–13 (E.D. Pa. 2012) |
| **South Carolina (SCUTPA)** | *Meadow v. Nibco, Inc.* , 2016 WL 2986350, at *7 (M.D. Tenn. May 24, 2016) (applying South Carolina law) |
| **Tennessee** | *McKee Foods Corp. v. Pitney Bowes, Inc.* , 2007 WL 896153, at *5 (E.D. Tenn. Mar. 22, 2007) |
| **Texas** | *Omni USA, Inc. v. Parker-Hannifin Corp.* , 798 F.Supp.2d 831, 836 (S.D.Tex. 2011); *see also Carroll v. Fort James Corp* ., 470 F.3d 1171, 1174 (5th Cir.2006) |
| **Utah** | *Jackson v. Philip Morris Inc* ., 46 F. Supp. 2d 1217, 1222 (D. Utah 1998) |
| **Virginia** | *Fravel v. Ford Motor Co.* , 973 F. Supp. 2d 651, 656 (W.D. Va. 2013) |
| **Washington** | *Fid. Mortg. Corp. v. Seattle Times Co.* , 213 F.R.D. 573, 575 (W.D. Wash. 2003); *Fidelity Mortg. Corp. v. Seattle Times Co* ., 213 F.R.D. 573, 575 (W.D. Wash. 2003) |
| **West Virginia** | *Midwestern Midget Football Club Inc. v. Riddell, Inc.* , 2016 WL 3406129, at *7 (S.D.W. Va. June 17, 2016); *Stanley v. Huntington Nat. Bank* , 2012 WL 254135, at *7 (N.D. W. Va. Jan. 27, 2012), aff'd, 492 F. App'x 456 (4th Cir. 2012) |
| **Wisconsin** | *Miller v. Vonage Am., Inc.* , 2015 WL 59361, at *5 (E.D. Wis. Jan. 5, 2015) |

# Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| Some Degree of Knowledge or Intent Required But Not Pled |
|---|
| **Alabama (Common Law Fraud)** — *Harrell v. Dodson*, 398 So. 2d 272, 276 (Ala. 1981) ("As a matter of law, one can only be liable for concealing facts of which one has knowledge.") |
| **Alabama (DTPA)** — *In re Gen. Motors LLC Ignition Switch Litig*., 257 F.Supp.3d 372, 406 (S.D.N.Y. 2017) ("[P]laintiff may base an ADPTA claim on an 'alleged concealment, suppression, or omission'" but "must show some knowledge of false or deceptive conduct on the part of the wrongdoer." (citation omtitted)) |
| **Alaska (Common Law Fraud)** — *Sycks v. Transamerica Life Ins. Co*., 643 F. Supp. 3d 959, 974 (D. Alaska 2022) |
| **Arizona (Common Law Fraud)** — *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 201 Ariz. 474, 498, 38 P.3d 12, 36 (2002), *as corrected* (Apr. 9, 2002) (Plaintiff must allege defendant had exclusive pre-sale knowledge) |
| **Arizona (CFA)** — Ariz. Rev. Stat. Ann. § 44-1522 (A) |
| **Arkansas (Common Law Fraud)** — *Lauderdale v. Organon USA, Inc*., 2022 WL 3702113, *17 (W.D.Ark. 2022) ("To prevail in a case of fraudulent nondisclosure, the plaintiff must prove that the defendant concealed a material fact known to it." (citation omitted)). |
| **Arkansas (DTPA)** — Ark. Code Ann. § 4-88-108 (for omission-based claims, requires "intent that others rely upon the concealment, suppression, or omission" "[w]hen utilized in connection with the sale or advertisement of any goods"); *Pleasant v. McDaniel*, 2018 Ark. App. 254, 4, 550 S.W.3d 8, 11 (2018) ("The ADTPA prohibits a variety of listed practices, including knowingly making false representations, and any other unconscionable, false, or deceptive act or practice in business, commerce, or trade." (citation and quotation marks omitted)) |
| **California (Common law Fraud)** — *Raymo v. FCA US LLC*, 475 F.Supp.3d 680, 707 (E.D.Mich. 2020); *Ahern v. Apple Inc.*, 411 F.Supp.3d 541, 564–65 (N.D.Cal. 2019) ("To state a California fraudulent concealment … claim based on an omission, a defendant must have known of the defect at the time of sale for a plaintiff to state a claim for fraud by omission.") (citations and quotation marks omitted)) |
| **California(CLRA)** — *MacDonald v. Ford Motor Co*., 37 F.Supp.3d 1087, 1092–93 (N.D.Cal. 2014) ("To state a claim under the CLRA a plaintiff must show not only that a defect existed at the time of sale, but that the defendant knew of the defect and sold the product nonetheless.'" |
| **California (FAL)** — *Marolda v. Symantec Corp*., 672 F. Supp. 2d 992, 1005 (N.D. Cal. 2009) |
| **California (UCL)** — *Ahern v. Apple Inc*., 411 F. Supp. 3d 541, 565 (N.D. Cal. 2019) |
| **Colorado (Common Law Fraud)** — *Rocky Mountain Expl., Inc. v. Davis Graham & Stubbs LLP*, 2018 CO 54, 420 P.3d 223 (common law); |
| **Colorado (CPA)** — *Campfield v. State Farm Mut. Auto. Ins. Co*., 532 F.3d 1111, 1120-21 (10th Cir. 2008) (requiring "knowledge of [statement or practice's] untruth" or defendant making statement/engaging in practice "recklessly and willfully"; "without regard to its consequences; and "with an intent to mislead and deceive the plaintiff") (citation omitted) |
| **Connecticut (Common Law Fraud)** — *McCullough v. World Wrestling Ent., Inc*., 2018 WL 1525712, at *6 (D. Conn. Mar. 28, 2018), *aff'd in part, appeal dismissed in part sub nom*. *Haynes v. World Wrestling Ent.*, Inc., 827 F. App'x 3 (2d Cir. 2020) |
| **Connecticut (UTPA)** — *Bentley v. Greensky Trade Credit, LLC*, 156 F. Supp. 3d 274, 289 (D. Conn. 2015) |
| **Delaware (Common Law Fraud)** — *Stephenson v. Capano Dev., Inc*., 462 A.2d 1069, 1074 (Del. 1983) (for omission-based claims regarding a material fact, "defendant must have intended that others rely on the omission or concealment") |

# Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **Delaware (CFA)** | Del. Code Ann. tit. 6, § 2513(a) |
| **Florida (Common Law Fraud)** | *Clear Marine Ventures, Ltd. v. Cazadores, Inc*., No. 08-22418-CIV, 2010 WL 11504398, at *2 (S.D. Fla. Jan. 26, 2010), report and recommendation adopted sub nom. Clear Marine Ventures, Ltd. v. Brunswick Corp., No. 08-22418-CIV, 2010 WL 11504361 (S.D. Fla. Mar. 18, 2010) |
| **Florida (UDTPA)** | *Varner v. Domestic Corp*., 2017 WL 3730618, at *15 (S.D. Fla. Feb. 7, 2017) (dismissing consumer protection claims under California, Florida and Texas law, among others, where plaintiffs did not plead facts sufficient to show defendant's knowledge of alleged omission |
| **Georgia (Common Law Fraud)** | *McCabe v. Daimler AG*, 160 F.Supp.3d 1337, 1351 (N.D. Ga. 2015) ("Defendants [must] ha[ve] direct knowledge of Plaintiffs' purchases of the vehicles in question.") (citing cases) |
| **Georgia (UDTPA)** | *Smith v. City of LaGrange*, 461 S.E.2d 550, 552–53 (Ga. Ct. App. 1995) |
| **Georgia (FBPA)** | *Allstate Ins. Co. v. Adrianna Luu*, No. 1:17-CV-312-TWT, 2017 WL 5573025, at *2 (N.D. Ga. Nov. 17, 2017) |
| **Hawaii (Common Law Fraud)** | *Bralich v. Sullivan*, No. CV 17-00547 ACK-RLP, 2018 WL 11260505, at *24 (D. Haw. Apr. 10, 2018) |
| **Idaho (Common Law Fraud)** | *Lettunich v. Key Bank Nat'l Ass'n*, 141 Idaho 362, 368, 109 P.3d 1104, 1110 (2005) |
| **Idaho (CPA)** | Idaho Code Ann. § 48-603 (requiring "intent not to sell [goods] as advertised") |
| **Illinois (Common Law Fraud)** | *Schwebe v. AGC Flat Glass N. Am., In*c., 2013 WL 2151551, at *5 (N.D.Ill. 2013) ("One of the elements of common law fraud is that a defendant must have knowledge of the statement's falsity." |
| **Illinois (CFDBPA)** | *McMahan v. Deutsche Bank AG*, 938 F. Supp. 2d 795, 807–08 (N.D. Ill. 2013) ("To succeed on an ICFA claim, a plaintiff must prove (1) a deceptive act or practice by the defendant, (2) the **defendant's intent** that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately cause by the Deception.")(internal quotations and citations omitted) |
| **Illinois (ICFA)** | *Reid v. Unilever U.S., Inc.*, 964 F.Supp.2d 893, 915 (N.D.Ill. 2013) ("In an ICFA action grounded on an alleged concealment, plaintiffs must establish that the fact concealed was known to the seller at the time of concealment." (internal quotation marks and citation omitted)) |
| **Indiana (Common Law Fraud)** | *Nestor v. Kapetanovic*, 573 N.E.2d 457, 458 (Ind. Ct. App. 1991) |
| **Indiana (DCSA)** | *Armstrong v. Deere & Co*., 2017 WL 4168485, at *7 (S.D. Ind. Sept. 20, 2017) |
| **Iowa (Common Law Fraud)** | *State ex rel. Miller v. Hydro Mag, Ltd*., 436 N.W.2d 617, 621 (Iowa 1989) (requiring "intent that others rely upon such misrepresentation 'whether or not any person has in fact been mislead [sic], deceived or damaged thereby'") (citations omitted); *see also Brown v. Louisiana-Pac. Corp*., 820 F.3d 339, 347 (8th Cir. 2016); *Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 754 n.10 (E.D. Mich. 2017); *Storey v. Attends Healthcare Prods., Inc.*, 2016 WL 3125210, at *10 (E.D. Mich. June 3, 2016) |
| **Iowa (CFA)** | *Buck v. The Rsrv.*, 947 N.W.2d 225 (Iowa Ct. App. 2020) |
| **Kansas (Common Law Fraud)** | *Wichita Fed. Sav. & Loan Ass'n v. Landmark Grp., Inc*., 657 F. Supp. 1182, 1187 (D. Kan. 1987) |

# Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **Kansas (CPA)** | Kan. Stat. § 50-626(b) (requiring deceptive acts be "made knowingly or with reason to know" of falsity); *Porras v. Bell*, 857 P.2d 676, 678 (Kan. App. 1993) (noting intent to deceive required) |
| **Kentucky (Common Law Fraud)** | *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc*., 730 F. Supp. 2d 683, 698 (W.D. Ky. 2010) |
| **Kentucky (CPA)** | *Hollon v. Consumer Plumbing Recovery Ctr.*, No. CIV.A. 5:05-414-JMH, 2006 WL 839227, at *3 (E.D. Ky. Mar. 2, 2006) (dismissing fraud claim where plaintiff alleged that defendant knew that pipes were defective at time of sale because plaintiff did not allege with particularity the fraudulent acts, as required by Rule 9(b) |
| **Louisiana (Common Law Fraud)** | *Mills v. Tarver*, 340 So. 3d 959 (La. App. 1 Cir. Dec. 30, 2021) |
| **Louisiana (UTPCPL)** | *Walker v. Hixson Autoplex of Monroe, L.L.C*., 245 So. 3d 1088, 1094 (La. App. 2 Cir. Nov. 29, 2017 |
| **Maine (Common Law Fraud)** | *Atl. Acoustical & Insulation Co. v. Moreira*, 348 A.2d 263, 268 (Me. 1975) |
| **Maryland (Common Law Fraud)** | *Javitt v. Cunningham Contracting, Inc*., 2016 WL 4493367, at *4 (Md. Ct. Spec. App. Aug. 26, 2016) (requiring, for omission-based claims, knowing concealment and intent consumers rely on same) |
| **Maryland (CPA)** | *Javitt v. Cunningham Contracting, Inc*., 2016 WL 4493367, at *4 (Md. Ct. Spec. App. Aug. 26, 2016) (requiring, for omission-based claims, knowing concealment and intent consumers rely on same) |
| **Massachusetts (Common Law Fraud)** | *Sahin v. Sahin*, 435 Mass. 396, 401-02 & n.9, 758 N.E.2d 132, 138 & n.9 (2001) |
| **Massachusetts (CPA)** | *Mayer v. Cohen-Miles Ins. Agency, Inc*., 48 Mass. App. Ct. 435, 443, 722 N.E.2d 27, 33 (2000) |
| **Michigan (Common Law Fraud)** | *In re OnStar Contract Litig.*, 278 F.R.D. 352, 376 (E.D. Mich. 2011) (requiring "defendant knowingly made the false representation with the intent that the plaintiff would act upon it") |
| **Michigan (CPA)** | *In re OnStar Cont. Litig*., 278 F.R.D. 352, 376 (E.D. Mich. 2011) |
| **Minnesota (Common Law Fraud)** | *Beckman v. Wells Fargo Bank, N.A*., 2016 WL 5640664, at *6 (Minn. Ct. App. Oct. 3, 2016) |
| **Minnesota (PFA)** | *Veches v. Majewski*, 2012 WL 2202979, at *10 (Minn. Ct. App. June 18, 2012) (requiring intent others rely on statement/act); Minn. Stat. § 325D.45(1) |
| **Mississippi (Common Law Fraud)** | *Tyson v. Quality Homes of McComb, Inc*., 2014 WL 6673578, at *4 (S.D. Miss. Nov. 24, 2014) |
| **Mississippi (CPA)** | Miss. Code § 75-24-19(1)(b), (3) (requiring person "knowingly and willfully used any unfair or deceptive trade practice") |
| **Missouri (Common Law Fraud)** | *Boycom Cable Vision, Inc. v. Howe*, 2005 WL 2593177, at *4 (E.D. Mo. Oct. 13, 2005) |
| **Missouri (MPA)** | *Budach v. NIBCO, Inc*., 2015 WL 6870145, at *5 (W.D. Mo. Nov. 6, 2015) |
| **Montana (Common Law Fraud)** | *Paatalo v. J.P. Morgan Chase Bank*, 2011 WL 13130862, at *5 (D. Mont. May 18, 2011) |

## Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **Montana (UTPCPA)** | *Higgins v. First Horizon Nat'l Corp*, 2018 WL 1203474, at *11 (D. Mont. Mar. 8, 2018) (unfair act or practice under the MCPA "offends established public policy and constitutes an act or practice deemed either immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.") (citations omitted) |
| **Nebraska (Common Law Fraud)** | *Cummings v. Curtiss*, 219 Neb. 106, 108, 361 N.W.2d 508, 510 (1985) |
| **Nevada (DTPA)** | *Mallory v. McCarthy & Holthus, LLP*, 2015 WL 2185413, at *3 (D. Nev. May 11, 2015) (requiring person "knowingly make[] . . . [a] false representation in a transaction") |
| **New Hampshire (Common Law Fraud)** | *Obi v. Exeter Health Res., Inc*., 2018 WL 5557062, at *4 (D.N.H. Oct. 2, 2018), report and recommendation adopted, 2018 WL 5456503 (D.N.H. Oct. 27, 2018) |
| **New Jersey (Common Law Fraud)** | *Block v. Jaguar Land Rover N. Am., LLC*, 2019 WL 7184722, at *9 (D.N.J. Dec. 23, 2019) (for omission-based claims, requiring omission be done "knowingly" and "with the intent of inducing reliance") (citations omitted) |
| **New Jersey (CFA)** | *Block v. Jaguar Land Rover N. Am., LLC*, 2019 WL 7184722, at *3 (D.N.J. Dec. 23, 2019) |
| **New Mexico (Common Law Fraud)** | *Mountain Highlands, LLC v. Hendricks*, 2009 WL 2432678, at *5 (D.N.M. July 2, 2009) |
| **New Mexico (UTPA)** | *Stevenson v. Louis Dreyfus Corp*., 1991-NMSC-051, ¶ 17, 112 N.M. 97, 100, 811 P.2d 1308, 1311 |
| **New York (Common Law Fraud)** | *Woods v. Maytag Co*., 2010 WL 4314313, *15-16 (E.D.N.Y. 2010) ("As with fraud claims, when a defendant exclusively possesses information that a reasonable consumer would want to know and could not discover without difficulty, failure to disclose can constitute a deceptive or misleading practice [under GBL]." (citations omitted)) |
| **New York (GBL)** | *Woods v. Maytag Co*., 2010 WL 4314313, *15-16 (E.D.N.Y. 2010) ("As with fraud claims, when a defendant exclusively possesses information that a reasonable consumer would want to know and could not discover without difficulty, failure to disclose can constitute a deceptive or misleading practice [under GBL]." (citations omitted)) |
| **North Carolina (Common Law Fraud)** | *Breeden v. Richmond Cmty. Coll*., 171 F.R.D. 189, 196 (M.D.N.C. 1997) |
| **North Carolina (UDAPA)** | *Varner v. Domestic Corp.*, 2017 WL 3730618, at *15 (S.D. Fla. Feb. 7, 2017) (dismissing consumer protection claims under California, Florida and Texas law, among others, where plaintiffs did not plead facts sufficient to show defendant's knowledge of alleged omission |
| **North Dakota (Common Law Fraud)** | *Olin v. Dakota Access, LLC*, 2017 WL 4532581, at *4 (D.N.D. Oct. 10, 2017), *aff'd*, 910 F.3d 1072 (8th Cir. 2018) |
| **North Dakota (CFA)** | N.D. Cent. Code § 51–15–02 (2013) (requiring "intent that others rely [upon deceptive act] . . . in connection with the sale or advertisement of any merchandise") |
| **Ohio (Common Law Fraud)** | *Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 296 (N.D. Ohio 2020) |
| **Ohio (CSPA)** | *Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 297 (N.D. Ohio 2020)(citing *Bierlein v. Bernie's Motor Sales, Inc*., 1986 WL 6757, at *7 (Ohio Ct. App. June 12, 1986) (explaining that Ohio's Consumer Sales Practices Act requires a defendant to have actual awareness (knowledge) of a defect)) |

# Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **Oklahoma (CPA)** | 15 Okla. Stat. § 753 |
| **Oregon (Common Law Fraud)** | *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1144 (D. Or. 2020) |
| **Oregon (UTPA)** | *Rathgeber v. James Hemenway, Inc*., 69 P.3d 710, 715 (Or. 2003) (noting "defendants' representations violate[] the UTPA only if, at the time that they were made, defendants knew or should have known that their services did not have the qualities defendants represented them to have") |
| **Pennsylvania (Common Law Fraud)** | *Slippery Rock Area Sch. Dist. v. Tremco, Inc*., 2016 WL 3198122, at *8 (W.D. Pa. June 9, 2016) |
| **Pennsylvania (UTPCPL)** | *Kee v. Zimmer, Inc*., 871 F. Supp. 2d 405, 412 (E.D. Pa. 2012) (for common law and UTPCPL claims a plaintiff "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.")(citing*Frederico v. Home Depo*t, 507 F.3d 188, 200 (3d Cir.2007)) |
| **Rhode Island (Common Law Fraud)** | *Guilbeault v. R.J. Reynolds Tobacco Co*., 84 F. Supp. 2d 263, 268 (D.R.I. 2000) |
| **South Carolina (Common Law Fraud)** | *Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772, 797-98 (E.D. Mich. 2019) (dismissing consumer protection claims because plaintiff failed to allege that automaker knew of the alleged defect at time of sale);*In re MI Windows & Doors, Inc. Prods. Liab. Litig*., 914 F. Supp. 2d 744, 753–54 (D.S.C. 2012) (explaining that under South Carolina law, "[a] duty to disclose arises in two situations: (1) a contracting party who has superior knowledge, or knowledge that is not within the reasonable reach of the other party, has a legal duty to disclose information material to the bargain; and (2) parties in a fiduciary relationship must disclose material information to one another") (internal citation omitted) |
| **South Carolina (SCUTPA)** | *In re MI Windows & Doors, Inc. Prods. Liab. Litig*., 914 F. Supp. 2d 744, 753-54 (D.S.C. 2012) (explaining that under South Carolina law, "[a] duty to disclose arises in two situations: (1) a contracting party who has superior knowledge, or knowledge that is not within the reasonable reach of the other party, has a legal duty to disclose information material to the bargain; and (2) parties in a fiduciary relationship must disclose material information to one another") (internal citation omitted) |
| **South Carolina (RMDDA)** | *In re MI Windows & Doors, Inc. Prods. Liab. Litig*., 914 F. Supp. 2d 744, 753-54 (D.S.C. 2012) (explaining that under South Carolina law, "[a] duty to disclose arises in two situations: (1) a contracting party who has superior knowledge, or knowledge that is not within the reasonable reach of the other party, has a legal duty to disclose information material to the bargain; and (2) parties in a fiduciary relationship must disclose material information to one another") (internal citation omitted) |
| **South Dakota (DTPC)** | *Symens v. Smithkline Beecham Corp.*, 593 F. Supp. 2d 1075, 1081 n.8 (D.S.D. 1999) (requiring plaintiff establish, among other things, that the relevant act "was done knowingly and intentionally") (citing S.D. Codified Laws § 37-24-6(1) |
| **Tennessee (Common Law Fraud)** | *Odom v. Oliver*, 310 S.W.3d 344, 349 (Tenn. Ct. App. 2009) ("For the nondisclosure to constitute fraud, the charged party must have knowledge of an existing fact or condition and a duty to disclose that fact or condition") (internal citation omitted) |
| **Tennessee (CPA)** | *Groover v. Torkell*, 645 S.W.2d 403, 409 (Tenn. Ct. App. 1982) |
| **Texas (Common Law Fraud)** | *United States v. Veritas Supply, Inc*., 2016 WL 320769, at *5 (S.D. Tex. Jan. 27, 2016); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F.Supp.2d 504, 536 (S.D.Tex. 2011) |
| **Texas (CPA)** | *Varner v. Domestic Corp*., 2017 WL 3730618, at *15 (S.D. Fla. Feb. 7, 2017) (dismissing consumer protection claims under California, Florida and Texas law, among others, where plaintiffs did not plead facts sufficient to show defendant's knowledge of alleged omission);*Doe v. Boys Clubs*, 907 S.W.2d 472, 479 (Tex. 1995) |

# Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **Utah (Common Law Fraud)** | *Anderson v. Kriser*, 266 P.3d 819, 823 n.11 (Utah 2011) ("elements for fraudulent concealment [are] (1) a legal duty to communicate, (2) knowledge of information not disclosed, and (3) materiality of the nondisclosed information") (internal citations omitted |
| **Utah (CSPA)** | Utah Code Ann. § 13-11-4(2) (West); *Martinez v. Best Buy Co.*, Inc., 283 P.3d 521, 523, 525-26 (Utah Ct. App. 2012) (requiring deceptive act or practice be committed "knowingly or intentionally") |
| **Vermont (Common Law Fraud)** | *Bergman v. Spruce Peak Realty, LLC*, 847 F. Supp. 2d 653, 673 (D. Vt. 2012) ("In Vermont, a claim for fraudulent concealment must allege concealment of facts by one with knowledge, or the means of knowledge . . . coupled with *an intention to mislead or defraud*.") (citations, quotations, brackets, footnotes, and ellipses omitted) (emphasis added)) |
| **Virginia (Common Law Fraud)** | *Lambert v. Downtown Garage, Inc.*, 553 S.E.2d 714, 718 (Va. 2001) |
| **Virginia (CPA)** | *Lambert v. Downtown Garage, Inc.*, 553 S.E.2d 714, 718 (Va. 2001) |
| **Washington (Common Law Fraud)** | *Beaty v. Ford Motor Co*., 854 F.App'x 845, 847-48 (9th Cir. 2021) ("Under Washington law, a common-law fraudulent concealment claim requires that "the vendor has knowledge of the concealed defect.") (internal citiation omitted) |
| **Washington CPA)** | *Beaty v. Ford Motor Co.*, 854 F.App'x 845, 847–48 (9th Cir. 2021) ("under the CPA, a duty to disclose arises only when the seller has knowledge of a latent defect") |
| **West Virginia (Common Law Fraud)** | *Sneberger v. Morrison*, 776 S.E.2d 156, 172 (W. Va. 2015) ("Absent knowledge of the "defects" . . . [the defendant] could not have concealed or misrepresented the same") |
| **West Virginia (CCPA)** | *Roney v. Gencorp*, 431 F. Supp. 2d 622, 637 (S.D.W. Va. 2006) |
| **Wisconsin (Common Law Fraud)** | *Staudt v. Artifex Ltd.*, 16 F. Supp. 2d 1023, 1030 (E.D. Wis. 1998) (stating that for a claim for fradulent concealment a plaintiff is required to show (1) failure to disclose a material fact that defendant had a duty to disclose; (2) intent to defraud; and (3) reliance upon the representation by plaintiff) |
| **Wisconsin (CPA)** | **Claim under WDTPA cannot be premised on omission. *Tietsworth v. Harley Davidson, Inc.*, 677 N.W.2d 233, 245 (Wis. 2004); *In re Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*, 2015 WL 4591236, at *39 (D.N.J. July 29, 2015) |
| **Wyoming (Common Law Fraud)** | *Meeker v. Lanham*, 604 P.2d 556, 559 (Wyo. 1979) ("There is no implication of any concealment of known defects," and a defendant "cannot be guilty of fraudulently or intentionally concealing or misrepresenting facts of which he is not aware.") (citations omitted) |
| **Wyoming (CPA)** | Wyo. Stat. § 40-12-105 ("A person engages in a deceptive trade practice unlawful under this act when, in the course of his business and in connection with a consumer transaction, he *knowingly* [undertakes in any of a number of actions enumerated under this subsection.]") (emphasis |

## Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | Class Actions Barred |
|---|---|
| **Colorado** | Colo. Rev. Stat. § 6-1-113(2); *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, 2015 WL 4036319, at *2-6 (D. Colo. July 1, 2015) |
| **Louisiana** | La. Rev. Stat. Ann. § 51:1409; *Plaza 22, LLC v. Waste Mgmt. of Louisiana, LLC*, 2015 WL 1120320, at *2 (M.D. La. Mar. 12, 2015) |
| **Georgia (FBPA)** | O.C.G.A. § 10-1-399 ("Any person who suffers injury or damages as a result of a violation of Chapter 5B of this title . . . may bring an action individually, but not in a representative capacity . . . .) |
| **Mississippi** | Miss. Code. Ann. § 75-24-15; *In re: Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, 2001 WL 1266317, at *9 (D.N.J. Sept. 30, 1997) (applying Mississippi law) |
| **South Carolina** | S.C. Code § 39-5-140; *In re TD Bank, N.A.*, 150 F. Supp. 3d 593, 635 (D.S.C. 2015); *Harris v. Sand Canyon Corp.*, 274 F.R.D. 556, 565 (D.S.C. 2010) |
| **Tennessee** | Tenn. Code Ann. § 47-18-109; *Bearden v. Honeywell Int'l Inc.*, 2010 WL 3239285, at *10 (M.D. Tenn. Aug. 16, 2010) |

# Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| State Law Precludes or Imposes High Pleading Burden Regarding Duty to Disclose | |
|---|---|
| **Alabama (Common Law Fraud Claim)** | Fiduciary or Contractual Relationship: *Sturdivant v. Dillard's, Inc*., 2007 WL 9711287, *12 (N.D.Ala. 2007) (where parties "engaged in arm's-length commercial transactions" that "simply did not involve confidential relationships," they "[we]re not the types of transactions in which such a duty [to disclose] arises under Alabama law"). |
| **Arizona (Common Law Fraud Claim)** | Fiduciary or Contractual Relationship: *Universal Inv. Co. v. Sahara Motor Inn, Inc*, 619 P.2d 485, 487 (Az.App. 1980) ("If there is a confidential relationship between the parties and one reasonably relies on the trustworthiness of the other, [a] duty [to disclose] arises," but no such special relationship arises "[in an] arm's length transaction."). <br> Active Concealment (must show): *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 35 (2002) (fraudulent concealment "requires knowledge of the false information and action by the defendant that intentionally prevented the plaintiff from finding the truth"). |
| **Arkansas (Common Law Fraud Claim)** | Fiduciary or Contractual Relationship: *Cohen v. Subaru of Am., Inc*., 2022 WL 714795, *24 (D.N.J. 2022) ("Arkansas law requires a duty to disclose for common law and statutory omission claims, and only recognizes such a duty where a contractual or fiduciary relationship exists.") |
| **Arkansas (Statutory Claim)** | Fiduciary or Contractual Relationship: *Cohen v. Subaru of Am., Inc.*, 2022 WL 714795 at *24 (D.N.J. 2022) ("Arkansas law requires a duty to disclose for common law and statutory omission claims, and only recognizes such a duty where a contractual or fiduciary relationship exists."). |
| **California (Common Law Fraud)** | Partial Misleading Representation: *Tenet Healthsystem Desert, Inc. v. Blue Cross of California*, 245 Cal. App. 4th 821, 844 (Cal.App. 2016) (a duty to disclose may arise when "the defendant makes representations but does not disclose facts which materially qualify the facts disclosed, or which render his disclosure likely to mislead"). <br> Exclusive/Superior Knowledge of a Material Fact: *Tenet*, 245 Cal. App. 4th at 844 (duty may arise where "the facts are known or accessible only to defendant, and defendant knows they are not known to or reasonably discoverable by the plaintiff"). |
| **California (Statutory Claim)** | Partial Misleading Representation: *Herremans v. BMW of N. Am., LLC*, 2014 WL 5017843, *11 (C.D.Cal. 2014) ("a[] [duty] to disclose may arise … when the defendant had exclusive knowledge of material facts not known to the plaintiff") <br> Exclusive/Superior Knowledge of a Material Fact: *Herremans*, 2014 WL 5017843 at *11 ("a[] [duty] to disclose may arise … when the defendant had exclusive knowledge of material facts not known to the plaintiff"). |
| **Florida (Common Law Fraud Claim)** | Fiduciary or Contractual Relationship: *R.J. Reynolds Tobacco Co. v. Bessent-Dixon*, 313 So.3d 173, 174 (Fla. Dist. Ct. App. 2021) ("Liability for fraudulent concealment cannot be shown … absent a fiduciary relationship that would create a duty to disclose."). |
| **Georgia (Common Law Fraud Claim)** | Fiduciary or Contractual Relationship: *In re Atlas Roofing Corp. Chalet Shingle Prod. Liab. Litig*., 2018 WL 2765961, *9 (N.D.Ga. 2018) ("Absent a confidential relationship, no duty to disclose exists between parties engaged in arms-length business transactions."); *Brown v. Hyundai Motor Am*., 2019 WL 4126710, *8 (D.N.J. 2019). |
| **Georgia (Statutory Claims)** | Fiduciary or Contractual Relationship: *In re Atlas Roofing*, 2018 WL 2765961 at *9 (for GFBPA claim, "[a]bsent a confidential relationship, no duty to disclose exists between parties engaged in arms-length business transactions."). |
| **Illinois (Common Law Fraud Claim)** | Fiduciary or Contractual Relationship: *Connick v. Suzuki Motor Co*., 174 Ill. 2d 482, 500-01, 675 N.E.2d 584, 593 (1996) (no duty to disclose for remote manufacturers where plaintiff purchases product through independent retailer or dealership); *Maxtech Consumer Prod., Ltd. v. Robert Bosch Tool Corp*., 255 F.Supp.3d 833, 855 (N.D.Ill. 2017) ("Insofar as a fraud claim relies on allegedly fraudulent omissions … plaintiff also must prove that a fiduciary or other special relationship existed between the parties.")(both) |

# Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **Indiana (Common Law Fraud Claim)** | <u>Partial Misleading Representation</u>: *Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 701-02 (Ind. App. 2004) ("[a] duty to disclose may arise … where … seller makes unqualified statements to induce another to make a purchase, … professe[s] to the buyer that he has knowledge of the truth of the statements," and "the buyer relies upon the statements").<br><u>Active Concealment (must show)</u>: *Mann v. Arnos*, 186 N.E.3d 105, 117 (Ind.App. 2022). |
| **Iowa (Common Law Fraud Claim)** | <u>Exclusive/Superior Knowledge of a Material Fact</u>: *Cornell v. Wunschel*, 408 N.W.2d 369, 375 (Iowa 1987) ("A duty to disclose material facts arises … [if] the parties ha[d] superior knowledge"). |
| **Kentucky (Common Law Fraud Claim)** | <u>Fiduciary or Contractual Relationship</u>: *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc*., 810 Fed.App'x 389, 395 (6th Cir. 2020) (a "duty to disclose arises … (1) where there is a previous fiduciary relation; (2) where it appears one or each of the parties to the contract expressly reposes a trust and confidence in the other; and (3) when the contract or transaction is intrinsically fiduciary"). |
| **Maine (Common Law Fraud Claim)** | <u>Fiduciary or Contractual Relationship</u>: *Brae Asset Fund, L.P. v. Adam*, 661 A.2d 1137, 1140 (Me. 1995) (duty to disclose limited to fiduciary relationships, relationships where parties expressly repose trust and confidence in the other, or "inherently fiduciary" transactions). |
| **Massachusetts (Common Law Fraud Claim)** | <u>Partial Misleading Representation</u>: *Costa v. FCA US LLC*, 542 F.Supp.3d 83, 102 (D.Mass. 2021) ("A duty to disclose exists where … there are matters known to the speaker that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading").<br><u>Exclusive/Superior Knowledge of a Material Fact</u>: *Costa*, 542 F.Supp.3d at 102.<br><u>Active Concealment (must show)</u>: *Kahn v. FCA US LLC*, 2019 WL 3955386, *5 (C.D.Cal. 2019) (bare allegations that an auto manufacturer "failed to disclose or actively concealed" an alleged defect "are insufficient" under Rule 9(b)). |
| **Michigan (Common Law Fraud Claim)** | <u>Fiduciary or Contractual Relationship</u>: *Matanky v. Gen. Motors LLC*, 370 F.Supp.3d 772, 794 (E.D.Mich. 2019) (no duty to disclose imposed on remote manufacturers for individual consumers who purchased the product through independent retailers or dealerships, i.e. no fiduciary relationship). |
| **Missouri (Common Law Fraud Claim)** | <u>Fiduciary or Contractual Relationship</u>: *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig*., 966 F. Supp. 1525, 1533 (E.D. Mo. 1997) (duty to disclose limited to fiduciary relationships, relationships where parties expressly repose trust and confidence in the other, "inherently fiduciary" transactions, or parties with privity, defendants with superior knowledge). |
| **Montana (Common Law Fraud Claim)** | <u>Partial Misleading Representation</u>: *Morrow v. Bank of Am., N.A*., 324 P.3d 1167, 1184 (Mont. 2014) ("a duty of disclosure may arise [when] … one who speaks [does not] say enough to prevent his words from misleading the other party") (partial misleading representation).<br><u>Exclusive/Superior Knowledge of a Material Fact</u> *Morrow*, 324 P.3d at 1184 ("a duty to disclose may arise … [when] one who has special knowledge of material facts to which the other party does not have access). |
| **Montana (Consumer Protection)** | <u>Partial Misleading Representation</u>: *Morrow v. Bank of Am., N.A.*, 324 P.3d 1167, 1184 (Mont. 2014) ("a duty of disclosure may arise [when] … one who speaks [does not] say enough to prevent his words from misleading the other party") |
| **Nevada (Common Law Fraud Claim)** | *Dow Chem. Co. v. Mahlum*, 114 Nev. 1468, 1487 (1998), abrogated on other grounds by *CES, Inc. v Corbitt*, 117 Nev. 265 (2001) (no duty to disclose for remote manufacturers where plaintiff purchases product through independent retailer or dealership). |
| **New Jersey (Common Law Fraud Claim)** | <u>Fiduciary or Contractual Relationship</u>: *Green v. G.M.C*., 2003 WL 21730592, at *8 (N.J. Super. Ct. App. Div. July 10, 2003) (duty to disclose limited to fiduciary relationships, relationships where parties expressly repose trust and confidence in the other, or "inherently fiduciary" |

# Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **New York (Common Law Fraud Claim)** | <u>Partial Misleading Representation</u>: *Woods v. Maytag Co* ., 2010 WL 4314313, *16 (E.D.N.Y. 2010) ("a duty to disclose [arises] … where [a] party has made a partial or ambiguous statement").<br><u>Exclusive/Superior Knowledge of a Material Fact</u>: *Woods* , 2010 WL 4314313 at *16 (a duty to disclose arises when "a defendant exclusively possesses information that a reasonable consumer would want to know and could not discover without difficulty"). |
| **New York (Statutory Claims)** | <u>Exclusive/Superior Knowledge of a Material Fact</u>: *Tomassini v. FCA U.S. LLC* , 2015 WL 3868343, *7 (N.D.N.Y. 2015) ("[A] business's failure to disclose to consumers material, relevant information the business alone possesses is actionable under N.Y.G.B .L. § 349"). |
| **North Carolina (Common Law Fraud Claim)** | <u>Exclusive/Superior Knowledge of a Material Fact</u>: *Breeden v. Richmond Cmty. Coll* ., 171 F.R.D. 189, 196 (M.D.N.C. 1997) (fraudulent omission) ("a duty to disclose may … arise … where one party has knowledge of a latent defect … about which the other party is both ignorant and unable to discover through reasonable diligence.").<br><u>Active Concealment</u>: *Tenet Healthsystem Desert, Inc. v. Blue Cross of California* , 245 Cal. App. 4th 821, 844 (Cal.App. 2016) ("a cause of action for non-disclosure of material facts may arise … [where] defendant actively conceals discovery from the plaintiff.'") |
| **North Carolina (Statutory Claims)** | <u>Exclusive/Superior Knowledge of a Material Fact</u>: *Hutton v. Hydra-Tech, Inc* ., 2018 WL 1363842, *7 (M.D.N.C. 2018) ("a duty to disclose arises where … one party has knowledge of a latent defect in the subject matter of the negotiations about which the other party is both ignorant and unable to discover through reasonable diligence[.]").<br><u>Active Concealment</u>: *Hutton* , 2018 WL 1363842, *7 ("a duty to disclose arises where … a party has taken affirmative steps to conceal material facts from the other[.]"). |
| **Ohio (Common Law Fraud Claim)** | <u>Fiduciary or Contractual Relationship</u>:  *Bellinger v. Hewlett Packard Co* ., 2002-Ohio-1643, at *5 (no duty to disclose without allegation of "any special or fiduciary relationship" between defendant and plaintiff or other consumers). |
| **Pennsylvania (Common Law Fraud Claim)** | *Zwiercan v. Gen. Motors Corp* ., 2003 WL 1848571, at *2 (Pa. Com. Pl. Mar. 18, 2003) (limiting remote manufacturers' duty to disclose to "known serious and life threatening latent defects"). |
| **South Carolina (Common Law Fraud Claim)** | <u>Fiduciary or Contractual Relationship</u>: *Jimenez v. DaimlerChrysler Corp* ., 269 F.3d 439, 447-48 (4th Cir. 2001) (duty to disclose limited to fiduciary relationships, relationships where parties expressly repose trust and confidence in the other, or "inherently fiduciary" transactions). |
| **Texas (Common Law Fraud Claim)** | <u>Fiduciary or Contractual Relationship</u>: *Adams v. Nissan N. Am., In* c., 2018 WL 2338871, *5 (S.D.Tex. 2018);  *In re Enron Corp. Sec., Derivative & "ERISA" Litig* ., 540 F.Supp.2d 759, 771 (S.D.Tex. 2007). |
| **Vermont (Common Law Fraud Claim)** | <u>Exclusive/Superior Knowledge of a Material Fact</u>: *Vinci v. V.F. Corp* ., 2018 WL 1027429, *8 (D.Vt. 2018) ("liability for nondisclosure will arise when [one party possesses] …. superior knowledge or means of knowledge."). |
| **Virginia (Common Law Fraud Claim)** | <u>Fiduciary or Contractual Relationship</u>: *Burch v. Whirlpool Corp* ., 2017 WL 7370988, at *5 (W.D. Mich. Sept. 28, 2017) (no duty to disclose for remote manufacturers where plaintiff purchases product through independent retailer or dealership) (applying Virginia law) |

# Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | Economic Loss Doctrine Bars Claim |
|---|---|
| **Alabama** | *See, e.g., Harris Moran Seed Co. v. Phillips*, 949 So. 2d 916, 931-33 (Ala. Civ. App. 2006); *Harman v. Taurus Int'l Mfg., Inc.*, 586 F.Supp.3d 1155, 1165–66 (M.D. Ala. 2022) (Alabama economic loss doctrine bars tort claims, including "fraudulent concealment claims") |
| **Arkansas** | *Milner v. Windward Petroleum, Inc.*, 2007 WL 9706514, at *8 (W.D. Tenn. May 31, 2007) ("[T]his court predicts that the Arkansas Supreme Court would recognize the economic loss doctrine and hold that … fraud claims arising from the performance of a contract for the sale of goods should be considered contract claims. [Plaintiff]'s … fraud claims … are barred by the economic loss doctrine and DISMISSED.") |
| **Arizona** | *Maricopa Inv. Team, LLC v. Johnson Valley Partners LP*, 2012 WL 5894849, at *2 (Ariz. Ct. App. Nov. 23, 2012) |
| **California** | *Stewart v. Electrolux Home Prods., Inc*., 304 F. Supp. 3d 894, 902 (E.D. Cal. 2018) (citation omitted); *Resnick v. Hyundai Motor Am., Inc*., 2017 WL 1531192, at *10 (C.D. Cal. Apr. 13, 2017); *see also Hammond v. BMW of N. Am., LLC*, 2019 WL 2912232, at *2 (C.D. Cal. June 26, 2019); *Sloan v. Gen. Motors LLC*, 2020 WL 1955643, at *23-24 (C.D. Cal. Apr. 23, 2020); *Mosqueda v. Am. Honda Motor Co*., 2020 WL 1698710, at *12 (C.D. Cal. Mar. 6, 2020) |
| **Colorado** | *Spring Creek Exploration & Production Co. v. Hess Bakken Inv. II, LLC,* 2014 WL 4400764, at *9 (D. Colo. Sept. 5, 2014); *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 290 (Colo. App. 2009) |
| **Florida** | *In re Takata Airbag Prods. Liab. Litig*., 193 F. Supp. 3d 1324, 1338 (S.D. Fla. 2016); s*ee, e.g.*, *Cardenas v. Toyota Motor Corp*., 418 F. Supp. 3d 1090, 1103-04 (S.D. Fla. 2019) |
| **Georgia** | *Foxworthy, Inc. v. CMG Life Servs., Inc*., 2012 WL 1269127, *3 (N.D.Ga. Apr. 16, 2012) ("Plaintiff's … fraud claims are barred by the economic loss rule.") |
| **Illinois** | *NBD Bank v. Krueger Ringier, Inc.*, 292 Ill. App. 3d 691, 695 (Ill. App. Ct. 1997) (claims that a defendant "concealed or failed to disclose a condition" barred by the Illinois economic loss rule) |
| **Kentucky** | *Cemex, Inc. v. LMS Contracting, Inc*., 2009 WL 3171977, at *2 (W.D. Ky. Sept. 28, 2009); *Ashland Hosp. Corp. v. Provation Med., Inc*., 2014 WL 5486217, at *7 (E.D. Ky. Oct. 29, 2014) |
| **Maine** | *Debbie Elliot, Inc. v. Hancock*, 2005 WL 3340067, at *2 (Me. Super. Oct. 27, 2005) |
| **Maryland** | *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 675 (D. Md. 2013); *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 124 (Md. Ct. App. 2007); *Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 622 (D. Md. 2014) |
| **Michigan** | *Murphy v. The Proctor & Gamble Co*., 695 F. Supp. 2d 600, 608 (E.D. Mich. 2010); *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc*., 532 N.W.2d 541, 545 (Mich. Ct. App. 1995); *Murphy v. Proctor & Gamble Co.*, 695 F. Supp. 2d 600, 602 (E.D. Mich. 2010) |
| **Minnesota** | *Marvin Lumber & Cedar Co. v. PPG Indus., Inc*., 223 F. 3d 873, 885 (8th Cir. 2000) |
| **Missouri** | *Graham Constr. Servs. v. Hammer & Steel Inc*., 755 F.3d 611, 616 (8th Cir. 2014); *Flynn v. CTB, Inc.*, 2015 WL 5692299, at *11 (E.D. Mo. Sept. 28, 2015) |
| **Nebraska** | *In re Elk Cross Timbers Decking Mktg*., 2015 WL 6467730, at *20-21 (D.N.J. Oct. 26, 2015) (applying Nebraska law) |

## Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **New Hampshire** | *Animal Hosp. of Nashua, Inc. v. Antech Diagnostics* , 2012 WL 1801742, at *2 (D.N.H. May 17, 2012); *In re: Elk Cross Timbers Decking Marketing Sales Practices and Products Liability Litig*., 2015 WL 6467730, at *20-21, *22, *23 (D.N.J. Oct. 26, 2015) |
| **New Jersey** | *Peters v. Countrywide Home Loans, Inc* ., 2016 WL 2869059, at *5 (D.N.J. May 17, 2016); *Noble v. Porsche Cars N. Am., Inc* ., 694 F. Supp. 2d 333, 336 (D.N.J. 2010) |
| **New York** | *Orlando v. Novurania of Am., Inc* ., 162 F. Supp. 2d 220, 226 (S.D.N.Y. 2001); *HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.* , 2021 WL 918556, *21 (S.D.N.Y. 2021) ("A [GBL] 349 claim should also be dismissed if the plaintiff fails to allege a loss independent of the loss caused by the alleged breach of contract." (citations and quotation marks omitted); *Spagnola v. Chubb Corp* ., 574 F.3d 64, 74 (2d Cir. 2009) ("Although a monetary loss is a sufficient injury to satisfy the requirement under § 349, that loss must be independent of the loss caused by the alleged breach of contract." (citations omitted)). |
| **North Carolina** | *Bussian v. DaimlerChrysler Corp* ., 411 F. Supp. 2d 614, 625 (M.D.N.C. 2006); *Buffa v. Cygnature Constr. & Dev., Inc.* , 2016 WL 7984216, at *7 (N.C. Ct. App. Dec 30, 2016) |
| **Oklahoma** | *Walls v. Am. Tobacco Co.* , 11 P.3d 626, 630 (Okla. 2000) |
| **Pennsylvania** | *Werwinkski v. Ford Motor Co* ., 286 F.3d 661, 681 (3d Cir. 2002); *Martin v. Ford Motor Co* ., 765 F. Supp. 2d 673, 684-85 (E.D. Pa. 2011) |
| **South Carolina** | *Sapp v. Ford Motor Co* ., 687 S.E.2d 47, 49 (S.C. 2009) |
| **South Dakota** | *Dakota Style Foods, Inc. v. Sunopta Grains & Foods, Inc.* , 2016 WL 7243534, *3 (D.S.D. Dec. 14, 2016) |
| **Tennessee** | *Milan Supply Chain Sols. Inc. v. Navistar Inc* ., 2019 WL 3812483, at *7 (Tenn. Ct. App. Aug. 14, 2019); *Bunn v. Navistar, Inc* ., 2019 WL 333552, at *5 (M.D. Tenn. Jan. 24, 2019), aff'd, 797 F. App'x 247 (6th Cir. 2020) |
| **Texas** | *Profyt v. Wells Fargo Bank, N.A* ., 2013 WL 12106152, at *6 (W.D. Tex. May 15, 2013) (subsequent proceedings omitted); *In re Gen. Motors LLC Ignition Switch Litig* ., 257 F. Supp. 3d 372, 451 (S.D.N.Y. 2017) (subsequent proceedings omitted); *Heil Co. v. Polar Corp* ., 191 S.W.3d 805, 815-17 (Tex. Ct. App. 2006) |
| **Utah** | *Anapoell v. Am. Express Bus. Fin. Corp* ., 2007 WL 4270548, at *6 (D. Utah Nov. 30, 2007) |
| **Wisconsin** | *Digicorp, Inc. v. Ameritech Corp.* , 662 N.W.2d 652, 654-55, 667 (Wis. 2003); *Nigrelli Sys., Inc. v. E.I. DuPont de Nemours & Co.* , 31 F. Supp. 2d 1134, 1136-39 (E.D. Wis. 1999) |
| **No Manifestation** | |
| **Alabama** | *Ford Motor Co. v. Rice* , 726 So. 2d 626, 631 (Ala. 1998) ("This lawsuit involves this question: Does an alleged product defect that has not manifested itself in such a way as to cause any observable adverse physical or economic consequences constitute an 'injury' that will support a claim of fraudulent suppression? We simply hold that it does not.") |
| **Arkansas** | *Wallis v. Ford Motor Co* ., 208 S.W.3d 153, 161 (Ark. 2005) ("[A]ctual damage or injury is sustained when the product has actually malfunctioned or the defect has manifested itself. Where the only alleged injury is the diminution in value of the product, a private cause of action is not cognizable under the ADTPA.") |

## Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **California** | *Cahen v. Toyota Motor Corp*., 147 F Supp.3d 955, 970 (N.D Cal. 2015), *aff'd*, 717 Fed.App'x 720 (9th Cir. 2017) ("When economic loss is predicated solely on how a product functions, and the product has not malfunctioned, the Court agrees that something more is required than simply alleging an overpayment for a defective' product.")  (internal quotation marks and citation omitted) |
| **Georgia** | *Williams v. Jet One Jets, Inc.*, 755 F. Supp. 2d 1281, 1289 (N.D. Ga. 2010) ("The measure of damages to be applied for an FBPA violation is that of actual injury suffered. Actual damages, for purposes of the FBPA, means relief other than the refund of the purchase price and restitution."  (internal quotation marks and citation omitted)); *Cunningham v. Ford Motor Co*., 2022 WL 17069563, at *13 (E.D. Mich. 2022) ("[Plaintiff]' seems to allege that he is 'at risk of ongoing harm' from 'future manifestations of the ... Defect,' and he insists that that 'ongoing harm' also entitles him to injunctive relief under the GUDTPA ... Neither component states a viable claim under the GUDTPA.") |
| **Illinois** | *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *10, 12 (E.D. Mich. June 7, 2018) (dismissing fraud claims under Michigan, Illinois, Massachusetts, Oregon, and Washington law") |
| **Massachusetts** | *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *10, 12 (E.D. Mich. June 7, 2018) (dismissing fraud claims under Michigan, Illinois, Massachusetts, Oregon, and Washington law") |
| **Maryland** | *Johannessohn v. Polaris Indus*., 2020 WL 1536416, at *27 (D. Minn. Mar. 31, 2020) |
| **Michigan** | *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *10, 12 (E.D. Mich. June 7, 2018) (dismissing fraud claims under Michigan, Illinois, Massachusetts, Oregon, and Washington law") |
| **Montana** | *Varner v. Domestic Corp*., 2017 WL 3730618, at *2 & n.1, (S.D. Fla. 2017) (addressing, in part, Montana claims and finding where plaintiff's suit "relie[s] solely on the [alleged] increased risk of [manifestation of defect] by their [d]efective [product]" and "there are no allegations that the[] [manifestation is] inevitable or that any costs have been incurred to prevent the risk," then they "they would lack standing to sue") (emphasis added) |
| **New Jersey** | *Tatum v. Chrysler Grp., LLC*, 2011 WL 1253847, at *5 (D.N.J. March 28, 2011) ("[I]n [Consumer Fraud Act] cases, where an allegedly defective product was covered by a warranty, '[a] claim that a defect may, but has not, manifested itself until after the expiration of the warranty period cannot form the basis of a claim under the CFA. Rather, a plaintiff must sufficiently allege that the defendant manufacturer *knew with certainty* that the product at issue or one of its components was going to fail.'") |
| **New York** | *Marshall v. Hyundai Motor Am*., 2019 WL 2678023, at *17 (S.D.N.Y. 2019) ("In the automotive context, New York courts routinely reject the argument that a common defect which never manifests itself ipso facto cause[s] economic loss, and therefore satisfies the actual injury element under § 349—even if reports indicate that the components have already failed in certain cases."  (internal quotation marks and citation omitted)); *Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 622 (D. Md. 2014); *Frank v. DaimlerChrysler Corp*., 741 N.Y.S.2d 9, 292 A.D. 118, 122-23 (2002) |
| **North Carolina** | *Bailey v. LeBeau*, 339 S.E.2d 460, 463 (N.C. Ct. App. 1986), *aff'd*, 348 S.E.2d 524 (N.C. 1986) |
| **Oklahoma** | *Sisemore v. Dogencorp*, *LLC*, 212 F. Supp. 3d 1106, 1109-10 (N.D. Okla. 2016) |
| **Oregon** | *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *10, 12 (E.D. Mich. June 7, 2018) (dismissing fraud claims under Michigan, Illinois, Massachusetts, Oregon, and Washington law") |

## Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **Texas** | *Martin v. Ford Motor Co*., 914 F. Supp. 1449, 1455 (S.D. Tex. 1996) (dismissing breach of implied warranty and DTPA claim premised on unmanifested defect for lack of injury) |
| **Washington** | *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *10, 12 (E.D. Mich. June 7, 2018) (dismissing fraud claims under Michigan, Illinois, Massachusetts, Oregon, and Washington law") |
| **Reliance and/or Causation Required** | |
| **Alabama** | *White v. Volkswagen Grp. of Am., Inc*., 2013 WL 685298, *7 (W.D.Ark. 2013) (dismissing claim where "[plaintiff does not] specify **what false representations** were affirmatively made **to her** by Defendant" or "stat[e] that she relied on particular false representations in making the decision to purchase her vehicle") |
| **Arizona** | *Schellenbach v. GoDaddy.com, LLC*, 321 F.R.D. 613, 624 (D. Ariz. 2017) (requiring plaintiffs who actually rely on false statement or material omission and noting that, even unreasonable reliance must be based on the plaintiff's actual exposure to the omission) |
| **Arkansas** | *Jarrett v. Panasonic Corp. of N. Am*., 8 F.Supp.3d 1074, 1084 (E.D.Ark. 2013) (dismissing claim for plaintiff's "fail[ure] to allege any **specific advertising that she saw or heard** or how she relied on such advertising in deciding to purchase her television"); *Apprentice Info. Sys., Inc. v. DataScout, LLC*, 544 S.W.3d 536, 539 (Ark. 2018) |
| **California** | *Kouball v. SeaWorld Parks & Ent., Inc*., 2020 WL 5408918 (S.D.Cal. 2020) (dismissing claims for failure to identify **specific statement** on which plaintiff relied) |
| **Colorado** | *Donna v. Countrywide Mort*., 2015 WL 9456325, at *4 (D. Colo. Dec. 28, 2015) |
| **Connecticut** | *Noyes v. Antiques at Pompey Hollow, LLC*, 594, 73 A.3d 794, 802 (Conn.App. 2013) ("A CUTPA claim may be brought … by [a]ny person who suffers an ascertainable loss … as a result of the use or employment of a method, act or practice prohibited by section 42–110b . . . .") |
| **Delaware** | *Teamsters Loc. 237 Welfare Fund v. AstraZeneca Pharms. LP*, 136 A.3d 688, 693 (Del. 2016) ("[T]o bring a private cause of action for damages under the Delaware Act, a plaintiff must allege … a causal relationship exists between the defendant's unlawful conduct and the plaintiff's ascertainable loss.") |
| **Florida** | *SunGard Pub. Sector, Inc. v. Innoprise Software, Inc.*, 2012 WL 360170, *5 (M.D. Fla. 2012) (requiring causation to "to be alleged to establish a claim pursuant to ... FDUTPA") |
| **Georgia** | *Barge v. Bristol-Myers Squibb Co*., 2009 WL 5206127, *10 (D.N.J. 2009) ("Plaintiff is silent ... as to causation and reliance with regard to **his own experiences** . . . [i]n connection with Defendant's purported false and misleading promotional materials and practices … [which] proves fatal to his claim."); *Brazil v. Janssen Research & Dev. LLC*, 249 F. Supp. 3d 1321, 1341 (N.D. Ga. 2016) |
| **Hawaii** | *Hungate v. Law Office of David B. Rosen*, 139 Haw. 394, 411 (2017) |
| **Idaho** | *Duspiva v. Fillmore*, 293 P.3d 651, 660 (Idaho 2013) ("The ICPA specifically provides that a person suffering an ascertainable loss as a result of a fraudulent, misleading or deceptive act under ICPA, 'may treat any agreement incident thereto as voidable or, in the alternative, may bring an action to recover actual damages or one thousand dollars ($1,000), whichever is the greater.'"). |
| **Iowa** | *Brown v. Louisiana-Pacific Corp.*, 820 F.3d 339, 347-49 (8th Cir. 2016) (noting statutory language "'as a result of' can be 'naturally read simply to impose the requirement of a causal connection'") |

## Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **Indiana** | Ind. Code Ann. § 24-5-0.5-4, *Rosipko v. FCA US, LLC*, 2015 WL 8007649, at *3 (E.D. Mich. Dec. 7, 2015) |
| **Illinois** | *De Bouse v. Bayer*, 922 N.E.2d 309, 316 (Ill. 2009) ("[P]laintiff must actually be deceived by a statement or omission that is made by the defendant. If a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement and, consequently, cannot prove proximate cause."); *Sonneveldt v. Mazda Motor of Am., Inc.*, 2021 WL 4813753, *8 (C.D.Cal. 2021) (dismissing claim where "Plaintiffs do not point the Court to any allegations in the SAC that the Illinois Plaintiffs received *specific communications* from Mazda, either directly or indirectly, from which the material information was omitted . . . ."); *see also Rodriguez v. Ford Motor Co.*, 596 F.Supp.3d 1050, 1057 (N.D.Ill. 2022). |
| **Kansas** | *Weckhorst v. Kan. State Univ.*, 241 F. Supp. 3d 1154, 1177 (D. Kan. 2017) |
| **Kentucky** | *Simpson v. Champion Petfoods USA, Inc.*, 2019 WL 2571893, at *5 (E.D.K.Y. June 21, 2019) |
| **Louisiana** | *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, 299 F.R.D. 648, 651, 654-56 (S.D. Cal. 2014) (dismissing claim because "Plaintiffs[] fail[ed] to specify which advertisements Plaintiffs were exposed to prior to purchase" and were required "[to] allege that each . . . Defendant made, adopted, or controlled representations that Plaintiffs heard or saw prior to purchasing the products."); *Cargill, Inc. v. Degesch Am., Inc.*, 875 F. Supp. 2d 667, 676 (E.D. La. 2012) |
| **Maine** | *GxG Mgmt., LLC v. Young Bros. & Co.*, 457 F.Supp.2d 47, 51 (D. Me. 2006) (finding no reliance or causation where "representation was made at a time … that … did not cause [plaintiff] to be influenced … to mak[e] any [relevant] consumer choice") |
| **Maryland** | *Bey v. Shapiro Brown & Alt, LLP*, 997 F.Supp.2d 310, 319 (D. Md. 2014) ("Consumers must prove that they relied on the misrepresentation in question to prevail on a damages action under the MCPA."), *aff'd*, 584 F.App'x 135 (4th Cir. 2014) |
| **Massachusetts** | *Rafferty v. Merck & Co.*, 2 N.E.3d 1205, 1222 (Mass.App. 2018) (to state an MCPA claim, "a plaintiff must allege … defendant's unfair or deceptive conduct was a cause of the injury") |
| **Michigan** | *Cunningham v. Ford Motor Co., 2022 WL 17069563*,*13 (E.D.Mich. 2022) ("[Plaintiff] fails to plausibly allege that the omissions will mislead him on a going-forward basis … and there is thus no risk that *he* will rely upon the omissions in the future. Therefore, his allegations concerning the omissions cannot sustain [his] … claim.") |
| **Minnesota** | *Carlsen v. Gamestop, Inc.*, 833 F.3d 903, 912 (8th Cir. 2016) ("To state a CFA claim, the plaintiff [must] … plead that the defendant engaged in conduct prohibited by the statutes and that the plaintiff was damaged thereby") |
| **Missouri** | *White v. Just Born, Inc.*, 2017 WL 3130333, at *3 (W.D. Mo. July 21, 2017) |
| **Montana** | *Anderson v. ReconTrust Co., N.A.*, 407 P.3d 692, 700 (Mont. 2017) ("[C]omplaint was devoid of any factual assertion that, but for their reliance on [the defendant's] initial alleged misrepresentation regarding their loan modification eligibility, [the plaintiffs] would have timely cured their default and avoided foreclosure. The District Court correctly concluded that [the plaintiffs'] amended complaint failed to state sufficient facts entitling them to relief on all essential elements of their asserted MCPA claim.") |
| **Nevada** | *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 657-58 (D.Nev. 2009) ("Defendant[] … allegedly made an affirmative misrepresentation and Plaintiff could prove … damages as a result … alleged misrepresentation only by demonstrating *she relied upon* [the misrepresentation.]"); *Shlesinger v. Bank of Am., N.A.*, 2012 WL 2995698, *6 (D.Nev. 2012) ("To state a claim for fraud, a plaintiff must allege … plaintiff suffered damages as a result of his or her *reliance* on the misrepresentation.") |

## Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **New Hampshire** | *New Hampshire Elec. Coop., Inc. v. Elster Solutions, LLC* , 2017 WL 2861667, *3 (D.N.H. 2017) (claim sufficiently pled where plaintiff alleged details regarding ***specific*** misrepresentation allegedly viewed by plaintiff);*see also Laura v. Great Lakes Higher Educ. Guar. Corp.* , 2018 WL 671174, *7 (D.N.H. 2018). |
| **New Jersey** | *In re Toshiba Am. HD DVD Mktg. & Sales Pracs. Litig* ., 2009 WL 2940081, *13 (D.N.J. 2009) (finding "CCAC fails to allege any facts upon which the court could find … that there was a causal relationship between the unlawful conduct and the loss" because "Plaintiffs fai[ed] to allege when [defendant] made its alleged misrepresentations and when, if ever, the[y] … were exposed to those misrepresentations," and "d[id] not plead facts—only conclusions—when they allege[d] that they would not have purchased the [product] or paid a premium for the [product] if [defendant] had disclosed [the allegedly omitted fact].") |
| **New  York** | *Wright v. Publishers Clearing House, Inc* ., 372 F.Supp.3d 61, 67 (E.D.N.Y. 2019) (complaint "fails to identify the ***specific advertisements*** seen by each plaintiff and provides no explanation why those advertisement[s] created a mistaken belief … the Court cannot determine whether the advertisements are materially misleading without knowing exactly what representations each plaintiff saw");*Szymczak v. Nissan N. Am., Inc* ., 2011 WL 7095432, *15 (S.D.N.Y. 2011) ("buyers must still allege receipt of or exposure to the misleading practice or act.");*Goldemberg v. Johnson & Johnson Consumer Cos.* , 8 F. Supp. 3d 467, 478 (S.D.N.Y. 2014) (N.Y. Gen. Bus. L. § 349) |
| **North Carolina** | *Gray v. N.C. Ins. Underwriting Ass'n* , 529 S.E.2d 676, 681 (N.C. 2000) |
| **Oklahoma** | *Patterson v. Beall* , 19 P.3d 839, 846 (Okla. 2000) |
| **Oregon** | *Feitler v. Animation Celection, Inc* ., 170 Or. App. 702, 708 (2000) |
| **Pennsylvania** | *Kee v. Zimmer, Inc.* , 871 F.Supp.2d 405, 412-13 (E.D.Pa. 2012) (dismissing claim where "Plaintiff fails to allege facts supporting the nature of her reliance or specific representations Defendant made relating to the reliance.") (emphases added, all citations, quotation marks, brackets, and subsequent proceedings omitted) |
| **Rhode Island** | *Laccinole v. Assad* , 2016 WL 868511, at *7 (D.R.I. Mar. 7, 2016) |
| **South Carolina** | *Roberts v. Carfax Inc* ., No. 6:16-CV-00731-HMH-JDA, 2016 WL 5417206, at *3 (D.S.C. Aug. 25, 2016) |
| **South Dakota** | Rainbow Play Sys., Inc. v. Backyard Adventure, Inc, 2009 WL 3150984, at *7 (D.S.D. Sept. 28, 2009) |
| **Tennessee** | *McKee Foods Corp. v. Pitney Bowes, Inc.* , 2007 WL 896153, at *5 (E.D. Tenn. Mar. 22, 2007) |
| **Texas** | *Daugherty v. Jacobs* , 187 S.W.3d 607, 615 (Tex Ct. App. 2006). |
| **Vermont** | *Derneir v. Mortg. Network, Inc* ., 195 Vt. 113, 136 (2013); *DJ's Tree Serv. & Logging, Inc. v. Bandit Indus., Inc* ., 557 F.Supp.3d 511, 535 (D.Vt. 2021) ("Plaintiff plausibly pleads the essential elements of its VCPA claim by alleging that if informed of the difficulties experienced by the previous owner of the Recycler, Plaintiff would not have purchased the equipment . . . .") |
| **Virginia** | *Fravel v. Ford Motor Co* ., 973 F. Supp. 2d 651 (W.D. Va. 2013) |
| **Washington** | *Hangman Ridge Training Stables v. Safeco Title Ins. Co* ., 105 Wash. 2d 778, 793 (1986) (en banc) |
| **West Virginia** | *White v. Wyeth* , 227 W. Va. 131, 140 (2010). |

# Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **Utah** | *Andreason v. Felsted*, 137 P.3d 1, 3 (Utah Ct. App. 2006) |
| **Pre-Suit Notice Required But Not Alleged** ||
| **Alabama** | *Smith-Brown v. Ulta Beauty, Inc*., 2019 WL 932022, *11 (N.D.Ill. 2019) ("Plaintiffs argue that the Court should excuse their failure to provide timely pre-suit notice … because defendants had actual notice of the issues plaintiffs raised long before [they filed their complaint]. But plaintiffs cite no authority to support giving the ADTPA's fifteen-day requirement a liberal construction or implying a substantial compliance or actual notice exception, nor is the Court aware of any.") |
| **California (CLRA, UCL)** | CA (CLRA): *Cattie v. Wal-Mart Stores, Inc*., 504 F.Supp.2d 939, 950 (S.D.Cal. 2007) (dismissing with prejudice for lack of notice and holding no relation-back to original complaint). <br> CA (UCL): *Milman v. FCA U.S., LLC*, 2018 WL 5867481, *14 (C.D.Cal. 2018) (same notice requirements as CLRA). |
| **Georgia (GFBPA)** | (GFBPA): *Corcoran v. CVS Health Corp*., 169 F.Supp.3d 970, 993 (N.D.Cal. 2016) ("To state a claim under the GFBPA, a claimant must allege she provided pre-suit notice to the defendant pursuant to GFBPA's ante litem requirement … The Georgia Court of Appeals disavowed [any] so-called constructive notice argument, warning that it would render the anti-litem requirement 'meaningless' were it accepted.") |
| **Massachusetts** | *Rodi v. S. New England Sch. Of L*., 389 F.3d 5, 19 (1st Cir. 2004) (before suing, "a plaintiff must mail to the defendant a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon") |
| **Ohio** | *Pattie v. Coach, Inc*., 29 F. Supp. 3d 1051, 1055 (N.D. Ohio 2014) (to satisfy notice requirement under OCSPA plaintiff must allege either that "a specific rule or regulation has been promulgated [by the Ohio Attorney General] under R.C. 1345.05 that specifically characterizes the challenged practice as unfair or deceptive," or that "an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection.") |
| **West Virginia** | *Stanley v. Huntington Nat'l Bank*, 492 Fed. Appx. 456, 461 (4th Cir. 2012) (requiring literal application of W. Va.Code Ann. § 46A–6–106(b)'s pre-suit notice requirement) (emphasis added) (citations and quotation marks omitted) |
| **Wyoming** | Wyo. Stat. Ann. § 40-12-109; *Broderick v. Dairyland Ins. Co*., 2012 WY 22, ¶ 22, 270 P.3d 684, 692 (Wyo. 2012) (notice "must be provided to the alleged violator within the earlier of one year from discovery or two years from the transaction") |
| **Actual Financial Loss** ||
| **Arkansas** | *Parnell v. FanDuel, Inc*., 591 S.W.3d 315, 318–19 (Ark. 2019) ("[Plaintiff has not] identified any specific injury—financial or otherwise—as a result of [defendant]'s alleged deceptive practices … [W]here the only alleged injury is the diminution in the value of the product, a private cause of action is not cognizable under the ADTPA.") (citations omitted) (dismissing at pleadings stage) |
| **Georgia (GFBPA)** | *Edel v. Southtowne Motors of Newnan II, Inc*., 789 S.E.2d 224, 228 (Ga. App. 2016) (noting courts "have consistently held that, in accordance with the statutory requirements of the [G]FBPA, the measure of damages to be applied for a[] [G]FBPA violation is that of actual injury suffered . . . Actual damages, for purposes of the [G]FBPA, means relief other than the refund of the purchase price and restitution") (citations, quotation marks omitted) (emphasis in original) |

## Exhibit C - Bases for Dismissal for All Fraud-Based Claims

| | |
|---|---|
| **Illinois** | *Koronthaly v. L'Oreal USA, Inc* ., 2008 WL 2938045, **3-4 (D.N.J. 2008) (dismissing ICFA claim on grounds plaintiffs had not suffered any injury because "[w]hile Plaintiff may suffer an injury at some point in the future, this potentiality does not provide her with an injury-in-fact" because the injury is too "conjectural and hypothetical") (subsequent proceedings omitted);*see also Frye v. L'Oreal USA, Inc.* , 583 F.Supp.2d 954, 958 (N.D.Ill. 2008) ("[P]laintiff alleges that had the [defect] been revealed, she would not have purchased the lipstick at issue. But … no allegation that the [defect] in the lipstick had any observable economic consequences.") |
| **New York** | *Brady v. Basic Rsch., L.L.C* ., 101 F.Supp3d 217, 236 (E.D.N.Y. 2015) ("In order to properly plead a cause of action under GBL § 349, the party pleading the claim should identify consumer-oriented misconduct which is deceptive and materially misleading to a reasonable consumer, and which causes actual damages.") (emphasis added);*see also Hawkins v. Coca-Cola Co* ., 2023 WL 1821944, *4 (S.D.N.Y. 2023) (requiring "plaintiff … allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase … Typically, a plaintiff makes this allegation by asserting that a particular product was marketed as having a special quality, that the marketing enabled the company to charge a premium for the product, and that the plaintiff paid this premium and later discovered that the product did not, in fact, have the marketed quality.") (emphasis added) (citations and quotation marks omitted);*Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2* , 419 F.Supp.3d 668, 708–09 (S.D.N.Y. 2019) ("[F]ear of a speculative harm does not constitute actual injury under [the GBL] … [Therefore] Plaintiff … has not sufficiently alleged that she suffered an actual injury, and her GBL … 349 claim will be dismissed." |
| **Montana** | *Aiking-Taylor v. Serang* , 485 P.3d 746 (Mont. 2021) ("[A]scertainable loss under the MCPA does not require a showing of actual damages [only] where the plaintiff demonstrates facts sufficient to establish a pecuniary loss … By alleging … [defendant] exhausted [the] security deposit [plaintiff paid], [plaintiff] alleged an ascertainable loss—the loss of his … security deposit—sufficient to plead a cognizable claim under [the MCPA].") (emphases added) (citations and quotation marks omitted) |