# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE:  ARC AIRBAG INFLATORS PRODUCT LIABILITY LITIGATION | MDL No. 3051<br><br>Case No. 1:22-md-03051-ELR |

## DEFENDANT FORD MOTOR COMPANY'S REPLY
## IN SUPPORT OF ITS MOTION TO DISMISS

## **INTRODUCTION**

Plaintiffs' opposition confirms that this is an attempt to concoct injury where none has occurred.  Ford should be dismissed. It is undisputed that *zero* ARC inflators have ruptured in any Ford vehicle, and so no Ford customer has ever been harmed by an ARC inflator. Indeed, long before this litigation, in 2017, Ford identified and recalled the only Ford vehicles that were equipped with an ARC inflator that have been identified then or now as posing any potential risk of defect.

Nothing in that opposition cures the legal problems with Plaintiffs' claims against Ford. Most claims remain untimely. None allege facts showing that the express warranty still applies. And Plaintiffs offer no sound reason excusing them from the bargained-for limits on implied warranty claims. For these reasons and those in the OEM Defendants' briefs, all claims against Ford should be dismissed.[1]

## **ARGUMENT**

### I.     **Many of Ford Plaintiffs' Claims are Untimely.**

Ford moved to dismiss certain untimely warranty, consumer protection, unjust enrichment, and common law fraud claims. (Ford MTD, 4-5, 10; OEM MTD, Section VI; OEM Reply, Section VIII). Plaintiffs do not dispute that without

---

[1] In addition, no Ford Plaintiff has standing to assert claims under the laws of states where Plaintiffs did not purchase their vehicles. (*See* Ford MTD, Section II; OEM Reply, Section I). As for the failure to serve Ford, (Ford MTD, 2-3), Plaintiffs belatedly asked Ford to accept service, and Ford agreed.

applying some tolling principle, the statutes of limitations would bar these Plaintiffs' claims (Opp., 5-7; Ford MTD, 10).

As the OEM Defendants have explained, there is no merit to Plaintiffs' invocation of tolling. (OEM MTD, Section VI.E; OEM Reply, Section VIII). But tolling is especially inappropriate as to Ford. Plaintiffs do not dispute that no ARC inflator has ever ruptured in a Ford vehicle. (Opp., 1-3). And in 2017, Ford publicly recalled the only 650 vehicles for which Ford identified a potential risk of a rupture. (*Id.* at 1, 3). Without any plausible allegation that Ford was aware of a potential defect, Ford could not have taken any affirmative action to prevent Plaintiffs from discovering the alleged defect. *See Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) (requiring some affirmative conduct for tolling).[2]

## II.   The Express Warranties Do Not Apply to Plaintiffs' Ford Vehicles

Ford's New Vehicle Limited Warranty ("Warranty") applies for three years or until the vehicle reaches 36,000 miles. (Ford MTD, 5). No Ford Plaintiff pled that their vehicles fall within those limitations, and indeed Plaintiffs Hartman (IL),

---

[2] Plaintiffs contend tolling principles may be applied to their warranty claims. They are wrong, especially with respect California and Illinois law. *See Goldstein v. Gen. Motors LLC*, 517 F. Supp. 3d 1076, 1094 (S.D. Cal. 2021); *Kesse v. Ford Motor Co.*, 2020 WL 832363, at *11 (N.D. Ill. Feb. 20, 2020). Moreover, Plaintiffs' reliance on *Ehrlich v. BMW of N. Am.*, for the proposition that express warranties can toll the statute of limitations is misplaced. (Opp., 7). Courts have roundly rejected the holding in *Ehrlich* relied on by Plaintiffs. *See Nguyen v. Nissan N. Am., Inc.*, 487 F. Supp. 3d 845, 855-56 (N.D. Cal. 2020) ("California's future performance exception to the statute of limitations does not apply to implied warranty claims.")

Anderson (PA), Sellers (SC), Britton (CA), Raspantini (NJ), Cerrato (FL), and Kakol (NY) explicitly pled that they bought their vehicles more than three years ago. (Ford MTD, 10; Opp., 7-8). None of the opposition's arguments excuse that failing.

First, Ford Plaintiffs contend that the Warranty is not judicially noticeable. (Opp., 7). This is wrong—these publicly available warranties are classic subjects for judicial notice.[3] *See, e.g.*, *Franco v. Ford Motor Co.*, 644 F. Supp. 3d 672, 676 (C.D. Cal. 2022); *Tucker v. BMW of N. Am. LLC*, 2020 WL 5701844, at *2 (W.D. Wash. Sept. 24, 2020).

Second, Ford Plaintiffs assert that Ford breached the Warranty by selling the vehicles with a latent defect that Ford failed to repair. (Opp., 7-8). That assertion is also wrong because there is no coverage under the applicable warranties for latent defects, *see* OEM Reply, Section III.C. In any event, no Ford Plaintiffs allege that they presented their vehicles for repair or otherwise requested any repairs. (CAC ¶¶ 142, 150, 159, 170, 173, 182, 188, 192, 198). Further, Plaintiffs did not (as they must) allege the specific breached terms, *Franco*, 644 F. Supp. 3d at 683, and their attempt to insert language other than (or even contrary to) the actual warranty language does not rescue their claims. *See, e.g.*, *F.E. Moran, Inc. v. Johnson*

---

[3] Plaintiffs also suggest that there are numerous versions of the Warranty issued, but they do not (and cannot) dispute the accuracy of the warranty or that any applicable warranty does not contain the terms described in Ford's Motion.

