# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCT LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-3051-ELR<br><br>Hon. Eleanor L. Ross<br><br>**HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT** |

## **TABLE OF CONTENTS**

I. Plaintiffs failed to plausibly allege that Hyundai or Kia knew of any alleged defect before Plaintiffs bought their vehicles. ................................................2

II. Plaintiffs' warranty claims are untimely and must be dismissed. ...................2

    A. The Court may consider the warranties attached to Hyundai and Kia's motion. ...............................................................................................2

    B. Plaintiffs' warranty claims have expired. ..................................................3

    C. The Alabama and Georgia Plaintiffs cannot recover for breach of implied warranty. .................................................................................................3

III. The statutes of limitations bar Plaintiffs' remaining claims. ..........................4

## I. Plaintiffs failed to plausibly allege that Hyundai or Kia knew of any alleged defect before Plaintiffs bought their vehicles.

Plaintiffs admit that they must allege "details" plausibly suggesting that Hyundai and Kia knew of the alleged defect before Plaintiffs bought their vehicles. Opp. at 8. They fall well short. Plaintiffs alleged that (1) the companies were involved in the inflators' development and learned of a handful of ruptures during testing, and (2) they learned about two inflator ruptures in the field, one in 2014 and the other in 2016. *Id.* at 8–9. Those miniscule numbers, out of tens of millions of inflators in the marketplace, do not plausibly suggest that Hyundai or Kia knew of a *systemic defect* in all ARC inflators. *See* Jt. Reply, § V.B.

## II. Plaintiffs' warranty claims are untimely and must be dismissed.

### A. The Court may consider the warranties attached to Hyundai and Kia's motion.

Courts routinely consider documents incorporated by reference into a complaint. *E.g.*, *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018). The Court may consider the warranties at issue here because the Complaint refers to the warranties, *see, e.g.*, Compl. ¶ 144, and Plaintiffs offer only speculation about authenticity. *Baker v. City of Madison, Alabama*, 67 F.4th 1268, 1276 (11th Cir. 2023). Plaintiffs do not even assert that the warranties are in fact inauthentic. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160–61 (9th Cir. 2012) (attachment was properly considered where authenticity was not substantively challenged).

### B. Plaintiffs' warranty claims have expired.

Plaintiffs admit that their limited warranties expired before they filed suit, but say this is "irrelevant" because the alleged breach occurred during the warranty period. Opp. at 4. This is unpersuasive for the reasons outlined in § III.C of the Joint Reply. In addition, Plaintiffs fail to allege that the durational limits are "so 'outrageously unfair' as to 'shock the judicial conscience,'" as required to support a finding of unconscionability. *See Licul v. Volkswagen Group of America, Inc.*, 2013 WL 6328734, at *3 (S.D. Fla. Dec. 5, 2013); *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1358-59 (N.D. Ga. 2013); *cf.* Jt. Reply, § IV.D. Moreover, courts have routinely enforced Hyundai's and Kia's warranties.[1] The single case Plaintiffs cite, *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 622-23 (M.D.N.C. 2006), applied *Carlson v. General Motors Corp.*, 883 F.2d 287, 292 (4th Cir. 1989), which conflicts with contemporary pleading standards.

### C. The Alabama and Georgia Plaintiffs cannot recover for breach of implied warranty.

Plaintiffs argue that Plaintiff Long's claim is revived by privity, Opp. at 5, but Long was not in privity with Kia. *See* Jt. Mot., § IV. In any event, Plaintiffs cite cases applying Georgia law, not Alabama law, and the latter governs Long's claims.

---

[1] *Brown v. Hyundai Motor Am.*, 2019 WL 4126710, at *4–5 (D.N.J. Aug. 30, 2019); *Resnick v. Hyundai Motor Am.*, 2016 WL 9455016, at *8 (C.D. Cal. Nov. 14, 2016); *Robinson v. Kia Motors Am., Inc.*, 2015 WL 5334739, at *12 (D.N.J. Sept. 11, 2015).

3

*See* Compl. ¶ 174. Under Alabama law, implied warranty claims cannot be based on the purchase of a used vehicle. *See Norman v. FCA US, LLC*, 2023 WL 6388926, at *13 (E.D. Mich. Sept. 30, 2023) (applying Alabama law; dismissing implied warranty claim over purchase of used vehicle).

Regarding the Georgia Plaintiffs, Miles withdrew his claim because he bought his vehicle from a third party. *See* Opp. at 6 n.4. Plaintiff Tribble's claim should be dismissed for the same reason. *See* Compl. ¶ 178. Finally, although Plaintiff Victory allegedly bought her vehicle in Arkansas, Opp. at 6, her claim should be dismissed for the independent reason that it is untimely. *See infra* § III.

## III. The statutes of limitations bar Plaintiffs' remaining claims.

Plaintiffs argue that the statute of limitations has not run for various claims on vehicles purchased in 2017 or later. *See* Opp. at 7 n.6. But Plaintiffs Long, Miles, Topa, Tribble, and Victory bought used cars, and their claims are untimely because accrual begins on the date of the original purchase. These Plaintiffs' vehicles were originally purchased years before Plaintiffs purchased them, and the model years of their vehicles confirm that their claims are untimely. *See* Automaker Mot. at 1, 7.

