# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br><br>Case No: 1:22-md-03051-ELR |

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS BMW OF NORTH AMERICA, LLC AND BMW MANUFACTURING CO., LLC'S MOTION TO DISMISS PLAINTIFFS' CORRECTED CONSOLIDATED <u>CLASS ACTION COMPLAINT</u>

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

135236516.3

## **TABLE OF CONTENTS**

**Page**

I. THE LUMPING OF DEFENDANTS VIOLATES FED. R. CIV. P. RULES 8 AND 9. ..................................................................................................1

II. THE MOTION DOES NOT RAISE ANY "IMPROPER FACTUAL CHALLENGE" AS GROUNDS FOR DISMISSING PLAINTIFFS' WARRANTY CLAIMS. ..........................................................................3

III. BMW *MANUFACTURING* (BMW MC) IS NOT PLAUSIBLY ALLEGED TO HAVE ENGAGED IN TRADE/COMMERCE UNDER SOUTH CAROLINA AND MASSACHUSETTS CONSUMER LAWS. ..............................................4

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) .................................................................................................5

*In re Burlington Coat Factory Sec. Litig.*,
　114 F.3d 1410 (3d Cir. 1997) ...................................................................................3

*Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*,
　910 F.3d 1186 (11th Cir. 2018) ................................................................................3

*Jackson v. BellSouth Telecomms.*,
　372 F.3d 1250 (11th Cir. 2004) ................................................................................5

*Quality Auto Painting Ctr. Of Roselle, Inc. v. State Farm Indmen. Co.*,
　917 F.3d 1249 (11th Cir. 2019) (Opp. p. 5) .............................................................2

*Weiland v. Palm Beach County Sheriff's Office*,
　792 F.3d 1313 (11th Cir. 2015) ................................................................................2

**Statutes**

Mass. Gen. Laws Chapter 93A § 1(b) ............................................................................4

S.C. Code Ann. § 39-5-10(b) .........................................................................................4

**Court Rules**

Rule 8 and 9 ...................................................................................................................1

Defendants BMW of North America, LLC ("BMW NA") and BMW Manufacturing Co., LLC ("BMW MC") (together "BMW Defendants") hereby respectfully submit this Reply in Support of their Supplemental Motion to Dismiss for Failure to State a Claim (Dkt. 183) ("Motion"). This reply is filed in addition to the concurrently-filed Automotive Defendants' Reply in Support of Their Motion to Dismiss Plaintiffs' Corrected Consolidated Class Action Complaint ("CAC"), which BMW NA and BMW MC adopt and join in full.

## I. THE LUMPING OF DEFENDANTS VIOLATES FED. R. CIV. P. RULES 8 AND 9.

The CAC violates the Rule 8 and 9 pleading requirements because it lumps together (1) *all* defendants whose only relationship is their co-defendant status and *separately*, (2) two distinct BMW corporate entities that unambiguously perform very different functions. The Opposition does not offer any credible support for either improper shortcut.

*First*, Plaintiffs claim they can lump multiple unrelated defendants because they summarily contend all Automakers made "products and vehicles with a[n] [alleged] safety defect" and purportedly "conceal[ed] the defect from consumers." (Opp. at 5.) Plaintiffs claim these and other similar omnibus allegations against multiple parties are enough because the BMW Defendants ostensibly do not contend they "*actually* lack notice of the claims or allegations against them." (Opp. at 5.) This misrepresents the BMW Defendants' Motion (*see* Dkt. 183 at 2) and applies an incorrect standard. Rule 8 "require[s] the pleader

1

to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine *which facts support which claims* and whether the plaintiff has stated any claims upon which relief can be granted ….*"* *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citation omitted).  Shotgun pleadings, like the CAC, are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case … can be masked …." *Id.*

The CAC lumps Defendants together precisely for this reason.  Plaintiffs lack facts to satisfy numerous critical elements for their claims against the BMW Defendants.  As the Motion notes, there have been no ARC inflator ruptures or incidents in any BMW vehicle.  Plaintiffs should not be allowed to mask the deficiencies of the CAC on key elements such as notice, knowledge, and product malfunction by lumping defendants together.  *Quality Auto Painting Ctr. Of Roselle, Inc. v. State Farm Indmen. Co.*, 917 F.3d 1249 (11th Cir. 2019) (Opp. p. 5) does not alter the long-standing prohibition on lumping defendants together.  *Id.* at 1275 (noting "we need not address the merits of the tortious interference claims or even the general contours of the doctrine of group pleading.")

