# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br><br>Case No: 1:22-md-03051-ELR |

# REPLY BRIEF IN SUPPORT OF DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S SUPPLEMENTAL MOTION TO DISMISS PLAINTIFFS' CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT

Plaintiff Stephen Gearhart stands alone among the 115 plaintiffs as the only Porsche owner, and his Opposition (Doc. 227; "Opp.") merely underscores the absence of any specific allegations against PCNA. Gearhart's claims also fail for the many additional reasons set forth in PCNA's Supplemental Brief (Doc. 187-1) and the OEM Defendants' Motion to Dismiss (Doc. 181-1) and Reply Brief.

## ARGUMENT

I. **GEARHART'S CLAIMS ARE UNSUPPORTED BY ANY SPECIFIC ALLEGATIONS AGAINST PCNA.**

Gearhart argues the Complaint alleges facts "specific" to PCNA. (Opp. at 2.) But apart from jurisdictional allegations, the paragraphs he cites refer only to "defendants" generally or specifically to *other* defendants. For example, Gearhart argues that PCNA "knew of the Inflator Defect and that some ARC inflators ruptured during pre-release testing" conducted by ARC. *Id.* But not a single paragraph he cites mentions PCNA, much less how or when PCNA became aware of the alleged ruptures.

Gearhart also argues that PCNA knew of the alleged defect because NHTSA asked automotive manufacturers to report any field ruptures of ARC inflators. (Opp. at 2.) But as Gearhart acknowledges, neither his seven-year old vehicle nor any of the Porsche vehicles at issue have experienced a rupture, despite being on the road for up to a decade (Opp. at 6.) Gearhart fails to explain why PCNA would have been

1

aware of a purported defect that has never manifested in a Porsche vehicle anywhere in the world.

Finally, Gearhart speculates that PCNA was aware of the alleged defect because of recalls conducted by *other* OEMs. "But the law is clear: Plaintiffs cannot rely on conjecture and speculation to survive a motion to dismiss." *Johnson v. Hartford Fin. Servs. Grp.*, 510 F. Supp. 3d 1326, 1335 (N.D. Ga. 2021). Moreover, those recalls were for isolated manufacturing defects that affected only a limited number of airbag inflators. Plaintiffs have not cited any case law to support the proposition that a recall of a small subset of vehicles could confer knowledge of a widespread defect. And in any event, it is certainly not plausible that PCNA had the requisite knowledge based on these limited recalls conducted by other OEMs. With no specific allegations of wrongdoing against PCNA, all of Gearhart's claims should be dismissed.

## II. THE CLAIMS AGAINST PCNA ARE LIMITED TO GEARHART'S INDIVIDUAL CLAIMS UNDER FLORIDA LAW.

Gearhart repeats the Plaintiffs' flawed standing argument, which is wrong for the reasons discussed in the OEM's Reply Brief. Moreover, Gearhart's own authority requires dismissal of his non-Florida claims for failure to state a claim under Rule 12. *See, e.g., Coleman v. Burger King Corp.*, 2023 U.S. Dist. LEXIS 149735, at *8 (S.D. Fla. Aug. 23, 2023) (holding that Florida resident who purchased product in Florida could not assert claim under Georgia law). Thus, whether

2

considered an issue of standing or failure to state a claim under Rule 12, the result is the same: Gearhart is limited to asserting claims under Florida law.

### III. GEARHART'S IMPLIED WARRANTY CLAIM SHOULD BE DISMISSED.

Gearhart's implied warranty claim should be dismissed for all of the reasons set forth in Section IV of the OEM Defendants' Motion and Reply Brief. In addition, the Court should reject the frivolous argument that discovery is necessary to determine whether the implied warranty limitations are "conspicuous and in writing" (Opp. at 6). The Court has the relevant warranty pages "in writing" before it and can see that the durational limitation is conspicuous. *See Speier-Roche v. Volkswagen, Inc.*, 2014 U.S. Dist. LEXIS 59991, at *24 (S.D. Fla. Apr. 30, 2014) (holding that warranty "expressly and conspicuously limits the duration of any implied warranties to the term of the applicable express warranty"). Gearhart also argues that the Court should not consider the warranty guide on a motion to dismiss. (Opp. at 8.) But he specifically references the warranty in the Complaint (*see* ¶¶ 184, 1132), and "[i]t is well-settled that 'where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents." *Boyer v. Land Rover N., Am., Inc.*, 2020 U.S. Dist. LEXIS 6487, at *4 (S.D. Fla. Jan. 9, 2020) (citation omitted).[1]

