# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-03051-ELR |

**VOLKSWAGEN GROUP OF AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT**

# **TABLE OF CONTENTS**

I. PLAINTIFFS LACK STANDING TO BRING MULTISTATE CLAIMS .. 1

II. NO TOLLING OF THE STATUTE OF LIMITATIONS APPLIES. ........... 1

III. PLAINTIFFS FAIL TO PLEAD PRE-SALE KNOWLEDGE. .................... 2

IV. PLAINTIFFS ALLEGE NO BREACH OF EXPRESS WARRANTY ......... 4

V. DURATIONAL LIMITS ARE ENFORCEABLE. ........................................ 5

CONCLUSION ................................................................................................... 5

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amato v. Subaru of Am., Inc.*,
  2019 WL 6607148 (D.N.J. Dec. 5, 2019)..............................................................5

*Ambrosia Coal & Const. Co. v. Pages Morales*,
  482 F.3d 1309 (11th Cir. 2007) ..............................................................................3

*In re Animation Workers Antitrust Litig.*,
  87 F. Supp. 3d 1195 (N.D. Cal. 2015)....................................................................2

*In re Chevrolet Bolt EV Battery Litig.*,
  633 F. Supp. 3d 921 (E.D. Mich. 2022) .................................................................3

*Fedance v. Harris*,
  1 F. 4th 1278 (11th Cir. 2021) ................................................................................2

*Flowers v. Stec*,
  2023 WL 15474 (N.D. Ill. Jan. 2, 2023)..................................................................1

*Kelley v. Countrywide Home Loans*,
  2009 WL 3489422 (E.D. Cal. Oct. 26, 2009).........................................................1

*Lewis v. Mercedes-Benz*,
  530 F. Supp. 3d 1183 (S.D. Fla. 2021)...................................................................2

*Mandani v. Volkswagen Grp. of Am., Inc.*,
  2019 WL 652867 (N.D. Cal. Feb. 15, 2019)..........................................................4

*Parrish v. Volkswagen Grp. of Am., Inc.*,
  463 F. Supp. 3d 1043 (C.D. Cal. 2020) .................................................................4

*Patrick v. Volkswagen Grp. of Am., Inc.*,
  2020 WL 3883275 (C.D. Cal. Mar. 5, 2020).........................................................4

*Schramm v. JPMorgan Chase Bank, N.A.*,
  2010 WL 11483804 (C.D. Cal. Mar. 8, 2010).......................................................1

*In re Takata Airbag Prods. Liab. Litig.*,
    2017 WL 2406711 (S.D. Fla. June 1, 2017) ......................................................... 2

**Other Authorities**

Rule 9(b) ............................................................................................................................. 2

The Opposition is long on rhetoric but short in identifying well-pled facts or legal authority supporting Plaintiffs' claims as to VWGoA. Plaintiffs: 1) lack standing to bring certain claims; 2) allege no facts to support tolling of applicable limitations periods; 3) do not (and cannot) allege that VWGoA had pre-sale knowledge of the alleged defect; 4) fail to establish coverage under the NVLW for the alleged design defect or allege a breach; and 5) are bound by the (acknowledged) durational limits on implied warranty.

## I. PLAINTIFFS LACK STANDING TO BRING MULTISTATE CLAIMS.

At most, the Volkswagen and Audi Plaintiffs have standing to bring claims under the laws of the five states in which they claim to have purchased their vehicles. Plaintiffs argue that this issue can only be resolved at the class certification stage, [ECF 225 at 3-4 (citing *Zantac* and *Coleman*)], but for the reasons discussed in the Omnibus Reply, the issue can and should be resolved on the pleadings. [OEM Defs. Om. Reply § I.]

## II. NO TOLLING OF THE STATUTE OF LIMITATIONS APPLIES.

Gedo and Jacinto argue that their claims are timely because they were unable to discover them prior to August 2020. [ECF 225 at 5]. But to meet the "high standard for equitable tolling," they must plead specific facts regarding the time and manner of the discovery of their claims, and the reasons they were unable to discover them sooner. *See Flowers v. Stec*, 2023 WL 15474, *4 (N.D. Ill. Jan. 2, 2023); *Kelley v. Countrywide Home Loans*, 2009 WL 3489422, *5-6 (E.D. Cal. Oct. 26, 2009). Plaintiffs do not address the first prong, and their conclusory allegations are insufficient for the second. *Schramm v.*

1

*JPMorgan Chase Bank, N.A.*, 2010 WL 11483804, *2 (C.D. Cal. Mar. 8, 2010). Moreover, the delayed discovery rule does not apply to Gedo's implied warranty claim, which accrued on the date of purchase regardless of her knowledge. [ECF 182-1 at 7-8.]

