# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-03051-ELR |

# AUDI OF AMERICA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT

## **TABLE OF CONTENTS**

I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION ................... 1

II.  JACINTO'S ALLEGATIONS ARE NON-SPECIFIC TO AOA, LLC. ........ 3

III. AOA, LLC DID NOT ISSUE AN EXPRESS WARRANTY. ...................... 3

IV.  JACINTO CANNOT BRING AN SBA CLAIM. .......................................... 4

CONCLUSION ................................................................................................ 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ambrosia Coal & Const. Co. v. Morales*,
   482 F.3d 309 (11th Cir. 2007) ...............................................................................3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................3

*Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*,
   68 F.3d 409 (11th Cir. 1995) ..................................................................................3

*Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*,
   104 F.3d 1256 (11th Cir. 1997) ..............................................................................2

*Great Am. Assurance Co. v. Braddy Preparatory Acad., Inc.*,
   2019 WL 5485260 (N.D. Ga. Sept. 5, 2019).........................................................2

*Jensen v. BMW of N. Am., Inc.*,
   35 Cal. App. 4th 112 (1995) ...................................................................................4

*Kiluk v. Mercedes-Benz USA, LLC*,
   43 Cal. App. 5th 334 (2019) ...................................................................................5

*Lemke-Vega v. Mercedes-Benz USA, LLC*,
   2023 WL 5957175 (N.D. Cal. Sep. 12, 2023).......................................................5

*Lewis Lumber & Milling, Inc.*,
   2018 WL 6181356, at *3 (M.D. Tenn. Nov. 27, 2018)..........................................4

*Magluta v. Samples*,
   256 F.3d 1282 (11th Cir. 2001) ..............................................................................3

*Nails v. Swisher Intern., Inc.*,
   2013 WL 6768229 (M.D. Fla. Dec. 19, 2013) ......................................................4

*Rodriguez v. FCA US, LLC*,
   77 Cal.App.5th 209 (2022) .....................................................................................5

*Stewart v. Electrolux Home Prods., Inc.*,
    304 F. Supp. 3d 894 (E.D. Cal. 2018) ................................................................4

**Statutes**

Song-Beverly Consumer Warranty Act (Civ. Code Civ. Code § 1790).....................5

**Other Authorities**

Rule 8 ...............................................................................................................1, 3

Rule 9(b)...........................................................................................................1, 3

The Opposition doubles down on Jacinto's misguided effort to pursue claims against Audi of America, LLC ("AoA, LLC"). The only apparent explanation for Jacinto's pursuit of AoA, LLC is that it happens to be a U.S.-based entity with the word "Audi" in its name. AoA, LLC indisputably does not make, market, or warrant vehicles. Jacinto points to no allegation implicating AoA, LLC in the alleged misconduct. And the judicially noticeable warranty booklet confirms AoA, LLC did not issue the express warranty that accompanied her vehicle (when it was new, unlike the used vehicle she purchased). Jacinto relies on inapposite authority to argue that she can sue under California's SBA for breach of implied warranty for her used car. That does not satisfy Rule 8 and 9(b) pleading requirements. The claims of Jacinto (who is, Plaintiffs concede, the only Plaintiff to bring claims against AoA, LLC) should be dismissed.

I.  **THIS COURT LACKS SUBJECT MATTER JURISDICTION**

Critically, Jacinto fails to refute a single sworn statement in the Green Declaration, which makes clear that AoA, LLC does not import, sell, distribute, or service Audi vehicles in the United States, or issue the NVLW; and that VWGoA does both. [184-2, ¶¶ 7-8.] The Opposition merely purports to identify a "gap" in the Declaration, claiming that Jacinto supposedly relied on "advertisements" "by" AoA, LLC (which the CCAC confusingly refers to as "Audi America") in connection with her purchase of her *used* vehicle from a third party dealership. [226 at 6.] But, the CCAC alleges no such thing. To the extent it discusses the "marketing" of Audi vehicles at all,

1

the CCAC specifically attributes those activities to VWAG and VWGoA – not AoA, LLC. [CCAC ¶ 133.] Indeed, in the entirety of its 1,200 pages, the CCAC mentions "Audi America" only three times – and only to allege (without basis, and incorrectly) that that entity "imports and distributes Audi brand vehicles sold in the United States." [CCAC ¶ 132.]  It does not.

