# Exhibit 1

In Re: ARC Airbag Inflators Product Liability Litigation
Case No. 1:22-md-03051-ELR

**Exhibit 1 - Case Law Supporting Dismissal
of  Implied Warranty Claims**

| Plaintiffs' Claimed Privity Exception: Third Party Beneficiary | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Alabama | *Rose v. Gen. Motors Corp.*, 323 F. Supp. 2d 1244, 1246 (N.D. Ala. 2004); *State Farm Fire & Cas. Co. v. J.B. Plastics, Inc.*, 505 So.2d 1223, 1227 (Ala. 1987) (noting privity remains for economic-injury only claims); *Blackmon v. Powell*, 132 So. 3d 1, 6 (Ala. 2013) ("The linchpin of a breach-of-the-implied-warranty-of-merchantability claim is privity.") | *Hurry v. Gen. Motors LLC*, 622 F. Supp. 3d 1132, 1148 (M.D. Ala. 2022) | Unlike in *Hurry*, Plaintiffs here do not allege that they were third-party beneficiaries. The Alabama Supreme Court has unambiguously held that privity is required for an implied warranty claim seeking economic damages. *See Rhodes v. General Motors Corp.*, 621 So.2d 945, 947 (1993) (holding that GM could not be held responsible for breach of implied warranty where plaintiff bought from a dealership, not GM).  The decision in *Hurry* conflicts with controlling law in Alabama. In any event, the exception identified in *Hurry* does not apply to Plaintiffs Miles, Hammer, and White, because they do not allege purchasing their vehicles from an authorized dealership. See Complaint at ¶¶ 175, 226, 253. |
| California | *Blanco v. Baxter Healthcare Corp.*, 158 Cal. App. 4th 1039, 1058 (2008) ("Privity of contract is a prerequisite in California for recovery on a theory of breach of implied warranties of fitness and merchantability.") | *Rollolazo v. BMW of N. Am., LLC*, 2017 WL 1536456, at *14 (C.D. Cal. Feb. 3, 2017) | Unlike in *Rollolazo*, Plaintiffs here do not allege that they were third-party beneficiaries.  Furthermore, *Rollolazo* identified a "unique exception" to the privity requirement where a plaintiff alleges reliance upon written labels or advertisements of a manufacturer. But the "unique exception" permits claims under an express warranty theory, not implied warranty. As the California Supreme Court has held, it applies to the "few cases where the purchaser of a product relied on representations made by the manufacturer in labels or advertising material, and recovery from the manufacturer was allowed on the theory of express warranty without a showing of privity." *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 696 (Cal.1954) (emphasis added) (finding error where trial court instructed jury that privity was not required for implied warranty claim where plaintiff alleged reliance on labels); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (citing *Burr* as a "particularized exception" under California law).  In any event, the exception identified in *Rollolazo* does not apply to Plaintiffs Brown, Winslow, and Diaz, because they do not allege purchasing their vehicles from an authorized dealership. See Complaint at ¶¶ 169, 181, 220. |

In Re: ARC Airbag Inflators Product Liability Litigation
Case No. 1:22-md-03051-ELR

**Exhibit 1 – Case Law Supporting Dismissal of Implied Warranty Claims**

| Plaintiffs' Claimed Privity Exception: Third Party Beneficiary | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Florida | *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995); *Intergraph Corp. v. Stearman*, 555 So. 2d 1282, 1283 (Fla. 2d DCA 1990); *Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. Dist. Ct. App. 2005) ("Under Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity.") | *Rollolazo*, 2017 WL 1536456, at *14 (citing *Sanchez–Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1223, 1233–34 (S.D. Fla. 2014)). | Unlike in *Rollolazo* and *Sanchez-Knutson*, Plaintiffs here do not allege that they were third-party beneficiaries. Furthermore, *Rollolazo* and *Sanchez-Knutson* recognize a third-party beneficiary exception, but only when sufficiently pled in the complaint. Here, the CCAC pleads none of the facts held sufficient to allege a third-party beneficiary relationship in *Rollolazo* and *Sanchez-Knutson*, such as: the plaintiffs were the intended third-party beneficiaries of contracts between defendants and independent, authorized dealerships; the dealerships were not intended to be the ultimate consumers of the Subject Vehicles; and the warranty agreements were designed for and intended to benefit the consumers only. See *Rollolazo*, 2017 WL 1536456, at *14; *Sanchez-Knutson*, 52 F. Supp. 3d at 1234. |
| Georgia | *Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1288 (S.D. Ga. 2010) ("Georgia law generally requires direct privity between the seller and buyer of goods for the implied warranty of merchantability to apply.") | *Reynolds v. FCA US LLC*, 546 F. Supp. 3d 635, 652 (E.D. Mich. 2021) | Unlike *Reynolds*, Plaintiffs here do not allege they were third-party beneficiaries. Moreover, six of the eight Georgia plaintiffs do not fall within the *Reynolds* exception because they 1) allege that they bought their vehicles from parties other than authorized dealerships (Hudson-Battie, Tribble, Mercadel, Reddick, and Thomas) or 2) do not allege that they received a warranty from the dealership as part of their purchase (Tinch). *See* Complaint at ¶¶ 165, 178, 202, 232, 236, 245. |
| Illinois | *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 910-11 (N.D. Ill. 2013); *Tokar v. Crestwood Imports, Inc.*, 532 N.E.2d 382, 700 (Ill. App. Ct. 1988); *Szajna v. Gen. Motors Corp.*, 503 N.E.2d 760, 900-05 (Ill. 1986) (privity is a prerequisite in economic loss, but not personal injury, actions) | *Elward v. Electrolux Home Prods., Inc.*, 214 F. Supp. 3d 701, 704-06 (N.D. Ill. 2016) | Unlike in *Elward*, Plaintiffs here do not allege that they were third-party beneficiaries. Furthermore, the CCAC pleads no facts to establish that the Automaker Defendants "knew the identity, purpose and requirements" of the customers who would eventually buy the vehicles they allegedly manufactured, much less that the Automaker Defendants "manufactured or delivered the [vehicles] specifically" to meet those customers' individual requirements, as required to invoke the third-party beneficiary exception to the privity requirement under Illinois law. *Elward*, 214 F. Supp. 3d at 705. |

