# Exhibit 2

# Exhibit 2 - Bases for Dismissal of Fraud Claims

| | Economic Loss Doctrine | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Alabama | *See, e.g., Harris Moran Seed Co. v. Phillips*, 949 So. 2d 916, 931-33 (Ala. Civ. App. 2006); *Harman v. Taurus Int'l Mfg., Inc.*, 586 F.Supp.3d 1155, 1165–66 (M.D. Ala. 2022) (Alabama economic loss doctrine bars tort claims, including "fraudulent concealment claims") | (Fraud) *In re Ford Motor Co. Vehicle Paint Litig.*, 1996 WL 426548, at *28 (E.D. La. July 30, 1996) (declining to dismiss fraud claim against Ford "on the basis of the economic loss doctrine.") | Plaintiffs do not distinguish Automakers' authorities. Plaintiffs rely on a 1996 case from the Eastern District of Louisiana, which found that the defendant "cites no Alabama authority" regarding the economic loss doctrine, and therefore declined to dismiss the fraud claim. By contrast, law from Alabama courts provides that the economic loss doctrine bars fraud claims. *Harris Moran Seed Co. v. Phillips*, 949 So. 2d 916, 931-33 (Ala. Civ. App. 2006) (affirming judgment on fraudulent suppression, negligence, and wantonness claims based on economic loss doctrine). |
| Arkansas | *Milner v. Windward Petroleum, Inc.*, 2007 WL 9706514, at *8 (W.D. Tenn. May 31, 2007) ("[T]his court predicts that the Arkansas Supreme Court would recognize the economic loss doctrine and hold that … fraud claims arising from the performance of a contract for the sale of goods should be considered contract claims. [Plaintiff]'s … fraud claims … are barred by the economic loss doctrine and DISMISSED.") | (Fraud) *Twin Med, LLC v. Skyline Healthcare, LLC*, 2022 WL 120300, at *3 (E.D. Ark. Jan. 12, 2022) ("Arkansas does not recognize the economic loss doctrine."). | Plaintiffs do not distinguish Automakers' authorities. Plaintiffs' authority regarding a breach of contract claim is inapposite. In the vehicle defect context, the Arkansas Supreme Court has held that "[o]ur application of benefit-of-the-bargain damages in common-law fraud cases has nonetheless been limited to instances where the actual product received by the purchaser manifests that it is different from that which was promised." *Wallis v. Ford Motor Co*., 362 Ark. 317, 319, 208 S.W.3d 153, 155 (2005) ("we hold that Wallis's common-law fraud claim for an allegedly defective vehicle is insufficient to survive a Rule 12(b)(6) motion to dismiss where the only injury alleged is a *diminution in value* of the vehicle.") (emphasis added). |
| Arizona | *Maricopa Inv. Team, LLC v. Johnson Valley Partners LP*, 2012 WL 5894849, at *2 (Ariz. Ct. App. Nov. 23, 2012) | (Fraud) *Barrett-Jackson Auction Co. LLC v. Mountain Sports Int'l Inc.*, 2020 WL 9349176, at *4 (D. Ariz. Sept. 9, 2020) ("The Court is unconvinced that the Arizona Supreme Court would expand the [economic loss] doctrine's applicability to include [fraudulent inducement] . . . given Arizona's 'narrower' approach to the doctrine."). | Plaintiffs do not distingsuish Automakers' authorities. Plaintiff cites federal law predicting how Arizona state courts would rule. Arizona state courts have clearly ruled, however, that "fraud in the inducement claim[s] [are] barred by the economic loss rule." *Maricopa Inv. Team, LLC v. Johnson Valley Partners LP*, No. 1 CA-CV 12-0047, 2012 WL 5894849, at *1 (Ariz. Ct. App. Nov. 23, 2012) ("this court applied the economic loss rule to preclude claims for fraud in the inducement and misrepresentation."). |
| California | *Stewart v. Electrolux Home Prods., Inc*., 304 F. Supp. 3d 894, 902 (E.D. Cal. 2018) (citation omitted); *Resnick v. Hyundai Motor Am., Inc*., 2017 WL 1531192, at *10 (C.D. Cal. Apr. 13, 2017); *see also Hammond v. BMW of N. Am., LLC*, 2019 WL 2912232, at *2 (C.D. Cal. June 26, 2019); *Sloan v. Gen. Motors LLC*, 2020 WL 1955643, at *23-24 (C.D. Cal. Apr. 23, 2020); *Mosqueda v. Am. Honda Motor Co*., 2020 WL 1698710, at *12 (C.D. Cal. Mar. 6, 2020) | (Fraud) *Clenney v. FCA US LLC*, 2022 WL 2197074, at *3 (N.D. Cal. June 20, 2022) ("Recent California Supreme Court cases, pertinent decisions from other states, and germane scholarship all suggest that the economic loss rule does not bar fraudulent concealment claims under California law."). | Plaintiffs do not distingsuish Automakers' authorities. Although the California Supreme Court has not definitively ruled on this issue, the majority of cases applying California law apply the economic loss doctrine to fraud claims. *See, e.g.*, *Salcedo v. Nissan N. Am., Inc.*, 2022 WL 16705004, at *5 (C.D. Cal. Nov. 2, 2022), adopted, 2022 WL 16706599 (C.D. Cal. Nov. 3, 2022) ("the Court will adhere to the seemingly majority case law in this district finding that Plaintiff's fraudulent omission claim is barred by the economic loss rule."); *see also Rodriguez v. Nissan N. Am., Inc.*, 2023 WL 2683162, at *6 (C.D. Cal. Jan. 30, 2023) ("until the California Supreme Court rules on the issue, it makes sense to 'adhere to the seemingly majority case law in this district finding that [p]laintiff's fraudulent omission claim is barred by the economic loss rule.'") (citations omitted). |

