# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| IN RE: ARC AIRBAG INFLATORS<br>PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br><br>Case No: 1:22-md-03051-ELR |

# REPLY IN SUPPORT OF GENERAL MOTORS LLC'S MOTION TO DISMISS PLAINTIFFS' CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT

# ARGUMENT[1]

## I. Tolling Does Not Apply to Plaintiffs' Untimely Claims.

Plaintiffs do not address (and thus concede) that the statutes of limitation have run on many of their claims. *See* Mot. at 6-8. Instead, plaintiffs argue that the discovery rule or GM's alleged fraudulent concealment tolls the statutes of limitations. *See* Pls.' Opp'n to GM's Mot. to Dismiss ("Opp."), ECF No. 222, at 4-6. Plaintiffs are wrong.

***Discovery Rule Does Not Save Plaintiffs' Untimely Claims.*** Plaintiffs argue that the discovery rule applies to their express warranty claims because GM's warranties are "warranties for future performance or a promise to repair." Opp. at 5. But plaintiffs cannot rely on the discovery rule to override the term of the limited express warranty:

> The life of an express warranty cannot be extended beyond its terms by the discovery exception of the statute of limitations. The cause of action for breach of an express warranty begins to accrue upon discovery only if the defect is, or should have been, discovered within the warranty period; at the latest, the cause of action begins to accrue on the date when the express warranty expires.

*Owen v. Gen. Motors Corp.*, 533 F.3d 913, 919 (8th Cir. 2008); *see also Yancey v. Remington Arms Co.*, 2013 WL 5462205, *5 (M.D.N.C. Sept. 30, 2013) ("[T]he discovery rule does not extend the life of an express warranty beyond its terms."). Plaintiffs do not allege that a defect manifested during the warranty period, that they presented their vehicles to a GM dealership to repair during the warranty period, or that GM refused or failed to

---

[1] After General Motors LLC ("GM") filed its Motion to Dismiss and Mem. in Supp. ("Mot."), ECF No. 186, Plaintiffs' counsel requested that GM waive service in the cases for which Plaintiffs failed to serve GM. GM has since agreed to that request.

1

repair their vehicles during the warranty period.[2]

Plaintiffs also claim that the discovery rule applies to their *implied* warranty claims, citing *Clenney v. FCA US LLC*, 2022 WL 2197074 (N.D. Cal. June 20, 2022). Opp. at 5. But implied warranties do not extend to future performance unless the terms of the warranty explicitly state otherwise—which GM's warranties do not. *See* U.C.C. § 2-725(2); Mot. at 9-10. The discovery rule does not apply and Plaintiffs' implied warranty claims accrued on delivery. *See Maytray v. Ford Motor Co.*, 2011 WL 13221015, at *2 (C.D. Cal. Nov. 9, 2011) (discovery rule inapplicable to implied warranty claims).[3]

**Fraudulent Concealment Tolling Does Not Apply**. Plaintiffs also argue that their express and implied warranty claims are timely "due to GM's fraudulent concealment." Opp. at 5. But Plaintiffs do not allege any affirmative conduct by GM that Plaintiffs purportedly relied on, or facts plausibly showing that GM owed them a duty to disclose. *See* Mot. at 8; Reply in Supp. of Certain Defs.' Mot. to Dismiss ("Joint Reply"), ECF No. 249 at 16-18; *see, e.g., Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) ("[C]ourts

---

[2] Plaintiffs rely on *Ehrlich v. BMW of North America, LLC*, 801 F. Supp. 2d 908, 924-25 (C.D. Cal. 2010), but the plaintiff in that case did not assert an express warranty claim, because the warranty had already expired.

