# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: ARC AIRBAGS INFLATORS PRODUCTS LIABILITY LITIGATION | Case No.: 1:22-md-03051-ELR<br><br>MDL No. 3051<br><br>Judge: Eleanor L. Ross<br><br>JURY TRIAL DEMANDED |

**DEFENDANT FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT**

- i -

## **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

    I.   INTRODUCTION ............................................................................................. 1

    II.  ARGUMENT ..................................................................................................... 1

          A.     Statutes of Limitations Still Bar Certain Claims ........................ 1

          B.     The Fraud-Based Claims ............................................................ 2

          C.     The Warranty Claims .................................................................. 3

    III. CONCLUSION .................................................................................................. 5

- ii -

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Atienza v. FCA US LLC*, 2018 WL 6460431 (N.D.Cal. 2018) ................................. 3

*Baker v. City of Madison*, 67 F.4th 1268 (11th Cir. 2023) ....................................... 5

*Campo v. Granite Servs. Int'l, Inc.*, 584 F.Supp.3d 1329 (N.D.Ga. 2022) ................................................................................................................ 4

*Cole v. Gen. Motors Corp.*, 484 F.3d 717 (5th Cir. 2007) ........................................ 3

*Connick v. Suzuki Motor Co.*, 675 N.E.2d 584 (Ill. 1996) ........................................ 5

*Deras v. Volkswagen Grp. of Am., Inc.*, 2018 WL 2267448 (N.D.Cal. 2018) ................................................................................................................ 2

*Georgia Atlas, Inc. v. Turnage*, 594 F.Supp.3d 1339 (N.D.Ga. 2022) ...................... 1

*Georgia Timberlands, Inc. v. S. Airways Co.,* 188 S.E.2d 108 (Ga.App. 1972) ........................................................................................................ 3

*Hackler v. Gen. Motors LLC*, 2022 WL 270867 (S.D.Ga. 2022) .............................. 5

*In re ZF-TRW*, 601 F.Supp.3d 625 (C.D.Cal. 2022) ................................................ 4

*Kalpakchian v. Bank of Am. Corp.*, 2019 WL 12426033 (N.D.Ga. 2019) ................................................................................................................ 4

*Ryan v. Microsoft Corp.*, 2015 WL 1738352 (N.D.Cal. 2015) ................................. 1

*Sater v. Chrysler Group LLC*, 2015 WL 736273 (C.D.Cal. 2015) ........................... 5

*U.S. ex rel. Potra v. Jacobson Co., Inc.*, 2014 WL 1275501 (N.D.Ga. 2014) ................................................................................................................ 3

*Zakikhani v. Hyundai Motor Co.*, 2022 WL 1740034 (C.D.Cal. 2022) .................... 4

## I. INTRODUCTION

While Defendants' Joint Motion to Dismiss chronicles the CAC's countless deficiencies, there are also a number of FCA US-specific shortcomings, none of which Plaintiffs effectively rebut. Plaintiffs point to no pleaded facts to excuse their claims' untimeliness, establish the requisite knowledge for their fraud claims, or demonstrate presentment or a covered defect for their warranty claims. The Court should dismiss the claims against FCA US in their entirety.

## II. ARGUMENT

### A. Statutes of Limitations Still Bar Certain Claims

Plaintiffs ignore[1] and thus concede[2] FCA US's facial untimeliness arguments. They argue for application of the discovery rule,[3] but ignore that the rule requires allegations showing the time and manner of Plaintiffs' **actual** discovery—information entirely within Plaintiffs' control. *Compare* MTD, pp. 2-3, *with* Pl. Opp., pp. 3-5; *see also* Joint Reply § VIII. Nor do Plaintiffs plead fraudulent concealment tolling, as they never allege specific, affirmative misrepresentations,

---

[1]*Compare* Plaintiffs' Memorandum of Law in Opposition to FCA US LLC's Motion to Dismiss, ECF #228 ("Pl. Opp."), pp. 3-5, *with* FCA US LLC'S Memorandum of Law in Support of Motion to Dismiss, ECF #188-1 ("MTD"), pp. 2-5.

[2]*Georgia Atlas, Inc. v. Turnage*, 594 F.Supp.3d 1339, 1347 (N.D.Ga. 2022) ("Plaintiffs concede[d] [defendant's argument] … , having failed to respond to it …").

[3]Plaintiffs ignore that the rule does *not* apply to implied warranty, GBL, or New York unjust enrichment claims (*compare* MTD, pp. 3-5 & nn.8, 13, *with* Pl. Opp., pp. 3-5) and thus waive argument (*see* Note 2, *supra*). And, they plead no facts justifying its application to the UCL claim. *Compare infra*, *with Ryan v. Microsoft Corp.*, 2015 WL 1738352, *16 (N.D.Cal. 2015).

