# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-03051-ELR<br><br>**PLAINTIFFS' [PROPOSED] SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |

    Plaintiffs submit this surreply to address mischaracterizations and new arguments raised in Defendants' replies in support of their motions to dismiss the Corrected Consolidated Class Action Complaint. Defendants erroneously claim Plaintiffs do not address, and thus "concede," several issues raised in the motions. To ensure the Court has accurate information about the record before it, Plaintiffs specify below where they have addressed the relevant points in their opposition briefs.

    Additionally, the Automaker Defendants have modified on reply their basis for seeking dismissal of Plaintiffs' nationwide claims as well as "claims arising under the laws of states in which they do not reside and did not sustain any injury" (Dkt. 181-1 at 6). While the Automakers initially contended these claims fail for lack of *Article III standing*, they now seek to recast their challenge under Rule

1

12(b)(6) for *failure to state a claim*. Dkt. 249 at 2-4. This newfound argument is both procedurally defective and meritless.[1]

I.  **PLAINTIFFS' OPPOSITION BRIEFS ADDRESSED ALL OF DEFENDANTS' ARGUMENTS.**

The Airbag Module Defendants and the Automaker Defendants ask the Court to dismiss numerous claims based on Plaintiffs' purported failure to address arguments raised in those Defendants' opening briefs. They are wrong on all counts.

*First*, the Airbag Module Defendants assert Plaintiffs' opposition does "not address[]" the argument that these Defendants had no duty to disclose the Inflator Defect because they lacked a confidential relationship or direct interaction with Plaintiffs. Dkt. 246 at 12 n.10. Specifically, the Airbag Module Defendants contend "Plaintiffs fail to assert *any* applicable exception [to the existence of a confidential relationship or direct interaction] for 21 states (AK, AZ, CA, CO, HI, IA, KS, KY, MN, MS, MO, NE, NM, ND, RI, SD, TN, UT, WA, WV, and WY)." *Id.* (emphasis in original). While Plaintiffs did not identify exceptions for seven states (Iowa, Kansas, Kentucky, Mississippi, New Mexico, North Dakota, and South Dakota), the Airbag Module Defendants mischaracterize the record with respect to the other 14 states, in the following respects:

---

[1] Unless otherwise indicated, all emphasis in this brief has been added and all internal citations and quotation marks have been omitted.

- Plaintiffs did not cite an exception for **California**, **Minnesota**, **Nebraska**, **Rhode Island**, **Tennessee**, or **Washington** because the Airbag Module Defendants *did not move for dismissal* of claims under those states' laws based on the lack of such an exception.  See Dkt. 178-3 (chart listing asserted bases for dismissal regarding duty to disclose); Dkt. 178-1 at nn.11, 12, 13 (referencing Defendants' authorities on this argument, and not addressing these six states). Insofar as the Airbag Module Defendants rely on their general argument that they had no duty to disclose because they were "intermediaries" in the Class Vehicle supply chain (*id.*; Dkt. 178-1 at 24-26), Defendants admitted that argument "applies regardless of the differences in state law on duties to disclose." Dkt. 178-1 at 26 n.10; *see also id.* at 24-26.  By its own terms, then, that argument did not call for citations to individual state law authorities in response.

- Plaintiffs' opposition expressly addressed Defendants' argument that **Alaska**, **Arizona**, **Colorado**, **Hawaii**, **Utah**, **West Virginia**, and **Wyoming** do not recognize a duty to disclose absent a "sales transaction." Dkt. 220 ("AMD Opposition") at 27.[2]

*Second*, the Airbag Module Defendants assert Plaintiffs "do not even attempt to rebut five . . . states' laws that specifically require a duty to disclose" for statutory consumer protection claims (CT, NC, OR, PA, and SC).  Dkt. 246 at 16-17.  But Plaintiffs explained that with respect to these and other states, "the duty requirement is satisfied for the same reasons detailed [in the AMD Opposition]

---

[2] Additionally, while the AMD Opposition cites *Chapman v. General Motors LLC* for Virginia law (*see* AMD Opp. 25 n.11), the decision likewise applies to claims under **Missouri** law.  531 F. Supp. 3d 1257, 1291 (E.D. Mich. 2021) (denying motion to dismiss under Missouri law, explaining "Plaintiffs' allegations regarding the latent nature of the defect, which would make it difficult for them to uncover it on their own, are enough to allege GM's superior knowledge and their own due diligence at this stage").

