**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051 Case No. 1:22-md-03051-ELR **DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |

## INTRODUCTION

Plaintiffs' request to file a sur-reply is both too late and improper. The parties met and conferred months ago on a proposed schedule for Rule 12 motions, which the Court entered. That schedule did not include a sur-reply. Nor are sur-replies authorized by the Federal Rules of Civil Procedure, this District's Local Rules, or the Court's practice guidelines or Case Management Orders. Nonetheless, over a month after briefing on Defendants' Motions to Dismiss closed, and with no notice to Defendants, Plaintiffs now move for leave to file a sur-reply (the "Motion," ECF No. 256) in opposition to Defendants' Motions to Dismiss. ECF Nos. 178-189.

Plaintiffs' Motion should be denied and its proposed sur-reply paper stricken. The alleged "mischaracterizations" in Defendants' reply briefs are neither mischaracterizations nor a valid basis for a sur-reply, as the Court can assess for itself how fairly the parties have characterized the allegations and the law. Even assuming that

correcting misrepresentations justifies a sur-reply (it does not), neither Plaintiffs' Motion nor their proposed sur-reply identify any actual misrepresentations made by either the Automaker Defendants[1] or the Tier 1 Suppliers[2]. Moreover, Automaker Defendants have neither waived nor made any "new" arguments in their reply briefs. Automaker Defendants' arguments on reply directly respond to the arguments and authorities Plaintiffs raised in their opposition brief. That is the purpose of a reply brief. It does not open the door for an unnecessary sur-reply.

## LEGAL STANDARD

Sur-replies are not contemplated in this Court's Case Management Orders (*see* ECF Nos. 51, 175), and "[n]either the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies." *Owens v. Metro. Life Ins. Co.*, 323 F.R.D. 411, 414 (N.D. Ga. 2017) (quoting *Fedrick v. Mercedes–Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). As this Court has explained, "[t]his district generally disfavors sur-replies," and "the Court should only exercise its discretion to allow sur-replies where a valid reason for additional briefing exists." *Diaz v. The P'ship, Inc.*, 2022

---

[1] Automaker Defendants are BMW of North America, LLC; BMW Mfg. Co., LLC; FCA US LLC; Ford Motor Company; General Motors LLC; Kia America, Inc.; Hyundai Motor America; Porsche Cars North America, Inc.; Audi of America, LLC; and Volkswagen Group of America, Inc.

[2] The Tier 1 Suppliers are Autoliv, Inc. and Autoliv ASP, Inc.; Key Safety Systems, Inc. d/b/a Joyson Safety Systems; TG Missouri Corporation; and ZF Active Safety and Electronics US LLC, ZF Passive Safety Systems US Inc., ZF Automotive US Inc. and ZF TRW Automotive Holdings Corp.

WL 22596575, at *1 (N.D. Ga. Nov. 8, 2022) (Ross, J.) (citations omitted); *Walsh v. AETC Inc.*, 2024 WL 1281337, at *7 (N.D. Ga. Jan. 30, 2024) (Ross, J.) (same). Regularly allowing sur-replies "would put the court in the position of refereeing an endless volley of briefs." *Kenan v. Glob. Payments, Inc.*, 2023 WL 8351548, at *2–3, n.3 (N.D. Ga. Jan. 30, 2023) (Ross, J.) (citations omitted). For this reason, sur-replies are permitted only "in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review." *Owens*, 323 F.R.D. at 414.

