## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: ARC AIRBAGS INFLATORS PRODUCTS LIABILITY LITIGATION<br><br>ALL CASES | Case No.: 1:22-md-03051-ELR<br><br>MDL No. 3051<br><br>Judge: Eleanor L. Ross<br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF NOTICE OF NHTSA SUPPLEMENTAL INITIAL DECISION** |

In their Response to Plaintiffs' Notice of NHTSA's Supplemental Initial Decision (Dkt. 268), Defendants mischaracterize the Supplemental Initial Decision and its bearing on this case. Plaintiffs submit this reply to correct the record.

As a threshold matter, the Court can take judicial notice of the Supplemental Initial Decision. Defendants' assertion that the decision "falls into none of the . . . categories of documents that may be considered on a motion to dismiss" (Dkt. 268, at 2) is plainly incorrect. *See, e.g.*, *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 689 (C.D. Cal. 2022) (on a motion to dismiss, taking judicial notice of publicly available information connected to NHTSA's defect investigation); *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices & Prods. Liab. Litig.*, 890 F. Supp. 2d 1210, 1216 & nn.2, 4-5 (C.D. Cal. 2011) (on a

1

motion to dismiss, taking judicial notice of publicly available information connected to NHTSA's defect investigation "as records of an administrative agency").[1]

Nor does the fact that the Supplemental Initial Decision "is not final" (Dkt. 268, at 1) preclude the Court from considering it, especially given that the Supplemental Initial Decision was published in the Federal Register and thus indisputably forms part of the public record in this investigation. *See Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files, after all, traditionally qualify for judicial notice . . . ."); *La. United Bus. Ass'n Self Insurers Fund v. Ford Motor Co.*, 2002 WL 34408429, at *1 (W.D. La. Sept. 9, 2002) (taking judicial notice of various NHTSA documents published in the Federal Register, including "Advance Notice of Proposed Standard" and notices of proposed rulemaking); *Tovar v. Midland Credit Mgmt.*, 2011 WL 1431988, at *1-2 (S.D. Cal. Apr. 13, 2011) (taking judicial notice of notice of proposed rulemaking because it is a "document[] that [is] administered by or publicly filed with the administrative agency").

---

[1] *Turner v. Williams*, which Defendants cite, does not address judicial notice; rather, the court of appeals there held an affidavit attached as an exhibit to the complaint "forms part of the Complaint and controls even where the Complaint itself says something different." 65 F.4th 564, 583 n.27 (11th Cir. 2023). Here, by contrast, the Supplemental Initial Decision *entirely supports* Plaintiffs' allegations. *See infra* pp. 3-4.

Defendants also erroneously contend the Supplemental Initial Decision "is irrelevant to any issues presented by the pending motions to dismiss." Dkt. 268, at 1. Plaintiffs assert consumer protection and fraud-by-omission claims under all 50 states and the District of Columbia based on Defendants' failure to disclose the Inflator Defect. *See generally* Dkt. 157-1 (Pls.' Corrected Consol. Class Action Compl. (Vol. II)). These claims may require Plaintiffs to show that Defendants knew or should have known about the Inflator Defect or that Defendants' knowledge of the defect was superior to Plaintiffs'. *See, e.g.*, Dkt. 221 (Pls.' Mem. of Law in Opp'n to Automaker Defs.' Mot. to Dismiss), at 29-31.

The Supplemental Initial Decision recounts in detail Defendants' awareness of the Inflator Defect, including field ruptures dating from January 2009 to March 2023 (Dkt. 267-1, at 63478-81), and NHTSA's investigation—which began in July 2015—implicates the vast majority of Defendants in this lawsuit (*id.* at 63475-76).[2] These facts support Plaintiffs' allegations that Defendants knew or should have known about the Inflator Defect, and that Defendants' knowledge of the defect was superior to that of its customers.

