# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-3051-ELR<br><br>Hon. Eleanor L. Ross<br><br>**HYUNDAI MOTOR COMPANY AND KIA CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT** |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

ARGUMENT .......................................................................................................... 2

I. The Complaint improperly lumps Hyundai Motor and Kia Corp. together with other Defendants. ................................................................................ 2

II. Plaintiffs' warranty claims should be dismissed because Hyundai Motor and Kia Corp. are not the warrantors. ............................................................ 5

III. Plaintiffs' non-warranty claims fail to satisfy Rule 9(b). ................................ 6

IV. Plaintiffs do not allege Hyundai Motor or Kia Corp. received any benefit constituting an unjust enrichment. .................................................................. 7

V. Plaintiffs' claims fail for multiple additional reasons as explained in the briefing in support of other motions to dismiss. ........................................... 8

CONCLUSION ........................................................................................................ 8

## INTRODUCTION

Hyundai Motor Company ("Hyundai Motor") and Kia Corporation ("Kia Corp.") are South Korean vehicle manufacturers. Although both are named as Defendants, Plaintiffs have failed to articulate which substantive allegations, if any, are directed at these particular Defendants. Instead, the Complaint lumps Hyundai Motor and Kia Corp. into an undifferentiated mass of "Hyundai-Kia Defendants" that also includes U.S.-based entities; worse, it then lumps that multi-defendant group together with an even larger group of "Automaker Defendants" that are then treated as a single entity. The Eleventh Circuit has consistently forbidden this sort of group pleading. For this reason alone, the Court should dismiss the claims against Hyundai Motor and Kia Corp.

The claims against these Defendants suffer from other defects too. Neither Hyundai Motor nor Kia Corp. is a party to any warranties issued to Plaintiffs, so they cannot be liable for breaching those warranties. Neither Defendant is accused of interacting with Plaintiffs, so they cannot have made any misrepresentations to Plaintiffs or owed them a duty to disclose; this requires dismissal of all fraud-based claims. Neither Defendant is alleged to have sold Plaintiffs their vehicles or retained any benefit from those sales, so they cannot be liable for breach of implied warranty or unjust enrichment. And finally, the same deficiencies described in the other

1

Defendants' motions to dismiss, which Hyundai Motor and Kia Corp. join, also require dismissal.

## ARGUMENT

### I. The Complaint improperly lumps Hyundai Motor and Kia Corp. together with other Defendants.

As relevant to this motion, Plaintiffs are five Hyundai owners and a dozen Kia owners. All purchased their vehicles in the United States, and all sued either Hyundai Motor America or Kia America, Inc.—U.S.-based entities that are related to, but distinct from, the movants here. Despite the phone-book length of their Complaint, Plaintiffs have offered no factual allegations connecting Hyundai Motor or Kia Corp. to their claims. The Complaint somehow manages to be both too long, violating Rule 8(a)(2)'s requirement of a "short and plain statement of the claim," and too sparse— it lacks the details that might provide Hyundai Motor and Kia Corp. with fair notice of their alleged wrongdoing, and it lacks enough allegations to make their claims against those Defendants plausible, as required under modern pleading standards. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Plaintiffs expressly refer to Hyundai Motor and Kia Corp. in only four paragraphs of the Complaint. These two Defendants, they allege, are members of a general partnership, Compl. ¶ 110; are incorporated in and have their principal places of business in South Korea, *id.* ¶¶ 112 & 115; are "the two largest vehicle manufacturers in South Korea," *id.* ¶ 115; and are the parent companies of the U.S.-

based Hyundai and Kia Defendants, *id.* at ¶ 116. They also allege that Hyundai Motor is the largest investor in Kia Corp. *Id*. But none of these allegations inform Hyundai Motor or Kia Corp. of their alleged role in Plaintiffs' actual claims.

To the extent the Complaint connects any Hyundai or Kia entities to Plaintiffs' claims, it does so only with respect to U.S.-based Defendants. Plaintiffs allege that the U.S.-based Hyundai and Kia Defendants manufacture and distribute vehicles under the Hyundai and Kia brands, Compl. ¶¶ 111, 114, and that they market, lease, warrant, oversee regulatory compliance for, and oversee warranty servicing of Hyundai and Kia vehicles in the United States, *id.* ¶¶ 111, 114. Plaintiffs make no allegations about Hyundai Motor and Kia Corp.'s involvement in those activities.

Plaintiffs try to mask this failure by lumping Hyundai Motor and Kia Corp. together with their U.S. counterparts and referring to all of them collectively as the "Hyundai-Kia Defendants." Compl. ¶ 116. Plaintiffs then fold that group into an even broader one: every automaker named in the Complaint, a group they define to include sixteen Defendants spread over three continents. Plaintiffs direct their factual allegations against that latter group, which they call the "Automaker Defendants." *See, e.g., id.* ¶¶ 263–64, 266–69, 285, 309, 311–12, 316, 325, 329, 333, 368–69, 377–78.

