# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-3051-ELR<br><br>Hon. Eleanor L. Ross<br><br>**HYUNDAI MOTOR COMPANY AND KIA CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT** |

## I. Plaintiffs' opposition brief only highlights their impermissible use of "group pleading."

Despite submitting a brief nearly twice as long as the Court directed, *see* Dkt. 175, Plaintiffs have failed to explain how their Complaint provides fair notice to Hyundai Motor and Kia Corp.—two entities based in Korea that, as far as the Complaint reveals, did nothing relevant to this case. Plaintiffs contend that these two Defendants "overlook the many allegations relevant specifically to them," Dkt. 275 ("Opp."), but of the 19 paragraphs Plaintiffs identify, the vast majority refer to other entities, not Hyundai Motor or Kia Corp., or are the very group-pled allegations being challenged. *See* Compl. ¶¶ 111, 113–14, 120, 121 (referring only to Hyundai Motor America, Kia America, or the dismissed Hyundai Motor Group), ¶¶ 117–19, 310, 314, 322, 327, 342, 366 (referring to "Hyundai-Kia" defendants or generically to "Hyundai" or "Kia"), 266 (referring to "Automaker Defendants").

Plaintiffs cite *Ford v. Hyundai Motor America* as rejecting a similar argument, Opp. at 7, but *Ford* is out-of-circuit and therefore immune from the Eleventh Circuit's stringent, decades-long "salvo of criticism aimed at shotgun pleadings." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Plaintiffs also point to *Ford*'s alter ego discussion, but a plaintiff must specifically allege an alter ego theory; Plaintiffs here did not. *See Ace Tree Surgery, Inc. v. Terex Corp.*, 2017 WL 1836307, at *3–4 (N.D. Ga. Feb. 21, 2017). Finally, Plaintiffs cannot piggyback off allegations from the *Ford* complaint that they never

1

made. *Compare, e.g., Ford*, 2021 WL 7448507, at *19 (C.D. Cal.), *with* Compl. ¶¶ 110–16. As the Eleventh Circuit recently explained, a plaintiff "simply cannot fill gaps in its allegations via reference to facts or allegations in other lawsuits." *Environmental Protection Comm'n of Hillsborough v. Mercedes Benz USA, LLC*, 2023 WL 4678978, at *4 (11th Cir. July 21, 2023) (per curiam).

Plaintiffs defend their group pleading by asserting that group allegations can be read as directed against each defendant individually. Opp. at 7. But that's wrong, at least in this context: The group-pled allegations cannot fairly be read as directed against *both* the U.S.-based Hyundai and Kia subsidiaries *and* the Korea-based Hyundai Motor and Kia Corp. Plaintiffs alleged that U.S. manufacturing, advertising, sales, leasing, warranting, warranty-servicing, and regulatory oversight for Hyundai and Kia vehicles are the responsibility of the U.S.-based subsidiaries. Compl. ¶¶ 111, 114. All they allege as to Hyundai Motor and Kia Corp. is that they are parent companies and manufacture vehicles in South Korea. *Id.* ¶¶ 112, 115–16.

Plaintiffs' other authority does not help them. In *Quality Auto Painting Center of Roselle, Inc. v. State Farm Indemnity Co.*, the court permitted group pleading where plaintiffs' "close proximity to each other" made "amply clear" that the defendants were alleged to have interfered with all plaintiffs. 917 F.3d 1249, 1275 (11th Cir. 2019). That is different from Plaintiffs' complaint, which is a textbook example of the impermissible shotgun pleading described in *Bolling v. Mercedes*

2

*Benz USA*, *LLC*, another case Plaintiffs cite. The court in *Bolling* noted that "broad allegations" aimed at "a large and diverse group of defendants, leaving unclear just who is alleged to have committed which acts," are insufficient. 2024 WL 3972987, at *7 (N.D. Ga. Aug. 27, 2024). That is exactly what Hyundai Motor and Kia Corp. are facing here.

Plaintiffs complain that they "cannot be expected to know the exact corporate structure" or "internal policies" of each Defendant. Opp. at 8–9. Yet at the same time, Plaintiffs are asking this Court to take judicial notice of financial statements that describe Hyundai Motor's corporate structure. Opp. at 1 n.2 (cited pages list subsidiaries, their roles, locations, and ownership). There is no mystery here. The reason Plaintiffs have failed to provide fair notice of their claims against Hyundai Motor or Kia Corp. is that those entities are too far removed from the allegedly wrongful acts for any such claims to be plausible.

## II. Plaintiffs' own allegations foreclose their express warranty claims.

Plaintiffs say the warranties in the record are not properly before the Court because Plaintiffs "have had no opportunity to test the authenticity" of those documents. Opp. at 11-12. Yet Plaintiffs themselves alleged that the U.S. subsidiaries—not Hyundai Motor or Kia Corp.—issued their warranties. Compl. ¶¶ 111, 114. That alone dooms their warranty claims against the Korean Defendants—

3

even if the Court does not consider the actual warranties, which merely confirm what Plaintiffs have alleged.

