## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: ARC AIRBAGS INFLATORS PRODUCTS LIABILITY LITIGATION<br><br>ALL CASES | Case No.: 1:22-md-03051-ELR<br><br>MDL No. 3051<br><br>Judge:　　Eleanor L. Ross<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |

As further support for their oppositions to Defendants' pending motions to dismiss the Corrected Consolidated Class Action Complaint (Docs. 157, 157-1, "Complaint"), Plaintiffs respectfully submit Judge Geraghty's recent decision in *McClure v. Toyota Motor Corp.*, No. 1:22-CV-3898-SEG (N.D. Ga. Dec. 11, 2024) (attached as Exhibit A).[1]

The court in *McClure* ruled in the plaintiff's favor on numerous issues relevant to the pending motions in this case.

---

[1] Unless otherwise indicated, all emphasis in this notice has been added, and all internal citations and quotation marks have been omitted. Additionally, "¶ __" refers to paragraphs of the Complaint.

*First*, the court denied Toyota's motion to dismiss the express warranty claim, holding plaintiff plausibly alleged "a defect in 'materials or workmanship.'" Ex. A at 17. Plaintiffs in this case premise their express warranty claims on materially similar language in the Automaker Defendants' vehicle warranties. Dkt. 221 at 11.[2] The court in *McClure* also agreed with Plaintiffs' argument here that "[n]othing prevents a products liability plaintiff from pleading design and manufacturing defects in the alternative." Ex. A at 16; *accord* Dkt. 221 (Pls.' Opp. to Automaker Defs.' Mot. to Dismiss) at 12 ("A final determination on the root cause would be premature on this record.").

*Second*, the court held the defects alleged in the complaint—"[p]remature battery expiration," "[d]imming and malfunctioning of the Vehicles' safety features," and "[m]alfunctioning of the power steering system"—plausibly rendered plaintiff's car "unfit for its ordinary purpose," which supported a claim for breach of implied warranty of merchantability. Ex. A at 23–26. The court rejected Toyota's fact-specific arguments that "several allegations in Plaintiffs' complaint undermine the notion that his RAV4 was not suitable for driving," as a plaintiff need only allege

---

[2] The court in *McClure* granted defendants' request to consider "the RAV4 Warranty & Maintenance Guide ('Warranty Guide')" as incorporated into the complaint by reference. Ex. A at 6 n.2. But unlike the documents the Automaker Defendants ask the Court to consider here (*see, e.g.*, Dkt. 182-1 at 6), in *McClure* "portions of the Warranty Guide [we]re quoted in the complaint" and "the parties d[id] not dispute the authenticity of the Warranty Guide." Ex. A at 6 n.2.

"a defect [that] impacts the safety, driveability, and usefulness of the Class Vehicles." *Id.* at 25–26 (alterations adopted). Here, too, Plaintiffs allege the Defective Inflators rendered the Class Vehicles, among other things, "unsafe to drive and unfit for ordinary purposes." *E.g.*, ¶ 661(b); *see also* Dkt. 221 at 22 ("Vehicles with defective airbags that can shoot shrapnel at occupants *are unsafe and unreliable*, and therefore not merchantable."). Further, as the court confirmed in *McClure*, this is a question for the factfinder.

*Third*, the court held that plaintiff, who bought his vehicle used from an authorized Toyota dealer within the limits of the original warranty, "sufficiently alleged privity and an agency relationship between Defendants." Ex. A at 26–32. The court specifically rejected Toyota's argument that Georgia law restricts privity to new products purchased directly from the manufacturer. *Id.* at 28 n.5. Plaintiffs here likewise sufficiently plead an implied warranty claim even in states with a privity requirement—including Georgia—because, among other things, "an agency relationship . . . between the Automakers and dealerships exists" and "the Automakers issued express warranties." Dkt. 221 at 19–20; *see also* Dkt. 221-1 at 2.

*Fourth*, the court echoed numerous other courts in recognizing that Rule 9(b)'s particularity requirement "functions differently in the context of omission-based fraud claims"; specifically, "it is enough for a plaintiff 'to allege that a fact was material and that it could have, and should have, been disclosed prior to the time

3

plaintiffs acted upon the omission[.]" Ex. A at 41 (alteration in original) (quoting *Nalley v. Gen. Motors LLC*, 2022 WL 18459646, at *5 (N.D. Ga. Aug. 30, 2022)). Plaintiff there satisfied Rule 9(b) by alleging "that Defendants (who) failed to disclose the existence of the Parasitic Drain Defect despite knowing of it since at least January 2019 (what) prior to the sale of the RAV4 (when)" and that "defendants allegedly failed to disclose the Defect in their "marketing and promotional materials provided on-line, on television, and at the point of sale" (where) and "allegedly promised in [their] marketing materials that the RAV4's electrical system possessed durability and reliability qualities that Toyota knew it did not have (how)." *Id.* at 42. Plaintiffs here likewise satisfy Rule 9(b) by alleging "(1) they were exposed to the Automakers' marketing and public statements, including on-vehicle labeling and placards, manuals, brochures, and pamphlets; (2) those materials represented the Class Vehicles were safe and dependable; (3) the representations were material to Plaintiffs' decision to acquire their vehicles; and (4) the Automakers failed to disclose the Inflator Defect." Dkt. 221 at 26; *see also, e.g.*, ¶¶ 376–79.

