# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br><br>Case No: 1:22-MD-3051-ELR |

**MEMORANDUM OF LAW IN SUPPORT OF DR. ING. H.C. F. PORSCHE AG'S MOTION TO DISMISS THE CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

Matthew A. Goldberg
Nathan P. Heller
Timothy P. Pfenninger
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
matthew.goldberg@us.dlapiper.com
nathan.heller@us.dlapiper.com
timothy.pfenninger@us.dlapiper.com

*Attorneys for Defendant*
*Dr. Ing. h.c. F. Porsche AG*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ...................................................................................................1

FACTUAL BACKGROUND....................................................................................1

LEGAL STANDARD..............................................................................................6

I.  Standard of review for lack of personal jurisdiction under Federal Rule
    of Civil Procedure 12(b)(2). ...........................................................................6

II. Standard of review for failure to state a claim under Federal Rule
    of Civil Procedure 12(b)(6). ...........................................................................7

ARGUMENT ..........................................................................................................7

I.  The Court should dismiss all claims against Porsche AG for lack of
    personal jurisdiction.........................................................................................8

    A.  In an MDL proceeding involving state law claims, the court
        must evaluate personal jurisdiction based on the long-arm statutes
        of and Porsche AG's contacts with the states where the member
        cases originated—California, Georgia, and Michigan.........................8

    B.  California, Georgia, and Michigan do not have (and thus the
        MDL court does not have) general jurisdiction over
        Porsche AG..........................................................................................11

    C.  California, Georgia, and Michigan do not have (and thus the
        MDL court does not have) specific jurisdiction over Porsche AG.....11

        1.  Gearhart has not demonstrated that Porsche AG
            purposefully availed itself of the privilege of doing
            business in California, Georgia, or Michigan. ..........................12

        2.  Gearhart's Florida claims are unrelated to
            the States of California, Georgia, or Michigan.........................14

        3.  Finding jurisdiction over Porsche AG does not
            comport with traditional notions of "fair play and
            substantial justice." ..................................................................14

II. The Court should dismiss all claims against Porsche AG for failure
    to state a claim. ..............................................................................................15

CONCLUSION......................................................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                     **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................7

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985).................................................................................12

*Cronin v. Wash. Nat'l Ins. Co.*,
    980 F.2d 663 (11th Cir. 1993) .................................................................15

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014).................................................................................11

*Del Valle v. Trivago GMBH*,
    56 F.4th 1265 (11th Cir. 2022) ...........................................................8, 12

*Fraser v. Smith*,
    594 F.3d 842 (11th Cir. 2013) .................................................................14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)...................................................................................8

*In re Delta Dental Antitrust Litig.*,
    509 F. Supp. 3d 1377 (J.P.M.L. 2020) .....................................................9

*In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods.*
*Liab. Litig.*,
    No. 19-cv-650, 2024 WL 3811994 (N.D. Ga. Aug. 13, 2024)..................9

*In re FMC Corp. Patent Litig.*,
    422 F. Supp. 1163 (J.P.M.L. 1976) ..........................................................9

*In re Takata Airbag Prods. Liab. Litig.*,
    524 F. Supp. 3d 1266 (S.D. Fla. 2021)......................................................8

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
    601 F. Supp. 3d 625 (C.D. Cal. 2022) ......................................................9

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ........................................................................14

*J. McIntyre Mach., Ltd. v. Nicastro*,
523 F. Supp. 2d 1348 (S.D. Fla. 2007) ...........................................14

*Joseph v. Bernstein*,
612 F. App'x 551 (11th Cir. 2015) ...............................................3, 4

*Keston v. FirstCollect, Inc.*,
584 U.S. 453 (2018) ........................................................................15

*Louis Vuitton Malletier, S.A. v. Mosseri*,
736 F.3d 1339 (11th Cir. 2013) .......................................6, 8, 12, 14

*Mamani v. Berzain*,
654 F.3d 1148 (11th Cir. 2011) .........................................................7

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*,
288 F.3d 1264 (11th Cir. 2002) .........................................................6

*SkyHop Techs., Inc. v. Narra*,
58 F.4th 1211 (11th Cir. 2023) ..........................................................8

*Sullivan v. LG Chem., Ltd.*,
79 F.4th 651 (6th Cir. 2023) ............................................................10

*Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*,
305 F. Supp. 3d 1342 (M.D. Fla. 2018) .............................................6

*Virgin Health Corp. v. Virgin Enters. Ltd.*,
393 F. App'x 623 (11th Cir. 2010) ...............................................6, 12

*Vons Cos., Inc. v. Seabest Foods, Inc.*,
926 P.2d 1085 (Cal. 1996) ...............................................................10

*Waite v. All Acquisition Corp.*,
901 F.3d 1307 (11th Cir. 2018) .............................................8, 11, 12

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
792 F.3d 1313 (11th Cir. 2015) ........................................................13

**Statutes**

Cal. Civ. Proc. Code § 410.10 ...................................................................10

Ga. Code § 9-10-91 ...................................................................................10

Mich. Comp. Laws § 600.701, *et seq* ......................................................10

**Rules**

Fed. R. Civ. P. 8 .......................................................................................13

Fed. R. Civ. P. 12 ................................................................................1, 6, 7

**Other Authorities**

Declaration of Michael Löffler .........................................................*passim*

## INTRODUCTION

Defendant Dr. Ing. h.c. F. Porsche AG ("Porsche AG") hereby moves pursuant to Fed. R. Civ. P. 12(b)(2) and (6) to dismiss the Corrected Consolidated Class Action Complaint ("CAC") (ECF 157) for lack of personal jurisdiction and failure to state a claim. The only individual plaintiff in this litigation who allegedly purchased a Porsche-brand vehicle, Stephen Gearhart, is a resident of Florida who purchased a 2017 Porsche Macan GTS in Florida and was allegedly exposed to and suffered injury from misleading advertising in Florida. Gearhart, however, is not part of a Florida lawsuit. Instead, he joined multiple lawsuits against Porsche AG filed in federal courts in the States of California, Georgia, and Michigan. This is significant, because as an MDL transferee court, this Court has personal jurisdiction only to the extent of the courts where the member cases originated. The CAC alleges no conduct by Porsche AG that (1) targeted any of these three states or (2) arises from or relates to Mr. Gearhart's claims. Therefore, this Court lacks personal jurisdiction over Porsche AG, and the CAC should be dismissed as to Porsche AG with prejudice.

## FACTUAL BACKGROUND

In the CAC, Plaintiffs allege that their vehicles suffer from a purported defect related to frontal driver and passenger air bag inflators manufactured by ARC Automotive, Inc. ("ARC") and installed in vehicles produced by twelve automakers,

including Porsche AG. (CAC ¶ 1.) According to Plaintiffs, metal "slag" that forms part of a weld seam inside the inflators may become dislodged during a deployment, causing metal fragments to be "propelled" into the passenger compartment of the vehicle. (*Id.* ¶ 2.)[1] Plaintiffs maintain that vehicle manufacturers (and others) were aware of this purported defect but withheld information concerning it from consumers, leading Plaintiffs to overpay for their vehicles. (*Id.* ¶¶ 18-19.)

Stephen Gearhart is one such plaintiff. Gearhart resides in Fort Meyers Beach, Florida and purchased a 2017 Porsche Macan GTS from an authorized Porsche dealer in Fort Myers, Florida in December 2019. (*Id.* ¶ 184.) Gearhart alleges that "Porsche"—without specifying the relevant entity, if any—marketed the Macan as safe and dependable in Florida without disclosing that it contained an allegedly defective inflator. (*Id.*)

Gearhart and other plaintiffs first filed suit against Porsche AG in May 2022 in the United States District Court for the Northern District of California in *Britton v. ARC Automotive, Inc.*, No. 3:22-cv-3053 (N.D. Cal.) (the "*Britton* Case"). The *Britton* Case included several other plaintiffs who purchased vehicles of varying

---

[1] Plaintiffs do not explicitly allege that Porsche AG designs or manufactures Porsche-brand vehicles. Plaintiff Stephen Gearhart only alleges that he purchased a Porsche Macan with the alleged defective airbag inflator. (CAC ¶ 184.) Nevertheless, Porsche AG acknowledges that it manufactures Porsche-brand consumer vehicles in Germany and elsewhere in Europe, not in the United States. (Declaration of Michael Löffler ("Löffler Decl."), Ex. A ¶ 8.)

makes and models. Like Gearhart, most of the *Britton* plaintiffs' purchases occurred outside of California. (*See Britton* Am. Compl. ¶¶ 30-45 (N.D. Cal. Dkt., ECF 84) (indicating that four of the *Britton* Plaintiffs purchased their vehicles in Florida, five in Illinois, one in Massachusetts, one in New Jersey, two in New York, and only two in California)).

