# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-03051-ELR |

**PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY WITH RESPECT TO DEFENDANT ZF FRIEDRICHSHAFEN AG <u>AND INCORPORATED MEMORANDUM OF LAW</u>**

**PRELIMINARY STATEMENT**

Plaintiffs allege foreign Defendant ZF Friedrichshafen AG ("ZF Germany"), along with four domestic subsidiaries (the "Domestic ZF Defendants," and together with ZF Germany, the "ZF Defendants"), designed and manufactured airbag modules that contain defective ARC inflators. Plaintiffs allege the ZF Defendants worked closely with ARC to develop the inflators; knew about actual inflator ruptures in testing situations and in the field; and understood the over-pressurization danger posed by the inflators' design and the attendant risks due to the inflators' use of volatile ammonium nitrate. Plaintiffs also allege ZF Germany, a foreign corporation, integrated its operations closely with those of its domestic subsidiaries.

ZF Germany moved to dismiss Plaintiffs' claims against it for lack of personal jurisdiction. Doc. 279. Plaintiffs have opposed that motion, arguing ZF Germany is subject to this Court's personal jurisdiction. Doc. 293.

Although Plaintiffs submit that the Court has jurisdiction over ZF Germany, Plaintiffs hereby move in the alternative for leave to conduct jurisdictional discovery. Specifically, Plaintiffs seek limited discovery into ZF Germany's relationship with its domestic subsidiaries and, accordingly, its relationship with the transferor forum state of Michigan. If the Court determines that Plaintiffs' allegations are not sufficient to support personal jurisdiction over ZF Germany but

that a genuine dispute exists as to whether jurisdiction is appropriate, it should grant this motion and hold ZF Germany's motion to dismiss in abeyance pending jurisdictional discovery.

## ARGUMENT[1]

If the Court determines Plaintiffs have not made a prima facie case of personal jurisdiction over ZF Germany, it should permit Plaintiffs to conduct limited jurisdictional discovery regarding ZF Germany's relationship with the Domestic ZF Defendants and their respective roles with respect to the Defective Inflators. Specifically, Plaintiffs would take limited discovery to examine the extent to which, among other things, (1) ZF Germany oversaw the Domestic ZF Defendants' design, manufacture, or sale of airbag modules in the United States; (2) ZF Germany supervised ZF TRW Corp.'s safety testing of airbag modules; (3) ZF Germany knew of the risks posed by airbags that contained Defective Inflators; and (4) ZF Germany assumed the liabilities of ZF TRW Corp. when purchasing its predecessor, TRW Automotive Holdings Corp., in 2015.

Courts generally permit jurisdictional discovery if "there is a genuine dispute as to whether exercising personal jurisdiction . . . would be appropriate." *Doherty-Heinze v. Chrisley*, 2021 WL 12149533, at *5 (N.D. Ga. Dec. 21, 2021).

---

[1] Plaintiffs hereby incorporate their Memorandum of Law in Opposition to ZF Germany's Motion to Dismiss. Doc. 293.

Although this Court ordinarily enjoys "broad discretion" over matters relating to discovery, "'jurisdictional discovery is not entirely discretionary.'" *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982)). Where a genuine dispute exists, "a plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Seiz v. Quirk*, 2013 WL 12290850, at *2 (N.D. Ga. Jan. 3, 2013).

      The subjects of discovery Plaintiffs would seek are similar to those courts routinely allow. For instance, in *Luc v. Korean Air Lines Co.*, Judge May of this District permitted discovery "on the narrow issue of jurisdiction; specifically, whether [a domestic subsidiary] has sufficient contacts with Georgia and whether [the subsidiary] is the alter ego or wholly owned subsidiary of [its foreign parent]." 2019 WL 7824584, at *4 (N.D. Ga. June 4, 2019). There, as here, the case was "still early in discovery" and the plaintiff had "not yet had an opportunity to discover all potential facts relating to these theories." *Id.* at *3. As Plaintiffs have specified their proposed discovery and demonstrated why this information would be "relevant" to ZF Germany's arguments for dismissal, jurisdictional discovery would be appropriate if the Court determines Plaintiffs have not at this point made a prima facie case for personal jurisdiction. *Seiz*, 2013 WL 12290850, at *6.

3

## **CONCLUSION**

Should the Court determine Plaintiffs have not sufficiently demonstrated personal jurisdiction as to ZF Germany, it should allow Plaintiffs to conduct jurisdictional discovery into ZF Germany and the Domestic ZF Defendants as set forth above.

Dated: December 23, 2024

*/s/Roland Tellis*
Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Adam Tamburelli
atamburelli@baronbudd.com
Jay Lichter
jlichter@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Tel: (818) 839-2333

Respectfully submitted,

*/s/ Demet Basar*
Demet Basar
demet.basar@beasleyallen.com
W. Daniel "Dee" Miles, III
dee.miles@beasleyallen.com
J. Mitch Williams
mitch.williams@beasleyallen.com
Dylan T. Martin
dylan.martin@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343

H. Clay Barnett, III (GA Bar 174058)
clay.barnett@beasleyallen.com
Thomas P. Willingham (GA Bar 235049)
tom.willingham@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Tel: (404) 751-1162

5

*/s/ James E. Cecchi*
James E. Cecchi
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700

Zachary Jacobs
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, Illinois 60606
Tel: (973) 994-1700

Jason H. Alperstein
jalperstein@carellabyrne.com
Zachary J. Bower
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Tel: (973) 994-1700

*/s/ Elizabeth T. Castillo*
Niall P. McCarthy
nmccarthy@cpmlegal.com
Elizabeth T. Castillo
ecastillo@cpmlegal.com
David G. Hollenberg
dhollenberg@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

Theresa E. Vitale
tvitale@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Tel: (310) 392-2008

6

*/s/ David Stellings*
David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

*/s/ Kevin R. Dean*
Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

*/s/ Matthew D. Schultz*
Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

*Leadership Committee for Plaintiffs and the Proposed Classes*

7

| | |
|---|---|
| */s/ Michael A. Caplan* | */s/ M.J. Blakely* |
| Michael A. Caplan (GA Bar 601039) | M.J. Blakely (GA Bar 708906) |
| mcaplan@caplancobb.com | mjblakely@blakelyfirm.com |
| T. Brandon Waddell (GA Bar 252639) | **THE BLAKELY FIRM, L.L.C.** |
| bwaddell@caplancobb.com | P.O. Box 3314 |
| Ashley C. Brown (GA Bar 287373) | Decatur, GA 30031 |
| abrown@caplancobb.com | Tel: (404) 491-0617 |
| **CAPLAN COBB LLC** | |
| 75 Fourteenth Street NE, Suite 2700 | |
| Atlanta, Georgia 30309 | |
| Tel: (404) 596-5600 | |

*Liaison Counsel for Plaintiffs and the Proposed Classes*

## **CERTIFICATION**

Pursuant to Civil Local Rule 7.1(D), the undersigned counsel certifies that this brief has been prepared with 14-point Times New Roman, as approved by the Court in Civil Local Rule 5.1(C).

>                   */s/ David Stellings*
>                   David Stellings