UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: ARC AIRBAGS INFLATORS PRODUCTS LIABILITY LITIGATION<br><br>ALL CASES | Case No.: 1:22-md-03051-ELR<br><br>MDL No. 3051<br><br>Judge:    Eleanor L. Ross<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |

Plaintiffs respectfully submit Judge Geraghty's recent 118-page decision in *Sowa v. Mercedes-Benz Group AG*, No. 1:23-cv-00636-SEG (N.D. Ga. Dec. 31, 2024) (attached as Exhibit A).[1] The court ruled in the plaintiffs' favor on numerous issues relevant to Defendants' pending motions to dismiss in this case.

*First*, the court held Article III standing existed because all plaintiffs alleged "the same . . . [d]efect at the heart of their claims is common to all Class Vehicles, including vehicles that Plaintiffs themselves did not purchase"; Mercedes's allegedly fraudulent omissions "were made in connection with all Class Vehicles"; and "all putative class members have suffered economic injuries just as the Plaintiffs

---

[1] Unless otherwise indicated, all emphasis in this notice has been added, all alterations have been adopted, and all internal citations and quotation marks have been omitted. Additionally, "¶ __" refers to paragraphs of the Complaint.

1

have." Ex. A at 16. The same is true here. *See* Dkt. 221 (Auto. Opp.) at 5. Rejecting Mercedes's argument (which Defendants advance here) that "the named plaintiffs' standing to assert claims on behalf of absent class members" turns on Article III, the court adopted the majority approach in this District that it is "more appropriate" to address this question "at the class certification stage." Ex. A at 13–15.

*Second*, the court upheld plaintiffs' nationwide fraudulent omission and unjust enrichment claims. The court explained that for nationwide common law claims, "courts apply the common law as developed in Georgia rather than foreign case law," and that—consistent with Georgia's choice-of-law principles—Georgia law governed plaintiffs' claims "regardless of where each plaintiff was injured." Ex. A at 36–37. Those principles apply equally here to Plaintiffs' nationwide fraudulent omission and unjust enrichment claims. *See* Dkt. 157-1 ¶¶ 408–33; Dkt. 221 at 9.

*Third*, the court held plaintiffs' allegations that the alleged defect "can cause a vehicle to dangerously lose control while traveling at a high speed" gave rise to a claim for breach of the implied warranty of merchantability because the defect "affects the safety and reliability of the Class Vehicles." Ex. A at 56–57. The court rejected defendants' reliance on the fact that only some plaintiffs experienced the defect and "only after they had driven their cars for over 50,000, or in some cases more than 100,000, miles." *Id.* at 55. Here, too, Plaintiffs allege the Defective

2

Inflators rendered the Class Vehicles "unsafe to drive and unfit for ordinary purposes" even if the airbags have not exploded. *E.g.*, ¶ 661(b).

*Fourth*, rejecting Mercedes's statute-of-limitations challenge, the court held plaintiffs plausibly alleged that "Mercedes knew of the Rear Subframe Defect since at least 2009, but concealed from or failed to disclose to Plaintiffs, Class Members, and the public of the full and complete nature of the Defect," and that Mercedes's concealment "prevented Plaintiffs from bringing th[e] action" because they could not have discovered the defect even with "the exercise of diligence." Ex. A at 60–61. Likewise, Defendants here "knew of the [Inflator Defect] well before the Plaintiffs and many of the Class Members purchased the Class Vehicles, and have concealed from or failed to notify Plaintiffs, Class Members, and the public of the full and complete nature of" the defect, and "Plaintiffs and the Class had no means of obtaining any facts or information concerning any aspect of ARC's dealings with the Airbag Module Defendants and Automaker Defendants, much less the fact that they had engaged in the misconduct and concealment alleged herein." ¶¶ 385–86; *see also* Dkt. 219 (ARC Opp.) at 20–21; Dkt. 221 at 3 n.1.

