# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051 |
| | Case No. 1:22-md-03051-ELR |
| | District Judge Eleanor L. Ross |

## DEFENDANT ZF FRIEDRICHSHAFEN AG'S OPPOSITION TO PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................1

ARGUMENT ..............................................................................................3

I.      Plaintiffs Fail To Show Discovery Is Warranted ...........................3

      A.    Plaintiffs Have Not Shown A Genuine Dispute About Whether
           Personal Jurisdiction Exists....................................................4

      B.    Plaintiffs Have Not and Cannot Show How Their Proposed
           Discovery Would Support Personal Jurisdiction .................6

      C.    Plaintiffs' Caselaw Does Not Support Jurisdictional Discovery ........10

CONCLUSION ..........................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*ACLU v. City of Sarasota*,
  859 F.3d 1337 (11th Cir. 2017) ...........................................................................12

*Andrews v. Mazda Motor Corp.*,
  2015 WL 1851159 (N.D. Ga. Apr. 22, 2015) ........................................................3

*Arno Res., LLC v. Epic Tech, LLC*,
  2022 WL 3970756 (N.D. Ga. Aug. 8, 2022) ..........................................................8

*Beckham v. Baker & Hostetler, LLP*,
  2023 WL 9957259 (N.D. Ga. Aug. 17, 2023) ........................................................3

*Butler v. Sukhoi Co.*,
  579 F.3d 1307 (11th Cir. 2009) .............................................................................5

*Cold Smoke Cap., LLC v. Gross*,
  2012 WL 3612626 (N.D. Ga. Aug. 21, 2012) ........................................................5

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
  593 F.3d 1249 (11th Cir. 2010) .............................................................................9

*Doherty-Heinze v. Chrisley*,
  2021 WL 12149533 (N.D. Ga. Dec. 21, 2021) ....................................................11

*Ganz v. Grifols Therapeutics LLC*,
  688 F. Supp. 3d 1209 (S.D. Fla. 2023) ..................................................................4

*Hinkle v. Continental Motors, Inc.*,
  268 F.Supp.3d 1312 (M.D. Fla. 2017) ...................................................................6

*In Re: ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
  Case No. 2:19-ml-02905-JAK-MRW (C.D. Cal.) ..................................................5

*Jacobs Eye, LLC v. Data Union, Inc.*,
  2019 WL 8438492 (N.D. Ga. Sep. 19, 2019) ........................................................6

*Luc v. Korean Air Lines Co.*,
  2019 WL 7824584 (N.D. Ga. June 4, 2019) ........................................................10

*McCarthy v. Yamaha Motor Mfg. Corp.*,
  994 F. Supp. 2d 1318 (N.D. Ga. 2014) ...............................................................10

*Proliant, Inc. v. Savant HCM, LLC*,
  2018 WL 1936528 (N.D. Ga. Jan. 25, 2018) (Ross, J.) ...............................4, 5, 6

*Seiz v. Quirk*,
  2013 WL 12290850 (N.D. Ga. Jan. 3, 2013) .......................................................11

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*,
  482 U.S. 522 (1987) ...............................................................................................2

*Wolf v. Celebrity Cruises, Inc.*,
  683 F. App'x 786 (11th Cir. 2017) ..............................................................2, 3, 4

*Yepez v. Regent Seven Seas Cruises*,
  2011 WL 3439943 (S.D. Fla. Aug. 5, 2011) ....................................................2, 3

## INTRODUCTION

The Corrected Consolidated Class Action Complaint (Dkt. 157, the "CAC") fails to allege this Court has personal jurisdiction over ZF Friedrichshafen.[1] Realizing this, Plaintiffs seek jurisdictional discovery to remedy the CAC's failures. That effort should be denied.

ZF Friedrichshafen moved to dismiss the CAC for lack of personal jurisdiction, submitting a sworn declaration evidencing that it had no corporate affiliation with the Domestic ZF/TRW Defendants until years after the only TRW-manufactured airbag modules equipped with ARC inflators were supplied, and that the ZF Defendants each maintain their own separate corporate identities and formalities. *See* Mot. to Dismiss (Dkt. 279-1). In response, Plaintiffs failed to present *any* evidence to supplement the CAC's deficient allegations or to rebut the facts in the submitted declaration. Instead, they just reiterated their generalized allegations regarding intra-corporate organization and dealings, which were largely copied and pasted from allegations in an entirely separate lawsuit (in which requests for jurisdictional discovery against ZF Friedrichshafen were ***denied***). If those generalized allegations were sufficient, then *any* plaintiff could establish entitlement

---

[1] All terms shall have the same meaning as ascribed in ZF Friedrichshafen's Motion to Dismiss (Dkt. 279-1) unless otherwise defined.

to jurisdictional discovery over *any* foreign company that owns U.S. subsidiaries. That is not the law.

