**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051 Case No. 1:22-md-03051-ELR |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT DR. ING. H.C. F. PORSCHE AG'S MOTION TO DISMISS
THE CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT AND BACKGROUND ...................................... 1

ARGUMENT ........................................................................................... 3

I.  Specific Personal Jurisdiction Exists Over Porsche AG. ............................ 3

    A.  The Complaint Contains Substantial Allegations Regarding Porsche AG's Activities That Support Personal Jurisdiction. ............. 3

    B.  Georgia Law Governs the Court's Personal Jurisdiction Analysis. ....................................................................................... 7

    C.  Jurisdiction Is Proper Under Georgia's Long-Arm Statute Because Porsche AG "Transacted Business" in Georgia. ................... 8

    D.  Exercising Jurisdiction Over Porsche AG Comports with Due Process. ................................................................................... 11

        1.  Gearhart's claims against Porsche AG arise out of or relate to its contacts with Georgia. ......................................... 11

        2.  Porsche AG cannot make a compelling case that exercising jurisdiction would violate traditional notions of fair play and substantial justice. ......................................... 12

II.  In the Alternative, the Court Should Hold Porsche AG's Motion in Abeyance and Permit Jurisdictional Discovery. ......................................... 15

III.  Porsche AG's Rule 12(b)(6) Arguments Likewise Lack Merit. .................. 16

CONCLUSION ...................................................................................... 17

# TABLE OF AUTHORITIES

**Page**

**Cases**

*ACLU of Fla., Inc. v. City of Sarasota*,
  859 F.3d 1337 (11th Cir. 2017).........................................................15

*Aero Toy Store, LLC v. Grieves*,
  279 Gap. App. 515, 631 S.E.2d 734 (2006).......................................8

*Amin v. Mercedes-Benz USA, LLC*,
  349 F. Supp. 3d 1338 (N.D. Ga. 2018)..............................................5

*Anderson, et al. v. Autoliv, Inc., et al.*,
  No. 2:23-cv-11601-LJM-DRG (E.D. Mich. July 5, 2023)................7

*Britton, et al. v. ARC Auto., Inc., et al.*,
  No. 3:22-cv-3053 (N.D. Cal. Aug. 23, 2023) ...................................7

*Butler v. Porsche Cars N. Am., Inc.*,
  2016 WL 4474630 (N.D. Cal. Aug. 25, 2016) .................................16

*Byrd v. Drive Elec., LLC*,
  2017 WL 2126910 (S.D. Ga. May 16, 2017)....................................10

*Del Valle v. Trivago GMBH*,
  56 F.4th 1265 (11th Cir. 2022).........................................................11

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
  593 F.3d 1249 (11th Cir. 2010)................................................*passim*

*Doherty-Heinze v. Chrisley*,
  2021 WL 12149533 (N.D. Ga. Dec. 21, 2021).................................15

*Emmer v. WABII Branding Inc.*,
  2022 WL 22886642 (N.D. Ga. Aug. 8, 2022) .............................8, 13

*Gearhart v. Porsche Cars N. Am., Inc., et al.*,
  No. 1:23-cv-02929-ELR (N.D. Ga. filed June 30, 2023).........7, 8, 17

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Godelia v. Doe 1*,
    881 F.3d 1309 (11th Cir. 2018)........................................................17

*Johnson v. Chrysler Can. Inc.*,
    24 F. Supp. 3d 1118 (N.D. Ala. 2014)........................................13, 14

*Joseph v. Bernstein*,
    2014 WL 4101392 (S.D. Fla. Aug. 19, 2014), *aff'd*, 612 F. App'x
    551 (11th Cir. 2015).........................................................................5

*King v. General Motors Corp.*,
    2012 WL 1340066 (N.D. Ala. Apr. 18, 2012)..................................10

*Kyle K. v. Chapman*,
    208 F.3d 940 (11th Cir. 2000)...........................................................4

*Louis Vuitton Malletier, S.A. v. Mosseri*,
    736 F.3d 1339 (11th Cir. 2013).........................................................3

