# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-03051-ELR |

## PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY AS TO DEFENDANT DR. ING. H.C. F. PORSCHE AG AND INCORPORATED MEMORANDUM OF LAW

**PRELIMINARY STATEMENT**

Dr. Ing. h.c F. Porsche AG ("Porsche AG") has moved to dismiss Plaintiffs' claims, including for lack of personal jurisdiction. Dkts. 289, 289-2. In opposing the motion, Plaintiffs recount the facts and allegations that support a prima facie case for personal jurisdiction. *See generally* Dkt. 308. As detailed in Plaintiffs' opposition brief, because Porsche AG transacted business in Georgia—in particular through its wholly owned Georgia-based subsidiary Porsche Cars North America, Inc. ("Porsche America")—Georgia's long-arm statute affords jurisdiction over Porsche AG. Additionally, as a result of its involvement in the manufacture, distribution, marketing, and sale of Class Vehicles in Georgia—including the 2017 Porsche Macan Plaintiff Stephen Gearhart purchased, which contains a Defective Inflator—Porsche AG purposefully availed itself of the privilege of doing business in the state. Further, Gearhart's claims against Porsche AG arise or relate to those activities. And finally, Porsche AG cannot make a compelling case that subjecting it to this Court's jurisdiction offends "traditional notions of fair play and substantial justice." Exercising jurisdiction over Porsche AG thus also comports with the Fourteenth Amendment's Due Process Clause.

While Plaintiffs believe they have sufficiently pleaded specific personal jurisdiction over Porsche AG, they alternatively move for leave to conduct discovery into areas relevant to jurisdiction in the event the Court disagrees. Specifically,

1

Plaintiffs respectfully request that if the Court finds jurisdiction lacking on the current record, it permit Plaintiffs to conduct discrete discovery to further explore (1) Porsche AG's relationship with and control over Porsche America; and (2) the extent to which Porsche AG's and Porsche America's manufacture, distribution, marketing, and sale of Class Vehicles occurred in or were directed at Georgia. This discovery bears on whether Porsche AG "[t]ransacts any business within [Georgia]," as contemplated by the state's long-arm statute (O.C.G.A. § 9-10-91(1)), as well as whether Porsche AG purposefully availed itself of the privilege of conducting business in Georgia, a prerequisite of constitutional due process. Plaintiffs' request is timely and seeks information plainly relevant to whether jurisdiction exists. If the Court is not inclined to deny Porsche AG's motion to dismiss, it should grant this motion.

## ARGUMENT[1]

Courts generally permit jurisdictional discovery if "there is a genuine dispute as to whether exercising personal jurisdiction . . . would be appropriate." *Doherty-Heinze v. Chrisley*, 2021 WL 12149533, at *5 (N.D. Ga. Dec. 21, 2021) (Batten, J.). Where a genuine dispute exists, "a plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat

---

[1] Plaintiffs incorporate the arguments from their opposition to Porsche AG's motion to dismiss. Dkt. 308.

the jurisdiction of a federal court by withholding information on its contacts with the forum." *Seiz v. Quirk*, 2013 WL 12290850, at *2 (N.D. Ga. Jan. 3, 2013) (Murphy, J.). Although such discovery is discretionary, "parties have a qualified right to jurisdictional discovery" when "facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute." *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 n.7 (11th Cir. 1982)). In such situations, "a district court abuses its discretion if it completely denies a party jurisdictional discovery, unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery." *Id*.

The present record supports allowing jurisdictional discovery because Plaintiffs' request is timely and the discovery is plainly relevant to determining whether jurisdiction exists over Porsche AG. *See Seiz*, 2013 WL 12290850, at *4-6 (analyzing timing and nature of request for jurisdictional discovery in granting plaintiffs' motion). Further, "facts that go to the merits and the court's jurisdiction"—such as those relating to the manufacture, distribution, marketing, and sale of Porsche Class Vehicles with Defective Inflators—"are intertwined and genuinely in dispute." *ACLU of Fla.*, 859 F.3d at 1341.

Like the plaintiffs in *Seiz*, Plaintiffs here timely request jurisdictional discovery alongside their opposition to Porsche AG's motion to dismiss. *Seiz*, 2013 WL 12290850, at *4. Plaintiffs are initiating the request within three months of

3

completing service on Porsche AG through the Hague Convention and at Plaintiffs' earliest opportunity to seek any discovery. *See* Dkt. 283, ¶ 2; *Luc v. Korean Air Lines Co.*, 2019 WL 7824584, at *4 (N.D. Ga. June 4, 2019) (May, J.) (permitting discovery regarding, *inter alia*, "whether [a domestic subsidiary] has sufficient contacts with Georgia," where plaintiffs had "not yet had an opportunity to discover all potential facts relating to these theories"); *Hosny v. Thiam*, 2015 WL 13650094, at *6 (N.D. Ga. Apr. 16, 2015) (Ross, J.) (granting request for jurisdictional discovery "[a]fter considering the record and the procedural posture of th[e] case"). In short, Plaintiffs "filed the instant Motion as soon as they were made aware of the nature of [Porsche AG's] Motion to Dismiss (and separately from their response to the Motion to Dismiss)," and "given the early disposition of this case, . . . Plaintiffs' failure to have made any related (or unrelated) discovery filings to this point should not weigh against their request." *Seiz*, 2013 WL 12290850, at *4. Indeed, because discovery as to the foreign defendants has been stayed, Plaintiffs *could not have* previously served discovery requests on Porsche AG.

