# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-03051-ELR |

## PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY AS TO DEFENDANT BMW AG
## AND INCORPORATED MEMORANDUM OF LAW

**PRELIMINARY STATEMENT**

BMW AG moved to dismiss Plaintiffs' claims for lack of personal jurisdiction. Dkts. 287, 287-1. Plaintiffs oppose the motion, establishing with supporting evidence that this Court can exercise specific personal jurisdiction over BMW AG. Dkt. 310. Specifically, Plaintiffs contend that: (1) their claims arise out of and relate to BMW AG's contacts with New Jersey and South Carolina; (2) BMW AG purposefully availed itself of conducting business in those states; and (3) the traditional notions of fair play and substantial justice weigh in favor of this Court exercising jurisdiction over BMW AG.

Plaintiffs alternatively move for leave to conduct jurisdictional discovery into several key areas, including BMW AG's relationship with and control over its domestic subsidiaries, its interactions with federal and state regulators regarding the design, manufacture, advertising, distribution, sale and recall of its Class Vehicles in the United States, and its connections to and actions directed toward the transferor forums, New Jersey and South Carolina.

If the Court finds that Plaintiffs' opposition falls short of establishing personal jurisdiction but raises a genuine dispute on the issue, Plaintiffs respectfully request that this motion be granted to allow limited jurisdictional discovery.

1

## ARGUMENT[1]

Plaintiffs respectfully request leave to conduct limited jurisdictional discovery on the following topics: (1) BMW AG's relationship with and control over its subsidiaries; (2) BMW AG's role in the design, manufacture, advertising, distribution and/or sale of Class Vehicles in the United States; (3) BMW AG's involvement in and knowledge of the design and safety testing of airbag modules containing defective ARC inflators; (4) BMW AG's awareness of the safety risks posed by airbag modules that contained defective ARC inflators; (5) BMW AG's interactions with federal and state regulators regarding the design, manufacture, advertising, distribution, sale and recall of its Class Vehicles in the United States; and (6) BMW AG's connections to and actions directed at the transferor forums, New Jersey and South Carolina, including through its subsidiaries and its own entry into the fora through shipments of products.

Courts generally permit jurisdictional discovery if "there is a genuine dispute as to whether exercising personal jurisdiction . . . would be appropriate." *Doherty-Heinze v. Chrisley*, 2021 WL 12149533, at *5 (N.D. Ga. Dec. 21, 2021) (Batten, J.); *see also Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (jurisdictional discovery "is appropriate where the existing record

---

[1] Plaintiffs hereby incorporate their Memorandum of Law in Opposition to BMW AG's Motion to Dismiss. Dkt. 310.

2

is inadequate to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery").

Where a genuine dispute exists, "a plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Seiz v. Quirk*, 2013 WL 12290850, at *2 (N.D. Ga. Jan. 3, 2013) (Murphy, J.). Although jurisdictional discovery is discretionary, "parties have a qualified right to jurisdictional discovery" "when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute." *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982)). In such situations "a district court abuses its discretion if it completely denies a party jurisdictional discovery, unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery." *Id*.

Here, the record weighs heavily in favor of granting Plaintiffs' request for jurisdictional discovery because the request is timely, and the discovery is clearly relevant to determining whether jurisdiction exists. *See Seiz*, 2013 WL 12290850 at *4-6 (analyzing timing and nature of request for jurisdictional discovery before granting plaintiffs' motion for jurisdictional discovery).

3

Like the plaintiffs in *Seiz*, Plaintiffs here timely request jurisdictional discovery alongside their response to BMW AG's motion to dismiss. *Id*. at *4. The request is made within three months of completing service on BMW AG through the Hague Convention and at Plaintiffs' earliest opportunity to seek any discovery. *See* Dkt. 283 ¶ 3; *see Seiz*, 2013 WL 12290850 at *4 (describing the timing of the plaintiffs' motion and noting that it did not involve delay or almost-completed discovery). In short, Plaintiffs "filed the instant Motion as soon as they were made aware of the nature of [BMW AG's] Motion to Dismiss (and separately from their response to the Motion to Dismiss)," and "given the early disposition of this case, . . . Plaintiffs' failure to have made any related (or unrelated) discovery filings to this point should not weigh against their request." *Seiz*, 2013 WL 12290850, at *4. Indeed, because discovery as to the foreign defendants has been stayed, Plaintiffs *could not have* previously served discovery requests on BMW AG.

The limited discovery Plaintiffs seek is "clearly relevant" to the analysis of personal jurisdiction over BMW AG. *Id.* at *5. Plaintiffs have identified specific categories of information regarding BMW AG's knowledge and actions related to the scope of BMW AG's contacts with New Jersey and South Carolina and its purposeful availment of the right to do business in those jurisdictions. Such evidence will assist the Court in fully evaluating its ability to exercise specific personal jurisdiction over BMW AG. The requested discovery will also reveal the extent of

4

BMW AG's relationship with, and control over, BMW America and BMW Mfg., enabling the Court to better evaluate the exercise of general jurisdiction over BMW AG through its subsidiaries.

Plaintiffs' jurisdictional discovery request is also narrowly tailored and supported by a plausible belief that they will uncover evidence supporting personal jurisdiction. Courts have permitted jurisdictional discovery under similar circumstances. For example, in *Luc v. Korean Air Lines Co.*, plaintiffs argued for the exercise of specific personal jurisdiction, and general jurisdiction based on an alter ego relationship. 2019 WL 7824584, at *4 (N.D. Ga. June 4, 2019) (May, J.). Judge May granted jurisdictional discovery, noting that "[a]lthough KAS dispute[d] the truth of Plaintiffs' jurisdictional allegations, taken as true, those allegations support[ed] a reasonable inference that KAS [was] subject to this Court's jurisdiction." *Id*. Accordingly, Judge May permitted discovery "on the narrow issue of jurisdiction; specifically, whether [a domestic subsidiary] has sufficient contacts with Georgia and whether [the subsidiary] is the alter ego or wholly owned subsidiary of [its foreign parent]." *Id*. There, as here, the case was "still early in discovery" and the plaintiffs had "not yet had an opportunity to discover all potential facts relating to these theories." *Id.* at *3.

