**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051 Case No. 1:22-md-03051-ELR |

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR
JURISDICTIONAL DISCOVERY WITH RESPECT TO
<u>DEFENDANT ZF FRIEDRICHSHAFEN AG</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................1

ARGUMENT ..............................................................................................2

I.    There Is at Least a Genuine Dispute as to the Court's Personal
      Jurisdiction over ZF Germany. ...........................................................2

      A.    ZF Germany Misstates the Governing Standard. ...............................2

      B.    In Light of Plaintiffs' Allegations, the Information They Seek
            Through Discovery Would Give Rise to Personal Jurisdiction
            Over ZF Germany. ......................................................................5

II.   The Proposed Discovery Is Narrowly Tailored and Relevant to
      Whether Jurisdiction Exists Over ZF Germany. .....................................7

III.  ZF Germany's Conclusory Declaration Does Not Weigh Against
      Permitting Discovery. .....................................................................10

CONCLUSION ........................................................................................11

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*ACLU v. City of Sarasota*,
  859 F.3d 1337 (11th Cir. 2017) ...............................................................4

*Butler v. Sukhoi Co.*,
  579 F.3d 1307 (11th Cir. 2009) ...........................................................3, 4, 7

*Doherty-Heinze v. Chrisley*,
  2021 WL 12149533 (N.D. Ga. Dec. 21, 2021) ...........................................2, 3, 8

*Eaton v. Dorchester Dev., Inc.*,
  692 F.2d 727 (11th Cir. 1982) ...............................................................5

*Jeffrey v. Rapid Am. Corp.*,
  529 N.W.2d 644 (Mich. 1995)................................................................8

*Luc v. Korean Air Lines Co.*,
  2019 WL 7824584 (N.D. Ga. June 4, 2019)...........................................5, 9, 10

*Posner v. Essex Ins. Co.*,
  178 F.3d 1209 (11th Cir. 1999) ............................................................11

*Proliant, Inc. v. Savant HCM, LLC*,
  2018 WL 1936528 (N.D. Ga. Jan. 25, 2018)...........................................4, 6

*RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*,
  579 F. App'x 779 (11th Cir. 2014) .........................................................2

*Seiz v. Quirk*,
  2013 WL 12290850 (N.D. Ga. Jan. 3, 2013)..............................................7

*Yepez v. Regent Seven Seas Cruises*,
  2011 WL 3439943 (S.D. Fla. Aug. 5, 2011) ..............................................4

## PRELIMINARY STATEMENT[1]

Plaintiffs have made a prima facie case that Defendant ZF Friedrichshafen AG ("ZF Germany") is subject to this Court's personal jurisdiction because its contacts with Michigan satisfy the state's long-arm statute and exercising jurisdiction comports with constitutional due process. Dkt. 293. Plaintiffs also sufficiently allege the Domestic ZF Defendants are mere alter egos of ZF Germany. *Id.* Although the Court can exercise personal jurisdiction over ZF Germany on either basis, Plaintiffs moved in the alternative for leave to conduct limited jurisdictional discovery and have demonstrated why discovery would be appropriate. Dkt. 294.

ZF Germany misconstrues the law and mischaracterizes Plaintiffs' arguments. This request is far from the "fishing expedition[]" ZF Germany imagines (Dkt. 302, at 2). The Complaint's extensive jurisdictional allegations (¶¶ 52–77) easily give rise to at least a genuine dispute regarding this Court's jurisdiction over ZF Germany, and the information Plaintiffs seek—if established through discovery—would confirm jurisdiction exists. Those are the relevant considerations on this motion, not (as ZF Germany contends) whether Plaintiffs have established a prima facie case of

---

[1] Plaintiffs retain the designations used in the Corrected Consolidated Class Action Complaint ("Complaint"), Dkts. 157, 157-1. Unless otherwise indicated, "¶ _" refers to paragraphs of the Complaint, all emphasis has been added, and all citations and internal quotation marks have been omitted.

personal jurisdiction—the standard for assessing whether dismissal under Rule 12(b)(2) is appropriate.

Further, Plaintiffs' request for discovery is narrowly tailored and bears squarely on the primary questions relating to jurisdiction: whether ZF Germany participated in or controlled the activities of its Michigan-based subsidiaries, or whether they are alter egos of ZF Germany. ZF Germany's attempt to evade discovery through its reliance on inapposite caselaw and its declarant's conclusory statements is unavailing.

