# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

IN RE: ARC AIRBAG INFLATORS
PRODUCTS LIABILITY LITIGATION

MDL No. 3051

Case No: 1:22-md-03051-ELR

## DEFENDANT BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT'S OPPOSITION, BY *SPECIAL APPEARANCE*, TO PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY

153411713.5

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................1

ARGUMENT ......................................................................................................3

   I.   Plaintiffs Fail To Demonstrate They Are Entitled To Jurisdictional Discovery Here..........................................................................................................3

      A.  There Is No Genuine Dispute About Whether Specific Jurisdiction Exists Over BMW AG. ...............................................................................4

      B.  Plaintiffs' Proposed Discovery Does Not Support *Specific* Jurisdiction.....6

CONCLUSION ...................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Federal Cases**

*Alexander v. Bayerische Motoren Werke AG*,
    2020 U.S. Dist. LEXIS 77183 (D.S.C. May 1, 2020)............................................................6

*Andrews v. Mazda Motor Corp.*,
    2015 WL 1851159 (N.D. Ga. Apr. 22, 2015) ...........................................................3

*Barth v. Walt Disney Parks & Resorts U.S., Inc.*,
    697 F. App'x. 119 (3d Cir. 2017) ...........................................................5

*Beckham v. Baker & Hostetler, LLP*,
    2023 WL 9957259 (N.D. Ga. Aug. 17, 2023) ...........................................................3

*Bernardele v. Bonorino*,
    608 F.Supp.2d 1313 (S.D. Fla. 2009) ...........................................................9

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
    593 F.3d 1249 (11th Cir. 2010) ...........................................................9

*Ferguson v. Aon Risk Servs. Cos.*,
    2020 U.S. Dist. LEXIS 32513 (D.N.J. Feb. 26, 2020) ...........................................................5

*Ganz v. Grifols Therapeutics LLC*,
    688 F. Supp. 3d 1209 (S.D. Fla. 2023) ...........................................................4

*Jacobs Eye, LLC v. Data Union, Inc.*,
    2019 WL 8438492 (N.D. Ga. Sep. 19, 2019) ...........................................................6

*Katz v. DNC Servs. Corp.*,
    2017 U.S. Dist. LEXIS 195736 (E.D. Pa. Nov. 29, 2017)...........................................................4

*Kearney v. Bayerische Motoren Werke Aktiengesellschaft*,
    2021 U.S. Dist. LEXIS 62356 (D.N.J. Mar. 31, 2021)...........................................................3

*Kennedy v. VGW Holdings Ltd.*,
    2024 U.S. Dist. LEXIS 186897 (N.D. Ga. Oct. 15, 2024)...........................................................3

*Lincoln Benefit Life Co. v. AEI Life, LLC*,
    800 F.3d 99 (3d Cir. 2015)...........................................................5

*Malik v. Cabot Oil & Gas Corp.*,
    710 F. App'x. 561 (3d Cir. Sept. 26, 2017) ...........................................................5, 6

*McCarthy v. Yamaha Motor Mfg. Corp.*,
    994 F. Supp. 2d 1318 (N.D. Ga. 2014) ....................................................................9

*Oliver v. Funai Corp.*,
    2015 U.S. Dist. LEXIS 169998 (D.N.J. Dec. 21, 2015) ..........................................9

*Proliant, Inc. v. Savant HCM, LLC*,
    2018 WL 1936528 (N.D. Ga. Jan. 25, 2018) ...........................................................5

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*,
    482 U.S. 522 (1987) .................................................................................................2

*Wolf v. Celebrity Cruises, Inc.*,
    683 F. App'x 786 (11th Cir. 2017) ..................................................................2, 3, 4

*Yepez v. Regent Seven Seas Cruises*,
    2011 U.S. Dist. LEXIS 86687 (S.D. Fla. Aug. 5, 2011)......................................2, 4

Defendant Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") *specially appears* and files this Opposition to Plaintiffs' Motion for Jurisdictional Discovery as to BMW AG.  (Dkt. 311) ("Motion").

## **INTRODUCTION**

 Plaintiffs' request for leave to conduct jurisdictional discovery "in the alternative"[1] seeks a Court-approved fishing expedition for Plaintiffs to try and find basic jurisdictional facts they should have had before they filed suit.   But jurisdictional discovery should not be permitted where, as here, the operative Corrected Consolidated Class Action Complaint (Dkt. 157) ("CCAC") does not allege basic jurisdictional facts, much less make a *prima facie* showing for personal jurisdiction.  And it certainly should not be permitted where a party wants to explore merits topics under the guise of jurisdictional discovery.  The Motion should be denied.

