**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br><br>Case No: 1:22-MD-3051-ELR |

**REPLY BRIEF IN SUPPORT OF DR. ING. H.C. F. PORSCHE AG'S
MOTION TO DISMISS THE CORRECTED CONSOLIDATED CLASS
ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND
<u>FAILURE TO STATE A CLAIM</u>**

Matthew A. Goldberg
Nathan P. Heller
Timothy P. Pfenninger
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
Fax: (215) 656-3301
matthew.goldberg@us.dlapiper.com
nathan.heller@us.dlapiper.com
timothy.pfenninger@us.dlapiper.com

*Attorneys for Defendant
Dr. Ing. h.c. F. Porsche AG*

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ....................................................................................................1

ARGUMENT ..........................................................................................................3

    I.    Plaintiffs have not met their burden to establish that Porsche AG "transact[s] business" in Georgia ..........................................................4

    II.    Plaintiffs have not met their burden to establish a basis for specific jurisdiction over Porsche AG ...............................................................8

        A.    Plaintiffs allege no facts to suggest that Porsche AG purposefully availed itself of the laws of the State of Georgia ...................................................................................9

        B.    Plaintiffs ignore binding Supreme Court precedent to argue Gearhart's claims arise from or relate to activity that occurred in Georgia .................................................................10

        C.    Fair play and substantial justice are lacking. ...........................13

    III.    Jurisdictional discovery is not warranted where Plaintiffs fail to state a *prima facie* case for jurisdiction and flout the personal jurisdiction framework. ......................................................................14

    IV.    Plaintiffs' effort to circumvent the NCLW fails. ................................14

CONCLUSION ....................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Arno Resources, LLC v. Epic Tech, LLC*,
  No. 20-2540, 2022 WL 3970756 (N.D. Ga. Aug. 8, 2022)................................14

*Baker v. Brunswick Corp.*,
  No. 17-572, 2018 WL 1947433 (M.D. Fla. Apr. 25, 2018) ..............................15

*Bristol-Myers Squibb Co. v. Super. Ct.*,
  582 U.S. 255 (2017)...................................................................................3, 11, 12

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985).....................................................................................8, 9

*Butler v. Sukhoi Co.*,
  579 F.3d 1307 (11th Cir. 2009) ........................................................................14

*Consol. Dev. Corp. v. Sherritt, Inc.*,
  216 F.3d 1286 (11th Cir. 2000) .................................................................6, 9, 10

*Daimler v. Bauman*,
  571 U.S. 117 (2014)....................................................................................12, 13

*Day v. Taylor*,
  400 F.3d 1272 (11th Cir. 2005) ........................................................................14

*Diulus v. Am. Express Travel Related Servs. Co.*,
  823 F. App'x 843 (11th Cir. 2020) .....................................................................3

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
  592 U.S. 351 (2021)....................................................................................10, 11

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
  564 U.S. 915 (2011)...........................................................................................13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984)..............................................................................................8

*Hicks v. Bombardier Recreational Prods. Inc.*,
  684 F. Supp. 3d 1223 (S.D. Fla. 2023).............................................................10

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ....................................................................................9

*J. McIntyre Machinery Ltd. v. Nicastro*,
    564 U.S. 873 (2011) ................................................................................2, 4

*LifeBrite Lab'ys v. Blue Cross & Blue Shield of Fla. Inc.*,
    No. 23-03748, 2024 WL 3030657 (N.D. Ga. Jun. 17, 2024) ...................6, 8, 14

*Louis Vuitton Malletier, S.A. v. Mosseri*,
    736 F.3d 1339 (11th Cir. 2013) ...............................................................8, 10

*McDaniel v. Patriot Rail Co., LLC*,
    No. 18-3097, 2018 WL 11456271 (N.D. Ga. Oct. 29, 2018) .......................6, 8

*Netsurion, LLC v. Asurion, LLC*,
    No. 19-60898, 2019 WL 2716236 (S.D. Fla. June 28, 2019) ..........................12

*Padilla v. Porsche Cars N. Am., Inc.*,
    391 F. Supp. 3d 1108 (S.D. Fla. 2019) ..........................................................15

