# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br><br>Case No: 1:22-MD-3051-ELR |

## DR. ING. H.C. F. PORSCHE AG'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY

Matthew A. Goldberg
Nathan P. Heller
Timothy P. Pfenninger
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
Fax: (215) 656-3301
matthew.goldberg@us.dlapiper.com
nathan.heller@us.dlapiper.com
timothy.pfenninger@us.dlapiper.com

*Attorneys for Defendant*
*Dr. Ing. h.c. F. Porsche AG*

**<u>TABLE OF CONTENTS</u>**

**Page**

INTRODUCTION ..................................................................................................1

ARGUMENT ........................................................................................................2

     I.     Plaintiffs have not made a prima facie case of jurisdiction ..................4

     II.    Plaintiffs fail to show how their proposed discovery would support
            personal jurisdiction ...........................................................................6

            A.    Plaintiffs' proposed discovery topics are not narrowly tailored
                  to any jurisdictional issue............................................................6

            B.    The caselaw that Plaintiffs cite does not warrant jurisdictional
                  discovery ...................................................................................10

CONCLUSION...................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACLU of Florida, Inc. v. City of Sarasota*,
  859 F.3d 1337 (11th Cir. 2017) ............................................................................10

*Arno Res., LLC v. Epic Tech, LLC*,
  No. 20-2540, 2022 WL 3970756 (N.D. Ga. Aug. 8, 2022)..........................3, 5, 9

*Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*,
  915 F. Supp. 2d 1365 (N.D. Ga. 2013)...............................................................2

*In re Banco Santander Sec.-Optimal Litig.*,
  732 F. Supp. 2d 1305 (S.D. Fla. 2010)............................................................4, 6

*BCP Mgmt., LLC v. Deutsche Bank Nat'l Tr. Co.*,
  535 F. Supp. 3d 1217 (M.D. Fla. 2021)...........................................................3, 5

*Beckham v. Baker & Hostetler, LLP*,
  No. 22-4420, 2023 WL 9957259 (N.D. Ga. Aug. 17, 2023)......................5, 6, 8

*Bristol-Myers Squibb Co. v. Super. Ct.*,
  582 U.S. 255 (2017)........................................................................................4, 8

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)...........................................................................................5

*Butler v. Sukhoi Co.*,
  579 F.3d 1307 (11th Cir. 2009) ......................................................................2, 5

*Consol. Dev. Corp. v. Sherritt, Inc.*,
  216 F.3d 1286 (11th Cir. 2000) .........................................................................6

*Diulus v. Am. Express Travel Related Servs. Co.*,
  823 F. App'x 843 (11th Cir. 2020)...............................................................3, 4, 7

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
  564 U.S. 915 (2011).............................................................................................8

*Hosny v. Thiam*,
  No. 13-4103, 2015 WL 13650094 (N.D. Ga. Apr. 16, 2015) ..........................11

*J. McIntyre Mach., Ltd. v. Nicastro*,
  564 U.S. 873 (2011)......................................................................................5

*Jacobs Eye, LLC v. Data Union, Inc.*,
  No. 19-1845, 2019 WL 8438492 (N.D. Ga. Sept. 19, 2019) ..............................3

*Luc v. Korean Air Lines Co.*,
  No. 18-5900, 2019 WL 7824584 (N.D. Ga. June 4, 2019) ...............................10

*McCarthy v. Yamaha Motor Mfg. Corp.*,
  994 F. Supp. 2d 1318 (N.D. Ga. 2014)...........................................................7

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*,
  288 F.3d 1264 (11th Cir. 2002) ....................................................................4

*Riad v. Porsche Cars N. Am., Inc.*,
  657 F. Supp. 3d 695 (E.D. Pa. 2023)...........................................................7, 8

*Seiz v. Quirk*,
  No. 12-272, 2013 WL 12290850 (N.D. Ga. Jan. 3, 2013) ................................10

