# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051 |
| | Case No. 1:22-md-03051-ELR |
| | District Judge Eleanor L. Ross |

**MEMORANDUM OF LAW IN SUPPORT OF SPECIALLY APPEARING DEFENDANT VOLKSWAGEN AKTIENGESELLSCHAFT'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT FOR LACK <u>OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM</u>**

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................1

FACTUAL BACKGROUND ...............................................................4

    I.    Plaintiffs' Alleged Experiences ...............................................4

    II.   Plaintiffs' Jurisdictional Allegations as to VW Germany ....................6

    III.   VW Germany Is a German Entity That Operates in Germany ............7

LEGAL STANDARD .......................................................................10

ARGUMENT ...................................................................................13

    I.    The Court Lacks General Jurisdiction over VW Germany Because It Is Not "At Home" in Virginia.............................................13

    II.   The Court Lacks Specific Personal Jurisdiction Over VW Germany Because VW Germany Lacks the Requisite "Minimum Contacts" with Virginia. ..................................................14

        A.   The CCAC Fails to Allege Any Conduct by VW Germany in or Directed to Virginia, Much Less "Purposeful Availment." ...........................................14

        B.   Plaintiffs' Claims Do Not Arise Out of or Relate to Any Activity by VW Germany in Virginia. .....................................17

        C.   The Contacts of VWGoA Cannot Be Imputed to VW Germany, a Distinct, Foreign Corporate Entity. .....................19

        D.   The Exercise of Personal Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice..........22

    III.   Plaintiffs Do Not State a Claim Against VW Germany. .....................24

CONCLUSION .................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Andrews v. Shandong Linglong Tyre Co., Ltd.*,
  2022 WL 2484544 (E.D. Va. July 6, 2022)......................................................17

*Asahi Metal Indus. Co. v. Superior Ct.*,
  480 U.S. 102 (1987)..........................................................12, 16, 17, 24

*Bennett v. OmniSource Corp.*,
  2015 WL 6743866 (W.D. Va. Nov. 4, 2015) .....................................................19

*BNSF Ry. v. Tyrrell*,
  581 U.S. 402 (2017)..........................................................................14

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
  582 U.S. 255 (2017)..........................................................................19

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)..........................................................................15

*Butler Auto Recycling, Inc. v. Honda Motor Co. (In re Takata Airbag
  Prods. Liab. Litig.)*,
  524 F. Supp. 3d 1266 (S.D. Fla. 2021) .............................................................10

*Catalyst Pharms., Inc. v. Fullerton*,
  748 F. App'x. 944 (11th Cir. 2018) .................................................................12

*In re Celotex Corp.*,
  124 F.3d 619 (4th Cir. 1997) .......................................................................17

*Colt Defense LLC v. Heckler & Koch Defense, Inc.*,
  2004 WL 7350327 (E.D. Va. Oct. 22, 2004).........................................13, 14, 19

*Consulting Eng'rs Corp v. Geometric Ltd.*,
  561 F.3d 273 (4th Cir. 2009) ...................................................................11, 23

*Del Valle v. Trivago GMBH*,
  56 F.4th 1265 (11th Cir. 2022) ...................................................................11

*Delagi v. Volkswagenwerk A.G. of Wolfsburg, Germany*,
  29 N.Y.2d 426 (1972) ..............................................................................20

*In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods.
  Liab. Litig.*,
  2024 WL 3811994 (N.D. Ga. Aug. 13, 2024) ......................................10

*FN Hertsal S.A. v. Sirketti*,
  2024 WL 4255343 (E.D. Va. Sep. 20, 2024) ......................................16

*Gatekeeper Inc. v. Stratech Systems, Ltd.*,
  718 F. Supp. 2d 664 (E.D. Va. 2010) ..................................................18

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ..............................................................................11

*Grismore v. Mercedes-Benz USA, LLC*,
  2024 WL 5001469 (9th Cir. Dec. 6, 2024) ..........................................25

*Grizzard v. LG Chem Ltd.*,
  641 F. Supp. 3d 282 (E.D. Va. 2022) ..................................................23

*Hanson v. Denckla*,
  357 U.S. 235 (1958) ..............................................................................15

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ..............................................................................15

*Robinson ex rel. Hunsinger v. Daimlerchrysler AG*
  2008 WL 728877 (N.D. Cal. 2008) ......................................................20

*J. McIntyre Mach., Ltd. v. Nicastro*,
  564 U.S. 873 (2011) ........................................................................17, 22

*Louis Vuitton Malletier, S.A. v. Mosseri*,
  736 F.3d 1339 (11th Cir. 2013) ............................................................14

*Noble Sec., Inc. v. MIZ Engineering, Ltd.*,
  611 F. Supp. 2d 513 (E.D. Va. 2009) ..............................12, 13, 20, 21

*Pollo Compestre, S.A. de C.V. v. Campero, Inc.*,
  2018 WL 10436602 (E.D. Va. Dec. 21, 2018) ....................................16

*Rodriguez v. FCA US LLC*,
  17 Cal.5th 189 (2024) ...................................................................................25

*Rush v. Savchuk*,
  444 U.S. 320 (1980)......................................................................................20

*Simone v. VSL Pharamaceuticals, Inc.*,
  2017 WL 658711 (D. Md. Feb. 16, 2017).......................................................16

*SkyHop Techs., Inc. v. Narra*,
  58 F.4th 1211 (11th Cir. 2023) .....................................................................11

