# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-03051-ELR |

## PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY AS TO DEFENDANT AUDI AKTIENGESELLSCHAFT AND INCORPORATED MEMORANDUM OF LAW

**PRELIMINARY STATEMENT**

Audi Aktiengesellschaft ("Audi AG") moved to dismiss Plaintiffs' Complaint for lack of personal jurisdiction. Dkts. 305, 305-1. In opposing the motion, Plaintiffs recount the relevant allegations and facts that support a prima facie case for personal jurisdiction. Dkt. 321. Specifically, as a result of Audi AG's involvement in the manufacture, distribution, marketing, and sale of Class Vehicles in Virginia—including the 2016 Audi A3 Plaintiff Eva Jacinto purchased, which contains a Defective Inflator—Audi AG purposefully availed itself of the privilege of doing business in Virginia. Further, Plaintiff's claims against Audi AG arise out of or relate to those activities. Finally, Audi AG cannot make a compelling case that subjecting it to this Court's jurisdiction offends "traditional notions of fair play and substantial justice." Exercising jurisdiction over Audi AG thus comports with the Fourteenth Amendment's Due Process Clause.

While Plaintiffs believe they have sufficiently pleaded specific personal jurisdiction over Audi AG, they alternatively move for leave to conduct discovery into areas relevant to jurisdiction in the event the Court disagrees. Specifically, Plaintiffs respectfully request that if the Court finds jurisdiction lacking on the current record, it permit Plaintiffs to conduct discrete discovery to further explore (1) Audi AG's relationship with and control over its Virginia-based affiliates Volkswagen of America Group, Inc. ("VW America") and Audi of America, LLC

- 1 -

("AOA"); (2) whether Audi AG designs its vehicles specifically to comply with U.S. safety regulations; and (3) the extent to which Audi AG, VW America, and AOA's manufacture, distribution, marketing, and sale of Class Vehicles occurred in or were directed at Virginia. This discovery bears on whether Audi AG purposefully availed itself of the privilege of conducting business in Virginia, a prerequisite of constitutional due process (and thus personal jurisdiction under Virginia's long-arm statute). Plaintiffs' request is timely and seeks information plainly relevant to whether jurisdiction exists. If the Court is not inclined to deny Audi AG's motion to dismiss, it should permit jurisdictional discovery.

## **ARGUMENT**[1]

Courts generally permit jurisdictional discovery if "there is a genuine dispute as to whether exercising personal jurisdiction . . . would be appropriate." *Doherty-Heinze v. Chrisley*, 2021 WL 12149533, at *5 (N.D. Ga. Dec. 21, 2021) (Batten, C.J.). Where a genuine dispute exists, "a plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Seiz v. Quirk*, 2013 WL 12290850, at *2 (N.D. Ga. Jan. 3, 2013) (Murphy, J.). Courts faced with a motion for jurisdictional discovery

---

[1] Plaintiffs hereby incorporate the arguments from their opposition to Audi AG's motion to dismiss. Dkt. 321.

consider whether "such evidence, once developed, could reasonably form the basis of a prima facie case of personal jurisdiction." *Luc v. Korean Air Lines Co.*, 2019 WL 7824584, at *3-4 (N.D. Ga. June 4, 2019) (May, J.). Although such discovery is discretionary, "parties have a qualified right to jurisdictional discovery" when "facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute." *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 n.7 (11th Cir. 1982)). In such situations, "a district court abuses its discretion if it completely denies a party jurisdictional discovery, unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery." *Id*.

The present record supports allowing jurisdictional discovery because Plaintiffs' request is timely and the discovery is plainly relevant to determining whether jurisdiction exists over Audi AG. *See Seiz*, 2013 WL 12290850, at *4-6 (analyzing timing and nature of request for jurisdictional discovery in granting plaintiffs' motion). Further, "facts that go to the merits and the court's jurisdiction"—such as those relating to the manufacture, distribution, marketing, and sale of Audi Class Vehicles with Defective Inflators—"are intertwined and genuinely in dispute." *ACLU of Fla.*, 859 F.3d at 1341.

