# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-03051-ELR |

# REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY WITH RESPECT TO <u>DEFENDANT DR. ING HC. F. PORSCHE AG</u>

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................1

ARGUMENT ...................................................................................2

I.    There Is at Least a Genuine Dispute Regarding Jurisdiction Over Porsche AG. ...............................................................................2

        A.    Plaintiffs' allegations and Porsche AG's own evidence support jurisdictional discovery of Porsche AG. ...............................................2

        B.    Porsche AG misstates the governing legal standards..........................4

II.    The Proposed Discovery Is Narrowly Tailored and Relevant to Whether Jurisdiction Exists Over Porsche AG. ...............................................7

CONCLUSION .................................................................................11

# TABLE OF AUTHORITIES

**Page**

## Cases

*Arno Resources, LLC v. Epic Tech, LLC*,
2022 WL 3970756 (N.D. Ga. Aug. 8, 2022) ........................................................11

*In re Banco Santander Sec.-Optimal Litig.*,
732 F. Supp. 2d 1305 (S.D. Fla. 2010) ................................................................6

*Beckham v. Baker & Hostetler, LLP*,
2023 WL 9957259 (N.D. Ga. Aug. 17, 2023) ...............................................5, 10

*Betancourt v. Endo Pharms., Inc.*,
2014 WL 10677480 (N.D. Ga. Dec. 17, 2014) ....................................................6

*Bristol-Myers Squibb v. Superior Court of California*,
582 U.S. 255, 262 (2017)...................................................................................10

*Butler v. Sukhoi Co.*,
579 F.3d 1307 (11th Cir. 2009) ...........................................................................5

*Byrd v. Drive Elec., LLC*,
2017 WL 2126910 (S.D. Ga. May 16, 2017) ......................................................3

*Doherty-Heinze v. Chrisley*,
2021 WL 12149533 (N.D. Ga. Dec. 21, 2021) ...............................................2, 7

*Foxworthy v. Custom Tees, Inc.*,
879 F. Supp. 1200 (N.D. Ga. 1995)......................................................................7

*Havas Worldwide N.Y., Inc. v. Lionsgate Ent. Inc.*,
2015 WL 5710984 (S.D.N.Y. Sept. 29, 2015) ....................................................4

*Hosny v. Thiam*,
2015 WL 13650094 (N.D. Ga. Apr. 16, 2015)................................................5, 6

*J. McIntyre Mach., Ltd. v. Nicastro*,
564 U.S. 873 (2011).............................................................................................4

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Johnson v. Chrysler Can. Inc.*,
  24 F. Supp. 3d 1118 (N.D. Ala. 2014)...................................................3

*King v. Gen. Motors Corp.*,
  2012 WL 1340066 (N.D. Ala. Apr. 18, 2012)..................................3, 4

*Latium USA Trading, LLC v. Smith*,
  371 Ga. App. 347, 899 S.E.2d 324 (2024) .......................................10

*Luc v. Korean Air Lines Co.*,
  2019 WL 7824584 (N.D. Ga. June 4, 2019)........................................2

*Opheim v. Volkswagen Aktiegesellschaft*,
  2021 WL 2621689 (D.N.J. June 25, 2021).........................................9

*Patt v. Volkswagen Grp. of Am., Inc.*,
  688 F. Supp. 3d 1186 (S.D. Fla. 2023) ...............................................3

*Riad v. Porsche Cars N.A., Inc.*,
  2020 WL 3455640 (E.D. Pa. Feb. 26, 2020) .......................................9

*Riad v. Porsche Cars North America, Inc.*,
  657 F. Supp. 3d 695 (E.D. Pa. 2023)..........................................8, 9, 10

*RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*,
  579 F. App'x 779 (11th Cir. 2014) ......................................................2

*Rothenberg v. FedEx Corp.*,
  2023 WL 4352467 (M.D. Fla. July 5, 2023) ........................................6

*Seiz v. Quirk*,
  2013 WL 12290850 (N.D. Ga. Jan. 3, 2013).......................................7

