# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051 <br> Case No. 1:22-md-03051-ELR |

## REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY AS TO DEFENDANT BMW AG

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT ......................................................................................................2

I.   Plaintiffs Need Only Establish a Genuine Dispute to Warrant
     Jurisdictional Discovery. .................................................................................2

II.  Plaintiffs' Allegations and Evidence Establish a Genuine Dispute
     Regarding the Court's Jurisdiction Over BMW AG. .......................................4

III. The Proposed Discovery Is Narrowly Tailored and Relevant to
     Whether Jurisdiction Exists Over BMW AG. .................................................9

CONCLUSION ..................................................................................................13

# TABLE OF AUTHORITIES

**Page**

**Cases**

*ACLU of Fla., Inc. v. City of Sarasota*,
859 F.3d 1337 (11th Cir. 2017) ..........................................................................11

*Alexander v. Bayerische Motoren Werke AG*,
2020 WL 2098108 (D.S.C. May 1, 2020) ...........................................................7

*Andrews v. Mazda Motor Corp.*,
2015 WL 1851159 (N.D. Ga. Apr. 22, 2015).......................................................3

*Barth v. Walt Disney Parks & Resorts U.S., Inc.*,
697 F. App'x 119 (3d Cir. 2017).........................................................................8

*Beckham v. Baker & Hostetler*,
2023 WL 9957259 (N.D. Ga. Aug. 17, 2023) ..................................................2, 3

*Bernardele v. Bonorino*,
608 F. Supp. 2d 1313 (S.D. Fla. 2009)................................................................7

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
593 F.3d 1249 (11th Cir. 2010) .........................................................................12

*Doherty-Heinze v. Chrisley*,
No. 2021 WL 12149533 (N.D. Ga. Dec. 21, 2021).............................................2

*Ferguson v. Aon Risk Servs. Cos.*,
2020 WL 914702 (D.N.J. Feb. 26, 2020) ............................................................8

*Ganz v. Grifols Therapeutics LLC*,
688 F. Supp. 3d 1209 (S.D. Fla. 2023).................................................................6

*Jacobs Eye, LLC v. Data Union, Inc.*,
2019 WL 8438492 (N.D. Ga. Sep. 19, 2019).......................................................9

*Johnson v. Chrysler Can. Inc.*,
24 F. Supp. 3d 1118 (N.D. Ala. 2014)..................................................................6

# TABLE OF AUTHORITIES

**Page**

*Katz v. DNC Servs. Corp.*,
2017 WL 5885672 (E.D. Pa. Nov. 29, 2017) ......................................................9

*Kearney v. Bayerische Motoren Werke Aktiengesellschaft*,
2021 WL 1207476 (D.N.J. Mar. 31, 2021) ........................................................3

*Kennedy v. VGW Holdings Ltd.*,
2024 WL 4491821 (N.D. Ga. Oct. 15, 2024) ......................................................7

*Malik v. Cabot Oil & Gas Corp.*,
710 F. App'x 561 (3d Cir. 2017) ...........................................................................8

*McCarthy v. Yamaha Motor Mfg. Corp.*,
994 F. Supp. 2d 1318 (N.D. Ga. 2014) .............................................................12

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*,
288 F.3d 1265 (11th Cir. 2002) ...........................................................................7

*Oliver v. Funai Corp.*,
2015 WL 9304541 (D.N.J. Dec. 21, 2015) .......................................................12

*Patt v. Volkswagen Grp. of Am., Inc.*,
688 F. Supp. 3d 1186 (S.D. Fla. 2023) ...............................................................6

*Proliant v. Savant HCM, LLC*,
2018 WL 1936528 (N.D. Ga. Jan. 25, 2018) ......................................................5

*Rickman v. BMW of N. Am. LLC*,
538 F. Supp. 3d 429 (D.N.J. 2023) ...............................................................4, 10

*Wolf v. Celebrity Cruises, Inc.*,
683 F. App'x 786 (11th Cir. 2017) ...................................................................2, 9

## **PRELIMINARY STATEMENT**

Plaintiffs have established a *prima facie* case of specific jurisdiction over BMW AG. BMW AG purposefully availed itself of the New Jersey and South Carolina forums by conducting business with BMW of North America, LLC ("BMW America") and BMW Manufacturing Co. ("BMW Mfg."), fully owned subsidiaries headquartered in New Jersey and South Carolina, respectively. BMW AG uses BMW America as the exclusive distributor, seller, marketer, advertiser, and warrantor of BMW vehicles in the United States, while BMW Mfg. manufactures, assembles, and tests BMW brand vehicles, including the Class Vehicles at issue here. Plaintiffs' claims arise from BMW AG's decision to use these domestic subsidiaries to distribute, sell, market, advertise, warrant, manufacture, assemble, and test its vehicles, and traditional notions of fair play and substantial justice support this Court's specific jurisdiction over BMW AG based on these contacts.

