# EXHIBIT B

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. **CACE22014881**   DIVISION: **27**   JUDGE: **Bidwill, Martin J. (27)**

**Johann S. Von Eisenberg**

Plaintiff(s) / Petitioner(s)

v.

**Automobili Lamborghini S.p.A, et al**

Defendant(s) / Respondent(s)

_____/

## ORDER GRANTING AUTOMOBILI LAMBORGHINI S.P.A.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

THIS CAUSE has come before the Court upon Automobili Lamborghini S.p.A.'s ("Lamborghini Italy's") Motion to Dismiss for lack of personal jurisdiction. After considering the Motion, Plaintiff's Response in Opposition, the Reply, proposed orders from the parties, the arguments of counsel at a hearing, and applicable law, the Court rules that the Motion is **GRANTED**.

As explained below, the Court lacks personal jurisdiction over Lamborghini Italy, a foreign vehicle manufacturer, in this asbestos product liability case because Plaintiff Johann Von Eisenberg has not satisfied his burden of showing that Lamborghini Italy had "a substantial connection" with Florida created "by an action of [Lamborghini Italy] purposefully directed toward the forum State." *S. Wall Prod., Inc. v. Bolin*, 251 So. 3d 935, 940 (Fla. 4th DCA). Exercising general or specific jurisdiction in this case would not comport with due process. *See also Imerys Talc Am., Inc. v. Ricketts*, 262 So. 3d 799, 802 (Fla. 4th DCA 2018); *Volkswagen Aktiengesellschaft v. Jones*, 227 So. 3d 150, 152 (Fla. 2d DCA 2017).

## LEGAL STANDARD

Before a Florida court may consider the merits of a complaint, it must ensure that it has jurisdiction over the parties. *Borden v. E-European Ins. Co.*, 921 So. 2d 587, 591 (Fla. 2006). The established procedure in Florida for determining whether a court may exercise personal jurisdiction is set forth in *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989). "Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts." *Id.* at 502. The defendant can then challenge the legal sufficiency of the jurisdictional allegations by filing a motion to dismiss for lack of personal jurisdiction. *Id*. If the defendant wishes to challenge the factual accuracy of the jurisdictional allegations, it "must file affidavits in support of [its] position." *Id*. The burden then shifts back to the plaintiff "to prove by affidavit the basis upon which jurisdiction may be obtained." *Id*. "[I]f no such sworn proof is forthcoming from the plaintiff as to the basis for jurisdiction, the trial court must grant the defendant's motion to dismiss." *Rollet v. de Bizemont,* 159 So. 3d 351, 356 (Fla. 3d DCA 2015). "The trial court can resolve the issue of personal jurisdiction based on the affidavits or other evidence if they are not in conflict." *Bolin*, 251 So. 3d at 939. When "the evidence on the material facts on jurisdiction is in conflict, 'then the trial court must conduct a limited evidentiary hearing to resolve the factual dispute.'" *Id.* (citation omitted).

After engaging in this analysis, a court first determines whether there are sufficient jurisdictional facts to satisfy Florida's long-arm statute, section 48.193. *See Venetian Salami*, 554 So. 2d at 501-02. If the Court finds that Plaintiff has satisfied Florida's long-arm statute, the Court must then proceed to the second step of the analysis and determine whether the exercise of jurisdiction comports with federal due process. *Id*. As a matter of due process, a state may only authorize its courts to exercise personal jurisdiction over a foreign defendant if "the defendant's contacts with the forum state (1) are related to the plaintiff's cause of action or have given rise to it, (2) involve some act by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum, and (3) must be such that the defendant should reasonably anticipate being haled into court there." *Jones*, 227 So. 3d at

154.

## ANALYSIS

Applying the *Venetian Salami* framework to this case, the Court finds that (1) Plaintiff's allegations are legally sufficient to support jurisdiction over Lamborghini Italy, (2) Lamborghini Italy's declaration sufficiently refutes the relevant jurisdictional allegations, and (3), even after having conducted jurisdictional discovery, Plaintiff has not submitted competent evidence to establish either general or specific jurisdiction over Lamborghini Italy in Florida for this case. As a result, this Court cannot exercise jurisdiction over Lamborghini Italy.

