UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br><br>Case No: 1:22-md-03051-ELR |

**SUPPLEMENTAL DECLARATION OF MAGNUS WEISS
IN SUPPORT OF SPECIALLY APPEARING
DEFENDANT AUDI AG'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION (FED. R. CIV. P. 12(b)(2))**

I, Magnus Weiss, declare that:

1. I am over eighteen years of age. I make this Reply Declaration in support of Specially Appearing Defendant Audi Aktiengesellschaft's ("AUDI AG's") concurrently filed Reply in Support of its Motion to Dismiss for Lack of Personal Jurisdiction. The facts set forth in this Supplemental Declaration are based on my personal knowledge, on matters known to me in the course of employment by AUDI AG, or on particular matters made known to me that, consistent with my experience, I believe to the best of my knowledge to be reliable and true. To ensure accuracy, I have verified the facts stated herein with the responsible departments at AUDI AG. If called as a witness, I could and would testify to the following:

2. Currently, I am employed by AUDI AG as a product expert. I am personally familiar with and knowledgeable about the business functions and organization of AUDI AG. I am authorized to execute this Declaration on behalf of

1

AUDI AG.

3. AUDI AG sells the vehicles that it manufactures to entities that distribute them to countries around the world. Volkswagen Group of America, Inc. ("VWGoA") is one such entity. AUDI AG sells Audi vehicles, such as Jacinto's Audi A3, to VWGoA (doing business as Audi of America, Inc.) in Germany. VWGoA imports those vehicles to the U.S. and sells them to independent, authorized Audi dealerships for its own account.

4. I have reviewed Plaintiffs' Exhibit 1, entitled "Advertising and Communication Principles of AUDI AG." This document applies to "business partners who provide advertising and communication services" for AUDI AG, "in particular for advertising and communication agencies." VWGoA does not act as a vendor, such as an advertising or communications agency, for AUDI AG.

5. VWGoA's rights and obligations with respect to AUDI AG products are defined by contract. I have reviewed the Importer Agreement between AUDI AG and "Volkswagen of America" ("VWoA"), a predecessor entity of VWGoA, that Jacinto attaches as Exhibit 8. The Importer Agreement has been amended several times since the version attached as Exhibit 8. Nonetheless, Section 3 of the Exhibit states that VWoA (now VWGoA) "shall carry on all business pursuant to this Agreement as an independent entrepreneur on its own behalf and for its own account." Similarly, it provides that VWGoA "is not an agent or representative of

AUDI AG and shall not act or purport to act on behalf of AUDI AG." These terms remain in effect today.

6. AUDI AG does not dictate how VWGoA performs its tasks and functions as distributor, marketer, and warrantor of Audi vehicles in Virginia or elsewhere in the U.S.

7. From time to time, business units or individuals from AUDI AG may consult with VWGoA for purposes of coordination. Consultation is a cooperative process. It is not a mechanism by which AUDI AG dictates how VWGoA performs its business functions and responsibilities.

8. VWGoA exclusively determines which dealers are authorized to sell, lease and service Audi vehicles in the United States. AUDI AG is not a party to VWGoA's agreements with its dealerships and has no relationship with those dealerships. VWGoA, not AUDI AG, prepared the Audi Dealer Agreement Standard Terms attached as Exhibit 9 to Plaintiffs' Opposition.

9. I have reviewed Section 11(a) of the Importer Agreement, which provides that "VWoA and AUDI AG shall negotiate and agree upon VWoA's annual sales objectives and delivery schedules for Contractual Products." AUDI AG has finite manufacturing capacity. AUDI AG works with all its distributors to allocate production capacity according to their anticipated orders. This is a global process that is not specific to Virginia or the U.S. or any one state or country.

10. VWGoA, not AUDI AG, decides how to market and advertise Audi vehicles in the U.S. AUDI AG does not attempt to influence or encourage marketing to Virginia or California specifically.

11. AUDI AG does not issue warranties to purchasers or lessees of new Audi vehicles in the U.S. AUDI AG does not decide whether a U.S. customer's claim should be paid by the customer or under warranty. VWGoA and/or authorized Audi dealerships make those decisions, in accordance with the terms of the new vehicle limited warranty.

12. AUDI AG designed Jacinto's MY 2016 Audi A3 and the Audi vehicles listed as "Class Vehicles" in the Consolidated Corrected Amended Complaint. As an OEM, AUDI AG maintained exclusive control over design choices and processes for Jacinto's MY 2016 Audi A3 and the Audi vehicles listed as Class Vehicles. AUDI AG does not design or manufacture vehicles to be sold only in Virginia (or California), to appeal specifically to Virginia (or California) residents.

I declare, under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 9th, 2025 in Ingolstadt, Germany.

_____
Magnus Weiss