# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051 |
| | Case No. 1:22-md-03051-ELR |
| | District Judge Eleanor L. Ross |

## AUDI AKTIENGESELLSCHAFT'S OPPOSITION

## <u>TO MOTION FOR JURISDICTIONAL DISCOVERY</u>

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ..................................................................................................1

ARGUMENT .......................................................................................................3

I.      JACINTO FAILS TO SHOW JURISDICTIONAL DISCOVERY IS
WARRANTED ...........................................................................................3

     A.    Jacinto's Pleading Has Not Shown a Genuine Dispute About
Whether Personal Jurisdiction Exists.....................................................5

     B.    Jacinto's Proposed Topics Do Not Support Specific Jurisdiction.......10

     C.    Jacinto's Authorities Do Not Support Jurisdictional Discovery .........14

CONCLUSION ..................................................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ACLU of Fla., Inc. v. City of Sarasota*,
   859 F.3d 1337 (11th Cir. 2017) ........................................................15

*Andrews v. Mazda Motor Corp.*,
   2015 WL 1851159 (N.D. Ga. Apr. 22, 2015) .......................................4

*Arno Res., LLC v. Epic Tech, LLC*,
   2022 WL 3970756 (N.D. Ga. Aug. 8, 2022) ......................................10

*Beckham v. Baker & Hostetler, LLP*,
   2023 WL 9957259 (N.D. Ga. Aug. 17, 2023) .................................3, 4

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
   582 U.S. 255 (2017) ..........................................................................14

*Brown v. Carnival Corp.*,
   202 F. Supp. 3d 1332 (S.D. Fla. 2016) .........................................11, 13

*Cold Smoke Cap., LLC v. Gross*,
   2012 WL 3612626 (N.D. Ga. Aug. 21, 2012) .....................................8

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ............................................................................9

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
   593 F.3d 1249 (11th Cir. 2010) ........................................................13

*Diulus v. Am. Express Travel Related Servs. Co.*,
   823 F. App'x 843 (11th Cir. 2020) .....................................................5

*Emmer v. WABII Branding, Inc.*,
   2021 WL 9638503 (N.D. Ga. Nov. 5, 2021) .....................................14

*Ganz v. Grifols Therapeutics LLC*,
   688 F. Supp. 3d 1209 (S.D. Fla. 2023) ...............................................4

*Hosny v. Thiam*,
   2015 WL 13650094 (N.D. Ga. Apr. 16, 2015) .............................14, 15

*J. McIntyre Machinery, Ltd. v. Nicastro*,
  564 U.S. 873 (2011) ............................................................................................11, 12

*Kennedy v. VGW Holdings Ltd.*,
  2024 WL 4491821 (N.D. Ga. Oct. 15, 2024) .......................................................3

*Luc v. Korean Air Lines Co.*,
  2019 WL 7824584 (N.D. Ga. June 4, 2019)........................................................15

*McCarthy v. Yamaha Motor Mfg. Corp.*,
  994 F. Supp. 2d 1318 (N.D. Ga. 2014).............................................................10

*Opheim v. Volkswagen Aktiengeselschaft*,
  2021 WL 2621689 (D.N.J. June 25, 2021)........................................................7, 8

*Patt v. Volkswagen Group of America, Inc.*,
  688 F. Supp. 3d 1186 (S.D. Fla. 2023).............................................................8, 9

*Performance Systems Group, Inc. v. Kroy IP Holdings, LLC*,
  2012 WL 3637688 (N.D. Ga. Aug. 21, 2012)..................................................4, 7

*Proliant, Inc. v. Savant HCM, LLC*,
  2018 WL 1936528 (N.D. Ga. Jan. 25, 2018)........................................................5

*Reynolds v. Binance Holdings Ltd.*,
  481 F. Supp. 3d 997 (2020) ...............................................................................3

*Seiz v. Quirk*,
  2013 WL 12290850 (N.D. Ga. Jan. 3, 2013).....................................................14

