# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051 Case No. 1:22-md-03051-ELR |

# REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY AS TO DEFENDANT <u>AUDI AKTIENGESELLSCHAFT</u>

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................1

ARGUMENT .................................................................................................2

I.  Plaintiffs Need Only Establish a Genuine Dispute Regarding the
    Court's Jurisdiction over Audi AG .................................................................2

II.  Plaintiffs' Allegations and Evidence Establish a Genuine Dispute
     Regarding the Court's Jurisdiction over Audi AG ..........................................4

    A.  The Court can consider the evidence Plaintiffs submitted in
        opposition to Audi AG's motion to dismiss ..........................................4

    B.  Plaintiffs' Complaint alleges a basis for jurisdiction over Audi
        AG ..................................................................................................5

    C.  Audi AG's extrinsic evidence does not show the absence of a
        genuine dispute as to jurisdiction ......................................................7

    D.  Audi AG does not persuasively rebut Plaintiffs' case law
        showing a genuine question of jurisdiction exists here ........................8

III.  The Proposed Discovery Is Narrowly Tailored and Relevant to
      Whether Jurisdiction Exists Over Audi .......................................................10

    CONCLUSION ..........................................................................................12

# TABLE OF AUTHORITIES

**Page**

## Cases

*A Boat 4 Fun, Inc. v. Dream Catcher Marine, LLC*,
   2018 WL 10509576 (S.D. Fla. Oct. 25, 2018)....................................................4

*Andrews v. Mazda Motor Corp.*,
   2015 WL 1851159 (N.D. Ga. Apr. 22, 2015) ....................................................3

*Beckham v. Baker & Hostetler*,
   2023 WL 9957259 (N.D. Ga. Aug. 17, 2023) ...................................................3

*Carr v. Stillwaters Dev. Co., L.P.*,
   83 F. Supp. 2d 1269 (M.D. Ala. 1999)..............................................................8

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
   593 F.3d 1249 (11th Cir. 2010)........................................................................12

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
   592 U.S. 351 (2021)..........................................................................................10

*Ital Brokers S.P.A. v. Redbridge Ins. Co.*,
   2024 WL 4880513 (S.D. Fla. Nov. 25, 2024)..................................................10

*Kennedy v. VGW Holdings Ltd.*,
   2024 WL 4491821 (N.D. Ga. Oct. 15, 2024) ....................................................2

*Lewis v. Mercedes-Benz USA, LLC*,
   530 F. Supp. 3d 1183 (S.D. Fla. 2021)..............................................................7

*Marti v. Iberostar Hoteles y Apartamentos S.L.*,
   2025 WL 253991 (S.D. Fla. Jan. 21, 2025) .......................................................8

*Nafta Traders, Inc. v. Corkcicle, LLC*,
   2020 WL 7422061 (M.D. Fla. May 27, 2020)....................................................6

# TABLE OF AUTHORITIES (Cont.)

**Page**

*Opheim v. Volkswagen Aktiengesellschaft*,
    2021 WL 2621689 (D.N.J. June 25, 2021)................................8, 9, 10

*Patt v. Volkswagen Grp. of Am., Inc.*,
    688 F. Supp. 3d 1186 (S.D. Fla. 2023)...........................................7

*Performance Sys. Grp., Inc. v. Kroy IP Holdings, LLC*,
    2012 WL 3637688 (N.D. Ga. Aug. 21, 2012)...................................5

*Proliant, Inc. v. Savant HCM, LLC*,
    2018 WL 1936528 (N.D. Ga. Jan. 25, 2018)....................................3

*Rickman v. BMW of N. Am. LLC*,
    538 F. Supp. 3d 429 (D.N.J. 2021)..............................................12

*Rothschild & Co. Continuation Holdings A.G. v. Sklarov*,
    440 F. Supp. 3d 1385 (N.D. Ga. 2020).............................................2

*Royal Enamel Ltd. v. JD E-Com. Am. Ltd.*,
    2024 WL 5074976 (S.D. Fla. Dec. 11, 2024)...................................4

