# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051 |
| | Case No. 1:22-md-03051-ELR |
| | District Judge Eleanor L. Ross |

## VOLKSWAGEN AKTIENGESELLSCHAFT'S OPPOSITION TO MOTION FOR JURISDICTIONAL DISCOVERY

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................1

ARGUMENT ......................................................................................................3

I.    Plaintiffs Fail To Show Jurisdictional Discovery Is Warranted......................3

    A.    Plaintiffs' Pleading Has Not Shown a Genuine Dispute About
        Whether Personal Jurisdiction Exists......................................................5

    B.    Plaintiffs' Proposed Discovery Topics Do Not Support Specific
        Jurisdiction .........................................................................................12

    C.    Plaintiffs' Authorities Do Not Support Jurisdictional Discovery........17

CONCLUSION ..................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ACLU of Fla., Inc. v. City of Sarasota*
    859 F.3d 1337 (11th Cir. 2017) ...................................................................18

*Andrews v. Mazda Motor Corp.*,
    2015 WL 1851159 (N.D. Ga. Apr. 22, 2015).........................................................4

*Andrews v. Shandong Linglong Tyre Co., Ltd.*,
    2022 WL 2484544 (E.D. Va. Jul. 6, 2022)........................................................14

*Arno Res., LLC v. Epic Tech, LLC*,
    2022 WL 3970756 (N.D. Ga. Aug. 8, 2022) .....................................................12

*Beckham v. Baker & Hostetler, LLP*,
    2023 WL 9957259 (N.D. Ga. Aug. 17, 2023) .....................................................3

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
    582 U.S. 255 (2017)..............................................................................16

*Brown v. Carnival Corp.*,
    202 F. Supp. 3d 1332 (S.D. Fla. 2016)........................................................14, 16

*Cold Smoke Cap., LLC v. Gross*,
    2012 WL 3612626 (N.D. Ga. Aug. 21, 2012) ....................................................9

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)............................................................................8, 11

*Davis v. LG Chem, Ltd.*,
    849 Fed.Appx. 855 (11th Cir. Mar. 16, 2021)...............................................10, 11

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
    593 F.3d 1249 (11th Cir. 2010) ................................................................16

*Diulus v. Am. Express Travel Related Servs. Co.*,
    823 F. App'x 843 (11th Cir. 2020)..............................................................5

ii

*Durham v. LG Chem, Ltd.*,
  2022 WL 274498 (11th Cir. Jan. 31, 2022) ......................................................15

*Emmer v. WABII Branding, Inc.*,
  2021 WL 9638503 (N.D. Ga. Nov. 5, 2021) ......................................................17

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
  592 U.S. 351 (2021) ..........................................................................................10

*Ganz v. Grifols Therapeutics LLC*,
  688 F. Supp. 3d 1209 (S.D. Fla. 2023) ...............................................................4

*Hosny v. Thiam*,
  2015 WL 13650094 (N.D. Ga. Apr. 16, 2015) .............................................17, 18

*J. McIntyre Machinery, Ltd. v. Nicastro*,
  564 U.S. 873 (2011) ..........................................................................................14

*Kennedy v. VGW Holdings Ltd.*,
  2024 WL 4491821 (N.D. Ga. Oct. 15, 2024) ......................................................3

*Luc v. Korean Air Lines Co.*
  2019 WL 7824584 (N.D. Ga. June 4, 2019) ......................................................18

*McCarthy v. Yamaha Motor Mfg. Corp.*,
  994 F. Supp. 2d 1318 (N.D. Ga. 2014) ..............................................................12

*Opheim v. Volkswagen Aktiengesellschaft*,
  2021 WL 2621689 (D.N.J. June 25, 2021) .......................................................8, 9

*Patt v. Volkswagen Group of America, Inc.*,
  688 F. Supp. 3d 1186 (S.D. Fla. 2023) .............................................................10

*Performance Systems Group, Inc. v. Kroy IP Holdings, LLC*,
  2012 WL 3637688 (N.D. Ga. Aug. 21, 2012) ...................................................4, 7

