**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 3051<br>Case No. 1:22-md-03051-ELR |

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION**
**FOR JURISDICTIONAL DISCOVERY AS TO DEFENDANT**
**VOLKSWAGEN AKTIENGESELLSCHAFT**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT.............................................................................1

ARGUMENT....................................................................................................2

I.    Plaintiffs' Allegations and Evidence Establish a Genuine Dispute
Regarding the Court's Jurisdiction..............................................................2

    A.    The Court can consider the evidence Plaintiffs submitted in
opposition to VW AG's motion to dismiss.......................................2

    B.    Plaintiffs' Complaint sufficiently alleges a basis for jurisdiction
over VW AG..................................................................................3

    C.    VW AG does not show the absence of a genuine dispute...................6

    D.    VW AG does not persuasively rebut Plaintiffs' authorities that
support a genuine question of jurisdiction here.................................9

II.    The Proposed Discovery Is Narrowly Tailored and Relevant to the
Court's Jurisdiction Over VW AG..............................................................12

CONCLUSION ...............................................................................................14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Blackmon v. Carnival Corp.*,
    2014 WL 12579758 (S.D. Fla. June 9, 2014) ......................................................2

*Briskin v. Shopify, Inc.*,
    __ F.4th __, 2025 WL 1154075 (9th Cir. Apr. 21, 2025) (en banc) .................13

*Bullard v. Jaguar Land Rover Auto. PLC*,
    2023 WL 4841610 (D.N.J. July 28, 2023) ....................................................5, 10

*Carr v. Stillwaters Dev. Co., L.P.*,
    83 F. Supp. 2d 1269 (M.D. Ala. 1999) ..........................................................7, 8

*Davis v. LG Chemical, Ltd.*,
    849 F. App'x 855 (11th Cir. 2021) ..............................................................10, 11

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
    593 F.3d 1249 (11th Cir. 2010) ............................................................3, 13, 14

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
    592 U.S. 351 (2021) ....................................................................9, 10, 11, 13

*In re German Auto. Mfrs. Antitrust Litig.*,
    392 F. Supp. 3d 1059 (N.D. Cal. 2019) ..........................................................12

*Ital Brokers S.P.A. v. Redbridge Ins. Co.*,
    2024 WL 4880513 (S.D. Fla. Nov. 25, 2024) ..................................................9

*Johnson v. Chrysler Can. Inc.*,
    24 F. Supp. 3d 1118 (N.D. Ala. 2014) ............................................................12

*Lewis v. Mercedes-Benz USA, LLC*,
    530 F. Supp. 3d 1183 (S.D. Fla. 2021) ............................................................8

*Marti v. Iberostar Hoteles y Apartamentos S.L.*,
    2025 WL 253991 (S.D. Fla. Jan. 21, 2025) ....................................................8

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*,
2020 WL 3893038 (E.D. Mich. July 10, 2020) ................................................4

*Nafta Traders, Inc. v. Corkcicle, LLC*,
2020 WL 7422061 (M.D. Fla. May 27, 2020) ...................................................5

*Opheim v. Volkswagen Aktiengesellschaft*,
2021 WL 2621689 (D.N.J. June 25, 2021)..................................................9, 10

*Patt v. Volkswagen Grp. of Am., Inc.*,
688 F. Supp. 3d 1186 (S.D. Fla. 2023)....................................................*passim*

*Rickman v. BMW of N. Am. LLC*,
538 F. Supp. 3d 429 (D.N.J. 2021)........................................................4, 5, 13

*Rothschild & Co. Continuation Holdings A.G. v. Sklarov*,
440 F. Supp. 3d 1385 (N.D. Ga. 2020)..............................................................2

*State ex rel. Swanson v. Volkswagen Aktiengesellschaft*,
2018 WL 6273103 (Minn. Ct. App. Dec. 3, 2018) ...........................................4

*In re Takata Airbag Products Liability Litigation*,
396 F. Supp. 3d 1101 (S.D. Fla 2019)..............................................................6

