# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: ARC AIRBAGS INFLATORS PRODUCTS LIABILITY LITIGATION<br><br>ALL CASES | Case No.: 1:22-md-03051-ELR<br><br>MDL No. 3051<br><br>**PLAINTIFFS' REQUEST FOR STATUS CONFERENCE REGARDING DISCRETE PRE-ANSWER DISCOVERY** |

Plaintiffs respectfully request that the Court schedule a case management conference to address the status of the litigation and Plaintiffs' proposal to advance the case by allowing discovery of certain narrow categories of materials that Defendants have already collected, and to address the Court's view as to the utility, timing, and format of any motion practice on this proposal. *See* Fed. R. Civ. P. 16(a).

Plaintiffs recognize it may take the Court some time to resolve the dozens (if not hundreds) of issues contained in the pending motions to dismiss. Especially in light of the string of recent authority from within this District partially denying motions to dismiss in similar cases, Plaintiffs anticipate at least *some* of their claims will survive the pending motions in these proceedings. Given the potential prejudice to Plaintiffs and the proposed Class Members due to the continued passage of time since these cases were initiated more than three years ago,

Plaintiffs therefore believe it is appropriate to allow limited discovery to begin while the Court addresses those motions.  This would enable the parties to begin to develop the factual record and prevent (or at least minimize) the loss of evidence as time passes and witnesses' memories fade.  To be clear, Plaintiffs are not asking the Court to completely open discovery; rather, they wish to explore certain indisputably relevant areas of inquiry, specified below, that will not be burdensome for Defendants to collect and produce to facilitate the efficient prosecution of these proceedings.

Plaintiffs therefore respectfully request that the Court schedule a status conference to discuss the stay of discovery that has now remained in effect for over two years.  It has been 21 months since the parties last appeared before the Court to discuss the status of this multidistrict litigation (Dkt. 174), and Plaintiffs respectfully submit that a conference at the Court's earliest convenience would assist in the efficient and effective progress of the case.

Defendants oppose Plaintiffs' request.

## I.    <u>**Procedural History**</u>

This MDL currently consists of more than a dozen centralized class actions initially filed across the country.  Plaintiffs assert various economic injury claims against Defendant ARC for designing and manufacturing defective airbag hybrid inflators (the "Defective Inflators").  The Defective Inflators are installed in tens of

millions of U.S. vehicles that were manufactured and sold by the domestic Automaker Defendants. Plaintiffs and Class Members continue to own vehicles with these Defective Inflators, which, according to NHTSA—the country's auto safety regulator—"pose[] an unreasonable risk of serious injury or death to vehicle occupants," Dkt. 267 at 2 (quoting Dkt. 267-1 at 63,474), and are eager to move their case forward to further investigate the defect and obtain redress for their economic injuries.

After the constituent cases were coordinated by the JPML and transferred to this Court in December 2022 (Dkt. 1), Plaintiffs filed their consolidated complaint on June 28, 2023.  ARC, the domestic Automaker Defendants, and the Airbag Module Defendants (collectively, the "Domestic Defendants") moved to dismiss Plaintiffs' claims on October 18, 2023, and those motions were fully briefed as of February 16, 2024.  Since then, and following Plaintiffs' service on them through the Hague Convention process, numerous non-U.S. parent companies and affiliates of the domestic automakers (collectively, the "Foreign Defendants") filed motions to dismiss based on lack of personal jurisdiction and adopted their domestic counterparts' Rule 12(b)(6) arguments.

Throughout this time, discovery has been stayed pursuant to Local Rule 26.2(A), which defers the start of discovery until the first defendant's answer to the complaint absent mutual agreement of the parties.  At the outset of this MDL, the

Domestic Defendants agreed to re-produce to Plaintiffs the documents they had already provided to NHTSA in the course of its investigation into the Inflator Defect. Plaintiffs and the Domestic Defendants also exchanged initial disclosures. Dkt. 70 at 2. Aside from these very limited exchanges, however, Plaintiffs have obtained no documents or other discovery from any of the Defendants.

## II.    Plaintiffs Request a Case Management Conference to Address Issues Regarding Discovery.

Plaintiffs believe it would be most efficient for the Court to hold a status conference to address whether limited discovery with respect to the Domestic Defendants is appropriate at this point given the significant lapse of time since these cases began and the likelihood that at least some claims will proceed past the pleading stage, or to discuss the potential for motion practice on this issue.[1] This would allow the parties to proceed with the benefit of the Court's guidance and preferences before adding another motion to the docket.

As Plaintiffs are prepared to further discuss during a conference, several factors support opening discovery notwithstanding Local Rule 26.2(A).