*Controls, Inc.*, — F. Supp. 3d —, 2023 WL 6519975, at *7 (N.D. Ill. 2023).

Third, Plaintiffs contend that they "plausibly allege unconscionability," (Opp., 8), but the Complaint makes, at best, conclusory allegations. *See, e.g.*, *Amato v. Subaru of Am., Inc.*, 2019 WL 6607148, at *9-10 (D.N.J. Dec. 5, 2019) (rejecting conclusory assertions of unconscionability); *In re Ford Tailgate Litig.*, 2014 WL 12649204, at *1 (N.D. Cal. Apr. 15, 2014) (same). Tellingly, *none* are directed at Ford's Warranty.

Finally, Ford Plaintiffs argue that their warranty claims "need not be dismissed merely because [Plaintiffs] failed to allege the mileage of their vehicles." (Opp., 8). This argument is mostly irrelevant since seven of the nine Ford Plaintiffs, affirmatively pled that their vehicles are outside the Warranty's three-year limit. *See supra* at 2-3. In any event, Plaintiffs cannot make out a claim for breach of warranty without alleging the facts needed to show that their warranty applies.[4] *See Salinas v. Ford Motor Co.*, 2015 WL 13121265, at *4 (S.D. Tex. Sept. 3, 2015).

## III. Ford Plaintiffs' Implied Warranty Claims Should be Dismissed.

Ford's Warranty prohibits new-vehicle purchasers Cerrato (FL) and Kakol (NY) from bringing implied warranty claims as class representatives or for relief

---

[4] Plaintiffs' quoted reference to *In re Chevrolet Bolt EV Battery Litigation*, 633 F. Supp. 3d 921, 979 (E.D. Mich. 2022), contemplated plaintiffs' implied warranty claims, and is therefore inapplicable.

other than repair or replacement of defective parts. (Ford MTD, 8-9).[5] Plaintiffs insist that these provisions are unenforceable because they were allegedly inconspicuous. (Opp., 9).[6] But under Florida and New York law, conspicuousness is a question of law for the Court. *See Spinal Techs., LLC v. Mazor Robotics Inc.*, 624 F. Supp. 3d 330, 339-40 (W.D.N.Y. 2022) (New York law); *Herron v. Penske Truck Leasing Co., LP*, 2009 WL 10670447, at *2-3 (M.D. Fla. Nov. 6, 2009) (Florida law). Under that law, a provision is conspicuous when it is either in a capitalized heading or in larger print or contrasting color. Here, the relevant passages each fall within a section with a bold and capitalized heading: "LIMITATIONS AND DISCLAIMERS," and are set forth in larger font and in a different color than in the rest of the Warranty. (Dkt. 185-3, at 6, 9; Dkt. 185-4, at 6, 9). Those disclaimers thus are "conspicuous" as a matter of law and bar Plaintiffs' Cerrato and Kakol's implied warranty claims.

## CONCLUSION

All claims against Ford should be dismissed with prejudice.

---

[5] The Plaintiffs Anderson, Sellers, and Raspantini's implied warranty claims fail based on the durational limits in the Warranty. OEM Defendants' Joint Reply addresses Plaintiffs' arguments against dismissal of those claims. (Section IV.D)

[6] Plaintiffs also argue that the durational limitations on implied warranty claims is unenforceable because the provision failed its essential purpose. (Opp., 9-10). Ford refers the Court to OEM Defendants' Joint Reply for argument as to why these terms are enforceable. (*Id.*)

This is the 16th day of February, 2024.

Respectfully submitted,


*/s/ Lee K. Royster*

MCGUIREWOODS LLP
Lee K. Royster
201 North Tryon Street
Suite 3000
Charlotte, NC 28202
Tel: (704)-343-2000
Fax: (704) 343-2300
lroyster@mcguirewoods.com

Perry W. Miles
Brian D. Schmalzbach
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
pmiles@mcguirewoods.com
bschmalzbach@mcguirewoods.com

WATSON SPENCE LLP
Michael R. Boorman
Phillip A. Henderson
999 Peachtree St NE
Suite 1130
Atlanta, GA 30309
Tel: (678) 433-6586
Fax: (229) 436-6358
mboorman@watsonspence.com
phenderson@watsonspence.com

*COUNSEL FOR DEFENDANT FORD
MOTOR COMPANY*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that the foregoing complies with the font and point selections permitted by Local Rule 5.1. This brief was prepared on a computer using the Times New Roman font (14 point).

*/s/ Lee K. Royster*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date specified below, I caused a true and correct copy of the foregoing to be served on lead counsel for Plaintiffs via the Court's electronic filing notification system.

Dated:  February 16, 2024                    */s/ Lee K. Royster*