Nor can any tolling doctrine save Plaintiffs' claims. The fraudulent concealment doctrine does not apply because it requires a knowing act of concealment, and the Complaint includes no such allegation as to Hyundai and Kia.

4

The discovery rule also does not apply to many of Plaintiffs' claims.[2] For warranty claims, tolling applies when "a warranty explicitly extends to future performance of the goods," which does not include implied warranties or Hyundai's or Kia's limited warranties. *See* Jt. Reply, § VIII; *Burns v. Toyota Motor Sales, U.S.A., Inc.*, 2015 WL 11117157, at *2–3 (W.D. Ark. Apr. 23, 2015); *see also* Mot., Ex. 4 (Hyundai 2010 Warranty) at 18; Ex. 1 (Kia 2006 Warranty) at 7.

---

[2] **Fraud:** *Hampton v. Taylor*, 318 Ark. 771, 777 (Ark. 1994) (upper limit of one year from expiration of a three or more year warranty); *Posada v. Parker Promotions, Inc.*, 2023 WL 3295172, at *2 (M.D. Ga. May 5, 2023); Opp. to ARC Br. at n.8 (conceding no discovery rule for MI claims); **Consumer Protection:** *Hurry v. Gen. Motors LLC*, 622 F. Supp. 3d 1132, 1158 (M.D. Ala. 2022); Ark. Code § 4-88-115; *Posada*, 2023 WL 3295172, at *2; *Gould v. Helen of Troy Ltd.*, 2017 WL 1319810, at *3 (S.D.N.Y. 2017); Tenn. Code Ann. § 47-18-110 (upper limit of five years); **Unjust Enrichment:** *McClendon v. North Carolina Mut. Life Ins. Co.*, 406 F. Supp. 3d 677, 686 (M.D. Tenn. 2019) (Alabama only applies discovery rule to fraud); *Roach Mfg. Corp. v. Northstar Indus., Inc.*, 630 F. Supp. 2d 1004, 1007 (E.D. Ark. 2009); *McCree v. Cont. Mgmt., LLC*, 2021 WL 1050115, at *3 & *4 n.6 (Mich. App. Ct. 2021); *Leavine v. Gembarski*, 2018 WL 1020685, at *3 (Mich. Ct. App. Feb. 22, 2018) (limitation governed by M.C.L. 600.5807, which contains no discovery rule); *Yarbro v. Wells Fargo Bank N.A.*, 33 N.Y.S.3d. 727, 728 (N.Y. App. Div. 2016); *Stratton v. Royal Bank of Canada*, 211 N.C. App. 78, 83 (N.C. Ct. App. 2011) (limitation governed by N.C. Gen. Stat. § 1-52(1), which contains no discovery rule); *Soutner v. Covidien, LP*, 2019 WL 3801438, at *9 (M.D. Penn. Aug. 13, 2019); *Great American Ins. Co. v. Nelson, Inc.*, 2018 WL 6037542 at *2 (W.D. Tenn. Nov. 16, 2018); *East West, LLC v. Rahman*, 873 F. Supp. 2d 721, 730 (E.D. Va. 2012); *Koncul Enters., Inc. v. Fleet Finance*, 279 Ga. App. 39 (Ga. App. Ct. 2006) (no tolling absent fraud).

| | |
|---|---|
| Dated: February 16, 2024 | Respectfully submitted, |
| | */s/ Eric S. Mattson* |

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>Eric S. Mattson<br>Kendra Stead<br>Ankur Shingal<br>One South Dearborn St.<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br>emattson@sidley.com<br>kstead@sidley.com<br>ashingal@sidley.com<br><br>Ellyce R. Cooper<br>1999 Avenue of the Stars<br>17th Floor<br>Los Angeles, CA 90067<br>Telephone: (213) 896-6000<br>Facsimile: (213) 896-6600<br>ecooper@sidley.com<br><br>DYKEMA GOSSETT, PLLC-MI<br>James P. Feeney<br>Suite 300<br>39577 Woodward Avenue<br>Bloomfield Hills, MI 48304<br>Telephone: (248) 203-0841<br>Facsimile: (855) 243-9885<br>jfeeney@dykema.com | BOWMAN AND BROOKE<br>Joel H. Smith<br>Patrick J. Cleary<br>1441 Main St., Ste. 1200<br>Columbia, SC 29201<br>Telephone: (803) 726-7422<br>Facsimile: (803) 726-7421<br>joel.smith@bowmanandbrooke.com<br>patrick.cleary@bowmanandbrooke.com<br><br>NELSON MULLINS RILEY &<br>SCARBOROUGH LLP<br>Anita Wallace Thomas<br>Suite 1700<br>201 17th Street, N.W.<br>Atlanta, GA 30363<br>Telephone: (404) 322-6000<br>Facsimile: (404) 322-6050<br>anita.thomas@nelsonmullins.com |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared with Times New Roman 14-point font, one of the font and point selections approved by Local Rule 5.1.

　　　　　　　　　　　　　　　*/s/ Eric S. Mattson*

## CERTIFICATE OF SERVICE

I certify that on February 16, 2024, a copy of the foregoing document was served electronically through the Court's electronic filing system on all parties appearing on the Court's ECF service list.

 */s/ Eric S. Mattson* 