The Opposition confirms that just 14 paragraphs in the 4000-plus paragraph CAC plead BMW-specific facts.  (Opp. p. 5.)  And these 14 paragraphs mostly recite basic citizenship facts (CAC ¶¶ 78-83), identify BMW Plaintiffs (*id.* ¶¶ 162, 190), list BMW (by name) along with multiple other automakers (*id.* ¶ 327), or note a limited 36-vehicle BMW

recall (*id.* ¶¶ 343-45.).  None of these paragraphs provide the *factual basis* for any claims of wrongdoing by BMW NA or BMW MC.  Plaintiffs' strategic decision to summarily and implausibly allege that *both* BMW NA and BMW *Manufacturing* (BMW MC) "promote[], advertise[], distribute[], and sell[]" BMW brand cars (Opp. at 6), does not credibly inform BMW NA and BMW MC "of their respective roles."  Nor does it say anything about BMW NA's or BMW MC's specific individual conduct that purportedly is grounds for Plaintiffs' claims against them.

## II.  THE MOTION DOES NOT RAISE ANY "IMPROPER FACTUAL CHALLENGE" AS GROUNDS FOR DISMISSING PLAINTIFFS' WARRANTY CLAIMS.

The Opposition presupposes that Plaintiffs can base their claims on a written warranty and selectively quote it and shield other unfavorable portions of the same document from scrutiny on motion to dismiss.  But the law in this Circuit and others states otherwise.  *See Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) ("Under the doctrine of incorporation by reference, [a district court] may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity."); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'")

Plaintiffs do not dispute that a document referred to but not attached to the complaint—here, the New Vehicle Limited Warranty ("NVLW")—can be

3

considered on motion to dismiss. (Opp. at 8). And while they contend the document must be of "undisputed authenticity" (*id.*), they do not actually dispute the authenticity of the warranty excerpt BMW NA and BMW MC submitted. Rather, they claim the document should not be considered because Plaintiffs have no basis yet to contest (or not contest) its authenticity. (Opp. at 8). Ultimately, this argument elevates form over substance because Plaintiffs have warranty booklets in their own cars. They do not claim their warranty booklets say something different—namely, that BMW MC (rather than BMW NA) is the warrantor. BMW MC could not have breached a warranty it did not issue. Nor is there a single BMW MC advertisement listed that makes *any* representation by BMW MC to create a warranty. The breach of warranty claims against BMW MC cannot stand.

### III.   BMW *MANUFACTURING* (BMW MC) IS NOT PLAUSIBLY ALLEGED TO HAVE ENGAGED IN TRADE/COMMERCE UNDER SOUTH CAROLINA AND MASSACHUSETTS CONSUMER LAWS.

The Opposition ignores the plain statutory text of the South Carolina and Massachusetts consumer laws Plaintiffs invoke, both of which require that a defendant engage in offering for sale a product to consumers. *See* S.C. Code Ann. §39-5-10(b); Mass. Gen. Laws ch. 93A § 1(b). Plaintiffs cannot satisfy these requirements by summarily alleging—through virtually identical allegations—that BMW NA (the distributor of BMW brand motor vehicles) and BMW MC (as the name implies, a *manufacturer* of cars—at a factory located in South Carolina), both "promote[], advertise[], distribute[], and sell[] BMW brand cars. (CAC ¶¶ 78, 79.) Although a

4

court "considering a motion to dismiss generally accepts the non-moving party's allegations as true, a court is not required to credit 'conclusory allegations, *unwarranted deductions of facts* or legal conclusions masquerading as facts.'" Warren Tech. v. UL LLC, 962 F.3d 1324, 1328 (2020) (emphasis added) (citing *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004)).  Indeed, the presumption of truth on motion to dismiss attaches only to those allegations for which there is sufficient "factual matter" to render them "plausible on [their] face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  And here, Plaintiffs ask that this Court assume a company named "BMW *Manufacturing*" actually "promotes, advertises, distributes, and sells" BMW brand cars because Plaintiffs summarily say so.  This is precisely the type of unreasonable inference, lacking in factual support, that renders an allegation not plausible on its face.  Why would *two* entities, both in the United States, sell and distribute BMW brand cars when one is specifically named BMW *Manufacturing*?  This Court is not required to credit Plaintiffs' conclusory and unreasonable allegations and can draw its own plausible inferences in deciding a motion to dismiss.  And here, the only plausible inference is that Plaintiffs have not pled sufficient "factual matter" to plausibly suggest that BMW MC engaged in "trade or commerce" under the South Carolina and Massachusetts consumer protection laws Plaintiffs invoke, requiring their dismissal.

Dated: February 16, 2024    Respectfully submitted,

By: _____
LEWIS BRISBOIS
BISGAARD & SMITH LLP
Eric Y. Kizirian
Zourik Zarifian
633 W. Fifth Street, Suite 4000
Los Angeles, CA 90071
Telephone: (213) 250-1800
Eric.Kizirian@lewisbrisbois.com
Zourik.Zarifian@lewisbrisbois.com

*Counsel for BMW of North America, LLC and BMW Manufacturing Co., LLC*