---

[1] Gearhart argues that PCNA should have attached the entire document, citing *Nails v. Swisher Int'l, Inc.*, 2013 U.S. Dist. LEXIS 178164. But in *Nails*, the court

Gearhart's unconscionability argument—which is premised on the contention that PCNA knew of the alleged defect when issuing the warranty—should be rejected both for the reasons set forth in the OEM's Reply Brief and because the case he relies on, *In re Porsche* (Opp. at 7), is unpersuasive. "*In re Porsche* conflates a difference in knowledge with a difference in bargaining power. Bargaining power comes primarily from having viable alternatives in the marketplace and a vehicle consumer with many options . . . has real and substantial bargaining power even where a seller . . . knowingly fails to disclose a defect." *In re GM Air Conditioning Mktg. & Sales Pracs. Litig.*, 406 F. Supp. 3d 618, 630 (E.D. Mich. 2019). For that reason, "the majority of courts have ruled that a seller's presale knowledge" of a defect does not establish unconscionability. *Id.*

Finally, Gearhart argues that the warranty was breached at delivery, citing *Tershakovec* and *Yeager*. (Opp. at 9.) However, *Tershakovec* did not address durational limits on implied warranties and is further distinguishable because in that case—unlike here—the defect had manifested during the warranty period. 2018 U.S. Dist. LEXIS 116130, at *31-32. And *Yeager* addressed the statute of limitations

---

did not consider the document because it was not referenced in the complaint and it was unclear whether the relevant portions had been provided to the court. *Id.* at *4, n.5.

under the California Song-Beverly Act, which is irrelevant to the issues before this Court. 2020 U.S. Dist. LEXIS 3805, at *7.

## IV. GEARHART'S EXPRESS WARRANTY, UNJUST ENRICHMENT, AND FRAUD-BASED CLAIMS SHOULD BE DISMISSED.

Gearhart's express warranty claim should be dismissed for the reasons set forth in Section III of the OEM Defendants' Motion and Reply Brief; his fraud-based claims should be dismissed for the reasons set forth in Section V; and, his unjust enrichment claim should be dismissed for the reasons set forth in section VII of the OEM Defendants' Motion (and section VI of the OEM Defendants' Reply).

## V. GEARHART'S REQUEST FOR RESTITUTION UNDER FDUTPA SHOULD BE DISMISSED.

Gearhart concedes that his request for restitution under FDUTPA should be dismissed. (Opp. at 10.) The remainder of his argument is moot because PCNA did not request that the FDUTPA claim be dismissed in full on the basis that restitution is unavailable.[2]

## CONCLUSION

For the reasons set forth above and in the OEM Defendants' Motion and Reply Brief, Gearhart's claims against PCNA should be dismissed.

---

[2] PCNA has moved to dismiss the FDUTPA claim in full for the reasons set forth in Section V of the OEM Defendants' Motion and Reply Brief, as well as Section I herein and in PCNA's Supplemental Motion.

5

DATED:  February 16, 2024         DYKEMA GOSSETT LLP

            By: */s/ David S. Killoran*
              David S. Killoran
              DYKEMA GOSSETT LLP
              444 S. Flower Street, Suite 2200
              Los Angeles, CA  90071
              Telephone: (213) 457-1800
              Facsimile: (213) 457-1850
              dkilloran@dykema.com

              *Attorneys for Defendant,*
              *PORSCHE CARS NORTH AMERICA, INC.*

## **RULE 7.1 D CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing brief was prepared using 14-point Times New Roman font, in accordance with Local Rule 5.1C.

Dated February 16, 2024.

                              By: */s/ David S. Killoran*
                                   David S. Killoran
                                   DYKEMA GOSSETT LLP
                                   444 S. Flower Street, Suite 2200
                                   Los Angeles, CA  90071
                                   Telephone: (213) 457-1800
                                   Facsimile: (213) 457-1850
                                   dkilloran@dykema.com

                                   *Attorneys for Defendant,*
                                   *PORSCHE CARS NORTH AMERICA, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that February 16, 2024, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

By: */s/ David S. Killoran*
David S. Killoran
DYKEMA GOSSETT LLP
444 S. Flower Street, Suite 2200
Los Angeles, CA  90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850
dkilloran@dykema.com

*Attorneys for Defendant,*
*PORSCHE CARS NORTH AMERICA, INC.*