Nor does the fraudulent concealment exception apply, since Plaintiffs fail to plead an affirmative act or misrepresentation that misled them about the existence of their claims. *See Fedance v. Harris*, 1 F.4th 1278, 1285 (11th Cir. 2021). Plaintiffs point to paragraph 378 of the CCAC, but there they allege nothing more than failure to disclose and "concerted silence," neither of which amounts to fraudulent concealment. *See Lewis v. Mercedes-Benz*, 530 F. Supp. 3d 1183, 1228-29 (S.D. Fla. 2021) ("mere non-disclosure" not enough); *In re Animation Workers Antitrust Litig.*, 87 F.Supp.3d 1195, 1214-15 (N.D. Cal. 2015) (alleged "secret conspiracy" does not plead "affirmative steps to mislead."). And to the extent they seek to rely on amorphous alleged warranties regarding "safety and "reliability," they supply none of the "who, what, when or where" required under Rule 9(b).[1] The limitations period for Gedo's and Jacinto's claims began to run the day they bought their vehicles and expired before they filed suit five years later.

## III. PLAINTIFFS FAIL TO PLEAD PRE-SALE KNOWLEDGE.

Plaintiffs contend that a single airbag inflator rupture in a VW vehicle (in a make and model year different from Plaintiffs') in Turkey in 2017 shows that VWGoA knew,

---

[1] Plaintiffs cite *In re Takata Airbag Prods. Liab. Litig.*, 2017 WL 2406711, at *5 (S.D. Fla. June 1, 2017), but the court held the limitations period tolled based on alleged "incomplete representations." Here, no such representations are alleged. [CCAC ¶ 378.]

2

at the time the VW and Audi Plaintiffs purchased their U.S. vehicles, that the inflators in *their* cars were defective and unreasonably dangerous. Plaintiffs' reliance on *In re Chevrolet Bolt EV Battery Litig.*, 633 F. Supp. 3d 921, 958 (E.D. Mich. 2022) for the proposition that "'even a single incident' … put an automaker on notice" is misplaced. [ECF 226 at 6.] Notice of an incident in one vehicle does not equate to actual knowledge of a defect in *all* vehicles, especially in different vehicles as here. And unlike *Chevrolet Bolt*, in which defendant acknowledged a defect, Plaintiffs here allege facts that undercut any inference of knowledge: 1) Plaintiffs identify a total of only 10 alleged field ruptures in any OEM's vehicles, globally, out of 67 million ARC-made inflators (a rate of 0.000015%) [CCAC ¶¶ 1, 262]; and 2) NHTSA has not yet made a final determination that a systemic defect exists after *eight years* of investigation, even with access to facts and information not available to VWGoA.

The Opposition also points to an alleged rupture in a 2016 Audi A3 in 2021, but does not dispute that the incident *post-dated* their alleged purchases, and therefore cannot show pre-sale knowledge. Plaintiffs' remaining allegations consist of improper group pleading. Plaintiffs allege no facts that VWGoA (the U.S. distributor of VW and Audi vehicles) had any role in inflator design or knew of alleged (but again unspecified) "pre-sale testing failures." Plaintiffs' sweeping generalizations against VWGoA based solely on other automotive companies and suppliers are insufficient. *See Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) (dismissal warranted

3

where complaint "devoid of specific allegations with respect to each defendant").

## IV.  PLAINTIFFS ALLEGE NO BREACH OF EXPRESS WARRANTY.

The "overwhelming weight of state law authority holds that design defects" are not covered by "materials and workmanship" warranties. [ECF 181-1 § III.A and Ex. A.1.] Plaintiffs' cited authorities do not hold otherwise.[2] Yet a design defect is what Plaintiffs expressly allege here. [FCA Reply at 4-5; ECF 181-1 § III.A.]