Jacinto incorrectly contends that the Court cannot consider the Green Declaration without converting this motion into one for summary judgment. Not so. Plaintiff's authorities hold that courts *can* consider extrinsic evidence, except when the evidence offered directly refutes the merits of a claim. *See Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1267 (11th Cir. 1997) (reversing dismissal for lack of subject matter jurisdiction where there was a factual dispute as to affirmative element of plaintiff's claim); *see also Great Am. Assurance Co. v. Braddy Preparatory Acad., Inc.*, 2019 WL 5485260, at *5 (N.D. Ga. Sept. 5, 2019) (declaration asserted that the alleged misrepresentations were in fact true, which was the core of the dispute).

AoA, LLC does not challenge the merits of Jacinto's claims, but rather her standing to bring them.  AoA, LLC is wrongly named: VWGoA is the distributor of Audi vehicles in the U.S.  Surely, if Jacinto had any facts to connect AoA, LLC with the wrongdoing she alleges, she would have submitted evidence with her opposition, as she was entitled to do.  She fails to.  Because Jacinto and AoA, LLC have no legal relationship that can form the basis of subject matter jurisdiction, the Court should

dismiss with prejudice. *See Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (remanding with instructions to dismiss for lack of subject matter jurisdiction in light of evidence that defendant had not denied coverage under insurance policy, as required to pursue declaratory relief).

## II. JACINTO'S ALLEGATIONS ARE NON-SPECIFIC TO AOA, LLC.

The Opposition does not allege any particularized act by AoA, LLC. Instead, Jacinto argues that "group pleading" is sufficient because AoA, LLC has enough information to understand the basis of the allegations against it. Rule 8 requires more. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the case of multiple defendants, a plaintiff must provide specific allegations with respect to *each* defendant, whether under Rule 8 or Rule 9(b). *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *Ambrosia Coal & Const. Co. v. Morales*, 482 F.3d 309, 1317 (11th Cir. 2007); *see also* Supplier Defs' Reply at § I. Jacinto supplies no such allegations as to AoA, LLC.

## III. AOA, LLC DID NOT ISSUE AN EXPRESS WARRANTY.

There is no dispute that AoA, LLC did not issue the NVLW for Jacinto's vehicle. As set forth in the Green Declaration, the NVLW for Audi vehicles in the United States is issued by VWGoA, an entirely separate entity. [ECF 184-2, ¶ 8.] This fact is also apparent from the face of the judicially noticeable NVLW. Jacinto well knows the contents of the warranty: she incorporates selected excerpts into her pleading and alleges that she was exposed to and relied upon it in connection with her alleged

3

purchase of a used vehicle. [CCAC ¶ 724.] For these reasons, courts routinely take judicial notice of warranties as readily verifiable documents whose authenticity cannot legitimately be contested.[1] Jacinto's cited authorities are distinguishable.[2]

### IV. JACINTO CANNOT BRING AN SBA CLAIM.

AoA, LLC cannot be held liable for an implied warranty claim under the SBA in connection with Jacinto's alleged purchase of a used vehicle. Jacinto argues that under the SBA, the term "new motor vehicle" includes "cars sold with a balance remaining on the manufacturer's new motor vehicle warranty." [ECF No. 226 at 9.] Jacinto cites *Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 113 (1995), but there plaintiff leased a car from a dealership that the salesperson described as a "demonstrator." *Id.* at 119. The salesperson offered the plaintiff a "36,000-mile warranty on top of the [7,565] miles already on the car and gave her the warranty booklet," and "[t]he dealer wrote 'factory demo' on the credit application." *Id*. Unbeknownst to the plaintiff, however, the car had been previously owned. *Id*.