**Exhibit 1 – Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Privity Exception: Third Party Beneficiary | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Kentucky | *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 969 (E.D. Ky. 2019) (noting in an action alleging economic loss that the Kentucky Supreme Court has been "clear that privity is a strict requirement for implied warranty claims" between consumers and manufacturers) | *Louisville Gas & Elec. Co. v. Cont'l Field Sys., Inc.*, 420 F. Supp. 2d 764, 770-71 (W.D. Ky. 2005) | *Louisville Gas* concerned breach of contract claims, not breach of implied warranty of merchantability claims. *See Louisville Gas*, 420 F. Supp. 2d at 770. Plaintiffs cite no authority establishing a third-party beneficiary exception to the privity requirement for breach of implied warranty claims in Kentucky. Furthermore, Plaintiffs here do not allege that they were third-party beneficiaries. In any event, Plaintiff Barber does not allege purchasing her vehicle from an authorized dealership. See Complaint at ¶ 210. |

**Exhibit 1 – Case Law Supporting Dismissal**
**of Implied Warranty Claims**

In Re: ARC Airbag Inflators Product Liability Litigation
Case No. 1:22-md-03051-ELR

| Plaintiffs' Claimed Privity Exception: Agency | | | |
|---|---|---|---|
| State | Automakers' Authority | Plaintiffs' Authority | Why Plaintiffs' Authority is Inapposite/ Distinguishable |
| Alabama | *Rose v. Gen. Motors Corp.*, 323 F. Supp. 2d 1244, 1246 (N.D. Ala. 2004); *State Farm Fire & Cas. Co. v. J.B. Plastics, Inc.*, 505 So.2d 1223, 1227 (Ala. 1987) (noting privity remains for economic-injury only claims); *Blackmon v. Powell*, 132 So. 3d 1, 6 (Ala. 2013) ("The linchpin of a breach-of-the-implied-warranty-of-merchantability claim is privity.") | *Massey-Ferguson, Inc. v. Laird*, 432 So. 2d 1259, 1262-63 (Ala. 1983) | *Massey-Ferguson* identified a factual question regarding an agency relationship only where plaintiffs alleged specific facts to support the existence of such a relationship. Here, Plaintiffs do not allege an agency relationship between Automaker Defendants and authorized, independent dealerships, much less any facts supporting such a relationship. |
| Connecticut | *Hartford Cas. Ins. Co. v. PurTech Waters of Am., LLC*, 2012 WL 1435221, at *3 (Conn. Super. Ct. Mar. 30, 2012) ("[T]o sustain an action for breach of express or implied warranty there has to be evidence of a contract between the parties, for without a contract there [can] be no warranty.") | *Kahn v. Volkswagen of Am., Inc.*, 2008 WL 590469, at *8 (Conn. Super. Ct. Feb. 13, 2008) | Contrary to Plaintiffs' interpretation, the *Kahn* court dismissed claims at the pleadings stage where (as here) plaintiff pled no specific facts to establish an agency relationship. *Kahn*, 2008 WL 590469, at *9; *see also Koellmer v. Chrysler Motors Corporation*, 6 Conn.Cir.Ct. 478, 486, 276 A.2d 807 (1970) (directed verdict in favor of manufacturer upheld due to the plaintiff's failure to prove an agency relationship where the manufacturer made express written warranties but all direct dealings surrounding the completion of the transaction were between the plaintiff and the dealer). |
| Iowa | *Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103, 108 (Iowa 1995) ("We have never allowed recovery for solely consequential economic losses under . . . implied warranty [of merchantability and fitness for a particular purpose] theories by one not in privity with the defendant. We decline to do so now.") | *Bruce v. ICI Americas, Inc.*, 933 F. Supp. 781, 789-90 (S.D. Iowa 1996) | Contrary to Plaintiffs' interpretation, the *Bruce* court dismissed claims where (as here) plaintiffs alleged no specific facts, let alone "substantial evidence," of an agency relationship. *Bruce*, 933 F. Supp. at 789. |

In Re: ARC Airbag Inflators Product Liability Litigation
Case No. 1:22-md-03051-ELR

**Exhibit 1 - Case Law Supporting Dismissal**
**of  Implied Warranty Claims**

| Plaintiffs' Claimed Privity Exception: Express Warranty Issued | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Illinois | *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 910-11 (N.D. Ill. 2013); *Tokar v. Crestwood Imports, Inc.*, 532 N.E.2d 382, 700 (Ill. App. Ct. 1988); *Szajna v. Gen. Motors Corp.*, 503 N.E.2d 760, 900-05 (Ill. 1986) (privity is a prerequisite in economic loss, but not personal injury, actions) | *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 595 (E.D. Mich. 2018) (citing *Flynn v. FCA US, LLC*, 327 F.R.D. 206, 217 (S.D. Ill. 2018)) | The relaxed privity standard where a manufacturer has extended an express warranty is limited to claims brought under the Magnuson-Moss Warranty Act. Otherwise, the privity requirement remains in force in Illinois. *See McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1363 (N.D. Ga. 2013); *Mekertichian v. Mercedes-Benz U.S.A., L.L.C.*, 347 Ill. App. 3d 828, 834, 807 N.E.2d 1165, 1169 (2004) (Illinois "still requires privity even where the manufacturer issues a written warranty, but has held that under Magnuson-Moss privity is deemed to exist where there is a written warranty"); *Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257, 1278 (E.D. Mich. 2021) (dismissing Illinois implied warranty claims for lack of privity and concluding that Illinois has a privity requirement "where no exceptions are recognized"). |
| Ohio | *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 758 (N.D. Ohio 2010); *Curl v. Volkswagen of Am., Inc.*, 871 N.E.2s 1141, 1147 (Ohio 2007) (requiring privity in a breach of implied warranty action alleging economic loss and finding that "[t]o permit a claimant to recover without establishing vertical privity blurs the distinction between contract and tort.") | *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 596 (E.D. Mich. 2018) (citing *Roxy Home Improvement, LLC v. Mercedes-Benz USA, LLC*, 2018 WL 1705800, at *5 (N.D. Ohio Apr. 9, 2018)) | In Ohio, privity based on the issuance of express warranties is limited to claims that "involved an implied warranty in tort, not in contract." *Browning v. Am. Honda Motor Co.*, 2022 WL 824106, at *7 (N.D. Cal. Mar. 18, 2022). Since Plaintiffs' claims are based on implied warranty in contract, privity cannot be established based on the existence of the express warranty. In any case, Plaintiffs allege a design defect that is not covered under the applicable written warranties. |