| Economic Loss Doctrine | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Colorado | *Spring Creek Exploration & Production Co. v. Hess Bakken Inv. II, LLC,* 2014 WL 4400764, at *9 (D. Colo. Sept. 5, 2014); *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 290 (Colo. App. 2009) | (Fraud) *In re Bloom*, 2022 WL 2679049, at *4 (10th Cir. July 12, 2022) ("[C]ommon law fraud and fraudulent concealment claims are both tort claims that arise independent of a contract, so they would not be barred by the economic loss rule."). | Plaintiffs do not distingsuish Automakers' authorities. Plaintiffs' cited authority relies on a Colorado Supreme Court decision that did not address the economic loss doctrine with respect to a fraud claim; that decision held that "the judge-made economic loss rule cannot bar BlueRadios' statutory counterclaim for civil theft." *Bermel v. BlueRadios, Inc.,* 2019 CO 31, ¶ 43, 440 P.3d 1150, 1159. By contrast, Automakers' authorities provide that fraud claims are barred by the economci loss doctrine. *Hamon Contractors, Inc. v. Carter & Burgess, Inc*., 229 P.3d 282, 289 (Colo. App. 2009), as modified on denial of reh'g (June 11, 2009) ("The economic loss rule can apply to fraud or other intentional tort claims based on post-contractual conduct. The question in any case where the economic loss rule is alleged to apply is whether the duty allegedly violated exists independently of the contract. With respect to fraud claims specifically, this depends on whether the alleged fraud arises from duties implicated by a party's performance of contractual terms or whether the alleged fraud concerns a matter extrinsic to the contract. Where the alleged fraud arises from duties implicated by a party's performance of contractual terms, the claim is barred by the economic loss rule."); *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, 2014 WL 4400764, at *9 (D. Colo. Sept. 5, 2014) (Dismissing fraudulent concealment claim because "[t]his claim is barred by the economic loss doctrine."). |
| Florida | *In re Takata Airbag Prods. Liab. Litig*., 193 F. Supp. 3d 1324, 1338 (S.D. Fla. 2016); s*ee, e.g.*, *Cardenas v. Toyota Motor Corp*., 418 F. Supp. 3d 1090, 1103-04 (S.D. Fla. 2019) | (Fraud) *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 446 F. Supp. 3d 218, 225 (E.D. Mich. 2020) ("[T]he economic loss rule wil not bar claims of fraudulent inducement such as are asserted here, where the defendant allegedly concealed facts to encourage a plaintiff to buy its product."). (FDUTPA) *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 499 (Fla. 4th DCA 2001) ("[T]he economic loss rule does not bar a FDUTPA claim."). | Plaintiffs do not distingsuish Automakers' authorities. Plaintiffs do not address the law from Florida Federal Courts ruling to the contrary their cited Eastern District of Michigan case. *See, e.g., Riley v. Gen. Motors, LLC*, 664 F. Supp. 3d 1336, 1346 (M.D. Fla. 2023) ("GM argues Plaintiffs' fraudulent concealment claim (Count V) fails because the economic loss rule bars recovery."); *see also Pinon v. Daimler AG*, 2019 WL 11648560, at *15 (N.D. Ga. Nov. 4, 2019) ("Although Tiara did not expressly hold that the economic loss rule bars fraudulent inducement and fraudulent concealment claims, several district courts in the Eleventh Circuit 'have concluded that Florida's Supreme Court did not intend to allow such products liability claims to survive.'") |
| Georgia | *Foxworthy, Inc. v. CMG Life Servs., Inc*., 2012 WL 1269127, *3 (N.D.Ga. Apr. 16, 2012) ("Plaintiff's … fraud claims are barred by the economic loss rule.") | (Fraud) *Weidman v. Ford Motor Co.*, 2019 WL 3003693, at *6 (E.D. Mich. July 10, 2019) ("The economic loss doctrine is likewise no bar to the Georgia Plaintiff's fraudulent omission . . . claim[], as Georgia does not recognize the economic loss rule for claims arising from fraudulent inducement."). | Plaintiffs do not distingsuish Automakers' authority, and instead rely on a Eastern District of Michigan case interpreting Georgia law. |

# Exhibit 2 - Bases for Dismissal of Fraud Claims

| | | | |
|---|---|---|---|
| **Economic Loss Doctrine** | | | |
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Illinois | *NBD Bank v. Krueger Ringier, Inc.*, 292 Ill. App. 3d 691, 695 (Ill. App. Ct. 1997) (claims that a defendant "concealed or failed to disclose a condition" barred by the Illinois economic loss rule.") | (Fraud) *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012) (stating that Illinois law recognizes an exception to the economic loss rule for fraudulent concealment claims) | Plaintiffs do not distingsuish Automakers' authority. The case relied upon by Plaintiffs' authority (*Wigod*) provide that Illinois courts only recognize three exceptions to the economic loss doctrine – and fraudulent concealment isn't one of them. *First Midwest Bank, N.A. v. Stewart Title Guar. Co*., 218 Ill. 2d 326, 337, 843 N.E.2d 327, 333–34 (2006) ("We recognized three exceptions to this general rule: (1) where the plaintiff sustained damage, i.e., personal injury or property damage, resulting from a sudden or dangerous occurrence ... (2) where the plaintiff's damages are proximately caused by a defendant's intentional, false representation, i.e., fraud ...; and (3) where the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions"). |
| Kentucky | *Cemex, Inc. v. LMS Contracting, Inc*., 2009 WL 3171977, at *2 (W.D. Ky. Sept. 28, 2009); *Ashland Hosp. Corp. v. Provation Med., Inc*., 2014 WL 5486217, at *7 (E.D. Ky. Oct. 29, 2014) | (Fraud) *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 687 (E.D. Mich. 2020) (in Kentucky, "the economic loss doctrine has not been extended beyond embracing specific causes of action that are not analogous to fraudulent omission, or relevant exceptions have been recognized for fraud in the nature of an inducement to enter into a contract (i.e., deceptively to persuade a customer to buy or overpay for a defective car), or in cases where the information withheld concerns a safety-related defect"). | Plaintiffs do not distingsuish Automakers' authority. The Eastern District of Michigan case Plaintiffs rely on does not express the majority view. *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp*., 44 F.4th 393, 413–14 (6th Cir. 2022) ("Kentucky law also prohibits recovery for "fraud claims where the damages plaintiffs seek are the same economic losses arising from the alleged breach of contract.""); *Ashland Hosp. Corp. v. Provation Med., Inc.*, 2014 WL 5486217, at *4 (E.D. Ky. Oct. 29, 2014) ("this Court is now confident in predicting that the Kentucky Supreme Court would extend the economic loss rule to fraud claims.") |
| Maine | *Debbie Elliot, Inc. v. Hancock*, 2005 WL 3340067, at *2 (Me. Super. Oct. 27, 2005) | (Fraud) *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 687 (E.D. Mich. 2020)  (in Maine, "the economic loss doctrine has not been extended beyond embracing specific causes of action that are not analogous to fraudulent omission, or relevant exceptions have been recognized for fraud in the nature of an inducement to enter into a contract (i.e., deceptively to persuade a customer to buy or overpay for a defective car), or in cases where the information withheld concerns a safety-related defect"). | Plaintiffs do not challenge Automakers' Authority. Maine law is clear, and Plaintiffs' Eastern District of Michigan case is inapposite. *See, e.g., Maine-ly Marine Sales & Serv., Inc. v. Worrey*, 2006 WL 1668039, at *2 (Me. Super. Apr. 10, 2006) ("Construing any disputed facts in the light most favorable to Worrey, Maine-ly Marine is nevertheless entitled to summary judgment on Worrey's fraud and misrepresentation claims. Because the only damage Worrey suffered was damage to his engine, the economic loss doctrine … is applicable here."); *Oceanside at Pine Point Condo. Owners Ass'n v. Peachtree Doors, Inc*., 659 A.2d 267, 270 (Me. 1995) ("Courts generally, however, do not permit tort recovery for a defective product's damage to itself …. we agree with the majority approach.") |