[3] Plaintiffs cannot rely on the discovery rule for the additional reason that they do not plead that the rule applies, or allege any facts showing when and how Plaintiffs supposedly discovered their injuries or why they were unable to do so earlier. *See Suter v. Univ. of Texas at San Antonio*, 495 F. App'x 506, 510 (5th Cir. 2012) ("The discovery rule must be affirmatively pleaded in federal court[.]"); *Flat v. Ford Motor Co.*, 2023 WL 4108190, at *2-3 (N.D. Cal. June 21, 2023) (plaintiff must plead specific facts showing the time and manner of discovery and why plaintiff was not able to make the discovery earlier).

usually require some affirmative misconduct, such as deliberate concealment" to toll limitations period); *Campbell v. Upjohn Co.*, 498 F. Supp. 722, 728 (W.D. Mich. 1980), *aff'd*, 676 F.2d 1122 (6th Cir. 1982).[4,5]

**II.     The Sale Order Bars Certain Claims By Plaintiffs With Old GM Vehicles.**

Plaintiffs concede that the implied warranty claims of named Plaintiffs who purchased Old GM vehicles post-bankruptcy are barred by the Sale Order. Opp. at 7 n.10.[6] And Plaintiffs cannot support their fraud, unjust enrichment, or consumer protection claims because they allege no independent post-sale conduct by New GM, which they concede is required. Plaintiffs argue that the Sale Order does *not* foreclose their fraud claims against New GM because they claim New GM had both pre-sale "knowledge of the Inflator Defect" and the ability to prevent "economic losses by disclosing the truth." Opp. at 7. But Plaintiffs plead no facts plausibly showing GM's pre-sale knowledge of any alleged defect in Plaintiffs' Old GM vehicles. *See* Certain Defs.' Mem. in Supp. of Mot. to Dismiss, ECF No. 181-1 ("Joint Mot.") at 24-27; Joint Reply at 16-18. Nor can knowledge be inferred

---

[4] Plaintiffs also argue that GM "continued to make and sell Class Vehicles while advertising safety in its promotional materials and other public statements," but this is, at most, non-actionable sales puffery. *See, e.g.*, *In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, 2018 WL 2765961, at *8 (N.D. Ga. June 8, 2018).

[5] Plaintiffs rely on *In re Arby's Restaurant Group Inc. Litigation*, 317 F. Supp. 3d 1222 (N.D. Ga 2018), to argue that Rule 9(b) is relaxed for omission claims. Opp. at 6. But Rule 9(b)'s requirements for pleading omission-based claims mirror those of typical fraud claims, requiring specific factual allegations about the omission, which Plaintiffs fail to do. *See Haynes v. JP Morgan Chase Bank, N.A.*, 466 F. App'x 763, 765 (11th Cir. 2012).

[6] To the extent Plaintiffs argue that New GM assumed *express* warranties for Old GM vehicles, plaintiffs all purchased their vehicles long after expiration of the warranty period and no tolling applies. *See* Section I, *supra*; Joint Reply at 29-30.

based on NHTSA's investigation, which began in July 2015, or the handful of isolated field ruptures referenced in the Complaint, most of which (1) occurred after Plaintiffs' vehicle purchases, and (1) are insufficient in number to establish knowledge of a systemic defect in millions of vehicles. *See* Joint Mot. at 24-27.[7]

### III. GM's Limited Warranty Does Not Cover Design Defects.

Plaintiffs do not dispute that "the overwhelming weight of state law authority holds that design defects are *not* covered under" GM's express warranties. *Sloan v. Gen. Motors LLC*, 2017 WL 3283998, at *8 (N.D. Cal. Aug. 1, 2017). Without challenging the holding in *Sloan*, Plaintiffs argue that, in a *different* case, the court noted that the particular warranty in that case was "not similar to the [GM] warranties in the five cases relied on by *Sloan*." Opp. at 8 (citing *Jefferson v. Gen. Motors, LLC*, 344 F.R.D. 175, 189 (W.D. Tenn. 2023)). But Plaintiffs do not even identify the relevant provisions of GM's warranties that they claim cover design defects, much less show that they differ from the warranties considered in *Sloan*. Nor do Plaintiffs even attempt to address GM's argument that the plain language of the warranties limits coverage to defects in "materials or workmanship occurring during the warranty period"—*not* design defects.[8]

---

[7] To the extent Plaintiffs attempt to "impute" knowledge from Old GM to New GM, Plaintiffs plead no facts supporting imputation or identifying any individuals or documents with specific knowledge. *See In re Motors Liquidation Co.*, 541 B.R. 104, 115 (S.D.N.Y. 2015) (imputation arises "in the context . . . of identified individuals or identified documents, for particular purposes"; it cannot arise "by successorship alone.").