- 1 -

separate from their underlying claims, upon which they actually relied; instead, they argue only that FCA US "concealed the defect from [them] and ... class members" — the same silence underlying their omission claims. *Compare* MTD, p. 3 n.6, *with* Pl. Opp., p. 4; *see also* Joint Reply § VIII.

**B.      The Fraud-Based Claims**

Plaintiffs argue the group pleading doctrine exists to ensure each defendant is afforded "fair notice" of "claims or allegations" against it. VW Opp., pp. 6-7 (cited in Pl. Opp., p. 5). But Plaintiffs only argue *VW* had notice because "the [complaint] lays out what *VW* did and why [*VW*] is liable," and "*VW* disregard[ed] Plaintiffs' numerous allegations specific *to it*." *Id.* (emphases added). The problem is FCA US is not VW, and Plaintiffs point to almost[4] no *FCA US*-specific allegations. *See* Pl. Opp., pp. 5-6. Instead, they rely on undifferentiated and insufficient allegations about the "Automaker Defendants" (*id.*). *See* MTD, p. 6.

Plaintiffs also argue the Class Vehicles "share the same defect or design," thus the Automaker Defendants' recalls show FCA US's knowledge. Pl. Opp., pp. 6-7. But *Deras v. Volkswagen Grp. of Am., Inc.* actually *dismissed* claims, as related recalls, alone,[5] are insufficient to show knowledge. 2018 WL 2267448, *6 (N.D.Cal. 2018).

---

[4]Plaintiffs' only FCA US-specific knowledge allegation fails for reasons detailed in FCA US's Motion and the Joint Brief. MTD, pp. 6-7; Joint Br., pp. 25-26.
[5]All of Plaintiffs' other knowledge allegations fail. *See* Joint Br. pp. 24-27.

- 2 -

C.     **The Warranty Claims**

*No Warranty For Used Vehicles*: Contrary to Plaintiffs' arguments, the cases FCA US relies upon did *not* interpret *Georgia Timberlands, Inc. v. S. Airways Co.*, 188 S.E.2d 108 (Ga.App. 1972) to only preclude warranty claims for used goods purchased from *non-authorized* dealers; turn on an authorized/non-authorized dealer distinction; or endorse claims for used goods bought from authorized dealers.[6]

*No Presentment or Reasonable Repair Opportunity (CA)*[7]: Even if FCA US could have made repairs "at regular service appointments," Plaintiff Madueno does not allege taking his vehicle **to any dealer, for any reason**. *Compare* CAC, ¶ 156, *with Atienza v. FCA US LLC*, 2018 WL 6460431, *4 (N.D.Cal. 2018) (car brought to dealer for unrelated repairs). Conclusory presentment allegations for "Plaintiffs" do not suffice. CAC, ¶ 725; *see also* Joint Reply § III.D.

*No Failure of Essential Purpose*: Plaintiffs never **pleaded** failure of essential purpose, and thus even invoke the doctrine (*U.S. ex rel. Potra v. Jacobson Co., Inc.*, 2014 WL 1275501, *3 (N.D.Ga. 2014)), which fails regardless. *See* Joint Reply § III.D.

*No Futility*: Plaintiffs' cases recognize a futility defense only where (1) at least *some* named plaintiffs sought repairs that were denied/unsuccessful; or (2) a

---

[6]*See also Cole v. Gen. Motors Corp.*, 484 F.3d 717, 730 (5th Cir. 2007) (holding "[a] purchaser of used goods has no implied warranty claim against [a] manufacturer" in Georgia, drawing no authorized/non-authorized dealer distinction).
[7]Plaintiffs ignore Georgia/Illinois law (*id.*) and waive argument there. *See* n.2, *supra*.

manufacturer *affirmatively* said a repair was impossible.[8]  Neither exists here.  *See* CAC, ¶¶ 726, 737, 1207, 1218, 1438, 1452.  Plaintiffs' request for "injunctive relief" and "repair of … Defective Inflators" (*id.* at ¶ 395) further undermines any futility defense, rendering such allegations implausible under Rule 8.[9]  *See* Joint Reply § III.D.