3

with respect to fraud." Dkt. 220 at 27; *see also id.* at 21-27 (referencing duty to disclose for fraud under the laws of, *inter alia*, CT, NC, OR, PA, and SC).

*Third*, the Automaker Defendants contend Plaintiffs fail to support their argument that Arizona, Florida, Indiana, Maine, Massachusetts, and Ohio law recognize a duty to disclose for fraud claims against those Defendants. *See* Dkt. 249 at 20. That is incorrect, as Plaintiffs provided supporting authorities in their oppositions to the Automaker and Airbag Module Defendants' motions.[3]

*Fourth*, the Automaker Defendants contend Plaintiffs "fail to even respond" to certain of their case authorities. Dkt. 249 at 2. Those authorities, however,

---

[3] *See* Dkt. 220 (AMD Opp.) at 22-23 nn.10-11 (referencing **FL** and citing *In re Gen. Motors Air Conditioning Mktg. & Sales Practices Litig.*, 406 F. Supp. 3d 618, 637-39 (E.D. Mich. 2019), and *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2017 WL 1902160, at *19-20 (D.N.J. May 8, 2017)); *id.* at 24 n.11 (referencing **IN** and citing *Northrop Corp. v. Gen. Motors Corp.*, 807 N.E.2d 70, 87 (Ind. Ct. App. 2004), and referencing **ME** and citing *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices & Prods. Liab. Litig.*, 295 F. Supp. 3d 927, 1009 (N.D. Cal. 2018) ("*Chrysler EcoDiesel*")); *id.* at 25 n.11 (referencing **OH** and citing *Schmitz v. Nat'l Collegiate Athletic Ass'n*, 67 N.E.3d 852, 870-71 (Ohio Ct. App. 2016)); *id.* at 27 (referencing **AZ** and citing *Chrysler EcoDiesel*, 295 F. Supp. 3d at 1010); Dkt. 221 ("Joint Automaker Opposition") at 32 (noting "[t]here are several bases that trigger the Automakers' duty to disclose the Inflator Defect," and citing the relevant portion of the AMD Opposition); *id.* at 34 (referencing **MA** and citing *Chrysler EcoDiesel*, 295 F. Supp. 3d at 1008). As the Automaker Defendants note, Plaintiffs mistakenly cited Appendix B to their Joint Automaker Opposition in referencing the duty to disclose. The relevant citations are, as noted above, included in the AMD Opposition and in the body of the Joint Automaker Opposition (rather than in an appendix).

mostly appear in "exhibits"—to which the Automakers have added on reply[4]—rather than within the required page limits.  Plaintiffs have explained why the Automakers' tactic is improper, as other courts have recognized.  *See* Dkt. 221 at 2.  The Automakers do not even try to defend their "totally unfair and inappropriate" attempt "to exceed this Court's page limitations by filing [39] pages of legal argument as . . . 'exhibit[s]'" with their opening brief and another 37 pages on reply.  *Key v. JPMorgan Chase Bank, N.A.*, 2019 WL 12521482, at *5 (N.D. Ga. Oct. 11, 2019) (Brown, J.).[5]  That Plaintiffs responded to the arguments raised in Defendants' brief without necessarily addressing each authority they cited does not constitute a "concession" as to any of those arguments.