## ARGUMENT

### I. Alleged Mischaracterizations In Defendants' Reply Briefs Are Not Valid Grounds For A Sur-Reply.

Plaintiffs argue that a sur-reply is warranted to address purported "mischaracterizations" by Automaker Defendants and Tier 1 Suppliers in their reply briefs. ECF No. 256 at 1. But alleged mischaracterizations "simply do[] not present the extraordinary circumstances that would justify permitting [Plaintiffs] to file a surreply brief." *Virtual Studios, Inc. v. Stanton Carpet Corp.*, 2016 WL 11745954, at *1 (N.D. Ga. Mar. 17, 2016). Indeed, "[t]he Court is perfectly capable of . . . determining on its own whether [Defendants'] representations in [their] reply brief[s] are indeed misstatements or mischaracterizations." *Id.*; *see also Smith v. Coppage*, 2024 WL 671627, at *3 (N.D. Ga. Jan. 24, 2024) (denying leave to file sur-reply where plaintiff's "primary basis for his motion is his assertion that the [defendants] have referred to

inapposite cases and made misstatements of law and fact" because "such disagreements and misstatements are things which the Court routinely deals with in the ordinary course"). Additionally, Plaintiffs have requested oral argument; if the Court grants that request, Plaintiffs can address any supposed misrepresentations then.

## II.  Defendants' Reply Briefs Do Not Misrepresent Plaintiffs' Arguments.

Even if purported "mischaracterizations" in reply briefs could justify a sur-reply (they do not), Defendants have not misrepresented Plaintiffs' arguments.

### a.  Tier 1 Suppliers

Plaintiffs claim the Tier 1 Suppliers have misrepresented Plaintiffs' briefing on the issue of the duty to disclose. Pls.' Proposed Sur-Reply in Opp. to Defs.' Mot. to Dismiss ("Proposed Sur-Reply"), ECF No. 256-1 at 1-3. In their view, the Tier 1 Suppliers mischaracterize Plaintiffs' Opposition by arguing that "Plaintiffs fail to assert *any* applicable exception" under the common law fraud rules of 21 states to "the general rule that a duty to disclose does not arise absent a confidential relationship or direct interaction." *See* Proposed Sur-Reply at 2; Tier 1 Suppliers' Reply in Supp. of their Mot. to Dismiss ("Tier 1 Reply") at 12 n.10, ECF No. 246. But Plaintiffs admit they failed to "identify exceptions for seven states" (IA, KS, KY, MS, NM, ND, and SD). Proposed Sur-Reply at 2.  For seven of the remaining 14 states (AK, AZ, CO, HI, UT, WV, and WY), Plaintiffs contend they "expressly addressed" the lack of a duty to disclose "absent a sales transaction." *Id*. at 3 (citing Opp. at 27). That is mistaken. Nothing in Plaintiffs'

Opposition "expressly" addressed common law fraud in these states. Instead, Plaintiffs relied on the inapposite *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices & Products Liab. Litig.*, which is discussed in the Reply. *See* 295 F. Supp. 3d 927 (N.D. Cal. 2018); *e.g.*, Tier 1 Reply at 11 n.9.

Plaintiffs' purported correction of other "mischaracterizations" (Mot. at 1) fares no better. For six of the remaining 14 states at issue (CA, MN, NE, RI, TN, and WA), Plaintiffs admit they did not cite any state-specific argument about a duty to disclose an alleged defect. *See* Proposed Sur-Reply at 3. These common law fraud claims fail for the reasons addressed in the Tier 1 Suppliers' Brief in Support of their Mot. to Dismiss (ECF No. 178-1 at 11-33), including the Tier 1 Suppliers' position as intermediaries in the airbag supply chain (*id*. at 24-26). The Court is perfectly capable of assessing the parties' existing briefs without the assistance of a sur-reply.[3] *See* Proposed Sur-Reply at 3; *Virtual Studios, Inc.*, 2016 WL 11745954, at *1.