---

[2] For instance, as part of its preliminary investigation, NHTSA issued Standing General Orders 2015-01 and 2015-02, which obligated ARC and the Automaker Defendants "to report any alleged or suspected inflator field rupture" to the agency. Dkt. 267-1, at 63475.

NHTSA also determined previous lot-based recall efforts were "insufficient to address the defect" because "the risk of rupture pervades the entire subject inflator population and, as such, a recall for all subject inflators is needed." Dkt. 267-1, at 63477 & n.31. This conclusion reinforces Plaintiffs' argument that presentment of the Class Vehicles for repair would have been futile because "the Automakers have failed to offer a permanent, effective fix." Dkt. 221, at 18.

Finally, Plaintiffs allege Defendants were under a duty to disclose the Inflator Defect due to its safety-related nature. *Id.* at 32-33. In its Supplemental Initial Decision, NHTSA concludes that the Inflator Defect "is related to motor vehicle safety because a risk of inflator rupture presents an unreasonable risk of death or injury in the event of an accident." Dkt. 267-1, at 63486. The agency also specifies that every hybrid, toroidal inflator manufactured by ARC is at risk for rupture. *Id.* at 63490. These facts further support Plaintiffs' argument that "[v]ehicles with defective airbags that can shoot shrapnel at occupants *are unsafe and unreliable*, and therefore not merchantable." Dkt. 221, at 22 (emphasis in original).

Dated: August 23, 2024

*/s/Roland Tellis*
Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Adam Tamburelli
atamburelli@baronbudd.com
Jay Lichter
jlichter@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Tel: (818) 839-2333

Respectfully submitted,

*/s/ Demet Basar*
Demet Basar
demet.basar@beasleyallen.com
W. Daniel "Dee" Miles, III
dee.miles@beasleyallen.com
J. Mitch Williams
mitch.williams@beasleyallen.com
Dylan T. Martin
dylan.martin@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES,
P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343

H. Clay Barnett, III (GA Bar 174058)
clay.barnett@beasleyallen.com
Thomas P. Willingham (GA Bar 235049)
tom.willingham@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES,
P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Tel: (404) 751-1162

*/s/ James E. Cecchi*

James E. Cecchi
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700

Zachary Jacobs
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, Illinois 60606
Tel: (973) 994-1700

Jason H. Alperstein
jalperstein@carellabyrne.com
Zachary J. Bower
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Tel: (973) 994-1700

*/s/ Elizabeth T. Castillo*

Niall P. McCarthy
nmccarthy@cpmlegal.com
Elizabeth T. Castillo
ecastillo@cpmlegal.com
David G. Hollenberg
dhollenberg@cpmlegal.com
**COTCHETT, PITRE &**
**McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

Hannah K. Brown
hbrown@cpmlegal.com
Theresa E. Vitale
tvitale@cpmlegal.com
**COTCHETT, PITRE &**
**McCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Tel: (310) 392-2008

*/s/ David Stellings*
David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

*/s/ Kevin R. Dean*
Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

*/s/ Matthew D. Schultz*
Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO,
RAFFERTY, PROCTOR,
BUCHANAN, O'BRIEN, BARR &
MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

***Leadership Committee for Plaintiffs and the Proposed Classes***

*/s/ Michael A. Caplan*                                  */s/ M.J. Blakely*

Michael A. Caplan (GA Bar 601039)           M.J. Blakely (GA Bar 708906)

mcaplan@caplancobb.com                        mjblakely@blakelyfirm.com

T. Brandon Waddell (GA Bar 252639)      **THE BLAKELY FIRM, L.L.C.**

bwaddell@caplancobb.com                       P.O. Box 3314

Ashley C. Brown (GA Bar 287373)         Decatur, GA 30031

abrown@caplancobb.com                         Tel: (404) 491-0617

**CAPLAN COBB LLC**

75 Fourteenth Street NE, Suite 2700

Atlanta, Georgia 30309

Tel: (404) 596-5600

***Co-Liaison Counsel for Plaintiffs and the Proposed Classes***