This tactic has been forbidden in this Circuit for decades. It is a species of "shotgun pleading," one that involves "asserting multiple claims against multiple

3

defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). While group pleading of this sort is a "relatively rare sin," Plaintiffs here have managed to commit it twice, first by treating all Hyundai and Kia entities as a single entity, and then by folding that group into an even larger group of automaker Defendants. *See, e.g.,* Compl. ¶¶ 27, 116–119, 310.

Plaintiffs' failure to distinguish Hyundai Motor and Kia Corp. from one another and from other Defendants is a classic example of group pleading—a practice forbidden in this Circuit.[1] It requires dismissal of all claims against those Defendants.

---

[1] For other examples of the Eleventh Circuit and district courts in this Circuit addressing claims that fail to specify which defendant committed which wrongful acts, see *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (upholding dismissal of complaint that made "no distinction" among the defendants, even though "geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of"); *IOU Central Inc. v. Embryolisse USA Inc.*, 2021 WL 2557501, at *5 (N.D. Ga. Mar. 22, 2021) (using "EM/TK/MK" to refer to multiple defendants "fails to specify which of the defendants are responsible for which acts or omissions") (internal quotation marks omitted); *Gazzola v. NCL (Bahamas) Ltd.*, 2019 WL 3067506, at *2 (S.D. Fla. July 12, 2019) (allegations that lump defendants together "do not give fair notice of what one defendant allegedly failed to do as opposed to the other"); *Ghee v. Georgia*, 2018 WL 11483423, at *3 (N.D. Ga. Dec. 11, 2018) (dismissing complaint that did not make clear "which claims are brought against which Defendants and which actions, if any, certain Defendants took").

4

## II. Plaintiffs' warranty claims should be dismissed because Hyundai Motor and Kia Corp. are not the warrantors.

Plaintiffs cannot brush aside their "group pleading" problem by claiming that all Automaker Defendants committed the same wrongs. For example, Plaintiffs assert claims for breach of warranty against Hyundai Motor and Kia Corp., but a company cannot breach a warranty it did not issue, and neither of those Defendants issued any warranties relevant to Plaintiffs' claims.

All of the Hyundai and Kia Plaintiffs allegedly purchased their vehicles in the United States. Compl. ¶¶ 144, 145, 152, 157, 163, 166, 168, 174, 175, 177, 178, 179, 194, 196, 201, 206, 252. Each alleges purchasing a single vehicle covered by a "written warranty" that forms the basis for their express warranty claims. *See, e.g.*, *id.* ¶¶ 1433–35. Plaintiffs alleged that the U.S.-based Hyundai-Kia Defendants warranted and are responsible for overseeing "warranty servicing" for Hyundai and Kia vehicles in the United States. *Id.* ¶ 111 (Hyundai Motor America), ¶ 114 (Kia America, Inc.). Consistent with these allegations, the written warranties in the record show that Hyundai Motor America and Kia America, Inc.—not Hyundai Motor or Kia Corp.—are the warrantors. *See* Dkts. 180-2, 180-3, 180-4, 180-6, and 180-7 at 3 & 5 (Kia is warrantor and defined as Kia Motors America, Inc.), Dkts. 180-10, 180-11, and 180-12 at 4 & 6 (Kia is warrantor and defined as Kia Motors America, Inc.), Dkt. 180-5 at 20, Dkt. 180-8 at 18, Dkt. 180-9 at 19, Dkt. 180-13 at 16 (Hyundai Motor America is warrantor). These warranties may be considered in

connection with this motion because they are incorporated by reference into the Complaint. *Hi-Tech Phar., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018).

"It goes without saying that a contract cannot bind a nonparty." *Northbound Grp., Inc. v. Norvax, Inc.*, 795 F.3d 647, 650 (7th Cir. 2015) (citation omitted). Plaintiffs' allegations that the U.S.-based Hyundai and Kia Defendants warranted their vehicles, combined with the plain language of the warranties, foreclose their express warranty claims against Hyundai Motor and Kia Corp.

The implied warranty claims fail too. As explained in the joint motion to dismiss, most states do not allow implied warranty claims to flow beyond the seller and up a distribution chain. *See* Dkt. 181-1 Part IV.A. Plaintiffs do not allege Hyundai Motor or Kia Corp.'s role in the distribution chain for their particular vehicles, let alone that those entities sold Plaintiffs their vehicles.

### III. Plaintiffs' non-warranty claims fail to satisfy Rule 9(b).

Plaintiffs' remaining claims for unjust enrichment, common law fraud, and violation of consumer protection statutes should be dismissed because Plaintiffs do not allege that Hyundai Motor or Kia Corp. ever interacted with them, much less provide the "who, what, when, and where" required for fraud-based claims. Rule 9(b) requires Plaintiffs to "state with particularity the circumstances constituting fraud," but there are no allegations—even generally—suggesting that Hyundai

6

Motor or Kia Corp. had any contact with Plaintiffs. Dkt. 181-1 at Part V & VII (all non-warranty claims are subject to Rule 9(b) because they sound in fraud); *see also Fid. Nat'l Fin., Inc. v. Attachmate Corp.*, 2017 WL 3726687, at *3–4 (M.D. Fla. Mar. 1, 2017) (Florida consumer protection statute claim sounding in fraud subject to Rule 9(b)).