In any event, the Court can and should consider the warranties in the record because Plaintiffs have not actually challenged their authenticity; they just speculate that someday they might. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012). But a plaintiff "cannot base large swaths of the Complaint on [a defendant's] alleged failure to uphold the Vehicle's express warranties and thereafter object when [the defendant] seeks to have the Court consider the actual Warranty." *Reynolds v. McLaren Automotive, Inc.*, 2024 WL 2000644, at *4 (S.D. Cal. May 6, 2024); *see also Johnson v. City of Atlanta*, 107 F.4th 1292, 1301 (11th Cir. 2024).

Finally, Plaintiffs' suggestion that the warranties in the record "do not appear to relate to *all* Hyundai-Kia Plaintiffs' vehicles" is wrong. Opp. at 12. This is clear from a comparison of the chart listing the model year of each Plaintiff's vehicle, Dkt. 180-1 at 1, with the list of warranties in the record, *id.* at 4 n.2.

### III. Plaintiffs' unjust enrichment and implied warranty claims should be dismissed because Hyundai Motor and Kia Corp. are too far removed from the actual sales to Plaintiffs.

Plaintiffs' unjust enrichment claims against Hyundai Motor and Kia Corp. should be dismissed because Plaintiffs allege only that *other* automakers sold or distributed vehicles. *See* Br. at 7–8. Plaintiffs point to allegations about vehicles purchased by Plaintiffs through dealerships *in the United States*. Opp. at 18–19. But

according to Plaintiffs, Hyundai *America* and Kia *America* handle distribution of Hyundai and Kia vehicles in the United States. Compl. ¶¶ 111, 114.

Plaintiffs' failure to identify any role that Hyundai Motor or Kia Corp. played in the distribution also forecloses Plaintiffs' implied warranty claims. Br. at 6.

### IV.     Plaintiffs' non-warranty claims fail to satisfy Rule 9(b).

Rule 9(b) applies to Plaintiffs' unjust enrichment claims because those claims are grounded in fraud. *See* Br. at 7 (citing Dkt. 181-1 at Part V & VII). Plaintiffs' reliance on *Symphony, LLC v. Romeu* is misplaced because, unlike there, Hyundai Motor and Kia Corp. have explained why the pertinent counts of the Complaint sound in fraud. 2019 WL 2107288, at *2 (S.D. Fla. Mar. 13, 2019).

Plaintiffs' attempt to distinguish *Stanley v. Nissan North America, Inc.* is also misplaced. Opp. at 15–16. Plaintiffs note that *Stanley* dismissed claims against an engine manufacturer rather than the vehicle manufacturer, but that misses the point: As in this case, plaintiffs did not allege the engine manufacturer (or here the parent companies of the actual distributors of the vehicles) ever interacted with them. 719 F. Supp. 3d 786, 819 (M.D. Tenn. 2024). That requires the dismissal of all fraud-based claims.

5

Dated: October 29, 2024

Respectfully submitted,

*/s/ Eric S. Mattson*

SIDLEY AUSTIN LLP
Eric S. Mattson
Kendra Stead
Ankur Shingal
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
emattson@sidley.com
kstead@sidley.com
ashingal@sidley.com

Ellyce R. Cooper
1999 Avenue of the Stars
17th Floor
Los Angeles, CA 90067
Telephone: (213) 896-6000
Facsimile: (213) 896 6600
ecooper@sidley.com

NELSON MULLINS RILEY &
SCARBOROUGH LLP
Anita Wallace Thomas
Suite 1700
201 17th Street, N.W.
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
anita.thomas@nelsonmullins.com

BOWMAN AND BROOKE
Joel H. Smith
Patrick J. Cleary
1441 Main St., Ste. 1200
Columbia, SC 29201
Telephone: (803) 726-7422
Facsimile: (803) 726-7421
joel.smith@bowmanandbrooke.com
patrick.cleary@bowmanandbrooke.com

DYKEMA GOSSETT, PLLC-MI
James P. Feeney
Suite # 300
39577 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 203-0841
Facsimile: (855) 243-9885
Email: jfeeney@dykema.com

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document has been prepared with Times New Roman 14-point font, one of the font and point selections approved by Local Rule 5.1.

/s/ Eric S. Mattson

## **CERTIFICATE OF SERVICE**

I certify that on October 29, 2024, a copy of the foregoing Hyundai Motor Company and Kia Corporation's Reply in Support of Motion to Dismiss Consolidated Class Action Complaint was served electronically through the Court's electronic filing system on all parties appearing on the Court's ECF service list.

*/s/ Eric S. Mattson*