*Fifth*, plaintiff in *McClure* sufficiently pleaded a duty to disclose because Toyota actively concealed the alleged defect and "purchasers could not have discovered [it] through the exercise of ordinary prudence," including because Toyota "assured [customers] that the Vehicles were safe and fit for their ordinary purposes." Ex. A at 43–44. Given those allegations, the court "conclude[d]—as others in this

district have on similar facts—that Plaintiff plausibly alleges that Defendants have concealed 'intrinsic qualities' of the Vehicles which Plaintiff could not have discovered through the exercise of ordinary prudence." *Id.* at 44 (citing, *inter alia*, *Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338, 1296 (N.D. Ga. 2018); *Bolling v. Mercedes-Benz USA, LLC*, 2024 WL 3972987, at *16 (N.D. Ga.  Aug. 27, 2024)).  This holding supports Plaintiffs' argument that the Automaker Defendants had a duty to disclose the Inflator Defect based on their awareness of the defect and its safety risks, the fact that the Inflator Defect "poses a critical safety concern," and the Automakers' active concealment of the defect. Dkt. 221 at 32–34; *see also ¶¶* 1–9, 308–74, 376–79, 414.

*Sixth*, the court held a plaintiff alleging fraudulent concealment can demonstrate justifiable reliance by alleging "that a concealed fact was 'material' and that he would have acted differently had it been disclosed." Ex. A at 45–46. Plaintiffs do so here. Dkt. 221 at 35 ("Plaintiffs allege they were exposed to the Automakers' misrepresentations and omissions regarding the Class Vehicles' safety, which were material to Plaintiffs' decision to purchase or lease them."); *see also* ¶¶ 142–255.

*Finally*, the court upheld a Georgia Fair Business Practices Act ("GFBPA") claim based on plaintiff's plausible allegations that Toyota knew about the defect, failed to disclose the defect, actively concealed it, and denied its existence, and that plaintiff overpaid for his vehicle, which he would not have bought (or for which he

would have paid less) had he known about the defect. Ex. A at 48. Plaintiffs' GFBPA claims here rest on similar, plausible allegations. Dkt. 221 at 37–45; *see also* ¶¶ 376–79, 1239–59.

*McClure* follows a trend in this District (*see also* Dkt. 276 (addressing *Bolling*)): Defendants' arguments for dismissal fail. The Court should deny their motions and allow discovery to proceed.

Dated: December 19, 2024

*/s/Roland Tellis*
Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Adam Tamburelli
atamburelli@baronbudd.com
Jay Lichter
jlichter@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Tel: (818) 839-2333

Respectfully submitted,

*/s/ Demet Basar*
Demet Basar
demet.basar@beasleyallen.com
W. Daniel "Dee" Miles, III
dee.miles@beasleyallen.com
J. Mitch Williams
mitch.williams@beasleyallen.com
Dylan T. Martin
dylan.martin@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES,
P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343

H. Clay Barnett, III (GA Bar 174058)
clay.barnett@beasleyallen.com
Thomas P. Willingham (GA Bar
235049)
tom.willingham@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES,
P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Tel: (404) 751-1162

_/s/ James E. Cecchi_
James E. Cecchi
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700

Zachary Jacobs
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, Illinois 60606
Tel: (973) 994-1700

Jason H. Alperstein
jalperstein@carellabyrne.com
Zachary J. Bower
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Tel: (973) 994-1700

_/s/ Elizabeth T. Castillo_
Niall P. McCarthy
nmccarthy@cpmlegal.com
Elizabeth T. Castillo
ecastillo@cpmlegal.com
David G. Hollenberg
dhollenberg@cpmlegal.com
**COTCHETT, PITRE &**
**McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

Hannah K. Brown
hbrown@cpmlegal.com
Theresa E. Vitale
tvitale@cpmlegal.com
**COTCHETT, PITRE &**
**McCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Tel: (310) 392-2008

*/s/ David Stellings*

David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

*/s/ Kevin R. Dean*

Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

*/s/ Matthew D. Schultz*

Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO,
RAFFERTY, PROCTOR,
BUCHANAN, O'BRIEN, BARR &
MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

*Leadership Committee for Plaintiffs and the Proposed Classes*

9

*/s/ Michael A. Caplan*                  */s/ M.J. Blakely*

Michael A. Caplan (GA Bar 601039)     M.J. Blakely (GA Bar 708906)
mcaplan@caplancobb.com             mjblakely@blakelyfirm.com
T. Brandon Waddell (GA Bar 252639)  **THE BLAKELY FIRM, L.L.C.**
bwaddell@caplancobb.com            P.O. Box 3314
Ashley C. Brown (GA Bar 287373)     Decatur, GA 30031
abrown@caplancobb.com              Tel: (404) 491-0617
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600

*Liaison Counsel for Plaintiffs and the Proposed Classes*