*Britton* was transferred to this Court under the MDL Transfer Order issued on January 6, 2023. (N.D. Cal. Dkt., ECF 126.) On June 28, 2023, in this Court, Plaintiffs, including Gearhart, filed the original version of the CAC (ECF 94), with a corrected filing on August 28, 2023 (ECF 157).[2] The corrected version of the CAC serves as the operative complaint and "incorporates herein by reference the personal jurisdiction allegations made in the original complaints transferred to this Court and all subsequently filed transferor complaints filed at or around the same time as this Complaint." (CAC ¶ 25, n.17.) The CAC alleges only that Porsche AG "is incorporated under the laws of Germany and maintains its principal place of business in Germany." (*Id.* ¶ 122.) It contains no allegations showing any conduct by Porsche AG targeting the U.S. generally, much less any particular state.[3]

---

[2] The corrected version of the CAC contains amended allegations against certain other defendants. The allegations as to Porsche AG are identical in both versions of the complaint.

[3] Although the CAC makes additional statements using the generic moniker "Porsche," it fails to specify which particular defendant is the object of these allegations and thus constitutes an improper group pleading. *Joseph v. Bernstein,*

At the time of the original CAC filing, the *Britton* Plaintiffs, perhaps realizing that the California transferor court would likely lack personal jurisdiction over the defendants with regard to vehicle purchases in other states, commenced a number of other cases around the country. As to Gearheart, the relevant new cases were as follows:

- On June 30, 2023, Gearhart filed a direct suit against Porsche AG and the U.S. distributor of Porsche-brand vehicles, Porsche Cars North America, Inc. ("PCNA"), in the Northern District of Georgia. *Gearhart v. Porsche Cars N. Am., Inc.*, 23-cv-2929 (N.D. Ga.) (the "*Gearhart Georgia Case*"). In that complaint, Gearhart alleged only that "Defendant [Porsche AG] is incorporated under the laws of Germany and maintains its principal place of business in Germany." (*Gearhart Georgia Case* Dkt., ECF No. 1 ¶ 26.) This Court consolidated the *Gearhart* Georgia Case into the MDL on the day it was filed. (*Gearhart Georgia Case* Dkt., ECF No. 5.)

- On July 5, 2023, Gearhart, along with many of the other *Britton* Plaintiffs, filed a complaint in the Eastern District of Michigan, even though *none* purchased a vehicle there, presumably to establish

---

612 F. App'x 551, 555 (11th Cir. 2015) ("If the complaint indiscriminately groups the defendants together, it fails to comply with the minimum standard of Rule 8.").

personal jurisdiction over domestic vehicle manufacturers headquartered in Detroit. (*See, e.g.*, *Anderson* Compl. ¶ 73, *Anderson v. Autoliv, Inc.*, No. 23-cv-11601 (E.D. Mich.) (the "*Anderson* Case") ("This [Michigan] Court may exercise general and specific jurisdiction over Ford as its principal place of business is located in Michigan[.]")) The MDL Panel transferred the *Anderson* Case to the MDL in August 2023.[4] Again, the only allegation against Porsche AG in that case is that it "is incorporated under the laws of Germany and maintains its principal place of business in Germany." (*Id.* ¶ 90.)