*Fifth*, the court largely rejected Mercedes's challenge to implied warranty claims for lack of privity. Ex. A at 52–69, 74–77. Plaintiffs established privity under Massachusetts, Rhode Island, and Virginia law because they were "foreseeable buyers who were expected to use their Mercedes vehicles to travel on roads." *Id.* at

63–65. Indeed, the court noted those states may not require privity at all. The court also upheld claims under New York, Connecticut, and California law, holding that the third-party-beneficiary exception and agency exception to privity permit implied-warranty claims by plaintiffs who purchased their vehicles from an authorized dealership. *Id.* at 65–69, 74–77. Likewise here, certain states do not require privity for implied-warranty claims, and even in states that do, certain exceptions— including those for third-party beneficiaries and where there is an agency relationship between the automaker and its dealerships—apply. Dkt. 221 at 19–20.[2]

*Sixth*, the court held plaintiffs satisfied Rule 9(b)—which, as here, is "relax[ed]" for omissions-based claims—by alleging that "Mercedes (who) failed to disclose the existence of the Rear Subframe Defect despite knowing of it since at least 2009 (what) prior to the sale of the Class Vehicles (when)," and that "Mercedes allegedly failed to disclose the defect in its various consumer communications, advertisements, and marketing materials (where) and allegedly promised in its marketing materials that the Class Vehicles possessed safety and reliability qualities

---

[2] The court in *Sowa* dismissed express warranty claims "because Plaintiffs did not seek repair or replacements within the warranty period and have not plausibly alleged breach of the [New Vehicle Limited Warranty]." Ex. A at 52. Unlike in *Sowa*, Plaintiffs here oppose Defendants' reliance on purported excerpts of warranties as a basis to dismiss Plaintiffs' express warranty claims without discovery regarding the validity and terms of the applicable warranties. Dkt. 221 at 10.

that Mercedes knew that they did not have (how)." Ex. A. at 84. The Complaint in this case contains similarly specific allegations. *E.g.*, ¶¶ 376–79; *see also* Dkt. 221 at 26–27.

*Seventh*, plaintiffs' allegations, "viewed together, support[ed] an inference" of Mercedes's pre-sale knowledge of the defect. Ex. A at 87. These sources of knowledge included "pre-release design, manufacturing, and testing data" and data Mercedes gathered about the existence of the defect, including "repairs by authorized Mercedes dealers" and "a higher-than-expected number of orders for replacement subframes." *Id.* at 86–87. Plaintiffs here likewise sufficiently allege Defendants' knowledge through "design and test[ing]" and rupture incidents, including early Lot Acceptance Testing and field ruptures. Dkt. 221 at 29–30.

*Eighth*, the court held that plaintiffs plausibly alleged a duty to disclose based on Mercedes's concealment of "'intrinsic qualities' of the Class Vehicles which Plaintiffs could not have discovered through the exercise of ordinary prudence." Ex. A at 94. Here, too, Plaintiffs allege that Defendants "possessed exclusive access to and were in a superior position to know the true facts about the Defective Inflators" and actively concealed the defect. Dkt. 157 ¶ 414(a), (f); *see also* Dkt. 221 at 32–35.

*Ninth*, the court held a plaintiff can plead justifiable reliance by alleging that a concealed fact was "material" and that the plaintiff "would not have purchased

5

Class Vehicles, or would have paid less for them had they known about the defect." Ex. A at 96. Plaintiffs do so here. ¶¶ 142–255; *see also* Dkt. 221 at 35.

*Tenth*, the court noted Georgia law (which applied to plaintiffs' fraudulent concealment claim) "recognizes an exception to the economic loss rule, known as the misrepresentation exception," which "applies to fraud claims alleging misrepresentation as well as concealment." Ex. A at 98. The economic loss rule does not apply to fraudulent concealment claims in this case, either. *See* Dkt. 221 at 36.

*Finally*, for the same reasons it declined to dismiss plaintiffs' fraudulent concealment claim, the court largely upheld their statutory consumer protection claims. Ex. A at 99–106 (reliance, duty to disclose, pre-sale knowledge). The court rejected many of Mercedes's state-specific arguments for dismissal, holding pre-suit notice was sufficient under California and Massachusetts law and plaintiffs' claims under the Michigan Consumer Protection Act were not *per se* barred simply because "Plaintiffs' claims relate to automotive transactions." Ex. A at 106–11. Those principles apply here as well. *See* Dkt. 220 at 11–18, 21–27, 31–35.