Having failed to carry their burden to establish a *prima facie* case of personal jurisdiction or to rebut the evidence submitted in support of the Motion to Dismiss, Plaintiffs now seek jurisdictional discovery to avoid dismissal. They state (without any analysis) that there is a "genuine dispute" as to jurisdiction, and offer up four broad areas of inquiry, without articulating how those areas will establish jurisdictional facts in dispute.

Jurisdictional discovery, however, is not meant to "allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors" (*Yepez v. Regent Seven Seas Cruises*, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011)) nor to engage in "fishing expeditions." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017). That is even more critical here as ZF Friedrichshafen is a German corporation. Courts "exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987). Plaintiffs fail to show there is any genuine dispute of fact, and they fail to show how any discovery could supplement their jurisdictional allegations. Accordingly, Plaintiffs' Motion ("Pls.' Mot.") should be denied.

## ARGUMENT

## I.    PLAINTIFFS FAIL TO SHOW DISCOVERY IS WARRANTED

Jurisdictional discovery is warranted *only* where the plaintiff shows that there is a "genuine dispute" about whether jurisdiction exists *and* also shows that the complaint's allegations can be supplemented through discovery.  *Wolf*, 683 F. App'x at 792.  To show a genuine dispute, a plaintiff must, at minimum, establish a *prima facie* case of personal jurisdiction.  *See Beckham v. Baker & Hostetler, LLP*, 2023 WL 9957259, at *8 (N.D. Ga. Aug. 17, 2023) ("It is an abuse of discretion, [] if a court orders jurisdictional discovery when a plaintiff fails to establish a prima facie case of personal jurisdiction."); *see also Andrews v. Mazda Motor Corp.*, 2015 WL 1851159, at *7-8 (N.D. Ga. Apr. 22, 2015) (denying jurisdictional discovery where plaintiff failed to establish a *prima facie* case).

Critically, however, "the failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute." *Yepez*, 2011 WL 3439943, at *2.[2]  Mere "speculative claims" and requests for jurisdictional discovery that do "not identify any genuine disputes of fact" cannot

---

[2] In *Yepez*, the foreign defendant moved to dismiss for lack of jurisdiction because, among other things, it did not do business in Florida and had not committed a tort or breached a contract in Florida.  2011 WL 3439943, at *2.  The plaintiffs claimed they could not respond without jurisdictional discovery.  *Id.*  The court denied the request, finding that "these are the types of facts plaintiffs are expected to investigate prior to filing suit . . . without the benefit of discovery."  *Id.*

justify opening jurisdictional discovery.  *Ganz v. Grifols Therapeutics LLC*, 688 F. Supp. 3d 1209, 1220 (S.D. Fla. 2023).  A plaintiff must also "specify *what* information he [seeks]" and "*how* that information would bolster his allegations." *Wolf*, 683 F. App'x at 792.[3]

### A.    Plaintiffs Have Not Shown A Genuine Dispute About Whether Personal Jurisdiction Exists

As set forth more fully in ZF Friedrichshafen's Motion to Dismiss (Dkt. 279-1) and Reply (Dkt. 301), Plaintiffs have not met their initial burden to make a *prima facie* case of personal jurisdiction.  Plaintiffs contend that if they have not made a *prima facie* case of personal jurisdiction, they are entitled "to conduct limited jurisdictional discovery" to get it right.  Pls.' Mot. at 2.  Wrong!  As this Court has explained, "*this puts the cart in front of the horse*"—Plaintiffs must first establish a *prima facie* case before they can open the door to discovery that would bolster their jurisdictional allegations.  *See Proliant, Inc. v. Savant HCM, LLC*, 2018 WL 1936528, at *6 (N.D. Ga. Jan. 25, 2018) (Ross, J.) (denying request for jurisdictional discovery where plaintiff had not established a *prima facie* case, and plaintiff admitted its allegations would need to be "supplement[ed]" and "further clarified through discovery").

---

[3] All emphasis is supplied and internal quotations omitted unless otherwise noted.