*Metcalfe v. Renaissance Marine, Inc.*,
    566 F.3d 324 (3d Cir. 2009).............................................................15

*Nafta Traders, Inc. v. Corkcicle, LLC*,
    2020 WL 7422061 (M.D. Fla. May 27, 2020)....................................4

*Nails v. Swisher Int'l, Inc.*,
    2013 WL 6768229 (M.D. Fla. Dec. 19, 2013)..................................16

*Peeples v. Caroline Container, LLC*,
    2019 WL 12338070 (N.D. Ga. Apr. 3, 2019)...................................12

*Perrigo Co. v. Merial Ltd.*,
    215 F. Supp. 3d 1329 (N.D. Ga. 2016).............................................9

*PFM Air, Inc. v. Dr. Ing. hc. F. Porsche A.G.*,
    751 F. Supp. 2d 1264 (M.D. Fla. 2010).....................................13, 14

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Ralls Corp. v. Huerfano River Wind, LLC*,
    27 F. Supp. 3d 1303 (N.D. Ga. 2014)......................................................3, 11

*Seiz v. Quirk*,
    2013 WL 12290850 (N.D. Ga. Jan. 3, 2013)....................................................15

*SkyHop Techs., Inc. v. Narra*,
    58 F.4th 1211 (11th Cir. 2023).......................................................................13

*Small v. Amgen, Inc.*,
    2 F. Supp. 3d 1292 (M.D. Fla. 2014)............................................................17

*In re Takata Airbag Prods. Liab. Litig.*,
    396 F. Supp. 3d 1101 (S.D. Fla. 2019)............................................................7

*Telematics Corp. v. Fleetilla, LLC*,
    2011 WL 13217823 (N.D. Ga. Apr. 13, 2011) .................................................9

*Thomas v. Strange Eng'g, Inc.*,
    2012 WL 993244 (S.D. Ga. Mar. 22, 2012) ....................................................9

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs. & Prods. Liab.
Litig.*,
    2023 WL 2600450 (N.D. Cal. Mar. 22, 2023).................................................13

*Walden v. Fiore*,
    571 U.S. 277 (2014)........................................................................................12

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
    792 F.3d 1313 (11th Cir. 2015)...................................................................4, 5

*Young v. Mitsubishi Motors N. Am. Corp.*,
    2020 WL 4584391 (W.D. Wash. Aug. 10, 2020) ......................................10, 14

## Statutes

O.C.G.A. § 9-10-91(1)...............................................................................................8

## PRELIMINARY STATEMENT AND BACKGROUND

In this multidistrict litigation, more than a hundred plaintiffs who own or lease cars with defective airbag inflators manufactured by ARC Automotive, Inc. ("ARC") assert class claims against ARC as well as the vehicle manufacturers and the companies that installed the inflators into the airbag modules. *See generally* Dkt. 157 ("Complaint").[1] Some of these cars were manufactured by Dr. Ing. H.C. Porsche AG ("Porsche AG"), a German automaker that markets and provides its vehicles for sale in the United States. ¶¶ 122–29, 184; *see also* Dkt. 289-5 (Porsche AG representative acknowledging that Porsche AG "manufactures Porsche-brand consumer vehicles" and "sells vehicles" to importers for distribution and sale in their home countries).

Porsche AG distributes its vehicles in the United States through its wholly owned domestic subsidiary Porsche Cars North America, Inc. ("Porsche America"), which resides in Georgia. ¶ 123. According to Porsche AG, Porsche America "purchases and takes possession of the vehicles it imports and distributes from Porsche AG in Germany" and then "distributes those vehicles in the United States." Dkt. 289-5, ¶¶ 17-18. Given Porsche AG's and Porsche America's involvement in the manufacture, distribution, or sale of Porsche Class Vehicles,

---

[1] Unless otherwise indicated, "¶ __" refers to paragraphs of the Complaint, all emphasis has been added, and all internal citations and quotation marks have been omitted.

Plaintiff Stephen Gearhart—who purchased a 2017 Porsche Macan (¶ 184) that contained a Defective Inflator—asserts claims against both entities (together, the "Porsche Defendants").