The limited discovery Plaintiffs seek is also "clearly relevant to whether specific personal jurisdiction exists in this Court." *Id.* at *5. Plaintiffs have identified specific categories of information regarding the nature and scope of Porsche AG's contacts with Georgia, including its relationship with Georgia-based Porsche America and activities relating to the manufacture, distribution, marketing, and sale

4

of Porsche Class Vehicles in the state. In the event the Court determines Plaintiffs have not yet made a prima facie case of personal jurisdiction as to Porsche AG, such evidence will assist the Court in making an informed determination as to whether it can exercise jurisdiction.

Plaintiffs' request is also narrowly tailored and based on a plausible belief that they will uncover evidence in support of personal jurisdiction. As this Court explained in permitting jurisdictional discovery in *Emmer v. WABII Branding, Inc.*:

> Plaintiff submitted his request for limited jurisdictional discovery separately from any response to Defendants' motion to dismiss. Further, Plaintiff specifies in his request that he seeks "to serve [ ] discovery requests . . . limited in scope to Defendants' dealings, transactions and to/from Georgia" so as "to meet the elements" of the Georgia long-arm statute and demonstrate that this Court's exercise of personal jurisdiction over Defendants would not violate due process pursuant to the Fourteenth Amendment.

2021 WL 9638503, at *3 (N.D. Ga. Nov. 5, 2021) (Ross, J.) (ellipsis and second alteration in original). The same is true here.[2]

---

[2] While defendants in *Emmer* did not object to jurisdictional discovery (though they reserved the right to contest its scope), the Court nonetheless evaluated the plaintiff's motion under applicable law. 2021 WL 9638503, at *2-3. Additionally, while the plaintiff there "ha[d] made attempts to serve discovery requests upon Defendants," *id.* at *3, Plaintiffs here have not had the opportunity to serve discovery requests on Porsche AG.

5

## **CONCLUSION**

If the Court determines Plaintiffs have not sufficiently established personal jurisdiction over Porsche AG, it should grant Plaintiffs leave to conduct discrete jurisdictional discovery as specified above.

Dated: February 7, 2025

Respectfully submitted,

/s/Roland Tellis
Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Adam Tamburelli
atamburelli@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
Kelsey J. Elling
kelling@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Tel: (818) 839-2333

/s/ Demet Basar
Demet Basar
demet.basar@beasleyallen.com
W. Daniel "Dee" Miles, III
dee.miles@beasleyallen.com
J. Mitch Williams
mitch.williams@beasleyallen.com
Dylan T. Martin
dylan.martin@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343

H. Clay Barnett, III (GA Bar 174058)
clay.barnett@beasleyallen.com
Thomas P. Willingham (GA Bar 235049)
tom.willingham@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Tel: (404) 751-1162

| | |
|---|---|
| */s/ James E. Cecchi* | */s/ Elizabeth T. Castillo* |
| James E. Cecchi | Niall P. McCarthy |
| jcecchi@carellabyrne.com | nmccarthy@cpmlegal.com |
| **CARELLA, BYRNE, CECCHI,** | Elizabeth T. Castillo |
| **BRODY & AGNELLO, P.C.** | ecastillo@cpmlegal.com |
| 5 Becker Farm Road | David G. Hollenberg |
| Roseland, New Jersey 07068 | dhollenberg@cpmlegal.com |
| Tel: (973) 994-1700 | **COTCHETT, PITRE &** |
| | **McCARTHY, LLP** |
| Zachary Jacobs | 840 Malcolm Road |
| zjacobs@carellabyrne.com | Burlingame, CA 94010 |
| **CARELLA, BYRNE, CECCHI,** | Tel: (650) 697-6000 |
| **BRODY & AGNELLO, P.C.** | |
| 222 South Riverside Plaza | Theresa E. Vitale |
| Chicago, Illinois 60606 | tvitale@cpmlegal.com |
| Tel: (973) 994-1700 | **COTCHETT, PITRE &** |
| | **McCARTHY, LLP** |
| Jason H. Alperstein | 2716 Ocean Park Blvd., Suite 3088 |
| jalperstein@carellabyrne.com | Santa Monica, CA 90405 |
| Zachary J. Bower | Tel: (310) 392-2008 |
| zbower@carellabyrne.com | |
| **CARELLA, BYRNE, CECCHI,** | |
| **BRODY & AGNELLO, P.C.** | |
| 2222 Ponce De Leon Blvd. | |
| Miami, Florida 33134 | |
| Tel: (973) 994-1700 | |

7

*/s/ David Stellings*
David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

*/s/ Kevin R. Dean*
Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

*/s/ Matthew D. Schultz*
Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

***Leadership Committee for Plaintiffs and the Proposed Classes***

| | |
|---|---|
| */s/ Michael A. Caplan* | */s/ M.J. Blakely* |
| Michael A. Caplan (GA Bar 601039) | M.J. Blakely (GA Bar 708906) |
| mcaplan@caplancobb.com | mjblakely@blakelyfirm.com |
| T. Brandon Waddell (GA Bar 252639) | **THE BLAKELY FIRM, L.L.C.** |
| bwaddell@caplancobb.com | P.O. Box 3314 |
| Ashley C. Brown (GA Bar 287373) | Decatur, GA 30031 |
| abrown@caplancobb.com | Tel: (404) 491-0617 |
| **CAPLAN COBB LLC** | |
| 75 Fourteenth Street NE, Suite 2700 | |
| Atlanta, Georgia 30309 | |
| Tel: (404) 596-5600 | |

*Liaison Counsel for Plaintiffs and the Proposed Classes*

## CERTIFICATION

Pursuant to Civil Local Rule 7.1(D), the undersigned counsel certifies that this brief has been prepared with 14-point Times New Roman, as approved by the Court in Civil Local Rule 5.1(C).

*/s/ David Stellings*
David Stellings