Similarly, in *Rickman v. BMW of North America, LLC*, 538 F. Supp. 3d 429, 435-44 (D.N.J. 2021), a court in the District of New Jersey permitted jurisdictional

5

discovery against BMW AG under analogous facts. Like the plaintiffs in *Rickman*, Plaintiffs here have provided this Court with evidence of BMW AG's deliberate actions to conduct business in New Jersey, as well as its control over the sale, distribution, advertising, and manufacturing of its Class Vehicles through BMW North America. *See id.* This Court should likewise permit limited jurisdictional discovery based on these facts.

## **CONCLUSION**

If the Court finds that Plaintiffs have not sufficiently established personal jurisdiction over BMW AG, it should grant Plaintiffs leave to conduct jurisdictional discovery.

| | |
|---|---|
| Dated: February 7, 2025 | Respectfully submitted, |

*/s/ Roland Tellis*  
Roland Tellis  
rtellis@baronbudd.com  
David Fernandes  
dfernandes@baronbudd.com  
Adam Tamburelli  
atamburelli@baronbudd.com  
Sterling Cluff  
scluff@baronbudd.com  
Kelsey J. Elling  
kelling@baronbudd.com  
**BARON & BUDD, P.C.**  
15910 Ventura Blvd #1600  
Encino, California 91436  
Tel: (818) 839-2333  

*/s/ Demet Basar*  
Demet Basar  
demet.basar@beasleyallen.com  
W. Daniel "Dee" Miles, III  
dee.miles@beasleyallen.com  
J. Mitch Williams  
mitch.williams@beasleyallen.com  
Dylan T. Martin  
dylan.martin@beasleyallen.com  
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**  
272 Commerce Street  
Montgomery, Alabama 36104  
Tel: (334) 269-2343  

H. Clay Barnett, III (GA Bar 174058)  
clay.barnett@beasleyallen.com  
Thomas P. Willingham (GA Bar 235049)  
tom.willingham@beasleyallen.com  
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**  
Overlook II  
2839 Paces Ferry Rd SE, Suite 400  
Atlanta, GA 30339  
Tel: (404) 751-1162

| | |
|---|---|
| */s/ James E. Cecchi* | */s/ Elizabeth T. Castillo* |
| James E. Cecchi | Niall P. McCarthy |
| jcecchi@carellabyrne.com | nmccarthy@cpmlegal.com |
| **CARELLA, BYRNE, CECCHI,** | Elizabeth T. Castillo |
| **BRODY & AGNELLO, P.C.** | ecastillo@cpmlegal.com |
| 5 Becker Farm Road | David G. Hollenberg |
| Roseland, New Jersey 07068 | dhollenberg@cpmlegal.com |
| Tel: (973) 994-1700 | **COTCHETT, PITRE &** |
| | **McCARTHY, LLP** |
| Zachary Jacobs | 840 Malcolm Road |
| zjacobs@carellabyrne.com | Burlingame, CA 94010 |
| **CARELLA, BYRNE, CECCHI,** | Tel: (650) 697-6000 |
| **BRODY & AGNELLO, P.C.** | |
| 222 South Riverside Plaza | Theresa E. Vitale |
| Chicago, Illinois 60606 | tvitale@cpmlegal.com |
| Tel: (973) 994-1700 | **COTCHETT, PITRE &** |
| | **McCARTHY, LLP** |
| Jason H. Alperstein | 2716 Ocean Park Blvd., Suite 3088 |
| jalperstein@carellabyrne.com | Santa Monica, CA 90405 |
| Zachary J. Bower | Tel: (310) 392-2008 |
| zbower@carellabyrne.com | |
| **CARELLA, BYRNE, CECCHI,** | |
| **BRODY & AGNELLO, P.C.** | |
| 2222 Ponce De Leon Blvd. | |
| Miami, Florida 33134 | |
| Tel: (973) 994-1700 | |

*/s/ David Stellings*
David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

*/s/ Kevin R. Dean*
Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

*/s/ Matthew D. Schultz*
Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

*Leadership Committee for Plaintiffs and the Proposed Classes*

9

| | |
|---|---|
| */s/ Michael A. Caplan* | */s/ M.J. Blakely* |
| Michael A. Caplan (GA Bar 601039) | M.J. Blakely (GA Bar 708906) |
| mcaplan@caplancobb.com | mjblakely@blakelyfirm.com |
| T. Brandon Waddell (GA Bar 252639) | **THE BLAKELY FIRM, L.L.C.** |
| bwaddell@caplancobb.com | P.O. Box 3314 |
| Ashley C. Brown (GA Bar 287373) | Decatur, GA 30031 |
| abrown@caplancobb.com | Tel: (404) 491-0617 |
| **CAPLAN COBB LLC** | |
| 75 Fourteenth Street NE, Suite 2700 | |
| Atlanta, Georgia 30309 | |
| Tel: (404) 596-5600 | |

*Liaison Counsel for Plaintiffs and the Proposed Classes*

## **CERTIFICATION**

Pursuant to Civil Local Rule 7.1(D), the undersigned counsel certifies that this brief has been prepared with 14-point Times New Roman, as approved by the Court in Civil Local Rule 5.1(C).

*/s/ David Stellings*
David Stellings