Accordingly, if the Court is not inclined to deny ZF Germany's motion to dismiss, it should permit jurisdictional discovery.

## ARGUMENT

### I.    There Is at Least a Genuine Dispute as to the Court's Personal Jurisdiction over ZF Germany.

#### A.    ZF Germany Misstates the Governing Standard.

As a threshold matter, ZF Germany misconstrues the standard for evaluating whether to permit jurisdictional discovery. Discovery is warranted where "there is a genuine dispute as to whether exercising personal jurisdiction . . . would be appropriate." *Doherty-Heinze v. Chrisley*, 2021 WL 12149533, at *5 (N.D. Ga. Dec. 21, 2021) (Batten, C.J.). In this regard, courts generally look to whether "the information the plaintiff seeks, if it exists, would give rise to jurisdiction." *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014).

While ZF Germany highlights Judge Cohen's statement in *Beckham v. Baker & Hostetler, LLP* that "[i]t is an abuse of discretion . . . if a court orders jurisdictional discovery when a plaintiff fails to establish a prima facie case of personal jurisdiction," 2023 WL 9957259, at *8 (N.D. Ga. Aug. 17, 2023), the context of that case is critical, and distinguishable. The court there reasoned that "[b]ecause [it] has accepted the jurisdictional allegations in Plaintiffs' Amended Complaint as true and found that they are deficient to confer specific personal jurisdiction, Plaintiffs have not alleged any facts to support specific personal jurisdiction the veracity of which could be tested by information gathered from additional discovery." *Id.* at *9. In other words, because the plaintiffs' allegations, accepted as true, *failed as a matter of law* to confer personal jurisdiction, permitting jurisdictional discovery would serve no viable purpose. *See also Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint *was insufficient as a matter of law* to establish a prima facie case that the district court had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue.") (cited in *Beckham*).[2] That principle does not apply here,

---

[2] The same was true in *Andrews v. Mazda Motor Corp.*, which ZF Germany also cites. *See* 2015 WL 1851159, at *7-8 (N.D. Ga. Apr. 22, 2015) (Duffy, J.) (noting "[i]f the information a plaintiff seeks would not advance its position on a jurisdictional issue, a district court should deny the request for discovery to avoid burdening the defendant and to promote the efficient administration of justice,"

because if Plaintiffs adduce evidence through discovery that supports their allegations that ZF Germany controlled the Domestic ZF Defendants or that those entities are mere alter egos of ZF Germany, jurisdiction *would be proper*.[3]

If ZF Germany were right that obtaining discovery requires a prima facie showing of personal jurisdiction—the same threshold required to overcome a Rule 12(b)(2) motion to dismiss—jurisdictional discovery would be a nullity: either a plaintiff would have sufficient pre-filing evidence to establish jurisdiction or they would not (and would be out of luck as a result). Indeed, this Court has described the relevant inquiry (consistent with Plaintiffs' authorities cited above) as whether the movants "provide some reasonable basis for jurisdiction." *Proliant, Inc. v. Savant HCM, LLC*, 2018 WL 1936528, at *6 (N.D. Ga. Jan. 25, 2018) (Ross, J.). Jurisdictional discovery is appropriate here.[4]

---

and explaining "[t]he discovery Plaintiff seeks from Bosch Corporation does not support its jurisdictional position").

[3] Nor have Plaintiffs "fail[ed] . . . to investigate jurisdictional issues prior to filing suit," as in *Yepez v. Regent Seven Seas Cruises*, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011). The Complaint includes detailed allegations that support jurisdiction over ZF Germany. ¶¶ 52–77.

[4] Attempting to rebut Plaintiffs' reference to the Eleventh Circuit precept that "jurisdictional discovery is not entirely discretionary," ZF Germany criticizes Plaintiffs' citation to *ACLU v. City of Sarasota*, 859 F.3d 1337 (11th Cir. 2017), noting the question there "was whether the district court could exercise original *subject matter* jurisdiction over the plaintiff's claims." Dkt. 302, at 12 (emphasis in original). But ZF Germany itself relies on caselaw regarding subject matter jurisdiction. *See, e.g.*, *id.* at 5 (citing *Butler*, 579 F.3d at 1314). Indeed, in *Cold Smoke Capital, LLC v. Gross*, a personal-jurisdiction decision ZF Germany cites,