Plaintiffs expressly disavow both general jurisdiction (Opp. at 1) and "alter ego liability." (Opp. at 2). They claim, however, that this Court has specific jurisdiction over BMW AG because it "has purposefully availed *itself* of doing business in New Jersey and South Carolina, including by establishing BMW and BMW Mfg. there and conducting critical activities through those entities."  (Opp. at

---

[1] (Mot. at 1); Opposition to BMW AG's Motion to Dismiss at 23 (Dkt. 310) ("Opp.").

1-2) (emphasis in original). Yet the only BMW AG-specific fact in the CCAC is in Paragraph 80, which states "Defendant [BMW AG] is incorporated under the laws of Germany and maintains its principal place of business in Germany." (CCAC ¶ 80). Plaintiffs did not help themselves with their response to BMW AG's Motion to Dismiss either—the 19 Exhibits they submitted *at best* address general facts that have little or no relevance to the required specific jurisdiction analysis.

Jurisdictional discovery should not be permitted when Plaintiffs have not carried their burden to establish a *prima facie* case of personal jurisdiction or rebutted the evidence submitted in support of a motion to dismiss. It is not meant to "allow the plaintiff to look for what the plaintiff should have had—but did not— before coming through the courthouse doors." *Yepez v. Regent Seven Seas Cruises*, 2011 U.S. Dist. LEXIS 86687, at *4 (S.D. Fla. Aug. 5, 2011). Nor is it a license to engage in "fishing expeditions." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017). Yet this is exactly what Plaintiffs seek here when they offer up six broad areas of inquiry without articulating how those topics will establish any jurisdictional fact in dispute. Courts must "exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa,* 482 U.S. 522, 546 (1987). Plaintiffs' Motion should be denied.

## ARGUMENT

### I.    Plaintiffs Fail To Demonstrate They Are Entitled To Jurisdictional Discovery Here.

Jurisdictional discovery is warranted only if Plaintiffs can show there is a "genuine dispute" about whether jurisdiction exists and the complaint's allegations can be supplemented through discovery. *Kennedy v. VGW Holdings Ltd.*, 2024 U.S. Dist. LEXIS 186897, at *8 (N.D. Ga. Oct. 15, 2024) (denying jurisdictional discovery where there was no evidence or contention that a "genuine dispute exists" and where plaintiff had "no reason to believe that the Defendants' statements about its purchase records are inaccurate"); *Wolf*, 683 F. App'x at 789 (11th Cir. 2017).[2] To show a genuine dispute, Plaintiffs must, at a minimum, establish a *prima facie* case of personal jurisdiction. *See, e.g.*, *Beckham v. Baker & Hostetler, LLP*, 2023 WL 9957259, at *8 (N.D. Ga. Aug. 17, 2023) ("[i]t is an abuse of discretion, [] if a court orders jurisdictional discovery when a plaintiff fails to establish a *prima facie* case of personal jurisdiction."); *see also Andrews v. Mazda Motor Corp.*, 2015 WL 1851159, at *7-8 (N.D. Ga. Apr. 22, 2015) (denying jurisdictional discovery where plaintiff failed to establish a *prima facie* case). Plaintiffs have not done so here.

---

[2] *See also Kearney v. Bayerische Motoren Werke Aktiengesellschaft*, 2021 U.S. Dist. LEXIS 62356, at *15 (D.N.J. Mar. 31, 2021) (to "obtain jurisdictional discovery, Plaintiffs must 'present[] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state.'") (citation omitted).

Additionally, "the failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute." *Yepez*, 2011 U.S. Dist. LEXIS 86687, at *2-5 (denying jurisdictional discovery where foreign defendant moved to dismiss for lack of personal jurisdiction and plaintiffs responded that they require jurisdictional discovery to respond, holding that "these are the types of facts plaintiffs are expected to investigate prior to filing suit … without the benefit of discovery."). Mere "speculative claims" and requests for jurisdictional discovery that do "not identify any genuine disputes of fact" cannot justify jurisdictional discovery. *Ganz v. Grifols Therapeutics LLC*, 688 F. Supp. 3d 1209, 1220 (S.D. Fla. 2023). Plaintiffs must also "specify what information [they seek]" and "how that information would bolster [their] allegations." *Wolf*, 683 F. App'x at 792. They have not done that here either.[3]

### A.    There Is No Genuine Dispute About Whether Specific Jurisdiction Exists Over BMW AG.

As BMW AG has maintained in both its Motion and concurrently-filed Reply, Plaintiffs have not made a *prima facie* case of personal jurisdiction over BMW AG by any measure. And yet they still attempt to flip the burden to BMW AG and now contend that *if* their Opposition "falls short" (which it does), and *if* the Court finds

---

[3] *Katz v. DNC Servs. Corp.*, 2017 U.S. Dist. LEXIS 195736, at *25 (E.D. Pa. Nov. 29, 2017) (jurisdictional discovery allowed only if Plaintiffs have presented "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state.'").