*PFM Air, Inc. v. Dr. Ing. h.c. F. Porsche A.G.*,
    751 F. Supp. 2d 1264 (M.D. Fla. 2010) ..........................................................13

*Quashie v. Olympus Am., Inc.*,
    315 F. Supp. 3d 1329 (N.D. Ga. 2018) .............................................................2

*Riad v. Porsche Cars N. Am., Inc.*,
    657 F. Supp. 3d 695 (E.D. Pa. 2023) .........................................................8, 10

*Smith v. Poly Expert, Inc.*,
    186 F. Supp. 3d 1297 (N.D. Fla. 2016) ..........................................................13

*T.W.M. v. Am. Med. Sys., Inc.*,
    886 F. Supp. 842 (N.D. Fla. 1995) .................................................................15

*Telematics Corp. v. Fleetilla, LLC*,
    No. 10-3804, 2011 WL 13217823 (N.D. Ga. Apr. 13, 2021) .............................5

*Thomas v. Strange Engineering*,
    No. 111-74, 2012 WL 993244 (N.D. Ga. Mar. 22, 2012) ...................................5

*United States v. Bestfoods*,
    524 U.S. 51 (1998)..........................................................................................6

*United Techs. Corp. v. Mazer*,
    556 F.3d 1260 (11th Cir. 2009) ............................................................3, 4, 5, 9

*Walden v. Fiore*,
    571 U.S. 277 (2014)................................................................................11, 13

**Statutes**

Ga. Code § 9-10-91(1) ...........................................................................................4

## INTRODUCTION

Plaintiffs' Opposition confirms that Porsche AG's motion to dismiss should be granted. Plaintiffs do not plead a *prima facie* case of personal jurisdiction, and Porsche AG's uncontested evidence shows that the exercise of specific personal jurisdiction would be improper.[1] Instead of facing these problems head on, the Opposition consists of factual misstatements and sleight of hand that ignore the record and controlling authority.

The inaccuracies littering Plaintiffs' Opposition highlight its weakness. Plaintiffs allege only a single fact against Porsche AG—that it is a German entity with a principal place of business in Germany. One would not come to this conclusion by reviewing the Opposition. It represents that Porsche AG:

- "distributes its vehicles in the United States" (Opp. at 1);
- "s[ells] and import[s] vehicles into the United States" (*Id.* at 9); and
- refers to itself, together with PCNA, as "Porsche" in PCNA's New Car Limited Warranty ("NCLW") (*Id.* at 6).

But these representations are nowhere in the CAC. Worse, they are contrary to the record evidence submitted by Porsche AG. For example:

- Porsche AG does not distribute or import Porsche-brand vehicles in Georgia, the relevant forum. *See* Löffler Decl. ¶ 9.
- Porsche AG does not sell vehicles in Georgia. It sells vehicles in Germany. *See id.* ¶ 8.

---

[1] Plaintiffs concede that general jurisdiction is lacking over Porsche AG. (Mot. at 11).

- ▪ The NCLW does not refer to Porsche AG and PCNA jointly as "Porsche." In fact, the NCLW states that the party to the warranty is PCNA. *See* ECF 187-1 at 8.

This uncontradicted record compels dismissal.

Plaintiffs also ignore binding authority. The U.S. Supreme Court has held that a foreign manufacturer does not purposefully avail itself of a particular state's law by selling its products abroad to an importer charged with distributing the product nationwide. *Quashie v. Olympus Am., Inc.*, 315 F. Supp. 3d 1329, 1338 (N.D. Ga. 2018) (citing *J. McIntyre Machinery Ltd. v. Nicastro*, 564 U.S. 873, 891 (2011) (Breyer, J., concurring)). Nevertheless, Plaintiffs argue—in direct contravention of this binding precedent—that Porsche AG "transacted business in Georgia" and is subject to specific jurisdiction merely because it "sold and imported vehicles into the United States . . . through [PCNA]." Opp. at 9. This invites clear error.