*United Techs. Corp. v. Mazer*,
  556 F.3d 1260 (11th Cir. 2009) ....................................................................2

*Walden v. Fiore*,
  571 U.S. 277 (2014)....................................................................................5

*Wolf v. Celebrity Cruises, Inc.*,
  683 F. App'x 786 (11th Cir. 2017)...............................................................3, 9

## INTRODUCTION

Plaintiffs filed a Corrected Consolidated Class Action Complaint ("CAC") (ECF 157, 157-1) that spans 1,480 pages and more than 4,100 paragraphs. They had ample time, space, and opportunity to plead jurisdictional facts. Yet they marshalled only one scant allegation as to Dr. Ing. h.c. F. Porsche AG ("Porsche AG"): that it "is incorporated under the laws of Germany and maintains its principal place of business in Germany." ECF 157 ¶ 122. Porsche AG thus moved to dismiss and provided supporting evidence in the Declaration of Michael Löffler ("Löffler Decl.") (ECF 289-5), demonstrating the absence of jurisdiction.

Plaintiffs ignore that evidence. Instead, their Opposition to Porsche AG's motion simply assumes that the conduct of Porsche AG's subsidiary, Porsche Cars North America, Inc. ("PCNA"), can be imputed to Porsche AG. They give the Court no legal basis for that argument nor evidence to substantiate it. Plaintiffs then solicit, through the current motion, the Court's help to backstop their inadequate pleading and argument through jurisdictional discovery as to "narrowly tailored" areas of inquiry. But those supposedly narrow areas are so broad that they cover the near entirety of *PCNA's* business operations.

The doors to jurisdictional discovery do not unlock simply for the asking. Plaintiffs may receive jurisdictional discovery only by first demonstrating a *prima facie* case for jurisdiction and only then as to narrowly crafted topics meant to

1

uncover jurisdictionally relevant facts. Plaintiffs' case for jurisdiction and request

for discovery do not present even a cursory effort to comply with this standard. The

Court should deny the motion in its entirety and preclude Plaintiffs from burdening

Porsche AG with a jurisdictional fishing expedition.

**ARGUMENT**[1]

"The purpose of jurisdictional discovery is to ascertain the truth of the

allegations or facts underlying the assertion of personal jurisdiction." *Atlantis*

*Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D.

Ga. 2013). A plaintiff has the initial burden of making a *prima facie* case of

jurisdiction. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

"Inasmuch as the complaint [is] insufficient as a matter of law to establish a *prima*

*facie* case that the district court ha[s] jurisdiction, the district court abuse[s] its

discretion in allowing [a] case to proceed and granting discovery on the jurisdictional

issue." *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009). Jurisdictional

discovery is thus not "a vehicle for a 'fishing expedition' in hopes that discovery

will sustain the exercise of personal jurisdiction" and should not be permitted in the

absence of a *prima facie* case. *Atlantis*, 915 F. Supp. 2d at 1380 (internal quotation

marks omitted).

---

[1] Porsche AG incorporates by reference the arguments in its Reply Brief in
Support of its Motion to Dismiss and its Memorandum of Law in Support of its
Motion to Dismiss (ECF 289-2).

2

Even then, a plaintiff must "set forth the specific information sought that will establish jurisdiction." *Arno Res., LLC v. Epic Tech, LLC*, No. 20-2540, 2022 WL 3970756, at \*10 (N.D. Ga. Aug. 8, 2022) (Ross, J.) (quoting *BCP Mgmt., LLC v. Deutsche Bank Nat'l Tr. Co.*, 535 F. Supp. 3d 1217, 1220 (M.D. Fla. 2021)). "In other words, a party seeking jurisdictional discovery must specify what information is sought and how it will bolster its jurisdictional allegations." *Jacobs Eye, LLC v. Data Union, Inc.*, No. 19-1845, 2019 WL 8438492, at \*4 (N.D. Ga. Sept. 19, 2019) (Ross, J.) (citing *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017)).