*Snow v. DirecTV, Inc.*,
  450 F.3d 1314 (11th Cir. 2006) .....................................................................12

*In re Takata Airbag Prods. Liab. Litig.*,
  396 F. Supp. 3d 1101 (S.D. Fla. 2019).....................................................*passim*

*Virginia Health Corp. v. Virgin Enters. Ltd.*,
  393 F. App'x 623 (11th Cir. 2010)..................................................................10

*Volkswagen Aktiengesellschaft v. Jones*,
  227 So. 3d 150 (Fla. Dist. Ct. App. 2017).......................................................20

*Volkswagenwerk AG v. McCurdy*,
  340 So. 2d 544 (Fla. Dist. Ct. App. 1976).......................................................20

*Waite v. All Acquisition Corp.*,
  901 F.3d 1307 (11th Cir. 2018) .....................................................................13

*Walden v. Fiore*,
  571 U.S. 277 (2014)......................................................................................15

*Wallace v. Yamaha Motors Corp. U.S.A.*,
  2022 WL 61430 (4th Cir. Jan. 6, 2022)..........................................................19

*Zanakis v. Scanreco, Inc.*,
  2019 WL 2211872 (S.D. Fla. Feb. 6, 2019) ...................................................12

## INTRODUCTION

Of the more than 100 named plaintiffs in this MDL proceeding, only four bring claims against Volkswagen Aktiengesellschaft ("VW Germany"), a company incorporated under the laws of Germany with its principal place of business in Wolfsburg, Germany.[1] Patricia Jones (Florida), Eniko Gedo (Illinois), Brandy Knapp (Montana), and Francine Lewis (New York) (collectively, the "Volkswagen Plaintiffs") allege that they "overpaid" for Volkswagen vehicles allegedly equipped with defective airbag inflators manufactured by ARC Automotive, Inc. ("ARC"). Based on these alleged transactions in Florida, Illinois, Montana, and New York, Plaintiffs seek to sue VW Germany in Virginia.[2]

The claims against VW Germany should be dismissed for lack of personal jurisdiction. This MDL Court has jurisdiction only if the transferor court, the Eastern District of Virginia, does. It does not. The CCAC acknowledges VW Germany is incorporated and headquartered in Germany (CCAC ¶ 131), so general personal jurisdiction does not exist in Virginia (or in any other state).

---

[1] We use the term "VW Germany" herein for brevity and ease of reference. "VW Germany" is not the actual or legal name of any entity.

[2] Eva Jacinto brings claims based on her alleged purchase of a used Audi A3 in California. VW Germany is not a proper defendant to Jacinto's claims because Audi Aktiengesellschaft ("AUDI AG") manufactured her vehicle, and it is not clear from her allegations whether she is suing VW Germany.

Nor do Plaintiffs plead specific personal jurisdiction. Volkswagen Group of America, Inc. ("VWGoA")—an independent subsidiary of VW Germany—is the importer and distributor of the vehicles that the Volkswagen Plaintiffs bought or leased. Declaration of Hans-Ulrik von Bülow ¶¶ 8, 16, 19; ECF 305-3 (Declaration of Magnus Weiss) ¶¶ 14, 17.[3] By contrast, VW Germany does not import, distribute, sell, or market vehicles in Virginia or anywhere else in the U.S. Von Bülow Dec. ¶¶ 7, 16; ECF 305-3 ¶ 14. Nor does it have any presence or operations in Virginia. Von Bülow Dec. ¶¶ 5-6, 9-14.

To mask the dearth of contacts between VW Germany and Virginia, Plaintiffs attempt to lump VW Germany together with VWGoA and other U.S. entities by using generalized terms such as "Volkswagen," "Volkswagen Group," and "Volkswagen Defendants." Federal courts have rejected this maneuver as an improper basis for exercising personal jurisdiction over non-U.S. entities like VW Germany. In *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101 (S.D. Fla. 2019), for example, the Court held that there was no personal jurisdiction over VW Germany because the plaintiffs lumped it together with U.S. entities without specifying who supposedly did what. *Id*. at 1149.

Because VW Germany and VWGoA are distinct entities with distinct business

---

[3] At the time of the alleged transactions, VWGoA was a direct wholly owned subsidiary of VW Germany.

activities, Von Bülow Dec. ¶¶ 18, 24-25, Plaintiffs cannot show that VW Germany, as opposed to its independent distributor, has purposefully availed itself of the laws of Virginia. And even if Plaintiffs could show purposeful availment, they make no effort to establish that their claims arise out of VW Germany's (nonexistent) contacts with Virginia. Nor do they arise from Plaintiffs' (apparently also nonexistent) contacts with Virginia, since they are residents of other states who bought or leased their vehicles in places other than Virginia. CCAC ¶¶ 184-187, 189. Moreover, under governing Supreme Court and Virginia law, exercising personal jurisdiction over VW Germany would not comport with notions of fair play and substantial justice. VW Germany cannot be saddled with the heavy burden of litigating in a foreign court, particularly when the transferor court has no concrete interest in the dispute.