Like the plaintiffs in *Seiz*, Plaintiffs here timely request jurisdictional discovery alongside their opposition to Audi AG's motion to dismiss. *Seiz*, 2013 WL

12290850, at *4. Plaintiffs are initiating the request within three months of completing service on Audi AG through the Hague Convention and at Plaintiffs' earliest opportunity to seek any discovery. *See* Dkt. 290 ¶ 2; *Luc*, 2019 WL 7824584, at *3–4 (permitting jurisdictional discovery where plaintiffs had "not yet had an opportunity to discover all potential facts relating to these theories"); *Hosny v. Thiam*, 2015 WL 13650094, at *6 (N.D. Ga. Apr. 16, 2015) (Ross, J.) (granting request for jurisdictional discovery "[a]fter considering the record and the procedural posture of th[e] case"). In short, Plaintiffs "filed the instant Motion as soon as they were made aware of the nature of [Audi AG's] Motion to Dismiss (and separately from their response to the Motion to Dismiss)," and "given the early disposition of this case, . . . Plaintiffs' failure to have made any related (or unrelated) discovery filings to this point should not weigh against their request." *Seiz*, 2013 WL 12290850, at *4. Indeed, because discovery as to the foreign defendants has been stayed, Plaintiffs *could not have* previously served discovery requests on Audi AG.

The limited discovery Plaintiffs seek is also "clearly relevant to whether specific personal jurisdiction exists in this Court." *Id.* at *5. Plaintiffs have identified specific categories of information regarding the nature and scope of Audi AG's contacts with Virginia, including its relationship with Virginia-based VW America and AOA as well as activities relating to the manufacture, distribution, marketing, and sale of Audi Class Vehicles in the state. Such evidence will assist the Court in

- 4 -

making an informed determination as to whether it can exercise jurisdiction.

Plaintiffs' request is also narrowly tailored and based on a plausible belief that they will uncover evidence in support of personal jurisdiction. As this Court explained in permitting jurisdictional discovery in *Emmer v. WABII Branding, Inc.*:

> Plaintiff submitted his request for limited jurisdictional discovery separately from any response to Defendants' motion to dismiss. Further, Plaintiff specifies in his request that he seeks "to serve [ ] discovery requests . . . limited in scope to Defendants' dealings, transactions and to/from Georgia" so as "to meet the elements" of the Georgia long-arm statute and demonstrate that this Court's exercise of personal jurisdiction over Defendants would not violate due process pursuant to the Fourteenth Amendment.

2021 WL 9638503, at *3 (N.D. Ga. Nov. 5, 2021) (Ross, J.) (ellipsis and second alteration in original). The same is true here.[2]

The court's reasoning in *Opheim v. Volkswagen Aktiengesellschaft* is also instructive. There, Audi AG moved to dismiss product-defect claims for lack of jurisdiction. 2021 WL 2621689, at *1 (D.N.J. June 25, 2021). As here, plaintiffs argued Audi AG availed itself of the forum state (New Jersey) through its relationship with VW America, the exclusive importer for Audi vehicles into the United States. *Id.* at *4. The plaintiffs also highlighted that VW America is

---

[2] While defendants in *Emmer* did not object to jurisdictional discovery (though they reserved the right to contest its scope), the Court nonetheless evaluated the plaintiff's motion under applicable law. 2021 WL 9638503, at *2-3. Additionally, while the plaintiff there "ha[d] made attempts to serve discovery requests upon Defendants," *id.* at *3, Plaintiffs here have not had the opportunity to serve discovery requests on Audi AG.

- 5 -

incorporated in New Jersey, the forum state. *Id.* at *4–5.[3] The court held Audi AG "deliberately targeted New Jersey" through its contacts with VW America. *Id.* at *5. The court further determined it was "plausible" that plaintiffs' claims "would have stemmed from decisions made within [the] relationship [between Audi AG and VW America], which necessarily touched New Jersey because VW America is a New Jersey corporation." *Id.* at *6. Finally, the court concluded Audi AG had not made a "'compelling case' for dismissal that would moot the need for jurisdictional discovery." *Id.* The same facts likewise support permitting discovery here.

## CONCLUSION

If the Court determines Plaintiffs have not made a sufficient showing of personal jurisdiction over Audi AG, it should grant Plaintiffs leave to conduct limited jurisdictional discovery as specified above.