*Walden v. Fiore*,
  571 U.S. 277 (2014)............................................................................4

*Wolf v. Celebrity Cruises, Inc.*,
  683 F. App'x 786 (11th Cir. 2017) ......................................................2

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Young v. Mitsubishi Motors N. Am. Corp.*,
  2020 WL 4584391 (W.D. Wash. Aug. 10, 2020)..................................................4

**Statutes**

O.C.G.A. § 9-10-91(1) ...................................................................................................2

## <u>PRELIMINARY STATEMENT</u>[1]

Dr. Ing. H.C. f. Porsche AG ("Porsche AG"), a German automaker that manufactured thousands of vehicles included in this auto-defect class action, is subject to jurisdiction in Georgia. The state's long-arm statute allows this Court to exercise specific personal jurisdiction over Porsche AG because (1) Porsche AG transacts business in Georgia by selling Porsche vehicles to its Georgia-based subsidiary, Porsche Cars North America, Inc. ("Porsche America"), the exclusive Porsche distributor in the United States; (2) the claims in this case arise out of Porsche AG's decision to engage in that business with its Georgia-based affiliate; and (3) Porsche AG has not demonstrated that exercising jurisdiction would violate traditional notions of fair play and substantial justice. The case for jurisdiction is clear, and it is supported by Plaintiffs' Complaint as well as the evidence presented by Porsche AG itself. *See generally* Dkt. 308 (Pls.' Mem. in Opp'n to Porsche AG Mot. to Dismiss).

In the alternative, Plaintiffs have moved for leave to conduct limited discovery into Porsche AG's connections with Georgia that subject it to jurisdiction in this Court. Dkt. 309. Porsche AG's response to Plaintiffs' motion for jurisdictional discovery is to ignore the governing standard and misstate the

---

[1] Unless otherwise indicated, all emphasis has been added and all citations and internal quotation marks have been omitted.

relevant facts. The Court should not allow Porsche AG to run away from its own business relationship with its Georgia-based distributor. Should the Court find that it does not have sufficient facts on the current record to exercise jurisdiction over Porsche AG, it should allow Plaintiffs to take narrow jurisdictional discovery.

## **ARGUMENT**

## **I.    There Is at Least a Genuine Dispute Regarding Jurisdiction Over Porsche AG.**

As Plaintiffs have explained, courts typically permit jurisdictional discovery if "jurisdiction is genuinely in dispute." *Doherty-Heinze v. Chrisley*, 2021 WL 12149533, at *5 (N.D. Ga. Dec. 21, 2021) (Batten, C.J.) (quoting *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017)). This requirement is satisfied if the plaintiff has "made a sufficient showing that there may be a basis for exercise of jurisdiction." *Luc v. Korean Air Lines Co.*, 2019 WL 7824584, at *2 (N.D. Ga. June 4, 2019) (May, J.); *see also RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014) (asking whether "the information the plaintiff seeks, if it exists, would give rise to jurisdiction").

### **A.    Plaintiffs' allegations and Porsche AG's own evidence support jurisdictional discovery of Porsche AG.**

Porsche AG argues, in conclusory fashion, that Plaintiffs' request for jurisdictional discovery is a "fishing expedition." Dkt. 318 at 5. Not so. Under Georgia's long-arm statute, Porsche AG is subject to jurisdiction because it "transacts any business" in the state. O.C.G.A. § 9-10-91(1). Plaintiffs allege that

Porsche AG fits within this prong of the statute because it sells Porsche vehicles to its Georgia-based subsidiary, Porsche America, which imports the cars for domestic distribution. Dkt. 157 (Compl.) ¶¶ 122–23.