At a minimum, such allegations—along with the supporting evidence proffered by Plaintiffs—create a genuine dispute regarding this Court's jurisdiction over BMW AG, which warrants jurisdictional discovery. BMW AG's opposition is vigorous but unpersuasive. It relies on the incorrect legal standard; disregards substantial evidence establishing a genuine jurisdictional dispute; and misconstrues the scope of the requested jurisdictional discovery. Thus, if the Court is not

1

inclined to deny BMW AG's motion to dismiss, the Court should hold the motion in abeyance and allow Plaintiffs to take discovery that is narrowly tailored and directly relevant to the Court's jurisdictional analysis.

## ARGUMENT

## I.    Plaintiffs Need Only Establish a Genuine Dispute to Warrant Jurisdictional Discovery.

BMW AG's opposition confuses two important principles of law. BMW AG acknowledges that jurisdictional discovery is appropriate so long as "a court's jurisdiction is genuinely in dispute." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017); *see also Doherty-Heinze v. Chrisley*, 2021 WL 12149533, at *5 (N.D. Ga. Dec. 21, 2021) (Batten, C.J.) (holding that jurisdictional discovery would be appropriate where "a genuine dispute as to whether exercising personal jurisdiction" exists).

At the same time it acknowledges this low bar, BMW AG also says Plaintiffs must establish their *prima facie* case of jurisdiction to justify limited jurisdictional discovery. In making this argument, BMW AG relies on *Beckham v. Baker & Hostetler* and *Andrews v. Mazda Motor Corp.* These cases are distinguishable and do not control here. First, *Beckham* says "[i]t is an abuse of discretion . . . if a court orders jurisdictional discovery when a plaintiff fails to establish a prima facie case of personal jurisdiction." 2023 WL 9957259, at *8 (N.D. Ga. Aug. 17, 2023) (Cohen, J.). The court there reasoned that "[b]ecause [it]

2

has accepted the jurisdictional allegations in Plaintiffs' Amended Complaint as true and found that they are deficient to confer specific personal jurisdiction, Plaintiffs have not alleged any facts to support specific personal jurisdiction the veracity of which could be tested by information gathered from additional discovery." *Id.* at *9. Similarly, the plaintiff in *Andrews* made only "broad and conclusory statements" about jurisdiction that did not include any "specific connections to the Georgia market." 2015 WL 1851159, at *8 (N.D. Ga. Apr. 22, 2015) (Duffey, J.). In other words, because the plaintiffs' allegations, accepted as true, ***failed as a matter of law*** to confer personal jurisdiction, jurisdictional discovery would serve no viable purpose in those cases.[1]

Here, Plaintiffs are not seeking jurisdictional discovery to remedy a fundamental legal flaw but rather to resolve disputed jurisdictional facts. That is precisely the purpose of jurisdictional discovery.

---

[1] BMW AG also cites in a footnote to *Kearney v. Bayerische Motoren Werke Aktiengesellschaft*, 2021 WL 1207476 (D.N.J. Mar. 31, 2021). This case is no more persuasive here than when BMW AG previously cited it. Dkt. 287-1 at 17. The plaintiffs in *Kearney* could not establish jurisdiction by imputing jurisdictional contacts or based on a stream of commerce theory. 2021 WL 1207476, at *5-7. Neither basis for jurisdiction is advanced here because Plaintiffs have established that BMW AG purposefully availed itself of conducting its own business in New Jersey and South Carolina and had sufficient contacts with those forums. Dkt. 310 at 11-13, 18-20. *Kearney* is also inapposite because, unlike here, discovery in that case had been open for two years. *Kearney*, 2021 WL 1207476, at *8.