**1. Plaintiff's Allegations**. Beginning with Plaintiff's complaint, the Court finds that Plaintiff's allegations are sufficient to plead jurisdiction over Lamborghini Italy. *See* Am. Compl. ¶¶ 10, 24-28. The Amended Complaint asserts that Lamborghini Italy "individually and/or through its agent(s), manufactured, sold and/or distributed asbestos-containing products, including brakes, throughout the world, including Florida, which Plaintiff used and was exposed to in his life, causing Plaintiff to develop asbestosis." *Id.* ¶ 10. Plaintiff further alleges that Lamborghini Italy purposefully directed actions toward Florida, including that Lamborghini Italy had "an office or agency in Florida," that it "target[ed] Florida as a market for [its] products," "target[ed] consumers in Florida," "intentionally avail[ed] itself of the privilege of doing or benefitting from business in Florida," and "exercise[d] sufficient control over a subsidiary or affiliated entity to render such an entity an agent or alter ego of [Lamborghini]." *Id.* ¶ 25. Plaintiff alleges that his claims "arose out of" such actions. ¶ 28. Plaintiff further pleads that Lamborghini Italy "engaged in substantial and not isolated activity within Florida." *Id.* ¶ 27. Viewed collectively and taken as true, these allegations support jurisdiction. *See* § 48.193, Fla. Stat.; *Teva Pharm. Indus. v. Ruiz*, 181 So. 3d 513, 522 (Fla. 2d DCA 2015) (jurisdiction comports with due process when "[a] defendant's suit-related actions . . . create a substantial connection with the state.").

**2. Lamborghini Italy's Declaration**. Because Plaintiff has sufficiently pled the existence of jurisdiction, the burden shifts to Lamborghini Italy to contest these allegations with a sworn declaration.

*Venetian Salami*, 554 So.2d at 502. The Court thus turns to the declaration submitted by Lamborghini Italy's corporate representative Rocco Guerra. As a threshold matter, Plaintiff argues that Mr. Guerra lacks "personal knowledge" and has no evidentiary foundation to testify about events that occurred before his employment at Lamborghini Italy commenced in 2008.

The Court rejects this argument and concludes that Mr. Guerra's declaration is legally sufficient. Under Florida Rule of Civil Procedure 1.310(b)(6), a corporate representative testifying "is not required to possess any personal knowledge at all." *Carriage Hills Condo., Inc. v. JBH Roofing & Constructors, Inc.*, 109 So. 3d 329, 334–35 (Fla. 4th DCA 2013). Rather, the corporate representative serves as the "corporation's 'voice' and does "not simply testify [] about matters within his or her personal knowledge[.]" *Id.* at 334 (quotation marks omitted). And for the purpose of a motion to dismiss for lack of jurisdiction, a "legally sufficient" declaration merely requires "factual allegations which, *if taken as true*, show that the defendant's conduct does not subject him to jurisdiction." *Jones*, 227 So. 3d at 157 (quoting *Hilltopper Holding Corp. v. Cutchin*, 955 So.2d 598, 601 (Fla. 2d DCA 2007) (emphasis original); *accord Team Health Holdings Inc. v. Caceres*, 320 So. 3d 232, 235 (Fla. 3d DCA 2021). Like the Second District in *Jones*, this Court "decline[s] [Plaintiff's] invitation to look behind the allegations in the [] affidavit." 227 So. 3d at 157.

Turning to the declaration itself, the Court finds that it is sufficient to refute both general and specific jurisdiction. General personal jurisdiction allows a court to hear any claims against a foreign corporation when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted); *see also* § 48.193 (2), Fla. Stat. But under Supreme Court precedent, general jurisdiction is typically limited to a corporate defendant's place of incorporation and its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Teva*, 181 So. 3d at 521 (no general personal jurisdiction over a defendant where it was neither incorporated in Florida nor had its principal place of business in Florida). According to Mr. Guerra's declaration, Florida is not Lamborghini Italy's place of incorporation nor its principal place of business. *See* Guerra Decl. ¶ 4. The

declaration thus sufficiently refutes the existence of general jurisdiction over Lamborghini Italy in Florida.

The Guerra declaration is also sufficient to refute Plaintiff's allegations concerning specific jurisdiction. While Mr. Guerra does not deny that Lamborghini Italy theoretically could have sold asbestos-containing products in Italy that allegedly injured Plaintiff in Florida, he explains that any sales of Lamborghini vehicles to Florida during the relevant time period were "rare," "isolated," and initiated by individuals and dealers in Florida, not by Lamborghini Italy. Guerra Decl. ¶ 9. More important, Lamborghini Italy never targeted any marketing or other activities towards the State of Florida. Guerra Decl. ¶ 21. As explained next, these statements suffice to refute the existence of specific jurisdiction.