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S.
    Dist. of Iowa*,
  482 U.S. 522 (1987)............................................................................................3

*Wolf v. Celebrity Cruises, Inc.*,
  683 F. App'x 786 (11th Cir. 2017)...............................................................2, 3, 4

*Yamashita v. LG Chem, Ltd.*,
  62 F.4th 496 (9th Cir. 2023) .............................................................................11

*Yepez v. Regent Seven Seas Cruises*,
  2011 WL 3439943 (S.D. Fla. Aug. 5, 2011) ....................................................2, 4

## INTRODUCTION

Plaintiff Eva Jacinto's motion seeking jurisdictional discovery "in the alternative" should be denied. Jacinto, whose claims arise from her purchase of a used Audi in California, has not established (and cannot establish) a *prima facie* case for personal jurisdiction in Virginia over Audi Aktiengesellschaft ("AUDI AG"), the German manufacturer of her vehicle. Further, she never explains how the three general topics into which she seeks discovery could ever establish either general or specific jurisdiction over AUDI AG in Virginia with respect to her claims. Both failings compel denial of her motion.

Jacinto oscillates between inconsistent and contradictory bases for jurisdiction. In her CCAC, she makes only two allegations specific to AUDI AG, both of which she abandons in opposing AUDI AG's motion to dismiss. In her CCAC, she alleges that Audi of America, LLC (AoA, LLC) is "the importer and distributor of Audi brand vehicles sold in the United States." CCAC ¶ 132. Now, through newly cited exhibits referenced nowhere in her pleading, she attributes that role in her briefing to Volkswagen Group of America, Inc. ("VWGoA"). She argues that AUDI AG is subject to specific jurisdiction in Virginia because VWGoA is headquartered there.

Already, AUDI AG has submitted sworn testimony via declaration refuting Jacinto's allegations and establishing that AUDI AG is a separate and distinct entity

from both AoA, LLC and VWGoA. Jacinto's belatedly proffered exhibits—which *contradict* the allegations in her CCAC—similarly fail to make a *prima facie* case of jurisdiction. Jacinto fails to identify any legally viable theory for subjecting AUDI AG to specific jurisdiction in Virginia. That a completely separate affiliate, VWGoA, is headquartered in Virginia, and subject to general jurisdiction there, does not bear on whether AUDI AG could be subject to specific jurisdiction in Virginia with respect to Jacinto's purchase of a used car in California (and indeed, it cannot). Further, the Importer Agreement on which she relies expressly refutes her newly fabricated theory that VWGoA acted as AUDI AG's "sales agent." Finally, the detailed affidavits supplied by AUDI AG on reply, which respond to Jacinto's unpled, belatedly identified "evidence," confirm that specific jurisdiction is improper. With those affidavits, AUDI AG has given Jacinto all the information she needs—which in any case is precisely the information she would obtain through any jurisdictional discovery.

Jacinto's pleading controls, but in any case, her inability to get her own story straight only confirms her failure to make a *prima facie* case of jurisdiction. Jurisdictional discovery is not meant to "allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors[.]" *Yepez v. Regent Seven Seas Cruises*, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011). Nor does it permit Jacinto to engage in "fishing expeditions." *Wolf v.*

*Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017). These principles take on added significance because AUDI AG is a German corporation with no U.S. presence. Courts "exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987). Because Jacinto fails to identify a genuine dispute as to jurisdiction, her motion should be denied.

## **ARGUMENT**

## I.    **JACINTO FAILS TO SHOW JURISDICTIONAL DISCOVERY IS WARRANTED**

Jurisdictional discovery only is warranted if Jacinto can show there is a "genuine dispute" about whether jurisdiction exists. *Kennedy v. VGW Holdings Ltd.*, 2024 WL 4491821, at *3 (N.D. Ga. Oct. 15, 2024) (denying jurisdictional discovery where there was no evidence or contention that a "genuine dispute exists" and where plaintiff had "no reason to believe that the Defendants' statements about its purchase records are inaccurate"); *Reynolds v. Binance Holdings Ltd.,* 481 F. Supp. 3d 997, 1010 (2020) ("simply stating that facts are disputed" insufficient to justify jurisdictional discovery into relationship between parent and subsidiary); *Wolf*, 683 F. App'x at 789.