*Walden v. Fiore*,
    571 U.S. 277 (2014)................................................................9, 10

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
    792 F.3d 1313 (11th Cir. 2015)....................................................6, 7

*Yepez v. Regent Seven Seas Cruises*,
    2011 WL 3439943 (S.D. Fla. Aug. 5, 2011)....................................5

## PRELIMINARY STATEMENT

Plaintiffs in this multidistrict litigation sued Audi Aktiengesellschaft ("Audi AG"), the German automaker that manufactured certain of the Class Vehicles with allegedly defective airbag inflators at issue in this case. Audi AG imports, markets, and distributes Audi-brand vehicles in the United States through its co-defendant Volkswagen Group of America, Inc. ("VW America"), a domestic company headquartered in Virginia. Audi AG claims its due process rights would be violated if Plaintiffs were allowed to litigate their claims against it here, despite the existence of this exclusive arrangement which allows Audi AG to engage in pervasive business in and through Virginia, reaping the benefits of the U.S. auto market and the protections of Virginia law. Plaintiffs have established why that is incorrect: there is jurisdiction under Virginia law, and the claims against Audi AG should proceed. Dkt. 321 (Pls. Opp'n to Audi AG Mot. to Dismiss).

While Plaintiffs do not believe the Court's jurisdiction is a close call, they have moved in the alternative for leave to conduct limited discovery into Audi AG's purposeful availment of conducting business through Virginia, the transferor forum. Dkt. 322 (Pls. Mot for Jurisdictional Discovery re Audi AG). The requested discovery will bear out Plaintiffs' allegations, supported by evidence in opposition to Audi AG's motion to dismiss, that Audi AG conducts pervasive business through Virginia, leading to the very conduct at issue in this case. *See generally id.*

In its response, Audi AG confuses and barely disputes the key issues with respect to Plaintiffs' motion. Audi AG admits that a genuine dispute over jurisdiction suffices to meet the standard for discovery, while at the same time it says Plaintiffs must meet a heightened requirement. Audi AG urges the Court to ignore Plaintiffs' evidence regarding jurisdiction, all while it relies almost entirely on its own extrinsic testimony. And Audi AG claims that the proposed discovery would not be helpful, based only on Audi AG's say-so. This is not how the jurisdictional discovery process, which gives plaintiffs "[a] qualified right to take jurisdictional discovery," works. *Rothschild & Co. Continuation Holdings A.G. v. Sklarov*, 440 F. Supp. 3d 1385, 1395 (N.D. Ga. 2020) (Totenberg, J.).

Accordingly, if the Court is not inclined to deny Audi AG's motion to dismiss, it should, in the alternative, hold the motion in abeyance and allow Plaintiffs to take narrowly tailored discovery into the Court's jurisdiction over Audi AG.

## **ARGUMENT**

### I.    **Plaintiffs Need Only Establish a Genuine Dispute Regarding the Court's Jurisdiction over Audi AG.**

As an initial matter, Audi AG's opposition confuses two important principles of law. Audi AG acknowledges that jurisdictional discovery is appropriate so long as a plaintiff "can show there is a 'genuine dispute' about whether jurisdiction exists." Dkt. 330 at 3 (quoting *Kennedy v. VGW Holdings*

*Ltd.*, 2024 WL 4491821, at *3 (N.D. Ga. Oct. 15, 2024) (Thrash, J.)). At the same time it acknowledges this low bar, Audi AG also contends Plaintiffs must establish their prima facie case of jurisdiction to justify limited jurisdictional discovery. That is incorrect, and the cases Audi AG cites are distinguishable and inapposite.