*Proliant, Inc. v. Savant HCM, LLC*,
  2018 WL 1936528 (N.D. Ga. Jan. 25, 2018) ....................................................5, 6

*Reynolds v. Binance Holdings Ltd.*,
  481 F. Supp. 3d 997 (2020) .................................................................................3

*Seiz v. Quirk*,
   2013 WL 12290850 (N.D. Ga. Jan. 3, 2013).......................................................17

*In re Takata Airbag Prods. Liab. Litig.*,
   396 F. Supp. 3d 1101 (S.D. Fla. 2019)............................................................6, 7

*Wolf v. Celebrity Cruises, Inc.*,
   683 F. App'x 786 (11th Cir. 2017).................................................................3, 4

*World-Wide Volkswagen v. Woodson*,
   444 U.S. 286 (1980).......................................................................................10

*Yamashita v. LG Chem, Ltd.*,
   62 F.4th 496 (9th Cir. 2023).............................................................................13

*Yepez v. Regent Seven Seas Cruises*,
   2011 WL 3439943 (S.D. Fla. Aug. 5, 2011) ......................................................4

## **INTRODUCTION**

Plaintiffs' motion seeking jurisdictional discovery as to Volkswagen Aktiengesellschaft ("VW Germany") should be denied. Plaintiffs have not (and cannot) establish a *prima facie* case for personal jurisdiction over VW Germany in Virginia. Plaintiffs' various state law claims—arising from their purchase or lease of Volkswagen vehicles from third parties in Florida, Illinois, Montana, and New York—have no nexus to Virginia. VW Germany has no presence in Virginia: it is headquartered in Germany and operates in Germany. Plaintiffs fail to explain how their three general proposed discovery topics could ever yield evidence that would establish general or specific jurisdiction over VW Germany given these undisputed facts. These undisputed facts compel denial of Plaintiffs' motion.

In opposing VW Germany's motion to dismiss, Plaintiffs ignore the few jurisdictional allegations specific to VW Germany in their Consolidated Corrected Amended Complaint ("CCAC"), which are either incorrect or irrelevant to establishing jurisdiction in Virginia. Instead, they rely on seven exhibits offered for the first time with their Opposition, which they now claim somehow establish that VW Germany purposefully availed itself of the privilege of doing business in Virginia "by coordinating through its Virginia-based exclusive U.S. distributor Volkswagen of America Group, Inc." ("VWGoA"). ECF No. 328 ("Mot.") at 1.

Not so.  Even with their new exhibits, Plaintiffs fail to identify any legally

viable theory for subjecting VW Germany to specific jurisdiction in Virginia. That a separate and distinct subsidiary, VWGoA, is headquartered in Virginia and subject to general jurisdiction there, does not mean that VW Germany is subject to specific jurisdiction in Virginia with respect to Plaintiffs' alleged purchases of vehicles from third parties in Florida, Illinois, Montana, and New York. Further, the Importer Agreement on which Plaintiffs rely expressly refutes their newly fabricated theory that VWGoA merely acted as VW Germany's "agent," rather than as an independent importer and distributor of VW products. Finally, the detailed declarations provided with VW Germany's reply, which respond to Plaintiffs' unpled, belatedly proffered "evidence," confirm that specific jurisdiction is improper. With these declarations, VW Germany has given the Court all the information it needs to summarily deny Plaintiffs' motion.

The Eleventh Circuit has made clear that courts should not "reserve ruling on [a pending] motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors, even though the court would have the inherent power to do so." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007). Nor should Plaintiffs be permitted to engage in "fishing expeditions," *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) or to "clog the federal judicial machinery" with unjustified and wasteful discovery. *Lowery*, 483 F.3d at 1216. These factors take on

added significance with respect to VW Germany.  Courts "exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987). Because Plaintiffs fail to identify a genuine dispute as to jurisdiction, their motion should be denied.