*Walden v. Fiore*,
571 U.S. 277 (2014).......................................................................................10

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
792 F.3d 1313 (11th Cir. 2015).......................................................................6

**Court Rules**

Fed. R. Civ. P. 8(a)(2)........................................................................................6

Fed. R. Civ. P. 10(b) .........................................................................................6

Fed. R. Civ. P. 12(b)(2)..................................................................................2, 6

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

Fed. R. Civ. P. 12(e) ..............................................................................6

NDGa L.R. 26.2(A) ...............................................................................6

## PRELIMINARY STATEMENT[1]

Volkswagen Aktiengesellschaft ("VW AG") markets, distributes, and sells VW-brand vehicles in the United States through its wholly owned subsidiary and co-defendant Volkswagen Group of America, Inc. ("VW America"), which is headquartered in Virginia, where Plaintiffs Brandy Knapp, Eniko Gedo, Patricia Jones, and Francine Lewis initially filed suit. VW AG claims litigating here would violate its due process rights, despite the existence of its exclusive arrangement with VW America that allows VW AG to engage in pervasive business in and through Virginia, reaping the benefits of the attractive U.S. auto market and the protections of Virginia law. Its attempt to evade jurisdiction is unavailing. *See* Dkt. 327.

While Plaintiffs do not believe the Court's jurisdiction over VW AG is a close question, they moved in the alternative for leave to conduct limited discovery into VW AG's purposeful availment of Virginia, the transferor forum. Plaintiffs believe the requested discovery will bear out their allegations, which are supported by evidence in their opposition to VW AG's motion to dismiss, that VW AG conducts pervasive business in and through Virginia related to the conduct at issue in this case.

VW AG's opposition is both baseless and hypocritical. VW AG admits a genuine dispute over jurisdiction suffices to meet the standard for discovery, yet

---

[1] Unless otherwise indicated, all emphasis in this brief has been added, and all internal citations and quotation marks have been omitted.

contends Plaintiffs must meet a higher threshold. VW AG urges the Court to ignore Plaintiffs' evidence regarding jurisdiction, yet it relies almost entirely on its own extrinsic testimony—which at best raises the requisite genuine dispute. And VW AG claims Plaintiffs' proposed discovery would not be helpful, based only on its say-so. But that turns the governing standard on its head: Plaintiffs have "[a] qualified right to take jurisdictional discovery." *Rothschild & Co. Continuation Holdings A.G. v. Sklarov*, 440 F. Supp. 3d 1385, 1395 (N.D. Ga. 2020) (Totenberg, J.). Indeed, "Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction." *Blackmon v. Carnival Corp.*, 2014 WL 12579758, at *2 (S.D. Fla. June 9, 2014). Plaintiffs they have amply demonstrated discovery is warranted here.

Accordingly, if the Court is not inclined to deny VW AG's motion to dismiss, it should hold that motion in abeyance and allow for narrowly tailored discovery into the Court's jurisdiction over VW AG.

## ARGUMENT

### I.  PLAINTIFFS' ALLEGATIONS AND EVIDENCE ESTABLISH A GENUINE DISPUTE REGARDING THE COURT'S JURISDICTION.

#### A.  The Court can consider the evidence Plaintiffs submitted in opposition to VW AG's motion to dismiss.

VW AG proposes to limit the Court's jurisdictional analysis to the four corners of Plaintiffs' Complaint, even though VW AG's opposition—like its motion

to dismiss—relies heavily on affidavit evidence. *Compare* Dkt. 336, at 7 (criticizing Plaintiffs for citing to "seven exhibits"), *with id.* at 8, 13, 15, 16 (relying on extrinsic affidavit in opposition to Plaintiffs' motion for jurisdictional discovery), *and* Dkt. 319-1, at 2, 3, 5, 7, 9, 10, 13, 14, 16, 20 (same, in motion to dismiss). Fundamentally, VW AG ignores that, given its ***factual*** jurisdictional challenge, Plaintiffs were permitted to supplement their allegations with evidence. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) ("Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction."). Plaintiffs properly did so. *See* Dkt. 327-1.