*First*, it is highly likely that at least some claims against the Domestic Defendants will survive their pending Rule 12(b)(6) motions. Several judges in

---

[1] Plaintiffs do not currently seek to open fact discovery with respect to the Foreign Defendants while their Rule 12(b)(2) motions and Plaintiffs' alternative motions for jurisdictional discovery remain pending.

4

this District recently have denied motions to dismiss in automotive defect cases that addressed many of the same claims at issue here.  Dkt. 276 (*Bolling v. Mercedes-Benz USA, LLC*, No. 1:23-cv-00671-TWT); Dkt. 286 (*McClure v. Toyota Motor Corp.*, No. 1:22-cv-03898-SEG); Dkt. 300 (*Sowa v. Mercedes-Benz Grp. AG*, 1:23-cv-00636-SEG).  While Plaintiffs' consolidated amended complaint ("AC") (Dkt. 157) asserts hundreds of claims across 50 states and the District of Columbia, much of the relevant evidence will be common to all claims and individual Plaintiffs regardless of whether particular claims are dismissed in whole or part.  After all, whether the Inflator Defect is a material defect, and exactly what and when the Domestic Defendants knew about it, is relevant to every claim in this litigation. *See, e.g.*, *Miller v. Ford Motor Co.*, 2022 WL 874875, at *3 (E.D. Cal. Mar. 24, 2022) (denying motion to stay discovery prior to ruling on motion to dismiss where plaintiffs served discovery requests seeking information about the alleged defect that would be relevant to warranty and consumer protection claims under multiple states' laws).

Under Rule 12(a)(4), an order denying a motion to dismiss—even in part—starts the clock for the defendant's answer.  *See, e.g.*, *Schmidt v. Gerber Life Ins. Co.*, 2006 WL 8554311, at *1 (N.D. Ga. Jan. 17, 2006) (holding Rule 12(a)(4) requires a defendant to serve an answer to the operative complaint even after the court grants a motion to dismiss in part).  Accordingly, if—as Plaintiffs expect—

this Court denies the Domestic Defendants' motion to dismiss at least in part, they will have to answer the complaint, thus commencing the discovery period per Local Rule 26.2(A).  There is thus a reasonable basis to allow at least some discovery to proceed now.

*Second*, this litigation has been pending for nearly three years, yet with the exception of initial disclosures and production of the limited information the Domestic Defendants previously provided to NHTSA, no discovery (including supplementation of the earlier materials provided) has taken place.  Given the complexity of the case and the number of Domestic Defendants, it is imperative that at least some discovery begin as soon as possible, as the (growing) age of the documentary evidence and witnesses' memories poses the real risk of prejudice to Plaintiffs' ability to effectively pursue their claims.  *See, e.g.*, *McMahon v. Presidential Airways, Inc.*, 2009 WL 10705558, at *15 (M.D. Fla. Jan. 8, 2009) (observing, with respect to incident that occurred four years earlier, "[t]here is a risk that memories, documents, and witnesses will fade or be lost").  Further, based on Plaintiffs' counsel's collective MDL experience, and given the number of Domestic Defendants in this action, even limited productions may be voluminous and require extensive review by Plaintiffs.  Obtaining that information now would promote "the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

*Finally*, Plaintiffs note this Court has, in at least one recent action, allowed fact discovery to open before the defendants answered the complaint. *Melanson v. Mercedes-Benz USA, LLC*, No. 1:22-cv-02628-ELR-JKL (N.D. Ga. Apr. 4, 2023) (Dkt. 33) (scheduling order providing for opening of fact discovery before resolution of motions to dismiss). Should the Court have any concerns about why that same approach might not be merited here, Plaintiffs are prepared to address them at the requested status conference.

## III.    Any Pre-Answer Discovery Would Be Narrow.

Plaintiffs propose to begin discovery by narrowly targeting certain categories of information that are indisputably relevant regardless of the number or scope of claims that survive the pending pleading challenges. These kinds of materials are routinely sought in a product defect case like this. More specifically, Plaintiffs seek (without waiving any rights to additional documents regarding these or other issues):

- Specifications and drawings for the Defective Inflators;

- Reports or other summaries of testing (and results) performed on the Defective Inflators, including records of Lot Acceptance Testing (LAT) and the testing detailed in AC ¶¶ 311-13, 343-44, 346-47;

- Reproduction of discovery materials pertaining to the Inflator Defect from related individual and personal injury litigation, including the lawsuits described in AC ¶¶ 341 n.64, 350 n.73, and 361 n.81; and

- Organizational charts or other similar documents with basic identifying information and reporting structure for key personnel,

including the individuals identified in the previously exchanged Rule 26(f) initial disclosures.