Plaintiffs try to manufacture a discovery issue by identifying purported "authenticity issues" with the NVLWs. Courts routinely take judicial notice of warranties where, as here, plaintiffs incorporate them by reference in their complaint. *Patrick*, 2020 WL 3883275, at *6-7. Plaintiffs can also view the warranties they allege they received at the point of sale. [CCAC ¶ 440]. No discovery is needed.[3] Finally, contrary to Plaintiffs' assertion that VWGoA refused to repair their vehicles [ECF 225 at 5], the CCAC does not allege that Plaintiffs presented their vehicles for repair, much less that VWGoA refused to repair them. [OEM Defs. Om. Reply § III.D.]

---

[2] *See Patrick v. Volkswagen Grp. of Am., Inc.*, 2020 WL 3883275, at *6-7 (C.D. Cal. Mar. 5, 2020) (plaintiff alleged both a design *and* manufacturing defect, and the actionable warranty expressly applied to the latter); *Mandani v. Volkswagen Grp. Of Am., Inc.*, 2019 WL 652867, at *4 (N.D. Cal. Feb. 15, 2019) (finding plaintiffs had sufficiently alleged defects in materials and workmanship); *Parrish v. Volkswagen Grp. of Am., Inc.*, 463 F. Supp. 3d 1043, 1066 (C.D. Cal. 2020) (holding only that whether materials and workmanship warranties covered alleged software calibration issues presented an open question *under Pennsylvania law*). Notably, the Opposition cites no authority applicable to the Florida, Illinois, New York, or Montana Plaintiffs.

[3] To the extent Plaintiffs seek to enforce "warranties in the air" regarding "safety" and reliability" (without identifying a single example in their CCAC) such statements are inactionable and cannot serve as the basis for a warranty claim. [OEM Defs. Om. Reply § IV.D.]

4

## V.  DURATIONAL LIMITS ARE ENFORCEABLE.

Plaintiffs purport to identify a fact issue as to whether the limitation on the duration of the implied warranty is conspicuous and in writing. This is an issue of law, not an issue of fact. [Ford Reply at 5.] The disclaimers are in writing, in bold, and set off from the adjacent text with prominent headers.  Nothing more is required.

Nor have Plaintiffs alleged unconscionability, as required to advance this argument. Plaintiffs contend they have plausibly alleged unconscionability due to VWGoA's supposed "information advantage," but this argument is wholly conclusory and insufficient to withstand a motion to dismiss. *See Amato v. Subaru of Am., Inc.*, 2019 WL 6607148, *7 (D.N.J. Dec. 5, 2019). Moreover, having alleged that they were exposed to and relied on the warranties in connection with their purchase [CCAC ¶¶ 721, 724. 1434, 1437.], they cannot now claim that the disclaimers were unconscionable. [OEM Defs. Om. Reply § IV.D][4] Finally, Plaintiffs' assertion that they "*do* allege breach within the warranty period" is of no moment: alleged latent defects that manifest after the implied warranty term are not actionable. *See Amato* 2019 WL 6607148 at *7.

## CONCLUSION

VWGoA respectfully requests that this Court dismiss the CCAC in its entirety as to VWGoA.

---

[4] Plaintiffs cite no California or Illinois authority on unconscionability.

5

Dated: February 16, 2024						Respectfully submitted,

/s/ Michael B. Shortnacy

Livia M. Kiser
Susan V. Vargas
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310
lkiser@kslaw.com
svargas@kslaw.com

Michael B. Shortnacy
**SHOOK, HARDY AND BACON L.L.P.**
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone:	(424) 324-3494
Facsimile:	(424) 204-9093

*Counsel for Defendants Volkswagen Group of America, Inc. and Audi of America, LLC*

6

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(B) AND 7(D)**

I hereby certify that this Reply in Support of Volkswagen Group of America, Inc.'s Motion to Dismiss Plaintiffs' Corrected Consolidated Class Action Complaint has been prepared with one of the font and point selections approved by the Court in LR 5.1(B) (Times New Roman, 14 pt.).

*/s/ Michael B. Shortnacy*
Michael B. Shortnacy

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date specified below, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

Dated: February 16, 2024.

*/s/ Michael B. Shortnacy*
Michael B. Shortnacy