---

[1] Jacinto tries to manufacture a factual dispute by pointing to the fact that AoA, LLC only attached a portion of the NVLW. [*See* ECF 226 at 7.] This is a red herring, because AoA, LLC excerpted the NVLW (which Jacinto already has) because it is voluminous.
2 Jacinto cites to Stewart v. Electrolux Home Prods., Inc., 304 F. Supp. 3d 894, 911 (E.D. Cal. 2018), but there the court held a fact issue existed only where Electrolux allegedly authorized or ratified an express warranty by posting it on its website. See Nails v. Swisher Intern., Inc., 2013 WL 6768229, at *1 n.5 (M.D. Fla. Dec. 19, 2013) (retirement plan not judicially noticeable where it post-dated relevant events) and Lewis Lumber & Milling, Inc., 2018 WL 6181356, at *3 (M.D. Tenn. Nov. 27, 2018) (warranty not referenced in complaint and plaintiffs disputed receiving or accepting it).

4

Here, unlike in *Jensen*, Jacinto does not allege that she was duped into buying a used vehicle by active fraud on the part of the dealer. And "courts have questioned *Jensen*'s seemingly broad holding about whether a used car can be a 'new motor vehicle' under the Song-Beverly Act and have limited its holding to its facts." *Lemke-Vega v. Mercedes-Benz USA, LLC*, 2023 WL 5957175, at *3 (N.D. Cal. Sep. 12, 2023). Indeed, in *Rodriguez v. FCA US, LLC,* 77 Cal.App.5th 209, 215 (2022), a California Court of Appeal rejected precisely the same over-reaching argument Jacinto seeks to advance here. It held that the implied warranty provision of the SBA does *not* apply to previously owned vehicles with some balance remaining on the manufacturer's express warranty, except in the case of "essentially new vehicles where the applicable warranty was issued with the sale."

At most, Jacinto alleges that she bought a used 2016 Audi A3 in 2018 and that "it was covered by a written warranty." [CCAC ¶ 118.] She does not allege that it was "essentially new," or any other facts necessary to establish coverage under the SBA.[3]

## **CONCLUSION**

For the reasons set forth above, AoA, LLC respectfully requests that this Court dismiss the CCAC in its entirety, and with prejudice, as to AoA, LLC.

---

[3] Plaintiff also mistakenly cites *Kiluk v. Mercedes-Benz USA, LLC*, 43 Cal. App. 5th 334, 340 (2019). There the court held only that plaintiff could maintain an *express* warranty claim under the SBA where the *manufacturer* issued a written warranty in connection with a used vehicle sale.

Dated: February 16, 2024         Respectfully submitted,

/s/ *Michael B. Shortnacy*

Livia M. Kiser
Susan V. Vargas
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310
lkiser@kslaw.com
svargas@kslaw.com

Michael B. Shortnacy
**SHOOK, HARDY AND BACON L.L.P.**
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone:  (424) 324-3494
Facsimile:  (424) 204-9093

*Counsel for Defendants Volkswagen Group of America, Inc. and Audi of America, LLC*

6

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(B) AND 7(D)

I hereby certify that this Reply in Support of Audi of America, LLC's Motion to Dismiss Plaintiffs' Corrected Consolidated Class Action Complaint has been prepared with one of the font and point selections approved by the Court in LR 5.1(B) (Times New Roman, 14 pt.).

*/s/ Michael B. Shortnacy*
Michael B. Shortnacy

## CERTIFICATE OF SERVICE

I hereby certify that on the date specified below, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

Dated: February 16, 2024.

*/s/ Michael B. Shortnacy*
Michael B. Shortnacy

8