**Exhibit 1 - Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Privity Exception: Express Warranty Issued | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Tennessee | *Americoach Tours, Inc. v. Detroit Diesel Corp.*, 2005 WL 2335369, at *6 (W.D. Tenn. Sept. 23, 2005); *Gregg v. Y.A. Co.*, 2007 WL 1447895, at *7 (E.D. Tenn. May 14, 2007); *Leach v. Wiles*, 429 S.W.2d 823, 831 (Tenn. Ct. App. 1968); *Memphis-Shelby Cnty. Airport Auth. v. Ill. Valley Paving Co.*, 2006 WL 3041492, at *2-3 (W.D. Tenn. Oct. 26, 2006) | *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 677 (E.D. Mich. 2020) (quoting *Bishop v. DeLaval Inc.*, 466 F. Supp. 3d 1016 (W.D. Mo. 2020)) | The *Francis* court relied entirely on a decision from the Western District of Missouri declining to dismiss an implied warranty claim under Tennessee law because defendant identified "no binding precedent" mandating dismissal. *See Bishop v. DeLaval Inc.*, 466 F. Supp. 3d 1016, 1024 (W.D. Mo. 2020). However, as other courts have recognized, there are "no exceptions" to the privity requirement under Tennessee law. *Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257, 1278 (E.D. Mich. 2021); *see also Harrison v. Gen. Motors, LLC*, 2023 WL 348962, at *13 (E.D. Mich. Jan. 19, 2023) (dismissing implied warranty claims for lack of privity, because the plaintiffs cited no Tennessee law supporting their argument that "issuance of an express warranty is evidence that there is privity sufficient for an implied-warranty claim"). |
| Washington | *Babb v. Regal Marine Indus., Inc.*, 186 Wash. App. 1003 (2015); *Touchet Valley Grain Growers, Inc. v. OPP & Seibold General Constr., Inc.*, 831 P.2d 724, 730 (Wash. 1992); *Baughn v. Honda Motor Co.*, 727 P.2d 655, 669 (Wash. 1986); *Tex Enterps., Inc. v. Brockway Standard, Inc.*, 66 P.3d 625, 627-28 (Wa. 2003) | *Tex Enters., Inc. v. Brockway Standard, Inc.*, 66 P.3d 625, 628 (Wash. 2003) (citing *Baughn v. Honda Motor Co.*, 727 P.2d 655, 669 (Wash. 1986)) | *Tex Enterprises* does not hold that a manufacturer's issuance of an express warranty satisfies the privity requirement for an implied warranty claim. To the contrary, it explains that the privity requirement is relaxed for claims of breach of express warranty by a consumer against the manufacturer, but that this relaxed standard does not apply to implied warranties because "such warranties must be more closely guarded than express warranties, whose adoption requires some voluntary action." *Tex Enters.*, 66 P.3d at 629. |

**Exhibit 1 - Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Privity Exception: Fraud | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Arizona | *Plagens v. Nat'l RV Holdings*, 328 F. Supp. 2d 1068, 1073 (D. Ariz. 2004) ("Arizona courts have consistently held that absent privity of contract, a purchaser cannot maintain a claim for breach of implied warranty under the U.C.C. against a manufacturer.") | *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 594 (E.D. Mich. 2018). | *Monostable* does not hold that a manufacturer's issuance of an express warranty satisfies the privity requirement for an implied warranty claim. *Monostable* involved a claim for fraudulent concealment under Arizona law, not a breach of implied warranty claim. 355 F. Supp. 3d at 593-94. The court denied the motion to dismiss because "there is no requirement that privity be established in order to proceed on a common law consumer fraud claim under Arizona law." *Id.* at 594. |

7

**Exhibit 1 - Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Privity: Factual Nature of Inquiry | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Florida | *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995); *Intergraph Corp. v. Stearman*, 555 So. 2d 1282, 1283 (Fla. 2d DCA 1990); *Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. Dist. Ct. App. 2005) ("Under Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity.") | *Kilgore v. Bos. Sci. Corp.*, 2015 WL 5838513, at *4-5 (S.D.W. Va. Oct. 5, 2015) | *Kilgore* does not hold that the privity determination can only be made at the summary judgment stage, and in fact courts routinely dismiss breach of implied warranty claims at the pleading stage under FL law for lack of privity. *See Valiente v. Unilever United States, Inc.*, 2022 WL 18587887, at *14 (S.D. Fla. Dec. 8, 2022); *Padilla v. Porsche Cars North America, Inc.*, 391 F. Supp. 3d 1108, 1117 (S.D. Fla. 2019). |

In Re: ARC Airbag Inflators Product Liability Litigation
Case No. 1:22-md-03051-ELR