# Exhibit 2 - Bases for Dismissal of Fraud Claims

| | Economic Loss Doctrine | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Maryland | *Chubb & Son v. C & C Complete Servs, LLC*, 919 F. Supp. 2d 666, 675 (D. Md. 2013); *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 124 (Md. Ct. App. 2007); *Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 622 (D. Md. 2014) | (Fraud) *Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257, 1297 (E.D. Mich. 2021) (in Maryland, economic loss doctrine does not apply to fraudulent concealment when the alleged "defect gives rise to a risk of serious bodily harm"). (Maryland CPA) *In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *31 (S.D.N.Y. July 15, 2016) (denying motion to dismiss and stating that the Maryland CPA's injury requirement is satisfied by allegations that a plaintiff "suffered an economic loss from the difference in value between a defective car and a defect-free car"). | Plaintiff attempts to distinguish *Madden v. Sheehy Ford of Marlow Heights, Inc.*, 2023 WL 5218103, at *16 (Md. App. Ct. Aug. 15, 2023) (plaintiff failed to allege cognizable injury under MCPA), a case found nowhere in Automaker Defendants' MTD or charts regarding the economic loss rule. Opp n. 42. Plaintiffs do not attempt to distinguish the authorities Automakers rely on here. *Chubb & Son v. C & C Complete Servs, LLC*, 919 F. Supp. 2d 666, 675 (D. Md. 2013) (dismissing fraudulent concealment claim on econ loss ground); Chambers v. King Buick GMC, LLC, 43 F. Supp. 3d 575, 622 (D. Md. 2014) (dismissing MCPA claim where "she was overcharged for the vehicle and paid significantly more for her vehicle"). Plaintiffs' case, *In re Gen. Motors LLC Ignition Switch Litig.*, did not analyze the MCPA in the context of the economic loss rule. |
| Michigan | *Murphy v. The Proctor & Gamble Co.*, 695 F. Supp. 2d 600, 608 (E.D. Mich. 2010); *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc*, 532 N.W.2d 541, 545 (Mich. Ct. App. 1995); *Murphy v. Proctor & Gamble Co.*, 695 F. Supp. 2d 600, 602 (E.D. Mich. 2010) | (Fraud) *In re Takata Airbag Prods. Liab. Litig.*, 2017 WL 2406711, at *7 (S.D. Fla. June 1, 2017) (applying fraudulent inducement exception to Michigan fraud claim). (Michigan CPA) *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 423–24 (S.D.N.Y. 2017), modified on reconsideration, 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017) (denying motion to dismiss Michigan CPA claim based on economic loss doctrine). | Plaintiff incorrectly argues that *Murphy v. Proctor & Gamble Co.*, 695 F. Supp. 2d 600, 608 (E.D. Mich. 2010) and *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc*, 532 N.W.2d 541, 545 (Mich. Ct. App. 1995) do not "appl[y] the economic loss rule to a MI CPA claim." But in *Murphy*, the court explicitly found that "[t]he underlying rationale of the economic loss doctrine is applicable to claims under the Consumer Protection Act." *Murphy v. The Proctor & Gamble Co.*, 695 F. Supp. 2d 600, 606 n.3 (E.D. Mich. 2010).; Plaintiffs rely on non-Michigan cases only, and fail to meaningfully distinguish automakers' case law. Nor have Plaintiffs adequately pleaded any alleged "inducement" exception, which is also subject to the requirements of Rule 9(b). *Brown v. SunTrust Mortg., Inc.*, 2012 WL 6591702, at *5 (N.D. Ga. Dec. 18, 2012) (dismissing fraudulent inducement claim for failure to comply with Rule 9(b)'s particularity requirements). |
| Minnesota | *Marvin Lumber & Cedar Co. v. PPG Indus., Inc*., 223 F. 3d 873, 885 (8th Cir. 2000) | (Fraud) *Woods v. K.R. Komarek, Inc.*, 2017 WL 2312868, at *5 (D. Minn. May 26, 2017) (rejecting application of the economic loss doctrine to intentional fraud claim); *AKA Distrib. Co. v. Whirlpool Corp.*, 137 F.3d 1083, 1086-87 (8th Cir. 1998) ("A fraud claim independent of the contract is actionable, but it must be based upon a misrepresentation that was outside of or collateral to the contract, such as many claims of fraudulent inducement."). | Plaintiffs do not distinguish Defendants' case law; nor have Plaintiffs adequately pleaded any purported intentional misrepresentation as identified in Plaintiffs' cited authorities. Nor have Plaintiffs adequately pleaded any alleged "inducement" exception, which is also subject to the requirements of Rule 9(b). B*rown v. SunTrust Mortg., Inc.*, No. 2:12-CV-00120-RWS, 2012 WL 6591702, at *5 (N.D. Ga. Dec. 18, 2012) (dismissing fraudulent inducement claim for failure to comply with Rule 9(b)'s particularity requirements). |

# Exhibit 2 - Bases for Dismissal of Fraud Claims

| | **Economic Loss Doctrine** | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| **Missouri** | *Graham Constr. Servs. v. Hammer & Steel Inc.*, 755 F.3d 611, 616 (8th Cir. 2014); *Flynn v. CTB, Inc.*, 2015 WL 5692299, at *11 (E.D. Mo. Sept. 28, 2015) | (Fraud) *Browning v. Anheuser-Busch, LLC*, 539 F. Supp. 3d 965, 974 (W.D. Mo. 2021) (under Missouri law, the economic-loss doctrine does not apply to "consumers alleging fraud"); *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 688 (E.D. Mich. 2020) (distinguishing Defendants' cited case, *Graham*, because it applied the economic loss rule to negligent misrepresentation claims, not fraudulent omission). (Missouri MPA) *Pearlstone v. Wal-Mart Stores, Inc.*, 2018 WL 11384521, at *8–9 (E.D. Mo. Nov. 16, 2018) (rejecting application of economic loss doctrine to consumer MMPA claim). | Plaintiffs do not dispute that Automakers' authorities stand for the proposition that the economic loss rule bars fraud claims. *See also Nestle Purina Petcare Co. v. Blue Buffalo Co. Ltd.*, 181 F. Supp. 3d 618, 640 (E.D. Mo. 2016) (dismissing fraudulent concealment claim as "barred by the economic loss doctrine"). |
| **Nebraska** | *In re Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730, at *20-21 (D.N.J. Oct. 26, 2015) (applying Nebraska law) | (Fraud) *Keucker Logistics Grp., Inc. v. Greater Omaha Packing Co., Inc.*, 2023 WL 3198418, at *18–19 (D. Neb. Apr. 14, 2023) (predicting that the Nebraska Supreme Court would recognize the fraud in the inducement exception to the economic loss rule); *Lesiak v.Cent. Valley Ag Co-op., Inc.*, 808 N.W. 2d 67, 83 (Neb. 2012) (economic loss rule does not bar recovery if "there existed an independent tort duty alleged to be breached, which was separate and distinct from the above-stated contractual duty"). | Plaintiffs do not distinguish Automakers' authorities. And in *Lesiak v. Cent. Valley Ag Co-op., Inc.*, 283 Neb. 103, 120, 808 N.W.2d 67, 81 (2012), relied on in *In re Elk*, the Nebraska Supreme Court held "that the economic loss doctrine precludes tort remedies only where the damages caused were limited to economic losses and where either (1) a defective product caused the damage or (2) the duty which was allegedly breached arose solely from the contractual relationship between the parties. And economic losses are defined as commercial losses, unaccompanied by personal injury or other property damage … we reaffirm the doctrine's continued application in the products liability context."<br>Nor have Plaintiffs adequately pleaded any alleged "inducement" exception, which is also subject to the requirements of Rule 9(b). *Brown v. SunTrust Mortg., Inc.*, 2012 WL 6591702, at *5 (N.D. Ga. Dec. 18, 2012) (dismissing fraudulent inducement claim for failure to comply with Rule 9(b)'s particularity requirements). |
| **New Hampshire** | *Animal Hosp. of Nashua, Inc. v. Antech Diagnostics*, 2012 WL 1801742, at *2 (D.N.H. May 17, 2012); *In re: Elk Cross Timbers Decking Marketing Sales Practices and Products Liability Litig.*, 2015 WL 6467730, at *20-21, *22, *23 (D.N.J. Oct. 26, 2015) | (Fraud) *Simpson v. Nissan of N. Am., Inc.*, 2023 WL 7308072, at *13 (M.D. Tenn. Nov. 6, 2023) ("New Hampshire . . . has also recognized an exception to [the economic loss] rule when the allegedly fraudulent omission at issue induced the plaintiff to enter into the contract at issue."). | Plaintiffs do not distinguish Defendants' authorities. Plaintiffs have not adequately pleaded any alleged "inducement" exception, which is also subject to the requirements of Rule 9(b). *Brown v. SunTrust Mortg., Inc.*, 2012 WL 6591702, at *5 (N.D. Ga. Dec. 18, 2012) (dismissing fraudulent inducement claim for failure to comply with Rule 9(b)'s particularity requirements). |