[8] Plaintiffs' argument about judicial notice is a red herring—no party has raised the issue of judicial notice. Defendants attached the relevant warranties to their Motions because the Complaint specifically references them, and they are essential to many of Plaintiffs' claims.

4

## IV. Any Implied Warranty Is Limited to the Duration of GM's Express Warranty.

Plaintiffs do not address any of GM's specific arguments regarding the durational limits of GM'S implied warranties. *See* Mot. at 9. Instead, Plaintiffs incorporate arguments they make in opposition to Porsche Cars North America, Inc.'s ("PCNA") motion to dismiss and declare that GM cannot rely on the "asserted durational limits of its implied warranties[.]" Opp. at 10. For the reasons explained in PCNA's response to that argument, Plaintiffs are wrong. *See* PCNA Reply at Section III.

## V. Certain of Plaintiffs' Claims Are Mooted by GM's Voluntary Recall.

Relying solely on *Leon v. Cont'l AG*, 301 F. Supp. 3d 1203 (S.D. Fla. 2017), Plaintiffs argue that GM's recalls do not moot claims for those vehicles because the recalls "do not offer any compensation to consumers." Opp. at 10. But *Leon* only declined to dismiss the claims on mootness grounds because they were "subject to dismissal for other reasons." *Id.* at 1220 n.10. GM's recall, "which remedies the [alleged] defect," moots Plaintiffs' overpayment claim by "'remov[ing] the defect upon which [that] claim is based.'" *Pacheco v. Ford Motor Co.*, 2023 WL 2603937, at *5 (E.D. Mich. Mar. 22, 2023), *appeal filed*, No. 23-1273 (6th Cir.).

## CONCLUSION

The Court should dismiss all claims asserted against GM.

---

*See Gibson v. Equifax Info. Servs., LLC*, 2019 WL 4731957, at *2 (M.D. Ga. July 2, 2019) ("When a plaintiff refers to certain documents in the complaint and they are central to the plaintiff's claim[s], then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal[.]").

Dated: February 16, 2024

Respectfully submitted,

/s/ April N. Ross
CROWELL & MORING LLP
April N. Ross
Mohamed Awan
Emily Tucker
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 624-2500
aross@crowell.com
mawan@crowell.com
etucker@crowell.com

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Linda Ann Klein
3414 Peachtree Road, Northeast
Monarch Plaza, Suite 1500
Atlanta, GA 30326-1164
404-577-6000
Email: lklein@bakerdonelson.com

*Counsel for General Motors LLC*

## **RULE 7.1D CERTIFICATE**

The undersigned hereby certifies that the foregoing brief was prepared using 14-point Times New Roman font, in accordance with Local Rule 5.1C.

Dated this 16th day of February, 2024.

/s/ April N. Ross

CROWELL & MORING LLP
April N. Ross
Mohamed Awan
Emily Tucker
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 624-2500
aross@crowell.com
mawan@crowell.com
etucker@crowell.com

*Counsel for General Motors LLC*

## **CERTIFICATE OF SERVICE**

I certify that on February 16, 2024, a copy of the foregoing Reply was served electronically through the Court's electronic filing system upon all parties appearing on the court's ECF service list.

/s/ April N. Ross

CROWELL & MORING LLP
April N. Ross
Mohamed Awan
Emily Tucker
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 624-2500
aross@crowell.com
mawan@crowell.com
etucker@crowell.com

*Counsel for General Motors LLC*