<u>*Warranty Excludes Design Defects*</u>:  Plaintiffs contend *In re ZF-TRW* shows FCA US's warranties do *not* exclude design defects, but they cite only the non-dismissal of **Arizona** claims (an error) and ignore dismissal of **California**/**Illinois** claims (on grounds that warranties did *not* cover design defects).  601 F.Supp.3d 625, 805-07, 820 (C.D.Cal. 2022).  And, Plaintiffs never explain why FCA US's cases are inapposite, or provide Georgia/Illinois authority.  *Compare* Pl. Opp., pp. 9-10, *with* MTD, p. 10 & n.20; *see also* Joint Reply § III.A.

Plaintiffs also argue they lacked "opportunity to test the[] [warranties'] authenticity"  Pl. Opp., p. 9.  Courts do not construe such language to challenge authenticity, and thus consider warranties at the pleadings stage,[10] without conversion to summary judgment.[11]  *See* Kia/Hyundai Reply § II.A; BMW Reply § II.

---

[8]*See* Joint Auto Opp. § II.A (cited in Pl. Opp., p. 8, and citing cases to such effect).
[9]*See, e.g.*, *Zakikhani v. Hyundai Motor Co.*, 2022 WL 1740034, *10 (C.D.Cal. 2022) (rejecting futility defense in light of repair/replacement request).
[10]*See Kalpakchian v. Bank of Am. Corp.*, 2019 WL 12426033, *3 (N.D.Ga. 2019).
[11]The warranties are central to Plaintiffs' claims (CAC, ¶¶ 714-48, 1195-1208, 1425-40) (incorporated-by-reference) and not subject to reasonable/actual dispute (judicially-noticeable).  *Campo v. Granite Servs. Int'l, Inc.*, 584 F.Supp.3d 1329,

*No Manufacturing Defect Pled*: Plaintiffs argue they "plausibly allege a manufacturing defect" without elaborating or addressing FCA US's cases, all of which indicate Plaintiffs' allegations of a defect in every class vehicle plead a design, not manufacturing, defect. *Compare* Pl. Opp., p. 10, *with* MTD, p. 10 n.20. Instead, Plaintiffs argue, by parenthetical, that courts do not distinguish between the two at the pleadings stage. Pl. Opp., p. 10. But this is plainly wrong.[12]

*No Breach Pled*: Even if Plaintiffs pled a defect, they plead no breach. As FCA US argued, their warranties do not promise defect-free vehicles but only guarantee ***repair*** within the warranty's duration. MTD, p. 10 n.21. Plaintiffs ignore this argument (Pl. Opp., pp. 9-10) and thus waive any response (*see* Note 2, *supra*).

*No Airbag Safety Warranty*: Plaintiffs contend FCA US provided "an airbag safety warranty" that guarantees proper airbag function in the event of a crash. Pl. Opp., p. 10. But no Plaintiff alleges facts suggesting this warranty was breached, *i.e.* their airbags did not deploy in a crash. CAC, ¶¶ 142-255; *see also* Joint Reply, § III.C.

### III. CONCLUSION

For the reasons above, and in the Joint Reply and Automaker Defendants' individual reply briefs, the Court should dismiss all claims against FCA US LLC.

---

1334 (N.D.Ga. 2022).  Both negate the conversion to summary judgment rule. *Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023); *see also* PCNA Reply § III.

[12]**CA**: *Sater v. Chrysler Group LLC*, 2015 WL 736273, *4 (C.D.Cal. 2015). **GA**: *Hackler v. Gen. Motors LLC*, 2022 WL 270867, *7 (S.D.Ga. 2022). **IL**: *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 598 (Ill. 1996) (McMorrow, J., concurring).

Respectfully submitted,

**THOMPSON COBURN LLP**

By:  /s/ *Stephen A. D'Aunoy*
Stephen D'Aunoy
Thomas L. Azar, Jr.
One US Bank Plaza
St. Louis, Missouri 63101
Phone: (314) 552-6000
sdaunoy@thompsoncoburn.com
tazar@thompsoncoburn.com

**KLEIN THOMAS LEE & FRESARD**
Fred J. Fresard
Ian K. Edwards
Lauren Fibel
101 W. Big Beaver Road
Suite 1400
Troy, MI 48084
Phone: (248) 509-9270
Fred.Fresard@kleinthomaslaw.com
Ian.Edwards@kleinthomaslaw.com
Lauren.Fibel@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

## **LOCAL RULE 5.1(C) CERTIFICATION**

Pursuant to Local Rule 5.1(C), I hereby certify that this document has been prepared in Times New Roman, 14-point font, one of the font and point selections approved by this Court in Local Rule 5.1(C).

This 16th day of February, 2024.

*/s/ Stephen A. D'Aunoy*

*Counsel for FCA US LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

This 16th day of February, 2024.

/s/ Stephen A. D'Aunoy

*Counsel for FCA US LLC*