*Fifth*, the Automaker Defendants assert Plaintiffs "concede[] . . . that they lack standing to assert 'nationwide' fraudulent concealment and unjust enrichment counts."  Dkt. 249 at 3 n.6.  But the Joint Automaker Opposition plainly addressed these nationwide claims.  Plaintiffs argued they "Have Article III Standing to

---

[4] *See* Dkts. 249-1, 249-2 (including tables setting forth the Automakers' cases, Plaintiffs' cases, and "Why Plaintiffs' Authority is Inapposite/Distinguishable").

[5] Plaintiffs, on the other hand, submitted appendices merely containing citations—without argument—to statutes or caselaw identifying whether the respective states (i) require privity, (ii) require "manifestation" of an alleged defect, (iii) apply the economic loss rule, or (iv) have adopted the U.C.C. (as related to "presentment").  Plaintiffs also noted in the Joint Automaker Opposition that they were submitting those appendices to avoid prejudice from declining to respond at all to the Automakers' improper exhibits.  Dkt. 221 at 2.

Pursue Their Class Claims" and "[h]ere, all class members suffered similar economic losses from the Automakers' unlawful conduct, and their claims *all* arise under *the same* or substantively similar state laws." Dkt. 221 at 4-5; *see also id.* at 6-10 (explaining why Plaintiffs' nationwide claims should proceed).

*Sixth*, Defendant FCA US LLC ("FCA") contends Plaintiffs have "waive[d]" any opposition to its argument that Plaintiffs fail to satisfy Georgia or Illinois law with respect to "presentment." But Plaintiffs responded to the same presentment argument in the Joint Automaker Opposition, which encompasses Georgia, Illinois, and other states. *See* Dkt. 221 at 16-19 (citing decisions applying Georgia and Illinois law); Dkt. 221-1 (App'x A) at 5-8.

*Finally*, FCA asserts Plaintiffs have "waive[d] any response" to its argument that the applicable warranties "only guarantee **repair** within the warranty's duration." Dkt. 251 at 5 (emphasis in original). Not so. Plaintiffs explained in the Joint Automaker Opposition that those Defendants, including FCA, "had the opportunity to repair the Class Vehicles, at regular service appointments in which a repair *could have* been performed," but failed to do so. Dkt. 221 at 16 (emphasis in original).

6

## II. THE AUTOMAKER DEFENDANTS' ATTEMPT TO REFASHION THEIR ARTICLE III STANDING ARGUMENT AS A PLEADING CHALLENGE IS UNTIMELY AND UNAVAILING.

As detailed in Plaintiffs' Joint Automaker Opposition, the Eleventh Circuit's reasoning in *In re Zantac (Ranitidine) Products Liability Litigation*, 2022 WL 16729170, at *6 (11th Cir. Nov. 7, 2022), dooms the Automaker Defendants' argument that Plaintiffs lack Article III standing to assert "claims arising under the laws of states in which they do not reside and did not sustain any injury, and for their 'nationwide' claims" (Dkt. 181-1 at 6). *See* Dkt. 221 at 4-6. Apparently recognizing the futility of their standing challenge, on reply the Automaker Defendants seek a "do-over" and ask the Court to instead analyze the issue under Rule 12(b)(6). Dkt. 249 at 2-4. The Court should reject their improper maneuver.

"[T]he Eleventh Circuit recognizes a well-settled rule against raising new arguments for the first time in reply briefs." *Auto. Assurance Grp. v. Giddens*, 2022 WL 18460629, at *4 n.5 (N.D. Ga. Sept. 20, 2022) (Ross, J.) (citing, *inter alia*, *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009)); *accord TennisPoint.com, Inc. v. Midwest Sports Supply, LLC*, 2022 WL 18777385, at *5 (N.D. Ga. Jan. 31, 2022) (Ross, J.). "Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived." *Egidi*, 571 F.3d at 1163.