**b.    Automaker Defendants**

Plaintiffs erroneously claim that the Automaker Defendants misrepresented three

---

[3] The same is true of Plaintiffs' other arguments, including that the Opposition explains why "the duty requirement is satisfied for" the CT, NC, OR, PA, and SC statutory claims. *See* Proposed Sur-Reply at 3-4. The Tier 1 Suppliers argued on Reply that Plaintiffs failed to rebut the duty to disclose required under these states' consumer fraud laws. *See* Tier 1 Reply at 16-17; Pls.' to Defs.' Mot. to Dismiss the Corrected CAC ("Opp.") at 27 n. 13, ECF No. 220 (failing to expressly argue the CT, NC, OR, PA, or SC statutes are laws that "do not require a duty to disclose"). Nothing in the Proposed Sur-Reply is needed for the Court to adjudicate these arguments in the parties' existing briefs.

aspects of Plaintiffs' Opposition to Defendants' Motions to Dismiss. ECF No. 256-1 at 4-6. First, Plaintiffs claim the Automaker Defendants erroneously "contend Plaintiffs fail to support their argument that Arizona, Florida, Indiana, Maine, Massachusetts, and Ohio law recognize a duty to disclose for fraud claims against those Defendants." *Id.* at 4 (citing ECF No. 249 at 20). But Automaker Defendants' point here is narrower (and accurate)—that Plaintiffs failed to supply any authority to support their argument that "Arizona, Florida, Indiana, Massachusetts, and Ohio impose a duty to disclose *if a defendant actively conceals material information*." Reply in Supp. of Certain Defs'. Mot. to Dismiss at 20, ECF No. 249 (emphasis added). Indeed, Plaintiffs' Opposition argues that "[s]everal states recognize a duty to disclose (or excuse the need to show a duty) where defendants actively concealed the defect from plaintiffs," but offers authority for *only* Arkansas, Delaware, Illinois, New York, North Carolina, Oregon, Pennsylvania, Vermont, and Virginia. ECF No. 220 at 25, n.12.

Second, Plaintiffs take issue with the point that Plaintiffs failed to respond to most of the cited authorities on privity and pre-suit notice requirements with respect to implied warranty claims. ECF No. 256-1 at 4-5 (citing ECF No. 249 at 2). For example, Defendants identified twenty-five states where privity is required to support an implied warranty claim, ECF No. 181-5 at 5-7, while Plaintiffs identified a purported exception to the privity requirement in eleven of those states. ECF No. 221-1 at 2. Plaintiffs claim they waived nothing by failing to respond to the Automaker Defendants' authorities

because those authorities appear in "exhibits." ECF No. 221 at 2. But Plaintiffs submitted much of their own authorities, including on the issues of privity and pre-suit notice, via their own counter-exhibits filed with their opposition. *Id.* (arguing "it would also be prejudicial for Plaintiffs not to submit cases in response"); *see also* ECF No. 221-1 at 2-4 (providing case law for implied warranty claims via exhibit charts). Plaintiffs' failure to distinguish Automaker Defendants' authorities or provide counter-authorities for certain states, after having an opportunity to do so, waives such arguments in those states. *O'Neal v. Allstate Indem. Ins. Co. Inc.*, 2023 WL 5624158, at *4 (11th Cir. Aug. 31, 2023) ("failure to make arguments and cite authorities in support of an issue waives it.") (quoting *Robinson v. Sauls*, 46 F.4th 1332, 1341 n.6 (11th Cir. 2022)).

Finally, Plaintiffs claim they have not conceded that they lack standing to pursue their nationwide claims, citing two portions of their Opposition brief. ECF No. 256-1 at 5-6 (claiming that Plaintiffs "plainly addressed these nationwide claims" in ECF No. 221 at 4-5 and *id.* at 6-10). But nothing in these pages addresses the argument, first raised in Automaker Defendants' Motion to Dismiss, that Plaintiffs "lack standing for their 'nationwide counts' for fraudulent concealment and unjust enrichment." ECF No. 181-1 at 7-8. And Section I.B of the Opposition, where Plaintiffs argue that they may proceed on their nationwide fraud and unjust enrichment counts, do not reference standing at all. *See* ECF No. 221 at 6-10.