Another court recently dismissed fraud-based claims against the manufacturer of allegedly defective engines where, like here, the plaintiffs had not alleged that the defendant "made any statements to any plaintiff that omitted material facts, sold products to the plaintiffs, communicated with the plaintiffs, or interacted with them in any way." *See Stanley v. Nissan N. Am., Inc.*, --- F. Supp. 3d ---, 2024 WL 814496, at *22–24 (M.D. Tenn. Feb. 27, 2024). The same is true here.

## IV. Plaintiffs do not allege Hyundai Motor or Kia Corp. received any benefit constituting an unjust enrichment.

While Plaintiffs' unjust enrichment claims do not satisfy Rule 9(b), they are defective for an additional reason: Plaintiffs failed to allege the essential elements of that claim, namely that Hyundai Motor and Kia Corp. received a benefit from the sales to Plaintiffs.[2] Nor could they, since neither entity allegedly manufactured or

---

[2] *See* Dkt. 181–9 at 5–6 (identifying case law for this element in Alabama, Georgia, Illinois, Michigan, New York, and Pennsylvania); *Campbell v. Asbury Auto., Inc.*, 381 S.W.3d 21, 36 (Ark. 2011); *Dept. of Human Servs. v. Unisys Corp.*, 637 N.W.2d 142, 154–55 (Iowa 2001); *Lake Toxaway Cmty. Ass'n, Inc. v. RYF Enterprises, LLC*, 226 N.C. App. 483, 490 (N.C. App. 2013); *Inglese v. Beal*, 403 S.C. 290, 297 (S.C. App. 2013); *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525

distributed Plaintiffs' vehicles. This failure is even more striking with respect to the eleven plaintiffs suing over their purchase of used cars. *See* Dkt. 180-1 at 5 (chart in introduction identifying these purchasers). Plaintiffs do not allege, and could not plausibly allege, that any benefit was conferred on Hyundai Motor or Kia Corp. through their purchase of used cars from unaffiliated third parties. *See In re Takata Airbag Liability Litig.*, 2016 WL 11662171, at *9 (S.D. Fla. Sept. 30, 2016).

### V. Plaintiffs' claims fail for multiple additional reasons as explained in the briefing in support of other motions to dismiss.

Apart from the deficiencies noted above, Plaintiffs' claims against Hyundai Motor and Kia Corp. suffer from the same problems identified in earlier-filed (and as of this filing pending) motions to dismiss. *See* Dkts. 180 & 181. These failings include the points discussed in the U.S. Hyundai-Kia Defendants' Motion to Dismiss, including that Plaintiffs' claims fail to plausibly allege knowledge of the alleged defect; that the warranties have expired; and that Plaintiffs' claims are time-barred under the relevant statutes of limitations and repose. Dkt. 180. They also include the bases for dismissal discussed in the Joint Motion to Dismiss. Dkt. 181.

### CONCLUSION

For the foregoing reasons, as well as those detailed in the U.S. Hyundai-Kia Defendants' Motion to Dismiss and the Joint Motion to Dismiss, Hyundai Motor and

---

(Tenn. 2005); *Reed v. Zurn*, 187 Vt. 613, 616 (Vt. 2010); *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 116 (Va. 2008).

Kia Corp. respectfully request that the Court dismiss all claims against them and award them any other appropriate relief.

Dated: September 16, 2024

Respectfully submitted,

*/s/ Eric S. Mattson*

SIDLEY AUSTIN LLP
Eric S. Mattson
Kendra Stead
Ankur Shingal
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
emattson@sidley.com
kstead@sidley.com
ashingal@sidley.com

Ellyce R. Cooper
1999 Avenue of the Stars
17th Floor
Los Angeles, CA 90067
Telephone: (213) 896-6000
Facsimile: (213) 896 6600
ecooper@sidley.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Anita Wallace Thomas
Suite 1700
201 17th Street, N.W.
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
anita.thomas@nelsonmullins.com

BOWMAN AND BROOKE
Joel H. Smith
Patrick J. Cleary
1441 Main St., Ste. 1200
Columbia, SC 29201
Telephone: (803) 726-7422
Facsimile: (803) 726-7421
joel.smith@bowmanandbrooke.com
patrick.cleary@bowmanandbrooke.com

DYKEMA GOSSETT, PLLC-MI
James P. Feeney
Suite # 300
39577 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 203-0841
Facsimile: (855) 243-9885
Email: jfeeney@dykema.com

9

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document has been prepared with Times New Roman 14-point font, one of the font and point selections approved by Local Rule 5.1.

*/s/ Eric S. Mattson*

## **CERTIFICATE OF SERVICE**

I certify that on September 16, 2024, a copy of the foregoing Hyundai Motor Company and Kia Corporation's Memorandum in Support of Motion to Dismiss Consolidated Class Action Complaint was served electronically through the Court's electronic filing system on all parties appearing on the Court's ECF service list.

*/s/ Eric S. Mattson*