Although Gearhart brought a total of *three* different lawsuits in *three* different states—California, Georgia, and Michigan—naming Porsche AG as a defendant, Porsche AG did not target or perform any conduct in those states that has any bearing on Gearhart's purchase in Florida. Indeed, Porsche AG does not sell or distribute vehicles in the United States, let alone in California, Georgia, or Michigan. (Declaration of Michael Löffler ("Löffler Decl."), Ex. A ¶ 9.) Porsche AG is neither registered to do business in California, Georgia, or Michigan, nor does it have corporate offices or real property in those states. (*Id.* ¶¶ 11-12.) Porsche AG does

---

[4] Gearhart also joined a fourth case filed in the Eastern District of Tennessee against ARC. *Anderson v ARC Automotive, Inc.*, No. 23-cv-233 (E.D. Tenn.). That case did not name Porsche AG as a defendant and thus has no bearing on the present motion.

not maintain any bank accounts or a dealer network in those states. (*Id.* ¶¶ 13-14.) Porsche AG simply does not engage in any conduct or direct sales towards California, Georgia, or Michigan at all, much less related to a Florida-based vehicle purchase that allegedly caused Gearhart to suffer harm.

## **LEGAL STANDARD**

### I.    Standard of review for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

To withstand a motion to dismiss for lack of personal jurisdiction, "[t]he plaintiff bears the burden of alleging sufficient jurisdictional facts to make a prima facie case; if the defendant rebuts with contrary affidavit evidence, the plaintiff reassumes the burden." *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625-26 (11th Cir. 2010) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). To satisfy that burden, the plaintiff must produce evidence supporting jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). "If the record evidence conflicts, the Court must 'construe all reasonable inferences in favor of the plaintiff.'" *Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*, 305 F. Supp. 3d 1342, 1348 (M.D. Fla. 2018) (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).

II.    **Standard of review for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).**

A court dismisses a complaint under Rule 12(b)(6) where a plaintiff fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts reject conclusory allegations not rooted in specific facts when they constitute "[l]egal conclusions without adequate factual support[.]" *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing *Iqbal*, 556 U.S. at 663). Such conclusory allegations "are entitled to no assumption of truth." *Id.* "Stating a plausible claim for relief requires pleading 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]'" which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## ARGUMENT

I.    **The Court should dismiss all claims against Porsche AG for lack of personal jurisdiction.**

To determine whether the Court has jurisdiction over a nonresident defendant, the Court (1) "must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute" and (2) "must then decide whether the exercise of jurisdiction comports with the Due Process Clause of

7

the Fourteenth Amendment." *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1272 (11th Cir. 2022).

There are two types of personal jurisdiction: general and specific. *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1228 (11th Cir. 2023). General jurisdiction "attaches when a defendant is 'essentially at home in the forum State,'" while specific jurisdiction "depends on an affiliation between the forum and the underlying controversy." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A court may exercise specific jurisdiction when the defendant targeted or engaged in some conduct in the forum and the claim at issue "arise[s] out of or relate[s] to" that conduct. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1313 (citing *Louis Vuitton*, 736 F.3d at 1355). The "essential foundation" of specific personal jurisdiction is that there is a "strong relationship among the defendant, the forum, and the litigation." *SkyHop*, 58 F.4th at 1229 (citation and internal quotation marks omitted).

**A.    In an MDL proceeding involving state law claims, the court must evaluate personal jurisdiction based on the long-arm statutes of and Porsche AG's contacts with the states where the member cases originated—California, Georgia, and Michigan.**

"An MDL Court only has its own jurisdictional powers and those of any transferor court. Following a transfer, a transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him [or her] that the transferor judge would have had in the absence of transfer." *In re Takata Airbag*

8

*Prods. Liab. Litig.*, 524 F. Supp. 3d 1266, 1276 (S.D. Fla. 2021) (citing *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976)); *cf. In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, No. 19-cv-650, 2024 WL 3811994, at *3 (N.D. Ga. Aug. 13, 2024) ("The parties agree that Florida law applies given that the Southern District of Florida is the transferor court."). "[I]n an MDL proceeding, the transferee court is entitled to exercise personal jurisdiction over each defendant *only to the same degree that the original transferor court could have*." *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 706 (C.D. Cal. 2022) (citations and internal quotation marks omitted) (emphasis added); *Ethicon*, 2024 WL 3811994, at *2 ("The first issue for the Court is whether personal jurisdiction exists in the transferor court[.]"); *see In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1380 (J.P.M.L. 2020) ("Jurisdiction in any federal civil action *must* exist in the district where it is filed. This does not change when an action is transferred under Section 1407."). Thus, even though Plaintiff Gearhart asserts exclusively state law claims arising under Florida law against

Porsche AG, the Court must assess jurisdictional contacts with the states where Gearhart sued Porsche AG: California, Georgia, and Michigan.[5]