This very recent decision is from a judge in this District in an automotive defect class action with claims similar to the claims Plaintiffs assert in this case. The order strongly supports Plaintiffs' arguments. The Court should deny Defendants' motions to dismiss and allow discovery to begin.

6

Dated: January 21, 2025

*/s/Roland Tellis*
Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Adam Tamburelli
atamburelli@baronbudd.com
Jay Lichter
jlichter@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Tel: (818) 839-2333

Respectfully submitted,

*/s/ Demet Basar*
Demet Basar
demet.basar@beasleyallen.com
W. Daniel "Dee" Miles, III
dee.miles@beasleyallen.com
J. Mitch Williams
mitch.williams@beasleyallen.com
Dylan T. Martin
dylan.martin@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343

H. Clay Barnett, III (GA Bar 174058)
clay.barnett@beasleyallen.com
Thomas P. Willingham (GA Bar 235049)
tom.willingham@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Tel: (404) 751-1162

| | |
|---|---|
| */s/ James E. Cecchi* | */s/ Elizabeth T. Castillo* |
| James E. Cecchi | Niall P. McCarthy |
| jcecchi@carellabyrne.com | nmccarthy@cpmlegal.com |
| **CARELLA, BYRNE, CECCHI,** | Elizabeth T. Castillo |
| **BRODY & AGNELLO, P.C.** | ecastillo@cpmlegal.com |
| 5 Becker Farm Road | David G. Hollenberg |
| Roseland, New Jersey 07068 | dhollenberg@cpmlegal.com |
| Tel: (973) 994-1700 | **COTCHETT, PITRE &** |
|  | **McCARTHY, LLP** |
| Zachary Jacobs | 840 Malcolm Road |
| zjacobs@carellabyrne.com | Burlingame, CA 94010 |
| **CARELLA, BYRNE, CECCHI,** | Tel: (650) 697-6000 |
| **BRODY & AGNELLO, P.C.** |  |
| 222 South Riverside Plaza | Theresa E. Vitale |
| Chicago, Illinois 60606 | tvitale@cpmlegal.com |
| Tel: (973) 994-1700 | **COTCHETT, PITRE &** |
|  | **McCARTHY, LLP** |
| Jason H. Alperstein | 2716 Ocean Park Blvd., Suite 3088 |
| jalperstein@carellabyrne.com | Santa Monica, CA 90405 |
| Zachary J. Bower | Tel: (310) 392-2008 |
| zbower@carellabyrne.com |  |
| **CARELLA, BYRNE, CECCHI,** |  |
| **BRODY & AGNELLO, P.C.** |  |
| 2222 Ponce De Leon Blvd. |  |
| Miami, Florida 33134 |  |
| Tel: (973) 994-1700 |  |

*/s/ David Stellings*
David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

*/s/ Kevin R. Dean*
Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

*/s/ Matthew D. Schultz*
Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

***Leadership Committee for Plaintiffs and the Proposed Classes***

| | |
|---|---|
| */s/ Michael A. Caplan* | */s/ M.J. Blakely* |
| Michael A. Caplan (GA Bar 601039) | M.J. Blakely (GA Bar 708906) |
| mcaplan@caplancobb.com | mjblakely@blakelyfirm.com |
| T. Brandon Waddell (GA Bar 252639) | **THE BLAKELY FIRM, L.L.C.** |
| bwaddell@caplancobb.com | P.O. Box 3314 |
| Ashley C. Brown (GA Bar 287373) | Decatur, GA 30031 |
| abrown@caplancobb.com | Tel: (404) 491-0617 |
| **CAPLAN COBB LLC** | |
| 75 Fourteenth Street NE, Suite 2700 | |
| Atlanta, Georgia 30309 | |
| Tel: (404) 596-5600 | |

*Liaison Counsel for Plaintiffs and the Proposed Classes*