Plaintiffs' failure to make a *prima facie* case for personal jurisdiction is fatal to their Motion. *See Cold Smoke Cap., LLC v. Gross*, 2012 WL 3612626, at *8 (N.D. Ga. Aug. 21, 2012) (denying jurisdictional discovery where plaintiff failed to allege the foreign defendants engaged in any forum-directed acts related to the cause of action); *see also Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) ("district court abused its discretion in . . . granting discovery on the jurisdictional issue" where "complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction").

As explained in ZF Friedrichshafen's Motion to Dismiss, Plaintiffs largely copied their jurisdictional allegations against ZF Friedrichshafen from a separate, unrelated class action involving different parties, claims, and products.[4]  The court rejected the plaintiffs' requests for jurisdictional discovery in that case (represented by the same counsel as Plaintiffs here). *California ACU Litigation* (Dkt. 546) at 5-7.[5]  The same result should follow here, where Plaintiffs have offered only vague and generic allegations (many based on "information and belief") that do not create a genuine factual dispute. *See* ZF Friedrichshafen's Mot. to Dismiss (Dkt. 279-1); ZF Friedrichshafen's Reply (Dkt. 301); *see also Proliant*, 2018 WL 1936528, at *6

---

[4] *See In Re: ZF-TRW Airbag Control Units Prods. Liab. Litig.*, Case No. 2:19-ml-02905-JAK-MRW (C.D. Cal.) ("California ACU Litigation").

[5] A copy of this order is attached hereto as **Exhibit 1**.

(Ross, J.) (vague allegations about connections of foreign defendant do not warrant jurisdictional discovery).

Moreover, ZF Friedrichshafen's Motion to Dismiss was supported by evidence in the form of a sworn declaration, and so Plaintiffs were required "to produce evidence supporting jurisdiction," not mere supposition. *Id.* at *6. Plaintiffs did not meet their burden—failing to "submit affidavits or any other competent evidence that rebutted" Ms. Laliberte's affidavit—so "[j]urisdictional discovery is not warranted here." *Hinkle v. Continental Motors, Inc.*, 268 F.Supp.3d 1312, 1328 (M.D. Fla. 2017) (holding no genuine dispute of a material jurisdictional fact and denying discovery because plaintiffs did not submit evidence to rebut defendants' affidavits).

### B. Plaintiffs Have Not and Cannot Show How Their Proposed Discovery Would Support Personal Jurisdiction

Plaintiffs also fail to explain how the four "subjects of discovery" outlined in their Motion would advance their jurisdictional allegations. This, too, is fatal. *See Jacobs Eye, LLC v. Data Union, Inc.*, 2019 WL 8438492, at *4 (N.D. Ga. Sep. 19, 2019) ("[A] party seeking jurisdictional discovery must specify what information is sought and how it will bolster its jurisdictional allegations.").

The Motion outlines four "subjects of discovery" that Plaintiffs claim would bolster their jurisdictional allegations:

1) "ZF Germany oversaw the Domestic ZF Defendants' design, manufacture, or sale of airbag modules in the United States;

2) ZF Germany supervised ZF TRW Corp.'s safety testing of airbag modules;

3) ZF Germany knew of the risks posed by airbags that contained Defective Inflators; and

4) ZF Germany assumed the liabilities of ZF TRW Corp. when purchasing its predecessor, TRW Automotive Holdings Corp., in 2015."

(Pls.' Mot. at 2).

With respect to Subjects (1) and (4), however, the relevant jurisdictional facts are established by documents already accessible to Plaintiffs. As to Subject (1)—whether ZF Friedrichshafen "oversaw the Domestic ZF Defendants' design, manufacture, or sale of airbag modules in the United States"—the facts already demonstrate there was no such "oversight" by the German great-great grandparent entity. As set forth in Ms. Laliberte's declaration and in documents already produced to Plaintiffs, the only TRW-manufactured airbag modules equipped with ARC inflators were in MY 2008-2012 Chevrolet Malibu vehicles. Laliberte Decl. ¶ 16; *see also* ZF Friedrichshafen's Reply (Dkt. 301) at 9 n.8 (citing documents). And it is undisputed that ZF Friedrichshafen had no corporate affiliation with TRW until 2015. *See* CAC (Dkt. 157) ¶¶ 60, 66. Thus, ZF Friedrichshafen undeniably did not "overs[ee] … the design, manufacture, or sale" of such airbag modules, and there is no basis to permit any further discovery.