Porsche AG's challenges to this Court's jurisdiction and the substance of Gearhart's claims are meritless. As a result of manufacturing Class Vehicles for sale in the United States as well as distributing and selling them through Porsche America in Georgia, Porsche AG transacted business in Georgia and is therefore subject to the state's long-arm statute. Those facts likewise demonstrate that Porsche AG purposefully availed itself of the privilege of doing business in Georgia and that Gearhart's claims arise from or relate to those Georgia-based activities. Further, Porsche AG cannot make a compelling case that subjecting it to this Court's jurisdiction would offend "traditional notions of fair play and substantial justice." Exercising jurisdiction over Porsche AG thus comports with constitutional due process.

Porsche AG's Rule 12(b)(6) challenge likewise fails. Its summary "shotgun pleading" argument echoes that of other defendants and is equally unavailing. So, too, is Porsche AG's attempt to evade liability for its breach of express warranty. The Court should deny the motion in its entirety.

**ARGUMENT**

## I.    Specific Personal Jurisdiction Exists Over Porsche AG.

The Complaint contains "sufficient facts to make out a prima facie case of" personal jurisdiction over Porsche AG. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Plaintiffs' allegations, as well as Porsche AG's own representations, demonstrate that specific jurisdiction over Porsche AG exists under the Georgia long-arm statute and that exercising jurisdiction over Porsche AG comports with the Fourteenth Amendment's Due Process Clause. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–59 (11th Cir. 2010); *Ralls Corp. v. Huerfano River Wind, LLC*, 27 F. Supp. 3d 1303, 1313 (N.D. Ga. 2014) (Batten, J.).

### A.    The Complaint Contains Substantial Allegations Regarding Porsche AG's Activities That Support Personal Jurisdiction.

Porsche AG's challenge to personal jurisdiction rests largely on its assertion that the Complaint contains just one allegation regarding Porsche AG: that it "'is incorporated under the laws of Germany and maintains its principal place of business in Germany.'" Dkt. 289-2, at 3 (quoting Compl. ¶ 122). Not so. As noted above and further discussed in Sections C and D below, the Complaint and Porsche AG's own admissions demonstrate Porsche AG manufactured Class Vehicles— including Gearhart's 2017 Porsche Macan—that it distributed and sold through Porsche AG's Georgia-based subsidiary, Porsche America. ¶¶ 122-29, 184.

Plaintiffs also highlight "Porsche's uniform and pervasive marketing campaign" and allege that "[a]t no point before [Gearhart] purchased his Class Vehicle did Porsche disclose that it was not safe or dependable, or that it was equipped with an airbag containing a Defective Inflator." ¶ 184. Plaintiffs further allege that "[i]f [Gearhart] had known about the Inflator Defect, he either would have not purchased the Class Vehicle, or would have paid less to do so." *Id.*

Porsche AG contends the Complaint's references to "Porsche" constitute "shotgun pleading." Dkt. 289-2, at 18. They are wrong. While the Eleventh Circuit has (as Porsche AG notes) recognized "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015), Plaintiffs are not guilty of it here.

"[C]ollective pleading" against defendants "does not run afoul" of the federal rules where, as here, "the allegations give the individual defendants sufficient notice" of their alleged misconduct. *Nafta Traders, Inc. v. Corkcicle, LLC*, 2020 WL 7422061, at *2 (M.D. Fla. May 27, 2020). Plaintiffs' references to "Porsche" are "fairly read to aver that *all* [Porsche] defendants are responsible." *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). This is particularly so given that the grouped defendants—Porsche AG and Porsche America—have a