**B.**     **In Light of Plaintiffs' Allegations, the Information They Seek Through Discovery Would Give Rise to Personal Jurisdiction Over ZF Germany.**

Plaintiffs make extensive allegations regarding ZF Germany's operations in the United States, including that ZF Germany (1) acquired TRW Automotive Holdings Corp. and immediately began to integrate its operations with that of its new Michigan-based subsidiary; (2) continues to exercise substantial control over its Michigan-based subsidiaries; (3) holds out the combined company as a single, unified entity; (4) has been actively involved in monitoring the Inflator Defect at the heart of this litigation; and (5) controls all ZF-branded communications relating to the airbag modules at issue in this case. ¶¶ 52–76. These allegations clearly establish, at a minimum, a disputed question of fact as to whether ZF Germany transacts business or committed a tortious act in Michigan (Dkt. 293, at 5–8), or whether the Domestic ZF Defendants are alter egos of their foreign parent (*id.* at 14–19). There is thus a "reasonable inference that [ZF Germany] is subject to this Court's jurisdiction." *Luc v. Korean Air Lines Co.*, 2019 WL 7824584, at *4 (N.D. Ga. June 4, 2019) (May, J.).

---

Judge Duffey cited the Eleventh Circuit's directive in addressing subject matter jurisdiction that "jurisdictional discovery is not entirely discretionary" because "a court does not have discretion to grant or deny a request for jurisdictional discovery [when jurisdictional facts are in dispute]." 2012 WL 3612626, at *8 (N.D. Ga. Aug. 21, 2012) (Duffey, J.) (alteration in original) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729-30 & n.7 (11th Cir. 1982)).

ZF Germany argues that because the jurisdictional allegations in the Complaint resemble allegations made against it in *In re ZF-TRW Airbag Control Units Products Liability Litigation* and the court there denied a request for jurisdictional discovery, the same result should follow here. But in *ZF-TRW*, the plaintiffs primarily argued that a PowerPoint presentation submitted to NHTSA included ZF Germany's logo, which subjected ZF Germany to personal jurisdiction under federal law. *See* Dkt. 302-1, at 2–3. Plaintiffs here specifically allege ZF Germany's activities in Michigan—the home state of its wholly controlled subsidiaries. These Michigan-specific activities do not resemble the contacts the court deemed insufficient in *ZF-TRW*.

Additionally, unlike the plaintiff in *Proliant*, Plaintiffs here have not conceded that jurisdictional discovery is required before they can establish a prima facie case of personal jurisdiction over ZF Germany. 2018 WL 1936528, at *6. Further, in *Proliant* the Court determined plaintiff "ha[d] not established a prima facie case of personal jurisdiction despite two attempts" and there was no "genuine dispute" as to whether the jurisdictional allegations were sufficient. *Id.* As set forth above, that is not the case here. Likewise, in *Cold Smoke Capital*, the court concluded the plaintiff had not alleged the defendant took any "actions *in or directed toward* Georgia," the forum state. 2012 WL 3612626, at *8 n.9. The Complaint in this case, by contrast, is replete with allegations about ZF Germany's contacts with Michigan.

*Butler v. Sukhoi* is likewise inapposite. Seeking to establish subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), the plaintiff in *Butler* did not "specifically invoke any of the FSIA's statutory exceptions" to defendants' sovereign immunity. 579 F.3d at 1313. Further, "[t]he only 'conduct' alleged in the complaint is that appellants and [Sukhoi Design Bureau] are alter-egos," which was "insufficient to divest appellants of their sovereign immunity because, even if substantiated through discovery, it does not bring the claim within one of . . . the statutorily-enumerated exceptions either to pre-judgment or post-judgment immunity under the FSIA." *Id.* Unlike in *Butler*, Plaintiffs' allegations do not fail as a matter of law to demonstrate personal jurisdiction and the proposed discovery is not futile.