Plaintiffs have raised a "genuine dispute on the issue" (which they have not), then Plaintiffs are entitled to "limited" jurisdictional discovery. (Mot. at 1). But this Court has previously admonished that this puts the proverbial "cart before the horse" and is improper. *Proliant, Inc. v. Savant HCM, LLC*, 2018 WL 1936528, at *6 (N.D. Ga. Jan. 25, 2018) (Ross, J.) (denying request for jurisdictional discovery where plaintiff had not established a *prima facie* case, and plaintiff admitted its allegations would need to be "supplement[ed]" and "further clarified through discovery").

Plaintiffs cannot and have not reasonably disputed the statements in the Declaration of Ronny Löwa through their so-called "evidence." *See, e.g.*, *Ferguson v. Aon Risk Servs. Cos.*, 2020 U.S. Dist. LEXIS 32513, *14 (D.N.J. Feb. 26, 2020) (citing *Malik v. Cabot Oil & Gas Corp.,* 710 F. App'x. 561, 565 (3d Cir. Sept. 26, 2017) (affirming the District Court's denial of jurisdictional discovery, where the plaintiff "did not present factual allegations that suggested with reasonable particularity the possible existence of the requisite contacts between appellees and the forum state to warrant jurisdictional discovery"); *see also Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 697 F. App'x. 119, 120 (3d Cir. 2017) (affirming denial of request for jurisdictional discovery where it "would have been futile."). Importantly, "jurisdictional discovery is not available merely because the plaintiff requests it." *Malik*, 710 F. App'x at 565 (quoting *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.38 (3d Cir. 2015)). It is appropriate *only* "[i]f the

plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state[.]'" *Malik*, 710 F. App'x. at 565 (citations omitted). It is only *then* that "the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.*

Thus, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Alexander v. Bayerische Motoren Werke AG*, 2020 U.S. Dist. LEXIS 77183, at *11-12 (D.S.C. May 1, 2020) (citation omitted). Plaintiffs have not shown a genuine dispute here beyond their speculations and conjecture. Their Motion should be denied on this basis alone.

### B.    Plaintiffs' Proposed Discovery Does Not Support *Specific* Jurisdiction.

Plaintiffs also fail to explain how the six topics of discovery in their Motion could support their thin CCAC allegations, which is an additional reason to deny their Motion. *Jacobs Eye, LLC v. Data Union, Inc.*, 2019 WL 8438492, at *4 (N.D. Ga. Sep. 19, 2019) ("[A] party seeking jurisdictional discovery must specify what information is sought and how it will bolster its jurisdictional allegations."). Plaintiffs identify the following discovery "topics":

(1)    BMW AG's relationship with and control over its subsidiaries;

(2)    BMW AG's role in the design, manufacture, advertising, distribution and/or sale of Class Vehicles in the United States;

(3)    BMW AG's involvement in and knowledge of the design and safety testing of airbag modules containing (allegedly) defective ARC inflators;

(4)    BMW AG's awareness of the safety risks posed by airbag modules that contained (allegedly) defective ARC inflators;

(5)    BMW AG's interactions with federal and state regulators regarding the design, manufacture, advertising, distribution, sale and recall of its Class Vehicles in the United States; and

(6)    BMW AG's connections to and actions directed at the transferor forums, New Jersey and South Carolina, including through its subsidiaries and its own entry into the fora through shipments of products.  (Mot. at 2).

Each of these topics is either irrelevant to the specific jurisdiction theory Plaintiffs assert, or seeks facts that are futile to the analysis given the statements of BMW AG's declarant, which Plaintiffs do not dispute or call into doubt, as follows:

- **Topic 1:**  No amount of discovery regarding "BMW AG's relationship with and control over its subsidiaries" (Mot. at 2) will change the fact that neither BMW NA nor BMW MC are BMW AG's "alter ego" or "agent"—theories that Plaintiffs are not pursuing here in the first place.  (Opp. at 2).

- **Topic 2:** the Declaration of Ronny Löwa makes it exceedingly clear what roles BMW AG, BMW NA, and BMW MC bear with respect to the manufacture and sale of BMW vehicles. (Dkt. 287-1).  BMW NA is the

*exclusive* distributor of new BMW and MINI brand motor vehicles to the public in the U.S. and is solely responsible for marketing, advertising, selling, and warranting new BMW and MINI vehicles in the U.S. (*Id.* ¶ 27). Indeed, BMW AG does not sell, market, distribute, or warrant goods or services in the U.S. (*id.* ¶ 16), does not control the distribution of BMW and MINI vehicles in the U.S. (*id.* ¶ 27), and it does not control the operations of BMW NA (*id.* ¶¶ 25, 30).