But that's not all. Plaintiffs also overlook Supreme Court precedent requiring them to establish that their claims arise from or relate to a defendant's contacts with the forum state (here, Georgia). The sole plaintiff alleging claims against Porsche AG is Gearhart—a ***Florida resident*** with no apparent contact with, much less injury in, Georgia. When confronted with this reality, Plaintiffs respond by attempting to confuse the issue. They improperly comingle principles of general and specific jurisdiction to argue that Porsche AG's supposed business transactions in Georgia subject it to specific jurisdiction here. Again, this contravenes binding Supreme

Court precedent. *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017) ("[T]here must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." (internal quotations omitted)).

Plaintiffs' argument on the merits fares no better. They argue that this Court cannot take judicial notice of the NCLW, a document underpinning Gearhart's claims, because the existence of an express warranty is a factual issue for a jury to decide. Opp. at 17. Aside from ignoring relevant caselaw, this contravenes Plaintiffs' well-settled obligation to raise claims that "have evidentiary support or . . . will likely have evidentiary support[.]" Fed. R. Civ. P. 11(b)(3). The NCLW is integral to the complaint and is the very contract underlying the warranty claim. It explicitly states that PCNA is the party to the warranty contract, not Porsche AG.

At bottom, Plaintiffs opposition relies on incorrect assertions and offers arguments that are contrary to binding precedent. For these reasons, Porsche AG should be dismissed from this litigation with prejudice.

## **ARGUMENT**

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *Diulus v. Am. Express Travel Related Servs. Co.*, 823

3

F. App'x 843, 849 (11th Cir. 2020). When the defendant challenges personal jurisdiction through affidavits or other evidence, the plaintiff incurs the burden to produce *evidence*, not argument or speculation, to support a finding of jurisdiction. *Mazer*, 556 F.3d at 1274. Plaintiffs must also demonstrate that jurisdiction exists under Georgia's long-arm statute and comports with Due Process. *Id.* Because Plaintiffs present no competent allegations, evidence, or argument to show personal jurisdiction and do not rebut Porsche AG's evidence, dismissal is appropriate.

## I.    Plaintiffs have not met their burden to establish that Porsche AG "transact[s] business" in Georgia.

Plaintiffs argue that Porsche AG is subject to personal jurisdiction under Georgia's long-arm statute because it "sold and imported vehicles into the United States though [PCNA]." Opp. at 9; *see also* Ga. Code § 9-10-91(1). This argument is contrary to record evidence and binding authority.

First, Plaintiffs' argument does not show that Porsche AG transacts business *in Georgia*. Quite the contrary. Plaintiffs assert that Porsche AG sells and imports vehicles, generally, "into ***the United States***." Opp. at 9 (emphasis added). This is insufficient to establish that Porsche AG transacts business specifically in Georgia. *See Nicastro*, 564 U.S. at 885–86 ("[I]t is petitioner's purposeful contacts with New Jersey [the forum], not with the United States, that alone are relevant.").[2] Regardless,

---

[2] *See also Nicastro,* 564 U.S. at 891 (rejecting the position that "a [foreign] producer is subject to jurisdiction for a product-liability action so long as it knows

Porsche AG does not sell vehicles in Georgia.[3] Nor does it import vehicles into Georgia. It sells vehicles to PCNA *in Germany*, whereafter PCNA imports and sells them to authorized independent dealers in the U.S. *See* Löffler Decl. ¶¶ 8–9, 16–17. By failing to put forward any contrary evidence, Plaintiffs have not shown that Porsche AG transacts business in Georgia. *Mazer*, 556 F.3d at 1274.

The cases Plaintiffs cite further support Porsche AG's position. Plaintiffs rely on *Thomas v. Strange Engineering*, No. 111-74, 2012 WL 993244 (N.D. Ga. Mar. 22, 2012), to suggest that PCNA's sale of vehicles in Georgia shows that Porsche AG transacts business here. *See* Opp. at 9. But in *Thomas* the plaintiff alleged that the defendant shipped a product directly into Georgia and "derived revenue from [that] sale," which the court found satisfied the long-arm statute. 2012 WL 993244, at *1, *5. Porsche AG did neither. Porsche AG sells vehicles in Germany. Löffler Decl. ¶ 10. It does not ship vehicles to Georgia; PCNA does. *Id.* ¶¶ 9, 16.[4]

---

or reasonably should know that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states") (Breyer, J., concurring).