Notably, because the plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction[,]" *Diulus v. Am. Express Travel Related Servs. Co.*, 823 F. App'x 843, 848 (11th Cir. 2020), the Court need not even consider Porsche AG's declaration to find specific jurisdiction wanting. *See id.* ("The court will look into the plaintiff's affidavits and other discovery only if (1) the complaint alleged sufficient facts to make out a prima facie case of personal jurisdiction, *and* (2) 'the defendant challenges jurisdiction by submitting affidavit evidence in support of its position.'" (emphasis added)). But were the Court to do so, the evidence submitted by Porsche AG confirms the absence of jurisdiction.

3

## I.  Plaintiffs have not made a prima facie case of jurisdiction.

As more fully discussed in Porsche AG's motion to dismiss and reply brief, Plaintiffs fail to allege a *prima facie* case of jurisdiction in the CAC. Nevertheless, Porsche AG presented evidence through the Löffler Declaration, which confirms the corporate separateness between Porsche AG and PCNA. Löffler Decl. ¶¶ 19–23. Plaintiffs fail to rebut the Löffler Declaration. The Court need not allow jurisdictional discovery in light of these shortcomings. *See Diulus*, 823 F. App'x at 849; *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (explaining Plaintiffs' burden); *In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1313 (S.D. Fla. 2010) ("[Plaintiffs'] failure to rebut, with some admissible evidence, the statements in the various Defendants' affidavits explaining how the Defendants acted as separate legal entities, fatally undermines the Plaintiffs' case for personal jurisdiction over half of the Defendants in this case.").

Moreover, Plaintiffs fail to accurately describe the jurisdictional inquiry. For example, they erroneously blend concepts of specific and general jurisdiction by suggesting that Porsche AG's alleged contacts with an in-forum distributor can support the exercise of specific jurisdiction over claims bearing no relationship to the forum—an argument routinely rejected by the Supreme Court. *See Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017) ("*BMS*") ("[T]he *suit* must aris[e]

4

out of or relat[e] to the defendant's contacts with the *forum*." (alterations and emphases in original) (internal quotation marks omitted)).[2]

In sum, Plaintiffs' jurisdictional case is riddled with so many flaws that the Court need not lend it even facial credence. Plaintiffs have the burden of "provid[ing] the Court with some showing establishing the need for jurisdictional discovery[.]" *Arno*, 2022 WL 3970756, at *10 (quoting *BCP*, 535 F. Supp. 3d at 1220). They cannot carry that burden when they have not even situated their arguments within the proper jurisdictional framework. The Court would therefore abuse its discretion by approving Plaintiffs' jurisdictional fishing expedition. *See Beckham v. Baker & Hostetler, LLP*, No. 22-4420, 2023 WL 9957259, at *8 (N.D. Ga. Aug. 17, 2023) ("It is an abuse of discretion, however, if a court orders jurisdictional discovery when a plaintiff fails to establish a prima facie case of personal jurisdiction." (citing *Butler*, 579 F.3d at 1314)).

---

[2] *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 885–86 (2011) ("[I]t is petitioner's purposeful contacts with New Jersey [the forum], not with the United States, that alone are relevant."); *Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

## II.    Plaintiffs fail to show how their proposed discovery would support personal jurisdiction.

### A.    Plaintiffs' proposed discovery topics are not narrowly tailored to any jurisdictional issue.

Plaintiffs' proposed scope of discovery is not "narrowly tailored[,]" notwithstanding that they describe it as such. Mot. at 5. Plaintiffs seek purportedly "discrete discovery" regarding "(1) Porsche AG's relationship with and control over [PCNA]; and (2) the extent to which Porsche AG's and [PCNA]'s manufacture, distribution, marketing, and sale of Class Vehicles occurred in or were directed at Georgia." *Id.* at 2. Plaintiffs are not entitled to discovery on either.