In the alternative, Plaintiffs' claims against VW Germany are subject to dismissal for the reasons discussed in the motions filed by the OEM Defendants, VWGoA, and Audi of America, LLC ("AoA, LLC"). ECF 181, 182, 184. Plaintiffs plead no facts specific to VW Germany, resorting instead to impermissible group pleading. VW Germany did not issue and does not administer the New Vehicle Limited Warranty ("NVLW") that accompanied Plaintiffs' vehicles. As the exclusive U.S.-based importer of Volkswagen- and Audi-branded vehicles, VWGoA administers the warranty, and independent dealerships perform the work. Von Bülow Dec. ¶ 21; ECF 305-3 ¶ 18. A warranty is a contract. VW Germany cannot have

breached a contract to which it was not a party.

## FACTUAL BACKGROUND

### I.    Plaintiffs' Alleged Experiences

Knapp alleges that she resides in Montana and bought a used MY 2019 Volkswagen Jetta from Kalispell Volkswagen, in Kalispell, Montana on or about July 15, 2021. CCAC ¶ 184.  Gedo alleges that she resides in Illinois and bought a MY 2017 Volkswagen Golf from Larry Roesch Volkswagen, in Bensenville, Illinois on or about October 28, 2017. CCAC ¶ 185. Jacinto alleges that she resides in California and that she purchased a used 2016 Audi A3 on or about June 26, 2018 from Desert European Motorcars in Rancho Mirage, California. CCAC ¶ 186. Jones alleges that she resides in Florida and bought a Volkswagen GTI from Volkswagen Brandon in Tampa, Florida on or about February 16, 2019. CCAC ¶ 187. Lewis alleges that she leased a MY 2019 Volkswagen Jetta from Smithtown Volkswagen in St. James, New York on or about November 8, 2019. CCAC ¶ 189. They all allege that their vehicles were equipped with defective airbags manufactured by ARC. *Id*. They do not claim, however, to have experienced any concern with their airbags.

Jones, Gedo, Lewis, and Jacinto initially filed suit on May 24, 2022, in the action captioned *Britton v. ARC Automotive, Inc.*, No. 3:22-cv-03053 (N.D. Cal.). On July 10, 2023, Knapp filed suit in the action captioned *Knapp v. Volkswagen Aktiengesellschaft, et. al*., Case No. 1:23-cv-889 (E.D. Va.), in which Jones, Gedo,

Lewis, and Jacinto also appeared as named Plaintiffs. Both actions were transferred and consolidated for pre-trial purposes into this MDL proceeding. ECF 1 and 2. Plaintiffs dismissed *Britton* without prejudice on August 23, 2023. *Knapp* is the only action remaining as to VW Germany.

The Volkswagen Plaintiffs allege that they were exposed (presumably in Florida, Illinois, Montana, and New York) to "Volkswagen's advertisements, promotional materials and other public statements" and became "aware" (again, presumably in Florida, Illinois, Montana, and New York) of "Volkswagen's uniform and pervasive marketing message that its vehicles are safe and dependable, which was material to [their decisions] to purchase the Class Vehicle[s]." CCAC ¶¶ 184, 185, 187, 189.  Similarly, Jacinto alleges that she was exposed to and became aware of "Audi's" marketing (presumably in California). CCAC ¶ 186. They fail to identify which defendant was responsible for the advertisements, promotional materials, and other public statements. Such statements could only have been made, if at all, by VWGoA or independent dealerships who sell the vehicles to consumers and have the right to market and sell such vehicles. Von Bülow Dec. ¶ 22. VW Germany does not advertise, market, or otherwise promote Volkswagen or Audi vehicles in the U.S., whether new or used. *Id.* ¶ 7, 16; ECF 305-3 ¶ 14.

The Volkswagen Plaintiffs assert claims against VW Germany under Florida, Illinois, Montana, and New York law for breach of express and implied warranty,

violation of consumer protection statutes, fraudulent omission and concealment, and unjust enrichment. ECF 157-1 ¶¶ 1126-1194, 1425-1517, 2377-2445, 2797-2882. They purport to represent putative classes of consumers who purchased or leased certain Volkswagen vehicles with purportedly defective airbag inflators. Jacinto asserts claims under California law for fraudulent omission and concealment, unjust enrichment, breach of express and implied warranty, and violation of the Song-Beverly Act, the Consumer Legal Remedies Act, and the Unfair Competition Law. ECF 157-1 ¶¶ 714-829. She purports to represent a putative class of consumers who purchased certain Audi vehicles with purportedly defective airbag inflators.[4] Notably, none of the other 110 named plaintiffs in the MDL proceeding claims to have bought a Volkswagen or Audi vehicle, and there is no Volkswagen or Audi plaintiff from Virginia.

## II.     Plaintiffs' Jurisdictional Allegations as to VW Germany

In its 1,200 pages, the CCAC contains just four factual allegations specific to VW Germany: (1) "it is incorporated under the laws of Germany and maintains its principal place of business in Germany" (*id*. ¶ 130); (2) it is the "parent corporation" of VWGoA (*id.* ¶ 133); (3) it "maintains the U.S. trademarks for multiple Volkswagen-related words or statements, including the name 'Volkswagen' and the

---

[4] Plaintiffs concede that "they do not assert class claims by Audi purchasers on behalf of Volkswagen owners, or vice versa." ECF 225 at 4 n.4.

name 'VW'" (*id*. ¶ 136); and (4) it "ships all vehicles made overseas (including Plaintiff Eva Jacinto's 2016 Audi A3, which was manufactured in Germany) to the United States, including through Virginia and California" (*id.*).