---

[3] VW America is incorporated in New Jersey and headquartered in Virginia. Dkt. 305-3 ¶ 15. The court in *Opheim* determined VW America's incorporation in New Jersey supported a showing sufficient to warrant jurisdictional discovery as to Audi AG. 2021 WL 2621689, at *4–5 (citing *Rickman v. BMW of N. Am. LLC*, 2021 WL 1904740, at *5 (D.N.J. May 11, 2021)). But the court noted the jurisdictional argument would be even stronger where—as here—the domestic entity is *headquartered* in the forum state. *Id.* at *4.

- 6 -

Dated: March 10, 2025

*/s/ Roland Tellis*
Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Adam Tamburelli
atamburelli@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
Kelsey J. Elling
kelling@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Tel: (818) 839-2333

Respectfully submitted,

*/s/ Demet Basar*
Demet Basar
demet.basar@beasleyallen.com
W. Daniel "Dee" Miles, III
dee.miles@beasleyallen.com
J. Mitch Williams
mitch.williams@beasleyallen.com
Dylan T. Martin
dylan.martin@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343

H. Clay Barnett, III (GA Bar 174058)
clay.barnett@beasleyallen.com
Thomas P. Willingham (GA Bar 235049)
tom.willingham@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Tel: (404) 751-1162

| | |
|---|---|
| */s/ James E. Cecchi* | */s/ Elizabeth T. Castillo* |
| James E. Cecchi | Niall P. McCarthy |
| jcecchi@carellabyrne.com | nmccarthy@cpmlegal.com |
| **CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.** | Elizabeth T. Castillo |
| | ecastillo@cpmlegal.com |
| 5 Becker Farm Road | David G. Hollenberg |
| Roseland, New Jersey 07068 | dhollenberg@cpmlegal.com |
| Tel: (973) 994-1700 | **COTCHETT, PITRE & McCARTHY, LLP** |
| | 840 Malcolm Road |
| Zachary Jacobs | Burlingame, CA 94010 |
| zjacobs@carellabyrne.com | Tel: (650) 697-6000 |
| **CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.** | |
| 222 South Riverside Plaza | Theresa E. Vitale |
| Chicago, Illinois 60606 | tvitale@cpmlegal.com |
| Tel: (973) 994-1700 | **COTCHETT, PITRE & McCARTHY, LLP** |
| | 2716 Ocean Park Blvd., Suite 3088 |
| Jason H. Alperstein | Santa Monica, CA 90405 |
| jalperstein@carellabyrne.com | Tel: (310) 392-2008 |
| Zachary J. Bower | |
| zbower@carellabyrne.com | |
| **CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.** | |
| 2222 Ponce De Leon Blvd. | |
| Miami, Florida 33134 | |
| Tel: (973) 994-1700 | |

*/s/ David Stellings*
David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

*/s/ Kevin R. Dean*
Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

*/s/ Matthew D. Schultz*
Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

*Leadership Committee for Plaintiffs and the Proposed Classes*

| | |
|---|---|
| */s/ Michael A. Caplan* | */s/ M.J. Blakely* |
| Michael A. Caplan (GA Bar 601039) | M.J. Blakely (GA Bar 708906) |
| mcaplan@caplancobb.com | mjblakely@blakelyfirm.com |
| T. Brandon Waddell (GA Bar 252639) | **THE BLAKELY FIRM, L.L.C.** |
| bwaddell@caplancobb.com | P.O. Box 3314 |
| Ashley C. Brown (GA Bar 287373) | Decatur, GA 30031 |
| abrown@caplancobb.com | Tel: (404) 491-0617 |
| **CAPLAN COBB LLC** | |
| 75 Fourteenth Street NE, Suite 2700 | |
| Atlanta, Georgia 30309 | |
| Tel: (404) 596-5600 | |

*Liaison Counsel for Plaintiffs and the Proposed Classes*

## **CERTIFICATION**

Pursuant to Civil Local Rule 7.1(D), the undersigned counsel certifies that this brief has been prepared with 14-point Times New Roman, as approved by the Court in Civil Local Rule 5.1(C).

*/s/ David Stellings*
David Stellings