Porsche AG's own evidence bolsters Plaintiffs' allegations. In support of its motion to dismiss, Porsche AG furnished the declaration of Michael Löffler, Porsche AG's Vice President of Sales Planning and Management. Dkt. 289-5. The Löffler declaration confirms that Porsche AG manufactures Porsche-brand cars, including the Class Vehicles in this litigation. *Id.* ¶ 8. Porsche AG then sells those Porsche cars to its Georgia-based subsidiary, Porsche America, for importation and distribution throughout the United States. *Id.* ¶¶ 16–18.[2] Plaintiffs explained in their opposition to Porsche AG's motion to dismiss how courts typically exercise personal jurisdiction over foreign manufacturers who engage in the exact same conduct described here. Dkt. 308 at 8–10. Porsche AG did not respond to that argument or rebut any of Plaintiffs' cases finding jurisdiction in such situations. *See generally* Dkts. 317, 318.[3]

---

[2] Whether Porsche America takes possession of the vehicles in Germany (Dkt. 289-5 ¶ 17) does not matter. *See Patt v. Volkswagen Grp. of Am., Inc.*, 688 F. Supp. 3d 1186, 1188, 1194 (S.D. Fla. 2023) (denying foreign automaker's motion to dismiss for lack of personal jurisdiction where domestic distributor took possession of vehicles in foreign country); *Johnson v. Chrysler Can. Inc.*, 24 F. Supp. 3d 1118, 1121, 1142 (N.D. Ala. 2014) (same).

[3] *See King v. Gen. Motors Corp.*, 2012 WL 1340066, at *7 (N.D. Ala. Apr. 18, 2012) (foreign auto manufacturer "sold its products to [an affiliate] for distribution in the United States"); *Byrd v. Drive Elec., LLC*, 2017 WL 2126910, at *4 (S.D.

**B.    Porsche AG misstates the governing legal standards.**

Porsche AG attempts to muddy the waters by pointing to inapposite cases, many of which dealt with general (not specific) personal jurisdiction. Dkt. 318 at 4–5 & n.2. Plaintiffs agree that, for this Court to exercise jurisdiction over Porsche AG in this case, they must demonstrate Porsche AG "transact[ed] any business" in Georgia. Contrary to Defendants' implication, however, Plaintiffs do not argue for jurisdiction based on Porsche AG's "purposeful contacts . . . with the United States" in general. *See id.* at 5 n.2 (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 885–86 (2011)). Nor can Porsche AG credibly argue that its import-and-sales arrangement with ***its own Georgia-based subsidiary*** is a "random, fortuitous, or attenuated" contact with Georgia. *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014)); *see also, e.g.*, *Havas Worldwide N.Y., Inc. v. Lionsgate Ent. Inc.*, 2015 WL 5710984, at *4 (S.D.N.Y. Sept. 29, 2015) (rejecting this argument and holding that company's "continuing relationship" with California-based

---

Ga. May 16, 2017) ("A manufacturer [purposefully avails itself of the privilege of doing business in Georgia] when it 'specifically sells its products to another for distribution in' the forum state, especially when that distributor is 'clearly not an end-user.'") (quoting *King*, 2012 WL 1340066, at *7); *Young v. Mitsubishi Motors N. Am. Corp.*, 2020 WL 4584391, at *3 (W.D. Wash. Aug. 10, 2020) (foreign parent company "purposefully directs its sales activities at the United States" and "utilizes its U.S. subsidiary, MMNA, to implement an integrated distribution plan designed to sell Mitsubishi vehicles in the U.S.").

"subsidiaries, business partners, and clients" likely subjected it to jurisdiction in California).

Porsche AG's only citation is *Beckham v. Baker & Hostetler, LLP*, which says "[i]t is an abuse of discretion . . . if a court orders jurisdictional discovery when a plaintiff fails to establish a prima facie case of personal jurisdiction." 2023 WL 9957259, at *8 (N.D. Ga. Aug. 17, 2023) (Cohen, J.). The context of that case is critical, and distinguishable. The court there reasoned that "[b]ecause [it] has accepted the jurisdictional allegations in Plaintiffs' Amended Complaint as true and found that they are deficient to confer specific personal jurisdiction, Plaintiffs have not alleged any facts to support specific personal jurisdiction the veracity of which could be tested by information gathered from additional discovery." *Id.* at *9. In other words, because the plaintiffs' allegations, accepted as true, ***failed as a matter of law*** to confer personal jurisdiction, jurisdictional discovery would serve no viable purpose. *See also Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint ***was insufficient as a matter of law*** to establish a *prima facie* case that the district court had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue.") (cited in *Beckham*).[4]