II.    <u>**Plaintiffs' Allegations and Evidence Establish a Genuine Dispute Regarding the Court's Jurisdiction Over BMW AG.**</u>

BMW AG's arguments about the sufficiency of Plaintiffs' jurisdictional evidence and allegations are unpersuasive for three reasons.

First, Plaintiffs have demonstrated a genuine dispute regarding the Court's jurisdiction by supplementing their allegations with compelling evidence that BMW AG purposefully availed itself of the privilege of conducting business in New Jersey and South Carolina. Specifically, BMW AG created BMW America and BMW Mfg. to serve as its gateways to the U.S. market, designed and manufactured the Class Vehicles to comply with U.S. safety regulations, directly shipped its products to New Jersey and South Carolina, and established a network of authorized dealerships—both new and certified pre-owned dealerships—to sell its Class Vehicles. Dkt. 310 at 4-9. BMW AG also used BMW America and BMW Mfg. as hubs for marketing, selling, manufacturing, assembling, distributing, and warranting the Class Vehicles throughout the United States. *Id.* at 13. At a minimum, these facts create a disputed question of fact regarding BMW AG's contacts with New Jersey and South Carolina. Dkt. 310 at 11-13; *see also Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 437–38 (D.N.J. 2023) (finding BMW AG purposefully availed itself of doing business in New Jersey through its "significant relationship with BMW [America]," which "must have entailed contacts with BMW [America] in New Jersey, and thus an awareness that New

4

Jersey was the either the gateway or focal point for BMW AG's access to the American market").

BMW AG's reliance on this Court's decision in *Proliant v. Savant HCM, LLC* is misplaced. In *Proliant*, the plaintiff did not allege "any business" or "any regular undertaking" that the defendant conducts in Georgia and, therefore, failed to satisfy Georgia's long-arm statute. 2018 WL 1936528, at *4-5 (N.D. Ga. Jan. 25, 2018) (Ross, J.). Here, by contrast, Plaintiffs have established that BMW AG engaged in substantial business and maintained significant contacts with New Jersey and South Carolina—both directly and through its business dealings with its New Jersey- and South Carolina-based subsidiaries BMW America and BMW Mfg. Dkt. 310 at 11-12, 14. Plaintiffs do not need to engage in a "fishing expedition" to establish that BMW AG conducts business in the relevant forum states. *Cf. Proliant*, 2018 WL 1936528, at *6 (denying motion for jurisdictional discovery where complaint admitted allegations regarding Georgia activities would need to be "further clarified through discovery").

Second, BMW AG's declaration does not refute Plaintiffs' case for jurisdiction. The declaration of Ronny Löwa, which BMW AG attached to its motion to dismiss (Dkt. 299-1), is filled with summary and conclusory statements that are irrelevant to Plaintiffs' jurisdictional argument against BMW AG. Indeed, the Löwa Declaration purports to refute arguments Plaintiffs have never made,

including that BMW AG is subject to general jurisdiction and that BMW America and BMW Mfg. are BMW AG's alter egos. *See, e.g., id.* ¶¶ 5-11, 20 (relating to general jurisdiction) and ¶¶ 5, 22-26, 28 (relating to imputed contacts and alter ego theory).[2]

Nevertheless, Plaintiffs rebutted the entirety of BMW AG's motion to dismiss and relevant portions of the Löwa Declaration with allegations and evidence demonstrating that BMW AG purposefully availed itself, through *its own conduct*, of the right to conduct business in New Jersey and South Carolina.[3] For example, the exhibits Plaintiffs submitted in opposition to BMW AG's motion to dismiss contradict BMW AG's claims that it does not conduct or solicit business in the U.S. Dkt. 310-4 ("the US accounts for over 20% of the company's sales"); Dkt. 310-5 (announcing another record year of sales in the U.S.); Dkt. 310-12 ("One of the core principles of the company's philosophy is that 'production follows the market.'"). Plaintiffs also contradicted BMW AG's statement that it does not direct business toward South Carolina or New Jersey by submitting evidence that BMW

---

[2] In addition, whether BMW America takes possession of the vehicles in Germany (Dkt. 299-1 ¶ 29) does not matter. *See Patt v. Volkswagen Grp. of Am., Inc.*, 688 F. Supp. 3d 1186, 1188, 1194 (S.D. Fla. 2023) (denying foreign automaker's motion to dismiss for lack of personal jurisdiction where domestic distributor took possession of vehicles in foreign country); *Johnson v. Chrysler Can. Inc.*, 24 F. Supp. 3d 1118, 1121, 1142 (N.D. Ala. 2014) (same).