For the exercise of specific jurisdiction over a foreign manufacturer, it is not enough that a product manufactured abroad ends up in Florida through the stream of commerce, and allegedly injures a resident in Florida. Instead, "something more, such as such as special state-related design, advertising, advice, or marketing is required to show purposeful availment of a forum." *J. McIntyre*, 564 U.S. at 889 (Breyer, J., joined by Alito, J., concurring) (internal quotation marks omitted). Florida courts have adopted the plurality opinion of the U.S. Supreme Court's decision in *J. McIntyre*. As the Fourth District explained in *Bolin*, a recent asbestos case, "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum." 251 So. 3d at 940 (quoting *J. McIntyre,* 564 U.S. at 886 (emphasis added)). The plaintiff must show plus factors to allow the exercise of jurisdiction over a foreign manufacturer: there must be "a substantial connection between the defendant and the forum State" created "by an action of the defendant purposefully directed toward the forum State." *Id.* That connection does not exist simply because the foreign manufacturer fills an order placed by a Florida resident. *See Jones*, 227 So.3d at 152 ("[E]vidence that a foreign company will fill an online order for a particular product falls far short of establishing that that company has 'purposely availed' itself of the privilege of conducting activities within a particular state.").

Similarly, in *Imerys Talc*, the Fourth District relied on *J. McIntryre*'s plurality opinion to hold

that the stream of commerce *plus* test rejects the notion that jurisdiction over a foreign manufacturer can be established merely because the manufacturer could have foreseen that its product would end up in Florida. 262 So. 3d at 804-05. Rather, "the defendant's transmission of goods permits the exercise of jurisdiction *only* where the defendant can be said to have *targeted* the forum; as a general rule, it is *not* enough that the defendant might have predicted that its goods will reach the forum State.'" *Id*. (emphases added). *See also Highland Stucco*, 259 So. 3d at 950 ("It is not enough that Highland's products may have found their way into Florida or that Highland may have predicted that they might reach Florida, as foreseeability that a product may find its way into a forum state is not enough, by itself, to allow that state to constitutionally exercise jurisdiction over an out-of-state defendant.").

As made clear in *Bolin*, *Imerys Talc*, and *Jones*, Plaintiff cannot premise jurisdiction only on the allegation that Lamborghini Italy manufactured asbestos-containing products that found their way to Florida before 1990, even if Lamborghini Italy expected that its products would reach Florida and even if it filled rare orders placed by Florida dealers during the relevant time period. It is therefore of no moment that Mr. Guerra does not deny that Lamborghini Italy may have manufactured a product in Italy that may have found its way to Florida and caused injury to Plaintiff here. Plaintiff's *pure* stream of commerce theory does not suffice for the exercise of jurisdiction under Florida precedent adopting the stream of commerce *plus* theory articulated in the plurality opinion in *J.McIntyre*.

Instead, Plaintiff must allege something more to establish the required plus factors— *i.e.* conduct by Lamborghini Italy that targeted the state of Florida beyond the mere sale of goods into the stream of commerce. And, on that front, Mr. Guerra sufficiently refutes the existence of the required plus factors. He attests that sales of Lamborghini vehicles into Florida were "isolated" and "rare" before 1990, occurring only at the behest of "individual customers or dealers." *Id.* at ¶ 9. As the Second District explained in *Jones,* a foreign manufacturer simply filling an order placed by a Floridian falls "far short of establishing that [the foreign manufacturer] has purposely availed itself of the privilege of conducting activities within [Florida]." 227 So. 3d at 159. Lamborghini Italy did not target any marketing or other activities towards the state of Florida, *id.* at ¶ 21, which makes the exercise of stream of commerce

jurisdiction inappropriate, *see Bolin*, 251 So. 3d at 940. The court must take the assertions in Mr. Guerra's declaration as true for the purposes of the *Venetian Salami* burden-shifting framework, and these assertions sufficiently negate the existence of any Florida-targeted plus factors that would be required for the exercise of specific jurisdiction over Lamborghini Italy in Florida.

    **3. Plaintiff's Opposition and Submission of Counterevidence**. Because the Guerra declaration refutes Plaintiff's relevant allegations, "the burden shifts back to the plaintiff to refute the evidence the defendant submitted by affidavit or other evidence." *Bolin*, 251 So. 3d at 939. Despite having conducted jurisdictional discovery, Plaintiff fails to submit competent evidence establishing general or specific personal jurisdiction.