To show a genuine dispute, Plaintiffs must, at a minimum, establish a *prima facie* case of personal jurisdiction. *See, e.g.*, *Beckham v. Baker & Hostetler, LLP*,

2023 WL 9957259, at *8 (N.D. Ga. Aug. 17, 2023) ("It is an abuse of discretion, []

if a court orders jurisdictional discovery when a plaintiff fails to establish a *prima*

*facie* case of personal jurisdiction."); *see also Andrews v. Mazda Motor Corp.*, 2015

WL 1851159, at *7–8 (N.D. Ga. Apr. 22, 2015) (denying jurisdictional discovery

where plaintiff failed to establish a *prima facie* case). Mere "speculative claims" and

requests for jurisdictional discovery that do "not identify any genuine disputes of

fact" cannot justify opening jurisdictional discovery. *Ganz v. Grifols Therapeutics*

*LLC*, 688 F. Supp. 3d 1209, 1220 (S.D. Fla. 2023). A plaintiff must also "specify

*what* information he [seeks]" and "*how* that information would bolster his

allegations." *Wolf*, 683 F. App'x at 792 (emphasis added).

Critically, however, "the failure of a plaintiff to investigate jurisdictional

issues prior to filing suit does not give rise to a genuine jurisdictional dispute."

*Yepez*, 2011 WL 3439943, at *2. The time for investigating her claims was *before*

Jacinto dismissed her lawsuit in California and refiled her claims in the Eastern

District of Virginia. Jacinto was required to "allege sufficient facts in [her] complaint

to initially support long arm jurisdiction before the burden shifts to the defendant to

make a *prima facie* showing of the inapplicability of the statute." *Performance*

*Systems Group, Inc. v. Kroy IP Holdings, LLC*, 2012 WL 3637688, at *3 (N.D. Ga.

Aug. 21, 2012) (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d

1247, 1249 (11th Cir. 2000)).

Since Jacinto has failed to do so, the Court need not even consider AUDI AG's declarations in order to dismiss for lack of personal jurisdiction. *See Diulus v. Am. Express Travel Related Servs. Co.*, 823 F. App'x 843, 848 (11th Cir. 2020) ("The court will look to the plaintiff's affidavits and other discovery only if (1) the complaint alleged sufficient facts to make out a prima facie case of personal jurisdiction, *and* (2) 'the defendant challenges jurisdiction by submitting affidavit evidence in support of its position.'") (emphasis added)). But should the Court consider them, AUDI AG's declarations confirm the absence of personal jurisdiction.

### A.    Jacinto's Pleading Has Not Shown a Genuine Dispute About Whether Personal Jurisdiction Exists

Having twice failed to identify a plausible basis for specific (or any) jurisdiction, Jacinto asks the Court to permit her jurisdictional discovery anyway. But as this Court has explained, "this puts the cart in front of the horse"—Jacinto must first establish a *prima facie* case <u>before</u> she is entitled to discovery. *See Proliant, Inc. v. Savant HCM, LLC*, 2018 WL 1936528, at *6 (N.D. Ga. Jan. 25, 2018) (Ross, J.) (denying request for jurisdictional discovery where plaintiff had not established a *prima facie* case, and plaintiff admitted its allegations would need to be "supplement[ed]" and "further clarified through discovery").