First, *Beckham v. Baker & Hostetler* notes "[i]t is an abuse of discretion . . . if a court orders jurisdictional discovery when a plaintiff fails to establish a prima facie case of personal jurisdiction." 2023 WL 9957259, at *8 (N.D. Ga. Aug. 17, 2023) (Cohen, J.). The court there reasoned that "[b]ecause [it] has accepted the jurisdictional allegations in Plaintiffs' Amended Complaint as true and found that they are deficient to confer specific personal jurisdiction, Plaintiffs have not alleged any facts to support specific personal jurisdiction the veracity of which could be tested by information gathered from additional discovery." *Id.* at *9. Similarly, the plaintiff in *Andrews v. Mazda Motor Corp.* made only "broad and conclusory statements" about jurisdiction that did not include any "specific connections to the Georgia market." 2015 WL 1851159, at *8 (N.D. Ga. Apr. 22, 2015) (Duffey, J.). Finally, in *Proliant, Inc. v. Savant HCM, LLC*, there was "no genuine dispute" regarding jurisdiction and the plaintiff did not even "identif[y] for the Court what type of discovery it would need to establish personal jurisdiction." 2018 WL 1936528, at *6 (N.D. Ga. Jan. 25, 2018) (Ross, J.).

In other words, because the plaintiffs' allegations, accepted as true, ***failed as a matter of law*** to confer personal jurisdiction, jurisdictional discovery would serve no viable purpose in those cases. That is not this case.

## II.    Plaintiffs' Allegations and Evidence Establish a Genuine Dispute Regarding the Court's Jurisdiction over Audi AG.

Leaving aside the governing legal standard, Audi AG further argues that Plaintiffs have not established a genuine dispute into the Court's jurisdiction over Audi AG. Audi AG is wrong.

### A.    <u>The Court can consider the evidence Plaintiffs submitted in opposition to Audi AG's motion to dismiss.</u>

Audi AG intimates that the Court must restrict its jurisdictional analysis to the four corners of Plaintiffs' complaint. For its part, Audi AG's motion to dismiss briefing did not rest solely on Plaintiffs' complaint but instead relied heavily on affidavits contradicting Plaintiffs' assertion of personal jurisdiction. *See generally* Dkts. 305-1, 329. Audi AG relies on that same extrinsic evidence in opposition to Plaintiffs' discovery motion. Dkt. 330 at 7, 11–13 (relying on affidavit). Audi AG cannot have its cake and eat it too. *See, e.g.*, *Royal Enamel Ltd. v. JD E-Com. Am. Ltd.*, 2024 WL 5074976, at *6 n.5 (S.D. Fla. Dec. 11, 2024) (stating that when defendants "assert a factual jurisdictional challenge, the Court is not limited to the allegations in" plaintiffs' complaint); *A Boat 4 Fun, Inc. v. Dream Catcher Marine,*

*LLC*, 2018 WL 10509576, at \*2 (S.D. Fla. Oct. 25, 2018) (granting jurisdictional discovery where plaintiff provided "competing evidence and exhibits").

Audi AG's cited cases do not contradict the settled principle that a plaintiff may proffer evidence to support the exercise of personal jurisdiction. In *Performance Sys. Grp., Inc. v. Kroy IP Holdings, LLC*, the court held that the allegations were conclusory, and no party proffered any evidence other than the allegations in the complaint. 2012 WL 3637688, at \*3–4 (N.D. Ga. Aug. 21, 2012) (Story, J.). *Yepez v. Regent Seven Seas Cruises* concerned a request for discovery into basic facts such as the defendant's business registration, domestic operations, and ownership. 2011 WL 3439943, at \*2 (S.D. Fla. Aug. 5, 2011). Plaintiffs, by contrast, do not propose discovery into such foundational facts.

### B.    Plaintiffs' Complaint alleges a basis for jurisdiction over Audi AG.

Regardless, Plaintiffs' Complaint already alleges that Audi AG is a German corporation that does business in the United States through a Virginia-based affiliate. Dkt. 157 ¶¶ 130–38 (alleging that Audi AG and VW America are part of the "Volkswagen Defendants," which import, market, and distribute Audi-brand vehicles throughout the United States). Audi AG misleadingly argues that Plaintiffs "improperly amend[ed]" allegations "through briefing" by "asserting that [VW America] is the distributor of Audi vehicles sold in the U.S. and that Audi AG imported her vehicle "through [VW America]." Dkt. 330 at 6. Audi AG

ignores that the Complaint alleges "VW America engages in business activities which include the advertising, marketing, and sale of VW automobiles nationwide," Dkt. 157 ¶ 134, and "Volkswagen AG [the parent company of Audi AG and VW America] ships all vehicles made overseas (including Plaintiff Eva Jacinto's 2016 Audi A3, which was manufactured in Germany) to the United States, including through Virginia and California, and each Plaintiff's respective state, for distribution by the United States entities," *id.* ¶ 136. Plaintiffs' argument that Audi AG serves the U.S. market through VW America's headquarters in Virginia is thus entirely consistent with the allegations in the Complaint, and a basis for jurisdiction. *See* Dkt. 321 at 9–19.