<u>**ARGUMENT**</u>

## I.    **PLAINTIFFS FAIL TO SHOW JURISDICTIONAL DISCOVERY IS WARRANTED**

Jurisdictional discovery is warranted only where Plaintiffs can show there is a "genuine dispute" about whether jurisdiction exists. *Kennedy v. VGW Holdings Ltd.*, 2024 WL 4491821, at *3 (N.D. Ga. Oct. 15, 2024) (denying jurisdictional discovery where there was no evidence or contention that a "genuine dispute exists" and where plaintiff had "no reason to believe that the Defendants' statements about its purchase records are inaccurate"); *Reynolds v. Binance Holdings Ltd.,* 481 F. Supp. 3d 997, 1010 (2020) ("simply stating that facts are disputed" insufficient to justify jurisdictional discovery into relationship between parent and subsidiary); *Wolf*, 683 F. App'x at 789.

To show a genuine dispute, Plaintiffs must, at a minimum, establish a *prima facie* case of personal jurisdiction. *See, e.g.*, *Beckham v. Baker & Hostetler, LLP*, 2023 WL 9957259, at *8 (N.D. Ga. Aug. 17, 2023) ("It is an abuse of discretion, []

3

if a court orders jurisdictional discovery when a plaintiff fails to establish a *prima facie* case of personal jurisdiction"); *see also Andrews v. Mazda Motor Corp.*, 2015 WL 1851159, at *7–8 (N.D. Ga. Apr. 22, 2015) (denying jurisdictional discovery where plaintiff failed to establish a *prima facie* case). Mere "speculative claims" and requests for jurisdictional discovery that do "not identify any genuine disputes of fact" do not justify opening jurisdictional discovery. *Ganz v. Grifols Therapeutics LLC*, 688 F. Supp. 3d 1209, 1220 (S.D. Fla. 2023). A plaintiff must "specify *what* information he [seeks]" and "*how* that information would bolster his allegations." *Wolf*, 683 F. App'x at 792 (emphasis added).

Critically, however, "the failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute." *Yepez v. Regent Seven Seas Cruises*, 2011 WL 3439943, at *2 (S.D. Fla. Aug. 5, 2011). The time for investigating Plaintiffs' claims (and who would properly be before this Court) was *before* filing the CCAC. Indeed, Plaintiffs were required to "allege sufficient facts in [their] complaint to initially support long arm jurisdiction before the burden shifts to the defendant to make a *prima facie* showing of the inapplicability of the statute." *Performance Systems Group, Inc. v. Kroy IP Holdings, LLC*, 2012 WL 3637688, at *3 (N.D. Ga. Aug. 21, 2012) (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000)).

Since Plaintiffs have failed to plead a *prima facie* showing of jurisdiction, the Court need not even consider VW Germany's declarations regarding the company's activities (ECF No. 319-2; Suppl. Dec. von Bülow) to dismiss their claims for lack of personal jurisdiction. *See Diulus v. Am. Express Travel Related Servs. Co.*, 823 F. App'x 843, 848 (11th Cir. 2020) ("The court will look to the plaintiff's affidavits and other discovery only if (1) the complaint alleged sufficient facts to make out a *prima facie* case of personal jurisdiction, *and* (2) 'the defendant challenges jurisdiction by submitting affidavit evidence in support of its position.'") (emphasis added)). But should the Court consider them, VW Germany's declarations confirm the absence of personal jurisdiction, which is all the evidence that Plaintiffs claim to need.

## A.    Plaintiffs' Pleading Has Not Shown a Genuine Dispute About Whether Personal Jurisdiction Exists

Despite failing to identify a plausible basis for specific (or any) jurisdiction, Plaintiffs ask the Court to allow jurisdictional discovery anyway.  But as this Court has explained, "this puts the cart in front of the horse"—Plaintiffs must first establish a *prima facie* case <u>before</u> they are entitled to discovery. *See Proliant, Inc. v. Savant HCM, LLC*, 2018 WL 1936528, at *6 (N.D. Ga. Jan. 25, 2018) (Ross, J.) (denying request for jurisdictional discovery where plaintiff had not established a *prima facie* case, and plaintiff admitted its allegations would need to be "supplement[ed]" and "further clarified through discovery").