**B.    Plaintiffs' Complaint sufficiently alleges a basis for jurisdiction over VW AG.**

In any event, the Complaint itself establishes a case for jurisdiction. VW AG contends the Complaint contains "just four factual allegations specific to VW [AG]." Dkt. 336, at 6. But VW AG selectively ignores allegations that VW AG is a German corporation that purposefully avails itself of the privilege of conducting business in Virginia through its Virginia-headquartered subsidiary VW America, and that Plaintiffs' claims arise from or relate to such conduct. *See* Dkt. 157 ¶¶ 10, 25, 27, 133-34, 136-37, 154, 185, 187, 189, 376-79 (alleging, *inter alia*, VW AG and Virginia-based VW America are part of the "Volkswagen Defendants," which

import, market, and distribute VW-brand vehicles throughout the United States); *id.* ¶¶ 1126-94, 1425-1517, 2377-2445, 2797-2882 (setting forth Plaintiffs' claims).[2]

VW AG does not address or dispute most of these relevant allegations. *See* Dkt. 336, at 5-7. Indeed, courts addressing similar allegations have found a sufficient basis for jurisdiction, including **as to VW AG**. *See State ex rel. Swanson v. Volkswagen Aktiengesellschaft*, 2018 WL 6273103, at *3-5 (Minn. Ct. App. Dec. 3, 2018) (VW AG "acted with and through its United States affiliates to obtain legal certification to sell its vehicles in the United States"); *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 2020 WL 3893038, at *6 (E.D. Mich. July 10, 2020) (purposeful availment satisfied where VW AG "acted in concert with its wholly-owned subsidiary, [VW America], to ship to and sell thousands of vehicles in the United States").[3]

---

[2] VW AG further ignores that the Complaint "incorporates . . . by reference the personal jurisdiction allegations made in the original complaints transferred to this Court." Dkt. 157, ¶ 25. Those include the amended complaint in *Britton, et al. v. ARC Automotive Inc., et al.*, No. 22-3053, Dkt. 84 (N.D. Cal. filed Aug. 10, 2022). The *Britton* pleading provides additional jurisdictional facts that bolster a *prima face* case of personal jurisdiction over VW AG. *See id.* ¶¶ 59, 60, 62, 66.

[3] *See also Patt v. Volkswagen Grp. of Am., Inc.*, 688 F. Supp. 3d 1186, 1189, 1193 (S.D. Fla. 2023) (exercising jurisdiction over Audi AG based on its purposeful availment of the forum state through VW America); *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 435, 442, 443 (D.N.J. 2021) (granting jurisdictional discovery where plaintiffs "alleged that [defendant]'s campaign [of marketing cars as low emissions vehicles] was developed at high levels by BMW NA at New Jersey headquarters with input and supervision by BMW AG").

Contrary to VW's assertion, Plaintiffs do not seek to "impute [VW America's] jurisdictional contacts to VW [AG] under . . . an agency theory." Dkt. 336, at 7. Plaintiffs have demonstrated the extensive ***direct*** connections between VW AG ***itself*** and the forum state of Virginia, including how VW AG uses its domestic subsidiary in Virginia as the exclusive means through which to market and distribute Class Vehicles in the United States. Dkt. 327, at 5-9. This is not "a strict agency theory of general jurisdiction." *Rickman*, 538 F. Supp. 3d at 438 & n.5 (finding that BMW AG purposefully availed itself of the forum state through its exclusive distributor subsidiary); *see also Bullard v. Jaguar Land Rover Auto. PLC*, 2023 WL 4841610, at *5 (D.N.J. July 28, 2023) (claim that foreign automaker used domestic subsidiary "as a 'store front in the United States'" alleged "activity [that] is attributed to the [foreign] Defendants themselves" sufficient to confer jurisdiction in New Jersey, where the domestic affiliate was headquartered).