Notably, these categories of information are likely to be (in part) from the 1990s or 2000s, making it proper to prioritize them for prompt production.

Plaintiffs also request that the Domestic Defendants supplement their earlier NHTSA-related productions to include materials they have provided to the agency in the course of its continued investigation.  According to NHTSA's public docket, over the past two years all of the Domestic Defendants have produced confidential information relating to the Inflator Defect.[2]  This information is plainly relevant to Plaintiffs' claims and should pose little or no burden for the Domestic Defendants to produce.  Additionally, any confidentiality concerns will be mitigated by the governing Protective Order (Dkt. 99).

*    *    *

Plaintiffs appreciate they are asking the Court to deviate from the typical sequencing of discovery contemplated by Local Rule 26.2(A).  But Plaintiffs submit that the extraordinary circumstances summarized above, as well as the discrete nature of the proposed discovery, render this request both appropriate and reasonable.  We would also welcome the opportunity to further discuss these issues during a status conference.

---

[2] *See* https://www.regulations.gov/docket/NHTSA-2023-0038.

Dated: August 26, 2025

Respectfully submitted,

*/s/ Roland Tellis*
Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Adam Tamburelli
atamburelli@baronbudd.com
Jay Lichter
jlichter@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, California 91436
Tel: (818) 839-2333

*/s/ Demet Basar*
Demet Basar
demet.basar@beasleyallen.com
W. Daniel "Dee" Miles, III
dee.miles@beasleyallen.com
J. Mitch Williams
mitch.williams@beasleyallen.com
Dylan T. Martin
dylan.martin@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343

H. Clay Barnett, III (GA Bar 174058)
clay.barnett@beasleyallen.com
Thomas P. Willingham (GA Bar 235049)
tom.willingham@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
Tel: (404) 751-1162

*/s/ James E. Cecchi*
James E. Cecchi
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700

Zachary Jacobs
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
222 South Riverside Plaza
Chicago, Illinois 60606
Tel: (973) 994-1700

Jason H. Alperstein
jalperstein@carellabyrne.com
Zachary J. Bower
zbower@carellabyrne.com
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Tel: (973) 994-1700

*/s/ Elizabeth T. Castillo*
Niall P. McCarthy
nmccarthy@cpmlegal.com
Elizabeth T. Castillo
ecastillo@cpmlegal.com
David G. Hollenberg
dhollenberg@cpmlegal.com
**COTCHETT, PITRE &**
**McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

Theresa E. Vitale
tvitale@cpmlegal.com
**COTCHETT, PITRE &**
**McCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Tel: (310) 392-2008

*/s/ David Stellings*
David Stellings
dstellings@lchb.com
Michael J. Miarmi
mmiarmi@lchb.com
Katherine I. McBride
kmcbride@lchb.com
Gabriel A. Panek
gpanek@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel: (212) 355-9500

Nimish R. Desai
ndesai@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000

*/s/ Kevin R. Dean*
Kevin R. Dean (GA Bar 214855)
kdean@motleyrice.com
Ann K. Ritter
aritter@motleyrice.com
Lance V. Oliver
loliver@motleyrice.com
Sara O. Couch
scouch@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000

*/s/ Matthew D. Schultz*
Matthew D. Schultz
mschultz@levinlaw.com
William F. Cash
bcash@levinlaw.com
**LEVIN, PAPANTONIO,
RAFFERTY, PROCTOR,
BUCHANAN, O'BRIEN, BARR &
MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140

*Leadership Committee for Plaintiffs and the Proposed Classes*

11

| | |
|---|---|
| */s/ Michael A. Caplan* | */s/ M.J. Blakely* |
| Michael A. Caplan (GA Bar 601039) | M.J. Blakely (GA Bar 708906) |
| mcaplan@caplancobb.com | mjblakely@blakelyfirm.com |
| T. Brandon Waddell (GA Bar 252639) | **THE BLAKELY FIRM, L.L.C.** |
| bwaddell@caplancobb.com | P.O. Box 3314 |
| Ashley C. Brown (GA Bar 287373) | Decatur, GA 30031 |
| abrown@caplancobb.com | Tel: (404) 491-0617 |
| **CAPLAN COBB LLC** | |
| 75 Fourteenth Street NE, Suite 2700 | |
| Atlanta, Georgia 30309 | |
| Tel: (404) 596-5600 | |

*Liaison Counsel for Plaintiffs and the Proposed Classes*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I caused a true and correct copy of the foregoing document to be filed with the clerk's office by this Court's CM/ECF system, which will serve a true and correct copy of the same upon all counsel of record.

This 26th day of August, 2025.

*/s/ David Stellings*
David Stellings

*Counsel for Plaintiffs and the Proposed Classes*