**Exhibit 1 – Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Notice to Sellers Only | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Arkansas | *Indus. Elec. Supply, Inc. v. Lytle Mfg.*, L.L.C., 94 Ark. App. 81, 86, 226 S.W.3d 1, 5 (2006) ("Notice is sufficient when it informs the seller that the transaction is claimed to involve a breach and thus to open the way for negotiation of a normal settlement."); *Williams v. Mozark Fire Extinguisher Co*., 888 S.W.2d 303, 304 (Ark. 1994) (finding notice must be more than the complaint and must be alleged by the plaintiff); *Schmidt v. Ford Motor Co*., 972 F. Supp. 2d 712, 718-19 (E.D. Pa. 2013) (applying Arkansas, California, Pennsylvania, and New Jersey law). | *In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Mktg., Sales Practices & Prods. Liab. Litig*., 2023 WL 9064606, at *11 (W.D. Mo. Dec. 13, 2023) | The Arkansas Supreme Court has held that notice to a manufacturer is required under the statute. *Cotner v. Int'l Harvester Co.*, 260 Ark. 885, 889, 545 S.W.2d 627, 630 (1977) (holding that "[w]here a **manufacturer** or seller is never advised of a claimed breach of implied warranty or that the buyer is looking to it for compensation or reimbursement, there is not a notification sufficient to hold the **manufacturer** or seller liable") (emphasis added); *see also Lynx, Incorporated v. Ordnance Products, Inc.*, 273 Md. 1, 17, 327 A.2d 502, 514 (1974)). |
| Colorado | *Joseph Brazier, Ltd. v. Specialty Bar Prod. Co*., 2008 WL 791942, at *8 (D. Colo. Mar. 21, 2008) (notice must be sufficient "to provide [the] seller with the opportunity to investigate [the] buyer's complaint, to correct an alleged defect, or to effect a settlement through negotiation") | *In re MyFord Touch Consumer Litigation*, 46 F.Supp.3d 936, 975 (N.D. Cal. 2014) (applying Colorado law) | The *MyFord Touch* court held that while notice to the manufacturer is not required, this "**does not obviate the requirement that notice still must be given to the seller.**" *MyFord Touch*, 46 F. Supp. 3d at 975 (dismissing implied warranty claims for failure to provide presuit notice to seller or manufacturer) (emphasis added). Similarly, the Colorado Supreme Court has held that notice to the manufacturer is not necessary "**as long as the buyer has given notice of the defect to his or her immediate seller.**" *Palmer v. A.H. Robins Co*., 684 P.2d 187, 206 (Colo. 1984) (internal citation removed) (emphasis added). |

**Exhibit 1 - Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Notice to Sellers Only | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Connecticut | *Gallinari v. Kloth*, 148 F. Supp. 3d 202, 215 (D. Conn. 2015) (*abrogated on other grounds by Corley v. United States*, 11 F.4th 79 (2nd. Cir. 2021) | *Tomczuk v. Town of Cheshire*, 217 A.2d 71, 73 (Conn. Super. Ct. 1965) | *Tomczuk* is limited to personal injury cases, and is thus inapplicable to Plaintiffs' claims for economic loss. *See McKnelly v. Sperry Corp*., 642 F.2d 1101, 1107 (8th Cir. 1981) (citing *Tomczuk* for the proposition that "the notice provision is inapplicable to third parties, **at least where personal injuries rather than economic losses are sustained**") (emphasis added); *Cole v. Keller Indus., Inc*., 132 F.3d 1044, 1047 (4th Cir. 1998) (noting that most authorities have held that non-purchasers making warranty claims "need not comply with the notice requirement of the Uniform Commercial Code **in order to recover for personal injuries rather than for economic loss**") (emphasis added). |
| Florida | *Willard v. Home Depot, U.S.A., Inc*., 2009 WL 4730644, at *3 (N.D. Fla. Dec. 7, 2009) (noting "[t]here is no provision in the law for constructive notice of an alleged breach [of warranty]" and barring remedy for failure to give notice); *Hapag-Lloyd A.G. v. Marine Indemnity Ins. Co. of Am*., 576 So. 2d 1330, 1330 (Fla. Ct. App. 1991) (noting a buyer must give notice within a reasonable time after discovering the breach in order to recover); *Armadillo Distribution Enterprises, Inc. v. Hai Yun Musical Instruments Manufacture Co*., 142 F. Supp. 3d 1245, 1254 (M.D. Fla. 2015) | *MyFord Touch*, 46 F. Supp. 3d at 977 (Florida law) | Federal courts interpreting Florida law have routinely dismissed warranty claims based on lack of notice to manufacturers. *Lamb v. Graco Children's Prod. Inc*., 2012 WL 12871963, at *2 (N.D. Fla. Jan. 24, 2012); *see also Nichols v. Wm. Wrigley Jr. Co*., 2011 WL 181458, at *4 (S.D. Fla. Jan. 19, 2011); *In re Toyota Motor Corp*., 2012 WL 12929769, at *25 (C.D. Cal. May 4, 2012); *In re Big Heart Pet Brands Litig*., 2019 WL 8266869, at *8 (N.D. Cal. Oct. 4, 2019); *Jovine v. Abbott Lab'ys, Inc*., 795 F. Supp. 2d 1331, 1340 (S.D. Fla. 2011). |

**Exhibit 1 – Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Notice to Sellers Only | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Illinois | *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig*., 393 F. Supp. 3d 745, 759 (N.D. Ill. 2019) (noting pre-suit notice required and that "actual knowledge" exception "does not mean knowledge of 'the facts' underlying the plaintiff's claim—which the seller presumably knows quite as well as, if not better than, the buyer—but rather knowledge 'of [the] buyer's claim that [those facts] constitute a breach'") (citations omitted) (brackets in original); *Connick v. Suzuki Motor Co.. Ltd*., 675 N.E.2d 584, 590 (Ill. 1996); *O'Connor v. Ford Motor Co*., 477 F. Supp. 3d 705, 714-17 (N.D. Ill. 2020) | *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 589 (Ill. 1996). | In *Connick*, the Illinois Supreme Court held that "even if a **manufacturer** is aware of problems with a particular product line, the notice requirement of section 2–607 is satisfied **only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer**." *Connick*, 174 Ill. 2d at 494 (emphasis added). |
| Indiana | *Lemon v. Anonymous Physician*, 2005 WL 2218359, at *2 (S.D. Ind. Sept. 12, 2005) ("Any claim [plaintiffs] may have for contractual breach of implied warranties is barred because the [plaintiffs] failed to allege that they had given [the manufacturer] notice of the breach prior to filing suit.") | *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 913 (N.D. Cal. 2018) (applying Indiana law) | Contrary to Plaintiffs' interpretation, the *Nexus* court held that the pre-suit notice requirement was satisfied as to the product manufacturer, Huawei, only where the plaintiff called Huawei's customer support number and informed them of the defect. *In re Nexus*, 293 F. Supp. 3d at 913. |