# Exhibit 2 - Bases for Dismissal of Fraud Claims

|  | **Economic Loss Doctrine** | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| **New Jersey** | *Peters v. Countrywide Home Loans, Inc*., 2016 WL 2869059, at *5 (D.N.J. May 17, 2016); *Noble v. Porsche Cars N. Am., Inc*., 694 F. Supp. 2d 333, 336 (D.N.J. 2010) | (Fraud) *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 687 (E.D. Mich. 2020) (in New Jersey, "the economic loss doctrine has not been extended beyond embracing specific causes of action that are not analogous to fraudulent omission, or relevant exceptions have been recognized for fraud in the nature of an inducement to enter into a contract (i.e., deceptively to persuade a customer to buy or overpay for a defective car), or in cases where the information withheld concerns a safety-related defect"); *In re Takata Airbag Prods. Liab. Litig.*, 462 F. Supp. 3d 1304, 1320 (S.D. Fla. 2020) (holding that under the law of New Jersey, among other states, "fraudulent concealment allegations sufficiently invoke the fraud exceptions to the economic loss rule[]"). | Plaintiffs argue that *Noble* does not apply to NJ CFA claims, Opp. at 37, n.42 but Automaker Defendnats do not argue that economic loss rule bars CFA claims. Plaintiffs do not distinguish Defendants' authorities for the proposition that the economic loss bars fraud claims. *See also In re Subaru Battery Drain Prod. Liab. Litig.*, 2021 WL 1207791, at *29 (D.N.J. Mar. 31, 2021) ("New Jersey, California, Florida, and Illinois all recognize the economic loss rule, which generally holds that 'purely economic losses are not recoverable in tort.' … Each of these states recognizes an exception to the economic loss rule for affirmative fraudulent misrepresentations, but *declines to apply the exception to claims of fraudulent concealmen**t** or omission* such as those advanced here.") (emphasis added).<br>And Plaintiffs have not adequately pleaded any alleged "inducement" exception, which is also subject to the requirements of Rule 9(b). *Brown v. SunTrust Mortg., Inc*., 2012 WL 6591702, at *5 (N.D. Ga. Dec. 18, 2012) (dismissing fraudulent inducement claim for failure to comply with Rule 9(b)'s particularity requirements). |
| **New York** | *Orlando v. Novurania of Am., Inc*., 162 F. Supp. 2d 220, 226 (S.D.N.Y. 2001); *HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, 2021 WL 918556, *21 (S.D.N.Y. 2021) ("A [GBL] 349 claim should also be dismissed if the plaintiff fails to allege a loss independent of the loss caused by the alleged breach of contract." (citations and quotation marks omitted); *Spagnola v. Chubb Corp*., 574 F.3d 64, 74 (2d Cir. 2009) ("Although a monetary loss is a sufficient injury to satisfy the requirement under § 349, that loss must be independent of the loss caused by the alleged breach of contract." (citations omitted)). | (Fraud) *In re Takata Airbags Prods. Liab. Litig.*, 462 F. Supp. 3d 1304, 1320 (S.D. Fla. 2019) (holding that under the law of New York, among other states, "fraudulent concealment allegations sufficiently invoke the fraud exceptions to the economic loss rule[]"). (Gen. Bus. Law § 349) *Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*, 832 F. Supp. 2d 194, 203-10 (E.D.N.Y. 2010) (analyzing a § 349 claim without applying the economic loss rule and then, later, applying the economic loss rule to negligence claims). (Gen. Bus. Law § 350) *EED Holdings v. Palmer Johnson Acquisition Corp*., 387 F. Supp. 2d 265, 279 (S.D.N.Y. 2004) ("[I]t is well established that a misrepresentation of present fact which is the inducement for a contract is collateral to said contract, and can support a separate fraud claim."). | Plaintiffs claim that *HSM Holdings* and *Spagnola* "errantly" rely on *Sokoloff v. Town Sports Int'l Inc.*, 778 N.Y.S.2d 9, 10 (App. Div. 2004), Opp. at 37, n.42, but fail to explain why this reliance is incorrect, or dispute that both cases hold that GBL claims are barred by the economic loss doctrine. And Plaintiffs do not attempt to distinguish *Orlando*. *See also New York Methodist Hosp. v. Carrier Corp.*, 68 A.D.3d 830, 831, 892 N.Y.S.2d 110, 111 (2009) (affirming dismissal of fraud claims based on the economic loss doctrine).<br>As Plaintiffs acknowledge, *Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*, 832 F. Supp. 2d 194, 203-10 (E.D.N.Y. 2010) didn't consider whether the economic loss rule applies to Section 349 claims. And E*ED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 279 (S.D.N.Y. 2004) requires a misrepresentation to support an exception to the economic loss rule, but Plaintiffs only plead concealment. |