While the Automakers attempt to mask this procedural infirmity by citing caselaw included in Plaintiffs' Joint Automaker Opposition, their reliance on Rule 12(b)(6) rather than Article III principles is unquestionably new. The word "standing" appears more than a dozen times in Section I of the Automakers' opening brief (titled "Plaintiffs Lack Standing to Assert Certain Claims"); nowhere in that section do they reference Rule 12(b)(6) or failure to state a claim. Indeed, they aver that "[w]hether a party has *Article III standing* to bring a particular claim is a threshold *jurisdictional issue* that must be resolved before a federal court can reach the merits." Dkt. 181-1 at 6; *see also* Dkt. 181 at 1 (including reference to Rule 12(b)(1)). The Automakers have thus waived any reliance on Rule 12(b)(6) on this point.

In any event, as with their Article III challenge, the Automakers' new argument misses the mark. While they contend *Zantac* directs that Rule 12(b)(6) is the sole means to address whether plaintiffs can assert claims on behalf of class members from other states, the court of appeals actually held the issue can be decided at the class certification stage: "For class representation purposes, the claims that the plaintiffs made on behalf of class members who [reimbursed purchases of ranitidine products in other states] need not be stricken or disregarded, *as those claims may be considered when determining the appropriateness of class certification under Rule 23*." 2022 WL 16729170, at *6

8

(alteration in original); *see also Parker v. Perdue Farms, Inc.*, 2022 WL 17553008, at *6-7 (M.D. Ga. Dec. 8, 2022) (relying on *Zantac* and holding that because "at least one member of the class . . . ha[d] standing over each subclaim [under various states' laws]," defendant's arguments for dismissal were "premature").

In *Coleman v. Burger King Corp.*, on which the Automakers also rely, the court determined, based on *Zantac*, "the named Plaintiffs *do* have standing to assert claims on behalf of absent class members from other states," thus rejecting the basis on which the Automakers moved here. 2023 WL 5507730, at *3 (S.D. Fla. Aug. 25, 2023) (emphasis in original). The court added that under Rule 12(b)(6), a Florida plaintiff could not "assert a stand-alone count under, for instance, Georgia's consumer-protection statute—and on behalf of Georgia consumers—*without* having purchased the Defendant's products (or seen the Defendant's ads) in Georgia." *Id.* (emphasis in original). But as noted above, the Eleventh Circuit explained such claims "need not be stricken or disregarded" from a complaint, as they "may be considered" at the class certification stage. *Zantac*, 2022 WL 16729170, at *6; *see also Mayor of Baltimore v. Actelion Pharms. Ltd.*, 995 F.3d 123, 134 (4th Cir. 2021) (cited in *Zantac*) (holding that while plaintiffs from Maryland, California, and Florida "may not seek relief for their own injuries under [other] States' statutes, . . . the claims that the plaintiffs made on behalf of class members" under other states' laws "need not be stricken or disregarded," as

9

they "define *class members'* claims" and "may be considered" in deciding class certification) (emphasis in original). The Automakers' (untimely) assertion that the Court should dismiss these claims—"with prejudice," no less (Dkt. 249 at 30)—accordingly lacks merit.

Dated: March 22, 2024                                    Respectfully submitted,

*/s/Roland Tellis*                                       */s/ Demet Basar*
Roland Tellis                                            Demet Basar
rtellis@baronbudd.com                                    demet.basar@beasleyallen.com
David Fernandes                                          W. Daniel "Dee" Miles, III
dfernandes@baronbudd.com                                 dee.miles@beasleyallen.com
Adam Tamburelli                                          J. Mitch Williams
atamburelli@baronbudd.com                                mitch.williams@beasleyallen.com
Jay Lichter                                              Dylan T. Martin
jlichter@baronbudd.com                                   dylan.martin@beasleyallen.com
Sterling Cluff                                           **BEASLEY, ALLEN, CROW,**
scluff@baronbudd.com                                     **METHVIN, PORTIS & MILES,**
**BARON & BUDD, P.C.**                                   **P.C.**
15910 Ventura Blvd #1600                                 272 Commerce Street
Encino, CA 91436                                         Montgomery, AL 36104
Tel: (818) 839-2333                                      Tel: (334) 269-2343