### c.    Defendant FCA US

In its reply, FCA US pointed out that Plaintiffs waived any opposition to FCA US's argument that Plaintiffs failed to allege the requisite presentment for their warranty claims under Illinois and Georgia law. ECF No. 251 at 3. In their proposed sur-reply, Plaintiffs contend that they *did* respond to this argument in their Joint Opposition. ECF No. 256 at 6 (citing ECF No. 221 at 16-19; 221-1 at 5-8). But Plaintiffs' Joint Opposition never argued that Plaintiffs satisfied the presentment requirement under Georgia and Illinois law, only that failure of essential purpose excused it. *See* ECF No. 221 at. 16-19. Even so, as FCA US explained in its reply, Plaintiffs never *pled* this exception in their complaint, and thus cannot invoke it for the first time in their Opposition. *See* ECF No. 251 at 3.

In its reply, FCA US also pointed out that Plaintiffs waived opposition to the argument that Plaintiffs pled no breach of warranty because FCA US's applicable warranties only guaranteed repair. *Id.* at 5. In their proposed sur-reply, Plaintiffs contend that they *did* respond to this argument "in the Joint Automaker Opposition." ECF No. 256 at 6 (citing ECF No. 221 at 16-19). But Plaintiffs never incorporated the Joint Automaker Opposition into their response to FCA US's argument on this point. *See* Pls.' Brief in Opp. to FCA US LLC's Mot. to Dismiss, ECF No. 228 at 9-10.

**III.    Automaker Defendants' Reply Brief Directly Responds To Plaintiffs' Authorities And Does Not Contain "New" Argument On Standing.**

Plaintiffs also seek leave to file a sur-reply because the Automaker Defendants supposedly used their reply brief "to reframe their Article III *standing* argument as a *pleading* challenge under *Rule 12(b)(6)*." ECF No. 256 at 2. Not so. In their reply brief, Automaker Defendants explained that, under binding Eleventh Circuit precedent, *Prado-Steiman v. Bush*, 221 F.3d 1266 (11th Cir. 2000), Plaintiffs cannot bring "claims under 14 states and the District of Columbia, *where there is no corresponding plaintiff with standing*." ECF No. 249 at 3, n.5 (emphasis added). This is the same standing argument the Automaker Defendants initially raised in their Motion. ECF No. 181-1 at 7 (citing *Prado-Steiman*, 221 F.3d at 1280).

The remainder of Automaker Defendants' reply on the issue of standing responds to two cases Plaintiff cite in their Opposition: *In re Zantac (Ranitidine) Products Liability Litigation*, 2022 WL 16729170 (11th Cir. Nov. 7, 2022) (per curiam), and *Coleman v. Burger King Corp.*, 2023 WL 5507730, at *3 (S.D. Fla. Aug. 25, 2023). ECF No. 249 at 3-4. Automaker Defendants explained that *Zantac* "has little precedential value in light of the binding Eleventh Circuit authority," including *Prado-Steiman*, and that rather than supporting Plaintiffs' case, the reasoning in *Zantac* (also adopted in *Coleman*), presents an alternative ground for dismissal under Rule 12(b)(6). *Id.*

This response to Plaintiffs' cited authorities is not objectionable; nothing "prevent[s] a reply brief from addressing arguments first raised in the opposing brief."

*Thigpen v. Nissan Motor Co.*, 2023 WL 2760056, *4 (N.D. Ga. March 31, 2023). In fact, "[t]hat's what a good reply brief *should* do." *Id.* And "where a movant's reply brief only addresses arguments raised by respondent in her response brief in opposition … such unusual circumstances" warranting a sur-reply "do not exist, and the motion for leave should be denied." *Batts v. Silver Line Bldg. Prod. Corp.*, 2010 WL 966860, at *1 (N.D. Ga. Feb. 22, 2010) (citation omitted), *report and recommendation adopted*, 2010 WL 966861 (N.D. Ga. Mar. 12, 2010); *see also Ghee v. Comcast Cable Commc'ns, LLC*, 2022 WL 3903136, at *4 (N.D. Ga. Aug. 10, 2022) (Ross, J.) (granting motion to strike sur-reply where "[u]pon review, the Court finds that rather than raising new arguments, [defendant]'s reply brief responds to Plaintiff's arguments and allegations"); *Perrigo Co. v. Merial Ltd.*, 215 F. Supp. 3d 1329, 1332–33 (N.D. Ga. 2016) (denying motion for leave to file sur-reply where it was apparent that defendants had not presented "new" argument, and instead "respond[ed], albeit in slightly different terms, to an argument Plaintiffs raised in their response").[4]