California's and Georgia's long-arm statutes authorize the exercise of personal jurisdiction to the limits of Due Process under the U.S. Constitution. *Vons Cos., Inc. v. Seabest Foods, Inc.*, 926 P.2d 1085, 1091 (Cal. 1996) (citing Cal. Civ. Proc. Code § 410.10); *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 620 S.E.2d 352, 355 (Ga. 2005) (citing Ga. Code § 9-10-91). Michigan has multiple long-arm statutes authorizing the exercise of both general and specific jurisdiction of corporate defendants, and although Michigan courts have held that the long-arm statutes do not reach to the full extent of due process, there must still be a connection with the state that comports with it. *Sullivan v. LG Chem., Ltd.*, 79 F.4th 651, 665-66 (6th Cir. 2023) (citing *Green v. Wilson*, 565 N.W.2d 813, 816-17 (Mich. 1997)); Mich. Comp. Laws §§ 600.711, 600.715; *see generally* Mich. Comp. Laws §§ 600.701-600.735. Thus, the Court may evaluate Porsche AG's jurisdictional challenge based on the Due Process considerations of general and specific jurisdiction. As discussed below, neither avenue grants jurisdiction over Porsche AG as to Gearhart's claims.

---

[5] Although Gearhart serially filed in multiple transferor jurisdictions, the Court's analysis as to all of the filing jurisdictions is the same because Porsche AG does not have sufficient contacts with any of them to support exerting jurisdiction as to Gearhart's claims.

**B.    California, Georgia, and Michigan do not have (and thus the MDL court does not have) general jurisdiction over Porsche AG.**

General jurisdiction exists only where a corporation is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). A corporation is "at home" in only two places: its "place of incorporation and principal place of business." *Id.*; *see Waite*, 901 F.3d at 1317.

Porsche AG is incorporated under the laws of the Federal Republic of Germany and maintains its principal place of business and corporate headquarters in Stuttgart, Germany. (Löffler Decl. ¶¶ 6-7; ECF 157 at ¶ 122 (alleging that Porsche AG "is incorporated under the laws of Germany and maintains its principal place of business in Germany").) Therefore, Porsche AG is at home only in Germany. Accordingly, because neither California, Georgia, nor Michigan (nor any other U.S. state for that matter) has general jurisdiction over Porsche AG, this Court should dismiss Porsche AG on that basis. *See Waite*, 901 F.3d at 1317.

**C.    California, Georgia, and Michigan do not have (and thus the MDL court does not have) specific jurisdiction over Porsche AG.**

Specific jurisdiction comports with due process where (1) the plaintiff demonstrates that the defendant "purposefully availed" itself of the privilege of doing business in the forum; (2) the plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum; and (3) exercising jurisdiction does not violate

"traditional notions of fair play and substantial justice." *Waite*, 901 F.3d at 1313 (quoting *Louis Vuitton*, 736 F.3d at 1355). Gearhart cannot satisfy these elements.

### 1. Gearhart has not demonstrated that Porsche AG purposefully availed itself of the privilege of doing business in California, Georgia, or Michigan.

The "purposeful availment" requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations and internal quotation marks omitted). A defendant "purposefully avails" itself of the forum when it deliberately "engaged in significant activities within a State or has created continuing obligations between himself and residents of the forum," such that it should foresee being brought into court there. *Id.* at 475-76 (citations and internal quotation marks omitted); *see also Del Valle*, 56 F.4th at 1276.

The CAC does not meet this standard. It alleges merely that Porsche AG "is incorporated under the laws of Germany and maintains its principal place of business in Germany." CAC ¶ 122. This threadbare allegation does not demonstrate any purposeful availment by Porsche AG of the privilege of conducting business in California, Georgia, or Michigan. *Virgin Health Corp.*, 393 F. App'x at 625-26.

Although the CAC makes additional allegations using the non-specific label "Porsche," it does not identify whether those statements pertain to Porsche AG,

PCNA, or some other undisclosed entity. (*E.g.*, CAC ¶ 184 ("When Plaintiff acquired the Class Vehicle, he believed, based on *Porsche's* uniform and pervasive marketing message, that he would be in a safe and dependable vehicle, one that is safer than a vehicle that is not marketed as safe and dependable.") (emphasis added).) This tactic is impermissible as a shotgun pleading under Federal Rule of Civil Procedure 8. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (describing a pleading as one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). Such statements thus fail to put any defendant on fair notice of the averments against it, much less to establish purposeful availment by a specific defendant—here, Porsche AG—for jurisdictional purposes.