As to Subject (4)—whether "ZF Germany assumed the liabilities of ZF TRW Corp. when purchasing its predecessor, TRW Automotive Holdings Corp. in 2015"—the facts again demonstrate discovery is not warranted. As Plaintiffs could have discovered if they had taken five minutes to locate the publicly-available merger agreement, TRW did not merge into ZF Friedrichshafen, but rather an indirect subsidiary, and TRW Automotive Holdings Corp. (not ZF Friedrichshafen) retained pre-merger liabilities.[6]

Jurisdictional discovery is similarly unwarranted on Subjects (2) and (3). First, Plaintiffs failed to proffer *any* explanation of how such discovery would support their jurisdictional allegations. Setting aside the open-ended and imprecise nature of the "discovery subjects," Plaintiffs do not attempt to describe the specific information sought, nor explain how each "subject" would establish jurisdictional facts that are genuinely in dispute. This warrants denial of the motion. *See Arno Res., LLC v. Epic Tech, LLC*, 2022 WL 3970756, at *10-11 (N.D. Ga. Aug. 8, 2022) (denying jurisdictional discovery where plaintiff did not explain how the discovery sought "will support its allegations" of personal jurisdiction).

---

[6] *See* Agreement and Plan of Merger, EDGAR (Sept. 15, 2014) at § 1.1, *available at* https://www.sec.gov/Archives/edgar/data/1267097/000110465914066397/a14-20989_1ex2d1.htm ("[T]he separate corporate existence of [TRW] . . . shall continue unaffected by the Merger . . . . [A]ll claims, obligations, debts, liabilities and duties of [TRW] and [MSNA Inc.] shall become the claims, obligations, debts, liabilities and duties of [TRW] as the Surviving Corporation.").

Moreover, Plaintiffs do not explain how Subjects (2) or (3) bear upon either (i) conduct by ZF Friedrichshafen directed at the forum state (Michigan) that is required to establish specific jurisdiction, or (ii) how those areas would demonstrate the requirements for piercing the corporate veil. *See* ZF Friedrichshafen's Mot. to Dismiss (Dkt. 279-1) at 8, 16-17 (discussing standards). For instance, Subject (2)—ZF Friedrichshafen's purported "supervis[ion] of ZF TRW Corp.'s safety testing of *airbag modules*"—does not address the specific ARC Inflators at issue, nor is this subject tailored to any conduct that occurred in, or was directed at, Michigan. Similarly, Subject (3)—ZF Friedrichshafen purportedly knowing the risks posed by the Defective Inflators—does not specify any jurisdiction-relevant *conduct* by ZF Friedrichshafen, much less conduct that was directed at Michigan. Further, Plaintiffs do not explain how either of these Subjects would supplement the allegations underlying their "alter ego" jurisdictional theory.

Given the touchstone of personal jurisdiction is whether "the defendant has purposefully directed his activities at residents of the forum" and there is "a sufficient nexus between those contacts and the litigation" (*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010)), Plaintiffs' open-ended and untailored "discovery subjects" do not pass muster. Their "failure to establish a prima facie case for personal jurisdiction" and their failure to explain how discovery would prove jurisdiction, "means that they have essentially

9

asked for a jurisdictional fishing expedition" which should not be entertained. *McCarthy v. Yamaha Motor Mfg. Corp.*, 994 F. Supp. 2d 1318, 1328 (N.D. Ga. 2014) (Japanese parent company dismissed and discovery denied where domestic grandchild entity manufactured allegedly faulty product in the forum state).

### C.  Plaintiffs' Caselaw Does Not Support Jurisdictional Discovery

Plaintiffs' cited caselaw does not support their request for jurisdictional discovery.  Instead, these cases underscore the contrast between the instant request and the circumstances under which courts in this Circuit have found jurisdictional discovery to be warranted.

In *Luc v. Korean Air Lines Co.*, 2019 WL 7824584 (N.D. Ga. June 4, 2019), the plaintiff—who was served a meal containing metal on a Korean Air flight from South Korea to Atlanta—sought jurisdictional discovery against the *subsidiary* of Korean Air that provided the meal.  *Id.* at *1, *3.  Not only was it undisputed that the subsidiary provided the defective product that injured the plaintiff (*id.* at *1), the subsidiary also was "persistent" in directing meals to Georgia.  *Id.* at *3.  Here, there is no genuine dispute that ZF Friedrichshafen did not provide any product (*supra* at 7-8) but also the CAC's allegations contain no claim-related conduct by ZF Friedrichshafen that even reference the forum state (Michigan).  *See* disc. *supra* at 5-7; *see also* ZF Friedrichshafen's Mot. to Dismiss (Dkt. 279-1) at 10-16.