close corporate relationship. *See, e.g.*, *Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338, 1353 (N.D. Ga. 2018) (Totenberg, J.) ("[E]ven if Plaintiffs' agency allegations were insufficiently pleaded . . . that does not lead to the inexorable conclusion that Plaintiffs' Complaint runs afoul of Rule 8(a)(2) solely because it groups Daimler and MBUSA into a non-entity named 'Mercedes.'"). Plaintiffs' allegations thus "give[] [Porsche AG] adequate notice of the claims against [it] and the factual allegations that support those claims." *Weiland*, 792 F.3d at 1325 (holding district court abused its discretion in determining complaint violated Rules 8(a)(2) and 10(b), as the subject counts were "informative enough to permit a court to readily determine if they state a claim upon which relief can be granted"). This "may explain why [Porsche AG] did not move for a more definite statement under Federal Rule of Civil Procedure 12(e) or otherwise assert that [it] w[as] having difficulty knowing what [it] w[as] alleged to have done and why [it] w[as] liable for doing it." *Id.* at 1324.[2]

---

[2] The collective references to Porsche AG and Porsche America in the Complaint are a far cry from *Joseph v. Bernstein*, on which Porsche AG relies. The plaintiff there alleged one defendant "engaged in various financial transactions" and then "claim[ed] all Defendants 'participated, either directly or indirectly' and 'conspired amongst each other' to engage in this activity without articulating the factual basis for *each* Defendant's liability. 2014 WL 4101392, at *6 (S.D. Fla. Aug. 19, 2014) (emphasis in original), *aff'd*, 612 F. App'x 551 (11th Cir. 2015). The Complaint here, by contrast, does not "indiscriminately lump . . . five Defendants together," *id.*, and Plaintiffs identify the basis of Porsche AG's liability.

Indeed, the New Car Limited Warranty ("NCLW") on which Porsche AG (improperly) relies in challenging Gearhart's express warranty claim refers to "Porsche" without specifying a particular Porsche entity. While the NCLW initially references "the owner of a Porsche vehicle distributed by Porsche Cars North America, Inc. ('PCNA') [i.e., Porsche America]," in other places the NCLW simply references "Porsche":

- "If an authorized Porsche dealer in the U.S. declines or fails to carry out a proper repair or replacement of a factory installed part covered by this limited warranty without charge to you, *Porsche* will (a) determine if the repair or replacement requested by you is covered by this New Car Limited Warranty . . . ."

- "From time to time, your authorized Porsche dealer may install a component that is an updated version of original factory equipment. These updates of original factory equipment are due to changes in technology only and are not done to correct or remedy normal vehicle operating characteristics (as determined by *Porsche*) or conditions resulting from individual driving habits."

Dkt. 187-1, at 15-16.

The Porsche Defendants' references to "Porsche" in their own materials further support Plaintiffs' collective references to "Porsche" in the Complaint, particularly given that Plaintiffs have not had an opportunity to conduct discovery of the Porsche Defendants. There is no pleading deficiency.

**B.     Georgia Law Governs the Court's Personal Jurisdiction Analysis.**

As a threshold matter, Georgia law determines whether exercising personal jurisdiction over Porsche AG is proper. Following the creation of this multidistrict litigation, Gearhart filed a complaint against Porsche AG in this District. *Gearhart v. Porsche Cars N. Am., Inc., et al.*, No. 1:23-cv-02929-ELR (N.D. Ga. filed June 30, 2023). As an MDL transferee court, this Court "has all the jurisdiction and powers over pretrial proceedings in the actions transferred to [it] that the transferor judge would have had in the absence of transfer." *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1137 (S.D. Fla. 2019); *see also id.* at 1139–43 (applying the law of the MDL forum to direct-filed complaints). Because Georgia law would apply to Gearhart's case absent the MDL, it governs this motion.

Contrary to Porsche AG's assertion, Michigan and California law are irrelevant. Porsche AG incorrectly states it was "nam[ed] . . . as a defendant" in the *Anderson* case filed in the Eastern District of Michigan (Dkt. 289-2, at 5). While Plaintiffs (including Gearhart) filed a transferor complaint there, they identified Porsche AG as a "relevant third party"—not a defendant. *Anderson, et al. v. Autoliv, Inc., et al.*, No. 2:23-cv-11601-LJM-DRG (E.D. Mich. July 5, 2023), Dkt. 1, ¶ 90. And while Gearhart originally sued the Porsche Defendants in the Northern District of California, Plaintiffs voluntarily dismissed that action on August 23, 2023, following the filing of the *Gearhart* complaint in this District. *Britton, et al.*

*v. ARC Auto., Inc., et al.*, No. 3:22-cv-3053 (N.D. Cal. Aug. 23, 2023), Dkt. 128. The only action pending in this MDL that names Porsche AG as a defendant is *Gearhart*; Georgia law therefore applies.

### C.    Jurisdiction Is Proper Under Georgia's Long-Arm Statute Because Porsche AG "Transacted Business" in Georgia.

Georgia's long-arm statute provides for jurisdiction over a nonresident defendant "as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she," in relevant part, "[t]ransacts any business within this state." O.C.G.A. § 9-10-91(1). Jurisdiction over a nonresident defendant exists under the statute's "transacts any business" prong "if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." *Diamond Crystal*, 593 F.3d at 1260 n.11 (quoting *Aero Toy Store, LLC v. Grieves*, 279 Gap. App. 515, 517–18, 631 S.E.2d 734, 737 (2006)). That test is satisfied here.

As this Court has recognized, a nonresident defendant "transacts any business" in the state "by consummating sales transactions in Georgia." *Emmer v. WABII Branding Inc.*, 2022 WL 22886642, at *4 (N.D. Ga. Aug. 8, 2022) (Ross,

J.) (collecting cases). Porsche AG transacted business in Georgia when it sold and imported vehicles into the United States through Porsche America, its Georgia-based subsidiary. ¶ 123. Indeed, Porsche AG created Porsche America so Porsche AG could sell its cars to people in the United States. That's the sole purpose of Porsche America: to sell Porsche AG vehicles in Georgia to people throughout this country. The facts sufficiently demonstrate for pleading purposes that Porsche AG transacts business in the state. *See Thomas v. Strange Eng'g, Inc.*, 2012 WL 993244, at *5 (S.D. Ga. Mar. 22, 2012) (long-arm statute satisfied where nonresident defendant "shipped a product to Georgia and derived revenue from the sale of that product").

Porsche AG points to its purported lack of physical presence in Georgia, but "[t]o 'transact business' in Georgia, a defendant need not physically enter the state." *Perrigo Co. v. Merial Ltd.*, 215 F. Supp. 3d 1329, 1339 (N.D. Ga. 2016) (Jones, J.). Georgia's long-arm statute "does not require the defendant's physical presence and permits the consideration of 'a nonresident's mail, telephone calls, and other intangible acts, though occurring while the defendant is physically outside of Georgia.'" *Telematics Corp. v. Fleetilla, LLC*, 2011 WL 13217823, at *2 (N.D. Ga. Apr. 13, 2011) (Jones, J.) (quoting *Diamond Crystal*, 593 F.3d at 1264). Porsche AG's pattern of importing vehicles through its Georgia-based subsidiary constitutes such an intangible act.

Courts frequently exercise personal jurisdiction over foreign manufacturers that engage in activities similar to Porsche AG's here. For example, in *King v. General Motors Corp.*, the court exercised jurisdiction over a Canadian auto distributor that "specifically sold its products . . . for distribution in the United States." 2012 WL 1340066, at *7 (N.D. Ala. Apr. 18, 2012). The court noted this commercial agreement—much like the one between Porsche AG and Porsche America—"was clearly not a sale to an end-user," a fact that reinforced the propriety of jurisdiction. *Id.* Other courts have held similarly. *See, e.g.*, *Byrd v. Drive Elec., LLC*, 2017 WL 2126910, at *4 (S.D. Ga. May 16, 2017) ("A manufacturer [purposefully avails itself of the privilege of doing business in Georgia] when it 'specifically sells its products to another for distribution in' the forum state, especially when that distributor is 'clearly not an end-user.'") (quoting *King*, 2012 WL 1340066, at *7); *Young v. Mitsubishi Motors N. Am. Corp.*, 2020 WL 4584391, at *3 (W.D. Wash. Aug. 10, 2020) (foreign parent company "purposefully directs its sales activities at the United States" and "utilizes its U.S. subsidiary, MMNA, to implement an integrated distribution plan designed to sell Mitsubishi vehicles in the U.S."). Georgia's long-arm statute affords jurisdiction over Porsche AG with respect to Plaintiffs' claims.

**D.** **Exercising Jurisdiction Over Porsche AG Comports with Due Process.**

The second and third prongs of the long-arm statute overlap with the federal due process inquiry. *See Diamond Crystal*, 593 F.3d at 1260 n.11 ("[W]e interpret the first prong of this [due process] test as reflecting the requirement of subsection (1) of the long-arm statute and the second and third prongs as comprising the traditional due process inquiry."); *Ralls*, 27 F. Supp. 3d at 1315–16 (similar). These elements are satisfied as well.

**1.** **Gearhart's claims against Porsche AG arise out of or relate to its contacts with Georgia.**

Porsche AG's contacts with Georgia arise from or are otherwise connected with Gearhart's claims. Gearhart purchased one of the cars Porsche AG imported through Porsche America. ¶ 184. While "direct causation is not required" for jurisdiction to attach, *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1275 (11th Cir. 2022), this transactional relationship between Porsche AG and Porsche America *was* a "but for" cause of Gearhart's economic injury. That is, if Porsche AG had not sold the subject vehicle to its domestic subsidiary, Gearhart would not have purchased it and thereby suffered injury from Porsche AG's and the other Defendants' omissions of material fact regarding the Defective Inflators. Under these circumstances, the fact that Gearhart "resides in Florida and purchased his Macan . . . in Fort Myers, Florida" (Dkt. 289-2, at 14) does not weigh against

- 11 -

jurisdiction, as "it is *the defendant's* conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

In sum, Porsche AG manufactured vehicles, including Gearhart's Class Vehicle, and then sold those vehicles to Porsche America, a Georgia-based entity, for the purpose of distributing them domestically. That collaboration encompassed matters related to Gearhart's claims, including the manufacture, importation, and distribution of Class Vehicles with Defective Inflators. ¶ 123. These activities and forum contacts subject Porsche AG to jurisdiction here. *See Peeples v. Caroline Container, LLC*, 2019 WL 12338070, at *5–6 (N.D. Ga. Apr. 3, 2019) (Murphy, J.) (foreign parent was subject to jurisdiction based on its "own efforts" to carry out acts and transactions related to its subsidiary in Georgia).

### 2. Porsche AG cannot make a compelling case that exercising jurisdiction would violate traditional notions of fair play and substantial justice.

Porsche AG also has not carried its burden to make "a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Diamond Crystal*, 593 F.3d at 1267. In making this determination, courts assess (1) "the burden on the defendant"; (2) "the forum's interest in adjudicating the dispute"; (3) "the plaintiff's interest in obtaining convenient and effective relief"; and (4) "the judicial system's interest in resolving

the dispute." *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1231 (11th Cir. 2023).
To the extent Porsche AG addresses these factors, its arguments are unavailing.

Porsche AG first asserts that as a German company it would be burdened by litigating in the United States, but provides no supporting evidence. This type of "conclusory" assertion is insufficient to show it would be burdensome to litigate in this forum, particularly as "modern transportation and communication have made it much less burdensome for a party sued to defend [itself] in a State where [it] engages in economic activity." *Johnson v. Chrysler Can. Inc.*, 24 F. Supp. 3d 1118, 1142 (N.D. Ala. 2014) (exercising jurisdiction over Canadian company); *see also Emmer*, 2022 WL 22886642, at *7 (collecting cases and observing that "similar arguments regarding the mere inconvenience to the defendant have been found by courts to be unpersuasive"). Indeed, at least one court in the Eleventh Circuit has rejected this very assertion *as to Porsche AG*. *See PFM Air, Inc. v. Dr. Ing. hc. F. Porsche A.G.*, 751 F. Supp. 2d 1264, 1279 (M.D. Fla. 2010) ("There is no indication that requiring [Porsche AG] to litigate in this jurisdiction would impose an unreasonable burden on [Porsche AG]."). And Porsche AG regularly participates in complex litigation in this country. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2023 WL 2600450 (N.D. Cal. Mar. 22, 2023) (granting Porsche AG's motion to enjoin with respect to a MDL settlement it entered into).

Porsche AG also contends neither Georgia nor "the interstate judicial system" has an interest in this dispute. Dkt. 289-2, at 15. As recounted above, Porsche AG engages in extensive activity within Georgia by selling and exporting cars to its Georgia-based subsidiary. Georgia thus "certainly has an interest in adjudicating a dispute arising in part due to activities carried on within its borders." *PFM*, 751 F. Supp. 2d at 1279.

Finally, Porsche AG says nothing about "the plaintiff's interest in obtaining convenient and effective relief." This factor is therefore "either neutral, or weigh[s] in favor of [P]laintiff." *Johnson*, 24 F. Supp. 3d at 1142. Regardless, even if Porsche AG were to (belatedly) argue Gearhart should have brought a parallel action in Germany, "compelling [him] to sue in [Germany] while this case proceeds in [Georgia] against [Porsche America] would be neither convenient nor efficient." *Young*, 2020 WL 4584391, at *5.

\*    \*    \*

Porsche AG transacted business in Georgia when it sold Class Vehicles, including Gearhart's Porsche Macan, to its Georgia-based subsidiary for domestic distribution. Those Georgia-based activities are connected to Gearhart's claims that arise from the purchase of his vehicle, and Porsche AG has not made a compelling case that the exercise of jurisdiction would contravene principles of fair play or

substantial justice. The Court should therefore deny Porsche AG's motion to dismiss for lack of personal jurisdiction.

## II.    In the Alternative, the Court Should Hold Porsche AG's Motion in Abeyance and Permit Jurisdictional Discovery.

Courts have broad discretion to allow jurisdictional discovery and will permit discovery if "there is a genuine dispute as to whether exercising personal jurisdiction . . . would be appropriate." *Doherty-Heinze v. Chrisley*, 2021 WL 12149533, at *5 (N.D. Ga. Dec. 21, 2021) (Batten, J.); *see also ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340-41 (11th Cir. 2017). Where a genuine dispute exists, "a plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Seiz v. Quirk*, 2013 WL 12290850, at *2 (N.D. Ga. Jan. 3, 2013) (Murphy, J.). Additionally, "if the plaintiff's claim is not clearly frivolous as to the basis for personal jurisdiction, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009).

Accordingly, if the Court is not inclined to deny Porsche AG's motion, then Plaintiffs respectfully request leave to conduct limited jurisdictional discovery. As explained more fully in Plaintiffs' concurrently filed motion for jurisdictional discovery, discovery will focus on the connection between Plaintiffs' claims and

Porsche AG's contacts with Georgia as well as the activities through which Porsche AG transacted business in Georgia, including through its Georgia-based subsidiairy, Porsche America.

## III.    Porsche AG's Rule 12(b)(6) Arguments Likewise Lack Merit.

At the end of its motion, Porsche AG summarily asks the Court to dismiss all claims against it pursuant to Rule 12(b)(6). Its arguments fail for the reasons detailed in Plaintiffs' oppositions to the Automaker Defendants' and Porsche America's motions to dismiss. *See generally* Dkts. 221, 227.

Porsche AG's specific challenge to Gearhart's express warranty claim also lacks merit. Referencing the NCLW, portions of which Porsche America submitted in connection with its earlier motion (Dkt. 187-1), Porsche AG asserts "it is not a party to the NCLW and made no express warranty to Gearhart." Dkt. 289-2, at 16. As Plaintiffs previously explained, the Court cannot take judicial notice of the NCLW because the warranty "that covered Plaintiff's specific car is neither generally known within this Court's territorial jurisdiction nor capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Dkt. 227, at 8 (quoting *Butler v. Porsche Cars N. Am., Inc.*, 2016 WL 4474630, at *1 n.1 (N.D. Cal. Aug. 25, 2016)). Additionally, the purported NCLW is incomplete: Porsche America submitted "only several pages of a more than 80-page document." *Id.* (citing *Nails v. Swisher Int'l, Inc.*, 2013 WL 6768229, at *1

n.5 (M.D. Fla. Dec. 19, 2013)). Porsche AG's perfunctory joinder in its subsidiary's argument does nothing to remedy that deficiency.

Further, as the Eleventh Circuit has observed, "[o]ur review of Florida law"—assuming it applies to the substance of Gearhart's claims[3]—"reveals no clear rule about whether privity is required in every Florida express warranty claim." *Godelia v. Doe 1*, 881 F.3d 1309, 1321 (11th Cir. 2018) (citing cases). In any event, "[t]he existence of an express warranty is a factual issue for the jury to decide." *Small v. Amgen, Inc.*, 2 F. Supp. 3d 1292, 1298 (M.D. Fla. 2014). Dismissal on this basis is therefore unwarranted.

## CONCLUSION

For the foregoing reasons, the Court should deny Porsche AG's motion to dismiss. Alternatively, the Court should hold the motion in abeyance and permit Plaintiffs to conduct limited jurisdictional discovery.

---

[3] Plaintiff, a Florida resident who purchased his Porsche Class Vehicle in Florida, asserts Florida statutory claims. *Gearhart*, Dkt. 1, ¶ 21 ("In addition, Plaintiff brings claims under Florida law.").

Dated: February 7, 2025

Respectfully submitted,

*/s/ Roland Tellis*

Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Adam Tamburelli
atamburelli@baronbudd.com
Jay Lichter
jlichter@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Tel: (818) 839-2333

*/s/ Demet Basar*

Demet Basar
demet.basar@beasleyallen.com
W. Daniel "Dee" Miles, III
dee.miles@beasleyallen.com
J. Mitch Williams
mitch.williams@beasleyallen.com
Dylan T. Martin
dylan.martin@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES,
P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343

H. Clay Barnett, III (GA Bar 174058)
clay.barnett@beasleyallen.com
Thomas P. Willingham (GA Bar
235049)
tom.willingham@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES,
P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Tel: (404) 751-1162

*/s/ James E. Cecchi*

James E. Cecchi
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700

Zachary Jacobs
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, Illinois 60606
Tel: (973) 994-1700

Jason H. Alperstein
jalperstein@carellabyrne.com
Zachary J. Bower
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Tel: (973) 994-1700

*/s/ Elizabeth T. Castillo*

Niall P. McCarthy
nmccarthy@cpmlegal.com
Elizabeth T. Castillo
ecastillo@cpmlegal.com
David G. Hollenberg
dhollenberg@cpmlegal.com
**COTCHETT, PITRE &
McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

Theresa E. Vitale
tvitale@cpmlegal.com
**COTCHETT, PITRE &
McCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Tel: (310) 392-2008

/s/ David Stellings
David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

/s/ Kevin R. Dean
Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

/s/ Matthew D. Schultz
Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO,
RAFFERTY, PROCTOR,
BUCHANAN, O'BRIEN, BARR &
MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

*Leadership Committee for Plaintiffs and the Proposed Classes*

*/s/ Michael A. Caplan*
Michael A. Caplan (GA Bar 601039)
mcaplan@caplancobb.com
T. Brandon Waddell (GA Bar 252639)
bwaddell@caplancobb.com
Ashley C. Brown (GA Bar 287373)
abrown@caplancobb.com
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600

*/s/ M.J. Blakely*
M.J. Blakely (GA Bar 708906)
mjblakely@blakelyfirm.com
**THE BLAKELY FIRM, L.L.C.**
P.O. Box 3314
Decatur, GA 30031
Tel: (404) 491-0617

*Liaison Counsel for Plaintiffs and the Proposed Classes*

## **<u>CERTIFICATION</u>**

Pursuant to Civil Local Rule 7.1(D), the undersigned counsel certifies that this brief has been prepared with 14-point Times New Roman, as approved by the Court in Civil Local Rule 5.1(C).

*/s/ David Stellings*
David Stellings