## II.    The Proposed Discovery Is Narrowly Tailored and Relevant to Whether Jurisdiction Exists Over ZF Germany.

"[W]hether to permit jurisdictional discovery hangs on the time and nature of any jurisdictional discovery request." *Seiz v. Quirk*, 2013 WL 12290850, at *2 (N.D. Ga. Jan. 3, 2013) (Murphy, J.). Plaintiffs timely brought their motion for jurisdictional discovery and identify four categories of discovery that relate to the jurisdictional allegations in the Complaint. Specifically, Plaintiffs propose to explore whether and to what extent (1) ZF Germany oversaw the Domestic ZF Defendants' design, manufacture, or sale of airbag modules in the United States; (2) ZF Germany supervised ZF TRW Corp.'s safety testing of airbag modules; (3) ZF Germany knew

of the risks posed by airbags that contained Defective Inflators; and (4) ZF Germany assumed the liabilities of ZF TRW Corp. when ZF Germany purchased TRW Automotive Holdings Corp. (ZF TRW Corp.'s predecessor) in 2015. Dkt. 294, at 2. All four categories are narrowly tailored to elicit information directly relevant to whether ZF Germany is subject to personal jurisdiction in Michigan. *See, e.g.*, *Doherty-Heinze*, 2021 WL 12149533, at *5 (granting jurisdictional discovery where the requested information would help "determine the extent of" defendant's forum contacts). ZF Germany's challenges to this proposed discovery all lack merit.

ZF Germany asserts the first category of information would not aid Plaintiffs because "the only TRW-manufactured airbag modules equipped with ARC inflators were in MY 2008-2012 Chevrolet Malibu vehicles" but ZF Germany did not complete the TRW acquisition until 2015. Dkt. 302, at 7. Plaintiffs have already explained that even if ZF Germany is correct about the sequence of events and the relevant model years at issue, ZF Germany may still be subject to personal jurisdiction under Michigan law. Dkt. 293, at 10 (citing *Jeffrey v. Rapid Am. Corp.*, 529 N.W.2d 644, 655 (Mich. 1995)). Additionally, it would be improper to dismiss ZF Germany from this case before Plaintiffs have a chance to test its factual contentions via discovery.

ZF Germany also contends TRW Automotive Holdings Corp.'s purported retention of "pre-merger liabilities" obviates discovery as to whether ZF Germany

assumed the liabilities of ZF TRW Corp. when ZF Germany acquired TRW Automotive Holdings Corp. Dkt. 302, at 8. ZF Germany points to the merger agreement's statements that "the separate corporate existence of [TRW]" would "continue unaffected by the Merger" and that "all claims, obligations, debts, liabilities and duties" of TRW would (subject to certain exceptions) "become the claims, obligations, debts, liabilities and duties of [TRW] as the Surviving Corporation." Agreement and Plan of Merger § 1.1, EDGAR (Sept. 15, 2014), https://www.sec.gov/Archives/edgar/data/1267097/000110465914066397/a14-20989_1ex2d1.htm. But this provision is not dispositive as to whether ZF Germany, as TRW's parent company, bears any legal or financial responsibility for TRW's liabilities that arose before the merger. Nor does it necessarily govern whether the claims at issue here—which Plaintiffs asserted after the merger—constitute "pre-merger liabilities," as ZF Germany assumes. Plaintiffs should be allowed to conduct discovery on these issues.

Limited discovery regarding a foreign defendant's contacts with the forum state and alter ego jurisdiction is appropriate. *Luc*, 2019 WL 7824584, at *3–4. Discovery into ZF Germany's oversight of its domestic subsidiaries' design, manufacture, or sale of airbag modules, as well as how it supervised ZF TRW Corp.'s airbag module safety testing, would bear on the jurisdictional inquiry. Such discovery would include targeted document requests as well as Rule 30(b)(6)

depositions of ZF Germany's officers with knowledge of the company's role in the domestic subsidiaries' affairs. ZF Germany questions how this sort of information could assist the Court in resolving the jurisdictional inquiry, but courts frequently grant discovery on these topics. For instance, in *Luc*, Judge May allowed discovery regarding whether a foreign company "ha[d] sufficient contacts with Georgia" and whether jurisdiction under an "alter ego or wholly owned subsidiary" theory was proper. 2019 WL 7924584, at *4. Such discovery is equally appropriate in this case.

Given the specificity and relevance of Plaintiffs' request for discovery, ZF Germany's reliance on *Wolf v. Celebrity Cruises, Inc.* is misplaced. The plaintiff there "buried" his request for jurisdictional discovery "within his response to [defendant]'s motion to dismiss" and "did not specify what information he sought or how that information would bolster his allegations." 683 F. App'x 786, 792 (11th Cir. 2017). Not so, here.

## III.    ZF Germany's Conclusory Declaration Does Not Weigh Against Permitting Discovery.

ZF Germany wrongly asserts Plaintiffs were "required" to produce evidence supporting jurisdiction. Dkt. 302, at 6. If that were true, jurisdictional discovery would never be necessary or appropriate. Regardless, the sole decision on which ZF Germany relies is inapposite. In *Hinkle v. Continental Motors, Inc*., the plaintiff failed to move for leave to conduct jurisdictional discovery and instead included those arguments in its opposition to the defendant's motion to dismiss, an approach

**- 10 -**

the court ruled was "procedurally flawed." 268 F. Supp. 3d 1312, 1327 (M.D. Fla. 2017). Here, by contrast, Plaintiffs have filed a motion apart from their opposition to ZF Germany's motion to dismiss.

Plaintiffs are not required to rebut ZF Germany's conclusory statements regarding jurisdiction. As Plaintiffs explained in their motion-to-dismiss opposition, ZF Germany's declaration largely consists of irrelevant and unsupported denials of jurisdiction. Dkt. 293, at 9. Such "conclusory" statements, "although presented in the form of factual declarations," are "in substance legal conclusions that do not trigger a duty for Plaintiffs to respond with evidence of their own supporting jurisdiction." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999). The declaration likewise summarily states ZF Germany and the Domestic ZF Defendants "are not one and the same." Dkt. 279-2, ¶¶ 11–15. Far from obviating the need for discovery, this unsupported assertion demonstrates why Plaintiffs should have the opportunity to test ZF Germany's contentions.

## CONCLUSION

For the reasons set forth above, if the Court is not inclined to deny ZF Germany's motion to dismiss for lack of personal jurisdiction, it should grant Plaintiffs' request for jurisdictional discovery as specified above.

Dated: February 11, 2025

Respectfully submitted,

*/s/ Roland Tellis*
Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Adam Tamburelli
atamburelli@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
Kelsey J. Elling
kelling@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Tel: (818) 839-2333

*/s/ Demet Basar*
Demet Basar
demet.basar@beasleyallen.com
W. Daniel "Dee" Miles, III
dee.miles@beasleyallen.com
J. Mitch Williams
mitch.williams@beasleyallen.com
Dylan T. Martin
dylan.martin@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES,
P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343

H. Clay Barnett, III (GA Bar 174058)
clay.barnett@beasleyallen.com
Thomas P. Willingham (GA Bar
235049)
tom.willingham@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES,
P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Tel: (404) 751-1162

*/s/ James E. Cecchi*
James E. Cecchi
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700

Zachary Jacobs
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, Illinois 60606
Tel: (973) 994-1700

Jason H. Alperstein
jalperstein@carellabyrne.com
Zachary J. Bower
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Tel: (973) 994-1700

*/s/ Elizabeth T. Castillo*
Niall P. McCarthy
nmccarthy@cpmlegal.com
Elizabeth T. Castillo
ecastillo@cpmlegal.com
David G. Hollenberg
dhollenberg@cpmlegal.com
**COTCHETT, PITRE &**
**McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

Theresa E. Vitale
tvitale@cpmlegal.com
**COTCHETT, PITRE &**
**McCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Tel: (310) 392-2008

*/s/ David Stellings*

David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

*/s/ Kevin R. Dean*

Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

*/s/ Matthew D. Schultz*

Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

*Leadership Committee for Plaintiffs and the Proposed Classes*

/s/ Michael A. Caplan
Michael A. Caplan (GA Bar 601039)
mcaplan@caplancobb.com
T. Brandon Waddell (GA Bar 252639)
bwaddell@caplancobb.com
Ashley C. Brown (GA Bar 287373)
abrown@caplancobb.com
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600

/s/ M.J. Blakely
M.J. Blakely (GA Bar 708906)
mjblakely@blakelyfirm.com
**THE BLAKELY FIRM, L.L.C.**
P.O. Box 3314
Decatur, GA 30031
Tel: (404) 491-0617

*Liaison Counsel for Plaintiffs and the Proposed Classes*

## **CERTIFICATION**

Pursuant to Civil Local Rule 7.1(D), the undersigned counsel certifies that this brief has been prepared with 14-point Times New Roman, as approved by the Court in Civil Local Rule 5.1(C).

*/s/ David Stellings*

David Stellings