- **Topics 3 and 4:** These clearly seek improper merits discovery from a party that is contesting personal jurisdiction. Whether BMW AG had any involvement in the design and safety testing of airbag modules with ARC inflators, or whether BMW AG was aware of "safety risks" by airbag modules that contain purportedly defective ARC inflators, have nothing to do with BMW AG's direct contacts with New Jersey and South Carolina for purposes of specific jurisdiction.

- **Topic 5**: This completely ignores the various statements in the Löwa Declaration and assumes interactions between BMW AG and U.S. regulators that Plaintiffs have shown no reason to believe exist.

- **Topic 6:** This is an open-ended and generic topic request that ultimately states a legal conclusion and is the epitome of a fishing expedition. Plaintiffs have provided no good reason to grant such an overly broad request.

8

Plaintiffs' claims are grounded in alleged omissions at the time of purchase, or warranty coverage issues for an express warranty only BMW NA issued. The declarations of Ronny Löwa clearly show Plaintiffs' assumptions about BMW AG's "contacts" with New Jersey and South Carolina are flat wrong. *Oliver v. Funai Corp.*, 2015 U.S. Dist. LEXIS 169998, at *37 (D.N.J. Dec. 21, 2015) ("deny[ing] Plaintiffs' request for jurisdictional discovery where Plaintiffs have not 'present[ed] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state.'") (citations omitted); *see also Bernardele v. Bonorino*, 608 F.Supp.2d 1313, 1321 (S.D. Fla. 2009) (jurisdictional discovery is not an unconditional right to seek facts that ultimately don't support personal jurisdiction). Because the touchstone of personal jurisdiction is whether "the defendant has purposefully directed his activities at residents of the forum" and there is "a sufficient nexus between those contacts and the litigation" (*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.,* 593 F.3d 1249, 1267 (11th Cir. 2010)), Plaintiffs' open-ended and irrelevant "topics" do not pass muster. And their "failure to establish a *prima facie* case for personal jurisdiction," combined with their failure to explain how discovery would prove jurisdiction, "means that they have essentially asked for a jurisdictional fishing expedition" which should not be entertained. *McCarthy v. Yamaha Motor Mfg. Corp.,* 994 F. Supp. 2d 1318, 1328 (N.D. Ga. 2014) (Japanese parent company

dismissed and discovery denied where domestic grandchild entity manufactured allegedly faulty product in the forum state).  Their Motion should be denied.

## CONCLUSION

By *special appearance*, BMW AG respectfully asks the Court to deny Plaintiffs' Motion for Jurisdictional Discovery.  The time for Plaintiffs to do the necessary investigation to at least assert a *prima facie* case of jurisdiction against BMW AG in the operative complaint was *before* filing suit and serving BMW AG in Germany—not after.  Their failure to do this is no reason to further burden BMW AG to have to continue defending itself in this forum by engaging in protracted jurisdictional discovery that will not move the needle towards a finding of specific jurisdiction.

Dated: February 28, 2025                    Respectfully submitted,

                                            */s/ Eric Y. Kizirian*

                                            LEWIS BRISBOIS BISGAARD &
                                            SMITH, LLP
                                            Eric Y. Kizirian
                                            Zourik Zarifian
                                            633 West 5th Street, Suite 4000
                                            Los Angeles, CA 90071
                                            (213) 250-1800
                                            Fax: (213) 250-7900
                                            eric.kizirian@lewisbrisbois.com
                                            zourik.zarifian@lewisbrisbois.com

                                            *Counsel (Specially Appearing) for
                                            Defendant Bayerische Motoren
                                            Werke Aktiengesellschaft*

10

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

The undersigned hereby certifies that this filing was prepared using one of the font and point selections approved by this Court in Local Rule 5.1. Specifically, Times New Roman font was used in 14 point.

Dated: February 28, 2025                     Respectfully submitted,

                                                              */s/ Eric Y. Kizirian*

                                                              LEWIS BRISBOIS BISGAARD &
                                                              SMITH, LLP
                                                              Eric Y. Kizirian
                                                              Zourik Zarifian
                                                              633 West 5th Street, Suite 4000
                                                              Los Angeles, CA 90071
                                                              (213) 250-1800
                                                              Fax: (213) 250-7900
                                                              eric.kizirian@lewisbrisbois.com
                                                              zourik.zarifian@lewisbrisbois.com

                                                              *Counsel (Specially Appearing) for*
                                                              *Defendant Bayerische Motoren*
                                                              *Werke Aktiengesellschaft*

11