[3] Plaintiffs also seem to suggest that Porsche AG "consummat[es] sales transactions in Georgia." Opp. at 8. This is false. Löffler Decl. ¶¶ 8–10.

[4] The other cases upon which Plaintiffs rely involve direct contact between a foreign defendant and the State of Georgia. *See, e.g.*, *Telematics Corp. v. Fleetilla, LLC*, No. 10-3804, 2011 WL 13217823 (N.D. Ga. Apr. 13, 2021) (defendants made direct sales contracts with Georgia customers and shipped products to Georgia to fulfill those contracts). Porsche AG does not have such direct contacts with Georgia. Löffler Decl. ¶¶ 8–10, 16–18.

Second, Plaintiffs' suggestion that Porsche AG transacts business "through [PCNA]," is similarly unpersuasive. Opp. at 9. As the Eleventh Circuit has explained, "[i]t is well established that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000). To exercise jurisdiction over a foreign manufacturer based on the conduct of an in-forum subsidiary, a plaintiff must establish that the subsidiary has ***not*** "preserved some semblance of independence from the parent[.]" *Id.*; *see, e.g.*, *LifeBrite Lab'ys v. Blue Cross & Blue Shield of Fla. Inc.*, No. 23-03748, 2024 WL 3030657, at *4–5 (N.D. Ga. Jun. 17, 2024); *McDaniel v. Patriot Rail Co., LLC*, No. 18-3097, 2018 WL 11456271, at *2–3 (N.D. Ga. Oct. 29, 2018); *cf. United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("[A] general principle of corporate law deeply ingrained in our economic and legal systems [is] that a parent corporation … is not liable for the acts of its subsidiaries." (internal quotation omitted)). Plaintiffs do not confront or even attempt to satisfy this standard. At best, they argue that Porsche AG maintains a "close corporate relationship" with PCNA. Opp. at 4–5. This is not enough to establish jurisdiction. Even then, Plaintiffs' assertion of "closeness" is made without reference to record evidence or even an allegation from the CAC.[5]

---

[5] Plaintiffs' similar conclusory assertions that (1) "Porsche" engaged in a "uniform and pervasive marketing campaign" and (2) "Porsche" did not disclose

Highlighting the fact that Plaintiffs have alleged nothing to permit the imputation of PCNA's activity to Porsche AG, Plaintiffs distort the record. They argue that Porsche AG and PCNA can be considered a unified entity because the NCLW "refers to 'Porsche' without specifying a particular Porsche entity." Opp. at 6. That is demonstrably false and fails to show an abuse of corporate form.

The NCLW states that the warranty is being provided by PCNA. For example:

- "This warranty is given to the owner of a Porsche vehicle distributed by Porsche Cars North America, Inc. ('PCNA') and sold by an authorized Porsche dealer in the United States." ECF 187-1 at 8.
- "PCNA's written warranty is exclusive and in lieu of all other warranties. . . ." *Id.*
- "Subject to the other terms and conditions of this limited warranty, PCNA[] will arrange for an independent authorized dealer . . . to provide for the repair of your vehicle[.]" *Id.*

The face of the document shows that Plaintiffs are grasping at straws. Porsche AG and PCNA are separate and distinct legal entities, and Plaintiffs' faulty assertions about the NCLW do not change this fact. Löffler Decl. ¶ 19.

At bottom, Plaintiffs' failure to rebut Dr. Löffler's declaration means the following facts, among others, remain uncontroverted:

- Porsche AG does not distribute or import Porsche-brand vehicles in Georgia, the relevant forum. *Id.* ¶ 9.
- Porsche AG does not sell vehicles in Georgia. *Id.* ¶ 8.

---

Gearhart's allegedly unsafe vehicle, Opp. at 4 (citing CAC ¶ 184), fail for the same reason, namely that Porsche AG has rebutted them. Löffler Decl. ¶¶ 8–9, 16–18.

- Porsche AG does not own or maintain any corporate offices, real estate property, bank accounts, or dealer networks in Georgia. *Id.* ¶¶ 12–14.
- PCNA purchases and takes possession of vehicles from Porsche AG in Germany, not Georgia. *Id.* ¶ 17.
- PCNA and Porsche AG are wholly separate, distinct, and adequately capitalized legal entities. *Id.* ¶ 19.

These uncontroverted facts preclude imputation of PCNA's activities to Porsche AG. *See, e.g.*, *LifeBrite Lab'ys*, 2024 WL 3030657 at *4–5; *McDaniel*, 2018 WL 11456271 at *2–3; *cf. Riad v. Porsche Cars N. Am., Inc.*, 657 F. Supp. 3d 695, 704–05 (E.D. Pa. 2023) (finding that Porsche AG and PCNA do not abuse their corporate forms and operate pursuant to an arm's length agreement, precluding imputation of PCNA's contacts and activity to Porsche AG).

## II. Plaintiffs have not met their burden to establish a basis for specific jurisdiction over Porsche AG.

To establish a basis for specific jurisdiction, a plaintiff must show that (1) "the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state"; (2) the claims "'arise out of or relate to' at least one of the defendant's contacts with the forum"; and (3) "the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73, 474–75 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984);

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Plaintiffs have not meaningfully engaged with this inquiry.

### A.    Plaintiffs allege no facts to suggest that Porsche AG purposefully availed itself of the laws of the State of Georgia.

Plaintiffs allege only one fact about Porsche AG: that it "is incorporated under the laws of Germany and maintains its principal place of business in Germany." CAC ¶ 122. Plaintiffs do not specifically allege that Porsche AG purposefully availed itself of doing business in Georgia. *See Burger King*, 471 U.S. at 472–73 (holding that specific personal jurisdiction requires that "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to those activities'" (internal citation omitted)). Nor could they.

The unrebutted Löffler declaration confirms that Porsche AG does not engage in any relevant activity directed at the State of Georgia. *See supra* § I (listing relevant averments). Plaintiffs do not prove otherwise. Thus, exercising specific jurisdiction over Porsche AG would be error. *Mazer*, 556 F.3d at 1274.

Plaintiffs cannot salvage their case by reference to general allegations against "Porsche"—a moniker that attempts to treat Porsche AG and PCNA as one, when they are, in fact, two separate and distinct legal entities. *See supra* § I.  In other words, Plaintiffs have done nothing to show PCNA abandoned any "semblance of independence from [Porsche AG]." *Sherritt,* 216 F.3d at 1293. As such, Plaintiffs

have not established facts sufficient to disturb the "well[-]established [rule] that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one is a forum state may not be attributed to the other." *Id.*; *see also Riad*, 657 F. Supp. 3d at 705 ("[PCNA] is not an alter ego of Porsche AG….").

### B.    Plaintiffs ignore binding Supreme Court precedent to argue Gearhart's claims arise from or relate to activity that occurred in Georgia

Plaintiffs' argument on relatedness appears to be that, because Porsche AG sells vehicles to a U.S.-based distributor headquartered in Georgia, Porsche AG is subject to personal jurisdiction there for any harm implicating a Porsche-brand vehicle. *See* Opp. at 11-12, 14. This not only misapprehends the law but also improperly attempts to collapse the doctrines of specific and general jurisdiction.

Relatedness requires a "focus on the direct causal relationship between the defendant, the forum, and the litigation." *Louis Vuitton*, 736 F.3d at 1355–56. "[T]he phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Hicks v. Bombardier Recreational Prods. Inc.*, 684 F. Supp. 3d 1223, 1233–34 (S.D. Fla. 2023) (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021)).

The Opposition, however, makes no effort to explain how a point-of-sale harm that allegedly occurred in ***Florida*** (where Gearhart purchased his vehicle) arises from or relates to any contact between Porsche AG and ***Georgia***. Indeed, in

describing Gearhart's claims, the Opposition mentions Florida three times in one sentence: "Plaintiff, a Florida resident who purchased his Porsche Class Vehicle in Florida, asserts Florida statutory claims." *See* Opp. at 11–12, 17 n.3. It does not mention Gearhart's connection to Georgia at all. This is likely because there is none.

This should not come as a surprise. The Supreme Court addressed this issue in *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017) ("*BMS*"). There, the Court explained that, to exercise specific jurisdiction, a plaintiff must establish that there is "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place ***in the forum State***[.]" *Id.* at 262 (emphasis added). When a plaintiff cannot establish that his or her claim arises from or relates to an activity in the forum, specific jurisdiction is lacking. The Court used this "settled principle" to find that a non-resident plaintiff could not establish specific jurisdiction over a non-resident defendant when the plaintiff did not purchase or use an injury-inducing product in the forum. *Id.* at 264; *Ford Motor Co.*, 592 U.S. at 371 ("[S]o what if (as *Walden* held) the place of a plaintiff's injury and residence cannot create a defendant's contact with the forum State? Those places still may be relevant in assessing the link between the defendant's forum contacts and the plaintiff's suit….").

*BMS* is on all fours here. Just as in *BMS,* where non-resident plaintiffs could not establish jurisdiction in the forum because they did not suffer harm there, this

case concerns a non-resident plaintiff suing a non-resident defendant related to the purchase and use of an allegedly injury-inducing product outside the forum state. Specifically, Gearhart is asserting claims over Porsche AG in ***Georgia***. But he is "a ***Florida*** resident who purchased his Porsche Class Vehicle in ***Florida***, [and] asserts ***Florida*** statutory claims" to recover for harm allegedly suffered in ***Florida***. Opp. at 17 n.3. Because Porsche AG does not reside in Georgia, and Gearhart does not allege he purchased, used, or was harmed by his vehicle in Georgia, he cannot argue that his claims arise from or relate to Porsche AG's supposed contacts with Georgia.[6]

A finding to the contrary would "result in a holding that functionally nullifies the distinction between specific and general jurisdiction" and "effectively raise from the dead the [] approach to specific jurisdiction rejected by the Supreme Court in [*BMS*]." *Netsurion, LLC v. Asurion, LLC*, No. 19-60898, 2019 WL 2716236, at *5 (S.D. Fla. June 28, 2019). The Supreme Court has shut the door—repeatedly—on efforts to do exactly that.[7] This Court should do the same here.

---

[6] Even if this Court credited Plaintiffs' inaccurate representation that Porsche AG engaged in "sales of [vehicles] in [Georgia,]" this Court could not "justify the exercise of [specific] jurisdiction over [] claim[s] unrelated to those sales," *i.e.*, claims related to sales in Florida. *BMS*, 582 U.S. at 264.

[7] For example, in *Daimler AG v. Bauman*, the plaintiffs argued that a German manufacturer, was subject to general jurisdiction in California because of contacts of its U.S.-based distributor. 571 U.S. 117, 120–122 (2014). The Supreme Court rejected this argument, holding that it "appears to subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate, an outcome that would sweep beyond even the 'sprawling view of general jurisdiction'"

## C.    Fair play and substantial justice are lacking.

Finally, Plaintiffs again rely on their quasi-general jurisdiction argument to suggest that exercising jurisdiction comports with fair play and substantial justice because Porsche AG has connections with a Geogia-based distributor. *See, e.g.*, Opp. at 14. That argument fails for the same reasons discussed above: where relatedness is lacking, so, too, is fair play and substantial justice. *See Smith v. Poly Expert, Inc.*, 186 F. Supp. 3d 1297, 1306 (N.D. Fla. 2016) ("Because the alleged injuries . . . do not arise out of any minimum contacts [the defendant] has had with [the forum], there is no need to analyze whether the exercise of jurisdiction over [the defendant] would comport with 'fair play and substantial justice.'").

*PFM Air, Inc. v. Dr. Ing. h.c. F. Porsche A.G.*, 751 F. Supp. 2d 1264 (M.D. Fla. 2010), is also inapplicable. There, the court found that exercising jurisdiction over Porsche AG satisfied principles of fair play and substantial justice because the forum state "ha[d] an interest in adjudicating a dispute arising in part due to activities carried on within its borders." *Id.* at 1279 (emphasis added). Here, the forum state has ***no*** interest in adjudicating this dispute because there is no connection between Porsche AG and Georgia relevant to Gerhart's claims. *See supra* § II(B).

---

that the Court previously rejected. *Id.* at 136 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 929 (2011)); *cf. Walden v. Fiore*, 571 U.S. 277, 285–86 (2014) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.").

III.  **Jurisdictional discovery is not warranted where Plaintiffs fail to state a *prima facie* case for jurisdiction and flout the personal jurisdiction framework.**

As discussed in Porsche AG's opposition to Plaintiffs' motion for jurisdictional discovery, jurisdictional discovery requests "should not serve as fishing expeditions[.]" *Arno Resources, LLC v. Epic Tech, LLC*, No. 20-2540, 2022 WL 3970756, at *10 (N.D. Ga. Aug. 8, 2022) (Ross, J.). "[A] district court abuse[s] its discretion in allowing [a] case to proceed and granting discovery on the jurisdictional issue" when plaintiff's "complaint [is] insufficient as a matter of law to establish a *prima facie* case" of personal jurisdiction. *LifeBrite Lab'ys*, 2024 WL 3030657, at *7 (quoting *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009)). That is the case here. Plaintiffs' request for discovery should therefore be denied.

IV.  **Plaintiffs' effort to circumvent the NCLW fails.**[8]

Plaintiffs suggest that the Court may not take judicial notice of the NCLW. Opp. at 16–17. That position is nonsensical. The NCLW ***is the contract at issue.*** It is therefore integral to the CAC, and the Court may consider it. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[T]he court may consider a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed.").

---

[8] Porsche AG seeks dismissal for the additional reasons set forth in the motions to dismiss of the OEM defendants and PCNA. Porsche AG incorporates the reply briefs (ECF 244, 248) in support of those motions.

14

The NCLW states that it "is given to the owner of a Porsche vehicle distributed *by Porsche Cars North America, Inc.* ('PCNA')[.]" ECF 187-1 at 8 (emphasis added). It is "PCNA's written warranty" and "is exclusive and in lieu of all other warranties, whether oral or written, express or implied." *Id.* Porsche AG is plainly not a party to the NCLW; thus, the Court should dismiss Gearhart's express warranty claim to the extent it is asserted against Porsche AG.[9]

## CONCLUSION

For the foregoing reasons, the Court should grant Porsche AG's Motion and dismiss all claims against it.

---

[9] Plaintiffs' privity argument is unavailing. Opp. at 17. "A warranty, whether express or implied, is fundamentally a contract. A contract cause of action requires privity." *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995). The limited exceptions to privity apply when a third party makes representations to the plaintiff about the product, circumstances not present here. *See, e.g., Baker v. Brunswick Corp.*, No. 17-572, 2018 WL 1947433, at *3–4 (M.D. Fla. Apr. 25, 2018) (collecting cases); *see also Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1118-19 (S.D. Fla. 2019) (finding that the exceptions to the privity requirement all involved purchasers who "ha[d] direct negotiations with, or receiv[ed] direct representations through agents from, the defendants").

Dated: February 28, 2025          Respectfully submitted,

                               */s/ Matthew A. Goldberg*
                               Matthew A. Goldberg
                               Nathan P. Heller
                               Timothy P. Pfenninger
                               **DLA PIPER LLP (US)**
                               1650 Market Street, Suite 5000
                               Philadelphia, PA 19103
                               Telephone: (215) 656-3300
                               Fax: (215) 656-3301
                               matthew.goldberg@us.dlapiper.com
                               nathan.heller@us.dlapiper.com
                               timothy.pfenninger@us.dlapiper.com

                               *Attorneys for Defendant*
                               *Dr. Ing. h.c. F. Porsche AG*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rules 5.1 and 7.1, I certify that the foregoing document was prepared using Times New Roman 14-point font.

Date:  February 28, 2025             */s/ Matthew A. Goldberg*
                                     Matthew A. Goldberg

<u>**CERTIFICATE OF SERVICE**</u>

I certify that, on February 28, 2025, the foregoing document was served on all counsel of record via the court's CM/ECF e-filing system.

Date: February 28, 2025

<u>*/s/ Matthew A. Goldberg*</u>
Matthew A. Goldberg