As to Topic (1), Plaintiffs plead no facts even related to Porsche AG's purported "control" of PCNA. Nor do they mention the standard for jurisdiction on an alter ego theory.[3] As such, Plaintiffs cannot claim to have established a *prima facie* case on that basis. That alone precludes further discovery. *See, e.g.*, *In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d at 1313; *Beckham*, 2023 WL 9957259, at *8 ("[B]ecause Plaintiffs have failed to establish a prima facie case of personal jurisdiction over [Defendant], the Court must deny their request for

---

[3] The best Plaintiffs could muster was to argue—absent citation to evidence, or even an allegation—that Porsche AG and PCNA maintain a "close" relationship. But, as a matter of law, that is insufficient to support attributing PCNA's contacts and activity in Georgia to Porsche AG. They must allege that the entities possess no "semblance of independence[.]" *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000). They have not.

jurisdictional discovery." (citing *Diulus*, 823 F. App'x at 849–50)); *McCarthy v. Yamaha Motor Mfg. Corp.*, 994 F. Supp. 2d 1318, 1328 (N.D. Ga. 2014) ("'[Plaintiffs]' failure to establish a prima facie case for personal jurisdiction and to provide examples of discovery requests they would propound means that they have essentially asked for a jurisdictional fishing expedition, and the Court is not required to allow such an expedition.").

This is particularly true in light of a federal district court's recent finding that Porsche AG and PCNA do not "operate as a single entity or unified and cohesive and economic unit such that Porsche AG can be found to so control and dominate [PCNA] as in effect to disregard the latter's independent corporate existence." *Riad v. Porsche Cars N. Am., Inc.*, 657 F. Supp. 3d 695, 704 (E.D. Pa. 2023) (internal quotation marks omitted). Their relationship "merely suggest[s] a typical parent-subsidiary relationship, or an arm's length contractual relationship[.]" *Id.* Plaintiffs here do not plead or show otherwise.

Topic (2) fares no better. Plaintiffs seek information about "Porsche AG's and [PCNA]'s manufacture, distribution, marketing, and sale of Class Vehicles occurr[ing] in or [] directed at Georgia." Mot. at 2. This is overbroad in the extreme. PCNA operates an independent business that focuses on the importation, sale, and distribution of Porsche-brand vehicles. Löffler Decl. ¶¶ 16–17. Thus, Plaintiffs' Topic (2), seeking discovery on "distribution, marketing, and sale" of vehicles in

7

Georgia, could feasibly cover the ***entirety of PCNA's corporate activities***. Plaintiffs have made no attempt to propose narrowly tailored written discovery requests that could yield answers supporting the exercise of specific jurisdiction.

Moreover, Plaintiff Gearhart's claims arise out of events that occurred in ***Florida***, not Georgia. Plaintiffs have not identified a single alleged act or omission by Porsche AG in Georgia related to Gearhart's purchase in Florida. This is fatal because "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *BMS*, 582 U.S. at 262 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Topic (2) further purports to seek information about ***PCNA's*** contacts with the forum, notwithstanding that jurisdiction as to PCNA is not at issue. The Court need not authorize jurisdictional discovery given the facial overbreadth of the scope of inquiry, especially when the CAC states but a single allegation about Porsche AG—that it is not based in the United States. *See Beckham*, 2023 WL 9957259, at *8 ("Even if Plaintiffs established a prima facie case of personal jurisdiction (which they have not), Plaintiffs' request fails because it is not apparent that the discovery they are seeking would advance their position that this Court has specific personal jurisdiction over [Defendant]."); *cf. Riad*, 657 F. Supp. 3d at 706 (finding that "Porsche AG's business activities in Germany, including designing and

8

manufacturing . . . cars" did not constitute purposeful availment of the law of the forum state (there Pennsylvania) such that specific jurisdiction could exist over a consumer protection claim).

This Court's decision in *Arno Resources, LLC v. Epic Tech, LLC* is also instructive. No. 20-2540, 2022 WL 3970756 (N.D. Ga. Aug. 8, 2022) (Ross, J.). The *Arno* plaintiff sought discovery regarding the defendants' "contacts with Georgia and their ownership and management of the Georgia-based [separate defendants]," *Arno*, 2022 WL 3970756, at *11, like here, where Plaintiffs seek discovery about "Porsche AG's relationship with and control over [PCNA.]" Mot. at 2. This Court found that the *Arno* plaintiff did not provide any specific discovery demands that "it would serve upon [the defendants]" or "explain how [the requested discovery] will support its allegations that this Court may exercise personal jurisdiction" over the defendants. *Arno*, 2022 WL 3970756, at *11. So too here: Plaintiffs' proposed discovery topics are nonspecific, general, and broad. They are precisely the type of sweeping inquiries against which this Court warned in *Arno:* "[D]iscovery requests should not serve as fishing expeditions, and, as such, are appropriate only when a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Id.* at *10 (quoting *Wolf*, 683 F. App'x at 792).

B.    **The caselaw that Plaintiffs cite does not warrant jurisdictional discovery.**

The cases relied upon in Plaintiffs' Motion are largely the same as those that codefendant ZF Friedrichshafen AG ("ZF AG") has already distinguished when responding to Plaintiffs' similar jurisdictional discovery motion as to it. Porsche AG refers the Court to ZF AG's analysis, *see* ECF 302 at 10–12, and briefly notes that none of Plaintiffs' cited decisions apply:

- *Luc v. Korean Air Lines Co.*, No. 18-5900, 2019 WL 7824584 (N.D. Ga. June 4, 2019): The plaintiff made a *prima facie* case that the defendant engaged in a "persistent course of conduct" directed at the State of Georgia. *Id.* at *3–4. This is absent here.

- *Seiz v. Quirk*, No. 12-272, 2013 WL 12290850 (N.D. Ga. Jan. 3, 2013): "Plaintiffs specified, in detail, the matters on which they wished to gather discovery" and "already have made assertions (and introduced supporting affidavits) regarding personal jurisdiction in this case to dispute the arguments made by Defendants in their Motion to Dismiss." *Id.* at *6. Plaintiffs here have not made a remotely similar showing.

- *ACLU of Florida, Inc. v. City of Sarasota*, 859 F.3d 1337 (11th Cir. 2017): This case concerns discovery regarding *subject-matter* jurisdiction, not personal jurisdiction over a defendant. *Id.* at 1340.

- *Hosny v. Thiam*, No. 13-4103, 2015 WL 13650094 (N.D. Ga. Apr. 16, 2015) (Ross, J.): Plaintiffs were found to have made a *prima facie* showing of personal jurisdiction. *Id.* at *5–6. Plaintiffs have not done so here.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' motion for jurisdictional discovery as to Porsche AG.[4]

Dated: February 28, 2025

Respectfully submitted,

*/s/ Matthew A. Goldberg*

Matthew A. Goldberg
Nathan P. Heller
Timothy P. Pfenninger
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
Fax: (215) 656-3301
matthew.goldberg@us.dlapiper.com
nathan.heller@us.dlapiper.com
timothy.pfenninger@us.dlapiper.com

*Attorneys for Defendant*
*Dr. Ing. h.c. F. Porsche AG*

---

[4] If the Court determines that jurisdictional discovery is warranted, it should be significantly limited in scope to only five narrowly tailored requests for production and five requests for admission.

11

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1 and 7.1, I certify that the foregoing document was prepared using Times New Roman 14-point font.


Date:  February 28, 2025                                   */s/ Matthew A. Goldberg*
                                                                          Matthew A. Goldberg

## **CERTIFICATE OF SERVICE**

I certify that, on February 28, 2025, the foregoing document was served on all

counsel of record via the court's CM/ECF e-filing system.


Date:  February 28, 2025                     */s/ Matthew A. Goldberg*
                                                    Matthew A. Goldberg