In addition, Plaintiffs make improper and conclusory "group pleading" allegations that the "Volkswagen Group" (which they define to include VW Germany and VWGoA) "jointly actively cultivates a market for, designs, develops, manufactures, and/or sells Volkswagen and Audi automobiles and the replacement component parts for these vehicles, such as replacement ARC inflators, in each state and territory of the United States, including New Jersey." CCAC ¶ 133. Similarly, the CCAC alleges that the "Volkswagen Defendants" operate eight "production facilities" in California and that collectively they "deliver their products into the stream of commerce with the expectation that they will be purchased by consumers," "purposefully avail themselves of the laws of each state and territory of the United States," and "receive financial benefit and profits as a result of designing, manufacturing, testing, marketing, distributing, storing, and/or selling the Class Vehicles." CCAC ¶¶ 135, 137.

## III.    VW Germany Is a German Entity That Operates in Germany

VW Germany is organized and exists under the laws of Germany, and its principal place of business is in Germany. Von Bülow Dec. ¶ 4. It is not incorporated or registered to do business in Virginia (or anywhere else in the U.S.). *Id.* ¶¶ 5-6.

VW Germany does not design or manufacture vehicles in the U.S. *Id.* ¶¶ 7-8. Contrary to Plaintiffs' allegation, CCAC ¶ 133, VW Germany does *not* import or sell vehicles in the U.S., nor does it implement any distribution system, marketing strategy, or marketing campaign for Volkswagen or Audi vehicles, or maintain a dealer network, in the U.S. *Id.* VW Germany does not have an office, factory, warehouse, or research facility in the United States, including in Virginia. *Id.* ¶ 9. VW Germany does not employ individuals; own lease or possess real estate; or maintain bank accounts in Virginia. *Id.* ¶¶ 10-12.

These activities are all performed by a separate, U.S.-based company, VWGoA, which is incorporated in New Jersey and headquartered in Virginia. *Id.* ¶¶ 16-17. VWGoA is the exclusive authorized entity that imports, distributes, markets, advertises, and sells foreign-made Volkswagen- and Audi-branded vehicles in the U.S. *Id.* ¶ 16; ECF 305-3 ¶ 14. VWGoA purchases vehicles from VW Germany outside the U.S., and ownership of those vehicles passes to VWGoA outside the U.S. *Id.* ¶ 19. VWGoA, not VW Germany, imports those vehicles into the U.S. and then distributes and sells them to authorized Volkswagen and Audi dealerships, which are independent businesses that then sell and lease Volkswagen vehicles to consumers. *Id.* ¶¶ 19-20; ECF 305-3 ¶ 17. (VWGoA did not directly sell Knapp's or Jacinto's vehicles to the dealerships from which they purchased them, because they were *used*

cars.)[5]

VWGoA, not VW Germany, holds the dealer agreements with authorized dealers in the U.S. and determines which dealers are authorized to sell and service Volkswagen and Audi vehicles in the U.S., including in Virginia. Von Bülow Dec. ¶ 20; ECF 305-3 ¶ 17. After purchasing vehicles from VW Germany, VWGoA has complete and exclusive decision-making authority, control, discretion, and oversight concerning which vehicles will be distributed, marketed, and sold to dealerships in Virginia. Von Bülow Dec. ¶ 22; ECF 305-3 ¶ 19. VW Germany has neither authority nor control over VWGoA's decisions on these issues. Von Bülow Dec. ¶ 23; ECF 305-3 ¶ 20.

VWGoA, not VW Germany, issued the NVLW that accompanied the Plaintiffs' vehicles at their initial purchase or lease. Von Bülow Dec. ¶¶ 7, 21; ECF 305-3 ¶ 18. VW Germany does not issue or administer warranties to consumers in connection with Volkswagen or Audi vehicles sold or leased in the U.S. *Id.* Von Bülow Dec. ¶ 7; ECF 305-3 ¶ 18.

VW Germany and VWGoA are separate, distinct, and independent corporate

---

[5] VW Germany did not manufacture the vehicles allegedly bought by Knapp and Lewis, which were manufactured outside the U.S. and imported by VWGoA. Von Bülow Dec. ¶ 8. The CCAC makes no jurisdictional allegations that would support an exercise of personal jurisdiction as to VW Germany in Virginia with respect to these vehicles.

business entities. Von Bülow Dec. ¶ 18. VWGoA's offices, facilities, board of directors, officers, and employees are completely separate from those of VW Germany. *Id.* ¶ 24. VW Germany does not manage VWGoA's finances or payroll, and the companies do not share bank accounts. *Id.* Nor does VW Germany exercise day-to-day control over VWGoA or any authorized Volkswagen or Audi dealer in the United States. *Id.*[6]

## **LEGAL STANDARD**

To withstand a motion to dismiss for lack of personal jurisdiction, "[t]he plaintiff bears the burden of alleging sufficient jurisdictional facts to make a prima facie case; if the defendant rebuts with contrary affidavit evidence, the plaintiff reassumes the burden." *Virginia Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625-26 (11th Cir. 2010) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).

MDL courts are entitled to exercise personal jurisdiction over a defendant only to the extent the original transferor court could do so. *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, 2024 WL 3811994, at *3 (N.D. Ga. Aug. 13, 2024) ("The parties agree that Florida law applies given that the Southern District of Florida is the transferor court"); *Butler Auto Recycling, Inc. v.*

---

[6] AUDI AG and Audi of America, LLC are also separate, distinct, and independent corporate business entities from VW Germany, VWGoA, and each other. *Id*. ¶ 18.

*Honda Motor Co. (In re Takata Airbag Prods. Liab. Litig.)*, 524 F. Supp. 3d 1266, 1276 (S.D. Fla. 2021) (noting "the transferee judge has all the jurisdiction and powers over pretrial proceedings … that the transferor judge would have had"). Here, as discussed above, the relevant transferor court is the United States District Court for the Eastern District of Virginia.

Courts recognize two types of personal jurisdiction: general (all purpose) jurisdiction and specific (case-linked) jurisdiction. *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1228 (11th Cir. 2023). General jurisdiction exists when a corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). To exercise specific jurisdiction over a nonresident defendant, the Court (1) "must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute" and (2) "must then decide whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1272 (11th Cir. 2022).

Virginia has a long-arm statute that authorizes specific personal jurisdiction over a non-resident defendant to the extent permissible under the Due Process Clause of the U.S. Constitution. VA. ST. § 8.01–328.1; *Consulting Eng'rs Corp v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). As a result, "the statutory inquiry

merges with the constitutional inquiry." *Id.* Constitutional due process requires a non-resident defendant to have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

Plaintiffs concede that VW Germany is not a resident of Virginia. CCAC ¶ 131. And Courts in this Circuit "have repeatedly declined to exercise specific jurisdiction over a nonresident defendant on the basis of generalized and conclusory allegations." *In re Takata*, 396 F. Supp. 3d at 1142. *See also Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x. 944, 946 (11th Cir. 2018) ("[v]ague and conclusory allegations do not satisfy" a plaintiff's burden); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (same).

The bar for establishing jurisdiction over a non-U.S. entity is even higher. *See Zanakis v. Scanreco, Inc.*, 2019 WL 2211872, at *15 (S.D. Fla. Feb. 6, 2019) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders"). The Supreme Court has instructed that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 115 (1987).

Each defendant's contacts with a forum state must be assessed individually.

*Noble Sec., Inc. v. MIZ Engineering, Ltd.*, 611 F. Supp. 2d 513, 527 (E.D. Va. 2009) (citing *Calder v. Jones,* 465 U.S. 783, 790 (1984)). In other words, the inquiry as to whether Virginia courts have jurisdiction over *VW Germany* must be assessed based solely on *VW Germany's* contacts (or as here, the lack thereof)—not VWGoA's or anyone else's contacts.

## ARGUMENT

This MDL Court lacks general personal jurisdiction over VW Germany because it is incorporated and has its principal place of business in Germany. The Court lacks specific jurisdiction over VW Germany because Plaintiffs have pled no facts (and none exist) establishing the constitutionally required minimum contacts between VW Germany and Virginia.

## I. The Court Lacks General Jurisdiction over VW Germany Because It Is Not "At Home" in Virginia.

General jurisdiction over a corporation is permissible only when that corporation is "essentially at home in the forum state." *Daimler AG*, 571 U.S. at 139. The "'paradigm all-purpose forums' in which a corporation is at home are the corporation's place of incorporation and its principal place of business." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018). As the CCAC acknowledges, VW Germany is not "at home" in Virginia, and it is not subject to general jurisdiction there. CCAC ¶ 131; Von Bülow Dec. ¶¶ 4-5; *see also*, *e.g.*, *Colt*

*Defense LLC v. Heckler & Koch Defense, Inc.*, 2004 WL 7350327, at *18 (E.D. Va. Oct. 22, 2004). The CCAC alleges no other facts that would support general jurisdiction in Virginia.[7] *See, e.g., BNSF Ry. v. Tyrrell*, 581 U.S. 402, 414 (2017).

## II. The Court Lacks Specific Personal Jurisdiction Over VW Germany Because VW Germany Lacks the Requisite "Minimum Contacts" with Virginia.

In determining specific jurisdiction, courts apply a three-part test. First, plaintiffs must demonstrate that the defendant "purposefully availed" itself of the privilege of conducting activities within the forum state. *Waite*, 901 F.3d at 1313 (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)). Second, plaintiffs must establish that their claims "arise out of or relate to" the defendant's contacts with the forum. *Id*. Third, if, and only if, plaintiffs carry their burden of establishing the first two prongs, the Court considers whether the exercise of jurisdiction would "violate traditional notions of fair play and substantial justice." *Id*. None of these prongs is satisfied here.

### A. The CCAC Fails to Allege Any Conduct by VW Germany in or Directed to Virginia, Much Less "Purposeful Availment."

To satisfy the "purposeful availment" requirement, Plaintiffs must show that

---

[7] VW Germany is not registered to do business; has no agent for service of legal process; does not pay taxes; does not own, use, or possess any real property or have any office, factory, warehouse, research facility; and has no employees or bank accounts in Virginia. Von Bülow Dec. ¶¶ 6, 9-14.

VW Germany deliberately "engaged in significant activities within a State or has created continuing obligations between [itself] and residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). *VW Germany* —not some third party with whom it allegedly has a relationship—must, by its own actions, have purposefully availed itself of the privilege of conducting activities in Virginia. *Id.* at 474-75 (no specific jurisdiction "solely as a result of … the 'unilateral activity of another party or a third person'"); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State"); *Walden v. Fiore*, 571 U.S. 277, 284–285 (2014) ("the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State") (emphasis in opinion); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

The CCAC makes a total of four allegations regarding VW Germany, none of which sufficiently plead a prima facie case that it "purposefully availed" itself of the privilege of conducting activities within Virginia. (CCAC ¶¶ 131, 136); disc. *supra* at p. 7. First, VW Germany's incorporation and principal place of business in Germany does nothing to establish specific jurisdiction in Virginia. Second, the fact that *VWGoA*—a different entity—is headquartered in Virginia does not confer specific jurisdiction over *VW Germany*. Third, courts have repeatedly held that registering a trademark with the USPTO is insufficient to demonstrate "purposeful

availment." *See Simone v. VSL Pharamaceuticals, Inc.*, 2017 WL 658711, at *6 (D. Md. Feb. 16, 2017) (construing Virginia long-arm statute); *Pollo Compestre, S.A. de C.V. v. Campero, Inc.*, 2018 WL 10436602, at *2 (E.D. Va. Dec. 21, 2018); *FN Hertsal S.A. v. Sirketti*, 2024 WL 4255343, at *3 (E.D. Va. Sep. 20, 2024).[8] Fourth, contrary to Plaintiffs' allegations, VW Germany does not ship Volkswagen or Audi vehicles into Virginia, or California, or anywhere else in the U.S. Von Bülow Dec. ¶ 19. VWGoA, not VW Germany, imports vehicles to the U.S. *Id.*; ECF 305-3 ¶ 17.

Finally, the allegation that the "Volkswagen Defendants … delivered their products into the stream of commerce with the expectation that they will be purchased by consumers" (CCAC ¶ 137) is insufficient to plead a prima facie case of personal jurisdiction over VW Germany (or any defendant). It is well established that a foreign manufacturer simply placing a product into the stream of commerce (in Germany) is not enough to establish minimum contacts (in Virginia), even if the manufacturer was aware that its product might reach Virginia; instead, the defendant must have done something more to purposefully avail itself of the forum's market. *Asahi*, 480 U.S. at 112 ("The placement of a product into the stream of commerce,

---

[8] VW Germany registered its trademarks with the USPTO to prevent misappropriation of its brand and intellectual property by U.S. actors. Von Bülow Dec. ¶ 15. If that were sufficient to convey specific jurisdiction over VW Germany in Virginia, *any* non-U.S. entity that registered a trademark with the USPTO would be subject to specific jurisdiction in Virginia (or any other state), regardless of any nexus between the trademark registration and the claims asserted.

without more, is not an act of the defendant purposefully directed toward the forum State"); *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877–878, 886 (2011) (four-vote plurality opn.) (rejecting jurisdiction for products liability action based on finding that foreign manufacturer knows or reasonably should know that its products are distributed nationwide); accord *id.* at p. 888–889, 890–891 (two-vote concurring opn.); *In re Celotex Corp.*, 124 F.3d 619 (4th Cir. 1997); *Andrews v. Shandong Linglong Tyre Co., Ltd.*, 2022 WL 2484544, at *7 (E.D. Va. July 6, 2022).

Not only have Plaintiffs failed to plead a *prima facie* case, but also the evidence submitted with this motion confirms that VW Germany is not subject to specific jurisdiction in Virginia. Simply put, VWGoA—not VW Germany—is the sole entity that imports, distributes, advertises and warrants Volkswagen vehicles in the U.S. Further, as to Knapp and Jacinto, the fact that their used vehicles were available for purchase at dealerships in Montana and California has nothing to do with VWGoA (much less VW Germany). The sale of used cars by independent dealerships in Montana and California cannot establish that *VW Germany* purposefully availed itself of the protections of *Virginia* law.

### B. Plaintiffs' Claims Do Not Arise Out of or Relate to Any Activity by VW Germany in Virginia.

Plaintiffs also fail to allege any activity by VW Germany in Virginia that relates to their claims. *Gatekeeper Inc. v. Stratech Systems, Ltd.*, 718 F. Supp. 2d

664, 667-68 (E.D. Va. 2010) (specific jurisdiction is "claim-specific" and requires "each cause of action to arise from the defendant's contacts with the forum state"). The basis for Plaintiffs' consumer protection, fraud, and breach of warranty claims is that (i) their vehicles were "covered by a written warranty," (ii) Plaintiffs were "expos[ed] to Volkswagen's advertisements …" and were "aware of Volkswagen's uniform and pervasive marketing message that its vehicles are safe and dependable, which was material to [their] decision to purchase the Class Vehicle[s]," and (iii) "[a]t no point before [each Plaintiff] purchased her Class Vehicle did Volkswagen disclose that it was not safe or dependable, or that it was equipped with an airbag containing a Defective Inflator." CCAC ¶¶ 184, 185, 186, 187, 189.

None of these allegations support personal jurisdiction over VW Germany in Virginia. As noted, VW Germany is not the warrantor of Plaintiffs' vehicles. Nor did VW Germany advertise Volkswagen or Audi vehicles in the U.S. VWGoA (if anyone) performed those activities. In addition, Plaintiffs reside in and purchased or leased their vehicles in other states. CCAC ¶¶ 184, 185, 186, 187, 189. Plaintiffs' claims do not even arise out of *their own* contacts with Virginia, let alone VW Germany's entirely nonexistent contacts.

In short, the CCAC does not allege any VW Germany activities in Virginia, much less any that bear in any way on Plaintiffs' claims. Further, the evidence submitted with this motion confirms that VW Germany engaged in no claim-related

activities in Virginia (or elsewhere in the U.S.). The Court lacks personal jurisdiction over VW Germany. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 265 (2017) (holding that California courts lacked specific personal jurisdiction over the nonresident plaintiffs' claims because "all the conduct giving rise to [those] claims occurred elsewhere"); *Wallace v. Yamaha Motors Corp. U.S.A.*, 2022 WL 61430, at *4 (4th Cir. Jan. 6, 2022) (no personal jurisdiction where neither the injury nor defendant's conduct related to the forum state).

### C.    The Contacts of VWGoA Cannot Be Imputed to VW Germany, a Distinct, Foreign Corporate Entity.

"Virginia's longstanding recognition of the independent existence of a corporate entity is a basic component of corporate law that should only be disregarded under extraordinary circumstances." *Colt Defense LLC*, 2004 WL 7350327, at *15 (citing *Cordova v. Cordova*, 64 Va. Cir. 87, 112 (Va. Cir. 2004)). As a result, imputing any jurisdictional contacts of VWGoA to VW Germany would require evidence that VW Germany "exercises extraordinary control" over it. *Bennett v. OmniSource Corp.*, 2015 WL 6743866, at *4 (W.D. Va. Nov. 4, 2015); *In re Takata*, 396 F. Supp. 3d at 1149-50 ("It is well established that as long as a parent and subsidiary are separate and distinct corporate entities, the presence of one of

them in a forum state may not be attributed to the other").[9]

Plaintiffs allege no facts to suggest that VW Germany exercises "extraordinary control" over VWGoA. Nor could they. VW Germany does not exercise day-to-day control over VWGoA or any authorized dealer in the U.S. Von Bülow Dec. ¶ 24. VWGoA is a separate, distinct, and independent corporate business entity with its own offices, facilities, board of directors, officers, employees, finances, payroll, and bank accounts. *Id.* ¶¶ 18, 24-25.

Nor do conclusory allegations regarding "Volkswagen Group" and "Volkswagen Defendants" plead a prima facie case of specific jurisdiction as to VW Germany. CCAC ¶ 133, 137. Indiscriminate "group pleading" fails to meet Rule 8 notice pleading standards (ECF 184-1 at 7-8), much less the rigorous constitutional due process requirements for exercising personal jurisdiction against a non-U.S. defendant. To satisfy due process, *each* defendant's contacts with a forum state must be assessed individually. *Noble Sec., Inc.*, 611 F.Supp.2d at 527; *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) (rejecting attempt to attribute one defendant's contacts

---

[9] *Cf. Delagi v. Volkswagenwerk A.G. of Wolfsburg, Germany*, 29 N.Y.2d 426, 432 (1972) (rejecting jurisdiction over German vehicle manufacturer despite similar relationship to U.S. distributor as in this case); *Volkswagen Aktiengesellschaft v. Jones*, 227 So. 3d 150, 159 (Fla. Dist. Ct. App. 2017) (same); *Volkswagenwerk AG v. McCurdy*, 340 So. 2d 544, 546 (Fla. Dist. Ct. App. 1976) (same); *Robinson ex rel. Hunsinger v. Daimlerchrysler AG*, 2008 WL 728877, at *5 (N.D. Cal. 2008) (subsidiary that maintains exclusive responsibility for distribution, marketing, and sale of vehicles is not an agent of the parent company).

to another where parties were grouped together as "defending parties").

Plaintiffs' impermissible group pleading allegations fail to specify which entity performed which of the alleged activities (or where). The lack of entity-specific allegations is fatal as to all defendants, but it is particularly glaring as to Jacinto, who claims to have bought a used Audi A3 in California. On the one hand, she defines the "Audi Defendants" to include AUDI AG and AoA, LLC, and she claims to have been misled by "Audi" advertising. CCAC ¶¶ 132, 186. On the other, she claims that the "Volkswagen Group" (which she defines to include VW Germany and VWGoA, but neither of the Audi entities) "jointly actively cultivates a market for, designs, develops, manufactures, and/or sells Volkswagen *and Audi* automobiles … in each state and territory of the United States, including New Jersey." CCAC ¶ 133 (emphasis added). She further alleges that VW Germany shipped her vehicle to the United States, "including through Virginia and California, and each Plaintiff's respective state," CCAC ¶ 136, but then alleges that it is AoA, LLC (not VW Germany) that imports Audi-branded vehicles sold in the U.S. CCAC ¶ 132. To further confuse matters, she brings her California claims against the "Automaker Defendants," a category that includes every auto manufacturer and distributor named in the CCAC. CCAC ¶¶ 714-829. As written, it is impossible to ascertain whether she is bringing claims against VW Germany at all, much less which of her jurisdictional allegations pertain to VW Germany.

21

Plaintiffs' one-size-fits-all allegations here are weaker than those found by the MDL court to be insufficient for personal jurisdiction over VW Germany, AUDI AG, and other non-U.S. defendants in the *Takata* litigation. *In re Takata*, 396 F. Supp. 3d at 1148-49. There, in an MDL against both U.S. and non-U.S. automotive entities involving different airbag components and different liability theories, plaintiffs lumped together the "domestic and foreign parent corporations" and alleged that they "collectively" "engineered, designed, developed, manufactured, or installed the Defective Airbags," "approved the Defective Airbags for use in those vehicles," and "developed, reviewed, and approved the marketing and advertising campaigns" for the cars. The court held that these "generalized allegations are devoid of specificity," thereby failing to "establish that the Foreign Defendants 'purposefully availed' themselves of the privileges of conducting activity in … Virginia." *Id.*

### D. The Exercise of Personal Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice.

The final prong of the test for specific jurisdiction requires that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *J. McIntyre Mach., Ltd.*, 564 U.S. at 880 (quoting *Int'l Shoe Co.*, 326 U.S. at 316). The Court need only consider this prong if "it has determined that a defendant has purposefully availed itself of the privilege of doing business" in the forum. *Consulting Eng'rs Corp.*, 561 F.3d at 279. Because VW Germany does

not have the constitutionally required minimum contacts with Virginia, and because none of the Volkswagen Plaintiffs' claims have anything to do with Virginia, the Court need not reach this prong. But to the extent the Court considers the issue, it would be unreasonable to exercise personal jurisdiction in Virginia over VW Germany, a nonresident German corporation operating in Germany.

The Court considers the following factors in determining whether this requirement is met: (1) the burden on the defendant in defending the lawsuit; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Grizzard v. LG Chem Ltd.*, 641 F. Supp. 3d 282, 292 (E.D. Va. 2022). Importantly, "due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of the plaintiffs or third parties." *Id*. (quoting *Walden*, 571 U.S. at 284).

The Supreme Court has counseled that "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114. And Virginia's "legitimate interests in the dispute have considerably diminished" because the Plaintiffs are not Virginia

23

residents and did not purchase or lease their vehicles in Virginia. Virginia has no interest in awarding relief in a dispute to which it has no connection. *Id*. As in *Asahi*, the exercise of personal jurisdiction over VW Germany "would be unreasonably unfair" because of "the international context, the heavy burden on the alien defendant, and the slight interests of the plaintiff and the forum state." *Id*. at 116.

## III.   Plaintiffs Do Not State a Claim Against VW Germany.

The Court need not reach the claims against VW Germany because VW Germany is properly dismissed from this lawsuit for lack of personal jurisdiction. But Plaintiffs fail to state a claim against VW Germany in any event, for the reasons set forth in the Motions to Dismiss filed by the OEMs, VWGoA, and AoA, LLC (ECF 181, 182, 184), which VW Germany incorporates by reference.

As those papers establish, the CCAC fails to state a claim as to VW Germany under Rule 8 or Rule 9(b) because it alleges no facts regarding VW Germany's conduct and because it relies on impermissible group pleading, as the paucity of citation to VW Germany in the CCAC makes clear. *See* disc. *supra* at pp. 6-7. Absent from the CCAC are any allegations that VW Germany made any representations to Plaintiffs in connection with their alleged purchases or leases (it did not), that it engaged in any advertising or marketing in California, Florida, Illinois, Montana, New York, Virginia, or anywhere in the U.S. (it did not), or that it knew of a supposed defect in the airbag inflator in Plaintiffs' vehicles (there is none). Plaintiffs obscure

their lack of allegations as to VW Germany by using indiscriminate labels such as "Volkswagen Group," "Volkswagen Defendants," and "Automaker Defendants."

Plaintiffs' breach of express warranty claim against VW Germany also fails (CCAC ¶¶ 714-27). Since VW Germany is not a party to the Plaintiffs' written warranties and made no express warranty to Plaintiffs, the express warranty claims must be dismissed. Further, certain of Plaintiffs' claims are untimely.  ECF 182-1 at 8-9. Finally, recent decisions by the California Supreme Court and the Ninth Circuit confirm that Jacinto's Song-Beverly Act implied warranty claim must be dismissed as to all defendants because she bought a used car. *See Rodriguez v. FCA US LLC*, 17 Cal.5th 189 (2024) (Song-Beverly Act does not cover "pre-owned vehicles sold with a balance remaining on a manufacturer's new-car warranty"); *Grismore v. Mercedes-Benz USA, LLC*, 2024 WL 5001469, *1-2 (9th Cir. Dec. 6, 2024).

## <u>CONCLUSION</u>

For the above reasons, the Court should dismiss Plaintiffs' claims against VW Germany for lack of personal jurisdiction. Alternatively, and in any event, the claims are also properly dismissed because they fail as a matter of law.

Dated: February 28, 2025                    Respectfully submitted,

                                            */s/ Livia M. Kiser*

                                            Livia M. Kiser
                                            Susan V. Vargas

**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310
lkiser@kslaw.com
svargas@kslaw.com

**KING & SPALDING LLP**
John Christopher Mitchell
50 California Street, Suite 3300
San Francisco, CA 94111
(415) 318-1237
Fax: (415) 318-1300
cmitchell@kslaw.com

Michael B. Shortnacy
**SHOOK, HARDY AND BACON L.L.P.**
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone:   (424) 324-3494
Facsimile:   (424) 204-9093

*Counsel for Specially Appearing Defendant Volkswagen Aktiengesellschaft*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(B) AND 7(D)</u>

I hereby certify that this Memorandum in Support of Volkswagen Aktiengesellshaft's Motion to Dismiss Plaintiffs' Corrected Consolidated Class Action Complaint has been prepared with one of the font and point selections approved by the Court in LR 5.1(B) (Times New Roman, 14 pt.).

Dated: February 28, 2025                    */s/ Livia M. Kiser*
                                             Livia M. Kiser

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the date specified below, I caused a true and correct copy of the foregoing to be served on lead counsel for Plaintiffs via electronic mail.

Dated: February 28, 2025                    */s/ Livia M. Kiser*
                                            Livia M. Kiser