---

[4] Porsche AG also seeks to distinguish this Court's decision in *Hosny v. Thiam*. There, the Court granted jurisdictional discovery even though "the record [was] insufficient to establish jurisdiction over [the defendant] under Georgia's long-arm

Finally, Porsche AG faults Plaintiffs for failing to respond to the Löffler declaration with a declaration of their own. Dkt. 318 at 4. According to Porsche AG's own case law, a plaintiff need only produce evidence in support of jurisdiction "once the defendant has rebutted the jurisdictional allegations in the complaint." *In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1313 (S.D. Fla. 2010); *accord Betancourt v. Endo Pharms., Inc.*, 2014 WL 10677480, at *4 (N.D. Ga. Dec. 17, 2014) (Jones, J.) ("[I]t is . . . important to recognize that this is only the case when the defendant's affidavit has actually contradicted the jurisdictional allegations in the plaintiff's complaint."). As discussed above, Porsche AG's declaration does not actually controvert Plaintiffs' jurisdictional allegations. Where, as here, a defendant's jurisdictional declaration does not present evidence against the exercise of jurisdiction, the plaintiff need not respond with primary evidence of its own. *See, e.g.*, *Rothenberg v. FedEx Corp.*, 2023 WL 4352467, at *8 (M.D. Fla. July 5, 2023) (holding that plaintiff did not need to respond with evidence of his own because defendant's declaration did not

---

statute." 2015 WL 13650094, at *5–6 (N.D. Ga. Apr. 16, 2015) (Ross, J.). Porsche AG incorrectly states that the Court explicitly found the plaintiff in *Hosny* "made a *prima facie* showing of personal jurisdiction." Dkt. 318 at 11. The Court granted discovery after recognizing that "the record [was] insufficient to make a determination regarding personal jurisdiction." *Hosny*, 2015 WL 13650094, at *6. Although Plaintiffs submit the record here *is* clear that Porsche AG transacted business in Georgia, which supports the denial of Porsche AG's motion to dismiss, applying the *Hosny* approach here would at least warrant jurisdictional discovery.

"show that it has 'no contacts' with" the forum state); *see also Foxworthy v.*

*Custom Tees, Inc.*, 879 F. Supp. 1200, 1207 & n.10 (N.D. Ga. 1995) (Freeman, J.)

(exercising jurisdiction where there was "nothing in the affidavits" submitted by

defendant "to contradict the strong evidence" of contacts with Georgia).

## II.     The Proposed Discovery Is Narrowly Tailored and Relevant to Whether Jurisdiction Exists Over Porsche AG.

"[W]hether to permit jurisdictional discovery hangs on the time and nature

of any jurisdictional discovery request." *Seiz v. Quirk*, 2013 WL 12290850, at \*2

(N.D. Ga. Jan. 3, 2013) (Murphy, J.). Plaintiffs timely brought their motion for

jurisdictional discovery and identify two categories of discovery that relate to the

jurisdictional allegations in the Complaint. Specifically, Plaintiffs propose to

explore (1) Porsche AG's relationship with and control over its Georgia-based

subsidiary Porsche America; and (2) the extent to which Porsche AG and Porsche

America's manufacture, distribution, marketing, and sale of Class Vehicles

occurred in or were directed at Georgia. Dkt. 309 at 2. Both of these categories are

narrowly tailored to elicit information directly relevant to whether Porsche AG is

subject to personal jurisdiction in Georgia. *See, e.g.*, *Doherty-Heinze*, 2021 WL

12149533, at \*5 (granting jurisdictional discovery where the requested information

would help "determine the extent of" defendant's forum contacts). Porsche AG's

challenges to this proposed discovery all lack merit.

Porsche AG asserts that the first category of information would not aid Plaintiffs because they have not established "jurisdiction on an alter ego theory." Dkt. 318 at 6. As Plaintiffs have made clear, Porsche AG is subject to this Court's specific personal jurisdiction through Georgia's long-arm statute—***not*** an alter-ego theory of jurisdiction. *See, e.g.*, Dkt. 309 at 1 ("Plaintiffs believe they have sufficiently pleaded specific personal jurisdiction over Porsche AG . . . ."). Contrary to Porsche AG's contention, discovery into Porsche AG's oversight of and relationship with its Georgia-based subsidiary would bear on the jurisdictional inquiry. Such discovery would include targeted document requests related to Porsche AG's oversight of Porsche America's import, sales, and distribution activities, as well as Rule 30(b)(6) depositions of Porsche AG's officers with knowledge of the company's role in the domestic subsidiaries' affairs.

The Eastern District of Pennsylvania's ruling in *Riad v. Porsche Cars North America, Inc.* does not help Porsche AG. In the portion of the order Porsche AG quotes (Dkt. 318 at 7), the court rejected the plaintiff's alter-ego theory of jurisdiction and found that Porsche AG cannot be said "to so control and dominate Porsche [America] as in effect to disregard the latter's independent corporate existence." 657 F. Supp. 3d 695, 704 (E.D. Pa. 2023). As discussed above, that is not the theory Plaintiffs are proceeding under here. Additionally, it bears noting that the court in *Riad* issued this decision ***after it had already granted***

*jurisdictional discovery* to the plaintiff. *Riad v. Porsche Cars N.A., Inc.*, 2020 WL 3455640, at *1 (E.D. Pa. Feb. 26, 2020) (granting jurisdictional discovery). Porsche AG conveniently ignores that crucial part of the case's procedural history. Finally, while the court did find that Porsche AG was not subject to specific jurisdiction in Pennsylvania, this case is meaningfully different because here, the forum state is where Porsche AG's domestic subsidiary is based. That key fact was absent in *Riad*. 657 F. Supp. 3d at 706–07 (finding that Porsche AG did not purposefully direct its activities at Pennsylvania simply by "plac[ing] the vehicles into the stream of commerce").

Regarding the second category of proposed discovery, Plaintiffs seek information directly relevant to the claims against Porsche AG: specifically, discovery related to Porsche AG's manufacture of the Class Vehicles and the extent to which it distributes, markets, and sells those vehicles through its Georgia-based subsidiary. Porsche AG's "ongoing, substantial relationship with [Porsche America] as its gateway into the American market" constitutes a deliberate targeting of Georgia, its subsidiary's home jurisdiction. *Opheim v. Volkswagen Aktiegesellschaft*, 2021 WL 2621689, at *4–5 (D.N.J. June 25, 2021); *see also supra* note 3 (collecting cases where courts exercised jurisdiction over foreign auto manufacturers based on sales and distribution arrangements with domestic entities). Georgia law holds that a foreign defendant's contractual arrangements

with a Georgia-based entity, particularly one that involves a shipment of goods for distribution by the domestic entity, gives rise to specific jurisdiction under the Georgia long-arm statute. *Latium USA Trading, LLC v. Smith*, 371 Ga. App. 347, 352, 899 S.E.2d 324, 330 (2024).

Once again, Porsche AG confuses Plaintiffs' argument for an alter-ego theory of jurisdiction. It is of no moment that Porsche **America** "operates an independent business that focuses on the importation, sale, and distribution of Porsche-brand vehicles." Dkt. 318 at 7. The question is whether Porsche **AG** engaged in business in Georgia. Discovery into the foreign entity's import and distribution agreements with its domestic subsidiary will reveal the extent of Porsche AG's connections with the forum state, which will confirm whether it is properly subject to jurisdiction here.

Porsche AG does not cite any case holding otherwise. In *Beckham*, the plaintiffs sought "discovery regarding [the defendant's] other clients on unrelated matters." 2023 WL 9957259, at *8. It is no surprise that the court concluded such discovery would not establish any "contacts related to [the plaintiffs'] lawsuit." *Id.* Porsche AG also cites *Bristol-Myers Squibb v. Superior Court of California* for the proposition that "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." 582 U.S. 255, 262 (2017). That principle is satisfied here, where Plaintiffs seek

discovery into Porsche AG's connections with the domestic entity that marketed and distributed the allegedly defective car that gives rise to Plaintiff's claims.

Finally, this Court's decision in *Arno Resources, LLC v. Epic Tech, LLC* does not speak to the issues here. There, the plaintiff did not provide any detail about its proposed discovery; it stated only that it would seek information related to the foreign defendants' "contacts with Georgia and their ownership and management of the Georgia-based" defendants. 2022 WL 3970756, at *11 (N.D. Ga. Aug. 8, 2022) (Ross, J.). Plaintiffs here have enumerated specific categories of proposed discovery and explained how such information is directly relevant to the case at hand. Given that, *Arno Resources* is entirely distinguishable.

## **CONCLUSION**

For the reasons set forth above, if the Court is not inclined to deny Porsche AG's motion to dismiss for lack of personal jurisdiction, it should grant Plaintiffs' request for jurisdictional discovery as specified above.

Dated: March 21, 2025

*/s/ Roland Tellis*
Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Adam Tamburelli
atamburelli@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
Kelsey J. Elling
kelling@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Tel: (818) 839-2333

Respectfully submitted,

*/s/ Demet Basar*
Demet Basar
demet.basar@beasleyallen.com
W. Daniel "Dee" Miles, III
dee.miles@beasleyallen.com
J. Mitch Williams
mitch.williams@beasleyallen.com
Dylan T. Martin
dylan.martin@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES,
P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343

H. Clay Barnett, III (GA Bar 174058)
clay.barnett@beasleyallen.com
Thomas P. Willingham (GA Bar
235049)
tom.willingham@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES,
P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Tel: (404) 751-1162

/s/ James E. Cecchi
James E. Cecchi
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700

Zachary Jacobs
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, Illinois 60606
Tel: (973) 994-1700

Jason H. Alperstein
jalperstein@carellabyrne.com
Zachary J. Bower
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Tel: (973) 994-1700

/s/ Elizabeth T. Castillo
Niall P. McCarthy
nmccarthy@cpmlegal.com
Elizabeth T. Castillo
ecastillo@cpmlegal.com
David G. Hollenberg
dhollenberg@cpmlegal.com
**COTCHETT, PITRE &
McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

Theresa E. Vitale
tvitale@cpmlegal.com
**COTCHETT, PITRE &
McCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Tel: (310) 392-2008

/s/ David Stellings
David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

/s/ Kevin R. Dean
Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

/s/ Matthew D. Schultz
Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO,
RAFFERTY, PROCTOR,
BUCHANAN, O'BRIEN, BARR &
MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

*Leadership Committee for Plaintiffs and the Proposed Classes*

*/s/ Michael A. Caplan*
Michael A. Caplan (GA Bar 601039)
mcaplan@caplancobb.com
T. Brandon Waddell (GA Bar 252639)
bwaddell@caplancobb.com
Ashley C. Brown (GA Bar 287373)
abrown@caplancobb.com
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600

*/s/ M.J. Blakely*
M.J. Blakely (GA Bar 708906)
mjblakely@blakelyfirm.com
**THE BLAKELY FIRM, L.L.C.**
P.O. Box 3314
Decatur, GA 30031
Tel: (404) 491-0617

*Liaison Counsel for Plaintiffs and the Proposed Classes*

## <u>**CERTIFICATION**</u>

Pursuant to Civil Local Rule 7.1(D), the undersigned counsel certifies that this brief has been prepared with 14-point Times New Roman, as approved by the Court in Civil Local Rule 5.1(C).

*/s/ David Stellings*
David Stellings