[3] *Ganz v. Grifols Therapeutics LLC*, 688 F. Supp. 3d 1209, 1220 (S.D. Fla. 2023), is unpersuasive because, unlike in *Ganz*, Plaintiffs have submitted specific evidence to rebut BMW AG's motion to dismiss and its supporting declaration.

AG directly ships vehicles and component parts to New Jersey and South Carolina. Dkt. 310-20. Finally, Plaintiffs rebutted BMW AG's assertion that it is not involved in the marketing, sale, and advertising of the Class Vehicles by submitting evidence that BMW America's CEO, who oversees marketing, sales, and distribution, reports directly to a member of BMW AG's Board of Management. Dkt. 310-10. The extensive rebuttal evidence Plaintiffs submitted here contrasts with *Alexander v. Bayerische Motoren Werke AG*, where the plaintiff did not submit any evidence of its own. 2020 WL 2098108, at *6 (D.S.C. May 1, 2020).

These examples, and all the evidence and allegations submitted with Plaintiffs' Opposition (Dkt. 310), create material contradictions that warrant jurisdictional discovery. *See Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321, 1324 (S.D. Fla. 2009) (holding that the evidence submitted about the defendant created enough contradictions to warrant jurisdictional discovery). And, where "[Plaintiffs'] complaint and supporting evidence conflict with [BMW AG's] affidavits, the court must construe all reasonable inferences in favor of [Plaintiffs]." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1265, 1269 (11th Cir. 2002).

Finally, BMW AG's authorities on this point are easily distinguishable and unpersuasive. In *Kennedy v. VGW Holdings Ltd.*, the court denied jurisdictional

discovery because the plaintiff failed to present any "reason to believe that the Defendants' statements about its purchase records," which on their face rebutted plaintiffs' jurisdictional allegations, "are inaccurate." 2024 WL 4491821, at *3 (N.D. Ga. Oct. 15, 2024) (Thrash, J.). In *Barth v. Walt Disney Parks & Resorts U.S., Inc.*, the court denied jurisdictional discovery because the plaintiff attempted to subject the defendants, with principal places of business in Florida and California, to general jurisdiction in Pennsylvania without establishing any basis for general jurisdiction. 697 F. App'x 119, 120 (3d Cir. 2017). Similarly, in *Malik v. Cabot Oil & Gas Corp*., the plaintiff sued a Delaware corporation with its principal place of business in Texas for an accident that occurred in Pennsylvania and argued that the business was subject to general and specific jurisdiction in New Jersey. 710 F. App'x 561, 562–64 (3d Cir. 2017). The plaintiff failed to allege facts showing that was the "exceptional case" in which a corporation could be deemed at home in a forum where it was neither incorporated nor maintained its principal place of business. *Id*. at 564. Additionally, the court found that the plaintiff's claim, arising from an accident in Pennsylvania, did not "arise out of or relate to" the defendant's contacts with New Jersey. *Id*. at 565. Finally, in *Ferguson v. Aon Risk Servs. Cos.*, the plaintiff did not allege "any facts" demonstrating a link between the defendant and the forum state. 2020 WL 914702, at *6 (D.N.J. Feb. 26, 2020).

8

**III.**   **The Proposed Discovery Is Narrowly Tailored and Relevant to Whether Jurisdiction Exists Over BMW AG.**

Plaintiffs specifically detail how jurisdictional discovery will confirm BMW AG's purposeful availment of the right to do business in New Jersey and South Carolina. Dkt. 311 at 4-5. The discovery will also confirm BMW AG's direct involvement in these markets, as well as its deliberate use of its American subsidiaries to establish and maintain its presence. *Id.* These facts distinguish the present case from BMW AG's cited authorities. *See Wolf*, 683 F. App'x at 792 (plaintiff "did not specify what information he sought or how the information would bolster his allegations."); *Jacobs Eye, LLC v. Data Union, Inc.*, 2019 WL 8438492, at *4 (N.D. Ga. Sep. 19, 2019) (Ross, J.) (plaintiff did not specify the information sought or how that information would support jurisdiction); *Katz v. DNC Servs. Corp.*, 2017 WL 5885672, at *7 (E.D. Pa. Nov. 29, 2017) (plaintiff failed to suggest the possible existence of contacts between the defendant and the forum state, and failed to show that additional discovery would bolster the jurisdictional allegations).

BMW AG's characterization of the proposed discovery as irrelevant or futile is also flawed. Each of the proposed topics of discovery is directly tied to BMW AG's contacts with New Jersey and South Carolina and would help demonstrate jurisdiction in these forum states.

*Topic 1*: Discovery regarding BMW AG's relationship with and control over its subsidiaries is critical to determining whether it purposefully availed itself of the right to conduct business in New Jersey and South Carolina. These subsidiaries serve as BMW AG's entry points into the United States market, making their role directly relevant to the jurisdictional analysis.

*Topic 2*: Discovery regarding BMW AG's role in the design, manufacture, advertising, distribution, sale, and warranty of Class Vehicles—both directly and through BMW America and BMW Mfg.—is central to assessing its jurisdictional contacts with New Jersey and South Carolina and establishing that Plaintiffs' claims relate to or arise out of those contacts. BMW AG does not deny its interaction with its subsidiaries regarding the design, manufacture, advertising, distribution, sale, or warranty of the Class Vehicles; in fact, both of the declarations it submitted with respect to its motion to dismiss acknowledge such coordination. Dkt. 299-1 ¶ 2; Dkt. 315-2 ¶¶ 2, 15. The fact that BMW AG may not make final decisions for BMW America or BMW Mfg., or that it is a distinct legal entity from them, does not negate its substantial business involvement and coordination with BMW America and BMW Mfg. *Accord Rickman*, 538 F. Supp. 3d at 438 ("Given the intense focus and investment that BMW AG puts on the American market, significant coordination between [BMW AG and BMW America] is plausible.").

*Topics 3 & 4*: Contrary to BMW AG's assertion, these topics do not constitute improper merits discovery.[4] Rather, they seek relevant information about BMW AG's knowledge of safety risks and its involvement in the testing of ARC inflators installed in the Class Vehicles. When considered alongside Topics 1 and 2, this information will assist the Court in determining whether Plaintiffs' claims relate to or arise out of BMW AG's contacts with New Jersey and South Carolina.

*Topic 5*: Discovery regarding BMW AG's efforts to ensure that Class Vehicles complied with U.S. regulations and interactions with regulators is directly relevant to Plaintiffs' contention that BMW AG purposefully availed itself of the right to do business in New Jersey. BMW AG uses BMW America to distribute, sell, market, advertise, and warrant its vehicles in the United States, including through interactions with U.S. regulators. As support for such discovery, Plaintiffs submitted evidence that establishes BMW America's communications with U.S. regulators on behalf of BMW AG. Dkt. 310 at 7-8; Dkts. 310-6, 310-7, 310-8.

*Topic 6*: Discovery regarding this broader topic concerns BMW AG's direct shipments to and business activities in New Jersey and South Carolina. Plaintiffs

---

[4] *See ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) ("when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery'") (citation omitted).

provided sufficient evidence to justify the scope of this request. Dkt. 310 at 2-9; Dkt. 310-20.

All of Plaintiffs' proposed discovery would aid the Court in exercising jurisdiction over BMW AG. BMW AG's remaining cases do not hold otherwise. *See McCarthy v. Yamaha Motor Mfg. Corp.*, 994 F. Supp. 2d 1318, 1328 (N.D. Ga. 2014) (Batten, J.) (plaintiffs engaged in nearly two years of discovery but failed to gather necessary jurisdictional facts); *Oliver v. Funai Corp.*, 2015 WL 9304541, at *11 (D.N.J. Dec. 21, 2015) (plaintiffs did not present facts suggesting any basis for general jurisdiction and the requested discovery would not determine whether plaintiffs' claims arose out of defendants' contacts with New Jersey).

In passing, BMW AG cites the Eleventh Circuit's decision in *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.* This decision demonstrates why Plaintiffs' assertion of jurisdiction is proper. In finding jurisdiction, the Eleventh Circuit considered multiple factors that arose from recurring business transactions and the defendant's purposeful engagement with the forum. 593 F.3d 1249, 1268-69, 1271 (11th Cir. 2010). Here, BMW AG has engaged in extensive business transactions through its decades-long relationships with BMW America and BMW Mfg., which warrants discovery into whether BMW AG transacted business in New Jersey and South Carolina.

12

## CONCLUSION

For the reasons set forth above, if the Court is not inclined to deny BMW AG's motion to dismiss for lack of personal jurisdiction, it should grant Plaintiffs' request for jurisdictional discovery as specified above.


Dated: March 21, 2025                         Respectfully submitted,

*/s/ Roland Tellis*                             */s/ Demet Basar*
Roland Tellis                                   Demet Basar
rtellis@baronbudd.com                           demet.basar@beasleyallen.com
David Fernandes                                 W. Daniel "Dee" Miles, III
dfernandes@baronbudd.com                        dee.miles@beasleyallen.com
Adam Tamburelli                                 J. Mitch Williams
atamburelli@baronbudd.com                       mitch.williams@beasleyallen.com
Sterling L. Cluff                               Dylan T. Martin
scluff@baronbudd.com                            dylan.martin@beasleyallen.com
Kelsey J. Elling                                **BEASLEY, ALLEN, CROW,**
kelling@baronbudd.com                           **METHVIN, PORTIS & MILES,**
**BARON & BUDD, P.C.**                          **P.C.**
15910 Ventura Blvd #1600                        272 Commerce Street
Encino, California 91436                         Montgomery, Alabama 36104
Tel: (818) 839-2333                             Tel: (334) 269-2343

                                                H. Clay Barnett, III (GA Bar 174058)
                                                clay.barnett@beasleyallen.com
                                                Thomas P. Willingham (GA Bar 235049)
                                                tom.willingham@beasleyallen.com
                                                **BEASLEY, ALLEN, CROW,**
                                                **METHVIN, PORTIS & MILES,**
                                                **P.C.**
                                                Overlook II
                                                2839 Paces Ferry Rd SE, Suite 400
                                                Atlanta, GA 30339
                                                Tel: (404) 751-1162

13

/s/ James E. Cecchi
James E. Cecchi
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700

Zachary Jacobs
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, Illinois 60606
Tel: (973) 994-1700

Jason H. Alperstein
jalperstein@carellabyrne.com
Zachary J. Bower
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Tel: (973) 994-1700

/s/ Elizabeth T. Castillo
Niall P. McCarthy
nmccarthy@cpmlegal.com
Elizabeth T. Castillo
ecastillo@cpmlegal.com
David G. Hollenberg
dhollenberg@cpmlegal.com
**COTCHETT, PITRE &
McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

Theresa E. Vitale
tvitale@cpmlegal.com
**COTCHETT, PITRE &
McCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Tel: (310) 392-2008

14

*/s/ David Stellings*

David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

*/s/ Kevin R. Dean*

Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

*/s/ Matthew D. Schultz*

Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO,
RAFFERTY, PROCTOR,
BUCHANAN, O'BRIEN, BARR &
MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

*Leadership Committee for Plaintiffs and the Proposed Classes*

15

*/s/ Michael A. Caplan* \
Michael A. Caplan (GA Bar 601039) \
mcaplan@caplancobb.com \
T. Brandon Waddell (GA Bar 252639) \
bwaddell@caplancobb.com \
Ashley C. Brown (GA Bar 287373) \
abrown@caplancobb.com \
**CAPLAN COBB LLC** \
75 Fourteenth Street NE, Suite 2700 \
Atlanta, Georgia 30309 \
Tel: (404) 596-5600

*/s/ M.J. Blakely* \
M.J. Blakely (GA Bar 708906) \
mjblakely@blakelyfirm.com \
**THE BLAKELY FIRM, L.L.C.** \
P.O. Box 3314 \
Decatur, GA 30031 \
Tel: (404) 491-0617

*Liaison Counsel for Plaintiffs and the Proposed Classes*

16

**<u>CERTIFICATION</u>**

Pursuant to Civil Local Rule 7.1(D), the undersigned counsel certifies that this brief has been prepared with 14-point Times New Roman, as approved by the Court in Civil Local Rule 5.1(C).

*/s/ David Stellings*
David Stellings