    First, Plaintiff argues in his opposition that Lamborghini Italy delivered "many" asbestos-containing products into Florida and that such products were "routinely" used in Florida. Pl.'s Opp. at 15-16. But Plaintiff provides no evidentiary basis for these assertions. The only relevant evidence in the record is Mr. Guerra's declaration, which asserts that any sales to Florida before 1990 were "rare" and "isolated" and initiated by Florida dealers. Guerra Decl. ¶ 9. Mr. Guerra attests that Lamborghini never targeted any marketing activities towards the State of Florida. *Id.* ¶ 21. Plaintiff's citations for the proposition that "many" and "routine" sales occurred are not supportive. For instance, he cites Lamborghini Italy's Amended Responses to Plaintiff's Jurisdictional Interrogatories, at Nos. 5 and 6, but these responses clearly say that sales were "rare" and "isolated." He also cites to Lamborghini's Amended Response to Plaintiff's Jurisdictional Interrogatories at No. 2, but this response merely says that two Florida Lamborghini dealers existed between 1975 and 2005; the response says nothing about the quantity or frequency of sales or the relationship between these dealers and Lamborghini Italy. Finally, he cites to a 2007 letter from a Florida dealer to Lamborghini Italy but this hearsay document says nothing about the frequency or amount of sales. Plaintiff's unsupported assertion that "many," "routine[]" sales occurred to Florida during the relevant time period does not satisfy Plaintiff's evidentiary burden at this stage of the *Venetian Salami* analysis. *See Venetian Salami*, 554 So.2d at 502.

    Second, Plaintiff points to the existence of two Lamborghini dealers in Florida, Ultimate Motor

Works, Inc. in Orlando and Prestige Motor Car Imports in Miami that existed during the 1980s. Plaintiff cannot show that these dealers were authorized by Lamborghini Italy before 1990. Plaintiff points to a statement from a lawyer representing Ultimate Motor Works in a 2007 letter to Lamborghini Italy claiming that Ultimate Works has been a "Lamborghini dealer" since 1988, but this hearsay statement is inadmissible and is not supported by any competent evidence that Lamborghini Italy authorized Ultimate Works or any other Florida dealer. More importantly, nothing in the record that Plaintiff points to establishes that these Florida dealers were agents or alter egos of Lamborghini Italy during the relevant time period. Florida appellate courts have uniformly held that a trial court cannot consider the activities of an authorized U.S. distributor in determining jurisdiction over a foreign manufacturer unless the plaintiff can meet the high burden of establishing an agency or alter ego theory, and Plaintiff does not attempt to meet those standards. *See, e.g., State v. Am. Tobacco Co.*, 707 So. 2d 851, 854 (Fla. 4th DCA 1998); *Reynolds Am., Inc. v. Gero*, 56 So. 3d 117, 120 (Fla. 3d DCA 2011).

Plaintiff also makes a brief reference to an independent U.S. distributor called Lamborghini USA, but he does not establish an agency or alter ego relationship between Lamborghini Italy and Lamborghini USA. Besides that, Lamborghini USA was created in 1990, after the time period of Plaintiff's alleged exposure, precluding any causal connection with Plaintiff's claims in this suit. *See Piazenko v. Pier Marine Interiors GMBH*, 314 So. 3d 438, 444 (Fla. 3d DCA 2020) (For specific jurisdiction, there must be "a causal connection between the defendant's activities in the forum state and the plaintiff's cause of action.").

All that is left, then, is the "rare" and "isolated" sales of Lamborghini vehicles into Florida, initiated by Florida dealers, without any marketing or other targeted conduct by Lamborghini Italy toward Florida during the relevant time period. This is not sufficient to establish personal jurisdiction. Because "merely placing goods in the stream of commerce does not create sufficient minimum contacts to warrant the assertion of jurisdiction," *Bolin*, 251 So. 3d at 939–40, exercising jurisdiction in this case would not comport with due process. An "isolated sale" of a product into a state "does not constitute an adequate basis for asserting jurisdiction over an out-of-state defendant, even if that defendant places his

goods in the stream of commerce, fully aware (and hoping) that such a sale will take place." *J. McIntyre*, 564 U.S. at 888-89. "Something more" is required under both Supreme Court and Florida precedent. *Id.*; *see also Jones*, 227 So. 3d at 159 (a foreign company filling an order placed by a Florida resident for a particular product does not amount to purposeful availment).

In short, Plaintiff has not met his burden to provide evidence of any "plus" factors that would show Lamborghini Italy had a "substantial connection" with Florida created "by an action of [Lamborghini Italy] purposefully directed toward the forum State," as would be necessary to establish specific jurisdiction. *Bolin*, 251 So. 3d at 940 (quoting *J. McIntyre*, 564 U.S. at 886). The Court need not hold an evidentiary hearing because Plaintiff has not submitted any sworn proof that disputes Lamborghini Italy's declaration. Indeed, neither party has requested a hearing. On the record before the Court, Plaintiff has not demonstrated the jurisdictional facts sufficient to support general jurisdiction or specific jurisdiction in this case.

Therefore, Defendant Automobili Lamborghini S.p.A's Motion to Dismiss for Lack of Personal Jurisdiction is hereby **GRANTED**. The plaintiff's claims against Defendant Automobili Lamborghini S.p.A are **DISMISSED**.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>27th day of June, 2024</u>.

<u>CACE22014881 06-27-2024 5:03 PM</u>
Hon. Martin Bidwill
**CIRCUIT COURT JUDGE**
Electronically Signed by Martin Bidwill

**Copies Furnished To:**
Brigette Price , E-mail : bprice@kslaw.com
Clarke Sturge , E-mail : Clarke.Sturge@csklegal.com
Clarke Sturge , E-mail : Stephanie.Dopico@csklegal.com
Clarke Sturge , E-mail : Jacqueline.Koenig@csklegal.com
Courtney M. Keller , E-mail : nef-iws@gtlaw.com
Courtney M. Keller , E-mail : kellerc@gtlaw.com

Courtney M. Keller , E-mail : orllitdock@gtlaw.com
Erin Weinstock , E-mail : docketingmiami@rumberger.com
Erin Weinstock , E-mail : Eweinstock@rumberger.com
Erin Weinstock , E-mail : eweinstocksecy@rumberger.com
Jose L Becerra , E-mail : JLB@ferrarolaw.com
Jose L Becerra , E-mail : lfuentes@ferrarolaw.com
Kelsey E. Kilpatrick , E-mail : Kelsey.Kilpatrick@gtlaw.com
Lawrence J Bernard , E-mail : sgrubbe@bernardlaw.net
Lawrence J Bernard , E-mail : courtney@bernardlaw.net
Loren W Fender , E-mail : lfender@siegfriedrivera.com
Loren W Fender , E-mail : docketing@siegfriedrivera.com
Loren W Fender , E-mail : amaillo@siegfriedrivera.com
M. Stephen Smith , E-mail : ddelcastillo@rumberger.com
Matthew Keating Casbarro , E-mail : mcasbarro@ferrarolaw.com
Melville Stephen Smith , E-mail : ssmithsecy@rumberger.com
Melville Stephen Smith , E-mail : gestrada@rumberger.com
Melville Stephen Smith , E-mail : ssmith@rumberger.com
Michael R Holt , E-mail : mholtsecy@rumberger.com
Michael R Holt , E-mail : mholt@rumberger.com
Nikolas Volosin , E-mail : dorothy.matheis@akerman.com
Nikolas Volosin , E-mail : masterdocketlit@akerman.com
Nikolas Volosin , E-mail : nikolas.volosin@akerman.com
Nora Lewis , E-mail : Nora.Lewis@bowmanandbrooke.com
Nora Lewis , E-mail : Debra.Minnick@bowmanandbrooke.com
Robert Rudock , E-mail : bob.rudock@bowmanandbrooke.com
Robert Rudock , E-mail : estela.martinez@bowmanandbrooke.com
Susan Vargas , E-mail : svargas@kslaw.com
Timothy J Ferguson , E-mail : tferguson@foleymansfield.com
Timothy J Ferguson , E-mail : jhernandez@foleymansfield.com
Timothy J Ferguson , E-mail : courtmailmiami@foleymansfield.com
Valentin Leppert , E-mail : kstobacco@kslaw.com
Valentin Leppert , E-mail : jblake@kslaw.com
Valentin Leppert , E-mail : vleppert@kslaw.com
Whitney V. Cruz , E-mail : whitney.cruz@bowmanandbrooke.com
Whitney V. Cruz , E-mail : juliet.menendez@bowmanandbrooke.com