Jacinto plainly has not pled a *prima facie* case of specific (or general) personal jurisdiction. In its 1,200+ pages, Jacinto's CCAC contains just <u>two</u> factual

allegations specific to AUDI AG: (1) that "it is incorporated under the laws of Germany and maintains its principal place of business in Germany" (*id*. ¶ 131); and (2) that it "maintains the trademark over the name Audi and the four interconnected rings that form its symbol/logo" (*id*. ¶ 136). The remaining allegations address other entities or rely on impermissible group pleading. Jacinto alleges that AoA, LLC is "the importer and distributor of Audi brand vehicles sold in the United States," (*id*. ¶ 132), and that Volkswagen Aktiengesellschaft shipped her Audi A3 to the U.S, including "through Virginia and California," (*id*. ¶ 136).

Jacinto concedes the inadequacy of her allegations by pivoting to an entirely different (unpled) theory of specific jurisdiction in her Opposition to AUDI AG's Motion to Dismiss. She abandons the two allegations specific to AUDI AG and seeks to improperly amend the others through briefing, now asserting that VWGoA is the distributor of Audi vehicles sold in the U.S. and that AUDI AG imported her vehicle "through" VWGoA. Jacinto bases her new theory on nine exhibits that are a matter of public record and that were available to her at the time she filed her CCAC.[1] Jacinto claims that she is responding to AUDI AG's evidentiary showing, but to do

---

[1] For example, the Importer Agreement and Audi Dealer Agreement Standard Provisions, attached as Exhibits 8 and 9 to the Declaration of James Cecchi (ECF No. 321-1, 321-9, 321-10), were also attached to a Declaration of James Cecchi in *Opheim v. Volkswagen Aktiengesellschaft*, No. 2:20-cv-02483-SDA (D.N.J.) on February 8, 2021 – long before the filing of the CCAC. *Opheim* ECF No. 53-1, 53-2, and 53-3.

so, she "is required to *substantiate the jurisdictional allegations in the complaint* by affidavits or other competent proof…." *Performance Systems Group*, 2012 WL 3637688, at *3 (emphasis added). Here, Jacinto's exhibits *contradict* the jurisdictional allegations in her complaint. Plainly, the CCAC does not allege a *prima facie* case of specific jurisdiction.

As discussed in AUDI AG's Reply, Jacinto's second (improper) attempt at establishing jurisdiction fares no better than her first. AUDI AG submitted an affidavit establishing unambiguously that it is a separate and distinct entity from its U.S. distributor, VWGoA, and that AUDI AG does not itself distribute, sell, or warrant Audi vehicles in the U.S. Jacinto tries to erase the distinction by mischaracterizing VWGoA as AUDI AG's "sales agent," but the Importer Agreement on which she relies provides that VWGoA "shall carry on all business pursuant to this Agreement as an **independent entrepreneur** on its own behalf and for its own account" and that it "is **not an agent or representative of AUDI AG** and shall not act or purport to act on behalf of AUDI AG." (emphasis supplied). No jurisdictional discovery will change this fact.

Jacinto mischaracterizes *Opheim v. Volkswagen Aktiengesellschaft*, 2021 WL 2621689 (D.N.J. June 25, 2021). The court did not find that AUDI AG "deliberately targeted New Jersey" through its contacts with VWGoA, but rather deferred any finding of personal jurisdiction pending jurisdictional discovery, which the court

permitted under the theory that "forum-specific facts *could* exist." *Id.* at *4 (emphasis added). Critical to the court's ruling (and unlike here) was the fact that three of the named plaintiffs were residents of the forum state: "the New Jersey plaintiffs purchased their cars here and experience the 'injury' here, *i.e.*, owning/using a defective car." *Id.* at *5. Similarly, the court found that New Jersey had "an interest in giving its residents a forum to vindicate their legal interests for injuries occurring here." *Id.* at *6. The *Opheim* court concluded that discovery was warranted into purposeful availment because the other two prongs of the specific jurisdiction test could (theoretically) be satisfied on the facts alleged.

*Opheim* has no application here. Jacinto is a California resident who seeks to sue AUDI AG in Virginia. She bought her used car in California, presumably saw any representations there, and experienced any purported breach of warranty there. These undisputed facts compel denial of her request for jurisdictional discovery, because any acts related to her California causes of action were directed to California, not Virginia. *See Cold Smoke Cap., LLC v. Gross*, 2012 WL 3612626, at *8 (N.D. Ga. Aug. 21, 2012) (denying jurisdictional discovery where plaintiff failed to allege the foreign defendants engaged in any forum-directed acts related to the cause of action).

Jacinto's remaining cases are distinguishable for the same reason. In *Patt v. Volkswagen Group of America, Inc.*, 688 F. Supp. 3d 1186 (S.D. Fla. 2023), for

example, the court found that AUDI AG was subject to personal jurisdiction in Florida for a car accident that occurred in Florida and that injured a Florida resident. Jacinto argues that *Patt* found specific jurisdiction in Florida even though plaintiff leased his car in California, but here, Jacinto's alleged injury *is* the purchase of her vehicle—which happened in California. *See* AUDI AG Reply at 11.

The fact that VWGoA is headquartered in Virginia has no bearing at all on whether specific jurisdiction exists as to AUDI AG in Virginia with respect to claims arising from the purchase of a used car in California. Jacinto erroneously conflates general jurisdiction over VWGoA with specific jurisdiction over AUDI AG. The U.S. Supreme Court has rejected this approach because it would "subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate" which "would sweep beyond even the 'sprawling view of general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014).

Further, the single question on which *Opheim* permitted discovery—whether AUDI AG directed conduct at the forum state—is foreclosed by the language of the Importer Agreement itself, *see* Reply at 4, 5 (creating a contractual relationship performed in Germany under German law) as well as the declarations submitted by AUDI AG with its reply, which confirm that AUDI AG took no actions that could give rise to Jacinto's alleged misrepresentation and breach of warranty claims (whether in Virginia or elsewhere).

### B.    Jacinto's Proposed Topics Do Not Support Specific Jurisdiction

Jacinto fails to provide any specific discovery requests she would propound on AUDI AG, let alone explain how her proposed topics of discovery could change the outcome. This too warrants denial of Jacinto's motion. *See Arno Res., LLC v. Epic Tech, LLC*, 2022 WL 3970756, at *11 (N.D. Ga. Aug. 8, 2022) (Ross, J.) (denying jurisdictional discovery where plaintiff did not provide any specific discovery requests that "it would serve upon [the defendants]" or "explain how" the discovery sought "will support its allegations" of personal jurisdiction); *McCarthy v. Yamaha Motor Mfg. Corp.*, 994 F. Supp. 2d 1318, 1328 (N.D. Ga. 2014) ("[Plaintiffs]' failure to establish a *prima facie* case for personal jurisdiction and to provide examples of discovery requests they would propound means that they have essentially asked for a jurisdictional fishing expedition, and the Court is not required to allow such an expedition.").

Jacinto seeks permission to conduct discovery on the following overbroad topics: "(1) Audi AG's relationship with and control over its Virginia-based affiliates Volkswagen of America Group, Inc. ('VW America') and Audi of America, LLC ('AOA'); (2) whether Audi AG designs its vehicles specifically to comply with U.S. safety regulations; and (3) the extent to which Audi AG, VW America, and AOA's manufacture, distribution, marketing, and sale of Class Vehicles occurred in or were

directed at Virginia." Mot. at 1–2. Each of these topics seeks information that is either irrelevant or has already been provided to Jacinto:

**Topic 1:** No amount of discovery can show the requisite agency or control when VWGoA's relationship with AUDI AG products is defined by an Importer Agreement that provides VWGoA is an "an independent entrepreneur on its own behalf and for its own account" and "is not an agent or representative of AUDI AG." ECF No. 321-9 § A.3. Further, AUDI AG has already provided extensive discovery on this topic in the form of sworn affidavits, despite Jacinto's failure to meet her initial burden of alleging a *prima facie* case of jurisdiction or producing admissible evidence to support jurisdiction. *See* ECF No. 305-3 ¶¶ 16, 20, 21, 22; Supp. Weiss Dec. ¶¶ 5–7; *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 508 (9th Cir. 2023) ("In the context of a motion for jurisdictional discovery, just as in the context of a motion to dismiss for lack of jurisdiction, bare allegations are trumped by sworn statements to the contrary"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1346 (S.D. Fla. 2016) (rejecting plaintiff's conclusory assertion that she is entitled to jurisdictional discovery to "test the veracity of the statements" made by the defendant).

**Topic 2:** Whether or not AUDI AG designed its vehicles to comply with U.S. safety requirements does nothing to establish that AUDI AG purposely availed itself of the California market for used cars, much less Virginia's. *See J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011) ("it is petitioner's purposeful

contacts with New Jersey, not with the United States, that alone are relevant" …

"These facts may reveal an intent to serve the U.S. market, but they do not show that J. McIntyre purposefully availed itself of the New Jersey market") (plurality opinion); *id.* at 890–891 (concurring opinion); *see also* AUDI AG Reply at 9–11. AUDI AG has already answered the only question relevant to the jurisdictional analysis: it does not design or manufacture vehicles to be sold only in Virginia, or to appeal specifically to Virginia residents (of which Jacinto is not one). Nor is there any mystery that discovery would clear up: Audi vehicles sold in the U.S. comply with all applicable safety requirements in the U.S.

**Topic 3:** Jacinto seeks discovery into whether "the manufacture, distribution, marketing, and sale of Class Vehicles occurred in or were directed at Virginia." This topic only highlights her failure to allege a *prima facie* case of jurisdiction over Jacinto's claims asserted in connection with her California used car purchase: it is the paradigm example of issues she should have investigated before filing an action in the Eastern District of Virginia alleging that AUDI AG was subject to personal jurisdiction there. Again, she fails to distinguish between different defendants and their respective, separate business activities:

- As established by affidavit, AoA, LLC performed none of the specified activities. ECF No. 305-3 ¶ 23. Jacinto is not entitled to jurisdictional

discovery simply to substantiate AUDI AG's uncontroverted affidavits. *Brown*, 202 F. Supp. 3d at 1346.

- Jacinto fails to rebut AUDI AG's evidentiary showing that it manufactured Jacinto's vehicle in Germany. Furthermore, Jacinto offers no evidence to controvert AUDI AG's showing that it operates in Germany.

- As to the distribution, marketing, and sale of Jacinto's vehicle, Jacinto again fails to rebut AUDI AG's evidentiary showing that VWGoA, not AUDI AG, distributes and markets Audi vehicles in the U.S. Moreover, in Jacinto's case, the fact that her used A3 was available for purchase at Desert European Motorcars in Rancho Mirage, California, has nothing to do with VWGoA (much less AUDI AG).

Jacinto also seeks discovery into whether the manufacturing, distribution, marketing, and sale of Audi vehicles was "directed at" Virginia. However, her claims relate to her purchase of a used Audi A3 in *California*, and an alleged breach of warranty that occurred (if anywhere) in *California*. Whether the broad categories of activities identified by Jacinto were directed at Virginia has no relevance to claims arising in California. As the Eleventh Circuit has explained, specific jurisdiction exists where "the defendant has purposefully directed his activities at residents of the forum" and there is "a sufficient nexus between those contacts and the litigation" *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.,* 593 F.3d 1249, 1267 (11th

Cir. 2010). Jacinto is not a resident of Virginia, and there is no conceivable nexus between activities directed at Virginia residents and her asserted injuries in California. *See also Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255 (2017) (no specific jurisdiction in California over claims asserted by non-California residents who were not prescribed drug in California, did not ingest drug in California, and did not experience injury in California).

### C.    Jacinto's Authorities Do Not Support Jurisdictional Discovery

The decisions Jacinto relies on to support her request for jurisdictional discovery are inapposite. In *Emmer v. WABII Branding, Inc.*, 2021 WL 9638503 (N.D. Ga. Nov. 5, 2021), defendant (unlike here) conceded that plaintiff was entitled to jurisdictional discovery.  The plaintiff there had already "made attempts to serve discovery requests upon" the defendants and the defendants did not object to such requests, though they "reserve[d] objections to the scope."  *Id.* at *2–*3. Here, Jacinto argues that she could not serve discovery requests on AUDI AG, but that does not excuse her failure to attach proposed discovery requests to her motion.

Similarly, in *Seiz v. Quirk*, 2013 WL 12290850 (N.D. Ga. Jan. 3, 2013), plaintiffs "specified, in detail, the matters on which they wished to gather discovery" and explained "why it is relevant to the ultimate Motion to Dismiss." *Id.* at *6. As discussed above, Jacinto fails on both counts.  In *Hosny v. Thiam*, 2015 WL 13650094 (N.D. Ga. Apr. 16, 2015), this Court permitted jurisdictional discovery

where plaintiff presented some evidence regarding the defendant's direct contacts with the forum state (Georgia)—namely, defendant's participation in negotiating the contract at issue in the case while physically present in Georgia. *Id.* at *2, *5. Moreover, defendant filed a motion for summary judgment alongside his motion to dismiss for lack of personal jurisdiction, in which he pointed to evidence that he had made contractually required payments to another party's Georgia bank account. *Id.* at *4, *5. Given the "procedural posture," the Court permitted jurisdictional discovery, but even then acknowledged the case presented "a close question." *Id.* at *6.[2] Here, Jacinto has not identified a *prima facie* case of any activities by AUDI AG in the forum state, much less activities related to Jacinto's claims.

As to Jacinto's remaining authorities, the other non-U.S. defendants have done an able job distinguishing them, and AUDI AG joins in those arguments. *See* ECF Nos. 302 at 14–16; 318 at 14–15. To summarize, *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) concerns discovery regarding subject-matter jurisdiction, not personal jurisdiction over a defendant. The court in *Luc v. Korean Air Lines Co.* allowed jurisdictional discovery precisely because the plaintiff, unlike here, had made a *prima facie* showing of personal jurisdiction. 2019 WL 7824584, at *3–4 (N.D. Ga. June 4, 2019). Here there has been no such showing.

---

[2] *See Hosny v. Thiam et al.*, Case No. 1:13-cv-04103-ELR (N.D. Ga.), ECF No. 67 at 17 (July 20, 2015).

## **CONCLUSION**

For the above reasons, the Court should deny Jacinto's motion seeking jurisdictional discovery.

Dated: April 9, 2025                              Respectfully submitted,

                                                 */s/ Livia M. Kiser*

                                                 Livia M. Kiser
                                                 Susan V. Vargas
                                                 **KING & SPALDING LLP**
                                                 633 West Fifth Street, Suite 1600
                                                 Los Angeles, CA 90071
                                                 Telephone: +1 213 443 4355
                                                 Facsimile: +1 213 443 4310
                                                 lkiser@kslaw.com
                                                 svargas@kslaw.com

                                                 Michael B. Shortnacy
                                                 **SHOOK, HARDY AND BACON L.L.P.**
                                                 2049 Century Park East, Suite 3000
                                                 Los Angeles, CA 90067
                                                 Telephone:  (424) 324-3494
                                                 Facsimile:  (424) 204-9093

                                                 *Counsel for Specially Appearing Defendant*
                                                 *Audi Aktiengesellschaft*

16

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C) AND 7.1(D)</u>

I hereby certify that this Audi Aktiengesellschaft's Opposition to Plaintiffs' Motion for Jurisdictional Discovery has been prepared with one of the font and point selections approved by the Court in LR 5.1(C) (Times New Roman, 14 pt.).

Dated: April 9, 2025                                    */s/ Livia M. Kiser*
                                                                    Livia M. Kiser

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date specified below, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF e-filing system.

Dated: April 9, 2025                                 */s/ Livia M. Kiser*
                                                                  Livia M. Kiser