Audi AG also claims these allegations "rely on impermissible group pleading." Dkt. 330 at 6. Plaintiffs have already explained that "collective pleading" against defendants "does not run afoul" of the federal rules where, as here, "the allegations give the individual defendants sufficient notice" of their alleged misconduct. *Nafta Traders, Inc. v. Corkcicle, LLC*, 2020 WL 7422061, at *2 (M.D. Fla. May 27, 2020). The allegations in the Complaint "give[] [Audi AG] adequate notice of the claims against [it] and the factual allegations that support those claims." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1325–26 (11th Cir. 2015) (district court abused its discretion in determining complaint violated Rules 8(a)(2) and 10(b), as the subject counts were "informative enough to

- 6 -

permit a court to readily determine if they state a claim upon which relief can be granted"). This "may explain why [Audi AG] did not move for more definite statement under Federal Rule of Civil Procedure 12(e) or otherwise assert that [it] w[as] having difficulty knowing what [it] w[as] alleged to have done and why [it] w[as] liable for doing it." *Id.* at 1324.

     **C.**    <u>**Audi AG's extrinsic evidence does not show the absence of a genuine dispute as to jurisdiction.**</u>

Finally, much of Audi AG's opposition to jurisdictional discovery boils down to an overreliance on its own self-serving affidavit. Audi AG argues that its affidavit "establish[es] unambiguously that it is a separate and distinct entity from its U.S. distributor, [VW America], . . . and . . . does not itself distribute, sell, or warrant Audi vehicles in the U.S." Dkt. 330 at 7. Whether VW America and Audi AG are "legally separate entities" does not "insulate [Audi AG] from a finding that it has purposefully availed itself of the privileges and responsibilities of conducting business in" the forum state of Virginia. *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1239 (S.D. Fla. 2021); *see also Patt v. Volkswagen Grp. of Am., Inc.*, 688 F. Supp. 3d 1186, 1192–94 (S.D. Fla. 2023) ("[R]egardless of whether [VW America] acts as Audi's agent, subsidiary, intermediary, or, as Audi asserts, a separate, distinct, and independent corporate entity, the fact remains that Audi has systematically served a market in Florida for the type of vehicle Patt was driving." (alteration adopted) (citation and quotation marks omitted)).

Audi also tries to run away from its Importer Agreement with VW America, focusing on two sentences that state VW America acts as "an independent entrepreneur on its own behalf" and "is not an agent or representative of AUDI AG and shall not act or purport to act on behalf of AUDI AG." Dkt. 330 at 7. Here, too, whether the agreement says VW America acted on its own behalf or as Audi's agent is irrelevant because "[e]xpress disclaimers of agency do not necessarily eliminate the existence of an agency relationship." *Carr v. Stillwaters Dev. Co., L.P.*, 83 F. Supp. 2d 1269, 1279 (M.D. Ala. 1999). Such language "alone is not dispositive" and "does not outweigh the other evidence" that creates at least a genuine dispute regarding Audi AG's purposeful availment of the privileges of conducting business in Virginia. *Marti v. Iberostar Hoteles y Apartamentos S.L.*, 2025 WL 253991, at *6 (S.D. Fla. Jan. 21, 2025); *see also Carr*, 83 F. Supp. 2d 1at 1280 ("Thus, even though the agreement denies agency, Insignia contracted to perform services for the benefit of StillWaters Development and subject to StillWaters Development's ongoing control.").

**D.    Audi AG does not persuasively rebut Plaintiffs' case law showing a genuine question of jurisdiction exists here.**

In their motion, Plaintiffs cite several cases where courts allowed discovery under circumstances similar to those here because the movants (like Plaintiffs) established at least a genuine question of jurisdiction. *See, e.g., Opheim v. Volkswagen Aktiengesellschaft*, 2021 WL 2621689 (D.N.J. June 25, 2021)

- 8 -

(granting jurisdictional discovery into whether Audi AG purposefully availed itself of New Jersey laws through its import-and-distribution agreement with VW America). Audi AG contends that *Opheim* "deferred any finding of personal jurisdiction pending jurisdictional discovery." Dkt. 330 at 7. Even if that were true, it would not be helpful to Audi AG since this is, after all, a motion for jurisdictional discovery. Audi AG also ignores that *Opheim* explicitly found the plaintiffs "at least made out a prima facie showing for purposeful availment" on the theory that "Audi AG deliberately targeted New Jersey," VW America's state of incorporation. 2021 WL 2621689, at *5. Surely if a plaintiff can establish a prima facie case of jurisdiction over Audi AG based on its domestic distributor's state of *incorporation*, Plaintiffs here can establish a genuine question of jurisdiction where Audi AG's domestic affiliate *is physically located*.

Audi AG further argues that because Jacinto is a California resident who bought her Audi vehicle in California, any acts related to her California causes of action were directed at California, not Virginia, thus distinguishing this case from those where courts have found jurisdiction in the domestic affiliate's home state. Dkt. 330 at 8–9. Audi AG's focus on Plaintiff Jacinto's activities in California contradicts the fundamental rule that "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). A court cannot rely on "on

the 'unilateral activity' of a plaintiff'" to determine personal jurisdiction. *Id*. at 286; *see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) ("The contacts must be the defendant's own choice"). Here, as in *Opheim*, the conduct giving rise to or relating to Plaintiffs' claims (*e.g.*, Audi AG's misleading advertising, consumer fraud, fraud, breach of warranties, and unjust enrichment) *is* alleged to have occurred through Audi AG's "ongoing, substantial relationship with VW America [in the forum (here, Virginia)] as its gateway into the American market." *Opheim*, 2021 WL 2621689, at *5; *see also* Dkt. 321 at 6–9, 15–16.

## III.    The Proposed Discovery Is Narrowly Tailored and Relevant to Whether Jurisdiction Exists Over Audi

Plaintiffs motion for jurisdictional discovery specifically explained how jurisdictional discovery will confirm Audi AG's purposeful availment of the forum state of Virginia. Dkt. 322 at 1–2. The discovery will also confirm Audi AG's direct involvement in that market, as well as its deliberate use of an American entity to establish and maintain its presence in the country's market. Audi AG's characterization of the proposed discovery as irrelevant or overbroad is baseless. Each of the proposed topics of discovery is directly tied to Audi AG's contacts with Virginia and would help demonstrate jurisdiction in that forum. Given this fact, discovery is appropriate. *See Ital Brokers S.P.A. v. Redbridge Ins. Co.*, 2024 WL 4880513, at *3 (S.D. Fla. Nov. 25, 2024) ("[A] court should take care to give

the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction.").

*Topic 1*: Discovery regarding Audi AG's relationship with and control over its affiliates, in particular VW America, is critical to determining whether it purposefully availed itself of the right to conduct business in Virginia. These affiliates serve as Audi AG's entry points into the United States market, making their role directly relevant to the jurisdictional analysis.

*Topic 2*: Discovery regarding Audi AG's efforts to ensure that the Class Vehicles complied with U.S. regulations and interactions with regulators is directly relevant to Plaintiffs' contention that Audi AG purposefully availed itself of the right to do business in Virginia. Audi AG uses VW America to distribute, sell, market, advertise, and warrant its vehicles in the United States, including through interactions with U.S. regulators. Dkt. 321 at 5–9, 15–16.

*Topic 3*: Discovery regarding Audi AG's role in the design, advertising, distribution, sale, and warranty of the Class Vehicles is central to assessing its jurisdictional contacts with Virginia and establishing that Plaintiffs' claims relate to or arise out of those contacts. Audi AG does not deny its interaction with its subsidiaries regarding the design, advertising, distribution, sale, or warranty of Class Vehicles; in fact, the declarations it submitted with its motion to dismiss explicitly acknowledge such "coordination." Dkt. 329-3 ¶ 7; *see also* Dkt. 305-3 ¶¶

14, 17. The fact that Audi AG may not make final decisions for VW America, or that it is a distinct legal entity, does not negate its substantial business involvement and coordination with VW America. *See Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 438 (D.N.J. 2021) ("Given the intense focus and investment BMW AG puts on the American market, significant coordination between [BMW AG and BMW America] is plausible.").

In passing, Audi AG cites the Eleventh Circuit's decision in *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.* But that decision demonstrates why Plaintiffs' assertion of jurisdiction is ***proper***. In finding jurisdiction, the Eleventh Circuit considered multiple factors that arose from recurring business transactions and the defendant's purposeful engagement with the forum. 593 F.3d 1249, 1268-69, 1271 (11th Cir. 2010). Here, Audi AG has engaged in extensive business transactions through its relationship with VW America, which warrants discovery into whether Audi AG transacted business in Virginia.

## CONCLUSION

For the reasons set forth above and in their opening brief, if the Court is not inclined to deny Audi AG's motion to dismiss for lack of jurisdiction, it should, in the alternative, grant Plaintiffs' leave to conduct discrete jurisdictional discovery.

Dated: April 30, 2025

Respectfully submitted,

*/s/ Roland Tellis*

Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Adam Tamburelli
atamburelli@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
Kelsey J. Elling
kelling@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Tel: (818) 839-2333

*/s/ Demet Basar*

Demet Basar
demet.basar@beasleyallen.com
W. Daniel "Dee" Miles, III
dee.miles@beasleyallen.com
J. Mitch Williams
mitch.williams@beasleyallen.com
Dylan T. Martin
dylan.martin@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343

H. Clay Barnett, III (GA Bar 174058)
clay.barnett@beasleyallen.com
Thomas P. Willingham (GA Bar 235049)
tom.willingham@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Tel: (404) 751-1162

*/s/ James E. Cecchi*
James E. Cecchi
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700

Zachary Jacobs
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, Illinois 60606
Tel: (973) 994-1700

Jason H. Alperstein
jalperstein@carellabyrne.com
Zachary J. Bower
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Tel: (973) 994-1700

*/s/ Elizabeth T. Castillo*
Niall P. McCarthy
nmccarthy@cpmlegal.com
Elizabeth T. Castillo
ecastillo@cpmlegal.com
David G. Hollenberg
dhollenberg@cpmlegal.com
**COTCHETT, PITRE & McCARTHY,
LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

Theresa E. Vitale
tvitale@cpmlegal.com
**COTCHETT, PITRE & McCARTHY,
LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Tel: (310) 392-2008

/s/ David Stellings
David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

/s/ Kevin R. Dean
Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

/s/ Matthew D. Schultz
Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

*Leadership Committee for Plaintiffs and the Proposed Classes*

- 15 -

*/s/ Michael A. Caplan*

Michael A. Caplan (GA Bar 601039)
mcaplan@caplancobb.com
T. Brandon Waddell (GA Bar 252639)
bwaddell@caplancobb.com
Ashley C. Brown (GA Bar 287373)
abrown@caplancobb.com
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600

*/s/ M.J. Blakely*

M.J. Blakely (GA Bar 708906)
mjblakely@blakelyfirm.com
**THE BLAKELY FIRM, L.L.C.**
P.O. Box 3314
Decatur, GA 30031
Tel: (404) 491-0617

*Liaison Counsel for Plaintiffs and the Proposed Classes*

## **CERTIFICATION**

Pursuant to Civil Local Rule 7.1(D), the undersigned counsel certifies that this brief has been prepared with 14-point Times New Roman, as approved by the Court in Civil Local Rule 5.1(C).

/s/ David Stellings
David Stellings