Here, Plaintiffs plainly have not pled a *prima facie* case of specific (or general) personal jurisdiction. In its prolix, 1,200+ pages, their CCAC contains just four factual allegations specific to VW Germany: (1) "it is incorporated under the laws of Germany and maintains its principal place of business in Germany" (CCAC ¶ 130); (2) it is the "parent corporation" of VWGoA (*id.* ¶ 133); (3) it "maintains the U.S. trademarks for multiple Volkswagen-related words or statements, including the name 'Volkswagen' and the name 'VW'" (*id.* ¶ 136); and (4) it "ships all vehicles made overseas . . . to the United States, including through Virginia and California" (*id.*). Lumping VW Germany and VWGoA together under the blanket term "Volkswagen Group," and using "and/or" allegations to mask the paucity of factual allegations as to either entity, the CCAC further alleges that Volkswagen Group "jointly actively cultivates a market for, designs, develops, manufactures, and/or sells Volkswagen and Audi automobiles and the replacement component parts for these vehicles." *Id.* ¶ 133.

These boilerplate allegations are insufficient to justify jurisdictional discovery. In *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101 (S.D. Fla. 2019), for example, the court held that there was no personal jurisdiction over VW Germany because the plaintiffs lumped it together with its U.S. subsidiary without specifying which entity supposedly did what. *Id.* at 1149. Further, the court denied plaintiffs' request for jurisdictional discovery, holding that they were "well-aware of

the fact-intensive analysis that federal courts apply when deciding issues of personal jurisdiction over nonresident defendants" but nonetheless "fail[ed] to investigate, collect, and allege sufficient facts prior to initiating" the litigation. *Id.* at 1157. Because Plaintiffs here similarly fail to plead a *prima facie* case of jurisdiction, jurisdictional discovery is unwarranted.

Plaintiffs concede the inadequacy of their allegations by pivoting to a different (unpled) theory of specific jurisdiction in their Opposition to VW Germany's motion to dismiss (ECF No. 327).  They base their new theory on seven exhibits that are a matter of public record and that (importantly) were available to them at the time they filed their CCAC.[1] *Id.* at 7-8. Plaintiffs argue that they are responding to VW Germany's evidentiary showing, but that is not accurate because they were first "required to *substantiate the jurisdictional allegations in the complaint* by affidavits or other competent proof…." *Performance Systems Group*, 2012 WL 3637688, at *3 (emphasis added). Here, Plaintiffs' exhibits are not only not substantiated, they are wholly unrelated to the bare jurisdictional allegations in the CCAC.

Plaintiffs now try to impute VWGoA's jurisdictional contacts to VW Germany under what amounts to an agency theory. ECF 327 at 9 ("VW AG's Virginia contacts

---

[1] For example, the Importer Agreement attached as Exhibit 5 to the Declaration of James Cecchi (ECF No. 327-6) was also attached to a Declaration of James Cecchi in *Opheim v. Volkswagen Aktiengesellschaft*, No. 2:20-cv-02483-SDA (D.N.J.) on February 8, 2021 – long before the filing of the CCAC. *Opheim* ECF No. 53-6.

*through VW America* subject VW AG to jurisdiction there") (emphasis added). Plaintiffs cite a footnote from *Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) for the proposition that "a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there." However, the Importer Agreement on which they rely provides no support for their argument. It says that VWGoA "shall carry on all business pursuant to this Agreement as an **independent entrepreneur** on its own behalf and for its own account" and that it "is **not an agent or representative of VWAG** [VW Germany] and shall not act or purport to act on behalf of VWAG [VW Germany]." ECF 327-6 at § A.3 (emphasis supplied). With its motion to dismiss, VW Germany submitted a declaration confirming that it is a separate and distinct entity from its U.S. distributor (VWGoA); does not exercise day-to-day control over VWGoA's operations; does not distribute, market, sell, or warrant Volkswagen vehicles in the United States (or, by extension, in Virginia); and does not import or ship Volkswagen vehicles to the U.S. ECF No. 319-2 ¶¶ 7, 16, 19-25. Jurisdictional discovery would not change these facts.

Plaintiffs mischaracterize *Opheim v. Volkswagen Aktiengesellschaft*, 2021 WL 2621689 (D.N.J. June 25, 2021). The *Opheim* court did not find that AUDI AG "deliberately targeted New Jersey" through its contacts with VWGoA, but rather, deferred any finding of personal jurisdiction pending jurisdictional discovery, which the court permitted under the theory that "forum-specific facts *could* exist." *Id.* at *4

8

(emphasis added). Critical to the court's ruling (and unlike here) was the fact that three of the named plaintiffs were residents of the forum state who were also injured in the forum state: "the New Jersey plaintiffs purchased their cars here and experience the 'injury' here, *i.e.*, owning/using a defective car." *Id.* at *5. Similarly, the court found that New Jersey had "an interest in giving its residents a forum to vindicate their legal interests for injuries occurring here." *Id.* at *6. The *Opheim* court concluded that discovery into purposeful availment was warranted because the other two prongs of the specific jurisdiction test could (theoretically) be satisfied on the facts alleged.

*Opheim* does not control or even apply here. Plaintiffs are residents of other states who purchased their cars in other states, experienced their alleged injuries in other states, and now seek to sue VW Germany in Virginia. Plaintiffs presumably saw any representations regarding their vehicles in Florida, Illinois, Montana, and New York; and experienced any purported breach of warranty hundreds—or even thousands—of miles from Virginia. These undisputed facts compel denial of their request for jurisdictional discovery, because any acts related to their causes of action were directed to those states, not Virginia. *See Cold Smoke Cap., LLC v. Gross*, 2012 WL 3612626, at *8 (N.D. Ga. Aug. 21, 2012) (denying jurisdictional discovery where plaintiff failed to allege the foreign defendants engaged in any forum-directed acts <u>related to the cause of action</u>).

Plaintiffs' remaining cases are distinguishable for the same reason. In *Patt v. Volkswagen Group of America, Inc.*, 688 F. Supp. 3d 1186 (S.D. Fla. 2023), for example, the court found that AUDI AG was subject to personal jurisdiction in Florida for a car accident that occurred in Florida and injured a Florida resident. Plaintiffs argue that *Patt* found specific jurisdiction in Florida even though the plaintiff leased his car in California, but here, Plaintiffs' alleged injuries *are* their vehicle purchases—which happened outside of the state of Virginia.

Similarly, in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351, 371 (2021), the U.S. Supreme Court held that a distributor that purposefully avails itself of the market in Minnesota and Montana can be subject to specific jurisdiction there for claims arising from accidents occurring *in those states*. Restating a hypothetical initially posed in *World-Wide Volkswagen v. Woodson*, 444 U.S. 286 (1980), the court reasoned that "if Audi and Volkswagen's business deliberately extended into Oklahoma (among other States), then Oklahoma's courts could hold the companies accountable for a car's catching fire there." *Ford*, 592 U.S. at 363.

Here, because Plaintiffs' alleged injuries occurred (if anywhere) outside of Virginia, they cannot meet the "arises from or relates to" prong and, thus, jurisdictional discovery would be futile. In *Davis v. LG Chem, Ltd.*, 849 Fed.Appx. 855 (11th Cir. Mar. 16, 2021), the Eleventh Circuit affirmed the District Court's

order denying jurisdictional discovery into a Korean company's contacts with Georgia where "Plaintiffs are Oklahoma residents, they purchased their LG 18650 batteries in Oklahoma from Oklahoma retailers, and their injuries occurred in Oklahoma." *Id.* at 858. It held that "[e]ven if such evidence existed, it would not affect the outcome of this case," because the District Court's order dismissing for lack of jurisdiction was "not based on the sufficiency of LG Chem's contact with Georgia, but whether [plaintiffs'] claims *arise from* those contacts at all."

The fact that VWGoA is headquartered in Virginia has no bearing whatsoever on whether specific jurisdiction exists as to *VW Germany* with respect to Plaintiffs' non-Virginia claims. Plaintiffs erroneously conflate general jurisdiction over VWGoA with specific jurisdiction over VW Germany. The U.S. Supreme Court has rejected this approach because it would "subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate" which "would sweep beyond even the 'sprawling view of general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014).[2]

---

[2] Though they cite *Daimler* for the principle that a corporation may purposefully avail itself of a forum through its agents, Plaintiffs ignore its holding: that "even with [its agent's] contacts attributed to it" the defendant was not "subject to suit [in California] on claims by foreign plaintiffs having nothing to do with anything that occurred or had its principal impact in California." *Daimler*, 571 U.S. at 139 (emphasis added). The *Daimler* court rejected plaintiffs' agency theory of jurisdiction, noting that the Distributor Agreement "expressly disavowed" creation of an agency relationship. *Id*. at 135–36.

11

Further, the single question on which *Opheim* permitted discovery—whether the German manufacturer directed conduct at the forum state—does not apply here, as evidenced by the language of the Importer Agreement itself, *see* Reply at 4 (creating a contractual relationship performed in Germany under German law), as well as the sworn declarations submitted by VW Germany with its reply, which confirm that VW Germany took no actions that could give rise to Plaintiffs' alleged misrepresentation and breach of warranty claims (whether in Virginia or elsewhere).

## B. Plaintiffs' Proposed Discovery Topics Do Not Support Specific Jurisdiction

Plaintiffs fail to provide any specific discovery requests they would propound on VW Germany, let alone explain how their proposed topics of discovery could establish specific jurisdiction. This too warrants denial of their motion. *See Arno Res., LLC v. Epic Tech, LLC*, 2022 WL 3970756, at *11 (N.D. Ga. Aug. 8, 2022) (Ross, J.) (denying jurisdictional discovery where plaintiff did not provide any specific discovery requests that "it would serve upon [the defendants]" or "explain how" the discovery sought "will support its allegations" of personal jurisdiction); *McCarthy v. Yamaha Motor Mfg. Corp.*, 994 F. Supp. 2d 1318, 1328 (N.D. Ga. 2014) ("[Plaintiffs]' failure to establish a *prima facie* case for personal jurisdiction and to provide examples of discovery requests they would propound means that they have essentially asked for a jurisdictional fishing expedition, and the Court is not required to allow such an expedition.").

12

Plaintiffs seek permission to conduct discovery on the following overbroad, ill-defined topics: "(1) VW AG's relationship with and control over its Virginia-based affiliates VW America and Audi of America, LLC ("AoA"); (2) whether VW AG designs its vehicles specifically to comply with U.S. safety regulations; and (3) the extent to which VW AG's, VW America's, and AoA's manufacture, distribution, marketing, and sale of Class Vehicles occurred in or were directed at Virginia." Mot. at 1-2. Each of these topics seeks information which is either irrelevant or has already been provided to Plaintiffs:

**Topic 1:** No amount of discovery can show the requisite agency or control when VWGoA's relationship with VW Germany products is defined by an Importer Agreement dictating VWGoA is "an independent entrepreneur on its own behalf and for its own account" and "is not an agent or representative of VWAG."  ECF No. 327-6 § A.3. Further, VW Germany has already provided discovery on this topic in the form of sworn declarations, despite Plaintiffs' failure to meet their initial burden of alleging a *prima facie* case of jurisdiction or producing admissible evidence to support jurisdiction. *See* ECF No. 319-2. *See Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 508 (9th Cir. 2023) ("In the context of a motion for jurisdictional discovery, just as in the context of a motion to dismiss for lack of jurisdiction, bare allegations are trumped by sworn statements to the contrary").

Nor are Plaintiffs entitled to jurisdictional discovery simply because they

claim to disbelieve the unambiguous terms of the VW Germany-VWGoA Importer Agreement or VW Germany's declarations. *See Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1346 (S.D. Fla. 2016) (rejecting plaintiff's conclusory assertion that she is entitled to jurisdictional discovery to "test the veracity of the statements" made by the defendant). The evidence Plaintiffs submitted with their Opposition is probative of nothing. The fact that VW Germany contracted with a distributor headquartered in Virginia, and the limited business interactions and shared management and/or directors between the entities that Plaintiffs identify, are irrelevant to the jurisdictional inquiry. *See* VW Germany Reply at 7-11.

**Topic 2:** Whether or not VW Germany designed its vehicles to comply with U.S. safety requirements does nothing to establish that VW Germany purposefully availed itself of other states' market for new or used cars, much less Virginia's. *See J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011) ("it is petitioner's purposeful contacts with New Jersey, not with the United States, that alone are relevant" . . . "These facts may reveal an intent to serve the U.S. market, but they do not show that J. McIntyre purposefully availed itself of the New Jersey market") (plurality opinion); *id.* at 890–891 (concurring opinion). *See also Andrews v. Shandong Linglong Tyre Co., Ltd.*, 2022 WL 2484544, at *7 (E.D. Va. Jul. 6, 2022) (rejecting stream of commerce theory where plaintiff "utterly fails to allege that

Linglong targeted Virginia" and instead alleged that "Linglong targeted the [U.S.]");
*Durham v. LG Chem, Ltd.*, 2022 WL 274498, at *2 (11th Cir. Jan. 31, 2022).

VW Germany has already answered the only questions relevant to the jurisdictional analysis: it did not design or manufacture any vehicles to be sold only in Virginia or to appeal specifically to Virginia residents (which Plaintiffs are not); it did not even manufacture the vehicles of Plaintiffs Knapp, Lewis, and Jacinto; and it made no decisions regarding the marketing, import, or sales of Volkswagen vehicles in the United States. ECF No. 319-2 ¶¶ 8, 22-23. That Volkswagen vehicles sold in the U.S. comply with all applicable safety requirements in the U.S. no matter where they are made is irrelevant to the jurisdictional analysis.

**Topic 3:** Plaintiffs seek discovery into whether "the manufacture, distribution, marketing, and sale of Class Vehicles" occurred in Virginia. Mot. at 2-3. This topic only highlights Plaintiffs' failure to allege a *prima facie* case of jurisdiction over their claims asserted in connection with their vehicle purchases: it is the paradigm example of issues they should have investigated before filing an action alleging that VW Germany was subject to personal jurisdiction in Virginia. Again, Plaintiffs fail to distinguish between different defendants and their respective, separate business activities. Plaintiffs fail to rebut VW Germany's evidentiary showing that it operates in Germany, that it does not design, manufacture, sell, advertise, or market its vehicles in the U.S., and that it has no control over the sale or distribution of vehicles

it sells to VWGoA. ECF No. 319-2 ¶¶ 4, 7-8, 22. Plaintiffs also fail to rebut VW Germany's evidentiary showing that VWGoA, not VW Germany, distributes and markets Volkswagen vehicles in the U.S. *Id*. ¶ 16. Plaintiffs are not entitled to jurisdictional discovery simply to substantiate VW Germany's uncontroverted declarations. *Brown*, 202 F. Supp. 3d at 1346.

Plaintiffs also seek discovery into whether the manufacturing, distribution, marketing, and sale of Volkswagen vehicles was "directed at" Virginia.  Mot. at 2-3. However, their claims relate to the purchase or lease of vehicles in *Florida, Illinois, Montana,* and *New York*, and alleged breaches of warranty that occurred—if anywhere—in *Florida, Illinois, Montana,* and *New York*. Whether the broad categories of activities identified by Plaintiffs were directed at Virginia has no relevance to claims arising in other states with no nexus to Virginia. As the Eleventh Circuit has explained, specific jurisdiction exists where "the defendant has purposefully directed his activities at residents of the forum" and there is "a sufficient nexus between those contacts and the litigation." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.,* 593 F.3d 1249, 1267 (11th Cir. 2010). Plaintiffs are not residents of Virginia, the breaches they allege did not occur in Virginia, and there is no conceivable relation between activities directed at Virginia residents and their asserted injuries in other states. *See also Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255 (2017) (no specific jurisdiction in California

over claims asserted by non-California residents who were not prescribed drug in California, did not ingest drug in California, and did not experience injury in California).

### C. Plaintiffs' Authorities Do Not Support Jurisdictional Discovery

The decisions Plaintiffs rely on to support their request for jurisdictional discovery are inapposite. In *Emmer v. WABII Branding, Inc.*, 2021 WL 9638503 (N.D. Ga. Nov. 5, 2021), defendant (unlike here) conceded that plaintiff was entitled to jurisdictional discovery. The plaintiff there had already "made attempts to serve discovery requests upon" the defendants and the defendants did not object to such requests, though they "reserve[d] objections to the scope." *Id.* at *2–*3. Here, Plaintiffs argue that they could not serve discovery requests on VW Germany, but that does not excuse their failure to attach their proposed discovery requests to their motion.

Similarly, in *Seiz v. Quirk*, 2013 WL 12290850 (N.D. Ga. Jan. 3, 2013), plaintiffs "specified, in detail, the matters on which they wished to gather discovery" and explained "why it is relevant to the ultimate Motion to Dismiss." *Id.* at *6. As discussed above, Plaintiffs fail on both counts. In *Hosny v. Thiam*, 2015 WL 13650094 (N.D. Ga. Apr. 16, 2015), this Court permitted jurisdictional discovery where plaintiff presented some evidence regarding the defendant's direct contacts with the forum state (Georgia)—namely, defendant's participation in negotiating the

contract at issue in the case while physically present in Georgia. *Id.* at *2, *5. Moreover, defendant filed a motion for summary judgment alongside his motion to dismiss for lack of personal jurisdiction, in which he pointed to evidence that he had made contractually required payments to another party's Georgia bank account. *Id.* at *4, *5. Given the "procedural posture," the Court permitted jurisdictional discovery, but even then acknowledged the case presented "a close question." *Id.* at *6.[3] Here, Plaintiffs have not identified a *prima facie* case of any activities by VW Germany in the forum state, much less activities related to their claims. *ACLU of Fla., Inc. v. City of Sarasota* is likewise inapposite. 859 F.3d 1337, 1340 (11th Cir. 2017). In it, the court considered whether to grant jurisdictional discovery regarding subject-matter jurisdiction—which is not at issue in this case—not personal jurisdiction.

Finally, in *Luc v. Korean Air Lines Co.*, the plaintiff, a Georgia resident, alleged that the defendant, an airline, "committed a tortious injury in Georgia by moving and loading the meal that injured Plaintiff" onto his flight from South Korea to Georgia and was "persistent" in directing meals to Georgia on its affiliate airline's "continuous and systematic" Georgia-bound flights. 2019 WL 7824584, at *3 (N.D. Ga. June 4, 2019). The *Luc* court allowed jurisdictional discovery precisely because

---

[3] *See Hosny v. Thiam et al.*, Case No. 1:13-cv-04103-ELR (N.D. Ga.), ECF No. 67 at 17 (July 20, 2015).

the plaintiff, unlike here, had made a *prima facie* showing of personal jurisdiction. *Id*. at 3-4. Plaintiffs—nonresidents of Virginia whose vehicles and injuries have no connection to Virginia—can make no such showing.

## <u>CONCLUSION</u>

For the above reasons, the Court should deny Plaintiffs' motion seeking jurisdictional discovery.

Dated: May 2, 2025                    Respectfully submitted,

*/s/ Livia M. Kiser*

Livia M. Kiser
Susan V. Vargas
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310
lkiser@kslaw.com
svargas@kslaw.com

Michael B. Shortnacy
**SHOOK, HARDY AND BACON L.L.P.**
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone:  (424) 324-3494
Facsimile:   (424) 204-9093

*Counsel for Specially Appearing Defendant Volkswagen Aktiengesellschaft*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C) AND 7.1(D)**

I hereby certify that this Volkswagen Aktiengesellschaft's Opposition to Plaintiffs' Motion for Jurisdictional Discovery has been prepared with one of the font and point selections approved by the Court in LR 5.1(C) (Times New Roman, 14 pt.).

Dated: May 2, 2025                         */s/ Livia M. Kiser*
                                           Livia M. Kiser

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date specified below, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF e-filing system.

Dated: May 2, 2025       */s/ Livia M. Kiser*
             Livia M. Kiser