Nor do Plaintiffs' allegations impermissibly "[l]ump[] VW AG and [VW America] together under the blanket term Volkswagen Group,' and using 'and/or' allegations." Dkt. 336, at 6. As Plaintiffs have already explained, "collective pleading" against defendants is permissible where, as here, "the allegations give the individual defendants sufficient notice" of their alleged misconduct. Dkt. 327, at 23-24; *see also Nafta Traders, Inc. v. Corkcicle, LLC*, 2020 WL 7422061, at *2 (M.D. Fla. May 27, 2020). The Complaint "gives [VW AG] adequate notice of the claims

against [it] and the factual allegations that support those claims." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1325-26 (11th Cir. 2015) (district court abused its discretion in determining complaint violated Rules 8(a)(2) and 10(b), as the subject counts were "informative enough to permit a court to readily determine if they state a claim upon which relief can be granted"). This "may explain why [VW AG] did not move for a more definite statement under Federal Rule of Civil Procedure 12(e) or otherwise assert that [it] w[as] having difficulty knowing what [it] w[as] alleged to have done and why [it] w[as] liable for doing it." *Id.* at 1324.[4]

### C.    VW AG does not show the absence of a genuine dispute.

VW AG accuses Plaintiffs of "pivoting [from their allegations] to a different (unpled) theory of specific jurisdiction" and for responding to its "evidentiary showing" with evidence of their own. Dkt. 336, at 7. But Plaintiffs have never altered

---

[4] *In re Takata Airbag Products Liability Litigation*, where the court granted a Rule 12(b)(2) motion as to VW AG and several other foreign automakers, is distinguishable. In contrast to the myriad forum-specific facts Plaintiffs proffer here, the plaintiffs in *Takata* alleged jurisdiction based on the general fact that VW America "'engages in business activities in furtherance of the interest of' [VW AG], including 'the advertising, marketing and sale of Volkswagen automobiles worldwide.'" 396 F. Supp. 3d 1101, 1140 (S.D. Fla. 2019) (quoting complaint). And unlike this case, the allegations in *Takata* were not supplemented with any evidence. *Id.* at 1149. Finally, unlike here, the *Takata* plaintiffs "never formally fil[ed] a motion" for jurisdictional discovery. *Id.* at 1157. Crucially, by the time the court ruled on the foreign automakers' motions to dismiss, the case had "been pending for over 4 years and discovery ha[d] indeed been undertaken." *Id.* at 1158. Here, however, discovery remains closed pending Defendants' pleadings challenges. NDGa L.R. 26.2(A); *see also* Dkt. 91, at 2.

their jurisdictional theory, which was and remains that VW AG purposefully availed itself of the privilege of conducting business in Virginia, Plaintiffs' claims arise out of or relate to VW AG's contacts with Virginia, and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.[5]

VW AG further contends Plaintiffs "were first required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof," *id.*, but that is exactly what Plaintiffs have done. *See* Dkt. 327, at 5-9, 17-18, 20-22. Although VW AG claims Plaintiffs' exhibits "are . . . not substantiated" and "wholly unrelated" to the "jurisdictional allegations," it concedes that they "are a matter of public record." Dkt. 336, at 7. And those exhibits are plainly related to Plaintiffs' allegations (most of which VW AG ignores). *See, e.g.*, Dkt. 327, at 5-9, 17-18, 20-22.

VW AG selectively cites its Importer Agreement with VW America, focusing on two conclusory sentences stating VW America acts as "an independent entrepreneur" and "is not an agent or representative of VWAG . . . and shall not act or purport to act on behalf of VWAG." Dkt. 336, at 7. But those statements are irrelevant (or at least not controlling) because "[e]xpress disclaimers of agency do not necessarily eliminate the existence of an agency relationship." *Carr v. Stillwaters*

---

[5] Dkt. 157, ¶¶ 10, 25, 27, 133, 134, 136-38, 154, 185, 187, 189, 376-79, 1126-94, 1425-1517, 2377-2445, 2797-2882; *Britton*, No. 22-3053, Dkt. 84, ¶¶ 59, 60, 62.

*Dev. Co., L.P.*, 83 F. Supp. 2d 1269, 1279 (M.D. Ala. 1999). Such language "alone is not dispositive" and "does not outweigh the other evidence" that creates at least a genuine dispute regarding VW AG's purposeful availment of the privileges of conducting business in Virginia through VW America. *Marti v. Iberostar Hoteles y Apartamentos S.L.*, 2025 WL 253991, at *6 (S.D. Fla. Jan. 21, 2025); *see also Carr*, 83 F. Supp. 2d at 1280 ("[E]ven though the agreement denies agency, Insignia contracted to perform services for the benefit of StillWaters Development and subject to StillWaters Development's ongoing control.").

VW AG also relies on conclusory averments in its own declaration to claim there is no lack of corporate formalities between itself and VW America and VW AG is not directly involved in forum-related conduct. Dkt. 336, at 8. But whether VW America and VW AG are "legally separate entities" or whether VW AG has ***direct*** involvement in forum-related activities does not "insulate [VW AG] from a finding that it has purposefully availed itself of the privileges and responsibilities of conducting business in" Virginia. *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1239 (S.D. Fla. 2021); *see also Patt*, 688 F. Supp. 3d at 1192-94 ("[R]egardless of whether [VW America] acts as Audi's agent, subsidiary, intermediary, or, as Audi asserts, a separate, distinct, and independent corporate entity, the fact remains that Audi has systematically served a market in Florida for the type of vehicle Patt was driving."). After all, "'indirectly' serv[ing] the market

of [the forum]" suffices for specific jurisdiction. *Id.* at 1193 (quoting *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 363 (2021)).

### D. VW AG does not persuasively rebut Plaintiffs' authorities that support a genuine question of jurisdiction here.

"[A] court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Ital Brokers S.P.A. v. Redbridge Ins. Co.*, 2024 WL 4880513, at *3 (S.D. Fla. Nov. 25, 2024). In their opening brief, Plaintiffs cited several decisions where courts allowed discovery under circumstances similar to those here because the movants (like Plaintiffs) established at least a genuine question as to the existence of jurisdiction. *See, e.g.*, *Opheim v. Volkswagen Aktiengesellschaft*, 2021 WL 2621689, at *6 (D.N.J. June 25, 2021) (granting jurisdictional discovery into whether Audi AG purposefully availed itself of New Jersey law through its import-and-distribution agreement with VW America). VW AG fails to credibly distinguish this highly relevant caselaw.

VW AG's observation that *Opheim* "deferred any finding of personal jurisdiction pending jurisdictional discovery" hardly aids its opposition to this motion **for jurisdictional discovery**. VW AG also ignores *Opheim*'s holding that plaintiffs "at least made out a prima facie showing for purposeful availment" on the theory that "Audi AG deliberately targeted New Jersey," VW America's state of incorporation. 2021 WL 2621689, at *5. Surely if the *Opheim* plaintiffs could establish a prima facie case of jurisdiction over Audi AG based on its domestic

distributor's state of **incorporation**, Plaintiffs have established a genuine question based on where VW AG's domestic subsidiary and exclusive distributor **is headquartered**. *Id.* at *4-5.

VW AG offers a false distinction between Plaintiffs' claims and those in *Opheim*, *Patt*, and *Ford*, contending that because Plaintiffs reside and purchased their cars in other states, any acts related to their claims were "directed" at those states, not Virginia. But "it is the **defendant's** conduct that must form the necessary connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). A court cannot rely "on the unilateral activity of a plaintiff'" to determine jurisdiction. *Id*. at 286; *see also Ford*, 592 U.S. at 359 ("The contacts must be the defendant's own choice."). Here, as in *Opheim* and *Patt*, the conduct giving rise or relating to Plaintiffs' claims (*e.g.*, VW AG's misleading advertising, fraud, breach of warranties, and unjust enrichment) **did** occur through VW AG's "ongoing, substantial relationship with VW America [in Virginia] as its gateway into the American market." *Opheim*, 2021 WL 2621689, at *5; *see also Bullard*, 2023 WL 4841610, at *5 (finding jurisdiction given that foreign defendants "purposefully directed the Class Vehicles into New Jersey through [the domestic distributor] and a defect in those vehicles allegedly damaged Plaintiffs").

VW AG's cases are inapposite. *Davis v. LG Chemical, Ltd*., decided before *Ford*, involved plaintiffs injured by exploding batteries in e-cigarette devices. 849

F. App'x 855, 856 (11th Cir. 2021) (per curiam). Analyzing Georgia's long-arm statute, the court of appeals held the claim involving defective batteries had to arise from the defendant's contacts with the forum (Georgia), and the only forum contact was by the defendant's subsidiary that ***did not sell*** the batteries at issue. *Id*. at 858. The court also noted the defendant had not marketed the batteries for use in an e-cigarette device and the third-party seller had re-wrapped the batteries in its branded wrapper. *Id*. at 856. Unlike in *Davis*, Plaintiffs' claims relate to VW AG's advertising and marketing activities through its Virginia-based subsidiary, VW America. Further, the U.S. Supreme Court has since (in *Ford*) rejected the causal requirement the court applied in *Davis*. 592 U.S. at 362 ("None of our precedents has suggested that only a strict causal relationship between the defendant's in-state activity and the litigation will do.").

Equally unpersuasive is VW AG's assertion that the Importer Agreement shows it did not direct conduct at Virginia because the agreement required performance in Germany under German law. Dkt. 336, at 12. But the fact that the Importer Agreement required such performance ***as between VW AG and VW America*** (Dkt. 327-6, at 26) does not address—let alone define or dictate the extent of—VW AG's contacts with Virginia for purposes of Plaintiffs' claims. *See Patt*, 688 F. Supp. 3d at 1188, 1194 (finding jurisdiction over foreign automaker notwithstanding that its domestic distributor took possession of the vehicles in

foreign country); *Johnson v. Chrysler Can. Inc.*, 24 F. Supp. 3d 1118, 1121, 1142 (N.D. Ala. 2014) (same).

## II.    THE PROPOSED DISCOVERY IS NARROWLY TAILORED AND RELEVANT TO THE COURT'S JURISDICTION OVER VW AG.

Plaintiffs specify how jurisdictional discovery will confirm that VW AG is subject to the Court's jurisdiction, including VW AG's purposeful availment of the forum state of Virginia. Dkt. 328, at 1-6. The proposed discovery goes to VW AG's deliberate use of an American entity to establish and maintain its presence in the U.S. market by way of Virginia. Each proposed topic directly relates to VW AG's contacts with Virginia and would help demonstrate jurisdiction in that forum.

**Topic 1**: Discovery regarding VW AG's relationship with and control over its affiliates, in particular VW America, is critical to determining whether VW AG purposefully availed itself of the right to conduct business in Virginia. These affiliates serve as VW AG's entry points into the U.S. market, making their role directly relevant to the jurisdictional analysis.

**Topic 2**: Discovery regarding VW AG's efforts to ensure its vehicles comply with U.S. laws, as well as its dealings with U.S. regulators, is relevant to whether VW AG purposefully availed itself of the right to do business in Virginia. *See, e.g.*, *In re German Auto. Mfrs. Antitrust Litig.*, 392 F. Supp. 3d 1059, 1067 (N.D. Cal. 2019) (German automakers directed conduct at U.S. based on sale of millions of cars

in U.S. and because they "designed the product for the market in the forum").[6]

**Topic 3**: Discovery regarding Defendants' role in the manufacture, distribution, marketing, and sale of Class Vehicles is central to assessing VW AG's jurisdictional contacts with Virginia and establishing that Plaintiffs' claims arise out of or relate to those contacts. VW AG does not deny its meaningful interaction with its subsidiaries; in fact, the declarations submitted with its motion to dismiss explicitly acknowledge such "coordination." Dkt. 335-1, ¶ 6; *see also* Dkt. 335-2, ¶ 5. The fact that VW AG may not make final decisions for VW America, or that the two are distinct legal entities, does not negate VW AG's substantial business involvement and coordination with VW America. *See Rickman*, 538 F. Supp. 3d at 438 ("Given the intense focus and investment that BMW AG puts on the American market, significant coordination between [BMW AG and BMW America] is plausible."). At most, VW AG's evidence demonstrates there is a "genuine dispute" that warrants discovery.

VW AG cites *Diamond Crystal Brands*, but that decision demonstrates why jurisdiction is *proper* here. In finding jurisdiction, the Eleventh Circuit considered

---

[6] While VW AG contends its contacts with the **United States** are irrelevant to whether it targeted **Virginia** (Dkt. 336, at 14-15), "the Supreme Court has considered and rejected the argument that because a nationwide company is everywhere, it is jurisdictionally nowhere except in its principal place of business and state of incorporation." *Briskin v. Shopify, Inc.*, __ F.4th __, 2025 WL 1154075, at *12 (9th Cir. Apr. 21, 2025) (en banc) (citing *Ford*, 592 U.S. at 355, 363).

multiple factors that arose from recurring business transactions and the defendant's purposeful engagement with the forum, 593 F.3d at 1268-71—which, as in that case, support jurisdiction in the forum state (Virginia) as to VW AG.

## <u>CONCLUSION</u>

For the reasons set forth above and in Plaintiffs' opening brief, if the Court is not inclined to deny VW AG's motion to dismiss, it should hold that motion in abeyance and permit Plaintiffs to conduct discrete jurisdictional discovery.

Dated: May 16, 2025

Respectfully submitted,


*/s/ Roland Tellis*
Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Adam Tamburelli
atamburelli@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
Kelsey J. Elling
kelling@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Tel: (818) 839-2333

*/s/ Demet Basar*
Demet Basar
demet.basar@beasleyallen.com
W. Daniel "Dee" Miles, III
dee.miles@beasleyallen.com
J. Mitch Williams
mitch.williams@beasleyallen.com
Dylan T. Martin
dylan.martin@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343

H. Clay Barnett, III (GA Bar 174058)
clay.barnett@beasleyallen.com
Thomas P. Willingham (GA Bar 235049)
tom.willingham@beasleyallen.com
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Tel: (404) 751-1162

/s/ James E. Cecchi
James E. Cecchi
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700

Zachary Jacobs
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, Illinois 60606
Tel: (973) 994-1700

Jason H. Alperstein
jalperstein@carellabyrne.com
Zachary J. Bower
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Tel: (973) 994-1700

/s/ Elizabeth T. Castillo
Niall P. McCarthy
nmccarthy@cpmlegal.com
Elizabeth T. Castillo
ecastillo@cpmlegal.com
David G. Hollenberg
dhollenberg@cpmlegal.com
**COTCHETT, PITRE & McCARTHY,
LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

Theresa E. Vitale
tvitale@cpmlegal.com
**COTCHETT, PITRE & McCARTHY,
LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Tel: (310) 392-2008

*/s/ David Stellings*
David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

*/s/ Kevin R. Dean*
Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

*/s/ Matthew D. Schultz*
Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

*Leadership Committee for Plaintiffs and the Proposed Classes*

- 17 -

*/s/ Michael A. Caplan*        
Michael A. Caplan (GA Bar 601039)
mcaplan@caplancobb.com
T. Brandon Waddell (GA Bar 252639)
bwaddell@caplancobb.com
Ashley C. Brown (GA Bar 287373)
abrown@caplancobb.com
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600

*/s/ M.J. Blakely*        
M.J. Blakely (GA Bar 708906)
mjblakely@blakelyfirm.com
**THE BLAKELY FIRM, L.L.C.**
P.O. Box 3314
Decatur, GA 30031
Tel: (404) 491-0617

*Liaison Counsel for Plaintiffs and the Proposed Classes*

## **<u>CERTIFICATION</u>**

Pursuant to Civil Local Rule 7.1(D), the undersigned counsel certifies that this brief has been prepared with 14-point Times New Roman, as approved by the Court in Civil Local Rule 5.1(C).

*/s/ David Stellings*
David Stellings