11

**Exhibit 1 – Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Notice to Sellers Only | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Iowa | IA. ST. § 554.2607 ("the buyer must … notify the seller of a breach or be barred from any remedy"); *Randa v. U.S. Homes*, Inc., 325 N.W.2d 905, 909-10 (Iowa Ct. App. 1982) (finding notice is condition precedent to buyer's claim and required for recovery) | *MyFord Touch*, 46 F. Supp. 3d at 977 (applying Iowa law) | While Iowa law generally requires notice only to the immediate seller, *McKnelly v. Sperry Corp*., 642 F.2d 1101, 1107 (8th Cir. 1981), the Iowa plaintiffs do not allege that they notified the immediate sellers. *See* Complaint at ¶¶ 166, 197, 1613. |
| Maryland | *Lloyd v. General Motors Corp*., 575 F. Supp. 2d 714, 723 (D. Md. 2008) (allowing manufacturer to raise plaintiffs' failure to provide actual notice to direct seller as grounds for dismissal and dismissing action); *Doll v. Ford Motor Co*., 814 F. Supp. 2d 526, 542 (D. Md. 2011) | *Lloyd v. Gen. Motors Corp*., 575 F. Supp. 2d 714, 722-23 (D. Md. 2008). | While Maryland law requires plaintiffs to provide notice to the immediate seller only, remote sellers receive notice by "rely[ing] on each successive buyer carrying out his respective obligation under the law" by passing the notice along. *Firestone Tire & Rubber Co. v. Cannon*, 53 Md. App. 106, 118, 452 A.2d 192, 198 (1982), *aff'd*, 295 Md. 528, 456 A.2d 930 (1983). As a result, in *Lloyd*, the court dismissed the plaintiffs' claims against a manufacturer for failure to provide notice to their immediate sellers. 575 F. Supp. 2d at 723. The Maryland plaintiff does not allege that she gave notice to her immediate seller. *See* Complaint at ¶¶ 223, 1953. |

**Exhibit 1 – Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Notice to Sellers Only | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Minnesota | *Daigle v. Ford Motor Co* ., 713 F. Supp. 2d 822, 827 (D. Minn. 2010) (noting that while "the bar for sufficiency of notice is low, specific notice of a complaint to the manufacturer is required" as "notice of the breach required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of buyer's claim that they constitute a breach" and "purpose of the notice is to advise the seller that he must meet a claim for damages, as to which, rightly or wrongly, the law requires that he shall have early warning") (citations and quotation marks omitted); *Christian v. Sony Corp. of Am* ., 152 F. Supp. 2d 1184, 1188 (D. Minn. 2001) | *Church of the Nativity of Our Lord v. WatPro, Inc* ., 491 N.W.2d 1, 4-5 (Minn. 1992) | In *Church of the Nativity* , the Minnesota Supreme Court held only that notice to a manufacturer's agent was sufficient to notify the manufacturer. 491 N.W.2d 1, 6 (Minn. 1992), *overruled on other grounds by Ly v. Nystrom* , 615 N.W.2d 302 (Minn. 2000). Where plaintiffs fail to notify either the manufacturer or the immediate seller, however, their claims must be dismissed for failure to meet the notice requirement. *Christian v. Sony Corp. of Am* ., 152 F. Supp. 2d 1184, 1188 (D. Minn. 2001). The Minnesota plaintiffs have not alleged that they notified their immediate sellers (or any of the Defendants). *See* Complaint at ¶¶ 227, 235, 2171. |

**Exhibit 1 – Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Notice to Sellers Only | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Mississippi | *In re Ford Motor Co. Vehicle Paint Litig* ., 1996 WL 426548, at *22 (E.D. La. July 30, 1996) (noting that, while "content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched, plaintiff's failure to "plead that he notified [manufacturer] or the dealer of the defective condition of his vehicle" meant plaintiff "has not pled compliance with" the notice requirement); *Mississippi Chem. Corp. v. Dresser-Rand Co* ., 287 F.3d 359, 368 (5th Cir. 2002) | *Little v. Smith & Nephew, Inc.* , 2015 WL 3651769, at *11-12 (N.D. Miss. June 11, 2015) | Contrary to Plaintiffs' interpretation, the court in *Little* dismissed claims against a remote manufacturer of a screw surgically implanted in plaintiff, where plaintiff failed to allege pre-suit notice. 2015 WL 3651769, at *12 (dismissing where plaintiff failed to "plead specific facts that he provided [presuit] notice" and failed to give the manufacturer the opportunity to cure); *see also Austin v. Bayer Pharms. Corp* ., 2013 WL 5406589, at *9 (S.D. Miss. Sept. 25, 2013) (dismissing Mississippi implied warranty claims against IUD manufacturer for failure to state a claim where the plaintiff failed to allege pre-suit notice); *Watson Quality Ford, Inc. v. Casanova* , 999 So. 2d 830, 834 (Miss. 2008) (affirming dismissal as to Ford and dealership where plaintiff failed to allege pre-suit notice). |
| New Jersey | *Hammer v. Vital Pharm., Inc* ., 2012 WL 1018842, at *10 (D.N.J. Mar. 26, 2012) | *Coyle v. Hornell Brewing Co* ., 2010 WL 2539386, at *6 (D.N.J. June 15, 2010) | Pre-suit notice to a manufacturer, whether directly or indirectly through notice to an immediate seller, is required under New Jersey law. *Duall Bldg. Restoration, Inc* . *v. 1143 E. Jersey Ave., Assocs., Inc.* , 279 N.J. Super. 346, 357, 652 A.2d 1225, 1230 (App. Div. 1995) (a buyer who informs their immediate seller of a problem with an identified product "has taken such steps as may be reasonably required" to inform the manufacturer of a breach of warranty); *Schmidt v. Ford Motor Co.* , 972 F. Supp. 2d 712, 718 (E.D. Pa. 2013) (a plaintiff, specifically a buyer, must provide notification of the alleged product defect to the manufacturer prior to bringing suit on a breach-of-warranty theory) (applying New Jersey law). Here, New Jersey plaintiffs have not alleged pre-suit notice to the immediate sellers or to any of the Defendants. *See* Complaint at ¶¶ 192, 231, 2893. |

**Exhibit 1 – Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Notice to Sellers Only | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| New Mexico | *State v. Kent Nowlin Construction, Inc*., 746 P.2d 645, 648-49 (N.M. 1987) (noting that, for the buyer to recover for breach of warranty, he must prove that he notified the seller of the defect); *Badilla v. Wal-Mart Stores E., Inc*., 389 P.3d 1050, 1054 (N.M. Ct. App. 2017) | *Schechner v. Whirlpool Corp*., 237 F. Supp. 3d 601, 609-10 (E.D. Mich. 2017) (applying New Mexico law) | Contrary to Plaintiffs' interpretation, the court in *Schechner* dismissed the plaintiff's implied warranty claims for failure to provide pre-suit notice to Whirlpool, the manufacturer of her oven. *Schechner v. Whirlpool Corp*., 237 F. Supp. 3d 601, 610 (E.D. Mich. 2017); *see also Baranco v. Ford Motor Co*., 294 F. Supp. 3d 950, 972 (N.D. Cal. 2018) (dismissing the plaintiff's claims for failure to allege facts supporting notice to the manufacturer). |
| North Carolina | *Sani-Pure Food Labs., LLC v. bioMerieux, Inc*., 2014 WL 6386803, at *6 (D.N.J. Nov. 13, 2014) (applying North Carolina law) | *Riley v. Ken Wilson Ford, Inc*., 426 S.E.2d 717, 721 (N.C. Ct. App. 1993) | *Riley* in applicable because there the court held that the notice requirement was satisfied by repeatedly seeking repairs from the defendant during the warranty period.  *Riley*, 426 S.E.2d at 721; *see also Baranco v. Ford Motor Co*., 294 F. Supp. 3d 950, 971–72 (N.D. Cal. 2018) (North Carolina's statutory notice requirement is "satisfied by presenting the car to an authorized dealership for warranty service even if a breach is not specifically alleged."). Here, the North Carolina plaintiffs do not allege that that they presented their cars for service for the alleged defect at an authorized dealership or provided any other form of notice to Defendants. *See* Complaint at ¶¶ 144, 158, 2905. Furthermore, the defendant in *Riley* was a dealership, not the manufacturer, and the case did not address whether a lawsuit against a manufacturer requires pre-suit notice to the manufacturer. |
| South Carolina | *Sandviks v. PhD Fitness, LLC*, 2018 WL 1393745, at *2 (D.S.C. Mar. 20, 2018) (applying South Carolina substantive law) ("Plaintiff's [implied warranty] claims are barred if he fails to properly allege that he gave . . . notice of his warranty claims prior to filing a lawsuit.") | *In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Mktg., Sales Practices & Prods. Liab. Litig.*, 2022 WL 710192, at *16 (W.D. Mo. Mar. 9, 2022) | The South Carolina Supreme Court has held that the notice statute does not require "further notice" to manufacturers, **if the plaintiff provides notice to the immediate seller**. *Seaside Resorts, Inc. v. Club Car, Inc*., 308 S.C. 47, 60, 416 S.E.2d 655, 663–664 (Ct. App. 1992). The South Carolina plaintiffs have not alleged facts establishing that they provided notice to their immediate sellers. *See* Complaint at ¶¶ 151, 155, 162, 163, 167, 170, 198, 250, 255, 3400. |

**Exhibit 1 - Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Notice to Sellers Only | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Utah | Utah Code Ann. § 70A-2-607(3)(A); *Callegari v. Blendtec, Inc*., 2018 WL 5808805, at *6 (D. Utah Nov. 6, 2018) (finding statute "places an affirmative burden on a would-be plaintiff prior to his filing suit, rather than merely requiring that a defendant be on notice of a breach.") | *Martinez v. Nissan N. Am., Inc*., 2022 WL 063735, at *2 (D. Utah Apr. 8, 2022) | Contrary to Plaintiffs' interpretation, the *Martinez* court dismissed the plaintiff's implied warranty claims for failure to provide pre-suit notice to Nissan, the manufacturer. *Martinez*, 2022 WL 1063735, at *2. Other courts have also held that Utah requires pre-suit notice to manufacturers. *McMahon v. Volkswagen Aktiengesellschaft*, 2023 WL 4045156, at *19 (D.N.J. June 16, 2023); *Callegari v. Blendtec, Inc*., 2018 WL 5808805, at *6 (D. Utah Nov. 6, 2018). |
| Wisconsin | *Kessler v. Samsung Elecs. Am. Inc*., 2018 WL 7502913, at *5-6 (E.D. Wis. Feb. 16, 2018) | *McMahon v. Volkswagen Aktiengesellschaft*, 2023 WL 4045156, at *19-20 (D.N.J. June 16, 2023) | In *McMahon*, the federal court held that the plaintiff satisfied pre-suit notice requirements as to the manufacturer by bringing his car to the dealership, the immediate seller, for repairs. *McMahon* 2023 WL 4045156, at *20. In contrast, the Wisconsin Plaintiff does not allege that he brought his vehicle to the dealership for repairs for the alleged defect. *See* Complaint at ¶¶ 207, 4059. |

**Exhibit 1 – Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Complaint Satisfies Notice | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Georgia | Ga. Stat. § 11-2-607; *Brenner v. Future Graphics, LLC*, 258 F.R.D.561, 574-75 (N.D. Ga. 2006); *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 225 (S.D.N.Y. 2015) ("To maintain a breach of warranty claim under . . . Georgia's [UCC], pre-suit notice of the alleged breach of warranty to a seller is required"). | *Hudson v. Gaines*, 199 Ga. App. 70, 403 S.E.2d 852, 854 (1991) | *Hudson* involved breach of the implied warranty of good title (not the implied warranty of merchantability), and is thus inapplicable. 403 S.E.2d at 852. |
| Kentucky | *Smart & Assocs., LLC v. Indep. Liquor (NZ) Ltd.*, 226 F.Supp.3d 828, 849 (W.D. Ky. 2016) (pre-litigation notice required for breach of implied warranty of merchantability claim) | *Mullins v. Wyatt*, 887 S.W.2d 356, 358 (Ky. 1994) | Plaintiffs do not distinguish Defendants' cited authority. *Mullins* involves breach of warranty of title, not implied warranty of merchantability, and is thus inapplicable. |
| Massachussetts | [None cited] | *In re Ford Motor Co. E-350 Van Prods. Liab. Litig*. (No. II), 2010 WL 2813788, at *78-79 (D.N.J. July 9, 2010) | Defendants do not contend that pre-suit notice is required in Massachusetts. |

**Exhibit 1 – Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Complaint Satisfies Notice | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Michigan | *Johnston v. PhD Fitness, LLC*, 2018 WL 646683, at *3–4 (E.D. Mich. Jan. 31, 2018) ("[U]pon discovering a breach, the buyer must provide reasonable pre-suit notice to even a remote manufacturer lest the buyer be barred from any remedy."); *Gorman v. Am. Honda Motor Co*., 302 Mich. App. 113, 123, 126 (2013) ("[T]he seller must be given actual notice that the buyer believes that the seller is in breach"; finding lack of notice where "plaintiff never provided either defendant notice of her claim that they were in breach of warranty until she filed the instant lawsuit") | *In re Bridgestone/ Firestone, Inc. Tires Prods. Liab. Litig*., 155 F. Supp. 2d 1069, 1110-11 (S.D. Ind. 2001) | Michigan courts are clear that plaintiffs who provide "no notice at all" of a defect are "barred from any remedy" even if they subsequently file a complaint. *Gorman v. Am. Honda Motor Co*., 302 Mich. App. 113, 127–28, 839 N.W.2d 223, 232 (2013). |
| Nevada | *Banh v. Am. Honda Motor Co*., 2019 WL 8683361, at *11 (C.D. Cal. Dec. 17, 2019) ("Under Nevada law, reasonable pre-suit notice of a breach of warranty claim is required"; same under Virginia law) | *Partie v. Ethicon, Inc*., 609 F. Supp. 3d 1127, 1134-35 (D. Nev. 2022) | Plaintiffs who fail to provide pre-suit notice fail to state a claim under Nevada law, even when they file a complaint. *Tapply v. Whirlpool Corp*., 2023 WL 4678789, at *9 (W.D. Mich. June 23, 2023); *Flores v. Merck & Co.*, 2022 WL 798374, at *6 (D. Nev. Mar. 16, 2022). *Partie* does not hold that the mere act of filing a complaint satisifies the pre-suit notice requirement, but rather based its holding on several alleged sources of pre-suit notice, including public health notifications, scientific journals, and FDA safety communications and opinions. *Partie*, 609 F. Supp. 3d at 1134-35. Here, Plaintiffs' conclusory and factually unsupported allegations of testing failures and isolated field ruptures fall far short of the allegations in *Partie*. |

**Exhibit 1 – Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Complaint Satisfies Notice | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| New Jersey | *Hammer v. Vital Pharm., Inc*., 2012 WL 1018842, at *10 (D.N.J. Mar. 26, 2012) | *Coyle*, 2010 WL 2539386, at *6 | Under New Jersey law, "a plaintiff, specifically a buyer, must provide notification of the alleged product defect to the manufacturer **prior to bringing suit** on a breach-of-warranty theory." *Schmidt v. Ford Motor Co.*, 972 F. Supp. 2d 712, 718 (E.D. Pa. 2013) (emphasis added); *see also Hammer v. Vital Pharms., Inc*., 2012 WL 1018842, at *10 (D.N.J. Mar. 26, 2012) (statutory notice is a "condition precedent" to filing an implied warranty claim under New Jersey law); *Joc, Inc. v. Exxonmobil Oil Corp*., 2010 WL 1380750, at *4 (D.N.J. Apr. 1, 2010); *Santiago v. Total Life Changes LLC*, 2021 WL 5083835, at *5 (D.N.J. Nov. 2, 2021). |

**Exhibit 1 – Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Complaint Satisfies Notice | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| New York | *Singleton v. Fifth Generation, Inc.* , 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016) ("'The notice 'of the breach' required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of buyer's claim that they constitute a breach" and sources that show "Defendant may have been aware of similar claims involving [the defect]," they "did not put Defendant on notice of Plaintiff's particular claims" as "buyer of the [product] in this case, Plaintiff was required to inform Defendant, within a reasonable time, of the alleged breach involving his own purchase") (noting also that where plaintiffs "do[] not even allege when [they] discovered the alleged breach," making an allegation of timely notice is categorically impossible); *Valcarcel v. Ahold U.S.A., Inc* ., 2021 WL 6106209, at *9 (S.D.N.Y. Dec. 22, 2021) (pre-suit notice is a prerequisite to a claim for breach of implied warranty, absent allegations of physical injuries) | *Panda Cap. Corp. v. Kopo Int'l, Inc* ., 662 N.Y.S.2d 584, 586-87 (App. Div. 1997) | *Panda Capital* held only that where a plaintiff objects repeatedly to a defendant's deficient performance and files a complaint, additional pre-suit notice is not required. *Panda Cap.* , 242 A.D.2d at 692. However, "[i]nsofar as Plaintiffs believe that *Panda Capital* stands for a broad rule that a filed complaint qualifies as sufficient and timely notice, Plaintiffs are mistaken." *Lugones v. Pete & Gerry's Organic* , LLC, 440 F. Supp. 3d 226, 244–45 (S.D.N.Y. 2020); *see also Clemmons v. Upfield US Inc* ., 2023 WL 2752454, at *9 (S.D.N.Y. Mar. 31, 2023) (holding that "the clear majority of courts" in the Southern District of New York "have rejected" a broad reading of *Panda Capital* ); *Smith v. Adidas Am., Inc.* , 2023 WL 5672576, at *9 (N.D.N.Y. Sept. 1, 2023) (same). |

In Re: ARC Airbag Inflators Product Liability Litigation
Case No. 1:22-md-03051-ELR

**Exhibit 1 – Case Law Supporting Dismissal
of Implied Warranty Claims**

| | Plaintiffs' Claimed Presuit Notice Exception: Complaint Satisfies Notice | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| North Carolina | *Sani-Pure Food Labs., LLC v. bioMerieux, Inc* ., 2014 WL 6386803, at *6 (D.N.J. Nov. 13, 2014) (applying North Carolina law) | *Maybank v. S. S. Kresge Co.,* 273 S.E.2d 681, 683-85 (N.C. 1981) | *Maybank* is limited to cases "where the defective goods have caused personal injury", *Maybank* , 273 S.E.2d at 684, which the North Carolina Plaintiffs here have not alleged. *See* Complaint at ¶¶ 144, 158, 218. |
| Ohio | *St. Clair v. Kroger Co.* , 581 F. Supp. 2d 896, 903 (N.D. Ohio 2008) (finding "independent knowledge" of breach and "filing [] complaint" insufficient to meet notice requirement and dismissing claim); *Radford v. Daimler-Chrysler Corp* ., 168 F.Supp.2d 751, 754 (N.D. Ohio 2001) | *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co* ., 537 N.E.2d 624, 638 (1989) | In *Chemtrol* , the Ohio Supreme Court "decline[d] to adopt an absolute rule", and instead merely explained that "**in a proper case** the filing of a civil complaint **could** serve as notice." *Chemtrol* , 537 N.E.2d at 638 (emphasis added). However, courts have repeatedly dismissed warranty claims under Ohio law for failure to allege pre-suit notice because "[t]he policy reasons for pre-litigation notice are not satisfied by the filing of a complaint." *St. Clair v. Kroger Co* ., 581 F. Supp. 2d 896, 902–03 (N.D. Ohio 2008) (applying Ohio law and dismissing warranty claims for failure to provide notice); *see also Radford v. Daimler Chrysler Corp* ., 168 F. Supp. 2d 751, 754 (N.D. Ohio 2001); *Delorise Brown, M.D., Inc. v. Allio* , 86 Ohio App. 3d 359, 363, 620 N.E.2d 1020, 1022 (1993). |
| Oklahoma | *Collins Radio Co. of Dallas, Tex. v. Bell* , 623 P.2d 1039, 1053 (Okla. Ct. App. 1980) | *Buzadzhi v. Bexco Enters., Inc* ., 2011 WL 43086, at *1, *3 (N.D. Okla. Jan. 4, 2011) | *Buzadzhi* concerned lay consumers alleging personal injuries, not an implied warranty claim allegedly only economic loss. *Buzadzhi* , 2011 WL 43086, at *3. Furthermore, no plaintiff alleges that they reside in or purchased their vehicle in Oklahoma, or suffered personal injuries in the state. |

21

In Re: ARC Airbag Inflators Product Liability Litigation
Case No. 1:22-md-03051-ELR

**Exhibit 1 - Case Law Supporting Dismissal
of Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Complaint Satisfies Notice | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Pennsylvania | *Am. Fed'n of State Cty. & Mun. Employees v. Ortho-McNeil-Janssen Pharm., Inc* ., 2010 WL 891150, at *6 (E.D. Pa. Mar. 11, 2010) (finding "Plaintiffs' argument, that notification under § 2607(c) is unnecessary because Defendants had actual or constructive knowledge of the breach, is not supported by the language of the UCC, its statutory purpose, or existing case law interpreting § 2607"); *Schmidt v. Ford Motor Co* ., 972 F. Supp. 2d 712, 718-19 (E.D. Pa. 2013) (applying Arkansas, California, Pennsylvania, and New Jersey law) | *Precision Towers, Inc. v. Nat-Com, Inc* ., 2002 WL 31247992, at *5 (Pa. Ct. Com. Pl. Sept. 23, 2002) | In *Precision Towers* , in addition to filing the complaint, the plaintiff alleged that it "made repeated requests" for reimbursement of funds from the defendant. *Precision Towers* , 2002 WL 41247992, at *5. Likewise, *Yates* , which *Precision Towers*  based its analysis on, held that the plaintiff's complaint satisfied Pennsylvania's notice requirement because he previously "made [the defendant] aware of every defect of which he complained" and "made no payments on the purchase of the truck" and advised the third-party financer that he would not make payments "unless the problems were corrected." *Yates v. Clifford Motors, Inc* ., 283 Pa. Super. 293, 308, 423 A.2d 1262, 1269–70 (1980). In contrast, the Pennsylvania Plaintiffs have not alleged facts establishing that they provided any notice to the Automaker Defendants regarding the alleged defect other than the mere filing of the complaint. Complaint at ¶¶ 142, 152, 199. |
| Tennessee | Tenn. Code Ann. § 47-2-607; *Smith v. Pfizer Inc* ., 688 F. Supp. 2d 735, 751 (M.D. Tenn. 2010) (noting purpose of UCC is "to alert the seller that the transaction is still troublesome and must be watched," and "open[] the way for normal settlement through negotiation") (citing U.C.C. § 2–607 cmt. 4); *Bunn v. Navistar, Inc* ., 797 F. App'x 247, 252-55 (6th Cir. 2020) (applying Tennessee law) | *Bridgestone/Firestone* , 155 F. Supp. 2d 1069, 1110-1111 (S.D. Ind. 2001) | *In re Bridgston/Firestone*  based its holding on the fact that "Defendants had ample notice of the defect in their products well before the lawsuit was filed", which Plaintiffs here have failed to adequately allege. *In re Bridgestone/Firestone* , 155 F. Supp. 2d at 1110-11.  Rather, in cases like this one, *before*  filing a lawsuit a plaintiff must "put defendant on notice that the transaction was 'claimed to involve a breach, and thus open[] the way for normal settlement through negotiation' under current Tennessee law." *Bunn v. Navistar, Inc.* , 797 F. App'x 247 (6th Cir. 2020). |

In Re: ARC Airbag Inflators Product Liability Litigation
Case No. 1:22-md-03051-ELR

**Exhibit 1 - Case Law Supporting Dismissal**
**of  Implied Warranty Claims**

| Plaintiffs' Claimed Presuit Notice Exception: Complaint Satisfies Notice | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Virginia | *Kerr v. Hunter Div*., Nos. 78-L-491, 78-L-492, 1981 WL 394232, at *8 (Va. Cir. Ct. Feb. 23, 1981) ("the absence of notice to the seller prevents any action against the manufacturer as well as the seller."); *Banh v. Am. Honda Motor Co*., 2019 WL 8683361, at *11 (C.D. Cal. Dec. 17, 2019) ("Under Nevada law, reasonable pre-suit notice of a breach of warranty claim is required"; same under Virginia law) | *MyFord Touch*, 46 F. Supp. 3d at 978-79 | While *MyFord Touch* held that "the filing of a complaint **may** constitue notice", *MyFord Touch*, 46 F. Supp. 3d at 979 (emphasis added), Virginia courts are clear that pre-suit notice is **not** satisifed merely by the filing of a complaint. *Kerr*, 1981 WL 394232, at *8 (dismissing for lack of presuit notice and holding that "[t]he giving of notice by filing suit is not supported by most of the few cases which have considered the issue, nor is it supported by the language of the notice section. The purpose of the notice is to let the seller know there is a problem. Nothing fancy or detailed is required. . . . No such notice was given in this case"). |