## Exhibit 2 - Bases for Dismissal of Fraud Claims

| Economic Loss Doctrine | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| **North Carolina** | *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 625 (M.D.N.C. 2006); *Buffa v. Cygnature Constr. & Dev., Inc.*, 2016 WL 7984216, at *7 (N.C. Ct. App. Dec 30, 2016) | (Fraud) *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 687 (E.D. Mich. 2020) (in North Carolina, "the economic loss doctrine has not been extended beyond embracing specific causes of action that are not analogous to fraudulent omission, or relevant exceptions have been recognized for fraud in the nature of an inducement to enter into a contract (i.e., deceptively to persuade a customer to buy or overpay for a defective car), or in cases where the information withheld concerns a safety-related defect"). (NC UDTPA) *In re FCA US LLC Monostable Elec. Gearshift Litig.* ("*FCA Monostable II*"), 355 F. Supp. 3d 582, 592 (E.D. Mich. 2018) (denying motion to dismiss omissions-based NC UDTPA claim because the economic loss doctrine "does not bar claims sounding in fraud"). | Plaintiffs do not distinguish Automaers' cases. North Carolina law dictates that Plaintiffs' cases are inapposite. *See also Coker v. DaimlerChrysler Corp.*, 2004 WL 32676, at *3 (N.C. Super. Jan. 5, 2004), aff'd, 172 N.C. App. 386, 617 S.E.2d 306 (2005), aff'd, 360 N.C. 398, 627 S.E.2d 461 (2006) ("Furthermore, awarding the damages sought by plaintiff would violate the policy foundation of the economic loss rule by eviscerating the contract/warranty system now in place. Therefore, the common law fraud claim that sounds in tort is barred, as plaintiffs seek to recover an economic loss for the diminished value of the minivans."). |
| **Oklahoma** | *Walls v. Am. Tobacco Co.*, 11 P.3d 626, 630 (Okla. 2000) | (Fraud) *T.D. Williamson, Inc. v. Lincoln Elec. Automation, Inc.*, 2022 WL 16842907, at *4–7 (N.D. Okla. Jan. 21, 2022) (applying economic loss rule to negligence claims, but not fraud/deceit, fraudulent inducement, or fraudulent concealment claims). (OKCPA) *T.D. Williamson*, 2022 WL 16842907, at *4–7 (applying economic loss rule to negligence claims, but not OKCPA claim). | Plaintiff claims that *Walls* does not apply the economic loss claim to fraud or OCPA claims. Opp. at 37 n. 42. But *Walls v. Am. Tobacco Co.*, 2000 OK 66, ¶ 10, 11 P.3d 626, 629-632 specifically observed that where "the plaintiff sued for damages based on fraud and violation of the OCPA" summary judgment was appropriate because "the plaintiffs had incurred no monetary damages and had received precisely what they had bargained for." *See also McCowan v. Williams Indus. Servs. Grp., Inc.*, 2019 WL 4884230, at *7 (N.D. Okla. Oct. 3, 2019) ("Plaintiff's claim is for economic loss only; therefore, under either Texas law or Oklahoma law, plaintiff cannot recover for fraud. Therefore, defendant is entitled to summary judgment on plaintiff's fraud in the inducement claim."). And as Plaintiffs concede, *T.D. Williamson, Inc. v. Lincoln Elec. Automation, Inc.*, 2022 WL 16842907, at *4–7 (N.D. Okla. Jan. 21, 2022) did not consider an argument that economic loss precluded OCPA or fraud claims. |
| **South Carolina** | *Sapp v. Ford Motor Co.*, 687 S.E.2d 47, 49 (S.C. 2009) | (Fraud) *Enhance-It, L.L.C. v. Am. Access Techs., Inc.*, 413 F. Supp. 2d 626, 631 (D.S.C. 2006) (economic loss not applicable where certain duties arise by operation of law, including "a duty imposed by tort law, *i.e.*, the duty not to commit fraud"). | Plaintiffs do not distinguish Automakers' authority (a more recent decision of the South Carolina Supreme Court), which held affirmed dismissal of fraud claims based on economic loss doctrine. *Sapp v. Ford Motor Co.*, 386 S.C. 143, 146, 687 S.E.2d 47, 48 (2009) ("Sapp filed suit against Ford alleging causes of action for negligence, strict liability, breach of warranty, and fraud/misrepresentation. Sapp alleged Ford knew of a design defect in the cruise control switch, which would short circuit and cause a fire in the engine compartment. The trial court granted summary judgment as to all causes of action and specifically found that the economic loss rule precluded the tort claims."). |

# Exhibit 2 - Bases for Dismissal of Fraud Claims

| | Economic Loss Doctrine | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| **South Dakota** | *Dakota Style Foods, Inc. v. Sunopta Grains & Foods, Inc.*, 2016 WL 7243534, *3 (D.S.D. Dec. 14, 2016) | (Fraud) *Nw. Pub. Serv. v. Union Carbide Corp.*, 115 F. Supp. 2d 1164, 1169–70 (D.S.D. 2000) (denying motion to dismiss fraud claims and rejecting defendant's economic loss rule argument after analyzing South Dakota Supreme Court case law and determining "the South Dakota Supreme Court seems more likely to hold that the economic loss doctrine does not bar fraud claims which concern the quality or characteristics of goods sold under a contract."). | Plaintiffs do not dintinguish Automakers' more recent authorities. *Dakota Style Foods, Inc. v. Sunopta Grains & Foods, Inc.*, 2016 WL 7243534, at *3 (D.S.D. Dec. 14, 2016) ("The general rule is that economic losses are not recoverable under tort theories; rather, they are limited to the commercial theories found in the UCC."). |
| **Tennessee** | *Milan Supply Chain Sols. Inc. v. Navistar Inc.*, 2019 WL 3812483, at *7 (Tenn. Ct. App. Aug. 14, 2019); *Bunn v. Navistar, Inc*, 2019 WL 333552, at *5 (M.D. Tenn. Jan. 24, 2019), aff'd, 797 F. App'x 247 (6th Cir. 2020) | (Fraud) *Siqueiros v. Gen. Motors LLC*, 2021 WL 2115400, at *9–10 (N.D. Cal. May 25, 2021) (rejecting argument that the economic loss rule bars fraudulent omission claims under Tennessee law). (Tenn. CPA) *Bishop v. DeLaval Inc*., 466 F. Supp. 3d 1016, 1024–25, 1029 (W.D. Mo. 2020) (rejecting application of economic loss doctrine to Tennessee fraud claims and denying motion to dismiss TCPA claim). | Plaintiffs dispute that *Milan* and *Bunn* dismissed claims on the basis of the economic loss doctrine, but both cases explicitly do so. And Plaintiffs only rely on non-Tennessee case law. *Milan Supply Chain Sols. Inc. v. Navistar Inc*., 2019 WL 3812483, at *8 (Tenn. Ct. App. Aug. 14, 2019), aff'd in part on other grounds, 627 S.W.3d 125 (Tenn. 2021) ("Because only "economic loss" is at issue here and Milan's fraud claims concern the quality of the trucks sold to it, we hold that those claims are barred by the economic loss doctrine. Those claims are hereby dismissed."); *Bunn v. Navistar, Inc*., 2019 WL 333552, at *5 (M.D. Tenn. Jan. 24, 2019), aff'd, 797 F. App'x 247 (6th Cir. 2020), and aff'd, 797 F. App'x 247 (6th Cir. 2020) ("the economic loss doctrine bars its intentional misrepresentation claim"). |
| **Texas** | *Profyt v. Wells Fargo Bank, N.A*., 2013 WL 12106152, at *6 (W.D. Tex. May 15, 2013) (subsequent proceedings omitted); *In re Gen. Motors LLC Ignition Switch Litig*., 257 F. Supp. 3d 372, 451 (S.D.N.Y. 2017) (subsequent proceedings omitted); *Heil Co. v. Polar Corp*., 191 S.W.3d 805, 815-17 (Tex. Ct. App. 2006) | (Fraud) *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998) (declining to apply economic loss doctrine in case of fraudulent inducement because "Texas law has long imposed a duty to abstain from inducing another to enter into a contract through the use of fraudulent misrepresentations"). | Plaintiffs do not distinguish Automakers' cases, and Plaintiffs do not plead fraudulent misrepresentation or inducement claims, much less with the particularity required by Rule 9(b), in order to support any purported exception to the economic loss rule. *Brown v. SunTrust Mortg., Inc.*, 2012 WL 6591702, at *5 (N.D. Ga. Dec. 18, 2012) (dismissing fraudulent inducement claim for failure to comply with Rule 9(b)'s particularity requirements) |

# Exhibit 2 - Bases for Dismissal of Fraud Claims

| | Economic Loss Doctrine | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Utah | *Anapoell v. Am. Express Bus. Fin. Corp.*, 2007 WL 4270548, at *6 (D. Utah Nov. 30, 2007) | (Fraud) *In re FCA US LLC Monostable Elec. Gearshift Litig.* ("*FCA Monostable II*"), 355 F. Supp. 3d 582, 592-93 (E.D. Mich. 2018) (denying motion to dismiss fraudulent concealment claim against automaker and holding that, in Utah, the economic loss doctrine "only applies to bar tort claims that fall within the 'bargained-for duties and liabilities' of a contract"). (UCSPA) Automaker Defendants' cited cases (Annapoell) do not mention, let alone apply, the economic loss rule to claims under the Utah CSPA. The analysis of fraudulent concealment should apply to the Utah CSPA claim. *CounselNow, LLC v. Deluxe Small Bus. Sales Inc.*, 430 F. Supp. 3d 1247, 1259–60 (D. Utah 2019) (denying motion to dismiss based on economic loss rule where the plaintiff alleged that misrepresentations fraudulent induced it to enter into an agreement); *Grynberg v. Questar Pipeline Co.*, 70 P.3d 1, 12 (Utah 2003) ("all three of these cases state that fraud may be an exception to the economic loss rule" and explaining that "tort claims may fall outside the scope of the economic loss rule when the claim is based upon a recognized independent duty of care"). | Plaintiffs argue that Automakers' authorities do not support dismissal of the UCSPA claim, but Automakers do not argue that the UCSPA claim is barred under the economic loss doctrine. Plaintiffs do not dispute that *Anapoell v. Am. Express Bus. Fin. Corp.*, 2007 WL 4270548, at *7 (D. Utah Nov. 30, 2007) dismissed "intentional misrepresentation, fraudulent concealment, negligent misrepresentation, and conversion" claims based on the economic loss doctrine. *See also See also HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*, 2018 UT 61, ¶ 23, 435 P.3d 193, 198 ("we hold that the economic loss rule applies to fraudulent inducement claims") |
| Wisconsin | *Digicorp, Inc. v. Ameritech Corp.*, 662 N.W.2d 652, 654-55, 667 (Wis. 2003); *Nigrelli Sys., Inc. v. E.I. DuPont de Nemours & Co.*, 31 F. Supp. 2d 1134, 1136-39 (E.D. Wis. 1999) | (Fraud) *In re Takata Airbag Prods. Liab. Litig.*, 462 F. Supp. 3d 1304, 1320 (S.D. Fla. 2020) (holding that under the law of Wisconsin, among other states, "fraudulent concealment allegations sufficiently invoke the fraud exceptions to the economic loss rule[]"). (WIDTPA) *Am. Orthodontics Corp. v. Epicor Software Corp.*, 746 F. Supp. 2d 996, 998–99 (E.D. Wis. 2010) ("Defendant next argues that the economic loss doctrine bars plaintiff's DTPA claim. This argument fails for the simple reason that the Wisconsin Supreme Court has held that the judicially created economic loss doctrine does not apply to statutory claims."). | Plaintiffs do distinguish Automakers' authorities, in particular do not address the decision of the Wisconsin Supreme Court, *Digicorp, Inc. v. Ameritech Corp.*, 2003 WI 54, ¶ 62, 262 Wis. 2d 32, 60, 662 N.W.2d 652, 665–66 (affirming that economic loss doctrine barred fraud claims: "The alleged fraud here ... concerned matters related to the performance of the contract itself, and as such, cannot be found to be extraneous to the contractual dispute. Accordingly, Digicorp is limited to contract remedies ... The fraud in the inducement exception to the economic loss doctrine is inapplicable under these circumstances."). And no exceptions to the economic loss rule can save Plaintiffs' fraud claims, for which Plaintiffs seek benefit-of-the-bargain damages. *Digicorp, Inc. v. Ameritech Corp.*, 2003 WI 54, ¶ 70, 262 Wis. 2d 32, 63, 662 N.W.2d 652, 667 ("We also hold that recovery of the benefit of the bargain is prohibited where the fraud in the inducement exception applies, and tort remedies are sought.") |

## Exhibit 2 - Bases for Dismissal of Fraud Claims

| | **No Manifestation** | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Alabama | *Ford Motor Co. v. Rice*, 726 So. 2d 626, 631 (Ala. 1998) ("This lawsuit involves this question: Does an alleged product defect that has not manifested itself in such a way as to cause any observable adverse physical or economic consequences constitute an 'injury' that will support a claim of fraudulent suppression? We simply hold that it does not.") | *In re Takata Airbag Prods. Liab. Litig.*, 193 F. Supp. 3d 1324, 1335, 1345 (S.D. Fla. 2016) (Alabama DTPA does not require physical manifestation of a uniform defect "that may kill or maim" plaintiffs); *Ford Motor Co. v. Rice*, 726 So. 2d 626, 631 (Ala. 1998) ("As the plaintiffs point out, this Court has often allowed a plaintiff to recover damages under a fraudulent-inducement theory for a purely economic loss to a product itself based upon value that is indicated by a seller's representations but not actually received, even where the product was in fact working properly."). | Plaintiffs do not meaningfully distinguish *Ford*; they cite to a sentence in *Ford* before it's ultimate conclusion, in Defendants' favor: "This lawsuit involves this question: Does an alleged product defect that has not manifested itself in such a way as to cause any observable adverse physical or economic consequences constitute an 'injury' that will support a claim of fraudulent suppression? We simply hold that it does not." *Ford Motor Co. v. Rice*, 726 So. 2d 626, 631 (Ala. 1998). And *In re Takata Airbag Prods. Liab. Litig.*, 193 F. Supp. 3d 1324, 1335, 1345 (S.D. Fla. 2016) did not actually analyze Alabama law before concluding that manifestation was not required. Instead, the court reached its conclusion regarding manifestation without analyzing the specific law of the jurisdictions at issue: Alabama, Florida, and Pennsylvania. *Id.* at 1335. |
| Arkansas | *Wallis v. Ford Motor Co*., 208 S.W.3d 153, 161 (Ark. 2005) ("[A]ctual damage or injury is sustained when the product has actually malfunctioned or the defect has manifested itself. Where the only alleged injury is the diminution in value of the product, a private cause of action is not cognizable under the ADTPA.") | *Compare* Ark. Code Ann. § 4-88-113 (effective on August 1, 2017) (requiring "actual financial loss"), *with* Ark. Code Ann. § 4-88-113 (effective until July 30, 2017) (requiring "actual damage or injury"). | Plaintiffs do not even attempt to address Automakers' case from the Supreme Court of Arkansas, or provide any law to the contrary. |
| California | *Cahen v. Toyota Motor Corp*., 147 F Supp.3d 955, 970 (N.D Cal. 2015), *aff'd*, 717 Fed.App'x 720 (9th Cir. 2017) ("When economic loss is predicated solely on how a product functions, and the product has not malfunctioned, the Court agrees that something more is required than simply alleging an overpayment for a defective product.") (internal quotation marks and citation omitted) | **CLRA: In re:** *General Motors Ignition Switch Litig.*, 2016 WL 3920353, at *22 (S.D.N.Y. July 15, 2016) ("Plaintiffs sufficiently alleged injury for purposes of the CLRA, as they state that they purchased products that they otherwise would not have, or paid more than they otherwise would have paid, due to New GM's failure to disclose the ignition defects in their cars."). **UCL:** *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1329–31(C.D. Cal. 2013) (UCL imposes duty to disclose "safety issue[s]" regardless of manifestation). | Plaintiffs do not distinguish Automakers' authority: *Cahen v. Toyota Motor Corp*., 147 F Supp.3d 955, 970 (N.D Cal. 2015), *aff'd*, 717 Fed.App'x 720 (9th Cir. 2017) (dismissing CLRA and UCL claims). *GM Ignition Switch*, 2016 WL 3920353, at *22 did not address an argument that manifestation is required for a CLRA claim. And *Asghari v. Volkswagen Grp. of Am., Inc*., 42 F. Supp. 3d 1306, 1329–31(C.D. Cal. 2013) did not address an argument that manifestation is required for a UCL claim, and the court found that plaintiffs "may well have ... [had] a physical manifestation of the effects of the allegedly excessive oil consumption." |

# Exhibit 2 - Bases for Dismissal of Fraud Claims

| | No Manifestation | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Florida | Automakers do not argue that manifestation is required for a FDUTPA claim. | *In re Takata Airbag Prods. Liab. Litig.*, 193 F. Supp. 3d 1324, 1335, 1345 (S.D. Fla. 2016) (FDUTPA does not require physical manifestation of a uniform defect "that may kill or maim" plaintiffs); *James v. Yamaha Motor Corp.,* 2016 WL 3083378, at *9–10, *12 (S.D. Fla. May 31, 2016) (finding plaintiffs sufficiently pled FDUTPA injury even though defect had not yet manifested). | Automakers do not argue that manifestation is required for a FDUTPA claim. |
| Georgia | *Williams v. Jet One Jets, Inc.*, 755 F. Supp. 2d 1281, 1289 (N.D. Ga. 2010) ("The measure of damages to be applied for an FBPA violation is that of actual injury suffered. Actual damages, for purposes of the FBPA, means relief other than the refund of the purchase price and restitution." (internal quotation marks and citation omitted)); *Cunningham v. Ford Motor Co*., 2022 WL 17069563, at *13 (E.D. Mich. 2022) ("[Plaintiff] seems to allege that he is 'at risk of ongoing harm' from 'future manifestations of the ... Defect,' and he insists that that 'ongoing harm' also entitles him to injunctive relief under the GUDTPA ... Neither component states a viable claim under the GUDTPA.") | *Plaza Pontiac, Inc. v. Shaw*, 158 Ga. App. 799, 801, 282 S.E.2d 383, 386 (Ga. Ct. App. 1981) (for a claim under the FBPA, evidence of the "diminution of value" of the subject vehicle supported conclusion "to send the question of actual damages to the jury"). | Plaintiffs do not distinguish Automakers' authorities. And Plaintiffs' cited case (*Plaza*) did not address any argument regarding manifestation – in fact, the case involved "a serious defect which resulted from previous damage to the vehicle." *Plaza Pontiac, Inc. v. Shaw*, 158 Ga. App. 799, 799, 282 S.E.2d 383, 385 (1981). |
| Illinois | *Miller v. Gen. Motors, LLC,* 2018 WL 2740240, at *10, 12 (E.D. Mich. June 7, 2018) (dismissing fraud claims under Michigan, Illinois, Massachusetts, Oregon, and Washington law) | *In re: General Motors Ignition Switch Litig.*, 257 F. Supp. 3d 372, 413 (S.D.N.Y. 2017) (concluding Illinois plaintiff's ICFA claim survives motion to dismiss, despite no manifestation of defect). | Plaintiffs do not distinguish Automakers' authorities. And Plaintiffs' cited case (*GM Ignition Switch*) did not address any argument that manifestation was required for an ICFA claim. |

# Exhibit 2 - Bases for Dismissal of Fraud Claims

| No Manifestation | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| **Massachusetts** | *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *10, 12 (E.D. Mich. June 7, 2018) (dismissing fraud claims under Michigan, Illinois, Massachusetts, Oregon, and Washington law) | *Iannacchino v. Ford Motor Co.*, 888 N.E.2d 879, 886–87 (Mass. 2008) ("If Ford knowingly sold noncompliant (and therefore potentially unsafe) vehicles or if Ford, after learning of noncompliance, failed to initiate a recall and to pay for the condition to be remedied, the plaintiffs would have paid for more (viz., safety regulation-compliant vehicles) than they received. Such an overpayment would represent an economic loss—measurable by the cost to bring the vehicles into compliance—for which the plaintiffs could seek redress under G.L. c. 93A, § 9."). | Plaintiffs do not distinguish Automakers' authority. *See also Martin v. Mead Johnson Nutrition Co*., 2010 WL 3928707, at *1 (D. Mass. Sept. 30, 2010) ("overpayment for a product is not a recoverable injury" for MCPA claim). |
| **Michigan** | *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *10, 12 (E.D. Mich. June 7, 2018) (dismissing fraud claims under Michigan, Illinois, Massachusetts, Oregon, and Washington law) | *In re: General Motors Ignition Switch Litig.*, 257 F. Supp. 3d 372, 423 (S.D.N.Y. 2017) ("[T]he Michigan Plaintiffs 'need only allege' that their vehicles are defective; '[t]hey are not required to allege and prove . . . manifestation of [that] defect.'"). | Plaintiffs do not distinguish Automakers' authority, *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *10, 12-15 (E.D. Mich. June 7, 2018) (dismissing MCPA claim where "this defect ever manifested itself in their vehicles"). And the case Plaintiff relies on states that "absent state law to the contrary — [it] will not impose a manifestation requirement." *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 277 (S.D.N.Y. 2018). Automakers have provided contary law here. |
| **Montana** | *Varner v. Domestic Corp*., 2017 WL 3730618, at *2 & n.1, (S.D. Fla. 2017) (addressing, in part, Montana claims and finding where plaintiff's suit "relie[s] solely on the [alleged] increased risk of [manifestation of defect] by their [d]efective [product]" and "there are no allegations that the[] [manifestation is] inevitable or that any costs have been incurred to prevent the risk," then they "they would lack standing to sue") (emphasis added) | *In re Gen. Motors LLC Ignition Switch Litig.,* 339 F. Supp. 3d 262, 281 (S.D.N.Y. 2018) ("[I]n light of the statute's broad purpose", Montana law "would not require a manifested defect to state an 'ascertainable loss' under the Montana CPA."). | Plaintiffs do not distinguish Automakers' authority. And the case Plaintiff relies on states that "absent state law to the contrary — [it] will not impose a manifestation requirement." *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 277 (S.D.N.Y. 2018). Automakers have provided contary law here. |

# Exhibit 2 - Bases for Dismissal of Fraud Claims

| No Manifestation | | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| **New Jersey** | *Tatum v. Chrysler Grp., LLC*, 2011 WL 1253847, at *5 (D.N.J. March 28, 2011) ("[I]n [Consumer Fraud Act] cases, where an allegedly defective product was covered by a warranty, '[a] claim that a defect may, but has not, manifested itself until after the expiration of the warranty period cannot form the basis of a claim under the CFA. Rather, a plaintiff must sufficiently allege that the defendant manufacturer knew with certainty that the product at issue or one of its components was going to fail.'") | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 282-83 (S.D.N.Y. 2018) ("[C]ourts have generally allowed New Jersey CFA claims to go forward even without a manifested defect."). | Plaintiffs do not distinguish Automakers' authority, and the case Plaintiff relies on states that "absent state law to the contrary — [it] will not impose a manifestation requirement." *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 277 (S.D.N.Y. 2018). Automakers have provided contary law here. Notably, *Tatum* relies on New Jersey law. *Perkins v. DaimlerChrysler Corp*., 383 N.J. Super. 99, 112, 890 A.2d 997, 1004 (App. Div. 2006) ("a claim that a defect may, but has not, manifested itself until after the expiration of the warranty period cannot form the basis for a claim under the CFA.") |
| **New York** | *Marshall v. Hyundai Motor Am*., 2019 WL 2678023, at *17 (S.D.N.Y. 2019) ("In the automotive context, New York courts routinely reject the argument that a common defect which never manifests itself ipso facto cause[s] economic loss, and therefore satisfies the actual injury element under § 349—even if reports indicate that the components have already failed in certain cases." (internal quotation marks and citation omitted)); *Chambers v. King Buick GMC, LLC,* 43 F. Supp. 3d 575, 622 (D. Md. 2014); *Frank v. DaimlerChrysler Corp.,* 741 N.Y.S.2d 9, 292 A.D. 118, 122-23 (2002) | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 329 (S.D.N.Y. 2018) (under New York's GBL Sections 349 and 350, "[a] plaintiff can show 'actual injury' merely by proving that he or she was 'misled or deceived by an advertisement which is misleading in a material way'"). | Plaintiffs do not distinguish Automakers' authorities, and Plaintiffs' cited case did not analyze whether manifestation was required for GBL claims. |
| **North Carolina** | *Bailey v. LeBeau*, 339 S.E.2d 460, 463 (N.C. Ct. App. 1986), *aff'd*, 348 S.E.2d 524 (N.C. 1986) | *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 792–93 (C.D. Cal. 2022) (North Carolina plaintiffs' allegations that "due to the presence of the Alleged Defect in each Class Vehicle, each Vehicle is worth less than each Plaintiff paid for it" is "sufficient to establish an injury under the NCDTPA"). | Plaintiffs do not attempt to address Automakers' authority (North Carolina case law), which provides that "[a]s an essential element of a cause of action under G.S. 75–16, plaintiff must prove not only that defendants violated G.S. 75–1.1, but also that plaintiff has suffered actual injury as a proximate result of defendants' misrepresentations." *Bailey v. LeBeau*, 79 N.C. App. 345, 352, 339 S.E.2d 460, 464, *aff'd as modified*, 318 N.C. 411, 348 S.E.2d 524 (1986) ("The record contains no evidence which tends to show that the automobile broke down because the parts had not been replaced within six months"). |

## Exhibit 2 - Bases for Dismissal of Fraud Claims

| | No Manifestation | | |
|---|---|---|---|
| **State** | **Automakers' Authority** | **Plaintiffs' Authority** | **Why Plaintiffs' Authority is Inapposite/ Distinguishable** |
| Oklahoma | *Sisemore v. Dogencorp, LLC*, 212 F. Supp. 3d 1106, 1109-10 (N.D. Okla. 2016) | *Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009) (The benefit-of-the-bargain "rule of recovery, adopted in Oklahoma as a measure of damages in fraud cases, allows a plaintiff to recover the difference between the actual value received and the value the defrauded party would have received had the value actually been as represented."). | Plaintiffs do not distinguish Automakers' authority, and Plaintiffs' authority (*Bowman*) does not even mention the OCPA. *Sisemore v. Dolgencorp, LLC*, 212 F. Supp. 3d 1106, 1110 (N.D. Okla. 2016) ("under the OCPA, the plaintiff must establish actual damages, which requires more than simply purchasing a product whose labeling violates the OCPA ... Consequently, a person may not bring an action as an aggrieved consumer under [the OCPA] solely as a result of his or her payment of the purchase price for that product."). |
| Oregon | *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *10, 12 (E.D. Mich. June 7, 2018) (dismissing fraud claims under Michigan, Illinois, Massachusetts, Oregon, and Washington law) | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 289-90 (S.D.N.Y. 2018) (concluding Oregon's UTPA does not require a defect's manifestation, and that a plaintiff "may recover for diminished value"). | Plaintiffs do not distinguish Automakers' authority. And the case Plaintiff relies on states that "absent state law to the contrary — [it] will not impose a manifestation requirement." *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 277 (S.D.N.Y. 2018). Automakers have provided contary law here. |
| Texas | *Martin v. Ford Motor Co*., 914 F. Supp. 1449, 1455 (S.D. Tex. 1996) (dismissing breach of implied warranty and DTPA claim premised on unmanifested defect for lack of injury) | *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 859 n.14 (Tex. App. 2005) ("We do not hold that a consumer may never possess standing to bring suit under the DTPA for benefit-of-the-bargain damages based on an unmanifested product defect."). | Plaintiffs do not distinguish Automakers' authority. And the case Plaintiff relies on found that: "At some point, potential loss-of-benefit-of-the-bargain injuries and potential cost-of-repair or replacement injuries from a defect that has not manifested itself simply become too remote in time to constitute an "injury" for statutory standing purposes under the DTPA." *Everett v. TK-Taito, L.L.C*., 178 S.W.3d 844, 858 (Tex. App. 2005) |
| Washington | *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *10, 12-15 (E.D. Mich. June 7, 2018) (dismissing fraud claims under Michigan, Illinois, Massachusetts, Oregon, and Washington law) | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 292 (S.D.N.Y. 2018) (concluding manifestation of a defect is not required to support a claim under Washington's CPA.). | Plaintiffs do not distinguish Automakers' authority. And the case Plaintiff relies on states that "absent state law to the contrary — [it] will not impose a manifestation requirement." *In re Gen. Motors LLC Ignition Switch Litig*., 339 F. Supp. 3d 262, 277 (S.D.N.Y. 2018). Automakers have provided contary law here. See also *Beaty v. Ford Motor Co*., 2021 WL 3109661, at *9 (W.D. Wash. July 22, 2021), amended, 2023 WL 1879534 (W.D. Wash. Feb. 10, 2023) ("common law claim for fraudulent concealment and violations of Washington's CPA" would not prevail without manifest defect) |