                                                         H. Clay Barnett, III (GA Bar 174058)
                                                         clay.barnett@beasleyallen.com
                                                         Thomas P. Willingham (GA Bar 235049)
                                                         tom.willingham@beasleyallen.com
                                                         **BEASLEY, ALLEN, CROW,**
                                                         **METHVIN, PORTIS & MILES,**
                                                         **P.C.**
                                                         Overlook II
                                                         2839 Paces Ferry Rd SE, Suite 400
                                                         Atlanta, GA 30339
                                                         Tel: (404) 751-1162

*/s/ James E. Cecchi*
James E. Cecchi
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Tel: (973) 994-1700

Zachary Jacobs
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, IL 60606
Tel: (973) 994-1700

Jason H. Alperstein
jalperstein@carellabyrne.com
Zachary J. Bower
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, FL 33134
Tel: (973) 994-1700

*/s/ Elizabeth T. Castillo*
Niall P. McCarthy
nmccarthy@cpmlegal.com
Elizabeth T. Castillo
ecastillo@cpmlegal.com
David G. Hollenberg
dhollenberg@cpmlegal.com
**COTCHETT, PITRE &
McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

Hannah K. Brown
hbrown@cpmlegal.com
Theresa E. Vitale
tvitale@cpmlegal.com
**COTCHETT, PITRE &
McCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Tel: (310) 392-2008

| | |
|---|---|
| */s/ David S. Stellings* | */s/ Matthew D. Schultz* |
| David S. Stellings | Matthew D. Schultz |
| dstellings@lchb.com | mschultz@levinlaw.com |
| Michael J. Miarmi | William F. Cash |
| mmiarmi@lchb.com | bcash@levinlaw.com |
| Katherine I. McBride | **LEVIN, PAPANTONIO,** |
| kmcbride@lchb.com | **RAFFERTY, PROCTOR,** |
| Gabriel A. Panek | **BUCHANAN, O'BRIEN, BARR &** |
| gpanek@lchb.com | **MOUGEY, P.A.** |
| **LIEFF CABRASER HEIMANN &** | 316 S. Baylen St., Suite 600 |
| **BERNSTEIN, LLP** | Pensacola, FL 32502 |
| 250 Hudson Street, 8th Floor | Tel: (850) 435-7140 |
| New York, NY 10013 | |
| Tel: (212) 355-9500 | |

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000

*/s/ Kevin R. Dean*
Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel: (843) 216-9000

*Leadership Committee for Plaintiffs and the Proposed Classes*

| | |
|---|---|
| */s/ Michael A. Caplan* | */s/ M.J. Blakely* |
| Michael A. Caplan (GA Bar 601039) | M.J. Blakely (GA Bar 708906) |
| mcaplan@caplancobb.com | mjblakely@blakelyfirm.com |
| T. Brandon Waddell (GA Bar 252639) | **THE BLAKELY FIRM, L.L.C.** |
| bwaddell@caplancobb.com | P.O. Box 3314 |
| Ashley C. Brown (GA Bar 287373) | Decatur, GA 30031 |
| abrown@caplancobb.com | Tel: (404) 491-0617 |
| **CAPLAN COBB LLC** | |
| 75 Fourteenth Street NE, Suite 2700 | |
| Atlanta, GA 30309 | |
| Tel: (404) 596-5600 | |

*Co-Liaison Counsel for Plaintiffs and the Proposed Classes*

13

## **CERTIFICATION**

Pursuant to Civil Local Rule 7.1, the undersigned counsel certifies this brief has been prepared with one of the font and point selections approved by the Court in Civil Local Rule 5.1.

*/s/ David S. Stellings*
David S. Stellings