---

[4] *See also Amadou v. Hawkins & Parnell, LLP*, 2009 WL 10674411, at *2 (N.D. Ga. Dec. 2, 2009), *aff'd*, 445 F. App'x 157 (11th Cir. 2011) (granting motion to strike sur-reply where defendant's "reply brief directly addresses arguments raised by [plaintiff] in his response in opposition."); *Walker v. U.S. Bank Nat. Ass'n*, 2013 WL 1137006, at *3 (N.D. Ga. Mar. 15, 2013) (denying motion for leave to file sur-reply where "Defendants' reply brief directly addresses arguments raised by Plaintiff in its opposition to Defendants' motion to dismiss."); *Schutz Container Sys., Inc. v. Mauser Corp.*, 2012 WL 1073153, at *1 (N.D. Ga. Mar. 28, 2012) (same).

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File Surreply In Opposition to Defendants' Motions to Dismiss.

Respectfully Submitted,

*/s/ April N. Ross*

CROWELL & MORING LLP
April N. Ross
(DC Bar No. 500488)
Mohamed Awan
(DC Bar No. 90013936)
Emily Tucker
(DC Bar No. 1617436)
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 624-2500
aross@crowell.com
mawan@crowell.com
etucker@crowell.com

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Linda Ann Klein
(GA Bar No. 425069)
3414 Peachtree Road, Northeast
Monarch Plaza, Suite 1500
Atlanta, GA 30326-1164
404-577-6000
Email: lklein@bakerdonelson.com

*Counsel for General Motors LLC*

*/s/ Michael B. Shortnacy*

Livia M. Kiser

(CA Bar No. 285411)
Susan V. Vargas
(CA Bar No. 177972)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: 213.443.4355
Facsimile: 213.443.4310
lkiser@kslaw.com
svargas@kslaw.com

Michael B. Shortnacy
(CA Bar No. 277035)
SHOOK, HARDY & BACON L.L.P.
Michael B. Shortnacy
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: 424.324.3494
Facsimile: 424.204.9093
mshortnacy@shb.com

*COUNSEL FOR DEFENDANTS AUDI
OF AMERICA, LLC AND
VOLKSWAGEN GROUP OF
AMERICA, INC.*

*/s/ Eric Y. Kizirian*

LEWIS BRISBOIS BISGAARD &
SMITH, LLP
Eric Y. Kizirian
(CA Bar No. 210584)
Zourik Zarifian
(CA Bar No. 306368)
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: (213) 250-1800
Facsimile: (213) 250-7900
eric.Kizirian@lewisbrisbois.com

zourik.Zarifian@lewisbrisbois.com

*COUNSEL FOR DEFENDANTS
BMW OF NORTH AMERICA,
LLC AND BMW
MANUFACTURING CO., LLC.*

 */s/ David S. Killoran*

DYKEMA GOSSETT LLP
David S. Killoran
(CA Bar No. 156791)
444 S. Flower, Suite 2200
Los Angeles, CA 90071
(213) 457-1800
dkilloran@dykema.com

DYKEMA GOSSETT PLLC
Eric Tew
(VA Bar No. 47473)
1301 K Street NW
Suite 1100 West
Washington, D.C. 20005
(202) 906-8600
etew@dykema.com

*COUNSEL FOR DEFENDANT
PORSCHE CARS NORTH AMERICA,
INC.*

*/s/ Stephen A. D'Aunoy*

KLEIN THOMAS LEE & FRESARD
Stephen D'Aunoy
(MO Bar No. 54961)
Thomas L. Azar, Jr.
(MO Bar No. 56634)
100 N. Broadway, Ste 1600
St. Louis, Missouri 63102
Phone: (314) 888-2970
Stephen.Daunoy@kleinthomaslaw.com
Tom.Azar@kleinthomaslaw.com

Fred J. Fresard
(MI Bar No. P43694)

Ian K. Edwards
(MI Bar No. P82021)
Lauren Fibel
(MI Bar No. P77664)
101 W. Big Beaver Road, Ste 1400
Troy, MI 48084
Phone: (248) 509-9270
Fred.Fresard@kleinthomaslaw.com
Ian.Edwards@kleinthomaslaw.com
Lauren.Fibel@kleinthomaslaw.com

*COUNSEL FOR DEFENDANT FCA US LLC*
*/s/ Perry W. Miles IV*

MCGUIREWOODS LLP
Perry W. Miles IV
(VA Bar No. 43031)
Brian D. Schmalzbach
(VA Bar No. 88544)
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
pmiles@mcguirewoods.com
bschmalzbach@mcguirewoods.com

Lee K. Royster
(NC Bar No. 53773)
201 North Tryon Street
Suite 3000
Charlotte, NC 28202
Tel: (704)-343-2000
Fax: (704) 343-2300
lroyster@mcguirewoods.com

WATSON SPENCE LLP
Michael R. Boorman
(GA Bar No. 067798)
Phillip A. Henderson
(GA Bar No. 604769)

999 Peachtree St NE
Suite 1130
Atlanta, GA 30309
Tel: (678) 433-6586
Fax: (229) 436-6358
mboorman@watsonspence.com
phenderson@watsonspence.com

*COUNSEL FOR DEFENDANT FORD
MOTOR COMPANY*

*/s/ Eric S. Mattson*

SIDLEY AUSTIN LLP
Eric S. Mattson
(IL Bar No. 6225572)
Kendra Stead
(IL Bar No. 6308170)
Ankur Shingal
(IL Bar No. 6343600)
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
emattson@sidley.com
kstead@sidley.com
ashingal@sidley.com

Ellyce R. Cooper
(CA Bar No. 204453)
1999 Avenue of the Stars
17th Floor
Los Angeles, CA 90067
Telephone: (213) 896-6000
Fax: (213) 896-6600
ecooper@sidley.com

BOWMAN AND BROOKE
Joel H. Smith
(SC Bar No. 80808)

Patrick J. Cleary
(SC Bar No. 005266)
1441 Main St., Ste. 1200
Columbia, SC 29201
Telephone: (803) 726-7422
Fax: (803) 726-7421
Joel.smith@bowmanandbrooke.com
patrick.cleary@bowmanandbrooke.com

DYKEMA GOSSETT, PLLC-MI
James P. Feeney
(MI Bar No. 13335)
Suite # 300
39577 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 203-0841
Fax: (855) 243-9885
Email: jfeeney@dykema.com

NELSON MULLINS RILEY &
SCARBOROUGH LLP
Anita Wallace Thomas
(GA Bar No. 733628)
Suite 1700
201 17th Street, N.W.
Atlanta, GA 30363
Telephone: (404) 322-6000
Fax: (404) 322-6050
anita.thomas@nelsonmullins.com

*COUNSEL FOR DEFENDANTS KIA
AMERICA, INC. AND HYUNDAI MOTOR
AMERICA*

*/s/ Michael D. Leffel*
FOLEY & LARDNER LLP
Michael D. Leffel
(WI Bar No. 1032238)
150 East Gilman Street, Suite 5000
Madison, WI 53703

Telephone: (608) 257-5035
Facsimile: (608) 258-4258
mleffel@foley.com

*COUNSEL FOR DEFENDANT ARC*
*AUTOMOTIVE, INC.*

*/s/ Joseph G. Petrosinelli*

Joseph G. Petrosinelli
(DC Bar No. 434280)
J. Liat Rome
(DC Bar No. 1033276)
WILLIAMS AND CONNOLLY LLP
680 Maine Ave., S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
jpetrosinelli@wc.com
jrome@wc.com

Cari K. Dawson
(GA Bar No. 213490)
Kara F. Kennedy
(GA Bar No. 926006)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
cari.dawson@alston.com
kara.kennedy@alston.com

*Counsel for Defendants Autoliv, Inc. and*
*Autoliv ASP, Inc.*

*/s/ Benjamin W. Jeffers*

HICKEY HAUCK BISHOFF JEFFERS &

SEABOLT, PLLC
Benjamin W. Jeffers
(MI Bar No. P57161)
Benjamin I. Shipper
(MI Bar No. P77558)
Andrew M. Gonyea
(MI Bar No. P79413)
I Woodward Avenue, Suite 2000
Detroit, MI 48226
Telephone: (313) 964-8600
Facsimile: (313) 964-8601
bjeffers@hhbjs.com
bshipper@hhbjs.com
agonyea@hhbjs.com

*Counsel for Defendant Key Safety Systems, Inc. d/b/a Joyson Safety Systems*

*/s/ Sean M. Berkowitz*

Sean M. Berkowitz
(IL Bar No. 6209701)
Arthur F. Foerster
(IL Bar No. 6271201)
Johanna Spellman
(IL Bar No. 6293851)
LATHAM & WATKINS LLP
330 North Wabash Street, Suite 2800
Chicago, IL 60611
Telephone: 312.876.7700
Facsimile: 312.993.9767

Sean P. McNally
(MI Bar No. P66292)
TROUTMAN PEPPER HAMILTON
SANDER LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Telephone: 248.359.7317
Facsimile: 248.359.7700

Lindsey B. Mann
(GA Bar No. 431819)
TROUTMAN PEPPER HAMILTON
SANDER LLP
600 Peachtree Street, Suite 3000
Atlanta, GA 30308
Telephone: 404.885.2743
Facsimile: 404.962.6538

*Counsel for ZF Active Safety and Electronics
US LLC, ZF Passive Safety Systems US Inc.,
ZF Automotive US Inc., and ZF TRW
Automotive Holdings Corp.*

*/s/ Joseph C. Weinstein*

Joseph C. Weinstein
(OH Bar No. 0023504)
Roger M. Gold
(OH Bar No. 0055905)
Squire Patton Boggs (US) LLP
1000 Key Tower
127 Public Square
Cleveland, OH  44114-1304
Telephone: (216) 479-8500
Facsimile: (216) 479-8780
Email:  joe.weinstein@squirepb.com
        roger.gold@squirepb.com

Dara D. Mann
(GA Bar No. 469065)
Deborah Lempogo
(GA Bar No. 277943)
Squire Patton Boggs (US) LLP
1201 W. Peachtree Street NW,
Suite 3150
Atlanta, GA 30309
Telephone: (678) 272-3222
Facsimile: (678) 272-3211

Email: dara.mann@squirepb.com
      deborah.lempogo@squirepb.com

Daniel C. Harkins
(NY Bar No. 5179312)
Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, Fl. 26
New York, NY 10036-8705
Telephone: (212) 872-9890
Facsimile: (212) 872-9815
Email:  daniel.harkins@squirepb.com

*Counsel for TG Missouri Corporation*

# **CERTIFICATION**

Pursuant to Civil Local Rule 7.1, the undersigned counsel certifies this motion has been prepared with one of the font and point selections approved by the Court in Civil Local Rule 5.1.

*/s/ April N. Ross*
April N. Ross

## <u>CERTIFICATE OF SERVICE</u>

On April 5, 2024, I hereby certify that I have caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to all counsel of record.

*/s/ April N. Ross*
April N. Ross