The evidence submitted by Porsche AG further confirms the absence of purposeful availment. Porsche AG does not sell or distribute vehicles anywhere in the United States, let alone in California, Georgia, or Michigan. (Löffler Decl. ¶ 9.) Nor does Porsche AG have any corporate offices, real property, or bank accounts in those states. (*Id.* ¶¶ 12-13.) Porsche AG does not maintain a dealer network in and is not registered to do business in any of them. (*Id.* ¶¶ 11, 14.) Purposeful availment in those jurisdictions is therefore lacking.

2. Gearhart's Florida claims are unrelated to the States of California, Georgia, or Michigan.

The "arise out of or relate to" inquiry focuses on "the direct causal relationship between the defendant, the forum, and the litigation." *Louis Vuitton*, 736 F.3d at 1355-56 (quoting *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2013)). Here, Gearhart's claims have **nothing to do** with California, Georgia, or Michigan. Gearhart resides in Florida and purchased his Macan from a Porsche-authorized dealer in Fort Myers, Florida. (CAC ¶ 184.) He alleges no connection with any other jurisdiction. Thus, specific jurisdiction is also lacking because his claims do not arise from or relate to any jurisdictionally relevant conduct with California, Georgia, or Michigan.

3. Finding jurisdiction over Porsche AG does not comport with traditional notions of "fair play and substantial justice."

Finally, the Court may exercise personal jurisdiction only if doing so "does not offend 'traditional notions of fair play and substantial justice.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Court considers the following factors in determining whether this requirement is met: "(1) the burden on the defendant in defending the lawsuit; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of

14

controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies." *Keston v. FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1354-55 (S.D. Fla. 2007) (citing *Cronin v. Wash. Nat'l Ins. Co.*, 980 F.2d 663, 671 (11th Cir. 1993)).

Here again, Gearhart fails. Exercising jurisdiction would create a significant burden over Porsche AG where it is based in Stuttgart, Germany, not the United States. (Löffler Decl. ¶ 7.) No forum state has an interest in awarding relief in a dispute to which it has no connection, nor does Gearhart have an interest in seeking relief from such a jurisdiction. The Court hearing this dispute would advance neither the interest of the interstate judicial system nor the shared interests of California, Georgia, or Michigan because Gearhart's allegations pertain to *Florida*—the only state that could conceivably have an interest in the controversy. In sum, exercising jurisdiction over Porsche AG does not comport with traditional notions of fair play and substantial justice. The Court therefore lacks personal jurisdiction over Porsche AG.

## II.    The Court should dismiss all claims against Porsche AG for failure to state a claim.

In addition to lack of personal jurisdiction, the Court should dismiss claims against Porsche AG for the reasons set forth in the motion to dismiss filed by the vehicle manufacturer (i.e., OEM) defendants (ECF 181) and by PCNA (ECF 187), which Porsche AG hereby incorporates by reference.

To the extent that Gearhart brings a breach of express warranty claim against Porsche AG (*see, e.g.,* CAC ¶¶ 1126-39), that claim fails for the additional reason that the "New Car Limited Warranty & Customer Information" (the "NCLW") that accompanied the sale of Gearhart's Macan was "given to the owner of a Porsche vehicle *distributed by Porsche Cars North America, Inc. ("PCNA")*[.]" (ECF 187-1 at 7 (emphasis added).) Porsche AG is not a party to the NCLW and made no express warranty to Gearhart. Thus, any breach of warranty claim against Porsche AG fails as a matter of law.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the present motion and dismiss Porsche AG from this matter for lack of personal jurisdiction and failure to state a claim.

Dated:      December 19, 2024          Respectfully submitted,

 */s/ Matthew A. Goldberg*
Matthew A. Goldberg
Nathan P. Heller
Timothy P. Pfenninger
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103

*Attorneys for Defendant*
*Dr. Ing. h.c. F. Porsche AG*

16