In *Seiz v. Quirk*, 2013 WL 12290850 (N.D. Ga. Jan. 3, 2013), the plaintiffs' complaint contained numerous allegations that detailed the foreign defendant's actions directed at the forum state and that were directly related to the claim—*i.e.*, defendant's sale of a horse to Georgia residents, through an agent who was in Georgia, having advertised and enticed the plaintiffs into the underlying sale in Georgia, etc. *Id.* at *4. Further, the plaintiffs there proffered discrete discovery requests, explained precisely how the information they sought in discovery would help prove jurisdiction, and offered up an affidavit in support of their allegations. *Id.* at *6.[7] Even then, the court denied plaintiffs' requests that were not specific to the claim (*i.e.*, the sale of the specific horse) and aimed at more general conduct in Georgia (*e.g.*, the sale of other horses). *See id.* at *5.

Standing in stark contrast to these cases, Plaintiffs' jurisdictional allegations against ZF Friedrichshafen merely suggest indicia of corporate ownership, which could apply to any parent and its subsidiaries. *See* CAC (Dkt. 157) ¶¶ 62, 65, 67,

_____

[7] *Doherty-Heinze v. Chrisley*, 2021 WL 12149533, at *1 (N.D. Ga. Dec. 21, 2021), which involved defamation claims, is similarly inapposite. There, the foreign defendant's contacts with the forum state were pervasive: the defendant was the star of a television show that was based in Georgia, hosted a podcast about the state government's investigation into his finances, filed a related lawsuit in Georgia federal court against a Georgia state employee, and made a series of internet posts and comments targeting a state investigator (the plaintiff). *See id.* at *1. In particular, there was no dispute that the foreign defendant made the offending statements and no dispute that they were directed at Georgia residents. *See id.* at *4.

71-76.  The allegations that mention Michigan have nothing to do with the airbag modules at issue here, *see id.* ¶¶ 64, 66, 68-70, and the few allegations that do allege claim-related conduct (*e.g.*, reviewing reports) have nothing to do with Michigan. *See id.* ¶¶ 63, 75-76; *see also* ZF Friedrichshafen's Motion to Dismiss (Dkt 279-1) at 15-16; ZF Friedrichshafen's Reply (Dkt. 301) at 6-9.

*ACLU v. City of Sarasota*, 859 F.3d 1337 (11th Cir. 2017), which Plaintiffs cite for the proposition that "jurisdictional discovery is not entirely discretionary," does not involve personal jurisdiction at all.  Pls.' Mot. 3.  Rather, the question was whether the district could exercise original *subject matter* jurisdiction over the plaintiff's claims.  *See ACLU*, 859 F.3d at 1339–41.  The court's limited discretion was a function of its duty to inquire into "genuine factual disputes" about its subject matter jurisdiction—*i.e.*, whether the defendant was acting as a state or federal employee.  *See id.* at 1340.  By contrast, subject matter jurisdiction is not at issue here, and Plaintiffs have not established any genuine factual disputes about whether ZF Friedrichshafen is subject to personal jurisdiction.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' request for jurisdictional discovery against ZF Friedrichshafen.

Dated: January 21, 2025                     Respectfully submitted,


                                            */s/ Sean M. Berkowitz*
                                            LATHAM & WATKINS LLP

                                            Sean M. Berkowitz
                                            Illinois Bar No. 6209701
                                            Arthur F. Foerster
                                            Illinois Bar No. 6271201
                                            Johanna Spellman
                                            Illinois Bar No. 6293851
                                            330 North Wabash Street, Suite 2800
                                            Chicago, IL 60611
                                            Telephone: 312.876.7700
                                            Facsimile: 312.993.9767
                                            Email: sean.berkowitz@lw.com

                                            Sean P. McNally
                                            Michigan Bar No. 66292
                                            Troutman Pepper Hamilton Sanders
                                            LLP
                                            4000 Town Center, Suite 1800
                                            Southfield, MI 48075
                                            Telephone: 248.359.7317
                                            Facsimile: 248.359.7700

                                            Lindsey B. Mann
                                            Georgia Bar No. 431819
                                            Troutman Pepper Hamilton Sanders
                                            LLP
                                            600 Peachtree Street, Suite 3000
                                            Atlanta, GA 30308
                                            Telephone: 404.885.2743
                                            Facsimile: 404.962.6538

                                            *Counsel for ZF Friedrichshafen AG*

13

## <u>CERTIFICATE OF SERVICE</u>

On January 21, 2025, I hereby certify that I have caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz